1 Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
2 Stephany Martinez Tiffer (SBN 341254)
martineztiffer@law.ucla.edu
3 CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW
4 385 Charles E. Young Dr. East
Los Angeles, CA 90095
5 Telephone: (310) 825-1029

6 Emilou MacLean (SBN 319071)
emaclean@aclunc.org
7 Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
8 ACLU FOUNDATION
OF NORTHERN CALIFORNIA
9 39 Drumm Street
San Francisco, CA 94111-4805
10 Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Attorneys for Plaintiffs
*[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R., and HENDRINA VIVAS CASTILLO,<br><br>    Plaintiffs,<br><br>    vs.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA,<br><br>    Defendants. | Case No. 25-cv-1766<br><br>**ADMINISTRATIVE MOTION OF PLAINTIFFS M.H. AND E.R. TO PROCEED UNDER PSEUDONYM** |

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*pro hac vice forthcoming*)
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 799 3566

Eva L. Bitran (SBN 302081)
ebitran@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Pursuant to Civil Local Rule 7-11, Plaintiffs M.H. and E.R. move for an order permitting each to proceed in this action under the respective pseudonyms "M.H." and "E.R." respectively, and requiring that the parties use these pseudonyms in all publicly filed documents. This Motion is based upon the memorandum of points and authorities in support filed herewith and is accompanied by the Declaration of M.H. ("M.H. Decl."), the Declaration of E.R. ("E.R. Decl."), the Declaration of Emilou MacLean in Support of Administrative Motion of Plaintiffs M.H. and E.R. to Proceed Under Pseudonym, and a Proposed Order.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiffs respectfully request leave for individual Plaintiffs ("M.H." and "E.R.") to proceed in this litigation under the pseudonyms M.H. and E.R., respectively, and request that the parties be required to use these pseudonyms in all publicly filed documents to protect their identities. These plaintiffs are willing to share their voices with this Court, despite their well-founded fears that, by doing so, they may suffer the consequences of retaliatory immigration decisions by the federal government, other retaliation by the U.S. and/or Venezuelan governments, and harassment from anti-immigrant actors in their local community. To prevent the harms of attaching their identities to sensitive disclosures, M.H. and E.R. should be permitted to proceed using pseudonyms.

### II. ARGUMENT

The use of pseudonyms is allowed where necessary "to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) (finding threat of retaliation "enhanced at this stage of litigation" because there were only twenty-three plaintiffs, all nonresident foreign workers, among tens of thousands of employees, and defendants had power to trigger deportation proceedings "almost instantly") (citation omitted). A party may proceed anonymously when his or her "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1067. In the Ninth Circuit, a party may proceed anonymously in two circumstances applicable here: when identification creates a risk of retaliatory physical or mental harm and when anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature. *Id.* at 1068.

1

When a party fears retaliation, the court balances: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous parties' fears, (3) the anonymous party's vulnerability to retaliation, (4) prejudice to the opposing party, and (5) whether the public's interest in the case requires that litigants reveal their identities. *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010). In cases involving privacy interests, courts also consider whether the individual is challenging governmental activity and whether there are less drastic means of protecting the legitimate interests of either party. *Doe v. Goldman*, 169 F.R.D. 138, 139–40 (D. Nev. 1996) (internal citations omitted).

Here, M.H. and E.R. should be permitted to proceed by pseudonyms for two reasons. First, disclosure of their identity creates a significant risk of retaliatory harm in their particular cases. Second, anonymity is necessary to preserve the privacy of their highly personal information, including the identities of their children who also have Temporary Protected Status ("TPS") and, in the case of M.H., the identity of her husband who is employed by a U.S. government subcontractor. M.H. and E.R.'s fears are well-founded, and their need for anonymity does not prejudice the opposing party and actually furthers the public interest, and there is no less drastic means of protecting their privacy interests.

**A.    Disclosure of M.H.'s and E.R.'s Identities Creates a Risk of Retaliatory Harm.**

M.H. and E.R. are individual Plaintiffs and Venezuelans who have TPS under the 2023 designation. As a result of the challenged vacatur and termination, M.H. and E.R. are at risk of imminently losing their TPS. They should be permitted to proceed anonymously because disclosure of their identities would create a risk of retaliatory harm.

