Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
Stephany Martinez Tiffer (SBN 341254)
martineztiffer@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Attorneys for Plaintiffs
*[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R., and HENDRINA VIVAS CASTILLO,<br><br>Plaintiffs,<br><br>vs.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA,<br><br>Defendants. | Case No. 3:25-cv-01766-EMC<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION FOR ORDER SHORTENING TIME AND SETTING SCHEDULE RE: PLAINTIFFS' MOTION TO POSTPONE EFFECTIVE DATE OF EFFECTIVE ACTION (ECF 16)** |

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*Pro Hac Vice Pending*)
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Eva L. Bitran (SBN 302081)
ebitran@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

In accordance with Civil Local Rules 6-3 and 7-11 and this Court's rules and orders, Plaintiffs respectfully move the Court to modify the briefing schedule with respect to Plaintiffs' Motion to Postpone Effective Date of Effective Action ("Motion to Postpone"), filed February 20, 2025 (ECF 16).

In support of this Administrative Motion for Order Shortening Time and Setting Schedule ("Motion"), Plaintiffs submit that good cause exists to shorten time as set forth below:

1. Plaintiffs' Motion to Postpone is currently set to be heard by this Court on March 27, 2025. *See* ECF 40.

2. This matter pertains to the Department of Homeland Security's unlawful decision to "vacate" the January 17, 2025 extension of Temporary Protected Status for Venezuela (which had extended TPS through October 2, 2026), and, subsequently, to terminate Venezuela's 2023 TPS designation. The termination will go into effect on April 3, 2025, when employment authorization documents for nearly 350,000 Venezuelan TPS holders who initially registered for TPS under Venezuela's 2023 designation will expire; those TPS holders will become subject to deportation on April 8, 2025.

3. Plaintiffs allege that the vacatur and termination are unlawful under the Administrative Procedure Act ("APA") and the anti-discrimination guarantee of the Fifth Amendment's Due Process Clause, and must be set aside.

4. Due to the imminent effective date of the termination of Venezuela's 2023 TPS designation on April 3, 2025, which has already begun to wreak havoc on the lives of affected TPS holders as described below, Plaintiff sought to secure an agreement by e-mail with Defendants' counsel to accelerate the briefing and hearing of Plaintiffs' Motion to Postpone. Government counsel rejected Plaintiffs' proposal to shorten the schedule, and has stated a desire to maintain this Court's default schedule. *See* Arulanantham Decl. in Support of Motion to Shorten Time, Ex. 1.

5. Good cause exists for this Court to hear Plaintiffs' Motion to Postpone on an expedited timeframe, as that time is needed to provide the Court an opportunity to rule on the merits of Plaintiffs' motion in advance of the April 3, 2025 effective termination date and April 8, 2025 deportation-eligibility date for nearly 350,000 Venezuelan TPS holders. The record also shows that

Plaintiffs have begun to suffer irreparable harm from the imminent loss of their employment authorization and immigration status. Small business owners across the country must decide whether to sell their businesses or lay off employees. *See, e.g.*, ECF No. 19 (Ferro Dec. ¶ 13). Others are considering whether to sell their homes and cars, end leases, and take other steps that will cause irreparable economic injury. ECF No. 34 (Palma Dec. ¶ 33). And, of course, every day that the termination comes closer is another day on which Plaintiffs and thousands of other Venezuelan TPS holders will suffer the acute mental anguish caused by the prospect that they could become undocumented and face imminent arrest and detention, followed by deportation to Venezuela. *See generally* ECF Nos. 20 (E.R. Dec. ¶ 19), 32 (M.H. Dec. ¶ 27), 17 (A.V. Dec. ¶¶ 12-13), 36 (Vivas Castillo Dec. ¶¶ 20, 24).

6. For those reasons, Plaintiffs propose the following timeline:

- Defendants file their Response to Plaintiffs' Motion to Postpone by March 3, 2025;
- Plaintiffs file their Reply to Defendant's Response by March 7, 2025; and
- Plaintiffs respectfully request that, if the Court deems argument on Plaintiffs' Motion to Postpone helpful, argument should be heard at any other time convenient for the Court on or before March 21, 2025.

7. There have been no previous time modifications in this case.

8. Under Plaintiffs' proposed schedule, Defendants would have 11 days to file their response to Plaintiffs' Motion to Postpone. Plaintiffs would then have four days to file a reply.

9. Although Plaintiffs' proposed schedule shortens time for both parties to prepare their respective briefs, Plaintiffs are offering and prepared to shoulder substantially more of the burden of this shortened schedule by filing their reply within four days after Defendants file their response (and without any intervening weekend).

10. If granted, the requested motion to shorten time will have no effect on the overall case schedule. Plaintiffs filed the Motion to Postpone on February 20, 2025, one day after filing the Complaint. Although the Court has scheduled an initial case management conference for May 20, 2025 (ECF 39), no other schedules have been set.

11. Based on the foregoing, and for good cause shown, Plaintiffs respectfully request that the Court modify the briefing and hearing schedule as set forth in paragraph 6 above.

Date: February 24, 2025

Respectfully submitted,

CENTER FOR IMMIGRATION LAW AND POLICY, UCLA SCHOOL OF LAW

 /s/ *Ahilan T. Arulanantham*
Ahilan T. Arulanantham
Stephany Martinez Tiffer

Emilou MacLean
Michelle (Minju) Y. Cho
ACLU FOUNDATION
OF NORTHERN CALIFORNIA

Eva L. Bitran
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA

Jessica Karp Bansal
Lauren Michel Wilfong (*Pro Hac Vice Application Forthcoming*)
NATIONAL DAY LABORER ORGANIZING NETWORK

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2025, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW

/s/ *Ahilan T. Arulanantham*
Ahilan T. Arulanantham