1  Ahilan T. Arulanantham (SBN 237841)
   arulanantham@law.ucla.edu
2  Stephany Martinez Tiffer (SBN 341254)
   martineztiffer@law.ucla.edu
3  CENTER FOR IMMIGRATION LAW AND
   POLICY, UCLA SCHOOL OF LAW
4  385 Charles E. Young Dr. East
   Los Angeles, CA 90095
5  Telephone: (310) 825-1029

6  Emilou MacLean (SBN 319071)
   emaclean@aclunc.org
7  Michelle (Minju) Y. Cho (SBN 321939)
   mcho@aclunc.org
8  Amanda Young (SBN 359753)*
   *admission pending
9  ayoung@aclunc.org
   ACLU FOUNDATION
10 OF NORTHERN CALIFORNIA
   39 Drumm Street
11 San Francisco, CA 94111-4805
   Telephone: (415) 621-2493
12 Facsimile: (415) 863-7832

13 Attorneys for Plaintiffs
   *[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R., HENDRINA VIVAS CASTILLO, A.C.A., SHERIKA BLANC, VILES DORSAINVIL, and G.S.,<br><br>    Plaintiffs,<br><br>vs.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA,<br><br>    Defendants. | Case No. 3:25-cv-1766-EMC<br><br>**UNOPPOSED ADMINISTRATIVE MOTION OF PLAINTIFFS A.C.A. AND G.S. TO PROCEED UNDER PSEUDONYM** |

PLAINTIFFS' UNOPPOSED ADMIN. MOTION TO PROCEED UNDER PSEUDONYM
CASE NO. 3:25-CV-1766-EMC

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 799 3566

Eva L. Bitran (SBN 302081)
ebitran@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (*Pro Hac Vice pending*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, Suite 1H
San Diego, CA 92120
Telephone: (949) 603-7411

## I.   INTRODUCTION

Pursuant to Civil Local Rule 7-11, Plaintiffs A.C.A. and G.S. move for an order permitting each to proceed in this action under the respective pseudonyms "A.C.A." and "G.S." and requiring the parties use these pseudonyms in all publicly filed documents. This motion is based on the memorandum of points and authorities below, and is accompanied by the Declaration of A.C.A. ("A.C.A. Decl."), the Declaration of G.S. ("G.S. Decl."), the Declaration of Emilou MacLean in Support of this Unopposed Administrative Motion ("MacLean Decl."), and a Proposed Order. This Court previously granted Plaintiffs M.H. and E.R.'s Administrative Motion to Proceed Under Pseudonym due to similar risks of retaliatory harm. *See* ECF 70. Plaintiffs sought a stipulation from Defendants, and Defendants indicated on March 20, 2025 that they do not oppose this motion. MacLean Decl. ¶ 5.

Plaintiffs respectfully request leave for individual Plaintiffs ("A.C.A." and "G.S.") to proceed in this litigation under the pseudonyms A.C.A. and G.S., respectively, to prevent the harms of attaching their identities to sensitive disclosures.

## II.   ARGUMENT

The use of pseudonyms is allowed where necessary "to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) (finding threat of retaliation "enhanced at this stage of litigation" because there were only twenty-three plaintiffs, all nonresident foreign workers, among tens of thousands of employees, and defendants had power to trigger deportation proceedings "almost instantly") (citation omitted). A party may proceed anonymously when his or her "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1067. In the Ninth Circuit, a party may proceed anonymously in two circumstances applicable here: when identification creates a risk of retaliatory physical or mental harm and when anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature. *Id.* at 1068.

When a party fears retaliation, the court balances: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous parties' fears, (3) the anonymous party's vulnerability to

1

1  retaliation, (4) prejudice to the opposing party, and (5) whether the public's interest in the case
2  requires that litigants reveal their identities. *Doe v. Kamehameha Schools/Bernice Pauahi Bishop*
3  *Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010). In cases involving privacy interests, courts also
4  consider whether the individual is challenging governmental activity and whether there are less
5  drastic means of protecting the legitimate interests of either party. *Doe v. Goldman*, 169 F.R.D. 138,
6  139–40 (D. Nev. 1996) (internal citations omitted).

7        Here, A.C.A. and G.S. should be permitted to proceed by pseudonyms for two reasons. First,
8  disclosure of their identity creates a significant risk of retaliatory harm. Second, anonymity is
9  necessary to preserve the privacy of their highly personal information. A.C.A. and G.S.'s fears are
10 well-founded, and their need for anonymity does not prejudice the opposing party and actually
11 furthers the public interest, and there is no less drastic means of protecting their privacy interests.

