Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
Stephany Martinez Tiffer (SBN 341254)
martineztiffer@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Amanda Young* (SBN 359753)
*admission pending
ayoung@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Attorneys for Plaintiffs
*[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R., HENDRINA VIVAS CASTILLO, A.C.A., SHERIKA BLANC, VILES DORSAINVIL, and G.S., <br><br> Plaintiffs, <br><br> vs. <br><br> KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA, <br><br> Defendants. | Case No. 3:25-cv-01766-EMC <br><br> **PLAINTIFFS' ADMINISTRATIVE MOTION TO SHORTEN TIME TO CONFER PURSUANT TO FED. R. CIV. P. 26(f)** |

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Eva L. Bitran (SBN 302081)
ebitran@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (*Pro Hac Vice pending*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, Suite 1H
San Diego, CA 92120
Telephone: (949) 603-7411

Pursuant to Civil Local Rules 6-3 and 7-11, Plaintiffs respectfully request that the Court shorten the deadline for the parties to confer pursuant to Fed. R. Civ. P. 26(f) (currently set to April 29, 2025 in the Court's Order Setting Initial Case Management Conference and ADR Deadlines, *see* ECF 39), to within 3 calendar days of granting this motion. In the alternative, Plaintiffs request that the Court order that discovery is open so that the parties may begin serving discovery requests. Plaintiffs make this request because time is of the essence in securing discovery in Defendants' possession that is at the heart of Plaintiffs' claims. Defendants, however, have refused to confer with Plaintiffs pursuant to Rule 26(f), despite its clear mandate that the parties "confer *as soon as practicable*," *see* Fed. R. Civ. P. 26(f)(1) (emphasis added). Moreover, Defendants appear poised to refuse discovery in contravention of the wealth of case law establishing that discovery cannot be avoided simply because Plaintiffs have alleged one APA claim (among other constitutional claims) or on the basis of an anticipated motion to dismiss. Defendants initially agreed to a Rule 26(f) conference on March 5, 2025, but then canceled it, leaving Plaintiffs with no recourse but to seek relief from the Court. Plaintiffs' administrative motion is accompanied by the Declaration of Ahilan Arulanantham, which sets forth Plaintiffs' efforts to conduct a Rule 26(f) conference with Defendants and the previous time modifications in this case.

Plaintiffs have filed an Amended Complaint and seek to open discovery into all claims in the Amended Complaint. Plaintiffs submit that good cause exists for the Court to open discovery and that substantial harm or prejudice would occur if Defendants are permitted to postpone discovery or evade Plaintiffs' discovery requests by running out the clock.

**I.      Background**

This matter pertains to the Department of Homeland Security's unlawful decision to deprive 600,000 Venezuelans and 500,000 Haitians protected by Temporary Protected Status (TPS) of the right to live and work legally in the United States for the 18-month periods lawfully authorized by her predecessor. The termination of Venezuela's TPS designation will go into effect on April 3, 2025, when employment authorization documents for nearly 350,000 Venezuelan TPS holders who initially registered for TPS under Venezuela's 2023 designation will expire; those TPS holders will become subject to deportation on April 8, 2025. Under the partial "vacatur" of Haiti's TPS

extension, the current end date of Haiti's TPS designation is August 3, 2025; Defendants have indicated they intend to terminate Haiti's TPS shortly thereafter. (Another set of approximately 250,000 Venezuelan TPS holders will lose their right to live and work here on September 10, 2025, under the decisions challenged in this case). Plaintiffs allege that the vacatur and termination of both Venezuela and Haiti's TPS designations are unlawful under the Administrative Procedure Act ("APA") and the anti-discrimination guarantee of the Fifth Amendment's Due Process Clause, and must be set aside.

Due to the imminent effective date of the termination of Venezuela's 2023 TPS designation on April 3, 2025, Plaintiffs sought to meet with Defendants pursuant to Rule 26(f) and commence discovery at the earliest practicable date. Although Defendants' counsel initially agreed to meet with Plaintiffs' counsel at 1:00 pm PST on Thursday, March 5, Defendants' counsel then cancelled this meeting on the basis that a meet and confer at this stage is "unwarranted and premature." *See* Decl. of Ahilan T. Arulanantham in Support of Motion to Shorten Time to Conduct Rule 26(f) Conference ("Arulanantham Decl."), Ex. 1.

