YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division
SARAH L. VUONG
Assistant Director
WILLIAM H. WEILAND
Senior Litigation Counsel
ERIC SNYDERMAN
ANNA DICHTER
LAUREN BRYANT
CATHERINE ROSS
LUZ MARIA RESTREPO
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, *et. al.*,<br><br>Plaintiff,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et. al.*,<br><br>Defendants. | Case No. 3:25-cv-1766-EMC<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO SHORTEN TIME TO CONFER PURSUANT TO FED. R. CIV. P. 26(f)**<br><br>Judge: Hon. Edward M. Chen<br>Date: March 24, 2025<br>Time: 9:00 a.m.<br>Place: Courtroom 5, 17th Floor, San Francisco U.S. Courthouse |

DEFS.' RESP. IN OPP'N TO PLS.' MOT.
NO. 3:25-CV-1766-EMC

1

Defendants, Kristi Noem, Secretary of the Department of Homeland Security ("DHS"), et al., hereby oppose Plaintiff National TPS Alliance, et al.'s ("NTPSA") Motion to Shorten Time to Confer Pursuant to Fed. R. Civ. P. 26(f). ECF No. 79. First, discovery here is precluded because the Temporary Protected Status ("TPS") statute, 8 U.S.C. § 1254a(b)(5)(A), bars review of Plaintiffs' claims under the Administrative Procedure Act ("APA"). Second, even if review were permissible, because Plaintiffs bring their claims under the APA as an action for review on an administrative record, Pls.' FAC ¶ 7, this action is exempt from the need to hold a discovery planning conference as soon as practicable. *See* Fed. R. Civ. P. 26(a)(1)(B), 26(f)(1). Third, the APA's general limitation of review to the administrative record applies to all of Plaintiffs' claims, including their constitutional claims. And finally, until this Court rules on Defendants anticipated dispositive motion challenging this Court's jurisdiction, production of the administrative record, and any extra record discovery, is premature.

**PROCEDURAL HISTORY**

On February 19, 2025, Plaintiffs filed their Complaint. ECF No. 1. The next day, Plaintiffs filed a Motion to Postpone Effective Date of Agency Action. ECF No. 16. On February 21, 2025, this Court issued an Order Setting Initial Case Management Conference and ADR Deadlines. ECF No. 39. In the order, this Court set the deadline for initial disclosures and discovery planning for April 29, 2025. *Id.* On March 20, 2025, Plaintiffs filed a First Amended Complaint ("FAC"), challenging Secretary Noem's recent decisions relating to the TPS status of Venezuelans and Haitians residing in the United States. ECF No. 74. That same day, Plaintiffs filed an Administrative Motion to Shorten Time to Confer Pursuant to Fed. R. Civ. P. 26(f). ECF No. 79. On March 21, 2025, this Court ordered Defendants to file a response to Plaintiffs' Motion to Shorten Time by today. ECF No. 81.

**LEGAL STANDARD**

A federal court reviews federal agency action under the APA, which requires that the court "review the whole record or those parts of it cited by a party." 5 U.S.C. § 706. Under the APA, a "reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be[:] . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . contrary to constitutional right, power, privilege, or immunity . . . in excess of statutory

2

DEFS.' RESP. IN OPP'N TO PLS.' MOT.
NO. 3:25-CV-1766-EMC

jurisdiction, authority, or limitations . . ." *Id.* "When reviewing an agency decision, 'the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court.'" *Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, 450 F.3d 930, 943 (9th Cir. 2006) (citing *Camp v. Pitts*, 411 U.S. 138, 142 (1973)). The administrative record includes what was before the agency pertaining to the merits of its determination or decision. *California v. U.S. Dep't of Homeland Sec.*, 612 F. Supp. 3d 875, 882 (N.D. Cal. 2020) (citing *Portland Audubon Soc'y v. Endangered Species Comm.*, 984 F.2d 1534, 1548 (9th Cir. 1993)). The administrative record also consists of "all documents and materials directly or indirectly considered by agency decision-makers and includes evidence contrary to the agency's position." *Id.* (citing *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989)).

