Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
Stephany Martinez Tiffer (SBN 341254)
martineztiffer@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Amanda Young (SBN 359753)
ayoung@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Attorneys for Plaintiffs
*[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R., HENDRINA VIVAS CASTILLO, A.C.A., SHERIKA BLANC, VILES DORSAINVIL, and G.S.,<br><br>    Plaintiffs,<br><br>vs.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA,<br><br>    Defendants. | Case No. 3:25-cv-01766-EMC<br><br>**PLAINTIFFS' EMERGENCY REQUEST TO EXTEND BRIEFING SCHEDULE FOR DEFENDANTS' MOTION TO STAY** |

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Eva L. Bitran (SBN 302081)
ebitran@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (*Pro Hac Vice*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, Suite 1H
San Diego, CA 92120
Telephone: (949) 603-7411

Plaintiffs respectfully request a short extension of the briefing schedule on Defendants' motion to stay. ECF No. 95. Defendants filed a motion to stay and motion to expedite briefing at approximately 7:00 p.m. PST on April 1, 2025 (ECF Nos. 95–96), and the Court ordered expedited briefing at approximately 8:14 p.m. PST, setting a deadline of April 2, 2025 for Plaintiffs to oppose the motion to stay (ECF No. 97). For four overarching reasons, Plaintiffs should have at least until Wednesday, April 9, to oppose the motion to stay.

*First*, Plaintiffs agree this case should move forward in an expedited fashion to protect the interests of over 1 million Venezuelans and Haitians. But not at the expense of a full and fair opportunity to brief critical issues that Defendants will press on appeal. As the parties demanding emergency relief in the form of expedited briefing, Defendants must make a "threshold showing regarding irreparable harm," absent which emergency relief "may not issue, regardless of the [movant]'s proof regarding the other stay factors." *See Doe #1 v. Trump*, 957 F.3d 1050, 1058 (9th Cir. 2020) (internal quotation and citation omitted). They have failed to do so. The motion for expedited briefing consists of a solitary paragraph. The sole justification for expedited briefing is that the order is intended to take effect. ECF No. 96. Defendants present no evidence or argument as to what irreparable harm would befall Defendants if the Court decides their motion for stay on a slightly less compressed schedule. Nor does the underlying motion seeking a stay point to imminent irreparable harm. Defendants merely argue that irreparable harm arises whenever the Executive branch wants to enforce its preferred reading of a statute over the meaning intended by Congress. ECF No. 95 at 7. Such a "perceived institutional injury is not 'irreparable,'" especially when the only question to be decided at this moment is one of scheduling, and "the core of this dispute" ultimately could be resolved on questions of statutory construction. *Doe #1*, 957 F.3d at 1059.

*Second*, the current briefing schedule deprives Plaintiffs of an opportunity to review and incorporate the administrative record—which the Court has ordered produced by Monday, April 7— into their opposition. ECF No. 93. Defendants rely extensively on the challenged decisions as purported evidence of what the Secretary considered to accuse the Court of overstepping its authority when weighing the equities. *See, e.g.*, ECF No. 95 at § II.A. The administrative record should put to rest whether (as Plaintiffs contend) the Federal Register contains assertions that

amount to pablum and pretext devoid of any support, or (as Defendants suggest) the Secretary and her subordinates considered facts and evidence before making the challenged decisions. The administrative record in *Ramos* uncovered damning evidence of pretext, and Plaintiffs have every reason to believe this record will prove equally troubling. Both this Court and reviewing courts would benefit from Defendants' impending production of the administrative record.

