# Exhibit 2

| From: | Vuong, Sarah L. (CIV) |
|---|---|
| To: | Arulanantham, Ahilan (████████ @LAW.UCLA.EDU); MacLean, Emi (████████ @ACLUNC.ORG); Dichter, Anna L. (CIV) |
| Cc: | Weiland, William H. (CIV); Ross, Catherine (CIV); Restrepo, Luz Maria (CIV); Snyderman, Eric M. (CIV); Hartman, Jeffrey M. (CIV); Bryant, Lauren E (CIV); Saylor, Amanda B (CIV); Wilfong, Lauren (@NDLON.ORG); Crew, Eric (████████ @HAITIANBRIDGE.ORG); Young, Amanda (@ACULNC.ORG); Bansal, Jessica (████████ @NDLON.ORG); Vuong, Sarah L. (CIV) |
| Subject: | RE: [EXTERNAL] RE: NTPSA v. Noem: meet and confer re AR (Venezuela TPS decisions) |
| Date: | Tuesday, April 1, 2025 3:41:24 PM |

Hi Ahilan,

We have shared your concerns with our client and are waiting for their response regarding a website notification. I will let you know as soon as I hear anything, which I do hope will be tonight.

On a separate note, we do intend to file an appeal of the postponement order with the 9th Circuit. We also intend to seek to stay the order in the district court. Please let us know your position by 6:00 PST.

Best,
Sarah

**From:** Arulanantham, Ahilan <arulanantham@law.ucla.edu>
**Sent:** Tuesday, April 1, 2025 4:51 PM
**To:** Emi MacLean <EMacLean@aclunc.org>; Dichter, Anna L. (CIV) <Anna.L.Dichter@usdoj.gov>
**Cc:** Vuong, Sarah L. (CIV) <Sarah.L.Vuong@usdoj.gov>; Weiland, William H. (CIV) <William.H.Weiland@usdoj.gov>; Ross, Catherine (CIV) <Catherine.Ross@usdoj.gov>; Restrepo, Luz Maria (CIV) <Luz.Maria.Restrepo@usdoj.gov>; Snyderman, Eric M. (CIV) <Eric.M.Snyderman@usdoj.gov>; Hartman, Jeffrey M. (CIV) <Jeffrey.M.Hartman@usdoj.gov>; Bryant, Lauren E (CIV) <Lauren.E.Bryant@usdoj.gov>; Saylor, Amanda B (CIV) <Amanda.B.Saylor@usdoj.gov>; Lauren Wilfong <lwilfong@ndlon.org>; Erik Crew <ecrew@haitianbridge.org>; Amanda Young <ayoung@aclunc.org>; Jessica Bansal Contact <jessica@ndlon.org>
**Subject:** Re: [EXTERNAL] RE: NTPSA v. Noem: meet and confer re AR (Venezuela TPS decisions)

Dear Anna,

Just to follow up again on our implementation concerns, I'm sharing here a photo of an exchange between one of our clients and the Orange County Florida DMV, stating that they do not believe the Court's order has the effect of extending TPS.

Given that problems like this will (and probably already do) likely affect at least thousands of people, we will have no choice but to go to the Court quickly unless your clients update the relevant websites to fix this problem.

Please let us know as soon as possible as to when you will be able to speak with us about this and the other issues we have raised.

Take care,
ahilan

Sent with Spark
On Apr 1, 2025 at 11:13 AM -0700, Dichter, Anna L. (CIV) <Anna.L.Dichter@usdoj.gov>, wrote:

> Hi Emi,
>
> We have received your message and have been in touch with the agency. We understand your concerns and will circle back this evening with possible times for a call this week. We hope to have clarity on the implementation of the order this evening or tomorrow morning.
>
> Anna
>
>> On Apr 1, 2025, at 1:37 AM, Emi MacLean <EMacLean@aclunc.org> wrote:
>>
>> Anna,
>> Thanks for your message. In light of Judge Chen's order, we feel it necessary to meet and confer no later than Wednesday to discuss both Defendants' production of the administrative record, and the implementation of Judge Chen's order granting Plaintiffs' postponement motion. We can be flexible and make ourselves available any time tomorrow (Tuesday) or Wednesday.
>> In particular, it is critical to understand what steps, if any, Defendants have taken to date to comply with the deadline to produce the administrative record for the two challenged actions as well as what Defendants consider to be the scope of the record. If the parties cannot reach an understanding about the scope of the record, then Plaintiffs will need to seek relief from Judge Chen to ensure the deadline for compliance does not slip.
>> In addition, we need to be able to advise our clients about the implementation of the Court order, which requires agency action

before the end of the day on Wednesday. As Ahilan's earlier email elaborated, there are already immediate concerns about the ability of Venezuelan TPS holders to continue to work and maintain drivers' licenses. We have also heard reports of TPS holders being detained by immigration authorities notwithstanding their lawful status. Please let us know what times tomorrow or Wednesday work.
Best,
Emi



