UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL TPS ALLIANCE, et al., | Case No.  25-cv-01766-EMC |
| Plaintiffs, | |
| v. | **ORDER DENYING DEFENDANTS' MOTION TO STAY** |
| KRISTI NOEM, et al., | |
| Defendants. | Docket No. 95 |

The government has appealed the Court's order granting Plaintiffs' motion to postpone the Secretary's actions.  The government has moved to stay the postponement order pending appeal.  The instant motion is being heard on shortened time as requested by the government.

Absent the postponement, the Secretary's termination of the 2023 TPS Designation would take effect on April 7, 2025.  In considering the stay motion, the Court considers the following factors:

> "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."

*Nken v. Holder*, 556 U.S. 418, 434 (2009).

The Court's analysis in its postponement order effectively addresses the factors above.  That analysis weighs against the government and in favor of Plaintiffs – even more so here for two reasons.  First, for a stay pending appeal, the government is required to make a *strong showing* of likelihood of success on the merits.  *See id.*  Second, if the Court were to order a stay of the postponement order pending appeal, that would mean hundreds of thousands of Venezuelan TPS

United States District Court
Northern District of California

1  holders would lose legal status in just a few days and thus be subject to removal – removal would

2  effectively *moot out* the postponement order and the appeal thereof (at least with respect to the

3  2023 Designation).  Any removal likely could not be "undone" should Plaintiffs ultimately

4  prevail.  In fact, just recently, the government mistakenly deported an individual, who has legal

5  status to be in the United States, to El Salvador but has essentially taken the position that it cannot

6  do anything to address that mistake.

7          To the extent the government suggests the loss of legal status does not automatically mean

8  removal, *see* Mot. at 8 (arguing that "neither the 2025 Vacatur nor 2025 Termination is equivalent

9  to requiring Plaintiffs to depart the United States"), that is a disingenuous argument.  The entire

10 point of Secretary Noem's vacatur and termination decisions was to enable the removal of

11 Venezuelan TPS holders on a schedule well in advance of the schedule set by Secretary Mayorkas.

12 *See, e.g.*, Docket No. 37 (McLean Decl. ¶ 15 & Ex. 14) (Secretary Noem stating, during an

13 interview where she announced the decision to vacate the extension of the 2023 Designation, that

14 "people of this country want these dirt bags out").  Nor has the government stated that, if the Court

15 were to stay its postponement order, it will not immediately move forward with removal of any

16 Venezuelan TPS holder.  In seeking to stay the postponement, even in light of the expedited

17 briefing schedule set by the Ninth Circuit, the government impliedly intends to do so.

18         Furthermore, in addition to the risk of removal, there is another significant harm that will

19 befall TPS beneficiaries if the stay were granted: the loss of work authorization that follows the

20 loss of legal status.  This would jeopardize beneficiaries' ability to sustain themselves and/or their

21 families.  It will also cause dislocation and harm to the economy as described in the Court's

22 postponement order.

23         Although, the Court's postponement order addresses the arguments raised in the pending

24 motion to stay (indeed, the motion to stay reads to a large extent like a motion to reconsider), the

25 Court notes the following.

26     • With respect to the issue of whether 8 U.S.C. § 1252(f)(1) is a jurisdictional bar,

27         the government asserts that the Court mistakenly relied on *Texas v. United States*,

28         40 F.4th 205, 219 (5th Cir. 2022), because "the Supreme Court reversed that

2

decision on expedited review and Justice Gorsuch criticized the district court's evasion of § 1252(f)(1) . . . ." Mot. at 5. But the Fifth Circuit reaffirmed its view that a vacatur and an injunction are distinct in *Texas v. United States*, 126 F.4th 392, 419 n.40 (5th Cir. 2025) ("Section 1252(f)(1) is inapplicable to vacatur because it is a 'limit on injunctive relief,' and vacatur is different from injunctive relief."). As for Justice Gorsuch's criticism, that was part of a concurrence and his criticism was rooted in an analysis of standing: the "clever work around" did not "succeed" because "a vacatur order still does nothing to *redress* the States' injuries" and, therefore, standing was still a problem. *United States v. Texas*, 599 U.S. 670, 691 (2023) (Gorsuch, J., concurring) (emphasis added).

