| | |
|---|---|
| Ahilan T. Arulanantham (SBN 237841)<br>arulanantham@law.ucla.edu<br>Stephany Martinez Tiffer (SBN 341254)<br>martineztiffer@law.ucla.edu<br>CENTER FOR IMMIGRATION LAW AND<br>POLICY, UCLA SCHOOL OF LAW<br>385 Charles E. Young Dr. East<br>Los Angeles, CA 90095<br>Telephone: (310) 825-1029<br><br>Emilou MacLean (SBN 319071)<br>emaclean@aclunc.org<br>Michelle (Minju) Y. Cho (SBN 321939)<br>mcho@aclunc.org<br>Amanda Young (SBN 359753)<br>ayoung@aclunc.org<br>ACLU FOUNDATION<br>OF NORTHERN CALIFORNIA<br>39 Drumm Street<br>San Francisco, CA 94111-4805<br>Telephone: (415) 621-2493<br>Facsimile: (415) 863-7832<br><br>Attorneys for Plaintiffs<br>*[Additional Counsel Listed on Next Page]* | Yaakov M. Roth<br>Acting Assistant Attorney General<br>Civil Division<br>Drew Ensign<br>Deputy Assistant Attorney General<br>Sarah L. Vuong (CA Bar 258528)<br>Assistant Director<br>William H. Weiland (MA Bar 661433)<br>Senior Litigation Counsel<br>Lauren Bryant (NY Bar 5321880)<br>Anna Dichter (NJ Bar 304442019)<br>Jeffrey Hartman (WA Bar 49810)<br>Luz Maria Restrepo (NY Bar 4907077)<br>Catherine Ross (DC Bar 9007404)<br>Amanda Saylor (FL Bar 1031480)<br>Eric Snyderman (VA Bar 99563)<br>Trial Attorneys<br>U.S. Department of Justice, Civil Division<br>Office of Immigration Litigation<br>General Litigation and Appeals Section<br>P.O. Box 868, Ben Franklin Station<br>Washington, DC 20044<br><br>Attorneys for Defendants |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R., HENDRINA VIVAS CASTILLO, A.C.A., SHERIKA BLANC, VILES DORSAINVIL, and G.S.,<br><br>        Plaintiffs,<br><br>    vs.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA,<br><br>        Defendants. | Case No. 3:25-cv-01766-EMC<br><br>**JOINT STATUS REPORT**<br><br>Assigned to: Hon. Edward M. Chen<br><br>Complaint filed: February 19, 2025 |

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Eva L. Bitran (SBN 302081)
ebitran@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (*Pro Hac Vice*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, 1H
San Diego, CA 92120
Telephone: (949) 603-7411

Pursuant to the Court's March 31, 2025 Order Granting Plaintiffs' Motion to Postpone (Dkt. 93), counsel for Plaintiffs and Defendants met and conferred on April 4, 2025 and provide herein a status report on the issues identified by the Court as well as additional issues discussed.

## I. Whether the Government Intends to Appeal this Court's Order.

The government filed its Notice of Appeal on April 1, 2025. Dkt. 95. On April 4, 2025, this Court denied Defendants' motion to stay the Court's March 31, 2025 order pending appeal. Dkt. 102. Defendants have moved for a similar stay pending appeal before the Ninth Circuit. The Circuit set a briefing schedule on Defendants' motion today, ordering Plaintiffs to submit their response by 5:00 p.m. Pacific Time on April 11, 2025, with an optional reply due by 5:00 p.m. Pacific Time on April 14, 2025.

## II. Motion to Postpone With Respect to Agency Action Related to Haiti's TPS Designation.

Plaintiffs have requested that Defendants stipulate to a postponement of agency action with regard to Haiti, particularly in view of past experience in *Bhattarai et al. v. Nielsen et al.*, Case No. 3:19-cv-00731-EMC (N.D. Cal.), Dkt. 22. If Defendants do not stipulate to the postponement, Plaintiffs intend to file their motion to postpone agency action with regard to Haiti by April 29, 2025.

