**No. 25-2120**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

**NATIONAL TPS ALLIANCE, et al.**,

Appellees,

v.

**KRISTI NOEM, et al.**,

Appellants.

On Appeal from the United States District Court
for the Northern District of California
District Court Case No. 3:25-cv-1766

**APPELLANTS' CIRCUIT RULE 27-3 CERTIFICATE**

(Relief requested by April 15, 2025)

## CIRCUIT RULE 27-3 CERTIFICATE

**(1) Telephone numbers and addresses of attorneys for the parties**

Counsel for Appellants:

    Yaakov M. Roth (yaakov.m.roth@usdoj.gov)
    Drew C. Ensign (drew.c.ensign@usdoj.gov)
    Erez R. Reuveni (erez.r.reuveni@usdoj.gov)
    Sarah L. Vuong (sarah.l.vuong@usdoj.gov)
    William H. Weiland (william.h.weiland@usdoj.gov)
    Anna L. Dichter (anna.l.dichter@usdoj.gov)
    Lauren Bryant (lauren.e.bryant@usdoj.gov)
    Amanda B. Saylor (amanda.b.saylor@usdoj.gov)
    Catherine Ross (catherine.ross@usdoj.gov)
    Luz Maria Restrepo (luz.maria.restrepo@usdoj.gov)
    Jeffrey Hartman (jeffrey.m.hartman@usdoj.gov)
    Eric Snyderman (eric.m.snyderman@usdoj.gov)
    United States Department of Justice, Civil Division
    Office of Immigration Litigation
    P.O. Box 878, Ben Franklin Station
    Washington, DC 20044
    (202) 305-7234

Counsel for Appellees:

    Ahilan Thevanesan Arulanantham (arulanantham@law.ucla.edu)
    UCLA School of Law
    Center for Immigration Law & Policy
    385 Charles E Young Drive East Box 951476
    Los Angeles, CA 90095
    (310) 825-1029

Stephany Martinez Tiffer (Martineztiffer@law.ucla.edu)
UCLA School of Law
Center for Immigration Law & Policy
385 Charles E Young Drive East Box 951476
Los Angeles, CA 90095
(424) 259-5305


Amanda Young (ayoung@aclunc.org)
ACLU Foundation of Northern California
39 Drumm Street
San Francisco, CA 94111
(415) 621-2493

Emilou MacLean (emaclean@aclunc.org)
ACLU Foundation of Northern California
39 Drumm Street
San Francisco, CA 94111
(510) 473-6343

Michelle Young Cho (mcho@aclunc.org)
ACLU Foundation of Northern California
39 Drumm Street
San Francisco, CA 94111
(415) 621-2493

Erik Matthew Crew (ecrew@haitianbridge.org)
Haitian Bridge Alliance
4560 Alvarado Canyon Rd Ste H
San Diego, CA 92120
(949) 603-7411

Jessica Karp Bansal (jessica@ndlon.org)
National Day Laborer Organizing Network
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
(626) 214-5689

Lauren Michel Wilfong (lwilfong@ndlon.org)
National Day Laborer Organizing Network
1030 S Arroyo Pkwy, Suite 106
Pasadena, CA 91105
(551) 786-2299

Eva Lucia Bitran (ebitran@aclusocal.org)
ACLU Foundation of Southern California
1313 W. 8th St.
Los Angeles, CA 90017
(909) 380-7510

**(2)    Facts showing the existence and nature of emergency**

As set forth more fully in the motion, the district court entered a nationwide order on March 31, 2025, effectively enjoining implementation of Department of Homeland Security (DHS) Secretary Noem's 2025 decisions to vacate the 2025 Temporary Protected Status (TPS) Extension for Venezuela and to terminate the 2023 TPS Designation for Venezuela.

As explained below, 8 U.S.C § 1254a(b)(5)(A) plainly precludes judicial review of both determinations. Even if it did not, the court's determination that the Secretary lacked inherent authority to reconsider a TPS determination was erroneous. The jurisdiction stripping statute also bars Plaintiffs' constitutional claims. But even if it did not, the district court was wrong to look behind the Secretary's facially legitimate actions and hunt for illicit purposes. In analyzing the equal protection claim, the district court should have applied the deferential standard of *Trump v. Hawaii*, 585 U.S. 667 (2018), because the Secretary's decisions were based on a national interest finding. Regardless

of the standard of review, nothing in the record supports a finding of animus. Adding to the list of defects, the court also lacked jurisdiction to issue its injunction under 8 U.S.C. § 1252(f)(1), which the Supreme Court has unequivocally held prohibits courts from enjoining or restraining actions to enforce, implement, or otherwise carry out the specified statutory provisions, including TPS.

The balance of equities also favors a stay because the district court is inflicting irreparable harm by preventing DHS from exercising its authority regarding TPS in furtherance of the national interest. The district court's order frustrates Secretary Noem's substantive judgment as to how to implement the TPS statute in line with the government's interests. These harms will be compounded the longer that the injunction remains in place. Finally, the district court exceeded its authority in ordering broad-reaching relief that extended beyond the parties before it.

**(3)    When and how counsel was notified**

Appellants' counsel notified counsel for Appellees by phone and email on April 4, 2025, of Appellants' intention to file this motion. On April 4, 2025, counsel for Appellees' responded that they opposed the motion. Service will be effected through the ACMS system.

**(4)    Submissions to the district court**

The district court issued its written order granting Appellees' motion to postpone on March 31, 2025. Appellants moved for a stay pending appeal the next day, on April 1, 2025. The district court denied Appellee's motion to stay on April 4, 2024. Dkt. 102.

4

**(5)   Decision requested by**

A decision on the motion for a stay pending appeal is requested as soon as possible, but no later than April 15, 2025.

Undersigned counsel certifies that the foregoing information complies with Circuit Rule 27-3.

<div style="margin-left: 40%;">

Counsel for Appellants:

/s/ *Sarah L. Vuong*
SARAH L. VUONG
   *Assistant Director*
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 305-1263
Sarah.L.Vuong@usdoj.gov

</div>