YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division
SARAH L. VUONG (CA Bar 258528)
Assistant Director
WILLIAM H. WEILAND (Mass. Bar 661433)
Senior Litigation Counsel
LAUREN BRYANT (NY Bar 5321880)
ANNA DICHTER (NJ Bar 304442019)
JEFFREY HARTMAN (WA Bar 49810)
LUZ MARIA RESTREPO (NY Bar 4907077)
CATHERINE ROSS (DC Bar 9007404)
AMANDA SAYLOR (FL Bar 1031480)
ERIC SNYDERMAN (VA Bar 99563)
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, *et. al.*,<br><br>Plaintiff,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et. al.*,<br><br>Defendants. | Case No. 3:25-cv-1766-EMC<br><br>**DEFENDANTS' MOTION TO STAY FURTHER DISTRICT COURT PROCEEDINGS (NO HEARING REQUESTED)**<br><br>Judge: Hon. Edward M. Chen |

1    Pursuant to Federal Rule of Civil Procedure 7(b), Defendants move the Court to administratively

2    stay further district court proceedings, including the answer or other dispositive pleading, discovery, and

3    all other pending deadlines related to the Venezuela TPS determinations, to preserve the status quo

4    between the parties. *See Doe #1 v. Trump*, 944 F.3d 1222, 1223 (9th Cir. 2019). On March 31, 2025, this

5    Court postponed the effective date of Secretary Noem's 2025 Vacatur and Termination of TPS for

6    Venezuela, preserving Temporary Protected Status for Venezuelans covered by the 2021 and 2023

7    Designations.[1] ECF No. 93. On April 1, 2025, Defendants filed a notice of appeal from the Court's order.

8    ECF No. 94. In the Ninth Circuit, Defendants sought an emergency stay of the Court's order and stay

9    briefing largely focused on threshold questions of subject-matter jurisdiction. ECF No. 109; *see* Docket,

10   *Nat'l TPS Alliance, et al., v. Noem, et al.*, 25-2120 (9th Cir.). The Ninth Circuit denied the stay on the sole

11   basis that Defendants did not demonstrate irreparable harm. ECF No. 113. Defendants' opening brief on

12   the interlocutory appeal is due on April 30, 2025. ECF No. 100. In light of Defendants' appeal, this Court

13   should stay further proceedings in the district court until the Ninth Circuit rules, because doing so will

14   promote the fair and efficient resolution of the issues presented in this case. Defendants advised Plaintiffs

15   of this motion during a conference on April 25, 2025, who indicated they oppose an administrative stay.

16   "The District Court has broad discretion to stay proceedings as an incident to its power to control

17   its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). That includes entering an administrative stay

18   if "it is efficient for its own docket and the fairest course for the parties . . . pending resolution of

19   independent proceedings which bear upon the case." *In re PG&E Corp. Sec. Lit.*, 100 F.4th 1076, 1085

20   (9th Cir. 2024). The Ninth Circuit has identified three non-exclusive factors to consider in deciding

21   whether to issue a stay: "(1) the possible damage which may result from the granting of a stay; (2) the

22   hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course

23   of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law."

24

25

26   ---
     [1] *Vacatur of 2025 TPS Decision for Venez.*, 90 Fed. Reg. 8,805 (Feb. 3, 2025) ("2025 Vacatur");

27   *Termination of the October 3, 2023 Designation of Venez. for TPS*, 90 Fed. Reg. 9,040 (Feb. 5, 2025) ("2025 Termination").

28   DEFENDANTS' MOT. TO ADMINISTRATIVELY STAY FURTHER PROCEEDINGS
     No. 3:25-cv-1766-EMC

*In re PG&E Corp. Sec. Lit.*, 100 F.4th at 1085 (cleaned up). All three factors weigh in favor of a stay of district court proceedings in this case pending resolution of Defendants' appeal to the Ninth Circuit Court of Appeals. ECF No. 94.

