April 30, 2025

**Filed Electronically Via CM/ECF**

The Honorable Edward M. Chen
U.S. District Court, Northern District of California
Phillip Burton Federal Building and U.S. Courthouse
450 Golden Gate Avenue, Courtroom 5 – 17th Floor
San Francisco, California 94102

      Re:    *National TPS Alliance, et al. v. Noem, et al.,* Case No. 3:25-cv-01766-EMC

Dear Judge Chen:

In light of the Certified Administrative Records ("CAR"), Plaintiffs seek leave to conduct expedited extra-record document discovery of limited communications (RFP 1–2), records regarding media appearances (RFP 3), the Record of Clearance and Approval for the challenged decisions (RFP 4–5), documents considered by decisionmakers but not included in the CAR (RFP 6-7), and the CAR for each vacated decision (RFP 8-9). *See* Ex. A. The parties have met and conferred telephonically, and lead counsel have concluded that no agreement can be reached.

    **I.**    <u>**Plaintiffs' Position – Expedited Discovery Is Merited**</u>.

*First*, document discovery is warranted in cases of pretext. *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005). The pretext for vacating Venezuela's TPS extension was "confusion". ECF No. 93 at 55–58. Defendants already conceded, and this Court already found, "confusion was not [a] concern so much as the desire to totally undo Secretary Mayorkas's decision." ECF No. 93 at 58–59. The Venezuela CAR confirms "confusion" played "an insignificant role in the decisionmaking process." *Dep't of Com. v. New York*, 588 U.S. 752, 782–84 (2019). Indeed, it contains *no mention* of "confusion." The Haiti CAR similarly reveals pretext. The Secretary vacated the Haiti extension due to a purported failure to elaborate on the reasons for an 18-month extension. ECF No. 110-2 at HT AR_3–4. The CAR contains *no such discussion*. As this Court has recognized, "[t]he lack of bona fides of purported justifications gives rise to an inference of pretext." ECF No. 93 at 74. Extra-record discovery thus is necessary because DHS's explanations are "incongruent with what the record reveals about the agency's priorities and decisionmaking process." *Dep't of Com.*, 588 U.S. at 785.

*Second*, Plaintiffs' Equal Protection claim challenging racist decisionmaking does not "fundamentally overlap" with their APA claims and, thus, independently warrants discovery. *Sierra Club v. Trump*, 929 F.3d 670, 698–99 (9th Cir. 2019) ("claims challenging agency actions— particularly constitutional claims—may exist wholly apart from the APA"); *Cal. v. DHS*, 612 F. Supp. 3d 875, 894–99 (N.D. Cal. 2020); FAC ¶¶ 121–68, 212–15. The EP "doctrine 'charges courts to 'smoke out' unconstitutional governmental purposes that may be more hidden.'" *Wash. v. DHS*, 2020 WL 4667543, at *6 (E.D. Wash. Apr. 17, 2020) (citation omitted). Ferreting out "whether an official act was motivated by animus cannot be determined solely by examining the administrative record," *Mayor & City Council of Baltimore v. Trump*, 429 F. Supp. 3d 128, 140 (D. Md. 2019), and the CARs total just 66 pages of agency documents created by this

administration (where the bulk consists of FRN reprints, prior administration materials, and news articles and reports). Here, the Court already found the "negative group stereotype[s]" and "generalizing" in public statements to constitute "classic example[s] of racism," ECF No. 93 at 66, heightening the need for unvarnished internal communications.

*Third*, the record already points to arbitrary and capricious conduct that deviated from past practice. FAC ¶¶ 105–20, 206, 210; ECF No. 93 at 72–73 ("the sequence of events ... is clearly anomalous"). No extensions had ever been "vacated," and Defendants' new approach effectively presumes TPS must be terminated as illegal. *See CP Salmon Corp. v. Ross*, 2017 WL 11682780, at *6 (D. Alaska Mar. 27, 2017) (discovery to explore "'[u]nexplained inconsistency between agency actions'").[1] Discovery thus is essential "to help … understand whether [DHS] complied with the APA's requirement that [its] decision[s] be neither arbitrary nor capricious." *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 993 (9th Cir. 2014).

*Last*, good cause supports ordering productions of the requested materials by May 14, 2025. *Semitool, Inc. v. Tokyo Elecs. Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). Every factor favors granting such relief here. *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 2011 WL 1938154, at *1 (N.D. Cal. May 18, 2011). Plaintiffs moved at the first opportunity after Defendants refused to stipulate to relief that would obviate the need for emergency discovery. Plaintiffs must act with urgency to ensure protections for Haiti and Venezuela TPS holders via early motion practice and, if need be, trial. 500,000 Haitians face an imminent risk of losing TPS, and 600,000 Venezuelans would lose TPS if the APA Section 705 interim relief is overturned on appeal. Defendants have made no showing as to burden. Nor could they. Plaintiffs seek narrowly tailored discovery about a brief timeframe, making it difficult to conceive how the volume of documents could outweigh the liberty interests and safety of 1.1 million people. But if the number of documents proves to be voluminous, it would merely prove Defendants artificially withheld essential information from the CAR.

