| | |
|---|---|
| Ahilan T. Arulanantham (SBN 237841) | Yaakov M. Roth |
| arulanantham@law.ucla.edu | Acting Assistant Attorney General |
| Stephany Martinez Tiffer (SBN 341254) | Civil Division |
| martineztiffer@law.ucla.edu | Drew Ensign |
| CENTER FOR IMMIGRATION LAW AND | Deputy Assistant Attorney General |
| POLICY, UCLA SCHOOL OF LAW | Sarah L. Vuong (CA Bar 258528) |
| 385 Charles E. Young Dr. East | Assistant Director |
| Los Angeles, CA 90095 | William H. Weiland (MA Bar 661433) |
| Telephone: (310) 825-1029 | Senior Litigation Counsel |
| | Lauren Bryant (NY Bar 5321880) |
| Emilou MacLean (SBN 319071) | Anna Dichter (NJ Bar 304442019) |
| emaclean@aclunc.org | Jeffrey Hartman (WA Bar 49810) |
| Michelle (Minju) Y. Cho (SBN 321939) | Luz Maria Restrepo (NY Bar 4907077) |
| mcho@aclunc.org | Catherine Ross (DC Bar 9007404) |
| Amanda Young (SBN 359753) | Amanda Saylor (FL Bar 1031480) |
| ayoung@aclunc.org | Eric Snyderman (VA Bar 99563) |
| ACLU FOUNDATION | Trial Attorneys |
| OF NORTHERN CALIFORNIA | U.S. Department of Justice, Civil Division |
| 39 Drumm Street | Office of Immigration Litigation |
| San Francisco, CA 94111-4805 | General Litigation and Appeals Section |
| Telephone: (415) 621-2493 | P.O. Box 868, Ben Franklin Station |
| Facsimile: (415) 863-7832 | Washington, DC 20044 |
| | |
| Attorneys for Plaintiffs | Attorneys for Defendants |
| *[Additional Counsel Listed on Next Page]* | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R., HENDRINA VIVAS CASTILLO, A.C.A., SHERIKA BLANC, VILES DORSAINVIL, and G.S.,<br><br>    Plaintiffs,<br><br>    vs.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA,<br><br>    Defendants. | Case No. 3:25-cv-01766-EMC<br><br>**STIPULATED CLAWBACK AGREEMENT AND FEDERAL RULE OF EVIDENCE 502(d) ORDER** |

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Eva L. Bitran (SBN 302081)
ebitran@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (*Pro Hac Vice*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, 1H
San Diego, CA 92120
Telephone: (949) 603-7411

1    The Court hereby orders pursuant to Rule 502(d) of the Federal Rules of Evidence, Rule 26(b) of
2    the Federal Rules of Civil Procedure, and the Court's inherent authority that the production of a
3    document, or part of a document, shall not constitute a waiver of any privilege or protection as to any
4    portion of that document, or as to any undisclosed privileged or protected communications or information
5    concerning the same subject matter, in this or in any other proceeding.  This Order applies to attorney-
6    client privilege, work-product protection as defined by Federal Rule of Civil Procedure Rule 26(b),
7    governmental privileges, or any other applicable privilege.  Nothing in this Order shall constitute an
8    admission that any document disclosed in this litigation is subject to any of the foregoing privileges or
9    protections, or that any party is entitled to raise or assert such privileges.  Additionally, nothing in this
10   Order shall prohibit parties from withholding from production any document covered by any applicable
11   privilege or other protection.
12       The parties intend that this stipulated order shall displace the provisions of Fed. R. Evid.
13   502(b)(1) and (2). That is, the disclosure of privileged or protected information, as described above, in
14   this litigation shall not constitute a subject matter waiver of the privilege or protection in this or any other
15   federal or state proceeding, regardless of the standard of care or specific steps taken to prevent disclosure.
16   However, nothing in this Order shall limit a party's right to conduct a pre-production review of
17   documents as it deems appropriate.
18   **I.    DEFINITIONS**
19       1.    "Document," as used herein, includes all items listed in Fed. R. Civ. P. 34(a)(1)(A) and
20   (B).
21       2.    "Documents Produced," as used herein, includes all documents made available for review
22   or produced in any manner during this litigation.
23   **II.   PROCEDURES**
24       The procedures applicable to a claim of privilege on a produced document and the resolution
25   thereof shall be as follows:
26       1.    If a party discovers a document, or part thereof, produced by another party that is
27   privileged or otherwise protected, the receiving party shall promptly notify the producing party and must
28

1

1  then return the document or destroy it and certify that it has been destroyed to the producing party. The
2  receiving party must also promptly identify, sequester, and destroy any notes taken about the document.
3  Nothing in this Order is intended to shift the burden to identify privileged and protected documents from
4  the producing party to the receiving party.

