Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Amanda Young (SBN 359753)
ayoung@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Attorneys for Plaintiffs
*[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R., HENDRINA VIVAS CASTILLO, A.C.A., SHERIKA BLANC, VILES DORSAINVIL, and G.S.,<br><br>Plaintiffs,<br><br>vs.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA,<br><br>Defendants. | Case No. 3:25-cv-01766-EMC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY FURTHER DISTRICT COURT PROCEEDINGS (ECF 115)** |

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Eva L. Bitran (SBN 302081)
ebitran@aclusocal.org
Diana Sanchez (SBN 338871)
dianasanchez@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (*Pro Hac Vice*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, 1H
San Diego, CA 92120
Telephone: (949) 603-7411

## INTRODUCTION

This Court has twice denied stay requests by the government in this case already. A unanimous Ninth Circuit panel also found no basis to stay these proceedings. Yet Defendants persist in making "essentially the same argument" ad nauseam. ECF No. 129. Nothing has changed since the three prior denials. Plaintiffs have made a compelling showing of APA and Equal Protection violations with overwhelming and unrebutted evidence of irreparable harm. Defendants, on the other hand, advocate for extreme positions out of step with settled law and without an iota of evidence. Nothing in the pending stay request explains why the Court should jettison its prior rulings. "Being required to defend a suit, without more, does not constitute a prejudice." ECF No. 129 at 3 (cleaned up). In contrast, Plaintiffs have no choice but to press forward with urgency to protect 1.1 million people from the irreparable harm of lawless deportations. *See* ECF No. 93 at 37, 77 ("There is an interest in moving this case forward promptly."); ECF No. 129 at 2–3 (cataloguing prejudice to Plaintiffs from delays). The stay request should be denied.

## STANDARD

The government "bears the burden of showing that the circumstances justify an exercise of [the court's] discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). Where, as here, there is far more than a "fair possibility" a stay will "work damage" on Plaintiffs, the government must make a "clear case of hardship or inequity." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005).

## ARGUMENT

Defendants have not carried their heavy burden of demonstrating hardship or inequity. A stay would frustrate—rather than promote—the orderly administration of justice. In short, none of the pertinent factors justify a stay, and Defendants' motion should be denied.

### I. Plaintiffs Would Suffer Irreparable Harm from a Stay.

Despite explicit findings of irreparable harm, Defendants ignore the incalculable harm that a stay would cause for Plaintiffs, their families, and their communities. *See* ECF No. 129 at 3 (delay of discovery and subsequent adjudication on the merits constitutes hardship to Plaintiffs by "depriv[ing] them] of an opportunity to an expedited adjudication on the merits."). Even a "minimal showing" of a "fair possibility" of harm to Plaintiffs suffices to deny Defendants' motion, and the record

establishes with certainty that harms would unfold. *Vicious Brands, Inc. v. Face Co., LLC*, No. 24-cv-04996-LJC, 2025 WL 754068, at *8 (N.D. Cal. Mar. 10, 2025) ("It bears repeating that precedent calls for only a minimal showing on this factor."). The uncertainty engendered by a stay would magnify fear, distress, and disruptions for Plaintiffs. ECF No. 93 at 34 (citing M.H. Decl. ¶¶ 19–23 ("the prospect of removal has brought M.H. 'fear and sadness of being separated from her family and traumatizing her children'")); *id.* at 35–36 (citing Gonzalez Herrera Decl. ¶¶ 14–16 ("Ms. Herrera feels scared to go outside … and a decline in mental health has caused an inability to focus on schoolwork")); *id.* at 36 (citing Ferro Decl. ¶ 13 ("small business owners unsure whether to sell their businesses or close their doors," "students fearful of the loss of financial aid which guarantees their ability to pursue their education," terrified individuals "trying to determine whether to stay or flee … unable to sleep at night, wondering what to do")). Prolonging uncertainty itself constitutes a significant harm. *See Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007) ("[*Landis*] stays create a danger of denying justice by delay."); *Meras Eng'g, Inc. v. CH2O, Inc.*, No. C–11–0389 EMC, 2013 WL 146341, at *4 (N.D. Cal. Jan. 14, 2013) (finding harm due to uncertainty). Plaintiffs also would be harmed by a stay as "the Ninth Circuit could reject the government's jurisdictional arguments but still find in the government's favor with respect to Plaintiffs' likelihood of success on the merits" of the postponement order, leaving Plaintiffs vulnerable while they attempt to secure a final adjudication. ECF No. 129 at 2–3; *Cal. v. Azar*, Nos. 19-cv-01184-EMC, 19-cv-01195-EMC 2019 WL 2996441, at *2 (N.D. Cal. July 9, 2019) (denying stay because "[d]elaying the ultimate resolution of the [merits] would expose Plaintiffs to [] harm" in the event of a Ninth Circuit reversal of an interlocutory appeal); *see also, e.g.*, *Dohse v. Potter*, No. 8:04CV355, 2006 WL 1314327, at *3 (D. Neb. May 11, 2006) (finding "'fair possibility' of harm" existed because stay would delay resolution of constitutional claim).

