YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division
SARAH L. VUONG (CA Bar 258528)
Assistant Director
WILLIAM H. WEILAND (Mass. Bar 661433)
Senior Litigation Counsel
LAUREN BRYANT (NY Bar 5321880)
ANNA DICHTER (NJ Bar 304442019)
JEFFREY HARTMAN (WA Bar 49810)
CATHERINE ROSS (DC Bar 9007404)
AMANDA SAYLOR (FL Bar 1031480)
ERIC SNYDERMAN (VA Bar 99563)
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, *et al.*,<br><br>     Plaintiff,<br><br>  v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*,<br><br>     Defendants. | Case No. 3:25-cv-1766-EMC<br><br>**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY FURTHER DISTRICT COURT PROCEEDINGS**<br><br>Judge: Hon. Edward M. Chen<br>Date: May 29, 2025<br>Time: 1:30 p.m.<br>Place: Courtroom 5, 17th Floor<br>    San Francisco U.S. Courthouse |

A stay of district court proceedings in this case is warranted pending prompt resolution of Defendants' appeal to the Ninth Circuit Court of Appeals. ECF No. 94. Defendants filed their opening brief in that appeal more than two weeks ago, on April 30, 2025. ECF No. 115; *see also* ECF No. 100. Oral argument on the appeal is currently scheduled for July 16, five days after the scheduled argument on the Motions for Dismissal and Summary Judgment in this case. In light of this appeal, a pause of further district court proceedings is amply justified until the Ninth Circuit rules. A request to stay proceedings is not "out of step with settled law," as Plaintiffs contend. ECF No. 136. Rather, it is in keeping with the Ninth Circuit's touchstone of preserving the status quo between the parties. *See Doe #1 v. Trump*, 944 F.3d 1222, 1223 (9th Cir. 2019). Staying the expedited discovery in this case will promote the fair and efficient resolution of the issues presented. For the reasons below, Defendants' Motion to Stay should be granted.

## ARGUMENT

Defendants acknowledge the Court's Order, dated May 2, 2025, which analyzes this motion under the three factors set forth in *Landis v. N. Am. Co.*, 299 U.S. 248 (1936), and states that Defendants focused only on the third factor in their motion. *See* ECF No. 129 at 2 ("a court deciding whether to stay proceedings weighs three competing interests: (1) 'the possible damage which may result from the granting of a stay'; (2) 'the hardship or inequity which a party may suffer in being required to go forward'; and (3) 'the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'" (quoting *Kuang v. U.S. Dep't of Def.*, No. 18-cv-03698-JST, 2019 WL 1597495, at *2 (N.D. Cal. Apr. 15, 2019))); *see also Landis*, 299 U.S. at 254-55. Defendants reaffirm their arguments that a stay is warranted because they meet all three requirements.

**1. Harm From A Stay.** Plaintiffs will not be damaged by a stay. The Court has granted Plaintiffs' only requested interim relief by preserving Temporary Protected Status (TPS) for Venezuelans covered by the 2021 and 2023 Designations. *See* ECF No. 93; *see also* ECF No. 115 at 1; ECF No. 136 at 1-2. Plaintiffs have not sought a similar stay for the Secretary's decision with respect to Haiti—presumably

because they agree that no harm is imminently impending. Plaintiffs accordingly will not be harmed by briefly maintaining the status quo they have obtained by seeking interim relief or accepted by not seeking interim relief.

Plaintiffs say that a stay of district court proceedings pending appeal will cause "prolonged uncertainty" that "constitutes a significant harm." ECF No. 136 at 2. But the stay that Defendants seek is temporary, not indefinite, pending expeditious resolution from the Ninth Circuit. By default, the Ninth Circuit establishes an expedited briefing schedule for cases challenging interlocutory orders. *See* 9th Cir. R. 33(b). And Defendants have every reason to proceed expeditiously on appeal in view of the irreparable harm they are suffering daily. A stay of district court proceedings is permissible as long as it is "reasonable in length." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979) (observing that an administrative stay may be granted if "the other proceedings will be conducted within a reasonable time in relation to the urgency of the claims presented to the court"). As such, the first *Landis* factor weighs in favor of Defendants.

Nor would this be a pause in district court proceedings of the kind the Ninth Circuit has cautioned against, where "the fully developed factual record" may ultimately be so "different from that initially before the district court" that a preliminary-injunction appeal "provide[s] little guidance as to the appropriate disposition." *California v. Azar*, 911 F.3d 558, 584 (9th Cir. 2018) (cited at ECF No. 136 at 6). Defendants' arguments that this Court lacks jurisdiction do not turn on the factual record. Nor, likewise, does the proper legal standard for Plaintiffs' equal-protection argument. Instead, that standard will instead determine the proper scope of the factual record.

