YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division
SARAH L. VUONG (CA Bar 258528)
Assistant Director
WILLIAM H. WEILAND (Mass. Bar 661433)
Senior Litigation Counsel
LAUREN BRYANT (NY Bar 5321880)
ANNA DICHTER (NJ Bar 304442019)
JEFFREY HARTMAN (WA Bar 49810)
CATHERINE ROSS (DC Bar 9007404)
AMANDA SAYLOR (FL Bar 1031480)
ERIC SNYDERMAN (VA Bar 99563)
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, *et. al.*,<br><br>                    Plaintiff,<br>     v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et. al.*,<br><br>                    Defendants. | Case No. 3:25-cv-1766-EMC<br><br>Judge: Hon. Edward M. Chen<br><br>MOTION TO RECONSIDER THE COURT'S MAY 2, 2025 AND MAY 9, 2025 ORDERS AND STAY CURRENT DEADLINES |

DEFS.' MOTION TO RECONSIDER
No. 3:25-cv-1766-EMC

On May 2, 2025, this Court held "that a stay of discovery pending the interlocutory appeal is not warranted." ECF No. 129 at 3. On May 9, 2025, the Court further ordered the Defendants to search documents using the search terms proposed by Plaintiffs for at least fifteen custodians and produce those documents by today, May 19, 2025. ECF No. 135. Considering the Supreme Court's stay of the Court's postponement order this afternoon, Defendants now request that the Court reconsider this decision and immediately stay current deadlines. *See Noem v. Nat. TPS Alliance*, No. 24A1059 (S. Ct. May 19, 2025) ("Order").

On May 19, 2025, the Supreme Court, in an 8-1 decision, granted the government's application for a stay of this Court's March 31, 2025 Order "pending the disposition of the appeal in the United States Court of Appeals for the Ninth Circuit and disposition of a petition for a writ of certiorari." *Noem v. Nat. TPS Alliance*, No. 24A1059 (S. Ct. May 19, 2025) ("Order"). This stay reverses the Court's order granting the motion to postpone the Secretary of Homeland Security's "decision to vacate the extension of the 2023 Designation and to terminate the 2023 Designation." *Nat. TPS Alliance*, --- F.Supp.3d ----, 2025 WL 957677, at *47 (N.D. Cal. Mar. 31, 2025).

As required in Local Rule 7-9, "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order." Specifically, the Supreme Court has stayed this Court's postponement order pending the appeal to the Ninth Circuit. For the Supreme Court to grant an application for a stay, an applicant must establish "a likelihood of success on the merits, a reasonable probability of obtaining certiorari, and a likelihood of irreparable harm." *See Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (per curiam). The government challenged the Court's order as one that contravened the express bar on judicial review at 8 U.S.C. § 1254a(b)(5)(A), sidestepped black-letter law authorizing agencies to reverse as-yet-inoperative actions, and embraced a baseless equal-protection theory. In granting the stay, the Supreme Court indicated that the government has established a likelihood of success on the merits.

Now, with the benefit of the Supreme Court's order, the grounds relied upon by this Court in its May 2, 2025 and May 9, 2025 orders directing extra-record discovery on an accelerated basis can no longer be relied upon. Specifically, this Court first stated that there is no guarantee that the Ninth Circuit

DEFS.' MOTION TO RECONSIDER
No. 3:25-cv-1766-EMC

1

will rule promptly and, therefore, Haitian TPS beneficiaries could lose their status in early August. ECF No. 129, at 2. But the Ninth Circuit will likely move quickly in the face of the Supreme Court's directive that its stay is in effect "pending the disposition of the appeal in the United States Court of Appeals for the Ninth Circuit." Order. The concern that the Ninth Circuit will not move fast enough is likely alleviated here. In granting the stay of this Court's postponement order, the Supreme Court also added credence to the Defendants' ultimate likelihood of success on the merits. The significant jurisdictional questions now pending before the Ninth Circuit (which are likely to make their way to the Supreme Court as well) only amplify the reason for a stay of this court's discovery order here, as it remains a waste of both judicial and government resources to rush through production only to discover this Court had no jurisdiction to order production at all. Similarly, any future decision of the Secretary regarding Haiti is likely unreviewable as well, making the not yet ripe claims of Plaintiffs there a grossly insufficient basis for accelerated extra-record discovery.

This Court also relied heavily on the irreparable harm to Plaintiffs that would occur if the Ninth Circuit held that the government was likely to succeed on the merits. Specifically, the Court was concerned that "Venezuelan TPS holders would no longer have any legal status" and therefore, it needed to expedite final adjudication. ECF No. 129, at 3. But the Supreme Court's order to stay the postponement has changed the landscape for TPS holders. The Supreme Court's order will remain in effect until there is a disposition of a timely writ of certiorari, which if granted will extend the stay until judgment issues. Order. TPS has terminated for many TPS holders. The Court's concern that delayed discovery and adjudication on the merits would deprive TPS beneficiaries expedited adjudication is no longer pressing where the Supreme Court has overturned the stay.

This Court's analysis of hardship to the government has also been called into question. The government had to demonstrate a likelihood of irreparable harm for the Supreme Court to issue its stay. *See Hollingsworth*, 558 U.S. at 190. As the Supreme Court had to have found, the hardship to the government is more than the mere requirement to defend a lawsuit, but rather a judicial intrusion into workings of the Executive Branch. In fact, the documentation that Plaintiffs seek through discovery goes to the heart of these workings, allowing both Plaintiffs and the Court to question the basis for the

DEFS.' MOTION TO RECONSIDER
No. 3:25-cv-1766-EMC

determinations reached with respect to TPS for Venezuela. But that sort of prying into Executive functions is exactly what the Congress forbid under 8 U.S.C. § 1254a(b)(5)(A) and doing so before this Court's authority is sufficiently established is exactly the type of harm Congress intended to avoid when it eliminated judicial review.

Because there has been a material change in the facts and law of this case, Defendants request that the Court reconsider its Orders on discovery from May 2 and May 9.[1] Defendants further renew the request to stay additional deadlines that are pending before this Court.

Dated: May 19, 2025                                     Respectfully submitted,

                                                        YAAKOV M. ROTH
                                                        Acting Assistant Attorney General
                                                        Civil Division

                                                        WILLIAM H. WEILAND (Mass. Bar 661433)
                                                        Senior Litigation Counsel

                                                        CATHERINE ROSS (DC Bar 9007404)
                                                        ERIC SNYDERMAN (VA Bar 99563)
                                                        ANNA DICHTER (NJ Bar 304442019)
                                                        LAUREN BRYANT (NY Bar 5321880)
                                                        AMANDA SAYLOR (FL Bar 1031480)
                                                        Trial Attorneys

                                                        /s/ *Sarah L. Vuong*
                                                        SARAH L. VUONG
                                                        Assistant Director (CA Bar 258528)
                                                        U.S. Department of Justice, Civil Division
                                                        Office of Immigration Litigation
                                                        General Litigation and Appeals Section
                                                        P.O. Box 868, Ben Franklin Station
                                                        Washington, DC 20044
                                                        Tel: (202) 305-1263
                                                        sarah.l.vuong@usdoj.gov

                                                        *Attorneys for the Defendants*

---

[1] As ordered, Defendants produced materials responsive to Plaintiffs' RFPs 4-5 and 7-9 on May 16, 2025. Defendants will hold the materials responsive to RFPs 1-2 and 6 until the Court rules on this Motion.

DEFS.' MOTION TO RECONSIDER
No. 3:25-cv-1766-EMC

3