Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Amanda Young (SBN 359753)
ayoung@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Attorneys for Plaintiffs
*[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R., HENDRINA VIVAS CASTILLO, A.C.A., SHERIKA BLANC, VILES DORSAINVIL, and G.S.,<br><br>Plaintiffs,<br><br>vs.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA,<br><br>Defendants. | Case No. 3:25-cv-01766-EMC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO SEEK RECONSIDERATION (ECF 141)** |

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Eva L. Bitran (SBN 302081)
ebitran@aclusocal.org
Diana Sanchez (SBN 338871)
dianasanchez@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (*Pro Hac Vice*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, 1H
San Diego, CA 92120
Telephone: (949) 603-7411

Plaintiffs would not normally respond to a motion for leave to seek reconsideration without awaiting guidance from the Court and without an adequate opportunity to develop all of the reasons why Defendants' request should be rejected. But this is not a normal situation. The Court directed Defendants to make limited productions of documents, the last of which is ***due today***. ECF 135 (the "discovery order"). The Court set today as a deadline for the last production because Plaintiffs' deadline to move for summary judgment is May 27. Incredibly, Defendants have stated that they no longer will comply with a court-ordered deadline. ECF 141-2 at 4 n.1 ("Defendants will hold the materials responsive to RFPs 1-2 and 6 until the Court rules on this Motion.").

Setting aside what appears to be a textbook example of contempt (a matter about which Plaintiffs defer to the Court and another day),[1] Plaintiffs respectfully request that, no matter how the Court rules on the question of whether to grant leave, the Court promptly reaffirm that Defendants must comply with today's deadline as the discovery order remains in effect. Defendants have no justification for disregarding a valid court order. The stay granted earlier today by the Supreme Court in no way forecloses this case and certainly does not purport to address discovery during the pendency of trial court proceedings. To the contrary, the Supreme Court granted a stay only as to this Court's March 31, 2025 order, which had postponed when the vacatur as to Venezuela could take effect. Critically, the Supreme Court made clear that the stay is "***without prejudice***" to challenges by a variety of TPS holders who have brought this litigation. Defendants utterly fail to explain how an order recognizing that this case can proceed entitles them to unilaterally refuse to comply with the discovery order or forecloses discovery to advance the claims of such individuals. Indeed, the very fact that the Supreme Court granted the stay without prejudice serves as concrete proof that Defendants' jurisdictional arguments do not and cannot dispose of this action.

---

[1] Every judicial order "must be obeyed" until a court reverses it. *Walker v. City of Birmingham*, 388 U.S. 307, 314 (1967). To permit officials to freely "annul" orders would not just "destroy the rights acquired under those judgments"; it would make "a solemn mockery" of "the constitution itself." *United States v. Peters*, 9 U.S. (5 Cranch) 115, 136 (1809) (Marshall, C.J.)

Plaintiffs thus ask the Court to reaffirm that Defendants must comply with today's deadline.

Date:  May 19, 2025

Respectfully submitted,

ACLU FOUNDATION
OF NORTHERN CALIFORNIA

 /s/ *Emilou MacLean*
Emilou MacLean
Michelle (Minju) Y. Cho
Amanda Young

Ahilan T. Arulanantham
CENTER FOR IMMIGRATION LAW AND POLICY, UCLA SCHOOL OF LAW

Eva L. Bitran
Diana Sanchez
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA

Jessica Karp Bansal
Lauren Michel Wilfong (*Pro Hac Vice*)
NATIONAL DAY LABORER
ORGANIZING NETWORK

Erik Crew (*Pro Hac Vice*)
HAITIAN BRIDGE ALLIANCE

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2025, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

ACLU FOUNDATION
OF NORTHERN CALIFORNIA

/s/ *Emilou MacLean*
Emilou MacLean

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO SEEK RECONSIDERATION
CASE NO. 3:25-CV-01766-EMC