Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Amanda Young (SBN 359753)
ayoung@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Attorneys for Plaintiffs
*[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R., HENDRINA VIVAS CASTILLO, A.C.A., SHERIKA BLANC, VILES DORSAINVIL, and G.S., <br><br> Plaintiffs, <br><br> vs. <br><br> KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA, <br><br> Defendants. | Case No. 3:25-cv-01766-EMC <br><br> **PLAINTIFFS' ADMINISTRATIVE MOTION FOR ORDER SHORTENING TIME AND SETTING SCHEDULE RE: PLAINTIFFS' MOTION TO PRESERVE STATUS AND RIGHTS UNDER SECTION 705** |

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Eva L. Bitran (SBN 302081)
ebitran@aclusocal.org
Diana Sanchez (SBN 338871)
dianasanchez@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (*Pro Hac Vice*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, Suite 1H
San Diego, CA 92120
Telephone: (949) 603-7411

In accordance with Civil Local Rules 6-3 and 7-11 and this Court's rules and orders, Plaintiffs respectfully move the Court to modify the briefing schedule with respect to Plaintiffs' Motion to Preserve Status and Rights Under Section 705 ("Motion to Preserve"), filed concurrently herewith (Dkt. 144).

In support of this Administrative Motion for Order Shortening Time and Setting Schedule ("Motion"), Plaintiffs submit that good cause exists to shorten time as set forth below:

1. This Motion is being filed concurrently with Plaintiffs' Motion to Preserve. Thus, the Court has not yet set a briefing schedule or hearing date for the Motion to Preserve.

2. This case challenges, *inter alia*, Defendants' decisions to "vacate" the January 17, 2025 extension of Temporary Protected Status ("TPS") for Venezuela and subsequently terminate TPS for nearly 350,000 Venezuelan TPS holders who first qualified for TPS protection under the 2023 designation. This Court granted Plaintiffs' motion to postpone both decisions on March 31, 2025. Defendants moved to stay that order. After this Court and the Ninth Circuit denied Defendants' motion, the Supreme Court granted a stay in a two-paragraph ruling issued on May 19, 2025. *See* Mot. to Preserve, Ex. A (Dkt. 144-1).

3. In the second paragraph of its order, the Supreme Court stated that the order "is without prejudice to any challenge to Secretary Noem's February 3, 2025 vacatur notice insofar as it purports to invalidate EADs, Forms I-797, Notices of Action, and Forms I-94 issued with October 2, 2026 expiration dates. *See* 8 U. S. C. §1254a(d)(3)." *Id.* Accordingly, Plaintiffs are moving to preserve the status and rights under 5 U.S.C. section 705 of the particular individuals identified in the Supreme Court's order with "EADs, Forms I-797, Notices of Action, and Forms I-94 issued with October 2, 2026 expiration dates." *See* Mot. to Preserve (Dkt. 144).

4. Plaintiffs met and conferred with Defendants regarding the Motion to Preserve on May 21, 2025. Defendants stated that the DHS is reviewing the Supreme Court's order and has no position to provide at this time. The Parties have agreed that Defendants will file their opposition on Wednesday, May 28, 2025 by 9:00 am PST. Plaintiffs request that this Motion be heard at the May 29, 2025 status conference. Defendants oppose that request. *See* MacLean Decl. in Support of Motion to Shorten Time, ¶¶ 5–6.

5.   Good cause exists for the parties to brief and for this Court to hear Plaintiffs' Motion to Preserve on an expedited timeframe, as the individuals identified in the Supreme Court's order will suffer irreparable harm in violation of their fundamental reliance interests, as described in the Motion to Preserve, including deprivation of their employment authorization and ability to work, until this Court issues an order under 5 U.S.C. section 705 preserving their status and rights. Due to the Supreme Court's stay of this Court's postponement order of the vacatur and termination of Venezuela's 2023 TPS designation, the Department of Homeland Security's termination of Venezuela's 2023 TPS designation is now in effect against all Venezuelan TPS holders without regard to the protections recognized by the Supreme Court under 8 U.S.C. §1254a(d)(3). The Supreme Court's order suggests that this particular subset of individuals protected by 8 U.S.C. §1254a(d)(3) may be entitled to immediate relief from the vacatur of Venezuela's 2023 TPS designation. As this Court previously recognized, there is irreparable harm to Venezuelan TPS holders, their communities, and the United States economy when Venezuelan TPS holders lose their work authorization under TPS and are unable to work. *See* Dkt. 93 at 38–40 (recognizing the significant economic contributions of Venezuelan TPS holders to the economy and the extensive irreparable harm should they lose work authorization). Plaintiffs therefore seek to expedite the Motion to Preserve to alleviate this substantial and irreparable harm.

