Exhibit A

| | |
|---|---|
| **From:** | Weiland, William H. (CIV) |
| **To:** | MacLean, Emi (NON-SIDLEY @ACLUNC.ORG) |
| **Subject:** | Re: [EXTERNAL] RE: NTPSA: Discovery production follow up 1 |
| **Date:** | Friday, May 23, 2025 11:30:29 AM |
| **Attachments:** | image001.png |
| | image001.png |

Emi,

Yes, we stand by our offer to amend the briefing schedule to ameliorate the impact of supplementing discovery.  We don't concede Defendants are in contempt.

Best,
Will

William H. Weiland
Senior Litigation Counsel
(202)305-0770

> On May 23, 2025, at 1:54 PM, Emi MacLean <EMacLean@aclunc.org> wrote:
>
> Thank you, Will. We will note your opposition. Please let us know before 11:25 AM PST your position on whether Defendants will stipulate to the revised briefing schedule you proposed yesterday.
>
> Best,
> Emi



**Emi MacLean**
Pronouns: she/her/hers
Senior Staff Attorney
ACLU Foundation of Northern California
39 Drumm St., San Francisco, CA 94111
(929)375-1575 | emaclean@aclunc.org

**From:** Weiland, William H. (CIV) <William.H.Weiland@usdoj.gov>
**Sent:** Friday, May 23, 2025 9:12 AM
**To:** Emi MacLean <EMacLean@aclunc.org>; Ahilan Arulanantham <arulanantham@law.ucla.edu>; Jessica Bansal Contact <jessica@ndlon.org>
**Cc:** Bryant, Lauren E (CIV) <Lauren.E.Bryant@usdoj.gov>; Dichter, Anna L. (CIV) <Anna.L.Dichter@usdoj.gov>; Hartman, Jeffrey M. (CIV) <Jeffrey.M.Hartman@usdoj.gov>; Ross, Catherine (CIV) <Catherine.Ross@usdoj.gov>; Saylor, Amanda B (CIV) <Amanda.B.Saylor@usdoj.gov>; Sheffield, Carlton F. (CIV) <Carlton.F.Sheffield2@usdoj.gov>; Snyderman, Eric M. (CIV)

<Eric.M.Snyderman@usdoj.gov>; Vuong, Sarah L. (CIV) <Sarah.L.Vuong@usdoj.gov>
**Subject:** RE: NTPSA: Discovery production follow up 1

Emi,

Good morning.  Defendants do not have a specific response to pass at this time.
DHS continues its review and intends to produce any supplemental documents
as soon as practicable.  Defendants are also working on getting answers to your
other questions, and will pass those along when they can.

Defendants will oppose any motion to compel or seek sanctions.

Best,
Will


202-305-0770

This email and any attachments thereto may contain information that is privileged, confidential, or
otherwise protected from disclosure under applicable law. If the reader of this transmission is not the
intended recipient or the employee or agent responsible for delivering the transmission to the
intended recipient, you are hereby notified that any dissemination, distribution, copying or use of
this transmission or its contents is strictly prohibited. If you have received this transmission in
error, please notify us by email or telephone and delete or destroy the original transmission and any
copies (electronic or paper).

**From:** Emi MacLean <EMacLean@aclunc.org>
**Sent:** Thursday, May 22, 2025 7:34 PM
**To:** Weiland, William H. (CIV) <William.H.Weiland@usdoj.gov>; Ahilan Arulanantham
<arulanantham@law.ucla.edu>; Jessica Bansal Contact <jessica@ndlon.org>
**Cc:** Bryant, Lauren E (CIV) <Lauren.E.Bryant@usdoj.gov>; Dichter, Anna L. (CIV)
<Anna.L.Dichter@usdoj.gov>; Hartman, Jeffrey M. (CIV)
<Jeffrey.M.Hartman@usdoj.gov>; Ross, Catherine (CIV) <Catherine.Ross@usdoj.gov>;
Saylor, Amanda B (CIV) <Amanda.B.Saylor@usdoj.gov>; Sheffield, Carlton F. (CIV)
<Carlton.F.Sheffield2@usdoj.gov>; Snyderman, Eric M. (CIV)
<Eric.M.Snyderman@usdoj.gov>; Vuong, Sarah L. (CIV) <Sarah.L.Vuong@usdoj.gov>
**Subject:** [EXTERNAL] RE: NTPSA: Discovery production follow up 1

Will,

Thank you for taking our call just now.

As we noted, we are very concerned about Defendants' identification of 159
potentially responsive documents that were not produced on Monday in violation of
the Court's order. Dkt. 135. These documents were apparently only identified as a
result of our inquiries related to the deficiencies we identified in the search and
production.

Plaintiffs intend to go promptly to Judge Chen to seek sanctions and a revised briefing schedule unless Defendants can by noon EST tomorrow commit to, in addition to revising the MSJ briefing schedule as proposed in your earlier email:

1. review and produce these newly-identified documents by the end of the day tomorrow;
2. provide a declaration by the end of the day tomorrow from someone personally knowledgeable about the search with answers to basic questions about how the search was conducted, and specifically:
   a. whether the custodians were asked the means of communication that they used to communicate about the challenged TPS decisions;
   b. what forms of communications were searched for each custodian;
   c. whether Defendants searched phones, text, signal messages, or other forms of communication;
   d. whether Defendants searched personal phones and email addresses;
   e. whether hard drives were searched;
   f. whether paper files were searched.
   g. what search terms were used for the searches;
   h. what the hit counts were for the searches;
3. serve a formal response to the RFPs, signed by counsel, representing that the agency has complied with its discovery obligations

We also ask for the additional information discussed yesterday and still outstanding:

1. You committed to find out whether the individuals Defendants identified as OP&S and RAIO custodians (Amany Ezeldin, Tom Perkowski, Jessica Robles and Emma Krichinsky) authored Decision Memos and/or country conditions reports specific to the Venezuela vacatur and termination, and the Haiti partial vacatur decisions, or whether instead they authored only the Decision Memos and country conditions reports that were considered as part of the periodic review process for the July 1, 2024 extension and redesignation of Haiti and the January 17, 2025 extension of Venezuela. It is not apparent from the Privilege Log or the documents produced whether there are any Decision Memos or Country Conditions Reports which post-date January 17, 2025.
2. You intended to seek a declaration to substantiate the deliberative process privilege assertions, but we do not have that yet, and the information in the corrected privilege log still lacks sufficient detail to substantiate the privilege assertions.
3. You committed to provide a list of attorneys who provided legal advice to the agency in connection with the challenged actions, to help us determine whether the attorney-client privilege has been properly invoked. We are still waiting for that.
4. Lastly, we noticed (but did not discuss yesterday) that there are four documents withheld based on an assertion of "presidential communication." But the privilege log metadata do not contain as senders, recipients, authors,

or custodians the President or anyone in the White House. Can you please explain on what ground this assertion of "presidential communications privilege" is being invoked?

