Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Amanda Young (SBN 359753)
ayoung@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Attorneys for Plaintiffs
*[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R., HENDRINA VIVAS CASTILLO, A.C.A., SHERIKA BLANC, VILES DORSAINVIL, and G.S.,<br><br>    Plaintiffs,<br><br>    vs.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA,<br><br>    Defendants. | Case No. 3:25-cv-01766-EMC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION (DKT. 141-2)** |

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Eva L. Bitran (SBN 302081)
ebitran@aclusocal.org
Diana Sanchez (SBN 338871)
dianasanchez@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (*Pro Hac Vice*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, 1H
San Diego, CA 92120
Telephone: (949) 603-7411

1    Defendants ask this Court to grant relief they did not even dare to request from the Ninth
2    Circuit or Supreme Court—to stay all deadlines or, in the alternative, to stay discovery. They
3    presumably concluded they could not make the extraordinary showing required to obtain that relief
4    from an appellate court, yet they now argue the Supreme Court's order staying the postponement
5    order compels such relief. The opposite is true, and the motion for reconsideration should be denied.

6    Defendants' motion inaccurately asserts the Supreme Court "must" have found "a likelihood
7    of success on the merits, a reasonable probability of obtaining certiorari, and a likelihood of
8    irreparable harm." Mot. at 1 (quoting *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010)). The
9    Supreme Court has said its broad discretion to grant a stay should be "guided" by "consideration" of
10   traditional factors. *See Nken v. Holder*, 556 U.S. 418, 434 (2009). But equitable principles are
11   inherently flexible. As the court of last resort, neither the guidance in *Hollingsworth* nor any other
12   doctrine requires the Supreme Court to grant stays solely based on the traditional factors. The
13   Supreme Court is not compelled to consider each factor, to weigh each factor in the same manner in
14   each case, or for a majority of the justices to agree on which factors warrant granting a stay based on
15   which issues. *See, e.g.*, *Gloucester Cty. Sch. Bd. v. G.G. ex rel. Grimm*, 579 U.S. 961 (2016) (Breyer,
16   J., concurring) (voting to grant stay application "as a courtesy" given four other justices voted to
17   grant a stay, the Court was in recess, and a stay would preserve the status quo until consideration of
18   petition for certiorari); *Arthur v. Dunn*, 580 U.S. 977 (2016) (statement of Roberts, C.J.) (voting to
19   grant stay to "afford [the four other justices who voted to grant] the opportunity to more fully
20   consider the suitability of this case for review"); *cf. Coinbase, Inc. v. Bielski*, 599 U.S. 736, 757
21   (2023) (Jackson, J., dissenting) (stating that majority required stays pending interlocutory
22   arbitrability appeals "even if none of the traditional stay prerequisites are present").

23   Defendants, however, would not be entitled to stay this case or block discovery even in a
24   hypothetical world where the Supreme Court had recited the traditional factors. Absent any specific
25   finding, it still would be speculative to assume a majority of the justices found in favor of
26   Defendants on the two factors undergirding their motion for reconsideration—likelihood of success
27   and irreparable harm. As illustrated by *Hollingsworth*, the Supreme Court knows how to make
28   express findings on likelihood of success (*Hollingsworth*, 558 U.S. at 190) or irreparable harm (*e.g.*,

*Dep't of Edu. v. Cal.*, 604 U.S. ----, 145 S. Ct. 966 (April 4, 2025)), when either or both of those factors drove a majority of the justices to grant a stay.

Moreover, even when the Supreme Court makes findings to grant a stay, "a predictive analysis" in connection with granting a stay "should not, and does not, forever decide the merits of the parties' claims." *E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 661 (9th Cir. 2021). Otherwise, a hurried "pre-adjudication adjudication would defeat the purpose of a stay, which is to give the reviewing court the time to 'act responsibly,' rather than doling out 'justice on the fly.'" *Leiva-Perez v. Holder*, 640 F.3d 962, 967 (9th Cir. 2011) (*quoting Nken*, 556 U.S. at 427); *see also, e.g.*, *Singh v. Berger*, 56 F.4th 88, 109 (D.C. Cir. 2022) (explaining that even an express finding as to likelihood of success when granting a stay "in no way prejudges" a party's "ability going forward to" advocate "on the merits before the district court").

