YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division
SARAH L. VUONG (CA Bar 258528)
Assistant Director
WILLIAM H. WEILAND (Mass. Bar 661433)
Senior Litigation Counsel
LAUREN BRYANT (NY Bar 5321880)
ANNA DICHTER (NJ Bar 304442019)
JEFFREY HARTMAN (WA Bar 49810)
CATHERINE ROSS (DC Bar 9007404)
AMANDA SAYLOR (FL Bar 1031480)
ERIC SNYDERMAN (VA Bar 99563)
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, *et al.*,<br><br>                Plaintiff,<br>        v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*,<br><br>                Defendants. | Case No. 3:25-cv-1766-EMC<br><br>Judge: Hon. Edward M. Chen<br><br>DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO PRESERVE STATUS AND RIGHTS UNDER SECTION 705<br><br>Date: May 29, 2025<br>Time: 1:30 P.M.<br>Place: 450 Golden Gate Ave.<br>           San Francisco, CA 94102 |

DEFS.' OPP. TO PLS.' MOT. TO PRESERVE STATUS AND RIGHTS
No. 3:25-cv-1766-EMC

## INTRODUCTION

The Court should deny Plaintiff's Motion to Preserve Status and Rights Under Section 705 because Plaintiffs are unlikely to succeed on the merits or show that any of the remaining injunction factors tip in their favor. The February 3, 2025 Vacatur Notice invalidated all TPS-related documents with an October 2, 2026 expiration date. Plaintiffs' contrary arguments are unavailing,

## BACKGROUND

On May 19, 2025, the Supreme Court, in an 8-1 decision, granted the government's application for a stay of this Court's March 31, 2025 Order "pending the disposition of the appeal in the United States Court of Appeals for the Ninth Circuit and disposition of a petition for a writ of certiorari." *Noem v. Nat'l TPS All.*, No. 24A1059 (U.S. May 19, 2025).  This stay reverses the Court's order granting the motion to postpone the Secretary of Homeland Security's "decision to vacate the extension of the 2023 Designation and to terminate the 2023 Designation." *Nat'l TPS All. v. Noem*, --- F. Supp. 3d ----, 2025 WL 957677, at *47 (N.D. Cal. Mar. 31, 2025), *appeal pending*, No. 25-2120 (9th Cir. filed Apr. 2, 2025). The second paragraph of the Supreme Court order states, "This order is without prejudice to any challenge to Secretary Noem's February 3, 2025 vacatur notice insofar as it purports to invalidate Employment Authorization Documents (EAD), Forms I-797, Notices of Action, and Forms I-94 issued with October 2, 2026 expiration dates. *See* 8 U.S.C. § 1254a(d)(3)."

Plaintiffs seek interim relief "to prevent irreparable harm to the individuals identified in that second paragraph," Pls.' Mot. 1, by preserving the "'status and rights' reflected in those documents." *Id.* at 2. Plaintiffs ask the Court to preserve the status and rights of Venezuelan individuals who received Employment Authorization Documents (EAD), Form I-797 Notices of Action, and Forms I-94 that were issued with an October 2, 2026 expiration date before the effective date of termination of the 2023 designation of Venezuela for Temporary Protected Status (TPS). *Id*. at 2, 4.

## LEGAL STANDARD

The standards for relief under 5 U.S.C. § 705 and for preliminary injunctions are the same. *See Sampson v. Murray*, 415 U.S. 61, 80 (1974). A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of

DEFS.' RESPONSE TO PLAINTIFFS' MOT. TO PRESERVE
No. 3:25-cv-1766-EMC
1

persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation marks omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that the injunction is in the public interest." *Winter v. NRDC*, 555 U.S. 7, 20 (2008). "[A] proper showing regarding irreparable harm" is "a necessary but not sufficient condition for the exercise of judicial discretion to issue a stay." *Leiva-Perez v. Holder*, 640 F.3d 962, 965 (9th Cir. 2011).

## ARGUMENT

**1. Merits.** Plaintiffs are unlikely to succeed on the merits because the February 3, 2025 Vacatur Notice invalidated all TPS-related documents with an October 2, 2026 expiration date, *see Vacatur of 2025 Temporary Protected Status Decision for Venezuela*, 90 Fed. Reg. 8805, 8806-8807 (Feb. 3, 2025), and the Court lacks jurisdiction to review the Secretary's "determination … with respect to the … extension of a designation" to that effect, 8 U.S.C. § 1254a(b)(5)(A).

In vacating the 2025 Venezuela Extension, the Secretary's February 3, 2025 vacatur notice invalidated TPS-related documentation issued in reliance on that vacated extension. That is a determination "with respect to" an extension of a TPS designation, and it accordingly falls within the broad jurisdictional bar that forbids courts from reviewing TPS determinations. *See Noem v. NTPSA*, No. 24A1059, Stay Appl. at 16-20; ECF No. 60 at 7-13.

