Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Emilou H. MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Amanda Young (SBN 359753)
ayoung@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Attorneys for Plaintiffs
*[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R., HENDRINA VIVAS CASTILLO, A.C.A., SHERIKA BLANC, VILES DORSAINVIL, and G.S.,<br><br>*Plaintiffs*,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA,<br><br>*Defendants*. | Case No. 3:25-cv-01766-EMC<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO PRESERVE STATUS AND RIGHTS UNDER SECTION 705 (DKT. 144)**<br><br>Assigned to: Hon. Edward M. Chen<br><br>Date: May 19, 2025<br>Time: 1:30pm<br>Place: Courtroom 5, 17th Floor<br><br>Complaint filed: February 19, 2025 |

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Eva L. Bitran (SBN 302081)
ebitran@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (*Pro Hac Vice*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, Suite 1H
San Diego, CA 92120
Telephone: (949) 603-7411

# INTRODUCTION

Plaintiffs bring a targeted challenge to unlawful agency action that purports to retroactively invalidate already issued government documents, thereby contravening the clear language of 8 U.S.C. § 1254a(d)(3). *See* Dkt. 144 (the "Mot."). Subsection (d)(3) protects the reliance interests not only of Plaintiffs, but also of employers, state and local agencies, and others who rely on government-issued documents to establish work authorization and immigration status.

Defendants offer three arguments in opposition. *See* Dkt. 155 (the "Opp."). Each falls flat. Defendants first contend that Subsection (d)(3) applies only to terminations, not vacaturs. That position cannot be reconciled with the Supreme Court's citation of Subsection (d)(3) in reference to a challenge to the vacatur notice, and, in any event, would render Subsection (d)(3) meaningless. Defendants next rehash jurisdictional arguments already rejected by this Court. The Supreme Court's stay order provides no reason to reconsider this Court's rejection of them. If anything, the stay order indicates the Supreme Court did not credit Defendants' extreme positions on jurisdiction. Finally, Defendants advance an overly narrow conception of the reliance interests imperiled by their unprecedented action. The termination notice did not somehow eliminate the legitimate reliance interest Plaintiffs and others already had placed on government-issued documents to mean what they say from one day to the next.

# ARGUMENT

The Supreme Court expressly stated that its stay order is "without prejudice to any challenge" to the vacatur "insofar as it purports to invalidate" certain TPS-related documentation. Dkt. 144-1. It then cited 8 U.S.C. § 1254a(d)(3). That provision expressly limits the Secretary's authority to invalidate already issued documents. Plaintiffs have taken up the Supreme Court's invitation, moving this Court to preserve the "status and rights" conferred by those documents.

Defendants' primary argument in opposition is that Subsection (d)(3) does not apply here. Their theory is that the Secretary invalidated previously issued documents in the vacatur order, rather than in connection with the termination. Opp. 3 (asserting that "a different provision controls" whether a vacatur of an extension can invalidate already issued documents). But the Supreme Court did not think so. Defendants' position that Subsection (d)(3) applies only to terminations, not

1

vacaturs, is inconsistent with the Supreme Court's citation of Subsection (d)(3) in relation to "any challenge to Secretary Noem's February 3, 2025 vacatur notice." That alone constitutes good reason to reject Defendants' view.

Defendants' position also is contrary to the clear Congressional intent codified in Subsection (d)(3). That provision limits the agency's ability to invalidate already issued documents. Even assuming the TPS statute does not foreclose one Secretary from vacating an extension granted by another (this Court has ruled otherwise), Defendants offer no reason why Congress would expressly prohibit the agency from retroactively invalidating already issued documents in the context of a termination, but not a vacatur. If Subsection (d)(3) does not apply to a vacatur, then the Secretary could circumvent its constraints merely by purporting to invalidate before terminating TPS. Congress cannot have intended such a nonsensical result.

