Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Amanda Young (SBN 359753)
ayoung@aclunc.org
ACLU FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Attorneys for Plaintiffs
*[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R., HENDRINA VIVAS CASTILLO, A.C.A., SHERIKA BLANC, VILES DORSAINVIL, and G.S.,

Plaintiffs,

vs.

KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA,

Defendants.

Case No. 3:25-cv-01766-EMC

**PLAINTIFFS' REPLY IN SUPPORT OF REQUEST FOR EMERGENCY RELIEF IN LIGHT OF DEFENDANTS' NON-COMPLIANCE WITH DISCOVERY ORDER**

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Eva L. Bitran (SBN 302081)
ebitran@aclusocal.org
Diana Sanchez (SBN 338871)
dianasanchez@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (*Pro Hac Vice*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, 1H
San Diego, CA 92120
Telephone: (949) 603-7411

Plaintiffs still have no assurance about whether or when Defendants will comply with their discovery obligations. Quite the opposite. Defendants have not demonstrated reasonable diligence or transparency. They initially assured Plaintiffs that their May 19th production was complete. After repeated inquiries, Defendants acknowledged a deficiency on May 22nd, but represented it was limited to no more than 159 documents. Yesterday, Defendants disclosed for the first time purported "serious systematic issues" that apparently cut the volume of data collected for certain custodians roughly in half. Dkt. 153-1 ¶¶ 3–5. As of this filing, Defendants have not advised as to the number of documents impacted or the estimated date when these materials will be produced.

Equally problematic, yesterday's declaration concerns a narrow subset of custodians and raises more questions than it answers. Defendants appear to admit (via silence) that they never inquired whether custodians ever used, or gathered documents from, basic repositories essential to a meaningful custodial collection, including: (a) paper documents; (b) laptop/desktop hard drives, (c) personal email accounts, and (d) mobile devices (including messaging applications).[1] No explanation is forthcoming as to why Secretary Noem, Corey Lewandowski, and other important custodians with broad responsibilities, who directly participated in the challenged decisions, are not custodians for a single document or, at most, a handful of documents. *See* Ex. 1 (updated list of documents produced or logged for each custodian, reflecting today's supplemental production); Dkt. 132-1 (describing roles and responsibilities of custodians). Nor have Defendants explained how documents can "hit" on the search strings approved by the Court for the narrow time period at issue, yet not be responsive. For instance, out of the 159 documents identified as overlooked last week, Defendants ultimately produced and logged just 54—roughly 34%.

To avoid further delays, for each custodian, Defendants should be directed to search for and produce all non-privileged "hits" found among paper files, hard drives, emails, and mobile devices, including messaging apps—whether official or personal, so long as used for official business concerning the challenged decisions—on an expedited timeline. Defendants also should be required

[1] Defendants apparently collected from OneDrive, which *could* account for files on laptops/desktops, but only if users synched their laptops/desktops with OneDrive. Defendants have not advised whether these custodians used OneDrive in that fashion. Similarly, Defendants' collection from Teams matters only if these custodians used Teams while logged into official systems. It would not capture messages sent via other applications (such as Signal) on personal or work devices.

to submit a declaration under penalty of perjury that confirms their compliance with the same, as well as written responses to RFP Nos. 1, 2, and 6 signed by counsel or a party. Finally, Defendants should promptly advise as to the number of "hits" still to be reviewed and produced, including so the Court and Plaintiffs can evaluate how best to proceed in light of the ongoing discovery deficiencies.

Date: May 28, 2025

Respectfully submitted,

ACLU FOUNDATION
OF NORTHERN CALIFORNIA

/s/ *Emilou MacLean*
Emilou MacLean
Michelle (Minju) Y. Cho
Amanda Young

Ahilan T. Arulanantham
CENTER FOR IMMIGRATION LAW AND POLICY, UCLA SCHOOL OF LAW

Eva L. Bitran
Diana Sanchez
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA

Jessica Karp Bansal
Lauren Michel Wilfong (*Pro Hac Vice*)
NATIONAL DAY LABORER
ORGANIZING NETWORK

Erik Crew (*Pro Hac Vice*)
HAITIAN BRIDGE ALLIANCE

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2025, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

ACLU FOUNDATION
OF NORTHERN CALIFORNIA

/s/ *Emilou MacLean*
Emilou MacLean