|   |   |
|---|---|
| NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R., and HENDRINA VIVAS CASTILLO,<br><br>        Plaintiffs,<br><br>   vs.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA,<br><br>        Defendants. | Case No. 3:25-cv-01766-EMC<br><br>**[PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO DISMISS**<br><br>The Honorable Edward M. Chen<br><br>Date: July 11, 2025<br>Time: 9:00 a.m.<br>Place: Courtroom 5, 17th Floor<br><br>Complaint Filed: February 19, 2025<br>Amended Complaint Filed: March 20, 2025<br>Trial Date: None set |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

**[PROPOSED] ORDER**

Defendants' Motion to Dismiss the First Amended Complaint [Dkt. 122] ("Motion") was heard on July 11, 2025 at 9:00 a.m. by this Court. Having considered all papers filed in support of and in opposition of the Motion, oral arguments, and all other pleadings and papers on file in this matter, the Court finds that Plaintiffs have sufficiently stated claims upon which relief can be granted as follows:

1. This Court has jurisdiction over all of Plaintiff's claims. Plaintiffs do not lack standing because the alleged reduction of a fixed period of legal status and work authorization constitutes immediate injury and risk of future harm. Furthermore, neither 8 U.S.C. § 1254a(b)(5)(A) ("TPS") statute nor 5 U.S.C. § 701(a)(2) ("APA") preclude review of Plaintiff's claims, and 8 U.S.C. § 1252(f)(1) does not preclude the requested relief.

2. Plaintiffs have adequately alleged that the Secretary's decisions to vacate and terminate Venezuela's 2023 TPS designation and to partially vacate Haiti's 2024 TPS extension and redesignation violate the APA. The Secretary of Homeland Security lacks authority to vacate a TPS extension, and the vacaturs and termination are arbitrary and capricious because they rest on legal errors, fail to consider obvious alternatives, and are pretextual.

3. Plaintiffs have adequately alleged that Defendants' decisions to vacate and terminate Venezuela's 2023 TPS designation and to partially vacate Haiti's 2024 TPS extension and redesignation are unconstitutional under the equal protection component of the Fifth Amendment because they were motivated, at least in part, by intentional discrimination based on race, ethnicity, or national origin.

Accordingly**,** IT IS HEREBY ORDERED THAT Defendants' Motion is **DENIED.**

Date: _____, 2025

The Honorable Edward M. Chen
UNITED STATES DISTRICT JUDGE