May 28, 2025

**Filed Electronically Via CM/ECF**

The Honorable Edward M. Chen
U.S. District Court, Northern District of California
Phillip Burton Federal Building and U.S. Courthouse
450 Golden Gate Avenue, Courtroom 5 – 17th Floor
San Francisco, California 94102

      Re:    *National TPS Alliance, et al. v. Noem, et al.*, Case No. 3:25-cv-01766-EMC

Dear Judge Chen:

This joint letter concerns a discovery dispute related to Defendants' claim of deliberative process privilege ("DPP"). Counsel have conferred telephonically, but lead counsel have concluded they are unable to reach agreement. Plaintiffs request a conference at the Court's convenience.

## I.    **Plaintiffs' Position – Deliberative Process Privilege Is Inappropriate**.

To date, Defendants have produced fewer than 105 documents apart from the administrative records. In contrast, Defendants have withheld in full or part 466 documents. Of those, 137 have been withheld or redacted solely based on the DPP. The DPP objection is meritless and should be overruled as inapplicable, unsubstantiated, or outweighed in light of Plaintiffs' need.

*First*, this is not the type of dispute where the DPP can properly be raised because the entire nature of the lawsuit concerns (a) government misconduct and (b) the intent of government actors. *See, e.g.*, *Convertino v. DOJ*, 674 F. Supp. 2d 97, 102 (D.D.C. 2009); *In re Subpoena Duces Tecum Served on OCC*, 145 F.3d 1422, 1424 (D.C. Cir. 1998).

*Second*, DPP is a qualified privilege, and Plaintiffs have made a compelling showing for overruling it. *See Ramos v. Nielsen*, No. 18-cv-01554-EMC, 2018 WL 5264529, at *2 (N.D. Cal. Aug. 15, 2018). Plaintiffs' claims concern government misconduct, pretext, and racial animus, making all of the documents at issue of critical relevance, and leaving Plaintiffs with no choice but to seek them from Defendants. *FTC v. Warner Commc'ns*, 742 F.2d 1156, 1161 (9th Cir. 1984) (identifying relevance, lack of alternatives, and government's role as pertinent factors in weighing whether to overrule DPP). Especially in a setting where, like here, the Court already has found evidence of pretext and "classic … racism," ECF No. 93 at 58–59, 66, 74, these factors alone warrant overruling DPP, *Thomas v. Cate*, 715 F. Supp. 2d 1012, 1020 (E.D. Cal. 2010).

*Third*, other factors typically considered by courts with respect to DPP also favor compelling disclosure: "the interest of the litigant, and ultimately society, in accurate judicial fact finding, . . . the seriousness of the litigation and the issues involved, . . . and . . . the federal interest in the enforcement of federal law." *N. Pacifica, LLC v. City of Pacifica*, 274 F. Supp. 2d 1118, 1122 (N.D. Cal. 2003). Both parties should have an interest in getting to the truth of whether the

Secretary complied with the TPS statutory regime when vacating and terminating TPS for Venezuela and Haiti or, instead, engaged in arbitrary and capricious conduct and acted on racial animus. Each of these issues could not be more serious. The answers will directly impact the lives of 1.1 million TPS holders and their communities. For these reasons, the public interest in favor of disclosure is at its apex.

*Fourth*, this is no mere fishing expedition. Defendants' privilege logs and limited production to date reinforce why these decisions appear to be pretexual deviations from past practice in violation of statutory constraints. For instance, with regard to Venezuela, those materials indicate that: (1) Defendants began drafting the vacatur notice *before* Secretary Noem was confirmed on January 25; (2) Defendants appear to have begun to draft a termination notice *before* the Secretary announced the vacatur on January 28; and (3) Defendants prepared termination documents *before* Secretary of State Marco Rubio provided a recommendation, despite the statutory requirement that the Secretary make a decision "after consultation with appropriate agencies." 8 U.S.C. § 1254a(b)(3)(A). Likewise, for Haiti, the decision to partially vacate a TPS designation for over half a million people apparently occurred over roughly six days—an impossible timeline within which to satisfy the requirements of the TPS regime.

*Finally*, the Court should overrule the DPP assertions as unsubstantiated. Defendants have supplied "no declaration, and hence no evidence, that any of the documents reviewed is typically kept confidential or that disclosure of such is likely to inhibit frank discussions and debate." *See Ramos*, 2018 WL 5264529, at *2 n.4; *L.H. v. Schwarzenegger*, No. CIV S-06-2042 LKK GHH, 2008 WL 2073958, at *7 (E.D. Cal. May 14, 2008) (finding DPP waived absent declarations); *United States v. Rozet*, 183 F.R.D. 662, 665 (N.D. Cal. 1998) (DPP technically may be invoked only by the agency head after personally reviewing the documents). No declarant has certified that withheld materials were and remain deliberative—*e.g.*, that documents have not "lost their predecisional status by being adopted as final policies . . . ." *See United States ex rel. Poehling v. UnitedHealth Grp., Inc.*, No. CV 16-8697 WWF (SSx), 2018 WL 8459926, at *13–14 (C.D. Cal. Dec. 14, 2018) (noting, for example, that materials from a "superior" to a "subordinate" are less likely deliberative) (internal quotations omitted). Nor can Defendants possibly justify withholding documents that *post*-date challenged decisions as DPP. *See Ramos*, 2018 WL 5264529, at *1 (doubting "whether the DPP applies to a document that post-dates the decision(s) to terminate the TPS designation(s)." And their logs consist of boilerplate justifications.

