# OFFICE OF THE CLERK
# UNITED STATES DISTRICT COURT
# Northern District of California

## CIVIL MINUTES

**Date:** May 29, 2025  **Time:** 3:22 - 4:45  **Judge:** EDWARD M. CHEN

**Case No.:** 25-cv-01766-EMC  **Case Name:** National TPS Alliance, et al v. Kristi Noem, et al

**Attorney for Plaintiff:** Jessica Bansal, Emilou MacLean, Amanda Young
**Attorney for Defendant:** Sarah Vouong, Anna Dichter

**Deputy Clerk:** Tracy Geiger  **Court Reporter:** Ana Dub

## PROCEEDINGS

The Court held a hearing on: (1) the government's motion to stay all proceedings pending the Ninth Circuit appeal (on the postponement order) (Docket No. 115); (2) the government's motion for leave to file a motion to reconsider this Court's discovery orders (because the Supreme Court stayed the postponement order) (Docket No. 2); (3) Plaintiffs' motion to preserve status and rights (based on the second paragraph of the Supreme Court's order staying the postponement order) (Docket No. 144); and (4) Plaintiffs' motion re noncompliance with discovery orders (Docket No. 147). The Court also addressed briefly the joint discovery letter regarding the deliberative process privilege (Docket No. 159).

## SUMMARY

The Court shall forthwith issue an order on the motion to preserve.

The government's motion to stay all proceedings is denied. The government's motion for leave to file a motion to reconsider and/or motion to reconsider is also denied.

The Court shall maintain, at this point, the briefing and hearing schedule on the government's motion to dismiss and the parties' cross-motions for summary judgment. Plaintiffs indicated that

their opening motion for summary judgment shall be on the APA claims only (not the equal protection claim).

As for Plaintiffs' motion re noncompliance, the Court orders as follows.

- The government shall immediately ask the 20 custodians at issue whether they used communication means outside of government email and OneDrive with respect to the TPS decisions (e.g., nongovernment email, text messaging, hard drive). By **6/3/2025**, the government shall file a declaration(s) from a person(s) with personal knowledge certifying that the inquiry was made and what the responses of each of the custodians were. If any custodian states that communication means outside of government email and OneDrive were used, then the parties shall immediately meet and confer to determine how an appropriate search for relevant documents can be conducted. They shall report back to the Court by **6/5/2025**.

- The additional searches referred to in the Marby Declaration (Docket No. 153-1) and any other outstanding search still being conducted by the government shall be completed and documents produced (or a privilege log provided) by **6/6/2025**.

- By **6/4/2025**, the parties shall file with Judge Kim: (1) an agreed upon-list of 20-25 exemplary documents over which the government has asserted privilege (deliberative process or attorney-client) and (2) succinct briefing as to why the documents are or are not privileged. The briefing may also address whether Judge Kim should be able to make a broader ruling on all documents falling under either privilege depending on the sampling provided to her. The parties shall contact Judge Kim as to how best to provide her with copies of the documents at issue.

**Case continued to: June 24, 2025 at 1:00 p.m. for Status (to be held via Zoom)**