UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R., HENDRINA VIVAS CASTILLO, A.C.A., SHERIKA BLANC, VILES DORSAINVIL, and G.S.,<br><br>    Plaintiffs,<br><br>    vs.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA,<br><br>    Defendants. | Case No. 3:25-cv-01766-EMC<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

**[PROPOSED] ORDER**

On June 3, 2025, Plaintiffs moved for partial summary judgment pursuant to 5 U.S.C. § 706 to set aside three challenged agency actions: (1) Secretary Noem's January 30, 2025 vacatur of the January 17, 2025 extension of the TPS designation for Venezuela; (2) Secretary Noem's February 1, 2025 termination of the TPS designation for Venezuela; and (3) Secretary Noem's February 24, 2025 partial-vacatur of the July 1, 2024 extension of the TPS designation for Haiti. After consideration of the briefs and arguments of counsel, the evidence filed in support of and in opposition to Plaintiffs' Motion, and being fully advised, the Court finds that Plaintiffs have demonstrated that there is no genuine dispute of material fact and that they are entitled to judgment as a matter of law as to each challenged agency action. Accordingly, Plaintiffs' Motion for Partial Summary Judgment is granted as follows:

This Court concludes Secretary Noem's vacatur of the January 17, 2025 extension of the TPS designation for Venezuela was unlawful and should be set aside for the following reasons:

1. Secretary Noem's decision to vacate the January 17, 2025 extension of Temporary Protected Status (TPS) for Venezuela exceeded her statutory authority. First, implicit reconsideration authority is foreclosed when there is a specific statutory process for altering an agency's grant of authorization. *See China Unicom (Ams.) Ops. Ltd. v. FCC*, 124 F.4th 1128, 1149 (9th Cir. 2024). This Court finds that the TPS statute lays out specific processes for TPS designations, extensions, and terminations and those processes are inconsistent with implicit authority to vacate a TPS extension. Second, the statute's use of a fixed term is inconsistent with an implied power to revoke a license at any time. *Id.* Under the TPS statute, terminations may take effect either: (a) 60 days after publication or (b) "if later, the expiration of the most recent previous extension. 8 U.S.C. § 1254a(b)(3)(B). This Court finds that Secretary Noem's attempt to vacate Venezuela's previous TPS extension and terminate Venezuela's TPS designation eighteen months before the expiration of that extension violates the TPS statute. Third, the vacatur exceeded the Secretary's authority because it purported to retroactively invalidate already issued TPS-related documents in violation of 8 U.S.C. § 1254a(d)(3). Last, any implicit reconsideration authority would nonetheless have limits, including that implicit reconsideration authority may not be used "as a guise for changing previous decisions

1

1  because the wisdom of those decisions appears doubtful in the light of changing policies." *Am.*
2  *Trucking Ass'ns v. Frisco Transp. Co.*, 358 U.S. 133, 146 (1958). Indeed, Congress created TPS
3  specifically to *constrain* executive discretion in humanitarian relief programs such that future
4  decisions would be based on "identifiable conditions" rather than "the vagaries of our domestic
5  politics." Dkt. 93 at 3–13; 101 Cong. Rec. H25811, 25838 (daily ed. Oct. 25, 1989) (statement of
6  Rep. Sander Levine). This Court finds that Defendants' purpose in issuing the vacatur was to change
7  policy, rather than to correct an error.
8      2.    Secretary Noem's decision to vacate the January 17, 2025 extension of TPS for
9  Venezuela was arbitrary and capricious and failed to comply with statutorily required procedures in
10 violation of the Administrative Procedure Act ("APA"). First, the vacatur was founded on legal error
11 because it erroneously concluded that the practical operation of the January 17 extension was
12 "novel," had engendered undue confusion as to registration, and was not consistent or compliant
13 with the TPS statute. Each of these conclusions was legally erroneous. Second, the vacatur
14 arbitrarily failed to consider obvious alternatives to vacatur, as evidenced by the Certified
15 Administrative Record ("CAR"), which makes no mention of deconsolidation or other alternatives
16 short of wholesale vacatur. Third, the vacatur failed to consider the unique reliance interests of
17 individuals who received documents under the January 17 extension, as evidenced by the CAR.
18 Fourth, the Secretary's stated justification for the vacatur decision was pretextual and also ran afoul
19 of the general requirements of reasoned agency decisionmaking because the agency's "explanation
20 for the decision … [was] contrary to the evidence" before it. The Secretary cited "confusion"
21 engendered by the consolidated registration process as justification for her vacatur decision. *See* 90
22 Fed. Reg. 8805, 8807. However, the CAR does not identify any confusion or other defect in the
23 consolidated registration process. Fifth, the Secretary failed to observe the procedures required by
24 law because the vacatur took place before the interagency consultation and review of country
25 conditions required for termination. Even if the statute authorized vacatur of a TPS extension, such
26 vacatur would have to be preceded by the same consultation and review process that the statute
27 requires for termination of an extension. The Secretary did not follow those procedures here.
28     This Court concludes Secretary Noem's termination of the TPS designation for Venezuela

was unlawful and should be set aside for the following reasons:

  1.  Secretary Noem's decision to terminate Venezuela's TPS designation was contrary to law as it was predicated on the unlawful vacatur and relied on "national interest," which is not a valid basis for terminating a country's TPS designation. The only rationale proffered by the Secretary for the termination was that "it is contrary to the national interest to permit the covered Venezuelan nationals to remain temporarily in the United States." *See* 90 Fed. Reg. 9040, 9042. However, "national interest" is not a valid basis for terminating a country's TPS designation under the governing statute, 8 U.S.C. § 1254a(b)(3), which requires the Secretary to review country conditions and determine whether the foreign state continues to meet the conditions for designation, not to make a new national interest assessment. Further, in the 35-year history of the program, no Secretary has ever terminated a TPS designation on the basis that it was "no longer in the national interest."

