
Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Amanda Young (SBN 359753)
ayoung@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Attorneys for Plaintiffs
*[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R., HENDRINA VIVAS CASTILLO, A.C.A., SHERIKA BLANC, VILES DORSAINVIL, and G.S.,<br><br>Plaintiffs,<br><br>vs.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA,<br><br>Defendants. | Case No. 3:25-cv-01766-EMC<br><br>**DECLARATION OF G.S. IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGEMENT**<br><br>Date: July 11, 2025<br>Time: 9:00 a.m.<br>Place: Courtroom 5, 17th Floor |

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Eva L. Bitran (SBN 302081)
ebitran@aclusocal.org
Diana Sanchez
dianasanchez@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (*Pro Hac Vice*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, Suite 1H
San Diego, CA 92120
Telephone: (949) 603-7411

**DECLARATION OF G.S.**

I, G.S., declare:

1. I have personal knowledge of the facts set forth in this declaration. If called upon to testify as a witness, I could do so and would testify to these facts.

2. I was born in Haiti and I am 30 years old. I came to the United States in May 2024, fleeing the violence and instability that pervades my home country. I applied for Temporary Protected Status (TPS), and my application was granted, affording me lawful status through February 3, 2026. TPS is my only form of protection from deportation, and I am writing this declaration to explain the harm that I have experienced since the partial vacatur was announced, and the harm that will befall me if TPS is terminated in August 2025.

3. In Haiti, I worked as a physician, practicing general medicine. However, it became increasingly unsafe for me there. Amid the widespread gang violence, doctors became a frequent target for kidnappings and killings because they were perceived to have more money than most people. This was ironic because, even working as a physician, I did not make enough money to support myself and was struggling to survive. I could not see a safe future for myself in Haiti, so when I had the opportunity to come to the United States, I felt a great sense of relief. Still, it was difficult to leave my country, abandon my career and start all over again.

4. After I arrived in the U.S., I settled in Massachusetts and found work as a case manager for the State's emergency shelter program, assisting low-income residents to find housing and jobs. I work with many immigrants, and so my fluency in French, Kreyol, English, and some Spanish is a great asset. The work is difficult, because the people I serve are going through very hard times. But I am grateful to be able to make a difference and help in the ways I can.

5. As soon as Haiti was redesignated for TPS in July 2024, I applied, even though I was still under valid parole status at that time. I understood that TPS gave me an additional layer of protection from detention and deportation. Thankfully, my application

was granted with an expiration date of February 3, 2026. It gave me a great sense of security to know that I would have TPS for at least that long. I began to think about my future again. I signed a lease on an apartment in February 2025, assuming that my TPS would be valid throughout the length of the lease. I took steps to begin the process of becoming a licensed physician in the United States. It involves a series of exams and a residency program, and I eagerly began studying for the first of those exams.

6. Unfortunately, my sense of security and safety was shattered by the decision to partially vacate TPS for Haiti, which came just days after I had moved into my new apartment. Things got even worse when my parole status was terminated in March. It felt like the ground was just falling away beneath my feet. Living with complete uncertainty as to my ability to remain in the United States and work to support myself has been truly awful. I feel stressed and completely drained of motivation. I stopped studying for the medical examinations because I no longer feel like I can plan ahead at all. It's like a slow death, each day bringing me closer to losing the only form of protection that I have left.

7. If TPS is terminated in August, I will immediately lose my protection from deportation and detention. If I am undocumented, I do not know whether I will be allowed to continue working for the State of Massachusetts. I still have my parole EAD, but now that parole has been terminated, I am afraid that work permit may also be revoked. I applied for a TPS work permit as well, but that application is still pending. If I cannot work, I won't be able to pay rent, or support myself. I would have to break my lease or face eviction. I have no idea what to do.

8. Returning to Haiti is not possible. The situation there is even worse than when I left. Going back would be a death sentence. I cannot live safely in Haiti. But if I can't stay here, and I can't go back, what can I do? I feel trapped and hopeless.

9. A few months ago, I became a member of the National TPS Alliance. I believe in the organization's mission and joining NTPSA was one action I could take to try to advocate for myself and others who are in the same situation.

I declare under penalty of perjury that the foregoing is true and correct, and that this

1   declaration was executed in Massachusetts this 30th day of May, 2025.

_____
G.S.