Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Amanda Young (SBN 359753)
ayoung@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Attorneys for Plaintiffs
*[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R., HENDRINA VIVAS CASTILLO, A.C.A., SHERIKA BLANC, VILES DORSAINVIL, and G.S.,<br><br>Plaintiffs,<br><br>vs.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA,<br><br>Defendants. | Case No. 3:25-cv-01766-EMC<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER EXTRA-RECORD EVIDENCE** |

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Eva L. Bitran (SBN 302081)
ebitran@aclusocal.org
Diana Sanchez (SBN 338871)
dianasanchez@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (*Pro Hac Vice*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, Suite 1H
San Diego, CA 92120
Telephone: (949) 603-7411

# INTRODUCTION

Plaintiffs respectfully request that the Court consider extra-record evidence submitted in support of their Motion for Partial Summary Judgment ("Mot."). Dkt. 165. This Court *already* found that Plaintiffs have established a "factual basis" for agency "bad faith" when it ordered Defendants to produce extra-record evidence concerning agency communications regarding the challenged decisions. Dkt. 129 at 4–6; *see* Dkt. 135 at 5. In particular, this Court credited Plaintiffs' "significant evidence" demonstrating that Secretary Noem's actions were pretextual, including the "repeated discriminatory statements made by Secretary Noem . . . , the short timeframe in which decisions were made, the lack of legal and/or evidentiary support for the decisions, and the unprecedented nature of the decisions. Dkt. 129 at 5. The extra-record evidence that Plaintiffs have since obtained in discovery confirms that the Secretary's approval process here was highly irregular and casts significant doubt on her stated explanations for the challenged vacatur and termination decisions.

This Court's prior finding is enough, standing alone, to consider Plaintiffs' extra-record evidence at the summary judgment stage. *See id.* at 4 (noting that the same standard applies equally to extra-record discovery and admission of extra-record evidence). Plaintiffs nevertheless file this short motion to highlight why there is no obstacle for this Court to consider this evidence to determine whether the Secretary's actions were made in bad faith—and thus arbitrary and capricious under the Administrative Procedure Act.

The Supreme Court and Ninth Circuit have held that considering evidence outside the administrative record is appropriate—and often necessary—in APA cases where the plaintiffs "make a showing of agency bad faith." *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005); *see Dep't of Com. v. New York*, 588 U.S. 752, 784–85 (2019); *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971); *In re U.S. Dep't of Educ.*, 25 F.4th 692, 700, 702-03 (9th Cir. 2022). Extra-record evidence is also admissible to determine whether the agency failed to adequately "consider[] all relevant factors" or "explain[] its decision." *Lands Council*, 395 F.3d at 1030.

The relevant evidence outside the administrative record which Plaintiffs seek to admit in support of their Motion falls into two categories: (1) extra-record discovery recently produced by the government that confirms the highly irregular process, procedures, and timeline by which Secretary

Noem reached her vacatur and termination decisions (Decl. of Emi MacLean, Exs. 1–11 and 13 to Mot.[1]); and (2) public statements of Secretary Noem, President Trump and Vice President Vance, and the Department of Homeland Security—which this Court has previously credited at the postponement stage—revealing that the true motivations for the Secretary's decisions did not match the agency's stated rationales (Exs. 14–15 and 17–28). Both categories of evidence bear directly on whether the Secretary's actions at issue here are pretextual, taken in bad faith, and otherwise arbitrary and capricious in violation of the APA. Accordingly, this Court should admit that evidence and consider it in conjunction with Plaintiffs' Motion for Partial Summary Judgment.

## LEGAL STANDARD

Courts reviewing agency action under the APA are generally restricted to considering the administrative record. *Portland Audubon Soc'y v. Endangered Species Comm.*, 984 F.2d 1534, 1548 (9th Cir. 1993); *see* 5 U.S.C. § 706. Nevertheless, the Ninth Circuit has held that, in "limited circumstances," "district courts are permitted to admit extra-record evidence" to "identify and plug holes in the administrative record." *Lands Council*, 395 F.3d at 1030. As relevant here, two of those situations are when (1) "plaintiffs make a showing of agency bad faith"; or (2) "admission is necessary to determine 'whether the agency has considered all relevant factors and has explained its decision[.]'" *Id.*

The "bad faith" exception is founded on the principle that, "when the agency has been dishonest, further judicial scrutiny is justified and, in fact, necessary to effectuate judicial review." *In re U.S. Dep't of Educ.*, 25 F.4th at 703. The Supreme Court held in *Dep't of Commerce* that requisite bad faith is established where the "explanation for agency action . . . is incongruent with what the record reveals about the agency's priorities and decisionmaking process"—that is, if the rationale for the agency's action "seems to have been contrived." 588 U.S. at 783–84.

