Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Amanda Young (SBN 359753)
ayoung@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Attorneys for Plaintiffs
*[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R., HENDRINA VIVAS CASTILLO, A.C.A., SHERIKA BLANC, VILES DORSAINVIL, and G.S.,<br><br>Plaintiffs,<br><br>vs.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA,<br><br>Defendants. | Case No. 3:25-cv-01766-EMC<br><br>**PLAINTIFFS' NOTICE OF DEFENDANTS' NON-COMPLIANCE WITH COURT ORDER (DKT. 161)** |

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Eva L. Bitran (SBN 302081)
ebitran@aclusocal.org
Diana Sanchez
dianasanchez@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (*Pro Hac Vice*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, Suite 1H
San Diego, CA 92120
Telephone: (949) 603-7411

Plaintiffs submit this Notice to inform the Court of Defendants' ongoing failure to comply with the Court's orders regarding discovery.

On May 29, 2025, this Court held a hearing on Plaintiffs' motion regarding what was an already-alarming pattern of Defendants' non-compliance with discovery orders. Dkt. 147. Part of the relief that Plaintiffs had sought included a request for a declaration confirming Defendants' collection efforts. The hearing thus included extensive discussion about Defendants' ongoing failure to even ask the relevant custodians whether they had responsive communications on mediums (*i.e.*, text messages, Signal, WhatsApp, etc.) beyond their government accounts, let alone to confirm the details of that inquiry in a sworn declaration.

On May 30, 2025, this Court issued an order directing Defendants to "***immediately*** ask the 20 custodians at issue whether they used communication means outside of government email and OneDrive with respect to the TPS decisions (*e.g.*, nongovernment email, text messaging, hard drive)," and directed that "[b]y 6/3/2025, the government shall file a declaration(s) from a person(s) with personal knowledge certifying that the inquiry was made and what the responses of each of the custodians were." Dkt. 161 (emphasis added). Notably, that Order came on the heels of this Court having warned Defendants were already at "risk [of] being held in contempt" due to their repeated and prejudicial disregard for Court orders on discovery. Dkt. 143.

On May 30, 2025, counsel for Plaintiffs and Defendants met and conferred telephonically regarding discovery, and specifically discussed the issue of communications outside of government email and OneDrive. On Monday, June 2, Plaintiffs' counsel emailed Defendants to memorialize the May 30 discussion. In that email, Plaintiffs specifically inquired about the forthcoming "submission of Defendants' declaration pursuant to the Court's order (Dkt. 161)." *See* Declaration of Emilou MacLean, Exh. 1.

In direct violation of the Court's Order, and notwithstanding Plaintiffs' follow-up efforts, Defendants did not file the required declaration by June 3 and still have not filed it. Dkt. 161. In response to Plaintiffs' inquiries this morning, counsel for Defendants stated over the phone that this failure was "inadvertent," and that Defendants would "try" to submit the required declaration today. MacLean Decl. ¶ 5; Exh. 1. Having somehow missed the Court's Order requiring the filing of a

1  declaration, it is thus unclear—and highly doubtful—whether Defendants "immediately [*i.e.*, on
2  May 30] ask[ed]" all of 20 custodians about their communications, as also ordered by the Court, or
3  whether Defendants did not even begin that process until today—a delay that risks further loss of
4  relevant communications to auto-delete features and memory lapses. *See, e.g.*, *In re Google Play*
5  *Store Antitrust Litig*, 664 F. Supp. 3d 981, 982–83 (N.D. Cal. 2023) (sanctioning defendant who was
6  "no stranger[] to document production and discovery obligations" due to frequent involvement in
7  litigation for failure to preserve after plaintiff identified "curious lack of [instant] messages in [the]
8  document productions"); *RG Abrams Ins. v. Law Offices of C.R. Abrams*, 342 F.R.D. 461, 505–06
9  (C.D. Cal. 2022) (imposing sanctions for failing to preserve and produce text messages in response
10 to discovery requests).

11  Defendants' pattern of discovery misconduct is egregious and prejudicial, particularly in light
12 of the accelerated case schedule made necessary by Defendants' success in staying this Court's
13 March 31 postponement order. Basic confirmation of how documents were collected from
14 custodians is the first of many steps to obtain basic discovery that should already have been
15 produced. Each day that Defendants ignore the Court's orders on each step of discovery compounds
16 the prejudice to Plaintiffs in a litigation proceeding on a compressed schedule. Defendants cannot be
17 allowed to delay each step of discovery in the hopes of never producing relevant documents. Fed. R.
18 Civ. P. 37(b)(2)(A) (authorizing sanctions "[i]f a party or a party's officer, director, or managing
19 agent ... fails to obey an order to provide or permit discovery ... the court where the action is pending
20 may issue further just orders."); *Wanderer v. Johnston*, 910 F.2d 652, 657 (9th Cir. 1990)
21 (explaining sanctions appropriate where a party is guilty of failing to produce documents or things as
22 ordered by the court).

Date:  June 4, 2025                                   Respectfully submitted,

                                                      ACLU FOUNDATION
                                                      OF NORTHERN CALIFORNIA

                                                       /s/ *Emilou MacLean*
                                                      Emilou MacLean
                                                      Michelle (Minju) Y. Cho
                                                      Amanda Young

ACLU FOUNDATION
OF NORTHERN CALIFORNIA

Ahilan T. Arulanantham
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW

Eva L. Bitran
Diana Sanchez
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA

Jessica Karp Bansal
Lauren Michel Wilfong (*Pro Hac Vice*)
NATIONAL DAY LABORER ORGANIZING
NETWORK

Erik Crew (*Pro Hac Vice*)
HAITIAN BRIDGE ALLIANCE

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2025, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

ACLU FOUNDATION
OF NORTHERN CALIFORNIA

/s/ *Emilou MacLean*
Emilou MacLean