YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division
SARAH L. VUONG
Assistant Director
WILLIAM H. WEILAND
Senior Litigation Counsel
ERIC SNYDERMAN
ANNA DICHTER
LAUREN BRYANT
CATHERINE ROSS
AMANDA B. SAYLOR
JEFFREY M. HARTMAN
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, *et. al.*,<br><br>Plaintiff,<br>v.<br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et. al.*,<br><br>Defendants. | Case No. 3:25-cv-1766<br><br>**DEFENDANTS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF THE MAGISTRATE**<br><br>Judge: Hon. Edward M. Chen<br>Date: June 10, 2025 |

On Friday, June 6, 2025, Magistrate Judge Kim issued an Order granting Plaintiffs' motion to compel the production of documents withheld by Defendants on the basis of the deliberative process privilege. Order, ECF No. 184. Specifically, Judge Kim ordered Defendants to produce all documents for which Defendants claim only the deliberative process privilege by June 13, 2025. Judge Kim reviewed 25 bellwether documents submitted by the parties in camera, concluding that "the documents designated under the deliberative process privilege qualify for that privilege" and "Defendants provided declarations showing that the documents in question are deliberative in nature." Order at 3. Notwithstanding the propriety of the privilege, Judge Kim held that application of the deliberative process privilege was inappropriate in this case under the factors set forth in *FTC v. Warner Comm'n, Inc.*, 742 F.2d 1156 (9th Cir. 1984). The Court determined that the documents at issue are relevant to Plaintiffs' claims of racial animus, that the issues are serious, and that government conduct is squarely at issue, weighing the first *Warner* factor in Plaintiffs' favor. Order at 4. Judge Kim concluded that the second and third *Warner* factors favor Plaintiffs. *Id.* As to the fourth *Warner* factor, the Court noted that the deliberative process privilege is not absolute, criticizing generalized assertion of the privilege. *Id.* at 5-6. The Court reasoned that disclosure of deliberative process materials during the *Ramos* litigation did not appear to "materially inhibit the government's ability to engage in candid internal discussions" in finding that the fourth factor weighed in Plaintiffs' favor. *Id.* at 6; *see also Ramos v. Wolf*, 975 F.3d 872, 884 (9th Cir. 2020), *reh'g en banc granted, opinion vacated*, 59 F.4th 1010 (9th Cir. 2023). Judge Kim concluded that the balance of factors tipped in Plaintiffs' favor. Order at 6.

Federal Rule of Civil Procedure 72(a) permits Defendants to submit objections to magistrate judge orders on non-dispositive matters—like discovery orders—to the district court within 14 days after the entry of the order. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Defendants

DEFS.' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF THE MAGISTRATE
No. 3:25-cv-1766
1

object to Judge Kim's order compelling production of responsive documents withheld on the basis of the deliberative process privilege, due for production by June 13, 2025, as clearly erroneous. Order at 7. Defendants request that the June 6, 2025 order be set aside immediately and that Defendants be relieved of the obligation to release wholesale documents withheld pursuant to the order.

Judge Kim's order lifting the deliberative process privilege wholesale is contrary to established Ninth Circuit law, inconsistent with Rule 26(b)(1)'s proportionality standard, and threatens significant harm to the public interest in candid government deliberations

First, Judge Kim's order improperly treats the deliberative process privilege as easily overridden. Ninth Circuit precent requires document-by-document, context-specific balancing of interests before compelling disclosure. *Warner*, 742 F.2d at 1161. The blanket abrogation of the privilege across all documents fails to apply this legal standard and constitutes legal error. Judge Kim faulted Defendants for not requesting a "granular review" on the documents, Order at 3 (citing *Karnoski v. Trump*, 926 F.3d 1180, 1206 (9th Cir. 2019)), but the Ninth Circuit instructs "district courts to consider classes of documents separately when appropriate." *Karnoski*, 926 F.3d at 1206.  In addition to responding to the Court's order that the parties provide succinct briefing on why the documents are not privileged, Defendants provided two declarations wherein each Declarant explained the types of documents that were privileged. ECF No. 177-3, 177-4. Although Defendants did not specifically request a granular analysis, the declarations perfecting the privilege indicate the types of documents submitted for in camera review and represent the types of documents that make up the larger discovery set of documents. Despite agreeing that Defendants properly applied the privilege to deliberative documents, Order at 3, Judge Kim ordered the entire privilege removed without analyzing the types of document sets presented or weighing them against one another. *See* ECF No. 177-4 (distinguishing between draft federal register notices with discussions regarding administrative development of policy).

DEFS.' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF THE MAGISTRATE
No. 3:25-cv-1766
2

Second, Judge Kim failed to conduct the requisite balancing of interests analysis. Order at 6; *see Karnoski*, 926 F.3d at 1206 (the four *Warner* factors are balanced to determine whether an exception to the deliberative process privilege is warranted). The order does not apply the *Warner* balancing factors to require Plaintiffs to make a *specific* showing of need. Order at 6. Instead, it impermissibly places the burden on Defendants to "explain why the Plaintiffs' need for the materials and the need for accurate fact-finding overrides Defendants' interest in non-disclosure" and presumes that responsiveness justifies disclosure, conflating discoverability with entitlement. *Id.* This approach contradicts both Ninth Circuit and nationwide authority recognizing the deliberate process privilege as a substantial protection entitled to proper consideration, and not a mere procedural hurdle. *Karnoski*, 926 at 1206 ("[t]he deliberative process privilege, although not as robust as the presidential communications privilege, still commands judicial consideration."); *Warner*, 742 F.2d at 1161 (concluding that a party may only obtain deliberative process material where the need overrides government interest in non-disclosure and establishing the four factors to be considered in making that determination).

