1  Ahilan T. Arulanantham (SBN 237841)
   arulanantham@law.ucla.edu
2  CENTER FOR IMMIGRATION LAW AND
   POLICY, UCLA SCHOOL OF LAW
3  385 Charles E. Young Dr. East
   Los Angeles, CA 90095
4  Telephone: (310) 825-1029

5  Emilou MacLean (SBN 319071)
   emaclean@aclunc.org
6  Michelle (Minju) Y. Cho (SBN 321939)
   mcho@aclunc.org
7  Amanda Young (SBN 359753)
   ayoung@aclunc.org
8  ACLU FOUNDATION
   OF NORTHERN CALIFORNIA
9  39 Drumm Street
   San Francisco, CA 94111-4805
10 Telephone: (415) 621-2493
   Facsimile: (415) 863-7832

Attorneys for Plaintiffs
*[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R., HENDRINA VIVAS CASTILLO, A.C.A., SHERIKA BLANC, VILES DORSAINVIL, and G.S.,<br><br>Plaintiffs,<br><br>vs.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA,<br><br>Defendants. | Case No. 3:25-cv-01766-EMC<br><br>**PLAINTIFFS' OPPOSITION TO MOTON FOR RELIEF** |

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Eva L. Bitran (SBN 302081)
ebitran@aclusocal.org
Diana Sanchez (SBN 338871)
dianasanchez@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (*Pro Hac Vice*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, Suite 1H
San Diego, CA 92120
Telephone: (949) 603-7411

## INTRODUCTION

The Court should deny Defendants' latest effort to block and delay even the narrowly tailored discovery authorized by the Court. The Deliberative Process Privilege ("DPP") offends the strong presumption in favor of open government and impedes the truth-seeking function of litigation. As a result, DPP is qualified under the best of circumstances. These are not the best of circumstances for Defendants to stand on blanket DPP assertions. Defendants challenge the Magistrate's well-reasoned order overruling DPP assertions concerning decisions by Defendants to vacate and/or terminate TPS for Venezuela and Haiti. This Court has already found ample grounds that the agency's decisionmaking was pretextual and motivated by unconstitutional animus. The order below reflects careful and detailed reasoning, consistent with precedent, balancing multiple factors in finding Defendants' overbroad DPP assertions were overcome by the need for discovery. *See* Dkt. 184. The Magistrate's order is not clearly erroneous and should not be disturbed. It can be affirmed on any ground, and there are ample grounds available.

## BACKGROUND

Plaintiffs challenge the decisions of DHS Secretary Kristi Noem to limit or cancel TPS protections for more than one million Venezuelans and Haitians who had previously been granted humanitarian relief. This Court, on March 31, granted Plaintiffs' motion to postpone Secretary Noem's TPS decisions related to Venezuela, finding that Plaintiffs were likely to succeed on their claims that the decisions violated the Administrative Procedure Act ("APA"), and were motivated by unconstitutional animus. Dkt. 93. At Defendants' request, the Supreme Court stayed the District Court's order. The case proceeds despite the stay, and now with heightened urgency as hundreds of thousands of Venezuelan TPS holders are experiencing immediate harm—without employment authorization and legal status, and at risk of detention and deportation—while the case runs its course. Plaintiffs filed a summary judgment motion, with a reply brief due June 27, and a hearing set for July 11. Dkt. 152.

Defendants filed the administrative records for the challenged actions on April 7 and 15. Dkts. 103, 104, 110. Following the parties' acceptance of the completeness of the administrative record, *see* Dkt. 129 at 8, Plaintiffs sought – and this Court granted – limited extra-record discovery.

