BRETT A. SHUMATE
Assistant Attorney General
Civil Division
YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
SARAH L. VUONG
Assistant Director
WILLIAM H. WEILAND
Senior Litigation Counsel
ERIC SNYDERMAN
ANNA DICHTER
LAUREN BRYANT
CATHERINE ROSS
AMANDA SAYLOR
JEFFREY HARTMAN
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, *et. al.*, <br><br> Plaintiff, <br><br> v. <br><br> KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et. al.*, <br><br> Defendants. | Case No. 3:25-cv-1766 <br><br> **DEFENDANTS' MOTION FOR PROTECTIVE ORDER** <br><br> Judge: Hon. Sallie Kim |

    Defendants respectfully move this Court, pursuant to Federal Rule of Civil Procedure 26(c), to enter the attached Protective Order, for which good cause exists.

    The parties have met and conferred both telephonically and via email on multiple occasions, most recently via email on June 11, 2025, regarding the matters discussed in this

1

motion. Defendants proposed a stipulated protective order to Plaintiff, but after sincere efforts to resolve the matter, the parties have not been able to reach an agreement. Simply put, Plaintiffs have generally objected to the entering of an order on the docket and have averred that that the language of this Districts' Model Protective Order is too broad for this case, but have not provided any alternative language that might be satisfactory to both parties.

## LEGAL STANDARD

A party may move for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. This rule provides:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . specifying terms . . . for the disclosure or discovery . . . [and] requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way . . . .

Fed. R. Civ. P. 26(c).

A Rule 26 protective order provides "a safeguard for the protection of parties and witnesses in view of the broad discovery rights authorized in Rule 26(b)." *United States v. CBS, Inc.*, 666 F.2d 364, 368-69 (9th Cir. 1982). The party seeking a protective order must establish "good cause," which requires demonstrating that "'specific prejudice or harm will result' if the protective order is not granted." *Gray v. Romero*, No. 13-cv-01473, 2016 WL 7428802, at *2 (E.D. Cal. Dec. 21, 2016) (quoting *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011)). "District courts are vested with broad discretion in determining whether a protective order is appropriate and, if so, what degree of protection is warranted." *Gray*, 2016 WL 7428802 at *2 (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

## ARGUMENT

Good cause exists for the Court to grant Defendants' proposed Protective Order, due to

the type of information likely to be produced in this litigation. Furthermore, the proposed Protective Order justly balances Plaintiffs' need for information for purposes of litigating this suit with Defendants' interests in avoiding unlimited public disclosure of information for which it asserts special protection.

A.      Good Cause Exists for Granting Defendants' Proposed Protective Order

Defendants seek entry of the proposed Protective Order to facilitate the production of information and records that may be protected by the Freedom of Information Act , 5 U.S.C. § 552; the Privacy Act, 5 U.S.C. § 552a; or personal contact or other private information, while still permitting the withholding of information that is privileged or protected from disclosure under federal or state law (including, but not limited to, Presidential communications, attorney-client communications, the deliberative process privilege, and attorney work-product doctrine). Under this order, Defendants may produce discovery in unredacted form certain information that would be protected from further disclosure under the Freedom of Information Act, 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a.

The documents anticipated to be produced in this litigation exemplify the specific types of information that would cause harm if disclosed to the public or used beyond this litigation. Likely production includes internal email communications revealing the identity and personal contact information for low level officials tasked with providing advice and recommendations regarding policy decisions, to include phone numbers, email addresses that may be precluded from disclosure pursuant to the Privacy Act, 5 U.S.C. § 552a(b). These privacy concerns warrant particular attention in the current environment as rhetoric surrounding immigration policies has become emotionally charged, such that public disclosure or use of the personal information pertaining to individual employees of Defendants beyond this litigation is not only unnecessary, but may needlessly expose them to unwarranted harassment.

