BRETT SHUMATE
Assistant Attorney General
YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
Civil Division
SARAH L. VUONG (CA Bar 258528)
Assistant Director
WILLIAM H. WEILAND (Mass. Bar 661433)
Senior Litigation Counsel
LAUREN BRYANT (NY Bar 5321880)
ANNA DICHTER (NJ Bar 304442019)
JEFFREY HARTMAN (WA Bar 49810)
CATHERINE ROSS (DC Bar 9007404)
AMANDA SAYLOR (FL Bar 1031480)
ERIC SNYDERMAN (VA Bar 99563)
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, *et. al*., | Case No. 3:25-cv-1766-EMC |
| Plaintiff, | |
| v. | Judge: Hon. Sallie Kim |
| KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et. al*., | DECLARATION OF WILLIAM H. WEILAND |
| Defendants. | |

DECLARATION OF WILLIAM H. WEILAND
No. 3:25-cv-1766-EMC

1    I, William H. Weiland, declare as follows:

2    1.    I am a Senior Litigation Counsel at the U.S. Department of Justice and am licensed and

3    entitled to practice law by the Commonwealth of Massachusetts. I have personal knowledge of the facts

4    set forth in this declaration.

5    2.    I submit this declaration pursuant to the Court's Standing Order regarding discovery

6    pertaining to Defendants' proposed protective order, which mirrors the Northern District of California's

7    model stipulated protective order, with the following exceptions:

8        a. The header was edited to reflect case specific information.

9        b. Language reflecting the parties' agreement has been deleted or modified in order to

10    reflect the Parties inability to reach an agreement to stipulate.

11        c. Paragraph 2.12 was added to define "Personnel Contact Information." Subsequent

12    subparagraphs were accordingly re-numbered.

13        d. Paragraph 12.4 was added to address limitations on the use and dissemination of

14    Personnel Contact Information.

15        e. Paragraph 12.5 was added to note that, given the protections of paragraph 12.4, the

16    Defendants will produce documents to Plaintiffs without redacting Personnel Contact Information.

17        f. Paragraph 12.6 was added to reserve the right for Defendants to redact purely personal

18    contact information in documents produced, and to require Plaintiffs to alert Defendants if such purely

19    personal contact information is inadvertently produced in unredacted form.

20    3. The changes noted the paragraph above are reflected in the redline version of Defendants'

21    proposed order attached to this declaration.

22

23    Executed on this 12th day of June, 2025.

24

25    _____

26    William. H. Weiland
      Senior Litigation Counsel

27

28

1

ATTACHMENT

BRETT A. SHUMATE
Assistant Attorney General
Civil Division
YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
SARAH L. VUONG
Assistant Director
WILLIAM H. WEILAND
Senior Litigation Counsel
ERIC SNYDERMAN
ANNA DICHTER
LAUREN BRYANT
CATHERINE ROSS
AMANDA SAYLOR
JEFFREY HARTMAN
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

NATIONAL TPS ALLIANCE, MARIELA
GONZÁLEZ, FREDDY JOSE ARAPE RIVAS,
M.H., CECILIA DANIELA GONZALEZ
HERRERA, ALBA CECILIA PURICA
HERNANDEZ, E.R., HENDRINA
VIVAS CASTILLO, A.C.A., SHERIKA BLANC,
VILES DORSAINVIL, and G.S.,

          Plaintiffs,

     vs.

KRISTI NOEM, in her official capacity as
Secretary of Homeland Security, UNITED
STATES DEPARTMENT OF HOMELAND
SECURITY, and UNITED STATES OF
AMERICA,

          Defendants.

Case No. 3:25-cv-01766-EMC

~~STIPULATED~~ [PROPOSED]
**PROTECTIVE ORDER**

Commented [WW1]: Edited to reflect case specific information.

