UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL TPS ALLIANCE, et al., | Case No.  25-cv-01766-EMC |
| Plaintiffs, | |
| v. | **ORDER DENYING DEFENDANTS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |
| KRISTI NOEM, et al., | |
| Defendants. | Docket No. 187 |

The government seeks relief from a discovery order issued by Judge Kim on June 6, 2025. *See* Docket No. 184 (order).  Pursuant to 28 U.S.C. § 636, this Court reviews Judge Kim's discovery order for clear error or a ruling contrary to law.  *See* 28 U.S.C. § 636(b)(1)(A) (providing that "[a] judge may designate a magistrate to hear and determine any pretrial matter pending before the court [with limited exceptions]" and that a judge "may reconsider any pretrial matter . . . where it has been shows that the magistrate judge's order is clearly erroneous or contrary to law"); *see also* Fed. R. Civ. P. 72(a); *Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991).  In reviewing for clear error, a district judge may not simply substitute his or her judgment for that of the magistrate judge.  *See id.*  Rather, a magistrate judge's non-dispositive ruling is clearly erroneous only when a district judge is left with a "definite and firm conviction that a mistake has been committed."  *Burdick v. Comm'r Internal Rev. Serv.*, 979 F.2d 1369, 1370 (9th Cir. 1992).

Here, the government's motion for relief is **DENIED**.  Judge Kim invoked the appropriate legal framework in conducting her analysis of the deliberative process privilege ("DPP"), and her application of the framework to the bellwether documents was well reasoned and supported by the

1  record.  Upon this Court's review, the Court finds no clear error or ruling contrary to law.

## I.    DISCUSSION

3  In its motion, the government does not contend that Judge Kim committed any error with

4  respect to her identification of the applicable legal test for the DPP.  Nor does the government

5  identify any document within the bellwether set where Judge Kim clearly erred.[1]  Instead, the

6  government asserts five specific errors by Judge Kim.

7  First, the government suggests that Judge Kim erred by failing to do a document-by-

8  document analysis of the documents over which it claimed the deliberative process privilege

9  ("DPP").  However, the government never made such a request of Judge Kim.  *See Karnoski v.*

10 *Trump*, 926 F.3d 1180, 1206 (9th Cir. 2019) ("*If* Defendants persuasively argue that a more

11 granular analysis would be proper, the district court should undertake it.") (emphasis added).  Nor

12 did the government assert to Judge Kim that a bellwether or sampling approach was improper.  In

13 fact, a declaration submitted by the government indicates otherwise.  *See* Docket No. 177-4 (Law

14 Decl. ¶ 4) ("It is my understanding that this subset of documents is representative of the types of

15 documents that have been withheld as privileged.").  Finally, even though the declarations

16 submitted by the government identified different categories of documents in the DPP log, nowhere

17 did the government argue to Judge Kim why those different categories were material to her

18 _____

19 [1] If anything, Judge Kim may have been overly generous in finding some documents falling within
the privilege.  For example, although the fact/opinion distinction is not always dispositive, there
20 are some documents that seem more factual in nature.  *See, e.g.*, In Camera Submissions, p. 37
(NTPSA_USCIS_1165) (email exchange related to the number of Haitian TPS holders); In
21 Camera Submissions, p. 41 (NTPSA_USCIS_1309) (email exchange noting that drafts were being
circulated and input provided, but without including content of the drafts or input).  Also, some
22 documents are arguably not predecisional or deliberative.  *See United States Fish & Wildlife Serv.*
*v. Sierra Club, Inc.*, 592 U.S. 261, 268 (2021) ("Documents are 'predecisional' if they were
23 generated before the agency's final decision on the matter, and they are 'deliberative' if they were
prepared to help the agency formulate its position.").  For example, there is an email exchange
24 from January 2025 which includes statements indicating that DHS was looking for rationale that
the Venezuela TPS designation should be terminated.  *See* In Camera Submissions, p. 97
25 (NTPSA_USCIS_1618).  It is questionable whether this document was predecisional given that a
decision appears to have essentially already been made (*i.e.*, terminate the TPS designation), nor
26 does it seem deliberative if DHS had already formulated its position.  *See Citizens for*
*Responsibility & Ethics in Wash. v. United States DOJ*, 45 F.4th 963, 972 (D.C. Cir. 2022) ("A
27 record is pre-decisional if it was 'prepared in order to assist an agency decisionmaker in arriving at
his decision, rather than to support a decision already made.'  And a record is deliberative if it
28 'reflects the give-and-take of the consultative process.'").

