Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Amanda Young (SBN 359753)
ayoung@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Attorneys for Plaintiffs
*[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R., HENDRINA VIVAS CASTILLO, A.C.A., SHERIKA BLANC, VILES DORSAINVIL, and G.S., <br><br> Plaintiffs, <br><br> vs. <br><br> KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA, <br><br> Defendants. | Case No. 3:25-cv-01766-EMC <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR COMPLIANCE WITH COURT ORDER [ECF 162]** |

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Eva L. Bitran (SBN 302081)
ebitran@aclusocal.org
Diana Sanchez (SBN 338871)
dianasanchez@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (*Pro Hac Vice*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, Suite 1H
San Diego, CA 92120
Telephone: (949) 603-7411

**NOTICE OF MOTION AND MOTION FOR COMPLIANCE WITH COURT ORDER [ECF 162]**

PLEASE TAKE NOTICE THAT, on June 24, 2025, or as soon thereafter as this matter may be heard before the district court judge of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, assigned to this matter, Plaintiffs move for Compliance with this Court's Order Granting in Part and Denying in Part Plaintiffs' Motion to Preserve (ECF 162).

This Motion is based upon this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the supporting declarations and evidence filed concurrently herewith; all prior pleadings and filings in this case; any additional matter of which the Court may take judicial notice; and such further evidence or argument as may be presented before, at, or after the hearing.

Date: June 17, 2025

Respectfully submitted,

NATIONAL DAY LABORER ORGANIZING NETWORK

 /s/ Jessica Karp Bansal
Jessica Karp Bansal
Lauren Michel Wilfong (*Pro Hac Vice*)
NATIONAL DAY LABORER ORGANIZING NETWORK

Emilou MacLean
Michelle (Minju) Y. Cho
Amanda Young
ACLU FOUNDATION
OF NORTHERN CALIFORNIA

Ahilan T. Arulanantham
CENTER FOR IMMIGRATION LAW AND POLICY, UCLA SCHOOL OF LAW

Eva L. Bitran
Diana Sanchez
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA

Erik Crew (*Pro Hac Vice*)
HAITIAN BRIDGE ALLIANCE

*Attorneys for Plaintiffs*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

On May 30, 2025, this Court held that Department of Homeland Security Secretary Noem exceeded her statutory authority and acted arbitrarily when she purported to invalidate TPS-related documentation that had already been issued pursuant to the January 17, 2025 extension of Venezuela's 2023 TPS designation. ECF 162. This Court granted relief to two distinct groups of TPS holders who had received documentation on or before February 5, 2025: (1) TPS holders who received TPS-related documentation (including Forms I-94 and final approvals of TPS applications) issued with October 2, 2026 expiration dates; and (2) TPS holders who received Notices of Action acknowledging receipt of their applications for employment authorization and automatically extending their employment authorization by up to 540 days.

Defendants have since updated the U.S. Citizenship and Immigration Services (USCIS) website to acknowledge the ongoing validity of the first group's documentation. However, despite Plaintiffs' request, Defendants have not updated USCIS's website to acknowledge the ongoing validity of documentation held by the second group. As a result, members of Plaintiff National TPS Alliance (and, presumably, other TPS holders) who fall into the second group have been placed on unpaid suspension and fired from their jobs by employers who believe, based on the incorrect information on USCIS's website, that these workers' employment authorization is no longer valid. To remedy this harm and ensure compliance with this Court's May 30 order, Plaintiffs request that this Court order Defendants to revise the USCIS website to accurately reflect the categories of TPS-related documentation that remain valid under this Court's May 30 order.

**BACKGROUND**

A.   **This Court's May 30, 2025 Order**

On May 19, 2025, the Supreme Court stayed this Court's March 31, 2025 order postponing the effective date of the vacatur and termination of Venezuela's 2023 TPS designation. The second paragraph of the Supreme Court's order stated that its ruling was without prejudice to a potential challenge to the vacatur "insofar as it purports to invalidate" certain already-issued TPS-related documentation. ECF 140. On May 21, 2025, Plaintiffs filed a motion for relief based on the second

1

PLAINTIFFS' MOTION FOR COMPLIANCE WITH COURT ORDER – CASE NO. 3:25-CV-01766-EMC

paragraph of the Supreme Court's order. ECF 144.

