Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Amanda Young (SBN 359753)
ayoung@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Attorneys for Plaintiffs
*[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R., HENDRINA VIVAS CASTILLO, A.C.A., SHERIKA BLANC, VILES DORSAINVIL, and G.S.,<br><br>Plaintiffs,<br><br>vs.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA,<br><br>Defendants. | Case No. 3:25-cv-01766-EMC<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION FOR ORDER SHORTENING TIME AND SETTING SCHEDULE RE: PLAINTIFFS' MOTION FOR COMPLIANCE WITH COURT ORDER [ECF 162]** |

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Eva L. Bitran (SBN 302081)
ebitran@aclusocal.org
Diana Sanchez (SBN 338871)
dianasanchez@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (*Pro Hac Vice*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, Suite 1H
San Diego, CA 92120
Telephone: (949) 603-7411

In accordance with Civil Local Rules 6-3 and 7-11 and this Court's rules and orders, Plaintiffs respectfully move the Court to modify the briefing schedule with respect to Plaintiffs' Motion for Compliance with Court Order [ECF 162], filed concurrently herewith.

In support of this Administrative Motion for Order Shortening Time and Setting Schedule ("Motion to Shorten Time"), Plaintiffs submit that good cause exists to shorten time as set forth below:

1. This Motion is being filed concurrently with Plaintiffs' Motion for Compliance. Thus, the Court has not yet set a briefing schedule or hearing date for the Motion for Compliance.

2. On May 30, 2025, this Court held that Department of Homeland Security Secretary Noem exceeded her statutory authority and acted arbitrarily when she purported to invalidate TPS-related documentation that had already been issued pursuant to the January 17, 2025 extension of Venezuela's 2023 TPS designation. ECF 162.

3. This Court granted relief to two distinct groups of TPS holders who had received documentation on or before February 5, 2025: (1) TPS holders who received TPS-related documentation (including Forms I-94 and final approvals of TPS applications) issued with October 2, 2026 expiration dates; and (2) TPS holders who received Notices of Action acknowledging receipt of their applications for employment authorization and automatically extending their employment authorization by up to 540 days.

4. Defendants have since updated the U.S. Citizenship and Immigration Services (USCIS) website to acknowledge the ongoing validity of the first group's documentation. However, despite Plaintiffs' request, Defendants have not updated USCIS's website to acknowledge the ongoing validity of documentation held by the second group. As a result, members of Plaintiff National TPS Alliance (and, presumably, other TPS holders) who fall into the second group have been placed on unpaid suspension and fired from their jobs by employers who believe, based on the incorrect information on USCIS's website, that these workers' employment authorization is no longer valid.

5. Plaintiffs' Motion for Compliance seeks to remedy this harm and ensure compliance with this Court's May 30 order by requesting that this Court order Defendants to revise the USCIS

1

website to accurately reflect the categories of TPS-related documentation that remain valid under this Court's May 30 order.

6. Plaintiffs alerted Defendants to this compliance issue on Thursday, June 12, 2025 and informed Defendants that Plaintiffs intended to file a Motion for Compliance on Tuesday, June 17, 2025 if Defendants did not correct the language on USCIS's website by that time.

7. On Tuesday, June 17, counsel for Defendants informed Plaintiffs' counsel that Defendants "are checking on this issue." Defense counsel stated that Defendants oppose Plaintiffs' Motion to Shorten Time.

8. Good cause exists for the parties to brief and for this Court to hear Plaintiffs' Motion for Compliance on an expedited timeframe, as members of Plaintiff National TPS Alliance are suffering irreparable harm in violation of their fundamental reliance interests, as described in the Motion for Compliance, including deprivation of their employment authorization and ability to work, as a result of Defendants' failure to bring USCIS's website into compliance with this Court's May 30, 2025 order.

9. Good cause also exists because this Court has already been briefed on and ruled on most of the issues relevant to the Motion for Compliance and now need only decide whether it is appropriate to order the relief requested by Plaintiffs to bring Defendants into compliance with the Court's May 30, 2025 order.