**1.    M.H. and E.R. reasonably fear immigration status retaliation against themselves and their children.**

M.H. and E.R. are submitting declarations in support of challenges to governmental activity terminating their TPS. M.H's 7-year-old daughter and E.R.'s 12-year-old daughter also have TPS. M.H. Decl., ¶ 2, E.R. Decl., ¶ 15. M.H. and E.R. have well-grounded fears of adverse immigration consequences for both themselves and their daughters if they publicly identify with this litigation, especially given that Defendants are government agencies. *Advanced Textile*, 214 F.3d at 1068

(acknowledging that plaintiffs may reasonably fear facing retaliation from defendant-employer). TPS is currently both M.H. and E.R.'s only form of protection from deportation. M.H. Decl., ¶ 9, E.R. Decl., ¶¶ 10, 25. If M.H. and E.R. must secure an alternative form of immigration relief or otherwise oppose immigration enforcement, they will have continued interactions with Defendants in their individual cases, during and after the litigation, and retaliation may come in the form of undue delay or adverse action to the processing of alternative forms of relief, or in connection with any immigration enforcement.

### 2. M.H. reasonably fears employment discrimination against her husband.

M.H.'s husband is a U.S. citizen and an engineer employed by a government subcontractor, and M.H. has legitimate fear of retaliatory consequences against her husband. M.H. Decl., ¶ 20; *Advanced Textile Corp.*, 214 F.3d at 1070 (holding that economic injuries inflicted by third parties, such as termination or blacklisting, may be sufficient to justify anonymous proceedings, where such injuries carry "extraordinary" consequences). M.H. is a full-time caregiver, and she and her family depend on her husband's income for their survival. M.H. Decl., ¶¶ 14, 16. The federal government has been actively engaged in efforts in recent weeks to summarily dismiss federal workers, terminate existing contracts, and otherwise retaliate against those affiliated with the government.[1] M.H. and her husband have a well-founded fear that should their identities become public, the federal government may act to terminate her husband's current employment, decrease her husband's chance of securing future government or government-affiliated positions, or list both M.H. and her husband on the government watchlist.

### 3. M.H. and E.R. reasonably fear harassment and physical harm.

M.H. and E.R. have legitimate fears that if they disclose their identities, they and their families would be subject to risk of harassment and physical harm due to their immigration status.

---

[1] *See* Shannon Bond, et al., *Layoffs accelerate at federal agencies with more cuts to come*, NPR (Feb. 14, 2025), *available at* https://www.npr.org/2025/02/14/nx-s1-5298144/federal-layoffs-usda-hud-defense-trump (describing "[a] sweeping wave of terminations [that] has already affected thousands of [government] employees…"); Jeremy Herb, Hannah Rabinowitz, & Evan Perez, *Trump touts political firings and retribution as he begins a government overhaul in his image*, CNN (Jan. 21, 2025), *available at* https://www.cnn.com/2025/01/21/politics/trump-touts-political-firings-and-retribution-and-installs-loyalists-at-key-posts/index.html (describing "Trump's political retribution tour [that] began [] with firings of his perceived enemies inside the federal government….[a]long with the firings of federal workers…").

M.H. Decl., ¶¶ 21-22 (describing growing anti-immigrant sentiment in M.H.'s community in Tennessee). Parties can proceed anonymously if they have legitimate concerns that public identification would make them easy targets of intense anti-immigrant and anti-Latino sentiment. *Lozano v. City of Hazleton*, 496 F. Supp. 2d 477, 507 (M.D. Pa. 2007), *aff'd in part, vacated in part*, 620 F.3d 170 (3d Cir. 2010), cert. granted, judgment vacated sub nom. *City of Hazleton, Pa. v. Lozano*, 563 U.S. 1030 (2011), and *aff'd in part, rev'd in part*, 724 F.3d 297 (3d Cir. 2013).