12       **A.**    **Disclosure of A.C.A.'s and G.S.'s Identities Creates a Risk of Retaliatory Harm.**

13       A.C.A. and G.S. are individual Plaintiffs and Haitians who have TPS. As a result of the
14 challenged partial vacatur, A.C.A. and G.S. are at risk of imminently losing their TPS. They should
15 be permitted to proceed anonymously because disclosure of their identities would create a risk of
16 retaliatory harm.

17       **1.**    **A.C.A. and G.S. Reasonably Fear Immigration Status Retaliation.**

18       A.C.A. and G.S. are plaintiffs challenging governmental activity terminating their TPS.
19 A.C.A. and G.S. have well-grounded fears of adverse immigration consequences if they publicly
20 identify with this litigation, especially given that Defendants are government agencies. *Advanced*
21 *Textile*, 214 F.3d at 1068 (acknowledging that plaintiffs may reasonably fear facing retaliation from
22 defendant-employer). A.C.A. has an approved visa petition that may allow him to obtain a more
23 permanent immigration status in a few years. A.C.A. Decl., ¶ 5. G.S. lives in Massachusetts, which
24 has recently been targeted by Trump's Border Czar Tom Homan with rhetoric that he will "bring[]
25 hell" against illegal immigrants there in defiance of the state's sanctuary city policies and any
26 judicial intervention. *See* G.S. Decl., ¶ 3; Matt Schooley & Logan Hall, *Tom Homan, President*
27 *Trump's border czar, says he's "bringing hell" to sanctuary city Boston*, CBS NEWS (Feb. 23, 2025),
28

https://www.cbsnews.com/boston/news/immigration-tom-homan-president-trump-sanctuary-city-boston/; Lauren Irwin, *Homan on deportation flights: 'I don't care what the judges think'*, THE HILL (Mar. 17, 2025), https://thehill.com/homenews/administration/5198604-border-czar-trump-deportation/. If A.C.A. and G.S. have continued interactions with Defendants during and after the litigation, such as regarding A.C.A.'s visa petition or in seeking other forms of immigration relief, they fear retaliation may come in the form of undue delay or adverse action to the processing of their alternative form of relief, or in connection with any immigration enforcement.

A.C.A. and G.S. are especially fearful of immigration status retaliation for challenging governmental activity in light of the recent and unprecedented detention of Mahmoud Khalil, a lawful permanent resident who possessed a green card, for Khalil's role in organizing protests criticizing in the government. A.C.A. Decl., ¶ 4; G.S. Decl., 2. *See* Daniella Silva, et al., *Trump administration says it intends to deport Mahmoud Khalil, alleging 'serious' foreign policy consequences*, NBC NEWS (Mar. 12, 2025), https://www.nbcnews.com/news/us-news/mahmoud-khalil-court-arrest-detention-immigration-green-card-rcna195990.

### 2.    A.C.A. and G.S. Reasonably Fear Harassment and Physical Harm.

A.C.A. and G.S. have legitimate fears that if they disclose their identities, they would be subject to a risk of harassment, physical harm, and threats of violence due to their immigration status. A.C.A. Decl., ¶¶ 6-7 (describing growing anti-immigrant sentiment in A.C.A.'s community in Florida); G.S. Decl., ¶ 5. The Haitian immigrant community has been targeted by threats of violence due to repeated racist and untrue remarks made by Defendants. *See* G.S. Decl., ¶ 4; Obed Manuel, *Bomb threats followed Trump's false claims about Springfield. Some Haitians may leave*, NPR (Sept. 19, 2024), https://www.npr.org/2024/09/19/nx-s1-5114047/springfield-ohio-haitian-migrants-trump-safety-concerns (reporting "[a]t least 33 bomb threats" in Springfield, Ohio, following President Trump's false claims on national TV about Haitian migrants there eating pets).

Parties can proceed anonymously if they have legitimate concerns that public identification would make them easy targets of intense anti-immigrant sentiment. *See Lozano v. City of Hazleton*, 496 F. Supp. 2d 477, 507 (M.D. Pa. 2007), *aff'd in part, vacated in part*, 620 F.3d 170 (3d Cir.

2010), *cert. granted, judgment vacated sub nom. City of Hazleton, Pa. v. Lozano*, 563 U.S. 1030 (2011), and *aff'd in part, rev'd in part*, 724 F.3d 297 (3d Cir. 2013).

### B. A.C.A. and G.S. Are Vulnerable to Retaliation.

A.C.A. and G.S. are in an extremely vulnerable position. If A.C.A. loses TPS status, his only recourse for alternative relief is based on a visa petition that is under Defendants' review will not allow him to seek legal status for several years. A.C.A. Decl., ¶ 5. Further, A.C.A. resides in Florida, which recently passed legislation criminalizing entry into Florida without legal status, Fla. Stat. § 811.102 (2025), and thus if he loses his TPS status and is unable to obtain alternative immigration relief, A.C.A. would not be able to legally re-enter his home state without risk of criminal prosecution should he ever choose to leave. A.C.A. Decl., ¶ 6. G.S. is also fearful of losing his legal status, particularly in light of Border Czar Homan's threats of cracking down on illegal immigration in Massachusetts, in defiance of sanctuary city policies and judicial orders. G.S. Decl., ¶ 3.