## II.     Plaintiffs Require Discovery into Defendants' Unlawful Decision-Making.

Good cause exists for the Court to issue an order opening discovery. As the April 3, 2025 effective termination date and April 8, 2025 deportation-eligibility date for nearly 350,000 Venezuelan TPS holders, and the August 3, 2025 TPS termination date for nearly 500,000 Haitian TPS holders draw near, Plaintiffs need to pursue discovery into the merits of their claims. While Plaintiffs have moved to postpone the effective date of the vacatur and termination of TPS for Venezuela, a full resolution on the merits of all Plaintiffs' claims requires discovery into the administrative record and into the underlying rationale for the decisions as soon as practicable. Plaintiffs' postponement motion, if granted, would only provide interim relief pending resolution of the merits. Plaintiffs anticipate that a favorable decision on their postponement motion would cause Defendants to immediately seek appellate review (and conceivably interim relief on appeal). In the meantime, Plaintiffs and other Venezuelan and Haitian TPS holders are already suffering significant harms caused by the painful uncertainty and imminent loss of their employment authorization and

immigration status.[1]

Under the circumstances, Plaintiffs anticipate a likely need for expeditious resolution of their claims on the merits, such as through an early motion to for summary judgment. In order to best present those merits to the Court, Plaintiffs require discovery, and they must expeditiously move to build their record. Given the time pressures, Plaintiffs' request is modest: shorten time for the parties to conduct the Rule 26(f) conference within 3 calendar days of granting this motion, (i.e., "as soon as practicable" per Rule 26(f)'s language), *see* Fed. R. Civ. P. 26(f)(1), so that Plaintiffs may then serve discovery requests on Defendants. Had Defendants honored their initial agreement to schedule the Rule 26(f) conference for March 5, 2025, discovery would have been opened two weeks ago. *See* Arulanantham Decl., Ex. 1.

Further, Plaintiffs' initial set of discovery requests are strictly focused on information at the core of this lawsuit that Plaintiffs have no other practical means to obtain, and are possessed by a limited number of custodians. Plaintiffs' initial requests will consist of a modest number of interrogatories and requests for production concerning the information the Defendants Department of Homeland Security and Secretary Noem relied on in making and explaining their vacatur and termination determinations; and potentially a limited set of requests related to the January 17, 2025 extension. Defendants would still have 30 days to respond to any of Plaintiffs' discovery requests and, as such, will not be prejudiced by an order to open discovery now.

### III. Defendants Should Not Be Permitted to Delay Discovery.

In correspondence on the issues raised by this Motion, Defendants objected to conducting a Rule 26(f) conference on the basis that the Court must first resolve Defendants' forthcoming motion to dismiss, and that this is an action for review on an administrative record that is exempt from the requirement of holding a Rule 26(f) conference. These objections have been consistently rejected by

---

[1] Many Venezuelan TPS holders are considering whether to sell their homes and cars, end leases, and take other steps that will cause irreparable economic injury. ECF No. 34 (Palma Dec. ¶ 33). Small business owners across the country must decide whether to sell their businesses or lay off employees. *See, e.g.*, ECF No. 19 (Ferro Dec. ¶ 13). And, of course, the impending termination causes Plaintiffs and thousands of other Venezuelan TPS holders acute mental anguish as they face the prospect of becoming undocumented and facing imminent arrest and detention, followed by deportation to Venezuela. *See generally* ECF Nos. 20 (E.R. Dec. ¶ 19), 32 (M.H. Dec. ¶ 27), 17 (A.V. Dec. ¶¶ 12-13), 36 (Vivas Castillo Dec. ¶¶ 20, 24).

1  courts in this district and in the Ninth Circuit.