The Supreme Court has emphasized that judicial review of agency action should be based on the record before the agency at the time of the decision, barring exceptional circumstances. *Dep't of Commerce v. New York*, 588 U.S. 752, 780 (2019) ("[I]n reviewing agency action, a court is ordinarily limited to evaluating the agency's contemporaneous explanation in light of the existing administrative record.") (citations omitted). "That principle reflects the recognition that further judicial inquiry into 'executive motivation' represents 'a substantial intrusion' into the workings of another branch of Government and should normally be avoided." *Id.* (citing *Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 268, n. 18 (1977). Extra-record discovery is the exception, not the rule, and should only be permitted where there is a strong showing of bad faith or improper behavior. *Id.* at 2573-74 (citing *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971)). In light of these established principles, and the fact that no bad faith or improper behavior was made, the Supreme Court found that the "district court abused its discretion in 'order[ing] extra-record discovery" before the Government completely produced the administrative record. *Ramos*, 975 F.3d at 901 (citing *Dep't of Commerce*, 588 U.S. 752).

# ARGUMENT

For numerous reasons, Plaintiffs' motion is premature and should be denied.

### a. The TPS statute precludes discovery of Plaintiffs' statutory claims.

First, this Court should preclude discovery of Plaintiffs' statutory claims in this case, where Congress has expressly prohibited the judicial review of Temporary Protected Status ("TPS") determinations. 8 U.S.C. § 1254a(b)(5)(A) ("There is no judicial review of any determination of the [Secretary] with respect to the designation, or termination or extension of a designation, of a foreign state under this subsection."); *see* ECF No. 60 at 11-13, Defendants' Response in Opposition to Plaintiffs' Motion to Stay. These determinations are integrally related to foreign relations and to an assessment of country conditions that Congress has vested in the Secretary alone, after consultation with other appropriate agencies. Congress therefore concluded that they are not suitable for judicial second-guessing. *See Ramos v. Wolf*, 975 F.3d 872, 889 (9th Cir. 2020), *vacated by Ramos v. Wolf*, 59 F.4th 1010, 1011 (9th Cir. 2023).[1]

### b. This case is exempt from conferring under Fed. R. Civ. P 26(f).

Second, Plaintiffs bring their claims under the APA as an action for review on an administrative record. *See* Pls.' FAC. Under Rule 26(f)(1), this type of action is exempt from the need to hold a discovery planning conference. Fed. R. Civ. P. 26(f)(1) ("Except in a proceeding exempted from disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable…"); Fed. R. Civ. P. 26(a)(1)(B) ("The following proceedings are exempt from initial disclosure: (i) an action for review on an administrative record"). Plaintiffs allege that this case is not exempt from a Rule 26(f) conference because Rule 26(a) "pertains not to discovery but to matters that are exempt from initial disclosure." ECF No. 79 at 4 (citing *H.A. v. Camden City Bd. Of Educ.*, 10-0733 (JBS/KMW), 2011 WL

---

[1] This decision has been vacated and therefore has no precedential effect. *See, e.g.*, *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1424 n.2 (9th Cir. 1991). A vacated decision, however, "still carries informational and perhaps even persuasive precedential value." *DHX Inc. v. Allianz AGF MAT, Ltd.*, 425 F.3d 1169, 1176 (9th Cir. 2005).

3236204, at *3 (D.N.J. July 28, 2011). But an action for review on an administrative record is expressly exempt from both initial disclosures and the initial discovery planning conference. Fed. R. Civ. P. 26(a), (f). In any case, Plaintiffs' mischaracterization of the correspondence between the Parties, in which Plaintiffs clearly state their plan to "propose 14 days" for initial disclosures, ECF No. 80-1 at 2, directly contradicts their assertion that "[h]ere, Plaintiffs seek to hold the Rule 26(f) conference and subsequently serve their discovery requests, not initial disclosures." ECF No. 79 at 4.

### c. The APA's general limitation of review to the administrative record applies to all of Plaintiffs' claims, including their constitutional claims.

Third, even if Section 1254a does not entirely preclude Plaintiffs' constitutional claims, those claims must nevertheless proceed under the APA and therefore are not subject to extra-record discovery. That a party "premises the challenges to agency action on constitutional grounds does not take them out of the purview of the APA" as "the APA contemplates constitutional challenges to agency action but provides that the court shall review the administrative record in considering such challenges." *Lewis v. United States & U.S. Army Corps of Eng'rs*, No. CV 18-1838, 2019 WL 13115362, at *5–6 (E.D. La. Mar. 28, 2019) (citing 5 U.S.C. §§ 706, 706(2)(B)); *California*, 612 F. Supp. 3d at 893-98 (acknowledging that discovery may not be appropriate in a case involving both constitutional and APA claims).