*Third*, Defendants should not be allowed to use their request for an emergency briefing schedule to excuse their unwillingness to abide by the Court's order. Despite looming deadlines, Defendants have refused to take *any* meaningful steps to comply with this Court's order. In three emails between March 31 and April 1, Plaintiffs made clear the urgency of implementing this Court's order before the end of today, given that up to 350,000 TPS holders may otherwise be unable to establish employment authorization on April 3. *See* Ahilan Arulanantham Decl., Exs. 1–3.[1] Many also are at risk of losing their drivers' licenses.[2] But Defendants have provided no response to repeated requests that they acknowledge the Court's decision by today (although their counsel expressed "hope" that Defendants might do so), simply by updating their website. Yet as of this morning, even though there is no stay of this Court's decision, Defendants' website still publicly claims that "TPS and related benefits associated with the 2023 designation will end on April 7, 2025,"[3] endangering work authorizations for up to 350,000 TPS holders starting *tomorrow*. Defendants also have stonewalled Plaintiffs' efforts to meet and confer about the administrative record or otherwise comply with the Court's case management directives. Defendants should not be

---

[1] While Secretary Noem's February 5 Federal Register Notice terminates TPS for 2023 Venezuela registrants on April 7, these TPS holders have existing employment authorization documents that only extend employment authorization through April 2. This is because Defendants failed to automatically extend work authorization for TPS holders for the five days between the end of the prior TPS designation for 2023 Venezuela registrants and the date of TPS termination in Secretary Noem's February 5 termination notice, even though the TPS statute plainly states that "[w]ork authorization . . . shall be effective throughout the period the alien is in temporary protected status." 8 U.S.C. § 1254a(a)(2); *see also id.* § 1254a(a)(1)(B) (Secretary "shall authorize" TPS holders to work).

[2] Plaintiffs have already uncovered evidence of one jurisdiction with a significant population of Venezuelan TPS holders that appears to be taking the position that driver's licenses will expire notwithstanding the Court's order. *See* Ahilan Arulanantham Decl., Ex. 3.

[3] USCIS, "Temporary Protected Status Designated Country: Venezuela," https://www.uscis.gov/humanitarian/temporary-protected-status/temporary-protected-status-designated-country-venezuela (last visited, April 2, 2025).

2
PLAINTIFFS' EMERGENCY MOTION TO EXTEND BRIEFING SCHEDULE FOR MOTION TO STAY
CASE NO. 3:25-CV-01766-EMC

rewarded for their recalcitrance with an expedited briefing schedule, especially when they have never suggested that it would be burdensome to produce the administrative record. Indeed, Defendants may take more time to update their website about this Court's order than the Secretary took to vacate TPS. Defendants must not be rewarded for refusing to implement this Court's order even as they seek to challenge it.

*Finally*, Plaintiffs should be allowed more than a day to identify and develop arguments warranting further analysis in light of the Court's order. In particular, Defendants' stay motion rests heavily on Section 1252(f)(1), but as this Court's order notes, "No court has yet to hold that §1252(f)(1) applies to §1254a …." ECF No. 93 at 15 & n.5. Plaintiffs are examining this issue closely in light of the Court's ruling, and should be allowed more than a day to research what may be a potential alternative ground for opposing the motion to stay.

Therefore, Plaintiffs respectfully request that Defendants remain subject to the April 7 deadline to produce the complete administrative record for the two challenged Venezuelan TPS decisions, and that Plaintiffs be afforded until April 9 to submit their opposition, informed by the administrative record. Plaintiffs take no position on the timing of a ruling by this Court on the motion to stay, because Defendants have provided no exigency that would require the Court to rush consideration of the administrative record and further briefing.

Date: April 2, 2025

Respectfully submitted,

CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW

 /s/ *Ahilan T. Arulanantham*
Ahilan T. Arulanantham
Stephany Martinez Tiffer

Emilou MacLean
Michelle (Minju) Y. Cho
Amanda Young
ACLU FOUNDATION
OF NORTHERN CALIFORNIA

Eva L. Bitran
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA

Jessica Karp Bansal

3
PLAINTIFFS' EMERGENCY MOTION TO EXTEND BRIEFING SCHEDULE FOR MOTION TO STAY
CASE NO. 3:25-CV-01766-EMC

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28  

Lauren Michel Wilfong (*Pro Hac Vice*)
NATIONAL DAY LABORER ORGANIZING NETWORK

Erik Crew (*Pro Hac Vice*)
HAITIAN BRIDGE ALLIANCE

Attorneys for Plaintiffs

4

PLAINTIFFS' EMERGENCY MOTION TO EXTEND BRIEFING SCHEDULE FOR MOTION TO STAY
CASE NO. 3:25-CV-01766-EMC