**Emi MacLean**
Pronouns: she/her/hers
Senior Staff Attorney
ACLU Foundation of Northern California
39 Drumm St., San Francisco, CA 94111
(929)375-1575 | emaclean@aclunc.org

---

**From:** Dichter, Anna L. (CIV) <Anna.L.Dichter@usdoj.gov>
**Sent:** Monday, March 31, 2025 3:56 PM
**To:** Emi MacLean <EMacLean@aclunc.org>; Vuong, Sarah L. (CIV) <Sarah.L.Vuong@usdoj.gov>; Weiland, William H. (CIV) <William.H.Weiland@usdoj.gov>; Ross, Catherine (CIV) <Catherine.Ross@usdoj.gov>; Restrepo, Luz Maria (CIV) <Luz.Maria.Restrepo@usdoj.gov>; Snyderman, Eric M. (CIV) <Eric.M.Snyderman@usdoj.gov>; Hartman, Jeffrey M. (CIV) <Jeffrey.M.Hartman@usdoj.gov>; Bryant, Lauren E (CIV) <Lauren.E.Bryant@usdoj.gov>; Saylor, Amanda B (CIV) <Amanda.B.Saylor@usdoj.gov>
**Cc:** Ahilan Arulanantham <arulanantham@law.ucla.edu>; Lauren Wilfong <lwilfong@ndlon.org>; Erik Crew <ecrew@haitianbridge.org>; Amanda Young <ayoung@aclunc.org>; Jessica Bansal Contact <jessica@ndlon.org>
**Subject:** RE: NTPSA v. Noem: meet and confer re AR (Venezuela TPS decisions)

Hi Emi,

We are in the midst of traveling to Boston for a hearing tomorrow morning, but are still working with the agency to build the administrative record and reviewing your emails. As an initial response, we have concerns about your legal analysis of what should be included in the administrative record—but we are still

analyzing relevant case law. Given that the Court's order just came out, we'd also like to discuss Plaintiffs' understanding of the document preservation order. We are available at 4pm EST for a call on Thursday April 3, 2025.

Best,
Anna

---

**From:** Emi MacLean <EMacLean@aclunc.org>
**Sent:** Monday, March 31, 2025 3:08 PM
**To:** Vuong, Sarah L. (CIV) <Sarah.L.Vuong@usdoj.gov>; Dichter, Anna L. (CIV) <Anna.L.Dichter@usdoj.gov>; Weiland, William H. (CIV) <William.H.Weiland@usdoj.gov>; Ross, Catherine (CIV) <Catherine.Ross@usdoj.gov>; Restrepo, Luz Maria (CIV) <Luz.Maria.Restrepo@usdoj.gov>; Snyderman, Eric M. (CIV) <Eric.M.Snyderman@usdoj.gov>; Hartman, Jeffrey M. (CIV) <Jeffrey.M.Hartman@usdoj.gov>; Bryant, Lauren E (CIV) <Lauren.E.Bryant@usdoj.gov>
**Cc:** Ahilan Arulanantham <arulanantham@law.ucla.edu>; Lauren Wilfong <lwilfong@ndlon.org>; Erik Crew <ecrew@haitianbridge.org>; Amanda Young <ayoung@aclunc.org>; Jessica Bansal Contact <jessica@ndlon.org>
**Subject:** [EXTERNAL] Re: NTPSA v. Noem: meet and confer re AR (Venezuela TPS decisions)

Hi Sarah,

I hope you're well and had a good weekend. Please let me know if it still makes sense to find a time to speak today, as discussed on Thursday. We can be flexible for your schedules.

Best,

Emi


*Emi MacLean*
*Senior Staff Attorney*
*ACLU of Northern California*

---

**From:** Emi MacLean
**Sent:** Friday, March 28, 2025 9:39:36 AM
**To:** Vuong, Sarah L. (CIV) <Sarah.L.Vuong@usdoj.gov>; Dichter, Anna L.