- With respect to the issue of whether 8 U.S.C. § 1254a(b)(5)(A) is a jurisdictional bar, the government contends that it did not make any concession – specifically, with respect to Plaintiffs' claim that Secretary Noem lacked the implicit authority to vacate the decision to extend the 2023 Designation. *See* Mot. at 3 n.3. But the record of the hearing is clear. In any event, even if the government could withdraw its concession, the government's asserted argument fails. As the Court stated in its postponement order, "§ 1254a(b)(A)(A) was designed to bar judicial review of substantive country-specific conditions in service of TPS designations, terminations, or extensions of a foreign state – not judicial review of general procedures or collateral practices related to such." Docket No. 93 (Order at 25).

- With respect to the issue of whether Secretary Noem had the implicit authority to vacate the extension of the 2023 Designation, the government cites, *inter alia*, *SKF USA, Inc. v. United States*, 254 F.3d 1022 (Fed. Cir. 2001). *See* Mot. at 5. But *SKF* is not on point (which the government implicitly acknowledges given its use of the "cf." cite), because the issue there was whether an "agency may request [*a court* for] a remand because it believes that its original decision was incorrect on the merits and it wishes to change the result." *Id.* at 1028. That is not the situation here. Secretary Noem did not ask a court for relief before vacating and then

3

terminating the 2023 Designation.

- According to the government, the Court's postponement order is flawed because the Court made "irreconcilable" holdings: to wit, that "the Secretary *could* 'deconsolidate' Secretary Mayorkas's TPS designations for Venezuela and that the TPS statute forbids reconsideration." Mot. at 5 (emphasis in original). This argument ignores the express language in the order that, "*even if vacatur were permitted* and not founded on any legal error, the vacatur was still arbitrary and capricious because, in revoking the prior action, the Secretary failed to consider alternatives short of termination." Docket No. 93 (Order at 58) (emphasis added).

- On the equal protection claim, *even if* the deferential review of *Trump v. Hawaii*, 585 U.S. 667 (2018), were to apply (the Court held it did not), Secretary Noem's decisions would still be subject to rational basis review – *i.e.*, the Court would have to consider whether the Secretary's decisions are "plausibly related to the Government's stated objective[s]." *Id.* at 704-05. Based on the record evidence on the motion to postpone, Plaintiffs have raised at least a serious question whether, in fact, the Secretary's actions are plausibly related to her stated objective. *See, e.g.*, Docket No. 93 (Order at 73-74) (addressing lack of support for the decisions to vacate and terminate).

- Regarding the nationwide scope of relief, Plaintiffs correctly note that the government argued in its opposition to the motion to postpone that relief should be afforded to only the named individual plaintiffs. *See* Docket No. 60 (Opp'n at 25). Thus, the government has waived the argument that it now makes in its motion to stay – *i.e.*, that, at most, relief should be limited to the named individual plaintiffs *and* the "associated members" of NTPSA (the organizational plaintiff). In any event, the government still has not "explained how, as a practical matter, relief could be afforded to some subset of all Venezuelan TPS holders," Docket No. 93 (Order at 76), particularly in light of the number of NTPSA members located in states throughout the country.

- The government's request to stay discovery pending appeal (so that the government may pursue a stay pending appeal with the Ninth Circuit) is premature. The Court has already held that the first step is for the parties to compile the administrative record. There is no motion before the Court in regard to that compilation. Nor is there any pending motion for discovery beyond the record.

For the foregoing reasons, the government's motion to stay the postponement order pending appeal is denied.

**IT IS SO ORDERED**.

Dated: April 4, 2025

_____
EDWARD M. CHEN
United States District Judge