## III. Proposed Date for the Initial Case Management Conference.

Plaintiffs propose scheduling an initial case management conference within about two weeks of the filing of this joint status report. Plaintiffs submit that an initial case management conference should be scheduled expeditiously regardless of Defendants' appeal, or its intent to seek a stay of district court proceedings. Indeed, as the Court recognized in its March 31, 2025 order, "[t]here is an interest in moving this case forward promptly." Dkt. 93 at 77. The parties can continue to negotiate the potential parameters of a stipulated stay while preparing for a case management conference to move forward promptly in the event an agreement cannot be reached.

Defendants assert that further proceedings in this case should be stayed pending resolution of Defendant's appeal of this Court's order of March 31, 2024, ECF No. 93. The Parties have begun negotiations as to the potential parameters of a stipulation to this effect. If the Parties cannot reach an agreement by April 21, 2025, the Defendants intend to ask this Court to stay proceedings until the

appeal of this Court's ruling is final, particularly because that appeal involves substantial questions regarding this Court's jurisdiction. *See Ramos v. Wolf*, 975 F.3d 872, 889 (9th Cir. 2020), *vacated by Ramos v. Wolf*, 59 F.4th 1010, 1011 (9th Cir. 2023). Due to the appeal, the Defendants respectfully request this Court set the initial case management conference for no earlier than 30-days after the Ninth Circuit's mandate issues.

### IV.   Production and Preservation of the Administrative Record.

The parties have also met and conferred regarding the scope and production of the administrative record for the agency action with regard to the two challenged administrative actions related to Venezuela, which the Court ordered produced by April 7. *See* Dkt. 93 at 77 ("the record shall be produced by the government within one week of the [March 31] date of this order"). Defendants have committed to produce the Venezuela administrative record by this date. While the parties' talks have been cooperative, Defendants have indicated that they will produce only what the agency has designated as part of the record. Plaintiffs may accordingly need to seek the assistance of the Court in securing the complete administrative record.

Plaintiffs have also requested that Defendants produce the administrative record for the agency action with regard to Haiti. Plaintiffs request that this Court order the administrative record for the challenged administrative action concerning Haiti to be produced by April 10.

Defendants request that they be given until April 30, 2025 to file the administrative record for the Haiti Vacatur.

As to preservation, the parties intend to address Defendants' preservation obligations in connection with the preparation of an ESI Protocol, and the parties are meeting and conferring regarding a proposed stipulation.

### V.   Compliance with the Court's March 31, 2025 Postponement Order.

**Plaintiffs' Position:**

In addition to the other reasons for moving forward with this case promptly, including those described above, Plaintiffs wish to alert the Court to an emerging issue with regard to the government's compliance with the Court's March 31, 2025 postponement order. Plaintiffs have been in regular communication with Defendants' counsel regarding the need to update the page of

USCIS's website titled "Temporary Protected Status Designated Country: Venezuela," to reflect the fact that the Court has stayed the vacatur and termination orders Plaintiffs challenge in this case.[1] The website sets forth the current information regarding TPS for Venezuela and is relied upon by many members of the public, including employers and state agencies (such as departments of motor vehicles). Despite repeated requests from Plaintiffs, USCIS did not initially update the page to reflect this Court's order and its effect until the afternoon of April 2. At that time they did so, stating:

> **Initial alert language (April 2):** On March 31, 2025, the U.S. District Court for the Northern District of California entered an order postponing the termination of the 2023 designation of TPS for Venezuela and the vacatur of the Jan. 17, 2025, extension of TPS for Venezuela. See *National TPS Alliance, et al.,* No. 3:25-cv-01766 (N.D. Cal. Mar. 31, 2025). Pursuant to the order, the department will revert to the Federal Register notice that was published on Jan. 17, 2025, which provides further guidance. For more information, please see the Federal Register notice. Please note that this Federal Register notice will remain in effect only until DHS obtains relief from the court's order. Further updates regarding TPS Venezuela will be posted on this webpage.