First, a stay will serve "the orderly course of justice" by "simplifying" or resolving central (and potentially dispositive issues) in this litigation. *In re PG&E Corp. Sec. Lit.*, 100 F.4th at 1085. Here, the Court concluded that it had jurisdiction to review the Secretary's 2025 Vacatur and Termination determinations under the Administrative Procedures Act notwithstanding the jurisdictional bar at 8 U.S.C. § 1254a(b)(5)(A). ECF No. 93 at 15-30. This threshold—and, as Defendants argue, dispositive— jurisdictional issue is now before the Ninth Circuit. Any legal questions it resolves will bind the Court. *See Ranchers Cattlemen Action Legal Fund v. U.S. Dep't of Agriculture*, 499 F.3d 1108, 1114 (9th Cir. 2007) ("A fully considered appellate ruling on an issue of law made on a preliminary injunction appeal . . . become[s] the law of the case for further proceedings in the trial court on remand and in any subsequent appeal.") (quoting 18 Wright & Miller, Federal Practice & Procedure § 4478.5 (2002)). Even if the Ninth Circuit were to reject Defendants' jurisdictional arguments, its decision will still materially affect how this case proceeds before this Court. *See In re PG&E Corp. Sec. Lit.*, 100 F.4th at 1085 ("A district court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.") (cleaned up). In short, because the Ninth Circuit "must address issues identical to those presented in this action" this Court "could receive considerable assistance in resolving this action" and a stay is warranted as a matter of judicial efficiency. *In re PG&E Corp. Sec. Lit.*, 100 F.4th at 1086 (cleaned up).

A stay would also serve "the orderly course of justice" by preserving judicial resources and the litigation resources of both parties. *Id.* at 1085. Any court-ordered deadlines and proceedings set before the Ninth Circuit renders a decision on Defendants' appeal would be premature and may require reconsideration in light of that decision. *See Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979) (observing that an administrative stay may be granted if "the other proceedings will be conducted within a reasonable time in relation to the urgency of the claims presented to the court."); 9th Cir. R. 3-3(b) (establishing an expedited briefing schedule by default for cases challenging district court

DEFENDANTS' MOT. TO ADMINISTRATIVELY STAY FURTHER PROCEEDINGS
No. 3:25-cv-1766-EMC

1   interlocutory orders). Additionally, if the district court proceedings continue until final judgment,
2   rendering the postponement order under 5 U.S.C. § 705 moot, the Ninth Circuit would be required to
3   rededicate its resources to the entire case at that stage, even though it may conclusively determine the legal
4   issues before it at this time. *See Ranchers Cattlemen Action Legal Fund*, 499 F.3d at 1114. The judicial
5   resources dedicated to the intervening appeal would thus be wasted. An administrative stay should be
6   issued to avoid that result.

7       Second, a stay will eliminate the "hardship and inequity" that the parties would otherwise suffer
8   in "being required to go forward" without guidance from the Ninth Circuit. *In re PG&E Corp. Sec. Lit.*,
9   100 F.4th at 1085. Just as the Court would devote time and resources to this proceeding, so too the parties
10  would devote their own resources to participating in discovery and litigating issues that may ultimately be
11  mooted, clarified, or narrowed by the Ninth Circuit's decision. *See United States v. Texas*, 144 S. Ct. 797,
12  798 (2024) (Barrett, J., concurring) (observing that one point of administrative stays "is to minimize harm
13  while an appellate court deliberates"). That is particularly true here because the Court's order permits
14  Plaintiffs to serve "discovery requests on the government" and requires the government to take other
15  actions that are predicated on the very jurisdictional rulings that are now before the Ninth Circuit. ECF
16  No. 93 at 77; *see Leyva*, 593 F.3d at 864 ("It would waste judicial resources and be burdensome upon the
17  parties if the district court . . . were mandated to permit discovery, and upon completion of pretrial
18  proceedings, to take evidence and determine the merits of the case at the same time as" the issues are
19  "going through a substantially parallel process."). Moreover, because any review of the Secretary's TPS
20  determinations is limited to the administrative record, there is no risk that relevant evidence in this case
21  will become stale during a stay of proceedings. 5 U.S.C. § 706, Fed. R. Civ. P. 26(a)(1)(B)(i).