## II. **Defendants' Position – No Expedited Extra-Record Discovery is Warranted.**

This Court should deny Plaintiffs' request for discovery where Defendants have sought appeal of the antecedent jurisdictional question of whether this Court may review the three determinations at issue in this case, Defendants have filed the record in this record review case, Plaintiffs have failed to establish bad faith or improper behavior, and Plaintiffs seek privileged information, which the Ninth Circuit has held to be outside of the administrative record.

First, in its order postponing the Vacatur and Termination of Temporary Protected Status determinations by Secretary Noem, the Court has made two findings that affect how this case will move forward, both of which are now on appeal to the Ninth Circuit. *NTPSA v. Noem*, No. 25-2120 (9th Cir.). The Ninth Circuit will review both whether 8 U.S.C. § 1254a(b)(5)(A) strips this Court of jurisdiction to review these determinations and whether Secretary Noem possessed the authority to vacate former Secretary Mayorkas's extension of TPS for Venezuela. The case has been placed on an accelerated schedule and a hearing will take place in July. This decision will affect how and whether this case will move forward on the TPS determinations for both Venezuela

---

[1] Evidence of departures from past practice also reflect bad faith/pretext warranting discovery. *Saget v. Trump*, 375 F. Supp. 3d 280, 344 (E.D.N.Y. 2019).

and Haiti. "Permitting discovery prior to assessing viability of plaintiffs' claims and directly addressing the appropriate standard of review and the implications of that standard would be premature." *California v. U.S. Dep't of Homeland Sec.*, 612 F. Supp. 3d 875, 899 (N.D. Cal. 2020); *see also In re United States*, 583 U.S. 29, 32 (2017) (remanding and holding that the District Court erred in ordering the Government to "complete the administrative record" by serving additional discovery prior to resolving the Government's threshold jurisdictional arguments because if accepted, those arguments "likely would eliminate the need for the District Court to examine a complete administrative record").

Second, the Supreme Court has emphasized that judicial review of agency action should be based on the record before the agency at the time of the decision, barring exceptional circumstances. *Dep't of Commerce v. New York*, 588 U.S. 752, 780 (2019) ("[I]n reviewing agency action, a court is ordinarily limited to evaluating the agency's contemporaneous explanation in light of the existing administrative record.") (citations omitted); *Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, 450 F.3d 930, 943 (9th Cir. 2006) "That principle reflects the recognition that further judicial inquiry into 'executive motivation' represents 'a substantial intrusion' into the workings of another branch of Government and should normally be avoided." *Id*. (citation omitted). Extra-record discovery is the exception, not the rule, and should only be permitted where there is a strong showing of bad faith or improper behavior. *Id*. at 2573-74 (citing *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971)).

These rules apply equally to cases involving constitutional claims. *See* 5 U.S.C. § 706(2)(B); *Chiayu Chang v. United States Citizenship & Immigration Servs.*, 254 F. Supp. 3d 160, 161 (D.D.C. 2017) (collecting cases). That a party "premises the challenges to agency action on constitutional grounds does not take them out of the purview of the APA" as "the APA contemplates constitutional challenges to agency action but provides that the court shall review the administrative record in considering such challenges." Here, Plaintiffs' APA claims allege the Secretary's determinations were "pretextual." But the only support for this contention is their claim that the records do not adequately support the Secretary's determinations, which is not an assertion of pretext (such as alleged in *Dep't of Commerce*, 588 U.S. at 783) but rather a standard arbitrary and capricious argument not meriting extra-record discovery. Even where plaintiffs have asserted constitutional claims, "wide-ranging discovery is not blindly authorized at a stage in which such an administrative record is being reviewed." *See J.L. v. Cissna*, 2019 WL 2224851, at *1 (N.D. Cal. 2019).

Third, the "whole record" is ordinarily the "record the agency presents." *Blue Mountains Biodiversity Project v. Jeffries*, 99 F.4th 438, 445 (9th Cir. 2024). "[P]redecisional deliberative materials" are not properly included in the whole record. *Id*. "[W]hen the agency has made formal findings, not every email, draft notice, discussion note, or meeting reminder that agency personnel circulate in the course of making the decision how to apply the statutory directive to the facts that they have found constitutes the whole record." *Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, No. 21-CV-5706 (LJL), 2022 WL 2805464, at *3 (S.D.N.Y. July 18, 2022). Here, Plaintiffs RFPs represent an unjustified fishing expedition, most notably evidenced by their demand for general communications between no less than 32 subordinates (to include attorneys) at the agencies, as well as post-decisional public affairs guidance that could not have affected the determinations at issue. Discovery should be denied at this time.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date: April 30, 2025 | ACLU FOUNDATION<br>OF NORTHERN CALIFORNIA |
|  | /s/ *Emilou MacLean*<br>Emilou MacLean |
|  | *Attorneys for Plaintiffs* |
| Date: April 30, 2025 | U.S. DEPARTMENT OF JUSTICE |
|  | /s/ *Sarah L. Vuong*<br>Sarah L. Vuong |
|  | *Attorneys for Defendants* |

## SIGNATURE ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that the other Signatory has concurred in the filing of this document.

                                                            ACLU FOUNDATION
                                                            OF NORTHERN CALIFORNIA

                                                            /s/ *Emilou MacLean*
                                                           Emilou MacLean