5      2.    If the producing party determines that a document produced, or part thereof, is subject to a
6  privilege or privileges, the producing party shall give the receiving party notice of the claim of privilege
7  ("privilege notice").

8      3.    The privilege notice must contain information sufficient to identify the document
9  including, if applicable, a Bates number as well as identification of the privilege asserted and its basis.

10     4.    Upon receiving the privilege notice, if the receiving party agrees with the privilege
11 assertion made, the receiving party must promptly return the specified document(s) and any copies or
12 destroy the document(s) and copies and certify to the producing party that the document(s) and copies
13 have been destroyed. The receiving party must sequester and destroy any notes taken about the
14 document. If a receiving party disclosed the document or information specified in the notice before
15 receiving the notice, it must take reasonable steps to retrieve it, and so notify the producing party of the
16 disclosure and its efforts to retrieve the document or information.

17     5.    Upon receiving the privilege notice, if the receiving party wishes to dispute a producing
18 party's privilege notice, the receiving party shall promptly meet and confer with the producing party.
19 The document(s) shall be sequestered immediately upon receiving the privilege notice and not be used by
20 the receiving party in the litigation (e.g. filed as an exhibit to a pleading; used in deposition) while the
21 dispute is pending. If the parties are unable to come to an agreement about the privilege assertions made
22 in the privilege notice, the receiving party may make a sealed motion for a judicial determination of the
23 privilege claim.

24     6.    Pending resolution of the judicial determination, the parties shall both preserve and refrain
25 from using the challenged information for any purpose and shall not disclose it to any person other than
26 those required by law to be served with a copy of the sealed motion. The receiving party's motion
27 challenging the assertion must not publicly disclose the information claimed to be privileged. Any
28

1  further briefing by any party shall also not publicly disclose the information claimed to be privileged if
2  the privilege claim remains unresolved or is resolved in the producing party's favor.

3      7.    If a document must be returned or destroyed as determined by the process above, that document, along with copies and notes about the document, that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials shall be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the receiving party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions.

9      8.    This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: April 29, 2025    */s/ EmiLou MacLean*
    Counsel for Plaintiffs

Dated: April 29, 2025    */s/ William H. Weiland*
    Counsel for Defendants

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated: April 30, 2025

_____
UNITED STATES DISTRICT JUDGE
HONORABLE EDWARD M. CHEN

| | |
|---|---|
| Date: April 29, 2025 | Respectfully submitted, |
| CENTER FOR IMMIGRATION LAW AND POLICY, UCLA SCHOOL OF LAW | YAAKOV M. ROTH<br>Acting Assistant Attorney General<br>Civil Division |
| /s/ *EmiLou MacLean*<br>Ahilan T. Arulanantham<br>Stephany Martinez Tiffer | SARAH L. VUONG<br>Assistant Director |
| Emilou MacLean<br>Michelle (Minju) Y. Cho<br>Amanda Young<br>ACLU FOUNDATION<br>OF NORTHERN CALIFORNIA | ANNA L. DICHTER<br>JEFFREY HARTMAN<br>LAUREN BRYANT<br>CATHERINE ROSS<br>LUZ MARIA RESTREPO<br>ERIC MICHAEL SNYDERMAN<br>Trial Attorneys |
| Eva L. Bitran<br>ACLU FOUNDATION<br>OF SOUTHERN CALIFORNIA | /s/ *William H. Weiland*<br>WILLIAM H. WEILAND<br>Senior Litigation Counsel |
| Jessica Karp Bansal<br>Lauren Michel Wilfong (*Pro Hac Vice*)<br>NATIONAL DAY LABORER ORGANIZING NETWORK | Office of Immigration Litigation<br>Civil Division<br>U.S. Department of Justice<br>P.O. Box 878, Ben Franklin Station<br>Washington, D.C. 20044 |
| Erik Crew (*Pro Hac Vice*)<br>HAITIAN BRIDGE ALLIANCE | Phone: (202) 305-0770<br>Email: william.h.weiland@usdoj.gov |
| Attorneys for Plaintiffs | Attorneys for the Defendants |

**SIGNATURE ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that each of the other Signatories have concurred in the filing of this document.

ACLU FOUNDATION
OF NORTHERN CALIFORNIA


/s/ *Emilou MacLean*
Emilou MacLean