## II. Defendants Fail to Establish How They Would Suffer Irreparable Harm Absent a Stay.

The Court already has held that "[b]eing required to defend a suit, without more, does not constitute a prejudice" within the meaning of *Landis*, ECF No. 129 at 3 (cleaned up), yet Defendants persist at tilting at that windmill. *See Lockyer*, 398 F.3d at 1112 ("[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity.'"); *Nat'l Urban League v.*

*Ross*, 508 F. Supp. 3d 663, 706 (N.D. Cal. 2020). "[C]onducting discovery and filing briefs does not constitute hardship or inequity," *Walter v. Leprino Foods Co.*, No. 2:20-cv-00700-JLT-BAM, 2023 WL 4600685, at *5 (E.D. Cal. July 18, 2023), especially for a litigant such as the government with vast resources. *See also Dohse*, 2006 WL 1314327, at *3 ("Mere compliance with a discovery schedule or expenditure of resources for typical discovery is not a hardship which would justify a stay of proceedings."). Defendants also should not be heard to complain about the burdens of litigation when, as here, they needlessly multiply these proceedings by revisiting arguments rejected by this Court, the Ninth Circuit, and the Supreme Court.

### III. A Stay Would Defeat the Orderly Course of Justice.

By definition, a stay would not "simplify[]" or "resolv[e] central (and potentially dispositive issues) in this litigation." ECF No. 115 at 2. It would instead leave Plaintiffs vulnerable. Defendants' purported concern for efficiency "'standing alone is not [] a sufficient ground to stay proceedings.'" *In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1085 (9th Cir. 2024) (holding district court misapplied *Landis* by granting stay for "judicial economy" in light of potential damage to plaintiff) (citations omitted). It also is entirely speculative. Defendants lack any colorable ground for disputing jurisdiction over Plaintiffs' constitutional claims. *See Sierra Club v. Trump*, 929 F.3d 670, 698–99 (9th Cir. 2019) ("claims challenging agency actions—particularly constitutional claims—may exist wholly apart from the APA"). The Court already has found clear evidence of racial animus substantiates Plaintiffs' constitutional claims. *See, e.g.*, ECF No. 93 at 66 ("classic example of racism"). Notably, Defendants' appellate briefing employs a similar head-in-the-sand technique when it comes to the independent jurisdictional basis afforded by Plaintiffs' constitutional claims. Indeed, Defendants' appellate briefing neither accounts for the distinct jurisdictional grounds supporting Plaintiffs' APA claims, nor explains why, if jurisdiction is so uncertain, Defendants unequivocally *conceded* jurisdiction during argument before this Court. ECF No. 93 at 23 ("government explicitly conceded that § 1254a(b)(5)(A) does *not* bar the Court from entertaining Plaintiffs' contention that the Secretary lacked the inherent authority to vacate").

# CONCLUSION

"[The Ninth Circuit has] repeatedly admonished district courts not to delay trial preparation to await an interim ruling on [temporary relief]." *Azar*, 911 F.3d at 583–84. Every pertinent factor weighs against a stay here. Defendants' motion should be denied.

Date: May 9, 2025

Respectfully submitted,

ACLU FOUNDATION
OF NORTHERN CALIFORNIA

 /s/ *Emilou MacLean*
Emilou MacLean
Michelle (Minju) Y. Cho
Amanda Young

Ahilan T. Arulanantham
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW

Eva L. Bitran
Diana Sanchez
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA

Jessica Karp Bansal
Lauren Michel Wilfong (*Pro Hac Vice*)
NATIONAL DAY LABORER
ORGANIZING NETWORK

Erik Crew (*Pro Hac Vice*)
HAITIAN BRIDGE ALLIANCE

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2025, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

ACLU FOUNDATION
OF NORTHERN CALIFORNIA


/s/ *Emilou MacLean*
Emilou MacLean