**2. Harm From Proceeding.** By contrast, Defendants will suffer hardship and inequity absent a stay of proceedings pending appeal. The Ninth Circuit is likely to moot, clarify, or narrow the issues in this case. Among other things, Defendants argue that this Court lacks jurisdiction altogether—and if the Ninth Circuit agrees, *all* discovery will have been unnecessary. *See United States v. Texas*, 144 S. Ct. 797, 798 (2024) (Barrett, J., concurring) (observing that one point of administrative stays "is to minimize harm while an appellate court deliberates."); *Smith v. Experian Info. Sols. Inc.*, No. SACV 17-00629-

DEFS.' REPLY IN SUPPORT OF DEFS.' MOT. TO
STAY FURTHER DISTRICT COURT PROCEEDINGS
No. 3:25-cv-1766-EMC

1    CJC(AFMx); 2018 WL 1427162, at *3 (C.D. Cal. Jan. 19, 2018) ("Without a stay, the parties will be

2    compelled to expend significant resources litigating issues that may have to be revisited after the Ninth

3    Circuit issues its decision"); *see also Leyva*, 593 F.3d at 864 (similar).

4         That is especially problematic here, where discovery has been tremendously burdensome. For

5    example, the Court has already ordered Defendants to collect and produce responsive documents and

6    accompanying privilege log for at least ten custodians in a ten-day period, a herculean task. "California

7    courts have recognized such 'wasted' effort constitutes hardship under *Landis*." *Grundstrom v. Wilco Life*

8    *Ins. Co.*, No. 20-cv-03445-MMC, 2023 WL 8429789, at *4 (N.D. Cal. Dec. 4, 2023). That is far more

9    than an ordinary burden of litigation.

10        **3. Orderly Course of Justice.** Finally, staying district court proceedings pending the outcome of

11   appellate proceedings would facilitate the orderly course of justice for several reasons. First, it will

12   "simplify" or resolve central (and potentially dispositive issues) in this litigation, such as threshold

13   jurisdictional arguments. *See* ECF No. 115 at 2; *see also In re PG&E Corp. Sec. Lit.*, 100 F.4th 1076,

14   1085 (9th Cir. 2024). The appellate court's binding decision could obviate the need for this Court to decide

15   those same issues. *See In re PG&E Corp. Sec. Lit.*, 100 F.4th at 1085 ("A district court may, with propriety,

16   find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before

17   it, pending resolution of independent proceedings which bear upon the case.") (cleaned up). Further

18   guidance from the appellate court on jurisdiction and other foundational matters, such as the proper legal

19   standard for Plaintiffs' equal-protection claim, would provide this Court with "considerable assistance in

20   resolving this action." *See Ranchers Cattlemen Action Legal Fund v. U.S. Dep't of Agric.*, 499 F.3d 1108,

21   1114 (9th Cir. 2007) ("A fully considered appellate ruling on an issue of law made on a preliminary

22   injunction appeal . . . become[s] the law of the case for further proceedings in the trial court on remand

23   and in any subsequent appeal.") (quoting 18 Wright & Miller, Federal Practice & Procedure § 4478.5

24   (2002)); *see also Landis*, 299 U.S. at 254 (explaining that even if a decision of the pending case "may not

25   settle every question of fact and law" in suits in other states, "in all likelihood it will settle many and

26   simplify them all").

27

28   DEFS.' REPLY IN SUPPORT OF DEFS.' MOT. TO
     STAY FURTHER DISTRICT COURT PROCEEDINGS
     No. 3:25-cv-1766-EMC

Staying district court proceedings would also preserve judicial resources by reducing the risk of inconsistent rulings that might require disentangling. *See Ali v. Trump*, 241 F. Supp. 3d 1147 (W.D. Wash. Mar. 17, 2017) ("hardship or inequity may result to both parties if the [c]ourt does not pause to consider issues ... [that will be on appeal in the Ninth Circuit] because of the potential for inconsistent rulings and resulting confusion to law enforcement agencies and the public"); *see also Canal Properties LLC v. Alliant Tax Credit V, Inc.*, No. C04-03201 SI, 2005 WL 1562807, at *3 (N.D. Cal. June 29, 2005) (granting stay where case on appeal was likely to have preclusive effect and substantial litigation would likely take place during the pendency of the appeal). And where significant litigation is likely to take place during the pendency of an appeal," granting a stay is a "means of conserving judicial resource" which may be wasted "if the appellate court's controlling decision changes the applicable law or the relevant landscape of facts that need to be developed." *Hawaii v. Trump*, 233 F. Supp. 3d 850, 856 (D. Haw. Feb. 9, 2017). Here, the risk of duplicative litigation and inconsistent rulings warrants a stay pending appeal, particularly where there is an absence of significant harm from the granting of the stay.

A stay would preserve the status quo between the parties, conserve judicial resources, and promote judicial efficiency. Accordingly, Defendants respectfully ask this court to administratively stay further district court proceedings, pursuant to Federal Rule of Civil Procedure 7(b).

Dated: May 16, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

WILLIAM H. WEILAND (Mass. Bar 661433)
Senior Litigation Counsel

CATHERINE ROSS (DC Bar 9007404)
ERIC SNYDERMAN (VA Bar 99563)
ANNA DICHTER (NJ Bar 304442019)
LAUREN BRYANT(NY Bar 5321880)
JEFFREY HARTMAN (WSBA 49810)
AMANDA SAYLOR (FL Bar 1031480)
Trial Attorneys

/s/ *Sarah L. Vuong*
SARAH L. VUONG
Assistant Director (CA Bar 258528)
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 305-1263
sarah.l.vuong@usdoj.gov

*Attorneys for the Defendants*

DEFS.' REPLY IN SUPPORT OF DEFS.' MOT. TO
STAY FURTHER DISTRICT COURT PROCEEDINGS
No. 3:25-cv-1766-EMC

5