6.   Good cause also exists because this Court has already been briefed on and ruled on most of the issues relevant to the Motion to Preserve and now need only decide whether, in light of the Supreme Court's ruling, it is appropriate to grant relief to a limited subset of Venezuelan TPS holders identified by the Supreme Court.

7.   For those reasons, Plaintiffs request that the Court order the following schedule:

- Defendants file their Response to Plaintiffs' Motion to Preserve by May 28, 2025, 9:00 am PST;
- Plaintiffs will file their Reply, if any, by May 28, 2025, 11:59 pm PST; and
- Plaintiffs' Motion to Preserve will be heard at the status conference already scheduled for May 29, 2025 at 1:30 pm PST.

8.     As noted, above, Defendants have agreed with Plaintiffs' proposed deadline for their Response, but did not agree to having the Motion to Preserve heard at the previously-scheduled status conference on May 29, 2025, at 1:30 pm PST.

9.     There have been the following previous time modifications in this case:

- On February 25, 2025, the Court granted Plaintiffs' Motion to Shorten Time regarding Plaintiffs' Motion to Postpone Effective Agency Action (Dkt. 45) for good cause shown and advanced the parties' briefing schedule and hearing on the Motion to Postpone. *See* Dkt. 51.
- On March 31, 2025, in response to Plaintiffs' Motion to Shorten Time to Confer under Rule 26(f) (Dkt. 79), the Court ordered parties to meet and confer within a week of its order. *See* Dkt. 93.
- On April 2, 2025, the Court granted Defendants' Motion to Shorten Time regarding its Motion to Stay Pending Appeal to the Ninth Circuit (Dkt. 96), and denied Plaintiffs' Motion for Extension of Time to file Response and Reply (Dkt. 98), thus ordering Plaintiffs to file their Response on April 3, 2025. *See* Dkt. 99.
- On April 8, 2025, the Court advanced the Initial Case Management Conference from May 20, 2025, to April 21, 2025. *See* Dkt. 107.
- On April 30, 2025, the Court granted the parties' Stipulated Cross-Motion Briefing Schedule regarding the Parties' respective Motions for Summary Judgment ("MSJ"), and ordered Plaintiffs to file their MSJ on May 26, 2025; Defendants to file their Opposition to Plaintiffs' MSJ and their own MSJ on June 10, 2025; Plaintiffs to file their Reply in further support of their MSJ and their Opposition to Defendants' MSJ on June 20, 2025; Defendants to file their Reply in further support of their MSJ on June 27, 2025; and set argument on the Parties' MSJs for July 11, 2025. *See* Dkt. 124.
- On May 9, 2025, the Court granted the Parties' Stipulated Motion to Dismiss and Cross Summary Judgment Motion Briefing Schedule and ordered Plaintiffs to file their MSJ on May 27, 2025, Plaintiffs to file their Opposition to Defendants' Motion

to Dismiss on May 28, 2025, and Defendants to file their Reply in support of their Motion to Dismiss on June 10, 2025. *See* Dkt. 134.

10. If granted, the requested Motion will have minimal effect on the overall case schedule. The only effect is that, at the hearing currently scheduled for May 29, 2025, the Court will hear additional arguments on Plaintiffs' Motion to Preserve.

11. Based on the foregoing, and for good cause shown, Plaintiffs respectfully request that the Court modify the briefing and hearing schedule as set forth in paragraph 7 above.

Date: May 21, 2025

Respectfully submitted,

ACLU FOUNDATION
OF NORTHERN CALIFORNIA

 */s/ Emilou MacLean*
Emilou MacLean

Michelle (Minju) Y. Cho
Amanda Young
ACLU FOUNDATION
OF NORTHERN CALIFORNIA

Ahilan T. Arulanantham
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW

Eva L. Bitran
Diana Sanchez
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA

Jessica Karp Bansal
Lauren Michel Wilfong (*Pro Hac Vice*)
NATIONAL DAY LABORER ORGANIZING
NETWORK

Erik Crew (*Pro Hac Vice*)
HAITIAN BRIDGE ALLIANCE

Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2025, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

ACLU FOUNDATION
OF NORTHERN CALIFORNIA

*/s/ Emilou MacLean*
Emilou MacLean