Best,
Emi

**Emi MacLean**
Pronouns: she/her/hers
Senior Staff Attorney
ACLU Foundation of Northern California
39 Drumm St., San Francisco, CA 94111
(929)375-1575 | emaclean@aclunc.org

---

**From:** Weiland, William H. (CIV) <William.H.Weiland@usdoj.gov>
**Sent:** Thursday, May 22, 2025 1:33 PM
**To:** Emi MacLean <EMacLean@aclunc.org>; Ahilan Arulanantham <arulanantham@law.ucla.edu>; Jessica Bansal Contact <jessica@ndlon.org>
**Cc:** Bryant, Lauren E (CIV) <Lauren.E.Bryant@usdoj.gov>; Dichter, Anna L. (CIV) <Anna.L.Dichter@usdoj.gov>; Hartman, Jeffrey M. (CIV) <Jeffrey.M.Hartman@usdoj.gov>; Ross, Catherine (CIV) <Catherine.Ross@usdoj.gov>; Saylor, Amanda B (CIV) <Amanda.B.Saylor@usdoj.gov>; Sheffield, Carlton F. (CIV) <Carlton.F.Sheffield2@usdoj.gov>; Snyderman, Eric M. (CIV) <Eric.M.Snyderman@usdoj.gov>; Vuong, Sarah L. (CIV) <Sarah.L.Vuong@usdoj.gov>
**Subject:** RE: NTPSA: Discovery production follow up 1

Emi,

Good afternoon. Following up on this, and after inquiring further into the issues you raised, it appears there are 159 potentially responsive documents from USCIS custodians that were not batched out by our Relativity review system for DHS responsiveness and privilege review. We have informed DHS of this, and of the need for them to review and likely supplement their production. We aim to do so no later than May 27, 2025.

We recognize how this impacts Plaintiffs' MSJ briefing schedule. To compensate, we propose taking the time away from Defendants' X-MSJ reply and providing it to you, returning Plaintiffs to where they would have been without this delay by giving you another week to file your initial motion, but leaving the overall schedule and hearing date intact. We propose that the parties include in our JSR to the court the following schedule for summary judgement briefing:

Plaintiffs Motion for Summary Judgment: June 3, 2025
Defendant's Opposition and cross-motion: June 17, 2025

Plaintiffs Reply and Opposition: June 27, 2025

Please let us know if this is acceptable to you.

Best,
Will

202-305-0770

This email and any attachments thereto may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If the reader of this transmission is not the intended recipient or the employee or agent responsible for delivering the transmission to the intended recipient, you are hereby notified that any dissemination, distribution, copying or use of this transmission or its contents is strictly prohibited. If you have received this transmission in error, please notify us by email or telephone and delete or destroy the original transmission and any copies (electronic or paper).

**From:** Weiland, William H. (CIV)
**Sent:** Wednesday, May 21, 2025 8:49 PM
**To:** Emi MacLean <EMacLean@aclunc.org>; Ahilan Arulanantham <arulanantham@law.ucla.edu>; Jessica Bansal Contact <jessica@ndlon.org>
**Cc:** Bryant, Lauren E (CIV) <Lauren.E.Bryant@usdoj.gov>; Dichter, Anna L. (CIV) <Anna.L.Dichter@usdoj.gov>; Hartman, Jeffrey M. (CIV) <Jeffrey.M.Hartman@usdoj.gov>; Ross, Catherine (CIV) <Catherine.Ross@usdoj.gov>; Saylor, Amanda B (CIV) <Amanda.B.Saylor@usdoj.gov>; Sheffield, Carlton F. (CIV) <Carlton.F.Sheffield2@usdoj.gov>; Snyderman, Eric M. (CIV) <Eric.M.Snyderman@usdoj.gov>; Vuong, Sarah L. (CIV) <Sarah.L.Vuong@usdoj.gov>
**Subject:** NTPSA: Discovery production follow up 1

Emi,

Thank you.  Defendants continue to look at the issues raised herein, as discussed on today's phone call.

In the interest of getting you something tonight, here is a partial response to your questions, which Defendants will amend / supplement as more information becomes available. In particular, Defendants are still reviewing the specific documents you identified.  Some of the corrective measures taken wrt the privilege log will hopefully clear many of these issues up.

1. Here is the list of custodians whom DHS has confirmed were searched utilizing the search terms ordered by the Court:

**DHS Custodians**
Rob Law
James Percival
Troup Hemenway
Troy Edgar ("S2TDE")
Benjamine C. Huffman
Kristi Noem
Joseph N. Mazzara

Joseph Guy
Corey Lewandowski
Tony Pham

**USCIS Custodians**
Andrew Davidson
Jennifer Higgins
Kika Scott ("CFOKMS")
Joe Edlow
Samantha Deshommes
Connie Nolan
Amany Ezeldin (OP&S)
Tom Perkowski (RAIO)
Jessica Robles (RAIO)
Emma Krichinsky (RAIO)

2. **Privlog issues and document identification**.  Attached is a corrected privlog, that also reflects document filenames. As noted on today's call, the log you were provided encompassed the entire universe identified by the agency as responsive, but for a reason likely to be the result of conflicting data within the document review system, some of the same documents received multiple bates numbers, or documents that were withheld in full were  numbered when they shouldn't have been.  Our litigation support techs looked into this and we believe they have fixed the conflict.

The PII assertions were also be removed from the log, as that caused some additional confusion. The markup in the dataset remains.

3. **Attorney Identities**. We are working with DHS to get you a list.

4. **Privilege assertions**. As noted on the call, DHS has been asked if it will be changing any of it's assertions.  We will let you know if they intend to do so.

Best,
Will

202-305-0770

This email and any attachments thereto may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If the reader of this transmission is not the intended recipient or the employee or agent responsible for delivering the transmission to the intended recipient, you are hereby notified that any dissemination, distribution, copying or use of this transmission or its contents is strictly prohibited. If you have received this transmission in error, please notify us by email or telephone and delete or destroy the original transmission and any copies (electronic or paper).