It would be particularly inappropriate to place undue weight on the Supreme Court's stay order to stay discovery, because it was decided on a different record than the one Plaintiffs can now produce. Among other things, Defendants objected that the postponement order predated the production of the administrative record for Venezuela, whereas the administrative records for Venezuela and Haiti are now on file. Similarly, the postponement order relied on Section 705 of the APA, which Defendants argued does not permit relief for agency action that already has taken effect. In contrast, Plaintiffs intend to seek summary judgment under Section 706, which does not turn on whether agency action has taken effect, eliminating this objection as well. Additionally, the threadbare administrative records and discovery received to date further support a merits ruling on pretext—i.e., that the stated justifications for the challenged decisions appear to be after-the-fact, invented backfilling. For example, the Secretary did not consider purported "confusion" about the consolidated registration process as grounds to vacate TPS for Venezuela.

Defendants also denigrate the Court's rulings and findings in the postponement order as "baseless" or "contravened" by federal statute. Mot. at 1. Such assertions add nothing to their argument. The Court has made multiple independent legal and factual findings backed by unrebutted evidence and caselaw. Tellingly, Defendants alerted the Supreme Court to ongoing discovery in the emergency briefing, but the stay applies solely to the postponement order. Equally significant, rather

1    than strip the Court of the ability to preside over this litigation, or forbid this Court from reaching the
2    merits, the stay is "without prejudice" to this Court granting even interim relief to certain TPS
3    holders. That aspect of the stay order strongly suggests this Court retains authority to act.
4        Last, Defendants suggest the expedited schedule in the Ninth Circuit warrants a stay. Mot. at
5    2. They have it backwards. As Defendants acknowledge, the "landscape" has changed for TPS
6    holders. *Id.* Due to the stay of the postponement order, unless Plaintiffs promptly prevail on the
7    merits, Defendants can attempt to secure an extra-judicial win by removing TPS holders from the
8    United States before final adjudication. Relatedly, if Defendants believe the stay order "call[s] into
9    question" the Court's "analysis of hardship," *id.*, then it is even more important for Plaintiffs to
10   promptly move for a ruling on the merits of their Section 706 and discrimination claims, neither of
11   which requires a showing of irreparable harm.
12       For this and other reasons, as the Court aptly put it, "[t]he Supreme Court's decision stayed
13   the Court's postponement order but did not stay the litigation on the merits." Dkt. 143. Plaintiffs
14   therefore respectfully ask that the Court deny the motion for reconsideration.

Date: May 26, 2025                                  Respectfully submitted,

                                                    ACLU FOUNDATION
                                                    OF NORTHERN CALIFORNIA

                                                     /s/ *Emilou MacLean*
                                                    Emilou MacLean
                                                    Michelle (Minju) Y. Cho
                                                    Amanda Young

                                                    Ahilan T. Arulanantham
                                                    CENTER FOR IMMIGRATION LAW AND
                                                    POLICY, UCLA SCHOOL OF LAW

                                                    Eva L. Bitran
                                                    Diana Sanchez
                                                    ACLU FOUNDATION
                                                    OF SOUTHERN CALIFORNIA

                                                    Jessica Karp Bansal
                                                    Lauren Michel Wilfong (*Pro Hac Vice*)
                                                    NATIONAL DAY LABORER
                                                    ORGANIZING NETWORK

                                                    Erik Crew (*Pro Hac Vice*)
                                                    HAITIAN BRIDGE ALLIANCE

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 26, 2025, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

ACLU FOUNDATION
OF NORTHERN CALIFORNIA

/s/ *Emilou MacLean*
Emilou MacLean