Second, Plaintiffs are unlikely to succeed on the underlying merits even if the Court had jurisdiction. As the government has maintained, a vacatur of an extension is a determination distinct from a termination. Plaintiffs assert that under 8 U.S.C. § 1254a(d)(3), TPS-related documentation for Venezuelans should remain valid if it was issued on or before April 7, 2025, and contains any date before the October 2, 2026 expiration date of the 2025 Venezuela Extension. Pls.' Mot. at 9. Under 8 U.S.C. § 1254a(d)(3), if the Secretary of Homeland Security "*terminates* the designation of a foreign state (or part of such foreign state) under subsection (b)(3)(B), such *termination* shall only apply to documentation and authorization issued or renewed after the effective date of the publication of notice of the determination." 8 U.S.C. § 1254a(d)(3) (emphasis added). Here, the Secretary's vacatur of the 2025 Venezuela Extension was not a termination. To the contrary, it vacated the extension and moved up the

DEFS.' RESPONSE TO PLAINTIFFS' MOT. TO PRESERVE
No. 3:25-cv-1766-EMC

deadline for the Secretary to *consider whether to terminate* Venezuela's TPS designation. Thus, 8 U.S.C. § 1254a(d)(3) does not apply.

Instead, a different provision controls the effectiveness of TPS documentation when it comes to an extension. Section 1254a(d)(2) states that "subject to paragraph [(d)](3), such [TPS] documentation shall be valid during the initial period of designation of the foreign state (or part thereof) involved *and any extension of such period*." (emphasis added). Here, that cuts in favor of the government. A vacatur of an extension that has not yet gone into effect must allow the Secretary to shorten the duration of any TPS-related documentation that would only have been valid throughout the noticed extension. *See id*. Otherwise, the Secretary would be locked into previous extensions, regardless of her national interest concerns (and, in this case, even though the extension had not yet taken effect). The Secretary vacated the TPS extension before it took effect; any TPS-related documentation with a later expiration date, in reliance on the extension vacated before it even took effect, reverts to its original expiration date. 90 Fed. Reg. at 8806 (Feb. 3, 2025) (the 2025 Venezuela Extension's effective date was April 3, 2025); 8 U.S.C. § 1254a(d)(2).

The Secretary's implicit authority to vacate permits her to alter the duration of an extension, as in the case of Venezuela. *See Noem v. Nat'l TPS All.*, No. 24A1059, Stay Appl. at 20-27. In the February 3, 2025 Vacatur Notice, Secretary Noem specifically stated that the noticed 2025 Venezuela Extension was rescinded. 90 Fed. Reg. at 9042-43. This rescission reverted any TPS-related documentation that had been issued with an October 2, 2026 expiration date to its original expiration date, as stated in the FRN. 90 Fed. Reg. 8807 (Feb. 3, 2025) ("USCIS will invalidate EADs; Forms I–797, Notice of Action (Approval Notice); and Forms I–94, Arrival/Departure Record (collectively known as TPS-related documentation) that have been issued with October 2, 2026 expiration dates under the Mayorkas Notice."). *Id.* USCIS will provide refunds to any fees paid by these aliens as well. *Id*. These documents were improperly issued, and can be invalidated, regardless of subsection (d)(3) because the 2025 Venezuela Extension never went into effect and the condition upon which the documents were issued no longer exists.

Plaintiffs argue that the rescission of these TPS-related documents "contravene[] the reasonable reliance interest that individuals gain upon receipt of government documents." Pls.' Mot. 9. Plaintiffs,

DEFS.' RESPONSE TO PLAINTIFFS' MOT. TO PRESERVE
No. 3:25-cv-1766-EMC

3

however, have been on notice since at least February 5, 2025 that any documents issued with an October 2, 2026 expiration date under the 2025 Venezuela Extension would be invalidated in light of the Secretary's vacatur. *See* 90 Fed. Reg. at 8807; 90 Fed. Reg. at 9042-43. Thus, Plaintiffs have known for months that their TPS-related documents issued with a October 2, 2026 expiration date under the 2025 Venezuela Extension will be invalid, should the Secretary's vacatur take effect, and their reliance arguments are unpersuasive.

Finally, the government addresses Plaintiffs' assertion that by allowing a challenge to the vacatur notice, the Supreme Court must not have "accepted [Defendants] position" that "'the TPS statute commits to the Secretary's unreviewable authority any and all determinations concerning TPS designation, extension, and termination.'" Pls.' Mot. 6. Hardly. The Supreme Court's order merely flagged the issue and explained that it *did not* pass on whether such a challenge would succeed for any reason, merits or otherwise. No one had yet briefed the issue or any issues it implicates, including whether the jurisdictional bar applies. The Supreme Court's *rejection* of Plaintiffs' arguments does not somehow support this new argument.

**2. Remaining Injunction Factors.** The remaining injunction factors, irreparable harm, balance of equities, and public interest, also tip in the government's favor. The government has set forth these arguments in previous briefing. *See Noem v. NTPSA*, No. 24A1059, Stay Appl. at 15-17; ECF No. 60 at 22-25.

### CONCLUSION

The Court should deny Plaintiffs' Motion to Preserve Status and Rights Under Section.

Dated: May 27, 2025                                 Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

WILLIAM H. WEILAND (Mass. Bar 661433)
Senior Litigation Counsel

CATHERINE ROSS (DC Bar 9007404)

DEFS.' RESPONSE TO PLAINTIFFS' MOT. TO PRESERVE
No. 3:25-cv-1766-EMC

4

ERIC SNYDERMAN (VA Bar 99563)
ANNA DICHTER (NJ Bar 304442019)
LAUREN BRYANT (NY Bar 5321880)
AMANDA SAYLOR (FL Bar 1031480)
Trial Attorneys

*/s/ Sarah L. Vuong*
SARAH L. VUONG
Assistant Director (CA Bar 258528)
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 305-1263
sarah.l.vuong@usdoj.gov

*Attorneys for the Defendants*

DEFS.' RESPONSE TO PLAINTIFFS' MOT. TO PRESERVE
No. 3:25-cv-1766-EMC

5