Defendants also assert this Court lacks jurisdiction, but offer nothing to warrant this Court altering its ruling on that score. Dkt. 93 at 14–28. Its holdings on jurisdiction remain the law of the case. *See Ingle v. Cir. City*, 408 F.3d 592, 594 (9th Cir. 2005); *Lone Star Sec. & Video, Inc. v. City of Los Angeles*, 989 F. Supp. 2d 981, 989 (C.D. Cal. 2013), *aff'd*, 827 F.3d 1192 (9th Cir. 2016). The Supreme Court's stay order says nothing about jurisdiction, and therefore provides no basis on which to reconsider this Court's detailed jurisdictional analysis. If anything, the Court's statement that its ruling was "without prejudice" to this challenge indicates it did *not* credit Defendants' jurisdictional arguments. Mot. 2.

Defendants' third objection is that Plaintiffs have no valid reliance interests in TPS-related documentation received pursuant to the January 17 extension. According to Defendants, the February 5 termination decision put them "on notice" that government-issued documentation would no longer be valid. Opp. 4. But a notice that a person may no longer rely on rights conferred by a prior agency decision obviously does not itself serve to eliminate already existing reliance interests in that prior decision. If it did, no challenge based on an agency's failure to account for reliance interests when changing a settled policy could ever succeed; reliance interests would always be eliminated by notice of the intent to change the policy itself. That is not the law. *See, e.g., DHS v. Regents of the Univ. of Cal.*, 591 U.S. 1, 30–31 (2020) (holding the APA required DHS to consider

2

1  DACA recipient's reliance interests in the DACA program before rescinding it). Nor does the
2  "temporary" nature of TPS vitiate reliance interests any more than did the two-year period at issue
3  for DACA grants in *Regents*. *Id*. at 10, 30.

4  Further, Defendants fail to appreciate the full range of reliance interests impacted by the
5  vacatur's retroactive invalidation of TPS-related documentation. TPS holders are not the only people
6  who rely on these documents. Employers are *required* to accept as proof of work authorization both
7  unexpired Employment Authorization Documents (EADs) and facially expired EADs accompanied
8  by Form I-797 receipt notices automatically extending those EADs. *See* 90 Fed. Reg. 5961, 5969–71
9  (Jan. 17, 2025) (explaining that failure to accept such documents may constitute unlawful
10 discrimination). Many state agencies also rely on Forms I-797 and Notices of Action to determine an
11 individual's immigration status. *Id.* at 5971. Insofar as the vacatur purports to retroactively invalidate
12 already issued documents, it leaves employers, state and local government officials, and others who
13 rely on government-issued documents in the untenable position of not knowing whether these
14 government documents can be trusted to mean what they say. The vacatur notice failed entirely to
15 consider these reliance interests. *See id.* at 8807 (considering only reliance interests of TPS
16 registrants generally, without considering specific interests of registrants who received documents
17 pursuant to extension or third parties who relied on such documentation). The order Plaintiffs seek
18 would protect the interests of all who rely on these documents.

19 Finally, Plaintiffs clarify that they seek an order preserving the status and rights conferred by
20 TPS-related documentation issued pursuant to the January 17, 2025 extension on or before *May 19,*
21 *2025*, not April 7, 2025, as Defendants state. Opp. 2. While April 7 was the planned effective date
22 announced in the February 3, 2025 Termination Notice, the termination did not go into effect on
23 April 7 because of this Court's postponement order. Instead, the termination went into effect no
24 earlier than May 19—when the Supreme Court issued its stay. To the extent Defendants continued to
25 issue TPS-related documentation pursuant to the January 17, 2025 extension while this Court's
26 postponement order was in effect, 8 U.S.C. § 1254a(d)(3) prohibits attempts to retroactively
27 invalidate that documentation.
28

## CONCLUSION

For the reasons stated here and in Plaintiffs' motion, the Court should issue an order preserving the rights and status conferred by TPS-related documentation issued pursuant to the January 17, 2025 extension before the effective date of the termination.

Date:  May 28, 2025

Respectfully submitted,

ACLU FOUNDATION
OF NORTHERN CALIFORNIA

 */s/Emilou MacLean*
Emilou MacLean
Michelle (Minju) Y. Cho
Amanda Young

Ahilan T. Arulanantham
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW

Eva L. Bitran
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA

Jessica Karp Bansal
Lauren Michel Wilfong (*Pro Hac Vice*)
NATIONAL DAY LABORER ORGANIZING
NETWORK

Erik Crew (*Pro Hac Vice*)
HAITIAN BRIDGE ALLIANCE
Attorneys for Plaintiffs