Plaintiffs therefore request that Defendants be ordered to produce within two days all documents, or portions of documents, withheld or redacted solely based on DPP.

## II.     **Defendants' Position**

While Defendants note that this Court has determined it has jurisdiction to proceed, it is also clear the Ninth Circuit will soon address this determination. Given that the Supreme Court has stayed this Court's postponement order, Defendants respectfully assert that this Court should refrain from requiring the Defendants from turning over any documents identified as privileged until the Ninth Circuit and the Supreme Court have issued their decisions on the matter. This is particularly so in light of the potential prejudice posed to Defendants if privileged materials are disclosed only to find out they should not have been.

The deliberative process privilege is rooted in fostering open, candid communication amongst government officials in order to "improve the quality of agency decisions." *See N.L.R.B. V. Sears, Roebuck & Co.*, 421 U.S. 132, 133 (1975); *see also Coastal States Gas Corp. v. Dept. of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980); *Scalia v. Intl. Longshore and Warehouse Union*, 336 F.R.D. 603, 609 (N.D. Cal. 2020). Plaintiffs do not contest that the documents at issue are pre-decisional and deliberative in nature. Indeed, Plaintiffs argument that discussions on TPS may have begun before Secretary Noem was sworn in is a red herring – to the extent this is true, nothing precluded the agency from beginning a review and the fact that these discussions began early merely reinforces their pre-decisional nature. Plaintiffs also contend that the deliberative process privilege should be waived wholesale because the lawsuit concerns the intent of government actors and government misconduct. In this vein, Plaintiffs contend that their immediate need for the privileged documents overrides the government's interest in non-disclosure. But the artificial pressures of Plaintiffs' desired summary judgment briefing schedule on their Equal Protection Claim is an insufficient basis for their demand that the Department justify every document marked as privileged via sworn declaration on an emergency basis and then complain when it has not happened. That process alone would take longer than the Defendants have been given to produce responsive documents in this case.

Furthermore, Plaintiffs' demand that pre-decisional, deliberative documents be immediately turned over based solely on their hunch that one of those documents might show the racial animus needed to substantiate their claim is the equivalent of "a blind fishing expedition seeking unknown evidence." *See e.g. U.S. v. Reed*, 726 F.2d 570, 577 (9th Cir. 1984); *U.S. v. Larson*, No. 12-CR-00886-BLF-1, 2014 WL 5696204, at *2 (N.D. Cal. Nov. 4, 2014); *see also In re Surety Assn' of Am.*, 388 F.2d 412, 414 (2d Cir. 1967) ("the parties should not be permitted to roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so"). Indeed, Plaintiffs sweeping demands for all deliberative information in two days again calls into question Plaintiffs' basis for asserting that this case is properly postured for summary judgment on all counts of Plaintiffs' complaint.

Finally, Plaintiffs' wholesale rush to pierce the deliberative process privilege runs significant risk of hindering frank and independent discussion regarding significant policies and decisions – i.e., the very risk that deliberative process privilege aims to mitigate. *See e.g. Desert Survivors v. US Dept. of the Int.*, 231 F. Supp. 3d 368, 383 (N.D. Cal. 2017) (recognizing "binding authority that requires this Court to be mindful of the possibility of chilling of frank and candid deliberations by administrative decision-makers). The deliberative process privilege is rooted in "the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news." *Citizens Union of City of New York v. Atty. Gen. of New York*, 269 F. Supp. 3d 124, 170 (S.D.N.Y. 2017) (internal quotations omitted). Rushing the process to pierce the privilege here to expose communications and documents that reveal the recommendations of agency officials on sensitive policy matters does nothing more than make it less likely that officials will be as forthcoming in their future communications.

The Court should decline Plaintiffs invitation to hastily wave away Defendants' privilege.

Respectfully submitted,

Date: May 28, 2025

ACLU FOUNDATION OF NORTHERN CALIFORNIA

/s/ Emilou MacLean
Emilou MacLean

*Attorney for Plaintiffs*

Date May 28, 2025

U.S. DEPARTMENT OF JUSTICE

/s/ William H. Weiland
William H. Weiland

*Attorney for Defendants*

**SIGNATURE ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that the other Signatory has concurred in the filing of this document.

Date: May 28, 2025

ACLU FOUNDATION OF NORTHERN CALIFORNIA

 */s/ Emilou MacLean*
Emilou MacLean