  2.  Secretary Noem's decision to terminate Venezuela's TPS designation failed to comply with statutorily required procedures. The TPS statute requires that the Secretary conduct regular periodic reviews, including "consultation with appropriate agencies of the Government" and a "review [of] the conditions in the foreign state," to assess whether a country's conditions warrant that its TPS designation be extended or, instead, terminated. 8 U.S.C. § 1254a(b)(3)(A). This Court finds that no such inter-agency consultation and country conditions review occurred prior to Secretary Noem's decision to terminate Venezuela's TPS designation.

  This Court concludes Secretary Noem's partial vacatur of the July 1, 2024 extension of the TPS designation for Haiti was unlawful and should be set aside for the following reasons:

  1.  Secretary Noem's decision to partially vacate the July 2024 TPS extension and redesignation for Haiti exceeded her statutory for the same reasons this Court found her vacatur of Venezuela's extension to be unlawful, including because it purported to retroactively shorten the validity period of already issued TPS-related documents. This Court finds that even if the Secretary had some implicit vacatur authority, the Haiti partial vacatur exceeded its limits because the CAR and other evidence show its purpose was to clear the way for implementation of the new administration's "changing policies." *Am. Trucking Ass'ns,* 358 U.S. at 146.

2.     Secretary Noem's decision to partially vacate the July 2024 TPS extension and redesignation for Haiti further contravenes the TPS statute because, unlike the Venezuela vacatur notice which was announced shortly after the extension, the Secretary announced the partial vacatur of Haiti's TPS extension seven months after the extension itself. This Court finds, and the CAR confirms, that the Secretary failed to consider the reliance interests of Haitians in violation of 8 U.S.C. § 1254a.

3.     Secretary Noem's decision to partially vacate the July 2024 TPS extension and redesignation for Haiti failed to comply with statutorily required procedures. This Court finds that neither the CAR nor extra-record discovery include any recommendation from the State Department or any other agency, nor any evidence of country conditions reports compiled in connection with the partial vacatur. Based on this record, there is no evidence that any of the statutorily required consultation and review processes occurred.

4.     Secretary Noem's stated justifications for partially vacating the July 2024 TPS extension and redesignation for Haiti were pretextual and also ran afoul of the general requirements of reasoned agency decisionmaking because the agency's "explanation for the decision … [was] contrary to the evidence" before it. The Secretary claimed that the partial vacatur was justified because the July extension 2024 notice (1) did not explain why an 18-month period was selected in lieu of the "default" 6-month period; (2) did not explain why the extension and redesignation was not contrary to the U.S. national interest; and (3) relied on "several" sources of country conditions information which were from 2023 or before. *See* 90 Fed. Reg. 10511, 10513–14. But those reasons could be invoked to vacate all previous TPS extensions. This Court finds that they are all standard features of TPS decisions. Further, this Court finds that nothing in the CAR substantiates the reasons the Secretary gave to explain the partial vacatur in the Federal Register. On the other hand, this Court finds that the public statements from Secretary Noem, President Trump, Vice President Vance, and DHS itself, demonstrate a predetermined conclusion to terminate, which further supports a finding of pretext.

5.     Secretary Noem's decision to partially vacate the July 2024 TPS extension and redesignation for Haiti was contrary to law in violation of the APA. First, the Secretary justified the

partial vacatur on the grounds that Secretary Mayorkas failed to adequately consider the national interest. This Court finds that the TPS statute does not permit the Secretary to consider national interest when reviewing an existing TPS designation, as opposed to when making an initial designation. Second, the partial vacatur was based on the Secretary's legally erroneous conclusion that the TPS statute has a default six-month extension period. This Court finds that there is no "default" period for TPS extensions and that TPS extensions have almost never explained the reasons for choosing any particular time period for extension.

Accordingly, it is **HEREBY ORDERED**:

1. Plaintiffs' Motion for Partial Summary Judgment is **GRANTED**. Secretary Noem's decisions to vacate the January 17, 2025 extension of TPS for Venezuela, to terminate TPS for Venezuela, and to partially vacate the July 1, 2024 extension and redesignation of TPS for Haiti are hereby **SET ASIDE** as unlawful, arbitrary and capricious, and in excess of statutory authority.

2. The prior extensions and designations of TPS for Venezuela and Haiti, including all related documentation and employment authorization, are **RESTORED** and shall remain in effect unless and until lawfully modified in accordance with statutory and procedural requirements.

**IT IS SO ORDERED.**

Date: _____, 2025

The Honorable Edward M. Chen
UNITED STATES DISTRICT JUDGE