Separately, "the relevant factors exception permits a district court to consider extra-record evidence to develop a background against which it can evaluate the integrity of the agency's analysis," and therefore assess "whether the agency complied with the APA's requirement that the

---

[1] Here and throughout, all references to exhibits are the exhibits in the Declaration of Emi MacLean in support of Plaintiffs' Motion for Partial Summary Judgment.

1  agency's decision be neither arbitrary nor capricious." *San Luis & Delta-Mendota Water Auth. v.
2  Locke*, 776 F.3d 971, 993 (9th Cir. 2014). This exception is grounded in the reality that a court
3  "cannot adequately discharge its duty to engage in a 'substantial inquiry' if it is required to take the
4  agency's word that it considered all relevant matters." *Asarco, Inc. v. U.S. Env't Prot. Agency*, 616
5  F.2d 1153, 1160 (9th Cir. 1980).

## ARGUMENT

**I.      This Court should consider the extra-record discovery, which confirms that the agency acted in bad faith and failed to consider all relevant factors.**

Defendants have turned over only a fraction of the extra-record discovery that Plaintiffs have sought. *See* Dkts. 154, 157. Yet even the meager discovery that has been produced confirms what this Court has already found—that the process by which the Secretary reached the decisions at issue here was extremely "anomalous." Dkt. 129 at 4–5; *see* Dkt. 93 at 72.

To start, the timeline for the Secretary's actions was even more "highly compressed" than this Court previously suggested. Dkt. 93 at 75. Instead of the typical months-long process for periodic reviews, the decision to vacate the Venezuela extension took just *four* days: Agency officials circulated a rough draft of the Venezuela vacatur notice the day before Secretary Noem was confirmed; it was "final" three days later; and the Secretary signed off the following day. Exs. 1–4; Dkt. 103-1 at VZ Vacatur_5. The decision to partially vacate Haiti's TPS designation appears to have taken less than two weeks. Exs. 10–11; Dkt. 110-3 at HT Vacatur AR_164; Dkt. 110-2 at HT_Vacatur AR_6. Internal emails also show that the agency was preparing to terminate TPS for Venezuela *even before* its vacatur decision became final. Ex. 5.

Furthermore, the evidence demonstrates that the agency failed to follow required and long-observed procedures. For example, although the agency did not meaningfully consult with the State Department or other agencies about country conditions, as required by statute, emails produced in discovery show that DHS officials were actively scouring reports for "positive" sources about Venezuela country conditions while agency personnel were drafting the vacatur and termination decisions. Exs. 6–7. To take another example, the "clearance" document reflecting the Secretary's approval of the Venezuela termination notice does not identify *any* documents reviewed in

3

1  connection with the decision, nor the names or signatures for two of the three "Senior Advisors"
2  who signed off on the decision. Ex. 13.

3  The extra-record discovery demonstrating the agency's deficient process is admissible at
4  summary judgment for two separate and independent reasons. *First*, as this Court already explained,
5  "the short timeframe in which decisions were made" and "the anomalous procedures followed" are
6  persuasive evidence of agency "bad faith." Dkt. 129 at 5. The more developed record Plaintiffs have
7  obtained through extra-record discovery—limited though it has been—further confirms the
8  irregularity of the process. This evidence is thus critical in assessing whether the agency's actions
9  were preordained—or, in other words, pretextual. *See Lands Council*, 395 F.3d at 1030.