Third, Judge Kim's order disregards Rule 26(b)(1)'s proportionality standard. Even if some documents are responsive, requiring wholesale production of deliberative materials—without limitation or regard to actual necessity—ignores the burden on the government and risks chilling internal policy discussions. *See e.g.*, *Desert Survivors*, 231 F. Supp. 3d at 383 (recognizing "binding authority that requires this Court to be mindful of the possibility of chilling of frank and candid deliberations by administrative decision-makers"); *U.S. v. Nixon*, 418 U.S. 683, 705 (1974) ("those who expect public dissemination of their remarks may well temper candor … to the detriment of the decisionmaking process"; *see also* 5 U.S.C. § 552(b)(5). Judge Kim's casual approach to the chilling effect that removing the privilege would on have on frank discussion would preclude any government agency from successfully asserting the deliberative process privilege. Order at 6 (noting that the government similarly lost the ability

DEFS.' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF THE MAGISTRATE
No. 3:25-cv-1766
3

to assert the deliberative process privilege in *Ramos* and that there was "no indication that these disclosures had any chilling effect on future deliberations. To the contrary, the existence of deliberative materials in the present case suggests that the prior disclosures did not materially inhibit the government's ability to engage in candid internal discussions."). However, in granting a stay of a production of documents covered by privilege, the Supreme Court just noted, "separation of powers concerns counsel judicial deference and restraint in the context of discovery regarding internal Executive Branch communications." *U.S DOGE Service, et al. v. CREW*, 24A1122 (S. Ct. June 6, 2025) (*cf. Cheney v. United States Dist. Court for D.C.*, 542 U. S. 367, 385 (2004) ("[S]pecial considerations control when the Executive Branch's interests in maintaining the autonomy of its office and safeguarding the confidentiality of its communications are implicated.").

Fourth, Judge Kim erred in tying her analysis on the first factor to Plaintiffs' claims of racial animus, despite the Court's bifurcation of the briefing. ECF No. 161 ("Plaintiffs indicated that their opening motion for summary judgment shall be on the APA claims only (not the equal protection claim)."). Plaintiffs have repeatedly stated that the discovery they seek is necessary for their summary judgment briefing. Judge Kim's reliance on Plaintiff's equal protection claim to justify lifting the deliberative process privilege wholesale was inapt particularly where this Court delayed briefing on the constitutional claims to take place after any decision regarding the Court's jurisdiction by the Ninth Circuit and any further review thereof.

Finally, all discovery is inappropriate here, where the Supreme Court has granted Defendants' application for a stay of this Court's postponement order. Defendants have requested that the Court stay discovery in these proceedings in light of the Supreme Court's order granting Defendants' application for a stay and pending the outcome of the jurisdictional questions currently before the Ninth Circuit. ECF Nos. 115, 141; *see also* ECF Nos. 123, 159, 177 (joint discovery briefing). Given that the Supreme Court

DEFS.' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF THE MAGISTRATE
No. 3:25-cv-1766
4

has stayed this Court's postponement order, ECF No. 93, it is clear error for the Court to order Defendant to turn over all documents properly withheld as privileged until after the Ninth Circuit and the Supreme Court have weighed in on Defendants' jurisdictional arguments. Of particular concern here, not only has this Court ordered extra-record discovery beyond completion of the administrative record, but Judge Kim has now ordered disclosure of all deliberative material before these threshold issues have been fully reviewed. *See In re United States*, 583 U.S. 29, 32 (2017) (remanding and holding that the District Court erred in ordering the Government to "complete the administrative record" by serving additional discovery prior to resolving the Government's threshold jurisdictional arguments because if accepted, those arguments "likely would eliminate the need for the District Court to examine a complete administrative record"); *see also Dep't of Com. v. New York*, 588 U.S. 752, 782 (2019) ("We agree with the Government that the District Court should not have ordered extra-record discovery when it did. At that time, the most that was warranted was the order to complete the administrative record."). And while the Court has noted that it did "not intend to permit general civil discovery," insisting that "documents sought must be keyed to Secretary Noem's intent in reaching the decisions challenged herein beyond that already contained in the administrative record," Plaintiffs intend to rely upon this discovery to support their claims under the Administrative Procedure Act (APA), the very review that 8 U.S.C. § 1254a(b)(5)(A) precludes. *See* ECF No. 181, Order on Stipulation Regarding Late-Produced Documents. In restricting Defendants' use of the deliberative process privilege with regard to this extra-record evidence, Defendants will be severely prejudiced if privileged materials are once again disclosed only to later learn that the Court lacks jurisdiction over the exact APA claims raised by Plaintiffs.

    For the foregoing reasons, Respondents respectfully request reconsideration of Judge Kim's June 6th discovery order and the reinstalment of the deliberative process privilege.

Dated: June 10, 2025				Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

WILLIAM H. WEILAND
Senior Litigation Counsel

AMANDA SAYLOR
ERIC SNYDERMAN
ANNA DICHTER
LAUREN BRYANT
CATHERINE ROSS
Trial Attorneys

/s/ *Sarah L. Vuong*
SARAH L. VUONG
(Cal. Bar. No. 258528)
Assistant Director
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 305-1263
Sarah.L.Vuong@usdoj.gov

*Attorneys for the Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2025, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

                                            */s/ Sarah L. Vuong*
                                            Sarah L. Vuong
                                            U.S. Dept. of Justice, Civil Division
                                            Assistant Director