1    Dkts. 129, 135. Specifically, as relevant here, this Court ordered Defendants to provide, inter alia,
2    communications related to the TPS determinations, from a limited set of custodians over an
3    approximately one-month period. Dkt. 135. Defendants have repeatedly, and unsuccessfully, asked
4    this Court to stay the case, or stay discovery in the case. *See, e.g.*, Dkts. 129 at 1–3 (rejecting stay of
5    discovery pending appeal), 161 at 1 (denying motions to stay all proceedings and for leave to file a
6    motion to reconsider and/or motion to reconsider). Defendants have also repeatedly failed to comply
7    with this Court's limited discovery orders. Dkts. 147, 154, 183. Defendants conceded that they failed
8    to search certain custodians, or to properly apply search terms to produce all responsive documents.
9    Dkt. 154 at 1–2. Plaintiffs also identified that Defendants' production has been grossly deficient in
10   ways that have still not been remedied, for instance producing zero documents for Secretary Noem
11   and her chief advisor. *Id.* at 2–5.

12        The instant briefing arises out of a dispute between the parties regarding the invocation of
13   DPP in an effort to shield most responsive communications. Dkts. 159, 177. At the time this dispute
14   arose, Defendants had produced fewer than 105 documents apart from the administrative records,
15   and withheld in full or part 466 documents, almost all on DPP grounds.[1] Most of the materials
16   submitted to the Magistrate for in camera review have been withheld from Plaintiffs in full, and the
17   log entries often shed no meaningful light as to the content, authors, or recipients. The documents
18   withheld on DPP grounds are agency communications concerning TPS decisionmaking responsive
19   to Plaintiffs' RFPs 1, 2 and 6.

**STANDARD OF REVIEW**

21        A "magistrate's factual determinations are reviewed for clear error, and the magistrate's legal
22   conclusions are reviewed to determine whether they are contrary to law." *Perry v. Schwarzenegger*,
23   268 F.R.D. 344, 348 (N.D. Cal. 2010); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L.R. 72-
24   2("Any motion filed pursuant to [Rule 72-2] . . . must include . . . "[a] specific statement of the
25   portions of the Magistrate Judge's findings, recommendation, or report to which an objection is
26   made[.]"). Clear error requires "a definite and firm conviction that a mistake has been committed."

---

[1] Some of these were *also* withheld on attorney-client privilege grounds, and a limited number on the ground of presidential communications privilege.

*Perry*, 268 F.R.D. at 348 (citation omitted). "The standard is extremely deferential and the [m]agistrate's rulings should be considered the final decisions of the [d]istrict [c]ourt." *Loop AI Labs Inc v. Gatti*, 2016 WL 3001158, at *1 (N.D. Cal. May 25, 2016) (citation omitted).

## ARGUMENT

### I.  This Court Has Heard, and Rejected, Defendants' Repeated Requests to Stay Discovery.

Defendants' Motion is at least their sixth effort to challenge this Court's authority to order discovery while the case proceeds. *See* Dkts. 115, 123 at 2–3, 141-2, 159 at 2–3, 177 at 8. In particular, this Court already has heard, and rejected, Defendants' assertions that the Supreme Court's stay of the March 31 postponement order requires halting all discovery. Dkts. 141-2, 161. This is not a basis to appeal the Magistrate's order. Dkt. 187 at 4–5.

Defendants' continued reliance on *Department of Commerce v. New York* to renew their request to stay all discovery misrepresents the Supreme Court's holding there. Dkt. 187 at 5. In *Department of Commerce*, the Supreme Court recognized that extra-record discovery was appropriate, but only questioned the timing—prior to the completion of the administrative record. *Id.*, 588 U.S. 752, 782 (2019) (finding that additional material which the parties "stipulated should have been part of the administrative record" and "which showed, among other things, that the [agency's purported justification] played an insignificant role in the decisionmaking process [] largely justified [the] extra-record discovery as occurred"). Here, the Court considered Plaintiffs' request for limited extra-record discovery only after production of the administrative records. And the Court's findings in this case for why extra-record discovery is warranted are at least as compelling as in *Department of Commerce*. Dkt. 129 at 5 ("To the extent the government contends that the case here is not comparable to *Department of Commerce*, the Court does not agree.").