Discovery may also implicate documents containing information Defendants view as sensitive and not amenable to widespread public dissemination, including matters that would not be disclosed under FOIA. To the extent such sensitive documents are required to be produced,

Defendants aver the disclosure of this information should be no broader than is necessary to meet the needs of the litigation of this case. Further, Plaintiffs seek the production of information subject to a deliberative process privilege. Included within the documents sought by Plaintiffs are details of "advisory opinions, recommendations, and deliberations comprising part of a process by which government decisions and policies are formulated." *Thomas v. Cate*, 715 F. Supp. 2d 1012, 1019 (E.D. Cal. 2010) (citing *FTC v. Warner Comm's.*, Inc., 742 F.2d 1156, 1161 (9th Cir. 1984)). As noted previously in the declarations supporting this privilege, the harm in disclosing deliberative process information is the impairment of the agency decision-making process if internal discussions were made public, thereby discouraging "frank discussion" of legal or policy matters. "Federal courts, including the Ninth Circuit, have accepted the general premise that forced disclosure of predecisional deliberative communications can have an adverse impact on government decision-making." *Desert Survivors v. U.S. Dept. of the Interior*, 231 F. Supp. 3d 368, 383 (N.D. Cal. Feb. 6, 2017) (citing Warner Commc'ns Inc., 742 F.2d at 1162). Despite the fact that this Court has already ordered the piercing of this privilege based upon the particular nature of this case, there is no reason why such information should not still be protected from widespread dissemination once litigation is complete. *See* ECF No. 184.

Therefore, good cause exists to issue Defendants' proposed Protective Order.

B. <u>Defendants' Proposed Protective Order Strikes a Fair Balance Between Protecting Defendants' Interests and a Fair Resolution of the Lawsuit</u>

The terms of the proposed Protective Order strike a fair balance for the parties and are an appropriate yet limited protection that does not prevent the release of information to Plaintiffs to fully develop their case before the Court. Indeed, the proposed protective order mirrors the model Protective Order for this Court, deleting only those portions that irrelevant to this case, and adding language specifically pertaining to the protection of Personal Contact Information. *See* Declaration of William H. Weiland dtd June 12, 2025.

The resolution of a request for a protective order requires a balancing of the stated interests in protecting designated material with the need for the information sought. *See Noble v.*

*City of Fresno,* 2017 WL 5665850, at *5 (E.D. Cal. 2017) (citing *Soto v. City of Concord*, 162 F.R.D. 603, 617 (N.D. Cal. 1995). The proposed Protective Order does not impede upon the truth-seeking process nor limit the scope of discovery in this case. It does not limit Plaintiffs in most instances, and Plaintiffs' counsel in any instance, from using designated material "for purposes related to this Action." *See* Proposed Protective Order. The proposed Protective Order does not raise the concern courts have consistently raised when considering limitations on discovery—that limitations would "unduly impede the primary function of courts—decisions on the fullest, most accurate record possible." *Chiron Corp. v. Genentech, Inc.*, 179 F. Supp. 2d 1182, 1186 (E.D. Cal. 2001) (discussing the "impediment to the truth seeking process" caused by privileges and immunities). There is no such concern here as the proposed Protective Order does not limit discovery for purposes related to this action. In light of Defendants' stated interests in protecting the designated material, the proposed term limiting the use of the designated material is a fair balance.

In conferring with Defendants, Plaintiffs have raised unsupported objections to the breadth of the model Protective Order, inferring that limiting the use of the designated material for purpose of this litigation is inappropriate. Plaintiffs only concession during these discussions has been to informally agree to redact personal contact information from public filings and other out-of-court distributions, but without further protections regarding disposal upon the conclusion of this case, procedures for controlling access and preventing inadvertent disclosures of sensitive information, or other uses outside of this litigation. But the purpose of discovery is not to collect information generally, or to preserve it for some other use. It is solely to aid the parties in litigating the case at hand. *See Cook v. Yellow Freight Sys., Inc.*, 132 F.R.D. 548, 552 (E.D. Cal. 1990) (finding that even when the balance weighs in favor of disclosure of private information, the scope of disclosure "will be narrowly circumscribed" to the extent necessary for a fair resolution of the current case). The Northern District's Model Protective Order, as amended to fit this case, reflects that limited purpose, thereby ensuring that discovery remains tied to the litigation and not some inappropriate ulterior purpose.

## CONCLUSION

For these reasons and with good cause, the Court should enter Defendants' proposed Protective Order.

Dated: June 12, 2025                    Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General

SARAH L. VUONG
Assistant Director (CA Bar 258528)

CATHERINE ROSS (DC Bar 9007404)
ERIC SNYDERMAN (VA Bar 99563)
ANNA DICHTER (NJ Bar 304442019)
LAUREN BRYANT (NY Bar 5321880)
AMANDA SAYLOR (FL Bar 1031480)
Trial Attorneys

/s/*William H. Weiland*
WILLIAM H. WEILAND
Senior Litigation Counsel (MA Bar 661433)
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 305-0770
william.h.weiland@usdoj.gov

Attorneys for the Defendants