1.     PURPOSES AND LIMITATIONS

        Disclosure and discovery activity in this action are likely to involve production of
confidential, proprietary, or private information for which special protection from public disclosure
and from use for any purpose other than prosecuting this litigation may be warranted. ~~Accordingly,
the parties hereby stipulate to and petition the court to enter the following Stipulated Protective
Order. The parties acknowledge that t~~This Order does not confer blanket protections on all
disclosures or responses to discovery and that the protection it affords from public disclosure and use
extends only to the limited information or items that are entitled to confidential treatment under the
applicable legal principles. ~~The parties further acknowledge, as set forth in Section 12.3, below, that
t~~This Stipulated Protective Order does not entitle the Parties ~~m~~ to file confidential information under
seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that
will be applied when a party seeks permission from the court to file material under seal.

2.     DEFINITIONS

        2.1     Challenging Party: a Party or Non-Party that challenges the designation of
information or items under this Order.

        2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is
generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of
Civil Procedure 26(c).

        2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well
as their support staff).

        2.4     Designating Party: a Party or Non-Party that designates information or items that it
produces in disclosures or in responses to discovery as "CONFIDENTIAL."

        2.5     Disclosure or Discovery Material: all items or information, regardless of the medium
or manner in which it is generated, stored, or maintained (including, among other things, testimony,
transcripts, and tangible things), that are produced or generated in disclosures or responses to
discovery in this matter.

        2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the
litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

*United States District Court*
*Northern District of California*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Commented [WW2]: Deleted, as the Parties have been unable to agree to a stipulated order.

Commented [WW3]: Deleted, as the Parties have been unable to agree to a stipulated order.

1  consultant in this action.

2        2.7    House Counsel: attorneys who are employees of a party to this action. House Counsel

3  does not include Outside Counsel of Record or any other outside counsel.

4        2.8    Non-Party: any natural person, partnership, corporation, association, or other legal

5  entity not named as a Party to this action.

6        2.9    Outside Counsel of Record: attorneys who are not employees of a party to this action

7  but are retained to represent or advise a party to this action and have appeared in this action on

8  behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

9        2.10    Party: any party to this action, including all of its officers, directors, employees,

10  consultants, retained experts, and Outside Counsel of Record (and their support staffs).

11        2.11    Producing Party: a Party or Non-Party that produces Disclosure or Discovery

12  Material in this action.

13        2.12    Personnel Contact Information: As used herein, the term "Personnel Contact

14  Information" shall apply to all personal and official/organizational email addresses, phone

15  numbers, and addresses of government personnel produced in discovery

> **Commented [WW4]:** Added to the model, in order to define the "Personnel Contact Information" protected herein.
>
> Numbering of subsequent paragraphs of §2 modified as a result.

16        2.123    Professional Vendors: persons or entities that provide litigation support services (e.g.,

17  photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing,

18  storing, or retrieving data in any form or medium) and their employees and subcontractors.

19        2.143    Protected Material: any Disclosure or Discovery Material that is designated as

20  "CONFIDENTIAL."

21        2.154    Receiving Party: a Party that receives Disclosure or Discovery Material from a

22  Producing Party.

23  3.    SCOPE

24        The protections conferred by this Stipulation and Order cover not only Protected Material (as

25  defined above), but also (1) any information copied or extracted from Protected Material; (2) all

26  copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

27  conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

28  However, the protections conferred by this Stipulation and Order do not cover the following

1    information: (a) any information that is in the public domain at the time of disclosure to a Receiving

2    Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of

3    publication not involving a violation of this Order, including becoming part of the public record

4    through trial or otherwise; and (b) any information known to the Receiving Party prior to the

5    disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the

6    information lawfully and under no obligation of confidentiality to the Designating Party. Any use of

7    Protected Material at trial shall be governed by a separate agreement or order.

8    4.    <u>DURATION</u>

9         Even after final disposition of this litigation, the confidentiality obligations imposed by this

10   Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

11   otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and

12   defenses in this action, with or without prejudice; and (2) final judgment herein after the completion

13   and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the

14   time limits for filing any motions or applications for extension of time pursuant to applicable law.

15   5.    <u>DESIGNATING PROTECTED MATERIAL</u>

16        5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or

17   Non-Party that designates information or items for protection under this Order must take care to

18   limit any such designation to specific material that qualifies under the appropriate standards. The

19   Designating Party must designate for protection only those parts of material, documents, items, or

20   oral or written communications that qualify – so that other portions of the material, documents,

21   items, or communications for which protection is not warranted are not swept unjustifiably within

22   the ambit of this Order.