United States District Court
Northern District of California

United States District Court
Northern District of California

analysis of the DPP.  *See Karnoski*, 926 F.3d at 1206 ("[I]n balancing the *Warner* factors [as to when the DPP may be overcome[2]], the district court should consider classes of documents separately when appropriate.  It is not clear the district court did so in this case.  The district court appears to have conducted a single deliberative process privilege analysis covering all withheld documents, rather than considering whether the analysis should apply differently to certain categories.").  In short, the government has not demonstrated that the bellwether documents are ***not*** representative of the other documents and has pointed to no reason why non-bellwether documents warrant an analysis that materially differs from that in which Judge Kim engaged.

Second, the government contends that Judge Kim improperly put the burden on the government to show why the DPP should not be overcome, instead of placing the burden on Plaintiffs to show why the privilege should be overcome.  That is not accurate.  The government has taken a statement from Judge Kim's order out of context.  *See* Docket No. 184 (Order at 6) ("Defendants do not provide any analysis for balancing the [*Warner*] factors and do not explain why the Plaintiffs' need for the materials and the need for accurate fact-finding overrides Defendants' interest in nondisclosure. . . ").  The statement, when read in the context of the entire paragraph, demonstrates that Judge Kim did not put the burden on the government but rather "recognized that in the face of Plaintiffs' clear delineation of need, Defendants offered nothing." Opp'n at 6; *see also* Docket No. 184 (Order at 6) ("Plaintiffs cannot obtain this evidence in any other manner, and their arguments have support in evidence.  Their need for this evidence on this important topic outweighs the potential chilling effect on future discussions.").

Third, the government argues that Judge Kim disregarded Rule 26(b)(1)'s proportionality standard and demonstrated a "casual" approach to the chilling effect that production of DPP documents would have.  Mot. at 3.  But, as Plaintiffs point out, this Court placed limits on the

---

[2] *See FTC v. Warner Comm'n, Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984) ("The deliberative process privilege is a qualified one.  A litigant may obtain deliberative materials if his or her need for the materials and the need for accurate fact-finding override the government's interest in nondisclosure.  Among the factors to be considered in making this determination are: 1) the relevance of the evidence; 2) the availability of other evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions.").

United States District Court
Northern District of California

1  discovery Plaintiffs sought – *e.g.*, in terms of time period and the number of custodians.

2  Furthermore, the actual number of documents at issue is several hundred, not, *e.g.*, thousands.

3  Hence there is no undue burden in terms of the volume of documents.  As noted, the volume of

4  documents at issue is circumscribed in large part by the limitation on scope ordered by this Court.

5  As to the government's assertion of a chilling effect, that is a factor which informs whether the

6  DPP should be overcome by need, rather than a part of the proportionality analysis under Rule

7  26(b)(2).  In any event, the government's showing of chilling effect was boilerplate and, for

8  reasons stated herein, not substantiated.

9          Fourth, the government points out that Judge Kim's analysis of the first *Warner* factor

10  (relevance of the DPP documents) was tied to racial animus, but that the summary judgment

11  motion recently filed by Plaintiffs does not seek relief based on the equal protection claims but

12  rather the APA claims only.  The government's argument lacks merit for several reasons.  First,

13  the fact that Plaintiffs are moving for summary judgment on their APA claims alone does not

14  mean that discovery for the equal protection claim is not needed. The equal protection claims

15  remain in the case and is subject to final adjudication.  Second, even if the Court were to consider

16  only the APA claims as a basis for current discovery, the discovery sought is still relevant to the

17  APA claims.  As Plaintiffs note, "[a]s a matter of logic, evidence of racial animus would support a

18  finding that the challenged decisions rest on pretext, rather than fair-minded policy consideration."

19  Opp'n at 7.

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

United States District Court
Northern District of California

1    Finally, the government contends – once again – that all discovery is inappropriate in light

2    of the Supreme Court's order staying the postponement order issued by this Court.  The

3    government maintains that allowing discovery to proceed before the Ninth Circuit and/or Supreme

4    Court have ruled on the jurisdictional issues is improper.  This Court has already rejected this

5    argument.

6                                    **II.**    **CONCLUSION**

7    Accordingly, the government's motion for relief is denied.

8    This order disposes of Docket No. 187.

9

10

11    **IT IS SO ORDERED**.

12

13    Dated: June 12, 2025

14

15    _____

16    EDWARD M. CHEN
     United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28