On May 30, 2025, following briefing and argument, this Court granted Plaintiffs' motion in part and denied it in part. ECF 162. This Court held that Secretary Noem's purported invalidation of TPS-related documentation issued or received on or before February 5, 2025 exceeded her authority under the TPS statute. *Id.* at 4-6. The Court also held that Secretary Noem's failure to consider the distinct reliance interests of individuals who had received such documentation was arbitrary and capricious. *Id.* at 6.

In its order, this Court specifically addressed "which Venezuelan TPS holders are entitled to relief." *Id*. at 8. It agreed with Plaintiffs that "relief should be given to not only those TPS holders who received documentation concretely reflecting final approval of legal status or work authorization through October 2, 2026 … but also documentation issued to TPS holders because of the extension, even if it did not explicitly bear the October 2, 2026 date or was not a formal final approval document …." *Id.* The Court noted that the Supreme Court's order referencing the October 2, 2026 date "appears to modify only I-94s," given that "the October 2, 2026 date is linguistically proximate to the last item listed – I-94s" and that some of the documents listed in the order do not bear express expiration dates.[1] *Id.* The Court further recognized that "all holders of TPS documents issued pursuant to the Mayorkas extension share the same reliance interest." *Id. See also id.* at 6-7 (discussing reliance interests of Plaintiff Freddy Arape Rivas, who received a Notice of Action automatically extending his employment authorization by up to 540 days).

**B.     Defendants' Updates to the USCIS Website**

Sometime between Friday, June 6, 2025, and Monday, June 9, 2025, USCIS updated its webpage regarding Venezuela's TPS designation. *See* Declaration of Jessica Bansal, ¶¶ 3-4 & Exhs. B & C. As of June 6, the webpage stated:

> ALERT: On May 19, 2025, the U.S. Supreme Court, in a convincing 8-1 decision, granted the government's emergency stay of Judge Edward Chen's order. *See National TPS Alliance, et al., v. Kristi Noem et al.*, No. 3:25-cv-01766 (N.D. Cal. Mar. 31, 2025). Previously, on Feb. 3, 2025, Secretary of Homeland Security Kristi Noem's vacatur of the Jan. 17, 2025, notice that extended a TPS designation for Venezuela was published in the Federal Register, and on Feb. 5, 2025, the Secretary's decision to terminate TPS under the 2023 designation

---

[1] For example, Notices of Action automatically extending EADs do not bear expiration dates. *See* ECF 144 at i, n.1.

2

for Venezuela was published. Based on the Supreme Court's May 19 order, the erroneous March 31, 2025, district court order in case No. 3:25-cv-1766 is stayed pending the disposition of the government's appeal in the United States Court of Appeals for the Ninth Circuit.

Further updates regarding TPS Venezuela will be posted on this webpage.

*Id.* Exh. B. At that time, a chart immediately below the "Alert" included a column for Venezuela's 2023 designation, with various rows, including one titled "TPS Extended Through," which read, "Oct. 2, 2026 (under protest pursuant to court order)," and one titled "Employment Authorization Document (EAD) Auto-Extended Through," which read, "April 2, 2026 (under protest pursuant to court order)."[2] *Id.*

As of June 9, Defendants changed the language on USCIS's webpage to state:

> ALERT: On May 19, 2025, the U.S. Supreme Court, in a devastating 8-1 vindication of the Trump Administration and stinging indictment of judicial activism, granted the government's request for an emergency stay of Judge Edward Chen's order in *National TPS Alliance, et al., v. Kristi Noem et al.*, No. 3:25-cv-01766 (N.D. Cal. Mar. 31, 2025). Based on the Supreme Court's May 19 order, the erroneous March 31, 2025, district court order in case No. 3:25-cv-1766 is stayed pending the disposition of the government's appeal in the United States Court of Appeals for the Ninth Circuit. **Thus, TPS for Venezuelans with April 3, 2025 documentation has terminated pursuant to Secretary of Homeland Security Kristi Noem's Feb. 5, 2025 decision to terminate TPS under the 2023 designation for Venezuela.** On May 30, 2025, the district court in case No. 3:25-cv-1766 ordered that—pending resolution of the litigation—**TPS beneficiaries who received TPS-related employment authorization documents, Forms I-797, Notices of Action, and Forms I-94 issued with October 2, 2026 expiration dates on or before February 5, 2025 will maintain that status, and their documentation will remain valid during the course of the litigation**. All TPS-related documentation with a validity date of October 2, 2026, received after February 5, 2026 [*Sic*[3]], is no longer valid and those individuals under the 2023 designation no longer have TPS.