10. For those reasons, Plaintiffs request that the Court order the following schedule:
- Defendants file their Response to Plaintiffs' Motion for Compliance by June 20, 2025;
- Plaintiffs will file their Reply, if any, by June 23, 2025, 12:00 pm PST; and
- Plaintiffs' Motion for Compliance will be heard on June 24, 2025 at 1:00 pm PST, at the previously-scheduled status conference.

11. There have been the following previous time modifications in this case:
- On February 25, 2025, the Court granted Plaintiffs' Motion to Shorten Time regarding Plaintiffs' Motion to Postpone Effective Agency Action (ECF 45) for good

cause shown and advanced the parties' briefing schedule and hearing on the Motion to Postpone. *See* ECF 51.

- On March 31, 2025, in response to Plaintiffs' Motion to Shorten Time to Confer under Rule 26(f) (ECF 79), the Court ordered parties to meet and confer within a week of its order. *See* ECF 93.

- On April 2, 2025, the Court granted Defendants' Motion to Shorten Time regarding its Motion to Stay Pending Appeal to the Ninth Circuit (ECF 96), and denied Plaintiffs' Motion for Extension of Time to file Response and Reply (ECF 98), thus ordering Plaintiffs to file their Response on April 3, 2025. *See* ECF 99.

- On April 8, 2025, the Court advanced the Initial Case Management Conference from May 20, 2025, to April 21, 2025. *See* ECF 107.

- On April 30, 2025, the Court granted the parties' Stipulated Cross-Motion Briefing Schedule regarding the Parties' respective Motions for Summary Judgment ("MSJ"), and ordered Plaintiffs to file their MSJ on May 26, 2025; Defendants to file their Opposition to Plaintiffs' MSJ and their own MSJ on June 10, 2025; Plaintiffs to file their Reply in further support of their MSJ and their Opposition to Defendants' MSJ on June 20, 2025; Defendants to file their Reply in further support of their MSJ on June 27, 2025; and set argument on the Parties' MSJs for July 11, 2025. *See* ECF 124.

- On May 9, 2025, the Court granted the Parties' Stipulated Motion to Dismiss and Cross Summary Judgment Motion Briefing Schedule and ordered Plaintiffs to file their MSJ on May 27, 2025, Plaintiffs to file their Opposition to Defendants' Motion to Dismiss on May 28, 2025, and Defendants to file their Reply in support of their Motion to Dismiss on June 10, 2025. *See* ECF 134.

- On May 22, 2025, the Court granted Plaintiffs' Motion to Shorten Time regarding Plaintiffs' Motion to Preserve Status and Rights Under Section 705 (ECF 145) for good cause shown and advanced the parties' briefing schedule and hearing on the Motion to Postpone. *See* ECF 146.

- On May 27, 2025, the Court granted the Parties' Stipulated Briefing Schedule for Parties' Cross-Motions for Summary Judgement and ordered Plaintiffs to file their MSJ on June 3, 2025; Defendants to file their Opposition to Plaintiffs' MSJ and their own MSJ on June 17, 2025; and Plaintiffs to file their Reply in further support of their MSJ and their Opposition to Defendants' MSJ on June 27, 2025. *See* ECF 152.

12. If granted, the requested Motion will have minimal effect on the overall case schedule.

13. Based on the foregoing, and for good cause shown, Plaintiffs respectfully request that the Court modify the briefing and hearing schedule as set forth in paragraph 10 above.

Date: June 17, 2025

Respectfully submitted,

NATIONAL DAY LABORER ORGANIZING NETWORK

 */s/ Jessica Karp Bansal*
Jessica Karp Bansal
Lauren Michel Wilfong (*Pro Hac Vice*)
NATIONAL DAY LABORER ORGANIZING NETWORK

Emilou MacLean
Michelle (Minju) Y. Cho
Amanda Young
ACLU FOUNDATION
OF NORTHERN CALIFORNIA

Ahilan T. Arulanantham
CENTER FOR IMMIGRATION LAW AND POLICY, UCLA SCHOOL OF LAW

Eva L. Bitran
Diana Sanchez
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA

Erik Crew (*Pro Hac Vice*)
HAITIAN BRIDGE ALLIANCE

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2025, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

NATIONAL DAY LABORER ORGANIZING NETWORK

*/s/ Jessica Karp Bansal*
Jessica Karp Bansal