### B. M.H. and E.R. Are Vulnerable to Retaliation in Venezuela.

M.H. and E.R. are in an extremely vulnerable position. If they and their children lose their TPS, they may be forcibly removed to Venezuela. If their identifies are revealed and they are removed to Venezuela, they face the risk of retaliatory action from the Venezuelan government for seeking asylum in the United States, or for statements that they have made concerning their opposition to the Maduro regime.

### C. Anonymity is Necessary to Protect Highly Personal Information.

M.H. and E.R. should also be permitted to proceed anonymously for the independent reason that anonymity is necessary to "preserve privacy in a matter of sensitive and highly personal nature." *Advanced Textile*, 214 F.3d at 1068. M.H. and E.R.'s declarations disclose intimate information about their own and their children's immigration status, which constitutes "sensitive and highly personal" information. *See*, *e.g.*, *Int'l Refugee Assistance Project v. Trump*, 2017 WL 818255, at *2 (D. Md. Mar. 1, 2017) (explaining plaintiffs' immigration status "ha[s] been deemed to be sufficiently sensitive and personal in nature to support plaintiffs' use of pseudonyms under appropriate circumstances"; collecting cases); *see also* 214 F.3d at 1169 (crediting plaintiffs' "highly vulnerable [immigration] status" as a factor weighing in favor of allowing plaintiffs to proceed anonymously). Accordingly, for this reason, too, they should be permitted to proceed anonymously.

### D. Defendants Will Not Be Prejudiced by M.H. and E.R.'s Anonymity.

Defendants will suffer no prejudice by not knowing the identities of M.H. and E.R., who are the only plaintiffs who have elected to proceed under pseudonym. Their anonymity will not prevent Defendants from preparing a defense at this stage, and procedural mechanisms could be employed during the discovery phase, if any, to ensure that discovery could occur. *See E.E.O.C. v. ABM Indus.*

*Inc.*, 249 F.R.D. 588, 594 (E.D. Cal. 2008).

### E. Permitting M.H. and E.R. to Proceed Anonymously Furthers the Public's Interest.

Although the public ordinarily has an interest in knowing the names of participants in lawsuits, that interest is outweighed where, as here, the public has an overriding interest in ensuring that individuals bring judicial challenges to government action that may violate constitutional rights and rights under the Administrative Procedure Act and the equal protection component of the Fifth Amendment's Due Process Clause. *See*, *e.g.*, *Advanced Textile Corp.*, 214 F.3d at 1073 ("[P]ermitting plaintiffs to use pseudonyms will serve the public's interest in this lawsuit by enabling it to go forward."); *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1065 (9th Cir. 2004) ("The chilling effect [that discovery of immigration status of workers] could have on the bringing of civil rights actions unacceptably burdens the public interest.").

Moreover, allowing M.H. and E.R. to proceed pseudonymously will not obstruct public scrutiny of the important issues here. Although M.H. and E.R. seek to proceed pseudonymously due to the risks of retaliation against their family, the other Plaintiffs in this case have bravely elected to proceed publicly. Furthermore, the nature of the legal challenge brought by Plaintiffs has almost nothing to do with M.H. and E.R.'s specific identities. *See Kamehameha Schools*, 596 F.3d at 1043 (stating, in the context of a challenge to a private school's allegedly race-based admissions policy, that "it is difficult to see how disguising plaintiffs' identities will obstruct public scrutiny of the important issues" because the plaintiff children brought "claims of widespread discrimination").

### III. CONCLUSION

For the foregoing reasons, Plaintiffs request leave for M.H. and E.R. to proceed under pseudonyms in this case.

Date: February 19, 2025

Respectfully submitted,

ACLU FOUNDATION
OF NORTHERN CALIFORNIA

/s/ *Emilou MacLean*
Emilou MacLean

5
PLAINTIFFS' ADMINISTRATIVE MOTION TO PROCEED UNDER PSEUDONYM– CASE NO. 25-CV-1766

Michelle (Minju) Y. Cho

Ahilan T. Arulanantham
Stephany Martinez Tiffer
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW

Eva L. Bitran
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA

Jessica Karp Bansal
Lauren Michel Wilfong (*Pro Hac Vice Forthcoming*)
NATIONAL DAY LABORER
ORGANIZING NETWORK

Attorneys for Plaintiffs