### C. Anonymity is Necessary to Protect Highly Personal Information.

A.C.A. and G.S. should also be permitted to proceed anonymously for the independent reason that anonymity is necessary to "preserve privacy in a matter of sensitive and highly personal nature." *Advanced Textile*, 214 F.3d at 1068. A.C.A. and G.S.'s declarations disclose intimate information about their own and their family's immigration status, which constitutes "sensitive and highly personal" information. *See*, *e.g.*, *Int'l Refugee Assistance Project v. Trump*, 2017 WL 818255, at *2 (D. Md. Mar. 1, 2017) (explaining plaintiffs' immigration status "ha[s] been deemed to be sufficiently sensitive and personal in nature to support plaintiffs' use of pseudonyms under appropriate circumstances"; collecting cases); *see also* 214 F.3d at 1169 (crediting plaintiffs' "highly vulnerable [immigration] status" as a factor weighing in favor of allowing plaintiffs to proceed anonymously). Accordingly, for this reason, too, they should be permitted to proceed anonymously.

### D. Defendants Will Not Be Prejudiced by A.C.A. and G.S.'s Anonymity.

Defendants will suffer no prejudice by not knowing the identities of A.C.A. and G.S., who are the only Haitian TPS holder Plaintiffs who have elected to proceed under pseudonym. The other pseudonymous Plaintiffs are two of seven Venezuelan TPS holders Plaintiffs, and the Court

4

previously granted their request to proceed under pseudonym on March 12, 2025. *See* ECF 70. The anonymity of A.C.A. and G.S. will not prevent Defendants from preparing a defense at this stage, and procedural mechanisms could be employed during the discovery phase, if any, to ensure that discovery could occur. *See E.E.O.C. v. ABM Indus. Inc.*, 249 F.R.D. 588, 594 (E.D. Cal. 2008).

### E. Permitting A.C.A. and G.S. to Proceed Anonymously Furthers Public Interest.

Although the public ordinarily has an interest in knowing the names of participants in lawsuits, that interest is outweighed where, as here, the public has an overriding interest in ensuring that individuals bring judicial challenges to government action that may violate constitutional rights and rights under the Administrative Procedure Act and the equal protection component of the Fifth Amendment's Due Process Clause. *See*, *e.g.*, *Advanced Textile Corp.*, 214 F.3d at 1073 ("[P]ermitting plaintiffs to use pseudonyms will serve the public's interest in this lawsuit by enabling it to go forward."); *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1065 (9th Cir. 2004) ("The chilling effect [that discovery of immigration status of workers] could have on the bringing of civil rights actions unacceptably burdens the public interest.").

Moreover, allowing A.C.A. and G.S. to proceed pseudonymously will not obstruct public scrutiny of the important issues here. Although A.C.A. and G.S. seek to proceed pseudonymously due to the risks of retaliation against themselves, the other Haitian and Venezuelan TPS holder Plaintiffs have bravely elected to proceed publicly. Furthermore, the nature of the legal challenge brought by Plaintiffs has almost nothing to do with A.C.A. and G.S.'s specific identities. *See Kamehameha Schools*, 596 F.3d at 1043 (stating, in the context of a challenge to a private school's allegedly race-based admissions policy, that "it is difficult to see how disguising plaintiffs' identities will obstruct public scrutiny of the important issues" because the plaintiff children brought "claims of widespread discrimination").

### III. CONCLUSION

For the foregoing reasons, Plaintiffs request leave for A.C.A. and G.S. to proceed under pseudonyms in this case.

5
PLAINTIFFS' UNOPPOSED ADMIN. MOTION TO PROCEED UNDER PSEUDONYM
CASE NO. 3:25-CV-1766-EMC

Date:  March 20, 2025

Respectfully submitted,

ACLU FOUNDATION
OF NORTHERN CALIFORNIA

  /s/ *Emilou MacLean*
Emilou MacLean
Michelle (Minju) Y. Cho
Amanda Young (*admission pending*)

Ahilan T. Arulanantham
Stephany Martinez Tiffer
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW

Eva L. Bitran
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA

Jessica Karp Bansal
Lauren Michel Wilfong (*Pro Hac Vice*)
NATIONAL DAY LABORER
ORGANIZING NETWORK

Erik Crew (*Pro Hac Vice pending*)
HAITIAN BRIDGE ALLIANCE

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2025, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

ACLU FOUNDATION
OF NORTHERN CALIFORNIA

 /s/ *Emilou MacLean*
Emilou MacLean