2  First, discovery is still proper even while a motion to dismiss—which, in this case, remains
3  unfiled—is pending. *See Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) ("The
4  intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay
5  of discovery."), *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, No. 5:16-CV-06370-EJD, 2018
6  WL 1569811, at *1 (N.D. Cal. Feb. 16, 2018).

7  Second, to the extent Defendants contend that this case is exempt from holding a Rule 26(f)
8  conference as an action for review on an administrative record, they are wrong. Defendants have
9  pointed to Rule 26(a), but that rule "pertains not to discovery but to matters that are exempt from
10 *initial disclosure*." *See H.A. v. Camden City Bd. of Educ.*, 10-0733 (JBS/KMW), 2011 WL 3236204,
11 at *3 (D.N.J. July 28, 2011) (denying motion for protective order seeking to preclude discovery in a
12 case involving review of an administrative record). Here, Plaintiffs seek to hold the Rule 26(f)
13 conference and subsequently serve their discovery requests, not initial disclosures. Moreover,
14 Defendants' rationale plainly does not apply to Plaintiffs' Fifth Amendment anti-discrimination
15 claim. Plaintiffs could have brought that claim without an APA claim at all; the addition of a
16 separate APA claim based on a distinct rationale cannot justify curtailing discovery on the Fifth
17 Amendment claim. *See Webster v. Doe*, 486 U.S. 592, 604 (1988) (recognizing that, although
18 plaintiff alleged federal APA claim, the "discovery process" was still available to support
19 constitutional claims and satisfy the "need for access to proof"); *see e.g.*, *Carlsson v. U.S.*
20 *Citizenship & Immigration Servs.*, No. 2:12–cv–07893–CAS(AGRx), 2015 WL 1467174, at *13-14
21 (C.D. Cal. Mar. 23, 2015) (authorizing depositions and other discovery because "[a] plaintiff may
22 under some circumstances maintain a constitutional due process claim alongside . . . APA claims,
23 and conduct discovery").

24 Finally, Plaintiffs will likely be entitled to discovery even on their APA claim. Among other
25 things, Plaintiffs challenge Defendants' unexplained departure from past practice, for which
26 Plaintiffs require discovery beyond the administrative record.

27 Ultimately, there is no prejudice to Defendants from shortening time to conduct the Rule
28 26(f) conference or from opening discovery now, as Defendants' initial agreement to a March 5,

4

2025, conference date suggests. *See* Arulanantham Decl., Ex. 1. To be clear, Plaintiffs do not at this time seek to accelerate responses to their discovery. They are seeking merely to open discovery so that they may serve requests on Defendants. Defendants would still have 30 days to respond to any of Plaintiffs' discovery requests. There is no reasonable basis on which they can continue to refuse to abide by Rule 26(f)'s mandate to conduct a meet-and-confer "as soon as practicable." *See* Fed. R. Civ. P. 26(f)(1).

Based on the foregoing, and for good cause shown, Plaintiffs respectfully request that the Court shorten the deadline for the parties to confer, pursuant to Fed. R. Civ. P. 26(f), to within 3 calendar days of issuing its order. In the alternative, Plaintiffs respectfully request that the Court order discovery open now.

Date: March 20, 2025

Respectfully submitted,

CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW

 /s/ *Ahilan T. Arulanantham*
Ahilan T. Arulanantham
Stephany Martinez Tiffer

Emilou MacLean
Michelle (Minju) Y. Cho
Amanda Young (*admission pending*)
ACLU FOUNDATION
OF NORTHERN CALIFORNIA

Eva L. Bitran
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA

Jessica Karp Bansal
Lauren Michel Wilfong (*Pro Hac Vice*)
NATIONAL DAY LABORER ORGANIZING
NETWORK

Erik Crew (*Pro Hac Vice pending*)
HAITIAN BRIDGE ALLIANCE

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2025, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

                                              CENTER FOR IMMIGRATION LAW AND
                                              POLICY, UCLA SCHOOL OF LAW

                                              /s/ *Ahilan T. Arulanantham*
                                              Ahilan T. Arulanantham