"When reviewing an agency decision, 'the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court.'" *Ctr. For Biological Diversity v. U.S. Fish & Wildlife Serv.*, 450 F.3d 930, 943 (9th Cir. 2006) (citing *Camp v. Pitts*, 411 U.S. 138, 142 (1973)). This rule applies equally to cases involving constitutional claims. *See* 5 U.S.C. § 706(2)(B); *Chiayu Chang v. United States Citizenship & Immigration Servs.*, 254 F. Supp. 3d 160, 161 (D.D.C. 2017) (collecting cases from several jurisdictions). "[T]he record-review requirement is not just a meaningless procedural hurdle to overcome, but a fundamental constitutional protection to government agency action." *Ramos v. Wolf*, 975 F.3d 872, 900 (9th Cir. 2020) (Nelson, concurring).

DEFS.' RESP. IN OPP'N TO PLS.' MOT.
NO. 3:25-CV-1766-EMC

Federal courts have routinely rejected attempts by parties to obtain discovery for their constitutional claims, finding that these claims are governed by the APA and—absent some compelling reason—must be decided on the administrative record without discovery.[2] *See*, *e.g., Lewis*, 2019 WL 13115362, at *6 ("invoking the Constitution does not magically remove all limitations on discovery in APA cases"—claims brought under the APA must be reviewed using the record and are not entitled to discovery absent a specific showing that discovery is needed to resolve fact issues); *see also Harkness v. Sec'y of the Navy*, 858 F.3d 437, 451 n.9 (6th Cir. 2017); *Chiayu Chang v. U.S. Citizenship & Immigr. Servs.*, 254 F. Supp. 3d 160, 161–63 (D.D.C. 2017); *N. Arapaho Tribe v. Ashe*, 92 F. Supp. 3d 1160, 1171 (D. Wyo. 2015); *Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv.*, 58 F. Supp. 3d 1191, 1237–38 (D.N.M. 2014); *Tafas v. Dudas*, 530 F. Supp. 2d 786, 802 (E.D. Va. 2008); *Harvard Pilgrim Health Care of New England v. Thompson*, 318 F. Supp. 2d 1, 7–10 (D. R.I. 2004); *Malone Mortg. Co. Am. v. Martinez*, No. 3:02-CV-1870-P, 2003 WL 23272381, at *2 (N.D. Tex. Jan. 6, 2003); *Charlton Mem'l Hosp. v. Sullivan*, 816 F. Supp. 50, 51 (D. Mass. 1993).

Here, Plaintiffs' constitutional claim challenges the same agency action as their APA claims, the Secretary's TPS determinations—immigration policies related to Government objectives of border and national security and foreign policy. ECF No 60 at 17-19. The appropriate standard for any review of these types of agency actions is the rational review standard set forth in *Trump v. Hawaii*, 585 U.S. 667, 703-05 (2018) (If "there is persuasive evidence that the [policy] has a legitimate grounding in national security concerns … we must accept that independent justification"). Indeed, "further judicial inquiry into executive motivation represents a substantial intrusion into the workings of another branch of Government and should normally be avoided." *Dep't of Commerce*, 588 U.S. at 780. Because rational basis review is highly deferential, the administrative record should be more than sufficient to determine whether the Secretary's determinations were rationally related to a legitimate government interest, as it would include

---

[2] Though some courts have permitted very limited discovery, those cases are wholly distinguishable from this one. For example, one court granted narrow discovery only after reviewing the administrative record and finding deficiencies. *See Grill v. Quinn*, No. CIV S-10-0757 GEB, 2012 WL 174873, at *2 (E.D. Cal. Jan. 20, 2012) (allowing discovery on constitutional claim but noting that "wide-ranging discovery is not blindly authorized at a stage in which an administrative record is being reviewed" (internal citations omitted)).

"all documents and materials directly or indirectly considered by agency decision-makers" *California*, 612 F. Supp. 3d at 882 (citing *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989)).