(CIV) <Anna.L.Dichter@usdoj.gov>; Weiland, William H. (CIV)
<William.H.Weiland@usdoj.gov>; Ross, Catherine (CIV)
<Catherine.Ross@usdoj.gov>; Restrepo, Luz Maria (CIV)
<Luz.Maria.Restrepo@usdoj.gov>; Snyderman, Eric M. (CIV)
<Eric.M.Snyderman@usdoj.gov>; Hartman, Jeffrey M. (CIV)
<Jeffrey.M.Hartman@usdoj.gov>; Bryant, Lauren E (CIV)
<Lauren.E.Bryant@usdoj.gov>
**Cc:** Ahilan Arulanantham <arulanantham@law.ucla.edu>; Jessica Bansal
<jessica@ndlon.org>; Lauren Wilfong <lwilfong@ndlon.org>; Erik Crew
<ecrew@haitianbridge.org>; Amanda Young <ayoung@aclunc.org>
**Subject:** NTPSA v. Noem: meet and confer re AR (Venezuela TPS
decisions)

Good morning Sarah, and all.

Following yesterday's meet and confer, and upon Defendants'
request, please see attached proposed initial custodians, date
ranges, and search terms to assist in compiling the administrative
record for the two challenged Venezuela TPS decisions. The
custodians and search terms draw from those relied upon to identify
the scope of the complete administrative records in *Ramos*.

As discussed during the call, these lists should not be taken as
limiting or exhaustive. Without having received any materials,
Plaintiffs are not in a position to identify every custodian or pertinent
search term necessary to capture the complete record. Rather,
because time is of the essence, Plaintiffs are proposing these
custodians and search terms to facilitate Defendants' promptly
gathering and producing materials in the administrative record. Given
Plaintiffs' position about the irregularity of the challenged decisions
(e.g., that vacatur is unprecedented, and that these decisions
occurred on an expedited timeline), Plaintiffs reserve the right to
assert that the administrative record includes other decisionmakers
and subordinates, as well as other topics, not included in these lists.
Plaintiffs also want to flag one other category of records that Plaintiffs
believe fall within the AR: any TPS (Temporary Protected Status)
Considerations Memoranda. You will see it in the attached list as well
as underlined in the list below, for ease of review, along with one
correction ("Country *Conditions*" rather than "Country
*Considerations*").

Plaintiffs welcome the opportunity to discuss these lists and the
administrative record in general further with Defendants over email

and on Monday, as discussed, and can aim to accommodate your schedule if you let us know good times. In particular, to facilitate a meaningful meet and confer process, Plaintiffs plan to cover the following during the next call:

1)   Defendants' view about the scope of the administrative record, in response to Plaintiffs' March 26 email;
2)   the efforts Defendants have undertaken to date, if any, to compile the administrative record for the two decisions;
3)   the names of custodians, if any, identified by Defendants;
4)   Plaintiffs' proposed search terms, date ranges, and custodians attached here;
5)   whether Defendants intend to assert the deliberative process privilege in response to records that fall within the scope of the administrative record; and
6)   whether defendants intend to assert any other privilege in response to records that fall within the scope of the administrative record.

Also, Plaintiffs plan to propound requests today, both to memorialize our position as to the scope of the record and to enable Plaintiffs to develop their constitutional claims and prove the departure from agency practice. Once Defendants have had an opportunity to review those requests, and after the production of the AR, the parties can find a time to meet and confer about those as well.

Finally, Plaintiffs share the sentiment raised during yesterday's call, namely that we're committed to working collaboratively in an effort to avoid or minimize disputes over the scope of the complete administrative record.  Given Judge Chen's instructions and the extensive discovery rulings in *Ramos*, Plaintiffs do not want to burden the Court with issues that already were exhaustively litigated.

Thank you,
Emi



Emi MacLean
Pronouns: she/her/hers
Senior Staff Attorney
ACLU Foundation of Northern California
39 Drumm St., San Francisco, CA 94111

(929)375-1575| emaclean@aclunc.org

**From:** Emi MacLean <EMacLean@aclunc.org>
**Sent:** Wednesday, March 26, 2025 10:52 AM
**To:** Vuong, Sarah L. (CIV) <Sarah.L.Vuong@usdoj.gov>; Ahilan
Arulanantham <arulanantham@law.ucla.edu>; Jessica Bansal
<jessica@ndlon.org>
**Cc:** Dichter, Anna L. (CIV) <Anna.L.Dichter@usdoj.gov>; Weiland, William
H. (CIV) <William.H.Weiland@usdoj.gov>; Ross, Catherine (CIV)
<Catherine.Ross@usdoj.gov>; Restrepo, Luz Maria (CIV)
<Luz.Maria.Restrepo@usdoj.gov>; Snyderman, Eric M. (CIV)
<Eric.M.Snyderman@usdoj.gov>; Hartman, Jeffrey M. (CIV)
<Jeffrey.M.Hartman@usdoj.gov>; Bryant, Lauren E (CIV)
<Lauren.E.Bryant@usdoj.gov>
**Subject:** RE: Scheduling meet and confer this week regarding the
administrative record

Thanks, Sarah, for your quick response. Tomorrow at 1pm PST / 4pm
EST works for us as well. I can set up a Teams call-in unless you
prefer to set up a link on your side, or have a preference for an
alternative platform.