At some point between April 2 and today, however, Defendants revised the USCIS page to instead state:

> **April 7 alert language:** The Administration is committed to restoring the rule of law with respect to Temporary Protected Status (TPS). Nonetheless, on March 31, 2025, Judge Edward Chen, a federal judge in San Francisco, ordered the department to continue TPS for Venezuelans. See *National TPS Alliance, et al., v. Kristi Noem et al.*, No. 3:25-cv-01766 (N.D. Cal. Mar. 31, 2025). The court did so even though the TPS statute says that TPS decisions are not subject to judicial review. For more information, please see the Federal Register notice [with hyperlink to January 17, 2025 Federal Register notice]. DHS has every intention of ending Venezuela TPS as soon as it obtains relief from the court order. Further updates regarding TPS Venezuela will be posted on this webpage.

Plaintiffs pointed out several problems with this revision, including that it incorrectly stated, in the chart on the same page, that the Employment Authorization Document extension date of September 10, 2025 for the 2021 cohort is a product of this Court's order; that it no longer stated that the January 17, 2025 extension is in effect; and that it identified the assigned judge by name along with his location (San Francisco) despite the lack of any relevance of this information for the official alert. Following Plaintiffs' notification, Defendants again altered the website, to fix the auto-

---

[1] *Available at*: https://www.uscis.gov/humanitarian/temporary-protected-status/temporary-protected-status-designated-country-venezuela. As the webpage keeps changing, a permanent link to the version that existed on April 7, 2025 at 2:06 pm PT is available at https://perma.cc/7MR6-EVMN.

3

JOINT STATUS REPORT – CASE NO. 3:25-CV-01766-EMC

extension date for the 2021 cohort in the chart, but made no other evident changes. The revised statements on the website sow confusion as to the current status of TPS for Venezuelans, and that confusion is translating into real harm.

Plaintiffs have reiterated their request that Defendants promptly revise the webpage to cure its remaining defects, but Defendants have thus far refused. Plaintiffs will continue to work with Defendants on this issue, but may require the Court's intervention if the parties are unable to reach agreement.

**Defendants' Position:**

Defendants assert the Plaintiffs' claims and call for potential Court intervention lack merit. Defendants have complied with this Court's order, and any assertion to the contrary is patently false. Significantly, Plaintiffs fail to note the following has been on the relevant webpage, without alteration, since April 2, 2025:[2]

> We have automatically extended through April 2, 2026 (pending further litigation), the validity of EADs with a marked expiration date of Sept. 10, 2025; April 2, 2025; March 10, 2024; or Sept. 9, 2022, issued under the 2021 or 2023 TPS designations of Venezuela. If your EAD is covered through this automatic extension, you may continue to use your existing EAD through April 2, 2026, as evidence you are authorized to work.
>
> To prove that you are authorized to work in the United States, you may show the following documentation to your employer. Government agencies may also accept these documents if they need to determine your immigration status:
>
> - Your TPS-related EAD with a Sept. 10, 2025; April 2, 2025; March 10, 2024; or Sept. 9, 2022, expiration date; and
> - A copy of the Federal Register notice announcing the automatic extension.
>
> Your employer may rely on the Federal Register notice as evidence of the continuing validity of your EAD. Go to the Documentation Employers May Accept and Temporary Protected Status Beneficiaries May Present as Evidence of Employment Eligibility page for more information.
>
> If we approve your TPS re-registration application and you paid the fee for a new EAD (or if we approved your fee waiver request), we will issue you a new EAD with the expiration date of Oct. 2, 2026.

---

[2] https://www.uscis.gov/humanitarian/temporary-protected-status/temporary-protected-status-designated-country-venezuela (last visited April 7, 2025).

|   |   |   |
|---|---|---|
|   |   | Respectfully submitted, |
| Date: April 7, 2025 |   | ACLU FOUNDATION<br>OF NORTHERN CALIFORNIA |
|   |   | /s/ *Emilou MacLean*<br>Emilou MacLean |
|   |   | *Attorneys for Plaintiffs* |
| Date: April 7, 2025 |   | U.S. DEPARTMENT OF JUSTICE |
|   |   | /s/ *Sarah L. Vuong*<br>Sarah L. Vuong |
|   |   | *Attorneys for Defendants* |

**SIGNATURE ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that each of the other Signatories have concurred in the filing of this document.

ACLU FOUNDATION
OF NORTHERN CALIFORNIA

/s/ *Emilou MacLean*
Emilou MacLean