22      Third, Defendants have taken steps, as required by Fed. R. Civ. P. 26, to preserve potentially
23  discoverable materials while the Ninth Circuit resolves Defendants' expedited appeal. Indeed, in response
24  to this Court's order, the Parties submitted a Joint Status Report and are actively conferring regarding an
25  ESI protocol. Defendants have also filed the administrative records. ECF Nos. 103, 104 (administrative
26  records); *see* ECF 93 at 77. Thus, Defendants have already taken the necessary steps at this time.

27

28  DEFENDANTS' MOT. TO ADMINISTRATIVELY STAY FURTHER PROCEEDINGS
    No. 3:25-cv-1766-EMC

1    In short, while the Ninth Circuit reviews the threshold jurisdictional issues that must be decided

2    before Plaintiffs' challenge to the Venezuela TPS determinations continues, this Court should

3    administratively stay this case (and all associated deadlines) pending resolution of the docketed appeal.

4    *See In re PG&E Corp. Sec. Lit.*, 100 F.4th at 1085; *Doe # 1*, 944 F.3d at 1223.

5    Dated: April 25, 2025                                Respectfully submitted,

6                                                          YAAKOV M. ROTH
                                                           Acting Assistant Attorney General
7                                                          Civil Division

8                                                          SARAH L. VUONG
                                                           Assistant Director (CA Bar. 258528)
9

10                                                         WILLIAM H. WEILAND (Mass. Bar 661433)
                                                           Senior Litigation Counsel
11

12                                                         ERIC SNYDERMAN (VA Bar 99563)
                                                           ANNA DICHTER (NJ Bar 304442019)
13                                                         LAUREN BRYANT (NY Bar 5321880)
                                                           AMANDA SAYLOR (FL Bar 1031480)
14                                                         CATHERINE ROSS (DC Bar 9007404)
                                                           LUZ MARIA RESTREPO (NY Bar 4907077)
15                                                         Trial Attorneys

16
                                                           /s/ *Jeffrey Hartman*
17                                                         JEFFREY HARTMAN
                                                           Trial Attorney (WSBA 49810)
18                                                         U.S. Department of Justice, Civil Division
                                                           Office of Immigration Litigation
19                                                         General Litigation and Appeals Section
                                                           P.O. Box 868, Ben Franklin Station
20                                                         Washington, DC 20044
                                                           Tel: (202) 532-4404
21                                                         Jeffrey.M.Hartman@usdoj.gov

22                                                         *Attorneys for the Defendants*

23

24

25

26

27

28   DEFENDANTS' MOT. TO ADMINISTRATIVELY STAY FURTHER PROCEEDINGS
     No. 3:25-cv-1766-EMC

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division
SARAH L. VUONG (CA Bar 258528)
Assistant Director
WILLIAM H. WEILAND (Mass. Bar 661433)
Senior Litigation Counsel
ERIC SNYDERMAN (VA Bar 99563)
ANNA DICHTER (NJ Bar 304442019)
LAUREN BRYANT
AMANDA SAYLOR
CATHERINE ROSS (DC Bar 9007404)
LUZ MARIA RESTREPO (NY Bar 4907077)
JEFFREY HARTMAN (WA Bar 49810)
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, *et. al.*, | |
| Plaintiff, | Case No. 3:25-cv-1766-EMC |
| v. | |
| KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et. al.*, | [PROPOSED] ORDER GRANTING MOTION TO STAY FURTHER DISTRICT COURT PROCEEDINGS |
| Defendants. | |

[PROPOSED] ORDER GRANTING ADMINISTRATIVE STAY
No. 3:25-cv-1766-EMC

1

1        Before the Court is Defendants' motion for an administrative stay postponing all further district

2    court proceedings and deadlines associated with Plaintiffs' challenge to the Venezuela TPS determinations

3    until the Ninth Circuit Court of Appeals has ruled on Defendants' appeal (ECF No. 94) of this Court's

4    postponement order (ECF No. 93). Having reviewed the motion, IT IS ORDERED that Defendant's

5    motion for an administrative stay of further district court proceedings is GRANTED.

6

7    Issued this ___ day of April, 2025.

8                                                                _____

                                                            Edward M. Chen

9                                                                United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    [PROPOSED] ORDER GRANTING ADMINISTRATIVE STAY
No. 3:25-cv-1766-EMC