**From:** Emi MacLean <EMacLean@aclunc.org>
**Sent:** Wednesday, May 21, 2025 3:34 AM
**To:** Weiland, William H. (CIV) <William.H.Weiland@usdoj.gov>; Ahilan Arulanantham <arulanantham@law.ucla.edu>; Jessica Bansal Contact <jessica@ndlon.org>
**Cc:** Bryant, Lauren E (CIV) <Lauren.E.Bryant@usdoj.gov>; Dichter, Anna L. (CIV) <Anna.L.Dichter@usdoj.gov>; Hartman, Jeffrey M. (CIV) <Jeffrey.M.Hartman@usdoj.gov>; Ross, Catherine (CIV) <Catherine.Ross@usdoj.gov>;

Saylor, Amanda B (CIV) <Amanda.B.Saylor@usdoj.gov>; Sheffield, Carlton F. (CIV)
<Carlton.F.Sheffield2@usdoj.gov>; Snyderman, Eric M. (CIV)
<Eric.M.Snyderman@usdoj.gov>; Vuong, Sarah L. (CIV) <Sarah.L.Vuong@usdoj.gov>
**Subject:** [EXTERNAL] RE: 3:25-cv-01766-EMC National TPS Alliance et al v. Noem et al
Hearing on 5/29/25

Hi Will and Sarah,

Upon further review of the privilege log and discovery, we have identified additional
concerns.

1. **Apparently Inadequate Search & Production**
   a. <u>Failure to Produce Records from Numerous Custodians:</u> It appears that
      Defendants have neither produced nor logged documents for
      numerous custodians identified in Judge Chen's discovery order. For
      example, Defendants have neither produced *nor identified and
      withheld* documents that identify Secretary Noem, Corey
      Lewandowski, Kika Scott, or Troy Edgar as the custodians. Nor have
      Defendants identified any records—produced *or withheld*—from the
      custodians Defendants identified as the authors of the RAIO country
      conditions report or OP&S Decision Memos for any of the three
      challenged actions. In addition to being a named Custodian, Mr.
      Lewandowski is listed on the Haiti Clearance Record as having cleared
      or approved the Haiti Vacatur, and is noted as having "also provided via
      email" his clearance. (HT Vacatur AR_0164.) Yet there are no emails
      from him and his name appears nowhere in the privilege logs for emails
      withheld. <u>The same glaring absence is recognized for 8 of the 18
      custodians from whom Judge Chen ordered records produced.</u> (See
      below. Note that one custodian is identified as "S2TDE," and another
      as "CFOKMS," without names, preventing Plaintiffs from identifying
      them. Please identify them.)

      Defendants are obliged to review and produce responsive
      documents from all Custodians contained in Judge Chen's order.
      Unless Defendants are prepared to represent that these individuals
      (a) destroyed all documents provided to them despite the pendency
      of this litigation, or (b) never received documents, or communicated,
      about these decisions, it is implausible that these senior individuals
      —including the ones allegedly making the decisions at issue in this
      litigation, and who signed off on the DHS Record of Clearance; or
      who Defendants have asserted produced underlying documents
      which informed the decisions—have no responsive documents in
      their possession, custody, or control. ***Please confirm that the
      search terms ordered by Judge Chen were applied to records***

*collected for all of the custodians and that all "hits" were either produced or logged. If documents were not collected or searched for certain custodians, then please promptly identify the omitted custodians and search terms.*

b. <u>Key Custodians Apparently Not Included:</u> NTPSA_510 identifies that Nader Baroukh and Christina McDonald prepared the "TPS Vacatur" notice. Neither were identified by Defendants as custodians. See also NTSPA_524. NTPSA 465 is an email from Sheila Mahmoudi circulating a draft "FRN – Haiti TPS Partial Vacatur" and names Alex King and Amany Ezeldih as responsible for the draft. None of these people – Sheila Mahmoudi, Alex King, and Amany Ezeldih – are named as custodians. See also NTPSA 473, 476 (Amany Ezeldih communications related to "Haiti stats"). *Please identify why these individuals were not identified as custodians, and confirm whether Defendants will commit to producing their communications given their central role in these decisions.*

c. <u>Failure to Produce a Complete Search of Records Related to the Haiti Decision:</u> Only seven of the documents outside of the official administrative record reference Haiti *at all*. These are (1) a Congressional Research Service 2023 report on TPS-related litigation developments (NTPSA 246), (2) an email apparently circulating the Haiti TPS Partial Vacatur (NTPSA 465), (3) a USCIS Immigrant Benefit Tracking document (NTPSA 499), and(4) four redacted emails about the same limited "Haiti stats" (NTPSA 473, 476, 477, and 509). *Please produce records related to the Haiti decision that have not been produced or logged.*

d. <u>Very Limited Email Production:</u> Defendants produced only approximately 25 emails. Nearly all were merely emails accompanying documents but lacking all substantive content and in various cases lacking the attachments. For instance, NTPSA_467 is from an "Unspecified Sender" with a fully redacted attachment (which is not itself produced), and lacks all substantive content; and NTPSA_252, which has as the subject line "Short Fuse TPS", attaches a redacted document which is not produced, and lacks any content in the email itself. Defendants also produced *seven emails* attaching and circulating Secretary of State Rubio's letter recommending the termination of TPS for Venezuela, without substantive content. See NTPSA_64, 464, 470, 478, 495, 625, 627.

See also NTPSA_245 (attaching FRN for TPS Vacatur), NTPSA_251 (attaching a Venezuela vacatur memo which is not

produced), NTPSA_253 (attaching Venezuela "Vacatur Final" and
"Vacatur-FR-Signed"), NTPSA_262 (attaching "Memo – TPS VZ
Vacatur Final.pdf"), NTPSA_329 (attaching "Task and Rule trackers,"
which are not actually produced), NTPSA_466 (attaching a draft of
the "TPS Vacatur"), NTPSA_468 (attaching a draft of the Venezuela
Federal Register Notice, not produced). The remaining emails
produced include very minimal substantive content—see, e.g.,
NTPSA_473, 476, 477, 509 (various emails regarding "Haiti stats").

e. <u>Lack of Text Messages or Instant Messages:</u> The productions do not
contain a single text or instant message.  Given modern
communication practices, and the number of custodians, this seems
improbable.  **Please confirm that the collection included all
responsive communications made by the custodians that hit the
search terms, not merely emails.  If no such materials were
collected or searched, please confirm that the custodians were
instructed to preserve all such materials**.