10  *Second*, this evidence demonstrates that the Secretary failed to "consider[] all relevant
11  matters" before deciding to vacate and terminate the TPS designations. *Asarco*, 616 F.2d at 1160.
12  Simply put, there is no possible way that agency officials could have reasonably assessed the
13  relevant statutory factors and the agency's stated concerns about DHS' prior extension decisions on
14  the accelerated timeline set out by the evidence. The extra-record discovery will assist the Court in
15  "evaluat[ing] the integrity of the agency's analysis"—or here, the lack thereof—and is therefore
16  relevant to the Court's ultimate determination as to whether the Secretary's decisions are arbitrary
17  and capricious under the APA. *See Locke*, 776 F.3d at 993.

18  **II.    The public statements of Secretary Noem, President Trump, Vice President Vance, and DHS contradicting and undermining the stated rationales for the vacaturs and termination are admissible to show pretext.**
19
20  This Court should also consider Secretary Noem's and other executive officials' public
21  statements in connection with Plaintiffs' Motion for Partial Summary Judgment. Exs. 14–15 and 17–
22  21. This Court has previously recognized the significance of these statements. In permitting
23  Plaintiffs to take extra-record discovery, for example, the Court found that the "repeated
24  discriminatory statements made by Secretary Noem" and evidence of her "direct animus" were
25  persuasive evidence that the vacatur and termination "decisions were made in bad faith." Dkt. 129 at
26  4–5. The Court also relied on this evidence in its postponement ruling. *See* Dkt. 93 at 64–66, 75.
27  Similarly, this Court has referenced President Trump's and others' "disparaging statements" and
28  "animus" in finding the challenged decisions to be pretextual. Dkt. 129 at 5; *see* Dkt. 93 at 66–71

4

(detailing these statements and noting that although these statements were not necessary to establishing impermissible animus, they were particularly relevant because Secretary Noem expressly adopted President Trump's motivations).

This Court should likewise consider these public statements at the summary-judgment phase. This evidence is admissible because it shows that the "explanation for agency action" is "incongruent with what the record reveals about the agency's priorities and decisionmaking process." *Dep't of Commerce*, 588 U.S. at 783–84. As Plaintiffs have explained, the agency's stated rationales for the challenged actions do not appear anywhere in the certified administrative record. Dkt. 165 at 12–18 and Dkt. 158 at 29; *see also* Dkt. 93 at 74 (noting "[t]he lack of bona fides of purported justifications gives rise to an inference of pretext"). And the public statements are critical evidence because they directly contradict and undermine the agency's stated rationales; they demonstrate that the vacatur and termination decisions were predetermined, based on Secretary Noem's desire to undo Secretary Mayorkas's decisions and her (and President Trump's) belief that "the TPS system has been exploited and abused." Ex. 15; *see also* Dkt. 93 at 58–59. In short, these statements provide essential evidence that the agency's explanations in the vacatur and termination notices seem "to have been contrived." *Dep't of Commerce*, 588 U.S. at 783–84. They are therefore admissible both to establish pretext, and to evaluate whether the Secretary failed to consider the relevant factors and adequately explained her decision. *See Lands Council*, 395 F.3d 1030.

## CONCLUSION

For the foregoing reasons, the Court should grant this Motion and consider the extra-record evidence that Plaintiffs submitted in support of their Motion for Partial Summary Judgment.

Date: June 3, 2025

Respectfully submitted,

ACLU FOUNDATION
OF NORTHERN CALIFORNIA

 /s/ *Emilou MacLean*
Emilou MacLean

Emilou MacLean
Michelle (Minju) Y. Cho
Amanda Young

|   |   |
|---|---|
| 1 | ACLU FOUNDATION |
| 2 | OF NORTHERN CALIFORNIA |

ACLU FOUNDATION
OF NORTHERN CALIFORNIA

Ahilan T. Arulanantham
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW

Eva L. Bitran
Diana Sanchez
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA

Jessica Karp Bansal
Lauren Michel Wilfong (*Pro Hac Vice*)
NATIONAL DAY LABORER ORGANIZING
NETWORK

Erik Crew (*Pro Hac Vice*)
HAITIAN BRIDGE ALLIANCE

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2025, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

ACLU FOUNDATION
OF NORTHERN CALIFORNIA

/s/ *Emilou MacLean*
Emilou MacLean

7

PLAINTIFFS' MOTION TO CONSIDER EXTRA-RECORD EVIDENCE
CASE NO. 3:25-CV-01766-EMC