Defendants also suggest the Supreme Court's stay in a FOIA case should alter the analysis. Dkt. 187 at 4 (citing *U.S. DOGE Service, et al. v. CREW*, 24A1122 (S. Ct. June 6, 2025)). That stay order does not purport to opine on the propriety of discovery in other matters. Just as the Supreme Court was not required to set forth reasoning or analysis for the stay entered in this case, *DOGE* does not purport to lay out a framework or test of general applicability to dictate when district courts

3

1  should block all discovery. It necessarily was limited to the unique facts and circumstances before
2  the Court, which included broad written discovery and deposition discovery. Tellingly, the Supreme
3  Court did not halt discovery; it merely remanded for further consideration. Indeed, this Court already
4  has limited discovery to even *less* than what the government in *DOGE* argued would be permissible.
5  *See CREW v. U.S. DOGE Service, et al.*, No. 25-cv-511, Dkt. 38 at 7 (D.D.C. Apr. 15, 2025)
6  (requesting the court limit discovery "to written discovery only, or, at most, permit[ting] a single
7  Rule 30(b)(6) deposition").
8        In short, the only thing that has changed from the five prior times Defendants requested to
9  stay discovery is that Defendants have repeatedly and flagrantly violated discovery orders to achieve
10 by fiat what they cannot through legitimate means. Dkts. 147, 154, 183. If anything, such
11 violations—which have not yet been cured—justify overruling their DPP objections. For these and
12 other reasons, the motion should be denied.

13 **II.     The Magistrate Correctly Overruled Defendants' Assertions of Privilege.**
14       Defendants' other attacks on the Magistrate's well-reasoned order also fall flat.
15       First, the Magistrate's order is consistent with binding precedent. Defendants concede that
16 DPP "can be overcome because it is a qualified privilege; that is, a litigant may obtain deliberative
17 materials [or information] if his or her need for the materials [or information] and the need for
18 accurate fact-finding override the government's interest in non-disclosure." *See N. Pacifica, LLC v.*
19 *City of Pacifica*, 274 F. Supp. 2d 1118, 1122 (N.D. Cal. 2003); *FTC v. Warner Commc'ns*, 742 F.2d
20 1156, 1161 (9th Cir. 1984) (identifying relevance, lack of alternatives, and government's role as
21 pertinent factors in weighing whether to overrule DPP). Plaintiffs' showing of compelling need is
22 stronger than in *Ramos*, where this Court overruled all DPP assertions. *Ramos v. Nielsen*, No. 18-cv-
23 01554-EMC, Dkts. 63, 79, 84 (N.D. Cal.). In *Ramos*, this Court upheld the Magistrate's ruling that
24 "even in those instances where the DPP does obtain, Plaintiffs have made a sufficient showing that
25 the privilege – a qualified one – should be overcome." *Ramos v. Nielsen*, No. 18-CV-01554-EMC,
26 2018 WL 5264529, at *1 (N.D. Cal. Aug. 15, 2018).
27       No binding caselaw "requires document-by-document, context-specific balancing of interests
28 before compelling disclosure." *See* Dkt. 187. at 2 (*citing FTC*, 742 F.2d at 1161). This Court in

1  *Ramos* overruled all of Defendants' DPP assertions based on a similar process whereby Defendants
2  presented their most compelling "bellweather" documents for in camera review. *Ramos*, Dkts. 63,
3  79, 84. The Court rejected the government's assertion that a document-by-document analysis was
4  required there. *Ramos*, 2018 WL 5264529, at *2. Defendants provide no explanation as to why this
5  Court should deviate from that holding here. Defendants' declarations support the sampling
6  approach the Court relied upon, identifying "categories of documents" over which Defendants have
7  asserted DPP, Dkt. 177-3 ¶ 7, and presenting the documents as "representative" examples of the
8  "types of documents that have been withheld…." Dkt. 177-4 ¶ 4.