23        Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown

24   to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily

25   encumber or retard the case development process or to impose unnecessary expenses and burdens on

26   other parties) expose the Designating Party to sanctions.

27        If it comes to a Designating Party's attention that information or items that it designated for

28   protection do not qualify for protection, that Designating Party must promptly notify all other Parties

4

1    that it is withdrawing the mistaken designation.

2         5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see,

3    e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or

4    Discovery Material that qualifies for protection under this Order must be clearly so designated

5    before the material is disclosed or produced.

6         Designation in conformity with this Order requires:

7              (a) For information in documentary form (e.g., paper or electronic documents, but

8    excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

9    affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion

10   or portions of the material on a page qualifies for protection, the Producing Party also must clearly

11   identify the protected portion(s) (e.g., by making appropriate markings in the margins).

12   A Party or Non-Party that makes original documents or materials available for inspection need not

13   designate them for protection until after the inspecting Party has indicated which material it would

14   like copied and produced. During the inspection and before the designation, all of the material made

15   available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has

16   identified the documents it wants copied and produced, the Producing Party must determine which

17   documents, or portions thereof, qualify for protection under this Order. Then, before producing the

18   specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page

19   that contains Protected Material. If only a portion or portions of the material on a page qualifies for

20   protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making

21   appropriate markings in the margins).

22              (b) for testimony given in deposition or in other pretrial or trial proceedings, that the

23   Designating Party identify on the record, before the close of the deposition, hearing, or other

24   proceeding, all protected testimony.

25              (c) for information produced in some form other than documentary and for any other

26   tangible items, that the Producing Party affix in a prominent place on the exterior of the container or

27   containers in which the information or item is stored the legend "CONFIDENTIAL." If only a

28   portion or portions of the information or item warrant protection, the Producing Party, to the extent

5

1    practicable, shall identify the protected portion(s).

2         5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

3    designate qualified information or items does not, standing alone, waive the Designating Party's

4    right to secure protection under this Order for such material. Upon timely correction of a

5    designation, the Receiving Party must make reasonable efforts to assure that the material is treated in

6    accordance with the provisions of this Order.

7    6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

8         6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of

9    confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

10   designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens,

11   or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a

12   confidentiality designation by electing not to mount a challenge promptly after the original

13   designation is disclosed.

14        6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process

15   by providing written notice of each designation it is challenging and describing the basis for each

16   challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must

17   recite that the challenge to confidentiality is being made in accordance with this specific paragraph

18   of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must

19   begin the process by conferring directly (in voice to voice dialogue; other forms of communication

20   are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging

21   Party must explain the basis for its belief that the confidentiality designation was not proper and

22   must give the Designating Party an opportunity to review the designated material, to reconsider the

23   circumstances, and, if no change in designation is offered, to explain the basis for the chosen

24   designation. A Challenging Party may proceed to the next stage of the challenge process only if it

25   has engaged in this meet and confer process first or establishes that the Designating Party is

26   unwilling to participate in the meet and confer process in a timely manner.

27        6.3    Judicial Intervention. If the Parties cannot resolve a challenge without court

28   intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil

6

1  Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the

2  initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process

3  will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a

4  competent declaration affirming that the movant has complied with the meet and confer

5  requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a

6  motion including the required declaration within 21 days (or 14 days, if applicable) shall

7  automatically waive the confidentiality designation for each challenged designation. In addition, the

8  Challenging Party may file a motion challenging a confidentiality designation at any time if there is

9  good cause for doing so, including a challenge to the designation of a deposition transcript or any

10  portions thereof. Any motion brought pursuant to this provision must be accompanied by a

11  competent declaration affirming that the movant has complied with the meet and confer

12  requirements imposed by the preceding paragraph.

13          The burden of persuasion in any such challenge proceeding shall be on the Designating

14  Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose

15  unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

16  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to

17  retain confidentiality as described above, all parties shall continue to afford the material in question

18  the level of protection to which it is entitled under the Producing Party's designation until the court

19  rules on the challenge.