*Id.* Exh. C (emphasis added). In the chart immediately below the "Alert," the "TPS Extended Through" row was changed to state: "April 7, 2025 … TPS beneficiaries who received TPS-related documentation on or before February 5, 2025, **with a validity date of October 2, 2026**, will maintain that status and their documentation will remain valid pending resolution of the litigation in

---

[2] The April 2, 2026 date was based on the automatic one-year extension of employment authorization provided by the January 17, 2025 extension. 90 Fed. Reg. 5961, 5962 (Jan. 17, 2025) ("[T]hrough this Federal Register notice, DHS automatically extends through April 2, 2026, the validity of certain EADs previously issued under the TPS designations of Venezuela.").

[3] The USCIS website has since been updated again to change the erroneous 2026 date to 2025. The website language otherwise remains the same as of the filing of this motion. *See* USCIS, Temporary Protected Status Designated Country: Venezuela, at https://www.uscis.gov/humanitarian/temporary-protected-status/temporary-protected-status-designated-country-venezuela (last visited June 17, 2025).

*National TPS Alliance, et al., v. Kristi Noem et al.*, No. 3:25- cv-01766 (N.D. Cal. Mar. 31, 2025) (pursuant to court order)." *Id.* (emphasis added). The row titled "Employment Authorization Document (EAD) Auto-Extended Through" was changed to state simply, "N/A." *Id.*

### C.    NTPSA Members Are Suspended and Fired from their Jobs

Members of the National TPS Alliance have reported that, following USCIS's website updates, they were suspended or fired from their jobs because their employers understood, based on the changed website language, that their work authorization was no longer valid. *See* Declaration of Jose Palma ¶ 4 (explaining that the NTPSA has received numerous messages from members who a) hold TPS under the 2023 Venezuela designation, and b) received notices of action automatically extending their work authorization for up to 540 days on or before February 5, 2025, but c) were fired from their jobs the week of June 10, 2025 because their employers believed they were no longer authorized to work).

For example, NTPSA member Jane Doe holds TPS under the 2023 Venezuela designation and worked in an Amazon logistics center. Declaration of Jane Doe ¶¶ 3-4. Jane Doe applied to renew her employment authorization under the January 17, 2025 extension and received a Notice of Action dated January 18, 2025 automatically extending her employment authorization by up to 540 days. *Id.* ¶¶ 5-6. When Jane Doe provided Amazon a copy of the Notice of Action, they informed her that their records had been updated to reflect that her employment authorization was valid through September 24, 2026. *Id.* ¶ 7. However, on June 10, 2025, after working her normal shift, Jane Doe received a message from Amazon stating: DHS "has announced the termination of the 2023 Temporary Protected Status (TPS) designation for Venezuela" and "[a]s a result of this change, your work authorization documentation on file has expired, and you have been placed on an unpaid work authorization Suspension effective June 10, 2025." *Id.* ¶ 8.

On June 12, 2025, Plaintiffs' counsel emailed counsel for Defendants regarding the updated language on USCIS's website. Bansal Decl. ¶ 2 & Exh A. Plaintiffs' counsel explained that the language does not accurately reflect the Court's May 30 order, and that members of NTPSA had lost their jobs as a result. Plaintiffs advised that they would be compelled to seek relief from the Court if Defendants did not revise the website by the morning of June 17, 2025. Defendants did not respond.

4

On June 17, 2025, Plaintiffs' counsel again emailed counsel for Defendants and requested Defendants' position on Plaintiffs' intended Administrative Motion for Order Shortening Time and Setting Schedule re: Plaintiffs' Motion for Compliance with Court Order [ECF 162]. *Id.* Defendants responded that Defendants "are checking on this issue" and oppose any motion to shorten time. *Id.*

## ARGUMENT

### I. This Court Should Order Defendants to Bring the USCIS Website into Compliance with this Court's May 30 Order

Pursuant to this Court's May 30 order, TPS holders who received notices of action granting 540-day automatic extensions of their employment authorization pursuant to the January 17, 2025 extension on or before February 5, 2025 *remain authorized to work* pending resolution of this case on the merits. But you would not know that from USCIS's website.