Allowing discovery in this case would "incentivize every unsuccessful party to agency action to allege . . . constitutional violations in order to trade in the APA's restrictive procedures for the . . . ones of the Federal Rules of Civil Procedure." *Chiayu Chang*, 254 F. Supp. at 162 (quotation omitted). The limitations on civil discovery should apply with particular force here, and it would be perverse to permit greater intrusion into the agency procedures than otherwise provided by the APA given Congress's attempt to shield these types of foreign policy determinations from judicial review. ECF No. 60 at 11-13.

### d. Until this Court rules on Defendants' anticipated motion challenging the Court's jurisdiction, production of an administrative record, and any extra record discovery, is unjustified.

Finally, even if the Court were inclined to allow discovery in this case, Defendants oppose Plaintiffs' instant request to shorten the time to confer and take early discovery before Defendants anticipated dispositive motion has been resolved. "Questions of jurisdiction, of course, should be given priority—since if there is no jurisdiction there is no authority to sit in judgment of anything else." *Vt. Agency of Nat. Res. V. U.S. ex rel. Stevens*, 529 U.S. 765, 778-79 (2000); see also *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("The purpose of [Rule] 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery."). What's more, Plaintiffs have offered no reason why this Court should fast track the adjudication of this significant case, especially given the fact that this Court has already agreed to consider their motion to postpone the Secretary's determinations at an accelerated pace. As noted above, the Supreme Court has repeatedly admonished the judiciary to tread lightly when it comes to considerations involving the Executive's exercise of its national security and foreign affairs powers, and Plaintiffs offer no reason why this case demands that the issues be determined at an expedited pace outside the normal course.

Defendants respectfully note that the Ninth Circuit previously questioned this Court's discovery orders in *Ramos*, pointing to the Supreme Court's view *Dep't of Commerce*, a decision which came after this Court's rulings. In his concurring opinion, Judge Nelson noted that the "district court committed the

7

same legal error [], albeit prior to the Supreme Court's clear directive in *Dep't of Commerce*. The district court ordered additional discovery at the same time it ordered the government to complete the administrative record—that is, before it could even determine whether any exception to the APA's record-review requirement applied." *Ramos*, 975 F.3d at 901. On similar facts and almost identical arguments put forth by Plaintiffs here, the Ninth Circuit reinforced the principle that a reviewing court must first assess whether the record itself is sufficient before considering extra-record supplementation. *Id.* These decisions highlight the judiciary's deference to agencies in compiling their records, limiting premature or unnecessary judicial interference.

Defendants intend to file a motion to dismiss, challenging Plaintiffs' claims on jurisdictional grounds. This Court should not order record review or discovery until it determines that Plaintiffs' Amended Complaint has any viability—both because the anticipated motion to dismiss may narrow the issues in dispute and because expedited discovery will place a substantial burden on Defendants. *See In re United States*, 583 U.S. 29 (2017) ("[T]he District Court should have granted respondents' motion … to stay implementation of the challenged … order and first resolved the Government's threshold arguments (that the Acting Secretary's determination to rescind DACA is unreviewable because it is 'committed to agency discretion,' 5 U.S.C. § 701(a)(2), and that the Immigration and Nationality Act deprives the District Court of jurisdiction.)). Either of Defendants' arguments, the Court explained, would have eliminated "the need for the District Court to examine a complete administrative record." *Id.*

## CONCLUSION

This Court should deny Plaintiffs' Administrative Motion to Shorten Time to Confer Pursuant to Fed. R. Civ. P. 26(f) because Plaintiffs' claims are limited to the administrative record. However, until this Court rules on Defendants anticipated motion to dismiss, production of the administrative record, and any extra record discovery, is premature.

| | |
|---|---|
| Dated: March 21, 2025 | Respectfully submitted, |

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

SARAH L. VUONG (CA Bar 258528)
Assistant Director

WILLIAM H. WEILAND (Mass. Bar 661433)
Senior Litigation Counsel

ERIC SNYDERMAN (VA Bar 99563)
LAUREN BRYANT
CATHERINE ROSS (DC Bar 9007404)
LUZ MARIA RESTREPO (NY Bar 4907077
Trial Attorneys

/s/ *Anna L. Dichter*
ANNA L. DICHTER
(New Jersey Bar 304442019)
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 353-2405
Anna.L.Dichter@usdoj.gov

*Attorneys for the Defendants*