As Judge Chen advised that we meet and confer regarding the
contents of the administrative record in order to facilitate its
production seven days after any decision affirming the Court's
jurisdiction, we want to ensure a shared understanding of the
contents of the administrative record for the two Venezuela TPS
decisions.

Judge Chen instructed that we look to his guidance in *Ramos*
concerning the scope of the administrative record. There, he relied on
controlling Ninth Circuit precedent to provide that the "'whole'
administrative record  . . . consists of all documents and materials
directly *or indirectly* considered by agency decision-makers, and
includes evidence contrary to the agency's position." *Ramos v.
Nielsen*, Case No. 18-cv-1554, Dkt. 34 at 4-5, *citing Thompson v. U.S.
Dept. of Labor*, 885 F.2d 551, 555 (9th Cir. 1989) (citation and
quotation omitted, emphasis in original). It must thus include
materials "relied on by subordinates." *Id.*, citing *In re United States*,

875 F.3d 1200, 1207-8 (9th Cir. 2017), *reversed on other grounds*, 138
S.Ct. 443 (2017). Moreover, "[d]eliberative material that was relied
upon directly or indirectly is presumptively part of the administrative
record. If Defendants invoke the deliberative process privilege, they
must produce a detailed privilege log identifying the excluded
material and the basis for privilege with the administrative record."
*Id.*, citing *Desert Survivors v. U.S. Dept. of the Interior*, 231 F.Supp.3d
368, 380-86 (N.D. Cal. 2017). *See also Blue Mountains Biodiversity
Project v. Jeffries*, 99 F.4th 438, 453 (9th Cir. 2024) ("drafts and other
non-final documents may properly be reviewed by the court as part of
the 'whole record,' unless the government justifies its decision to
withhold such documents in a privilege log").

Considering Judge Chen's instruction, and having reviewed the
materials produced regarding TPS determinations in *Ramos*, we
anticipate that the administrative record here for the two TPS
decisions at issue should include, at minimum, the following records
related to these agency actions to the extent that they exist:

1. Decision Packets, including USCIS Decision Memoranda and
   accompanying documents; USCIS Country <u>Conditions</u>
   Memoranda and accompanying documentation; <u>TPS
   (Temporary Protected Status) Considerations Memoranda</u>; and
   Action Memoranda from the relevant State Department
   component to the Secretary of State;

2. Any formal or informal recommendations and assessments of
   country conditions by the Department of Homeland Security
   and relevant components (including but not limited to the
   Research Analysis and Information Office (RAIO)), and by other
   agencies including the State Department and the Defense
   Department and their relevant components;

3. Communication, regardless of the means of communication
   and platform in which it has occurred, within and between
   Department of Homeland Security and State Department
   related to the decisions, including those involving
   decisionmakers as well as those involving subordinates; and
   including texts, Signal and WhatsApp threads, emails,
   diplomatic cables, letters, drafts, and meeting and other notes,
   see *Sierra Club v. Zinke*, 2018 WL 3126401, at *3 (N.D. Cal.
   June 26, 2018) ("[t]his district has repeatedly required
   deliberative materials (such as internal comments, draft

reports, emails, and meeting notes) to be added to the administrative record if they were considered in the agency's decision"); *Blue Mountains Biodiversity Project v. Jeffries*, 99 F.4th 438, 452 (9th Cir. 2024) (noting "routine[] review[ of] letters, drafts, emails, and other nonfinal materials in the course of evaluating the lawfulness of agency action");

4. Memoranda, guidance, and statements of policy or practice by relevant legal entities (DHS Office of General Counsel, USCIS Office of Chief Counsel, and DOS Office of Legal Affairs, related to the TPS decisions.

Further, we also anticipate that the administrative records for the two agency actions at issue here should include specifically:

1. As part of the administrative record for the vacatur decision:
   1. The Decision Packet and country conditions reports related to the January 17, 2025 decision by Secretary Mayorkas to extend TPS for Venezuela; and
   2. Relevant materials relied on or considered by the agency to reach the conclusion that "vacatur is warranted to untangle the confusion" created by the January 17, 2025 extension.