f. <u>Very Limited Production of Records Post-January 20, 2025:</u> A significant
number of the documents produced yesterday were iterations of
documents related to the prior, now vacated, decisions, rather than
any materials from the current administration. For instance, the 77
documents produced are mostly duplicates of four documents relating
to the previous administration's extension of TPS for Venezuela—6
copies of the January 17, 2025 Federal Register Notice extending TPS
for Venezuela; 8 copies of the January 10, 2025 1-page Decision
Document (see, e.g., NTPSA_556); 13 copies of the September 24,
2024 letter from Secretary of State Blinken recommending extension of
TPS for Venezuela; and 8 copies of the August 2024 USCIS country
conditions report on Venezuela. Even with the tight timeline under
which the administration made the challenged decisions, it is difficult
to imagine how such momentous decisions impacting more than 1.1
million people could have been made based on such a small number of
communications.

g. <u>Lack of Any USCIS Decision Memos:</u> Defendants produced *no* Decision
Memos relating to any of the challenged actions, but only a 1-page
"Decision Document." **Please confirm whether Defendants prepared
Decision Memos that are lacking in the production and privilege
logs, and/or identified them as withheld under a different
description in the privilege log.**

2. **Missing Documents**

a. <u>Failure to Provide Redacted Versions of Documents with Limited Privileged Information:</u> The log reflects an apparent failure to provide redacted versions of documents that likely contain only limited privileged information. Several documents described as "reflecting" privileged material have nevertheless been withheld in their entirety. ***Rather than fully withhold these documents, we request that Defendants redact any privileged material and produce the rest of each document.*** (See, e.g. NTPSA-DHSHQ_00000098, NTPSA-DHSHQ_00000226, and NTPSA-DHSHQ_00000623).

b. <u>Referenced Documents Not Produced:</u> We received documents Bates Stamped NTPSA_000006 through NTPSA_000629. However, the privilege log references additional documents that do not appear in the production. For example, NTPSA PrivLog Production Volume 1 at Row 448 references a documents Bates stamped NTPSA_000981. ***Please confirm that all such documents will be produced promptly.***

c. <u>Missing Corresponding Family Members:</u> Other documents appear to have been produced without corresponding family members. For example, the document Bates Stamped NTSPA_000466 references an attachment titled "TPS Vacatur – Venezuela 1108.docx." The production does not appear to contain that attached document. Similarly, the document Bates Stamped NTPSA_000252 includes an attachment with a redacted name, and which does not appear to have been produced. ***Please confirm that all such documents already have been produced or will be produced promptly.***

3. **Unsupported Privilege Assertions**

a. <u>Failure to Substantiate Deliberative Process Privilege Assertions:</u> The privilege log fails to provide any information to substantiate claims of deliberative process privilege—for instance, the names of officials who were deliberating, the nature of the information to be kept confidential, and the public interest served by keeping the information confidential. For example, NTPSA-DHSHQ-15 is withheld in full, but lists only James Percival as "custodian" and provides no other information regarding the document aside from an assertion of privilege on the following grounds: "Pre-decisional and deliberative recommendation from USCIS Acting Director to Sec Noem on Venezuela TPS Designation." See also NTPSA-DHSHQ-55, 64, 66, 68, 70,72, 74, 76, 81, 82, 83 (same or similar). Many others lack basic information that would allow a review of the privilege assertions. Defendants have provided no supporting

declaration substantiating the privilege, and the entries are too generic for us to fairly evaluate whether the materials qualify as DPP. ***Please provide the necessary information to substantiate the deliberative process privilege or produce the records withheld on this ground.***

b. <u>Failure to Identify Attorneys to Substantiate Attorney-Client Privilege Assertions:</u> The privilege log fails to identify attorneys or provide a list of attorneys, which is crucial in assessing Defendants' claim of attorney-client privilege. See, e.g., DHSHQ_72 - withheld in full as attorney-client privilege and deliberative process, lists only James Percival as "custodian" and no other information regarding the document aside from an assertion of privilege on the following grounds: "Predecisional, deliberative document conveying legal advice to Secretary." See also NTPSAHQ_76. ***Please at minimum provide the names of attorneys involved in the communications which substantiate the privilege assertion.***

4. **Other Apparent Privilege Log Deficiencies**

a. <u>Lack of Sufficient Information to Substantiate Privilege Assertions:</u> The privilege log as produced fails to provide sufficient information to allow Plaintiffs to assess Defendants' privilege claims. Numerous privilege log entries contain no information other than a reference to the asserted privilege and a generic "privilege description" that fails to provide a sufficient description of the basis for the privilege.  For many of such entries, all of the fields for "subject", "date" and time" information, "from," "to", "cc," and "bcc" are blank. Sometimes only a "DOCID" is provided, and no Bates range is provided. Moreover, it often is unclear whether the listed custodian is even the author. (See, e.g. NTPSA-DHSHQ_00000006, NTPSA-DHSHQ_00000064, NTPSA-DHSHQ_00000067, NTPSA-DHSHQ_00000068, NTPSA-DHSHQ_00000070, NTPSA-DHSHQ_00000072, NTPSA-DHSHQ_00000074, NTPSA-DHSHQ_00000076, NTPSA-DHSHQ_00000081, NTPSA-DHSHQ_00000082, NTPSA-DHSHQ_00000083.)

b. <u>Failure to Provide File Name Information for Withheld Documents:</u> The privilege log does not provide file name information for withheld documents.

c. <u>Incorrect Entries:</u> The privilege log appears to contain references to incorrect Bates numbers—for example DOCID NTPSA-DHSHQ_00000049 is associated on the log with BEGDOC

NTPSA_000079 and, based on the metadata, appears to be an email thread. Defendants identify this document in the TAG – Privilege column as "PII – Personally Identifying Information." But the document produced at Bates NTPSA_000079 is a copy of the Federal Register Notice.

    d.  <u>Confusing PII Assertions:</u> Relatedly, we do not understand why a privilege log contains a column purporting to designate documents as PII. I understand from your response that Defendants are not intending to withhold documents solely on the basis of PII, however, given the Bates numbering issue, we are unable to determine whether Defendants are withholding documents on that basis. In the Defendant's revised log, please remove documents from the log that Defendants are producing without redaction. ***Please confirm that each of these deficiencies will be promptly corrected, that redacted versions produced, and that all documents withheld as DPP will produced given that defendants still have not provided the requisite supporting declaration to substantiate DPP.***

Our review remains ongoing and the above identified issues are without prejudice to Plaintiffs raising additional issues with Defendants' production.