9      Defendants were afforded a full and fair opportunity to select their most worthy examples of
10 DPP, and explain why those and similar materials should be shielded from public light. If
11 Defendants could not make that showing for a *single* one of their hand-picked examples of "classes
12 of documents," Dkt. 187 at 2, then a document-by-document review serves no purpose aside from
13 delay. Even now, Defendants do *not* contend the Court would reach a different outcome if presented
14 with their hand-picked examples, and do not establish clear error occurred as to their own selections.
15 If Defendants cannot be bothered to justify any of their own hand-picked examples even now, then it
16 is unreasonable to require the Magistrate to undertake an itemized review.

17     Plus, Defendants never asked this Court or the Magistrate for a document-by-document
18 review of DPP. Dkt. 184 at 3 ("Because Defendants have not argued for a 'granular analysis,' the
19 [Magistrate] addresses the documents collectively."); Dkt. 187 at 2 (conceding that "Defendants did
20 not specifically request a granular analysis"). Notwithstanding Defendants' assertions to the
21 contrary, Defendants' declarations do not justify a document-by-document review, but rather further
22 support a categorical analysis, in light of the declarants' assertions that the documents presented are
23 representative of the documents withheld. Dkts. 177-3 ¶ 7, 177-4 ¶ 4.

24     Failing to seek a document-by-document review, Defendants have waived any right to
25 demand that process now, much less the ability to accuse the Magistrate of clear error for not
26 proposing such a mammoth undertaking. "[O]bjections to findings and recommendations are not
27 intended to serve as a party's 'second bite at the apple.'" *Lintz v. Potter*, 2012 WL 9034131, at *1
28 (E.D. Cal. Sept. 13, 2012) (internal quotations and citations omitted). "[A]llowing parties to litigate

1  fully their case before the magistrate and, if unsuccessful, to change their strategy and present a
2  different theory to the district court would frustrate the purpose of the Magistrates Act." *Greenhow*
3  *v. Secretary of Health & Human Services*, 863 F.2d 633, 638 (9th Cir. 1988), *overruled on other*
4  *grounds by U.S. v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir. 1992).
5        *Second*, the Magistrate did, in fact, conduct the "requisite balancing of interests analysis."
6  *See* Dkt. 187 at 3. After analyzing the relevant factors, she overruled the privilege as asserted. Dkt.
7  184 at 3-6. Defendants in fact conceded that two of the four primary factors—lack of alternative
8  evidence and the government's role in the litigation—"inure to Plaintiffs' favor." Dkt. 177 at 6.
9  Defendants contended before the Magistrate only that the documents were irrelevant, and that
10 disclosure would "hinder frank and independent discussion regarding contemplated policies and
11 decisions." Dkt. 177 at 6. By logging these documents, Defendants necessarily conceded that they
12 were responsive to the narrowly tailored extra-record discovery permitted by the Court, overcoming
13 Defendants' relevance objection . Dkt. 135. Defendants' briefing before the Magistrate entirely
14 ignored the relevance of these materials to prove pretext, Dkt. 177 at 9, whereas the Magistrate
15 found them necessary for Plaintiffs to demonstrate the full extent of the pretext *and* unconstitutional
16 motivation. Dkt. 184 at 3–4; *see also* Dkt. 165 at 3–10, 22 (the limited available discovery shows the
17 challenged decisions were preordained and not based on reasoned deliberation). The Magistrate did
18 not place the burden on Defendants to demonstrate the need for the materials, but rather recognized
19 that in the face of Plaintiffs' clear delineation of need, Defendants offered nothing. Dkt. 184 at 6.
20       The Magistrate likewise properly found inadequate support for boilerplate assertions that
21 disclosure would hinder frank discussion. *See Coleman v. Schwarzenegger*, 2007 WL 4328476, at *7
22 (E.D. & N.D. Cal. Dec. 6, 2007) (finding declarations supporting assertion of DPP were inadequate
23 because declarants failed to "aver[] that they have personally reviewed the documents," "tie[] any of
24 the statements in their declarations to particular documents," or provide proof that defendants
25 "preserved the confidentiality of the specific documents"). At the same time, Defendants do not deny
26 that the societal interest in accurate fact-finding, the presence of issues concerning alleged
27 governmental misconduct, and the significance of the matters at issue individually and collectively
28 favor disclosure—factors which the Magistrate found to "weigh heavily in support of Plaintiffs," and