20  7.     ACCESS TO AND USE OF PROTECTED MATERIAL

21          7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or

22  produced by another Party or by a Non-Party in connection with this case only for prosecuting,

23  defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

24  the categories of persons and under the conditions described in this Order. When the litigation has

25  been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL

26  DISPOSITION).

27          Protected Material must be stored and maintained by a Receiving Party at a location and in a

28  secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels

disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS
       LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

9

1    (2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in

2    this litigation, the relevant discovery request(s), and a reasonably specific description of the

3    information requested; and

4    (3) make the information requested available for inspection by the Non-Party.

5    (c) If the Non-Party fails to object or seek a protective order from this court within 14

6    days of receiving the notice and accompanying information, the Receiving Party may produce the

7    Non-Party's confidential information responsive to the discovery request. If the Non-Party timely

8    seeks a protective order, the Receiving Party shall not produce any information in its possession or

9    control that is subject to the confidentiality agreement with the Non-Party before a determination by

10    the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of

11    seeking protection in this court of its Protected Material.

12    10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

13    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

14    Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

15    the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

16    disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c)

17    inform the person or persons to whom unauthorized disclosures were made of all the terms of this

18    Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

19    Be Bound" that is attached hereto as Exhibit A.

20    11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

21    MATERIAL

22    When a Producing Party gives notice to Receiving Parties that certain inadvertently produced

23    material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties

24    are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to

25    modify whatever procedure may be established in an e-discovery order that provides for production

26    without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the

27    parties reach an agreement on the effect of disclosure of a communication or information covered by

28    the attorney-client privilege or work product protection, the parties may incorporate their agreement

10

1   in the stipulated protective order submitted to the court.

2   12.   MISCELLANEOUS

3       12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek

4   its modification by the court in the future.

5       12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order

6   no Party waives any right it otherwise would have to object to disclosing or producing any

7   information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

8   Party waives any right to object on any ground to use in evidence of any of the material covered by

9   this Protective Order.

10      12.3   Filing Protected Material. Without written permission from the Designating Party or a

11  court order secured after appropriate notice to all interested persons, a Party may not file in the

12  public record in this action any Protected Material. A Party that seeks to file under seal any Protected

13  Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal

14  pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant

15  to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the

16  Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to

17  protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant

18  to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the information in

19  the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

20      12.4   Plaintiffs will protect all such Personnel Contact Information included on

21  documents produced in discovery or in deposition exhibits in *National TPS Alliance v. Noem*, as

22  follows:

23          a) Plaintiffs will not disseminate or publish such Personnel Contact Information in

24          unredacted form before filing on the Court's docket, and will confirm such

25          redaction with Defendants before filing.

26          b) Plaintiffs may otherwise use the documents produced in discovery and in

27          depositions in court filings.

28      12.5   The Government will produce documents to Plaintiffs without redacting Personnel

11

**Commented [WW5]:** Added to model to address limits on the use of documents containing Personnell Contact Information.

Contact Information.

    12.6   The Government reserves its right to redact purely personal contact information to the extent that such information appears in any documents produced in discovery. Plaintiffs shall alert the Government's counsel if Plaintiffs come across any such purely personal information in unredacted form.

13.    <u>FINAL DISPOSITION</u>

    Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

~~IT IS SO STIPULATED, through Counsel of Record.~~

~~Dated:~~ _____ ~~Counsel for Plaintiffs~~

~~Dated:~~ _____ ~~Counsel for Defendants~~

    **IT IS ORDERED** that the forgoing Protective Order ~~Agreement~~ is approved.

12

---

**Commented [WW6]:** Added to model to note Defendants will disclose documents without redacting Personnel Contact Information that is to be protected under this order.

**Commented [WW7]:** Added to model to permit Defendants to redact any purely personal information and for Plaintiffs to alert Defendants if they identify any in documents that are produced.

**Commented [WW8]:** Deleted from model based upon the Parties inability to reach an agreement to stipulate.

**Commented [WW9]:** Model edited due to Parties inability to stipulate.

Dated:

_____

UNITED STATES MAGISTRATE

DISTRICT JUDGE

13

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of NTPSA v. Noem, et al., 25-cv-1766-EMC-SK. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

14