Instead, USCIS's website affirmatively misrepresents the scope of this Court's order. It indicates that relief under that order is limited to "TPS beneficiaries who received TPS-related documentation on or before February 5, 2025, *with a validity date of October 2, 2026* …." But this Court expressly held otherwise: "documentation issued to TPS holders because of the extension" remains valid "even if it did not explicitly bear the October 2, 2026 date or was not a formal final approval document …." ECF 162 at 8.

As a result of Defendants' misinformation, TPS holders, including members of Plaintiff National TPS Alliance, are being suspended without pay and fired from their jobs. This Court unquestionably has authority to remedy this harm and enforce compliance with its May 30 order. *See, e.g.*, *Shillitani v. United States*, 384 U.S. 364, 370 (1966) (discussing courts' "inherent power to enforce compliance with their lawful orders"). *See also* ECF 93 at 40 (describing economic impacts from TPS holders' loss of work authorization). Plaintiffs respectfully request that the Court do so by directing Defendants to revise USCIS's website to state that Notices of Action that automatically extended TPS holders' employment authorization for up to 540 days pursuant to the January 17, 2025 extension of Venezuela's TPS designation remain valid pending resolution of this case, provided they were received on or before February 5, 2025.

//

### II. The Court Should Clarify Its Order to Ensure Defendants' Compliance Going Forward

Although Plaintiffs do not believe Defendants' failure to comply with this Court's order is due to any lack of clarity in the order—particularly since the email Plaintiffs sent about this issue five days ago—it is conceivable that clarifying the order in one respect could help ensure compliance going forward. Specifically, in its order this Court identified EADs as documents that "typically do[] not bear an express expiration date." ECF 162 at 8. That is correct in the sense that EADs that have been automatically extended do not expressly bear the *extended* expiration date. However, EADs do bear expiration dates. Plaintiffs do not believe this is material to the Court's analysis, which turned on grammatical construction of the Supreme Court's stay order, the lack of expiration dates on some documents listed in that paragraph (*i.e.* Notices of Action automatically extending EADs), and an analysis of reliance interests. *Id*. However, out of an abundance of caution and in the event this ambiguity contributed to Defendants' failure to comply with this Court's order, *see id.*, Plaintiffs respectfully request that this Court clarify its May 30 order to make explicit that the reference to EADs in the sentence "other documents listed in the order such as EADs typically do not bear an express expiration date," *id.*, is intended to refer to Notices of Action or other agency action that automatically extend employment authorization.

### CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that this Court issue an order directing Defendants to revise USCIS's website to state that Notices of Action that automatically extended TPS holders' employment authorization for up to 540 days pursuant to the January 17, 2025 extension of Venezuela's TPS designation remain valid pending resolution of this case, provided they were received on or before February 5, 2025. Plaintiffs also request that this Court clarify its May 30 order to make explicit that the reference to EADs in the sentence "other documents listed in the order such as EADs typically do not bear an express expiration date," ECF 162 at 8, is intended to refer to Notices of Action or other agency action that automatically extend employment authorization.

Date: June 17, 2025

Respectfully submitted,

NATIONAL DAY LABORER ORGANIZING NETWORK

/s/ *Jessica Karp Bansal*
Jessica Karp Bansal
Lauren Michel Wilfong (*Pro Hac Vice*)
NATIONAL DAY LABORER ORGANIZING NETWORK

Emilou MacLean
Michelle (Minju) Y. Cho
Amanda Young
ACLU FOUNDATION
OF NORTHERN CALIFORNIA

Ahilan T. Arulanantham
CENTER FOR IMMIGRATION LAW AND POLICY, UCLA SCHOOL OF LAW

Eva L. Bitran
Diana Sanchez
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA

Erik Crew (*Pro Hac Vice*)
HAITIAN BRIDGE ALLIANCE

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2025, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

NATIONAL DAY LABORER ORGANIZING NETWORK

*/s/ Jessica Karp Bansal*
Jessica Karp Bansal