1. As part of the administrative record for the termination decision:
   1. Relevant materials relied on or considered by the agency to make a determination concerning whether the TPS designation for Venezuela was contrary to the national interest, including materials relied on or considered by the agency to reach the conclusion that "TPS has allowed a significant population of inadmissible or illegal aliens without a path to lawful immigration status to settle in the interior of the United States" and "[a]mong these Venezuelan nationals who have crossed into the United States are members of the Venezuelan gang known as Tren de Aragua."

To minimize the unnecessary expenditure of agency and judicial resources to resolve disputes after the production of the administrative record, please confirm that you also consider that all

of the above are part of the administrative record, should such records exist in connection with these administrative actions. If you do not consider any of the items above to be part of the administrative record, please let us know which ones and the reason for your view. Also, if you plan to assert the deliberative process privilege, please be prepared to promptly meet and confer about why the privilege would warrant withholding records in this context when it was considered and rejected in *Ramos*.

We look forward to discussing this with you further tomorrow.

Best,
Emi

Emi MacLean
Pronouns: she/her/hers
Senior Staff Attorney
ACLU Foundation of Northern California
39 Drumm St., San Francisco, CA 94111
(929)375-1575 | emaclean@aclunc.org

**From:** Vuong, Sarah L. (CIV) <Sarah.L.Vuong@usdoj.gov>
**Sent:** Wednesday, March 26, 2025 10:12 AM
**To:** Emi MacLean <EMacLean@aclunc.org>; Ahilan Arulanantham <arulanantham@law.ucla.edu>; Jessica Bansal <jessica@ndlon.org>
**Cc:** Dichter, Anna L. (CIV) <Anna.L.Dichter@usdoj.gov>; Weiland, William H. (CIV) <William.H.Weiland@usdoj.gov>; Ross, Catherine (CIV) <Catherine.Ross@usdoj.gov>; Restrepo, Luz Maria (CIV) <Luz.Maria.Restrepo@usdoj.gov>; Snyderman, Eric M. (CIV) <Eric.M.Snyderman@usdoj.gov>; Hartman, Jeffrey M. (CIV) <Jeffrey.M.Hartman@usdoj.gov>; Bryant, Lauren E (CIV) <Lauren.E.Bryant@usdoj.gov>
**Subject:** RE: Scheduling meet and confer this week regarding the administrative record

Hi Emi,

It was nice meeting you in person on Monday. Would tomorrow, 3/27 at 4 EST work? We are free Friday morning at 11 EST as well, but that may be too early PST.  Let me know if either of those times works.

Sarah

---

**From:** Emi MacLean <EMacLean@aclunc.org>
**Sent:** Wednesday, March 26, 2025 12:16 PM
**To:** Vuong, Sarah L. (CIV) <Sarah.L.Vuong@usdoj.gov>; Ahilan
Arulanantham <arulanantham@law.ucla.edu>; Jessica Bansal
<jessica@ndlon.org>
**Cc:** Dichter, Anna L. (CIV) <Anna.L.Dichter@usdoj.gov>; Weiland, William
H. (CIV) <William.H.Weiland@usdoj.gov>; Ross, Catherine (CIV)
<Catherine.Ross@usdoj.gov>; Restrepo, Luz Maria (CIV)
<Luz.Maria.Restrepo@usdoj.gov>; Snyderman, Eric M. (CIV)
<Eric.M.Snyderman@usdoj.gov>; Hartman, Jeffrey M. (CIV)
<Jeffrey.M.Hartman@usdoj.gov>; Bryant, Lauren E (CIV)
<Lauren.E.Bryant@usdoj.gov>
**Subject:** [EXTERNAL] Scheduling meet and confer this week regarding the
administrative record

Sarah,

I hope that this message finds you well, and that you had an easy
travel back to Washington.

Following up on Monday's hearing, we would like to find some time
before the end of the week to meet and confer about the
administrative record, per Judge Chen's instruction. We will follow up
separately regarding the scope of the administrative record, but
propose that we get something calendared in the meantime. Please
let us know when you would have time on Thursday or Friday to meet
and we will try to accommodate.

Best,
Emi



Emi MacLean
Pronouns: she/her/hers
Senior Staff Attorney
ACLU Foundation of Northern California
39 Drumm St., San Francisco, CA 94111
(929)375-1575 | emaclean@aclunc.org