Given the urgency of this matter and the Court's briefing schedule, and to avoid further prejudice from delays, we ask that you **produce any additional documents by tomorrow and provide a revised privilege log and supporting declaration by 5 pm PT Thursday.**

Best,

Emi

    <u>CUSTODIANS</u>
Not identified as custodians for any produced records or named as custodians for any privilege log entries
                    <!--[if !supportLists]-->•   <!--[endif]--><u>Secretary Noem</u> (signed DHS Clearance Record for 3 Challenged Agency Actions)
                    <!--[if !supportLists]-->•   <!--[endif]--><u>Corey Lewandowski</u>, DHS Chief Advisor (signed DHS Clearance Record for Haiti Decision [and potentially Venezuela termination decision –

anonymous check mark for two of the "Senior Advisor" "signatories"])

<!--[if !supportLists]-->●     <!--[endif]-->Troy Edgar, DHS Deputy Secretary and formerly Senior Advisor (signed DHS Clearance Record for Haiti & Venezuela Vacatur Decisions [and potentially Venezuela termination decision – anonymous check mark for two of the "Senior Advisor" "signatories"])

<!--[if !supportLists]-->●     <!--[endif]-->Kika Scott, USCIS Director (or Senior Official Performing the Duties of the Director

<!--[if !supportLists]-->●     <!--[endif]-->Amany Ezeldin (identified by Defendants as either author of RAIO country conditions report or OP&S Decision Memo)

<!--[if !supportLists]-->●     <!--[endif]-->Tom Perkowski (identified by Defendants as either author of RAIO country conditions report or OP&S Decision Memo)

<!--[if !supportLists]-->●     <!--[endif]-->Jessica Robles (identified by Defendants as either author of RAIO country conditions report or OP&S Decision Memo)

<!--[if !supportLists]-->●     <!--[endif]-->Emma Krichinsky (identified by Defendants as either author of RAIO country conditions report or OP&S Decision Memo)

Fewer than 25 records identified on the privilege log or documents produced from the following custodians:

<!--[if !supportLists]-->●     <!--[endif]-->Jennifer Higgins, USCIS Director (or Senior Official Performing the Duties of the Director)

<!--[if !supportLists]-->●     <!--[endif]-->Rob Law, Senior Counselor (signed DHS Clearance Record for Haiti Decision)

<!--[if !supportLists]-->●     <!--[endif]-->Troup Hemenway, Senior Advisor (signed DHS Clearance Record for Venezuela and Haiti vacatur decisions [and potentially Venezuela termination decision – anonymous check mark for two of the "Senior Advisor" "signatories"])

Limited records from remaining custodians:

- <!--[if !supportLists]-->●   <!--[endif]-->Joseph Mazzara, DHS Senior Advisor and Acting General Counsel (signed DHS Clearance Record for Haiti Decision and potentially Venezuela termination decision)
- <!--[if !supportLists]-->●   <!--[endif]-->Jimmy Percival, Senior Advisor (signed DHS Clearance Record for Haiti & Venezuela Vacatur Decisions [and potentially Venezuela termination decision – anonymous check mark for two of the "Senior Advisor" "signatories"])
- <!--[if !supportLists]-->●   <!--[endif]-->Tony Pham, Assistant Secretary for Border and Immigration Policy in the Department of Homeland Security's Office of Strategy, Policy and Plans
- <!--[if !supportLists]-->●   <!--[endif]-->Joe Edlow, USCIS Senior Advisor (nominated to be USCIS Director)
- <!--[if !supportLists]-->●   <!--[endif]-->Samantha Deshommes, USCIS Chief of Office of Policy and Strategy (OP&S)
- <!--[if !supportLists]-->●   <!--[endif]-->Connie Nolan, Associate Director, USCIS Service Center Operations Directorate
- <!--[if !supportLists]-->●   <!--[endif]-->Andrew Davidson, Acting Deputy Director of USCIS

Emi MacLean
Pronouns: she/her/hers
Senior Staff Attorney
ACLU Foundation of Northern California
39 Drumm St., San Francisco, CA 94111
(929)375-1575 | emaclean@aclunc.org

---

**From:** Emi MacLean <EMacLean@aclunc.org>
**Sent:** Tuesday, May 20, 2025 12:45 PM
**To:** Weiland, William H. (CIV) <William.H.Weiland@usdoj.gov>; Ahilan Arulanantham <arulanantham@law.ucla.edu>; Jessica Bansal Contact <jessica@ndlon.org>
**Cc:** Bryant, Lauren E (CIV) <Lauren.E.Bryant@usdoj.gov>; Dichter, Anna L. (CIV) <Anna.L.Dichter@usdoj.gov>; Hartman, Jeffrey M. (CIV) <Jeffrey.M.Hartman@usdoj.gov>; Ross, Catherine (CIV) <Catherine.Ross@usdoj.gov>; Saylor, Amanda B (CIV) <Amanda.B.Saylor@usdoj.gov>; Sheffield, Carlton F. (CIV)

<Carlton.F.Sheffield2@usdoj.gov>; Snyderman, Eric M. (CIV)
<Eric.M.Snyderman@usdoj.gov>; Vuong, Sarah L. (CIV) <Sarah.L.Vuong@usdoj.gov>
**Subject:** RE: 3:25-cv-01766-EMC National TPS Alliance et al v. Noem et al Hearing on
5/29/25

Thanks for this clarification, Will. We may have other questions or concerns as we
review.

Best,
Emi

                                         Emi MacLean
                                         Pronouns: she/her/hers

     <image001.png>                Senior Staff Attorney
                                         ACLU Foundation of Northern California
                                         39 Drumm St., San Francisco, CA 94111
                                         (929)375-1575 | emaclean@aclunc.org

---

**From:** Weiland, William H. (CIV) <William.H.Weiland@usdoj.gov>
**Sent:** Tuesday, May 20, 2025 12:33 PM
**To:** Emi MacLean <EMacLean@aclunc.org>; Ahilan Arulanantham
<arulanantham@law.ucla.edu>; Jessica Bansal Contact <jessica@ndlon.org>
**Cc:** Bryant, Lauren E (CIV) <Lauren.E.Bryant@usdoj.gov>; Dichter, Anna L. (CIV)
<Anna.L.Dichter@usdoj.gov>; Hartman, Jeffrey M. (CIV)
<Jeffrey.M.Hartman@usdoj.gov>; Ross, Catherine (CIV) <Catherine.Ross@usdoj.gov>;
Saylor, Amanda B (CIV) <Amanda.B.Saylor@usdoj.gov>; Sheffield, Carlton F. (CIV)
<Carlton.F.Sheffield2@usdoj.gov>; Snyderman, Eric M. (CIV)
<Eric.M.Snyderman@usdoj.gov>; Vuong, Sarah L. (CIV) <Sarah.L.Vuong@usdoj.gov>
**Subject:** RE: 3:25-cv-01766-EMC National TPS Alliance et al v. Noem et al Hearing on
5/29/25

Emi,

Thank you.  We're confused – the PII only docs were not withheld, they have
associated Bates numbers from the Production Volume. The log may also list
duplicates, which were produced once.  The data should show those dupes.