1   which Defendants have never addressed. Dkt. 184 at 4. *See N. Pacifica, LLC*, 274 F. Supp. 2d at
2   1123–25 (holding need for discovery outweighed DPP).
3         Third, the Magistrate's order was proportional to the needs of the case. *See* Dkt. 187 at 3.
4   The order relates to a few hundred documents in a case concerning the rights of more than a million
5   individuals. It also concerns profound issues, including gross abuses of agency power and racism.
6   Defendants offer no instance where a court found compelling disclosure of a few hundred documents
7   that a party already gathered and logged represents a disproportionate or undue burden. Moreover,
8   this Court already considered proportionality when ordering the limited discovery permitted here—
9   namely, written discovery, over a truncated time period, for a tight circle of custodians, directly
10  related to the challenged decisions. Nothing about the Magistrate's analysis was "casual." *See* Dkt.
11  187 at 3.
12        Fourth, the Magistrate's order finds support in directly pertinent precedent and past
13  experience. She recognized the history in *Ramos* is instructive: the existence of deliberative
14  materials" here, despite the overruling of DPP in *Ramos* "suggests that the prior disclosures did not
15  materially inhibit the government's ability to engage in candid internal discussions." Dkt. 184 at 6.
16  Defendants suggest this case is different because summary judgment briefing will focus on pretext,
17  not racial animus, which they contend means Plaintiffs do not need access to DPP materials. Dkt.
18  187 at 4. Defendants utterly fail to explain why these materials will not matter to proving pretext. It
19  also would be incongruous to permit Defendants to withhold documents on the ground that they
20  solely prove racial animus, not pretext. As a matter of logic, evidence of racial animus would
21  support a finding that the challenged decisions rest on pretext, rather than fair-minded policy
22  consideration.
23        Finally, this Court has found extra-record evidence admissible, and thus discovery available,
24  both because of exceptions to the "general rule that courts reviewing an agency decision are limited
25  to the administrative record," and as a result of independent constitutional claim. Dkt. 129 at 3–7
26  (*quoting Lands Council v. Forester of Region One of the U.S. Forest Serv.*, 395 F.3d 1019, 1029–30
27  (9th Cir. 2004)). Thus, this Court permitted targeted discovery not solely for the equal protection
28  claim, but also in light of substantial evidence that the "agency's explanation for its action was

pretextual – something akin to bad faith." Dkt. 129 at 4-5 (*citing Dep't of Commerce*, 588 U.S. at 781, 783– 84); Dkt. 135 at 4-5 ("In the Court's prior order, it did not categorically bar extra-record discovery for Plaintiffs' APA claim precisely because there was a factual basis for Plaintiffs' assertion that Secretary Noem had acted in bad faith and/or with a discriminatory animus.").

## **CONCLUSION**

Defendants have failed to show any specific and clear error in the Magistrate's weighing of multiple factors supported by the record. Their motion should be denied.

Date:  June 12, 2025

Respectfully submitted,

ACLU FOUNDATION
OF NORTHERN CALIFORNIA

 */s/Emilou MacLean*
Emilou MacLean

Michelle (Minju) Y. Cho
Amanda Young
ACLU FOUNDATION
OF NORTHERN CALIFORNIA

Ahilan T. Arulanantham
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW

Eva L. Bitran
Diana Sanchez
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA

Jessica Karp Bansal
Lauren Michel Wilfong (*Pro Hac Vice*)
NATIONAL DAY LABORER ORGANIZING
NETWORK

Erik Crew (*Pro Hac Vice*)
HAITIAN BRIDGE ALLIANCE

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2025, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

ACLU FOUNDATION
OF NORTHERN CALIFORNIA

*/s/ Emilou MacLean*
Emilou MacLean