For example, "DOS Letter to DHS – Recommendation to Terminate TPS Designation
– Venezuela " is at NTPSA_497.  The log simply marks that the email forwarding
that letter contains PII that should be protected from disclosure.

I will continue to look at this here, but there is no intent to withhold anything
based solely on it containing PII.

Best,

Will

202-305-0770

This email and any attachments thereto may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If the reader of this transmission is not the intended recipient or the employee or agent responsible for delivering the transmission to the intended recipient, you are hereby notified that any dissemination, distribution, copying or use of this transmission or its contents is strictly prohibited. If you have received this transmission in error, please notify us by email or telephone and delete or destroy the original transmission and any copies (electronic or paper).

**From:** Emi MacLean <EMacLean@aclunc.org>
**Sent:** Tuesday, May 20, 2025 2:50 PM
**To:** Weiland, William H. (CIV) <William.H.Weiland@usdoj.gov>; Ahilan Arulanantham <arulanantham@law.ucla.edu>; Jessica Bansal Contact <jessica@ndlon.org>
**Cc:** Bryant, Lauren E (CIV) <Lauren.E.Bryant@usdoj.gov>; Dichter, Anna L. (CIV) <Anna.L.Dichter@usdoj.gov>; Hartman, Jeffrey M. (CIV) <Jeffrey.M.Hartman@usdoj.gov>; Ross, Catherine (CIV) <Catherine.Ross@usdoj.gov>; Saylor, Amanda B (CIV) <Amanda.B.Saylor@usdoj.gov>; Sheffield, Carlton F. (CIV) <Carlton.F.Sheffield2@usdoj.gov>; Snyderman, Eric M. (CIV) <Eric.M.Snyderman@usdoj.gov>; Vuong, Sarah L. (CIV) <Sarah.L.Vuong@usdoj.gov>
**Subject:** [EXTERNAL] RE: 3:25-cv-01766-EMC National TPS Alliance et al v. Noem et al Hearing on 5/29/25

Will,

Thank you for your message. We have begun to review the materials received last night.  As an initial matter, the privilege logs collectively contain 37 entries about critical, relevant, and responsive documents withheld solely based on "PII – Personally Identifying Information."  The materials concern such matters as "Memo – TPS VA Vacatur Final.pdf," "Venezuela Vacatur Notice," "TPS Vacatur," "Venezuela – 2025 Info," "DOS Letter to DHS – Recommendation to Terminate TPS Designation – Venezuela," "Haiti stats," "USCIS input: TPS Haiti Vacatur Notice," and "CIS numbers for TPS." There is no such privilege that entitles refusing to comply with a discovery order.  Defendants thus are in violation of the Court's discovery order.  Please confirm that those materials will be produced immediately.

Without prejudice to seeking clarification from the Court, Plaintiffs will agree to treat whichever portions of these materials Defendants contend qualify as "PII– Personally Identifying Information" as confidential in the interim – i.e., Plaintiffs will not publicly disclose those portions of the documents, whether via filing or otherwise.  If Defendants do not confirm that they will produce these materials today despite Plaintiffs' willingness to make this accommodation, then Plaintiffs intend to promptly alert and ask the District Court for relief.

We look forward to your prompt response no later than 2pm PST / 5pm EST today.

Best,
Emi



Emi MacLean
Pronouns: she/her/hers
Senior Staff Attorney
ACLU Foundation of Northern California
39 Drumm St., San Francisco, CA 94111
(929)375-1575 | emaclean@aclunc.org

---

**From:** Weiland, William H. (CIV) <William.H.Weiland@usdoj.gov>
**Sent:** Monday, May 19, 2025 9:34 PM
**To:** Ahilan Arulanantham <arulanantham@law.ucla.edu>; Emi MacLean <EMacLean@aclunc.org>; Jessica Bansal Contact <jessica@ndlon.org>
**Cc:** Bryant, Lauren E (CIV) <Lauren.E.Bryant@usdoj.gov>; Dichter, Anna L. (CIV) <Anna.L.Dichter@usdoj.gov>; Hartman, Jeffrey M. (CIV) <Jeffrey.M.Hartman@usdoj.gov>; Ross, Catherine (CIV) <Catherine.Ross@usdoj.gov>; Saylor, Amanda B (CIV) <Amanda.B.Saylor@usdoj.gov>; Sheffield, Carlton F. (CIV) <Carlton.F.Sheffield2@usdoj.gov>; Snyderman, Eric M. (CIV) <Eric.M.Snyderman@usdoj.gov>; Vuong, Sarah L. (CIV) <Sarah.L.Vuong@usdoj.gov>
**Subject:** RE: 3:25-cv-01766-EMC National TPS Alliance et al v. Noem et al Hearing on 5/29/25

Good evening,

In compliance with the Court's order, Defendants have uploaded the extra-record discovery, and privilege logs, here:
https://jefs.box.com/s/6l1y9cwevfl7x861f8w8vakf9pe0mhlb

The password for the zip file is dY3297fv6&dslgjk3206

Best,
Will

William H. Weiland
Senior Litigation Counsel
Office of Immigration Litigation
General Litigation and Appeals Section
Post Office Box 868 | Ben Franklin Station | Washington, DC 20044
P: (202) 305-0770; F: (202) 353-7000
william.h.weiland@usdoj.gov

This email and any attachments thereto may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If the reader of this transmission is not the intended recipient or the employee or agent responsible for delivering the transmission to the intended recipient, you are hereby notified that any dissemination, distribution, copying or use of this transmission or its contents is strictly prohibited. If you have received this transmission in error, please notify us by email or telephone and delete or destroy the original transmission and any copies (electronic or paper).

---

**From:** Vuong, Sarah L. (CIV) <Sarah.L.Vuong@usdoj.gov>
**Sent:** Monday, May 19, 2025 11:43 PM
**To:** Arulanantham, Ahilan <arulanantham@law.ucla.edu>; Emi MacLean <EMacLean@aclunc.org>; Jessica Bansal Contact <jessica@ndlon.org>
**Cc:** Bryant, Lauren E (CIV) <Lauren.E.Bryant@usdoj.gov>; Dichter, Anna L. (CIV) <Anna.L.Dichter@usdoj.gov>; Hartman, Jeffrey M. (CIV) <Jeffrey.M.Hartman@usdoj.gov>; Ross, Catherine (CIV) <Catherine.Ross@usdoj.gov>; Saylor, Amanda B (CIV) <Amanda.B.Saylor@usdoj.gov>; Sheffield, Carlton F. (CIV) <Carlton.F.Sheffield2@usdoj.gov>; Snyderman, Eric M. (CIV) <Eric.M.Snyderman@usdoj.gov>; Weiland, William H. (CIV) <William.H.Weiland@usdoj.gov>; Vuong, Sarah L. (CIV) <Sarah.L.Vuong@usdoj.gov>
**Subject:** RE: 3:25-cv-01766-EMC National TPS Alliance et al v. Noem et al Hearing on 5/29/25
**Importance:** High

Hi Ahilan,

Yes, we did see the Court's order from this evening and we will be sending the discovery responses to RFP 1-2 and 6 shortly, along with accompanying privilege logs. We are producing the documents subject to finalizing negotiations on the protective order. We also note that the privilege logs contain the names and email addresses of DHS career employees and we consider that information confidential as well. Happy to discuss tomorrow.

Best,
Sarah

---

**From:** Arulanantham, Ahilan <arulanantham@law.ucla.edu>
**Sent:** Monday, May 19, 2025 10:03 PM
**To:** Vuong, Sarah L. (CIV) <Sarah.L.Vuong@usdoj.gov>; Emi MacLean <EMacLean@aclunc.org>; Jessica Bansal Contact <jessica@ndlon.org>
**Cc:** Bryant, Lauren E (CIV) <Lauren.E.Bryant@usdoj.gov>; Dichter, Anna L. (CIV) <Anna.L.Dichter@usdoj.gov>; Hartman, Jeffrey M. (CIV) <Jeffrey.M.Hartman@usdoj.gov>; Ross, Catherine (CIV) <Catherine.Ross@usdoj.gov>; Saylor, Amanda B (CIV) <Amanda.B.Saylor@usdoj.gov>; Sheffield, Carlton F. (CIV) <Carlton.F.Sheffield2@usdoj.gov>; Snyderman, Eric M. (CIV) <Eric.M.Snyderman@usdoj.gov>; Weiland, William H. (CIV)

<[William.H.Weiland@usdoj.gov](mailto:William.H.Weiland@usdoj.gov)>
**Subject:** [EXTERNAL] Re: 3:25-cv-01766-EMC National TPS Alliance et al v. Noem et al
Hearing on 5/29/25

Dear Sarah,

We trust you have seen the district court's order this evening
in response to your assertion that you would not produce
further discovery absent a court order in light of the
Supreme Court's order.

We assume you will produce the discovery. If you do not
intend to do so, please let us know immediately so that we
can determine what further remedies to pursue.

I should add that we intend to file our summary judgment
motion by our previously-agreed upon schedule and need
the discovery to complete that task.

Take care,
ahilan

---

**From:** Vuong, Sarah L. (CIV) <[Sarah.L.Vuong@usdoj.gov](mailto:Sarah.L.Vuong@usdoj.gov)>
**Date:** Thursday, May 15, 2025 at 6:28 PM
**To:** Emi MacLean <[EMacLean@aclunc.org](mailto:EMacLean@aclunc.org)>, Jessica Bansal Contact
<[jessica@ndlon.org](mailto:jessica@ndlon.org)>, Arulanantham, Ahilan <[arulanantham@law.ucla.edu](mailto:arulanantham@law.ucla.edu)>
**Cc:** Bryant, Lauren E (CIV) <[Lauren.E.Bryant@usdoj.gov](mailto:Lauren.E.Bryant@usdoj.gov)>, Dichter, Anna L.
(CIV) <[Anna.L.Dichter@usdoj.gov](mailto:Anna.L.Dichter@usdoj.gov)>, Hartman, Jeffrey M. (CIV)
<[Jeffrey.M.Hartman@usdoj.gov](mailto:Jeffrey.M.Hartman@usdoj.gov)>, Ross, Catherine (CIV)
<[Catherine.Ross@usdoj.gov](mailto:Catherine.Ross@usdoj.gov)>, Saylor, Amanda B (CIV)
<[Amanda.B.Saylor@usdoj.gov](mailto:Amanda.B.Saylor@usdoj.gov)>, Sheffield, Carlton F. (CIV)
<[Carlton.F.Sheffield2@usdoj.gov](mailto:Carlton.F.Sheffield2@usdoj.gov)>, Snyderman, Eric M. (CIV)
<[Eric.M.Snyderman@usdoj.gov](mailto:Eric.M.Snyderman@usdoj.gov)>, Weiland, William H. (CIV)
<[William.H.Weiland@usdoj.gov](mailto:William.H.Weiland@usdoj.gov)>

**Subject:** RE: 3:25-cv-01766-EMC National TPS Alliance et al v. Noem et al Hearing on 5/29/25

Emi,

Thank you - we will file a stipulated request to take the hearing off the calendar next week.

Regarding the protective order, I disagree with the characterization that no protective order was necessary in Ramos. The government entered protective order agreements in the other TPS cases, and we would like to come to some agreement here that covers both personal contact and sensitive information. I am editing the NDCal order and will send you a draft in redline.

The additional custodians added were Amany Ezeldin, Tom Perkowski, Jessica Robles, and Emma Krichinsky, all from USCIS.

Best,
Sarah

---

**From:** Emi MacLean <EMacLean@aclunc.org>
**Sent:** Thursday, May 15, 2025 10:15 AM
**To:** Vuong, Sarah L. (CIV) <Sarah.L.Vuong@usdoj.gov>; Jessica Bansal Contact <jessica@ndlon.org>; Ahilan Arulanantham <arulanantham@law.ucla.edu>
**Cc:** Bryant, Lauren E (CIV) <Lauren.E.Bryant@usdoj.gov>; Dichter, Anna L. (CIV) <Anna.L.Dichter@usdoj.gov>; Hartman, Jeffrey M. (CIV) <Jeffrey.M.Hartman@usdoj.gov>; Ross, Catherine (CIV) <Catherine.Ross@usdoj.gov>; Saylor, Amanda B (CIV) <Amanda.B.Saylor@usdoj.gov>; Sheffield, Carlton F. (CIV) <Carlton.F.Sheffield2@usdoj.gov>; Snyderman, Eric M. (CIV) <Eric.M.Snyderman@usdoj.gov>; Weiland, William H. (CIV) <William.H.Weiland@usdoj.gov>
**Subject:** [EXTERNAL] RE: 3:25-cv-01766-EMC National TPS Alliance et al v. Noem et al Hearing on 5/29/25

Sarah,

Plaintiffs will stipulate to removing the 5/29 hearing from the calendar.

Regarding a protective order: In *Ramos*, the parties entered into an agreement protecting against the disclosure of "personnel contact information." (Please see attached.) We would consent to such an agreement here. We do not, however, see any reason why a broader protective order would be required here where none was

necessary in *Ramos*. We of course welcome further information from defendants about why the situation here is distinct such that a protective order is warranted.

Can you please also provide the names of the custodians referenced by their roles in the discovery status report order? See Dkt. 132 at pp. 2-3 (identifying as custodians the authors of the RAIO country conditions reports and OP&S Decision Memos).

Best,
Emi

**Emi MacLean**
Pronouns: she/her/hers
Senior Staff Attorney
ACLU Foundation of Northern California
39 Drumm St., San Francisco, CA 94111
(929)375-1575 | emaclean@aclunc.org

**From:** Vuong, Sarah L. (CIV) <Sarah.L.Vuong@usdoj.gov>
**Sent:** Wednesday, May 14, 2025 2:16 PM
**To:** Emi MacLean <EMacLean@aclunc.org>; Jessica Bansal Contact <jessica@ndlon.org>; Ahilan Arulanantham <arulanantham@law.ucla.edu>
**Cc:** Bryant, Lauren E (CIV) <Lauren.E.Bryant@usdoj.gov>; Dichter, Anna L. (CIV) <Anna.L.Dichter@usdoj.gov>; Hartman, Jeffrey M. (CIV) <Jeffrey.M.Hartman@usdoj.gov>; Ross, Catherine (CIV) <Catherine.Ross@usdoj.gov>; Saylor, Amanda B (CIV) <Amanda.B.Saylor@usdoj.gov>; Sheffield, Carlton F. (CIV) <Carlton.F.Sheffield2@usdoj.gov>; Snyderman, Eric M. (CIV) <Eric.M.Snyderman@usdoj.gov>; Weiland, William H. (CIV) <William.H.Weiland@usdoj.gov>
**Subject:** FW: 3:25-cv-01766-EMC National TPS Alliance et al v. Noem et al Hearing on 5/29/25

Hi Emi,

Would Plaintiffs stipulate to removing the 5/29 hearing from the Court's calendar?

We'd also like to enter into a protective order to cover the documents that will be produced on Monday. I will review the standard NDCal PO and send to you later this evening with our thoughts.

Best,
Sarah

**From:** EMC CRD <EMCCRD@cand.uscourts.gov>
**Sent:** Friday, May 9, 2025 4:47 PM
**To:** Vuong, Sarah L. (CIV) <Sarah.L.Vuong@usdoj.gov>
**Cc:** Emi MacLean <EMacLean@aclunc.org>; jessica@ndlon.org; Arulanantham, Ahilan <arulanantham@law.ucla.edu>; Bryant, Lauren E (CIV) <Lauren.E.Bryant@usdoj.gov>; Dichter, Anna L. (CIV) <Anna.L.Dichter@usdoj.gov>; Hartman, Jeffrey M. (CIV) <Jeffrey.M.Hartman@usdoj.gov>; Ross, Catherine (CIV) <Catherine.Ross@usdoj.gov>; Saylor, Amanda B (CIV) <Amanda.B.Saylor@usdoj.gov>; Snyderman, Eric M. (CIV) <Eric.M.Snyderman@usdoj.gov>; Weiland, William H. (CIV) <William.H.Weiland@usdoj.gov>
**Subject:** [EXTERNAL] RE: 3:25-cv-01766-EMC National TPS Alliance et al v. Noem et al Hearing on 5/29/25

Good Afternoon Ms. Vuong,

For the time being, there is still a hearing on 5/29/2025.  The Parties may stipulate to taking the hearing off calendar or attending via Zoom.

Thank you.



**Vicky L. Ayala**
Courtroom Deputy to the Honorable Edward M. Chen
United States District Court
Northern District of California
https://cand.uscourts.gov
Office: 415-522-2034

**From:** Vuong, Sarah L. (CIV) <Sarah.L.Vuong@usdoj.gov>
**Sent:** Thursday, May 8, 2025 7:11 AM
**To:** EMC CRD <EMCCRD@cand.uscourts.gov>
**Cc:** Emi MacLean <EMacLean@aclunc.org>; jessica@ndlon.org; Arulanantham, Ahilan <arulanantham@law.ucla.edu>; Bryant, Lauren E (CIV) <Lauren.E.Bryant@usdoj.gov>; anna.l.dichter_usdoj.gov <anna.l.dichter@usdoj.gov>; Hartman, Jeffrey M. (CIV) <Jeffrey.M.Hartman@usdoj.gov>; catherine.ross_usdoj.gov <catherine.ross@usdoj.gov>; Saylor, Amanda B (CIV) <Amanda.B.Saylor@usdoj.gov>; Snyderman, Eric M. (CIV) <Eric.M.Snyderman@usdoj.gov>; Weiland, William H. (CIV) <William.H.Weiland@usdoj.gov>
**Subject:** 3:25-cv-01766-EMC National TPS Alliance et al v. Noem et al Hearing on 5/29/25

**CAUTION - EXTERNAL:**

Good morning,

I write to ask if the motion hearing scheduled for May 29, 2025 (ECF 117) on Defendants' Motion to Stay Deadlines and Further Proceedings (ECF 115) will go forward in light of the Court's April 30, 2025 Order (ECF 124) on discovery.

Best,
Sarah

**Sarah L. Vuong**
**Assistant Director**
United States Department of Justice
Office of Immigration Litigation – General Litigation and Appeals
Post Office Box 868 | Ben Franklin Station | Washington, DC  20044
☎ 202-305-1263| ✉ sarah.l.vuong@usdoj.gov

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.