BRETT A. SHUMATE
Assistant Attorney General
Civil Division
YAAKOV M. ROTH
Acting Assistant Attorney General
SARAH L. VUONG
Assistant Director
WILLIAM H. WEILAND
Senior Litigation Counsel
ERIC SNYDERMAN
ANNA DICHTER
LAUREN BRYANT
CATHERINE ROSS
AMANDA B. SAYLOR
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, *et al.*, <br><br>  Plaintiff, <br> v. <br><br> KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*, <br><br>  Defendants. | Case No. 3:25-cv-1766 <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR COMPLIANCE WITH COURT ORDER [ECF 162]** |

DEFS.' OPPOSITION TO PLAINTIFFS' NOTICE OF NON-COMPLIANCE – No. 3:25-cv-1766

1

## INTRODUCTION

Defendants oppose Plaintiffs' Motion for Compliance with the Court's May 30, 2025, Order (the "Order"). ECF No. 200. Defendants have fully complied with the Court's May 30 Order. ECF No. 162. Plaintiffs now seek a Court order directing Defendants to modify the contents of their website in accordance with Plaintiffs' preferences—relief that micromanages and exceeds the scope of the Court's Order. *Id.* The Court should deny Plaintiffs' improper request.

## RELEVANT STATEMENT OF FACTS

On May 19, 2025, the Supreme Court, in an 8-1 decision, granted the government's application for a stay of this Court's March 31, 2025 Order postponing Secretary Noem's vacatur and termination of former Secretary Mayorkas's 2023 Venezuela TPS extension "pending the disposition of the appeal in the United States Court of Appeals for the Ninth Circuit and disposition of a petition for a writ of certiorari." *Noem v. Nat'l TPS All.*, No. 24A1059, 2025 WL 1427560 (U.S. May 19, 2025). The second paragraph of the Supreme Court order states:

> This order is without prejudice to any challenge to Secretary Noem's February 3, 2025 vacatur notice insofar as it purports to invalidate EADs [employment authorization documents], Forms I-797, Notices of Action, and Forms I-94 issued with October 2, 2026 expiration dates. *See* 8 U.S.C. § 1254a(d)(3).

On May 21, 2025, Plaintiffs filed a Motion to Preserve, ECF No. 144, which this Court granted in part, and denied in part, on May 30, 2025. ECF No. 162. Specifically, the Court ordered that:

> …[T]o preserve the rights and status of those TPS holders … who received EADs Forms I-797, Notices of Action, and Forms I-94 issued with October 2, 2026 expiration dates pursuant to the January 17, 2025, extension of TPS for Venezuela, as referenced in the Supreme Court's order on May 19, 2025—the effective date of the portion of the Secretary's vacatur decision purporting to invalidate those documents is postponed pending resolution of this case on the merits.

ECF No. 162 at p. 11.

The Court limited the holding to individuals who had "received TPS-related documentation based on the October 2, 2026 date up through February 5, 2025." *Id.*

After the Court issued its Order, Defendants updated the government website with the following alert:

DEFS.' OPPOSITION TO PLAINTIFFS' NOTICE OF NON-COMPLIANCE – No. 3:25-cv-1766
2

On May 30, 2025, the district court in case No. 3:25-cv-1766 ordered that—pending resolution of the litigation—TPS beneficiaries who received TPS-related employment authorization documents, Forms I-797, Notices of Action, and Forms I-94 issued with October 2, 2026 expiration dates on or before February 5, 2025 will maintain that status, and their documentation will remain valid during the course of the litigation. All TPS-related documentation with a validity date of October 2, 2026, received after February 5, 2026, is no longer valid and those individuals under the 2023 designation no longer have TPS.

Plaintiffs now seek an order from the Court "directing Defendants to revise USCIS's website to state that Notices of Action that automatically extended TPS holders' employment authorization for up to 540 days pursuant to the January 17, 2025 extension of Venezuela's TPS designation remain valid pending resolution of the litigation in *National TPS Alliance, et al., v. Kristi Noem et al.*, No. 3:25-cv-01766 (N.D. Cal. Mar. 31, 2025)." ECF No. 200 at 5. Plaintiffs also request the Court to "clarify its May 30 order to make explicit that the reference to EADs in the sentence 'other documents listed in the order such as EADs typically do not bear an express expiration date,'" ECF No. 162 at 8, "is intended to refer to Notices of Action or other agency action that automatically extend employment authorization." *Id*. at 6.

## ARGUMENT

### I. PLAINTIFFS' MOTION IMPERMISSIBLY SEEKS RELIEF THAT EXCEEDS THE SCOPE OF THE MAY 30, 2025 ORDER

Plaintiffs proposed relief far exceeds the scope of the Court's Order and should be denied. Under the guise of a compliance issue, Plaintiffs seek editorial control over Defendants' website content and format. But Plaintiffs' request is not appropriate as a motion for compliance—instead, as Plaintiffs acknowledge, it is better suited as a separate motion for clarification or modification of the Court's Order. *See* ECF No. 200 at 6. Plaintiffs do not allege that Defendants have violated any particular legal standard, *see generally* ECF No. 200, yet demand that Defendants immediately include language on USCIS's website to state that "Notices of Action that automatically extended TPS holders' employment authorization for up to 540 days pursuant to the January 17, 2025 extension of Venezuela's TPS designation remain valid pending resolution of this case, provided they were received on or before February 5, 2025." *See* ECF No. 200 at 5. But the Court did not order this update to the USCIS website and Plaintiffs request constitutes inappropriate agency micromanagement.

DEFS.' OPPOSITION TO PLAINTIFFS' NOTICE OF NON-COMPLIANCE – No. 3:25-cv-1766

3

Defendants have complied with the Court's Order by recognizing that Venezuelan TPS holders who received EADs, Forms I-797, Notices of Action, and Forms I-94 issued with October 2, 2026 expiration dates, on or before February 5, 2025, maintain that status and their documentation remains valid during this litigation. ECF No. 162 at 11. While not required under the Order, Defendants also promptly updated their website to reflect the Court's holding, sufficiently alerting the public.

Compliance with the Court's Order may be achieved through various reasonable means. Defendants chosen method of compliance satisfies the Court's Order without requiring adoptions of Plaintiffs' preferred approach. That said, since Plaintiffs' initial email regarding their concerns about the website, Defendants have investigated the issue and may, at their discretion, make changes to the website to ensure accuracy[1]—but Defendants are not obligated to update the website with the exact terms Plaintiffs request (let alone on the timeline Plaintiffs demand). Moreover, Defendants' updates to the website are not a barometer of compliance with the Court's Order, which is strictly limited to memorializing the "preserv[ation of] the status and rights of those TPS holders … who received EADs, Forms I-797, Notices of Action, and Forms I-94 issued with October 2, 2026 expiration dates pursuant to the January 17, 2025, extension of TPS for Venezuela, as referenced in the Supreme Court's order on May 19, 2025." As a show of good faith—and as Plaintiffs concede—after the Court issued its Order, Defendants promptly updated their website to reflect the precise text that appears in the Conclusion of the Order. ECF No. 162 at 11. Beyond that, Defendants have no responsibility or control over whether employers of TPS holders choose to follow the language on Defendants' website alerting the public to the Court's Order. ECF No. 200 at 5. To rule otherwise would create a dangerous precedent that could open the door to litigants micromanaging the Executive Branch's websites. *See Freeman v. Pitts*, 503 U.S. 467 (1992) (holding that a district court need not retain active control over every step defendant's efforts to

---

[1] The USCIS website now includes the following language: "Consistent with the district court's May 30, 2025 order in *National TPS Alliance, et al. v. Kristi Noem, et al.*, No. 3:25-cv-01766 (N.D. Cal.), TPS beneficiaries who received Notices of Action indicating receipt of a Form I-765 renewal application that were issued on or before February 5, 2025, automatically extending their employment authorization and EADs with a 'Card Expires' date of April 2, 2025 for 540 days, will maintain that employment authorization pending resolution of that litigation." USCIS, Temporary Protected Status Designated Country: Venezuela, at https://www.uscis.gov/humanitarian/temporary-protected-status/temporary-protected-status-designated-country-venezuela (last visited Jun 20, 2025).

comply where Defendant has achieved compliance); *see also In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993) (compliance with a court order "is not vitiated by 'a few technical violations' where every reasonable effort has been made to comply"); *see also OCA Greater Houston v. Texas*, 2016 WL 4597636 *6 (W.D. Tex. Sept. 2, 2016) ("the Court need not order Defendants to adopt specific revisions, but rather feels that Defendants can use whatever language they choose in order to effectuate the Court's injunction").

Additionally, in support of their argument, Plaintiffs' motion relies largely on the Court's dicta. ECF No. 200 at 6-7. To the extent Plaintiffs wish for the Court to modify its Order or seek to "[c]larify [the Court']s Order," those requests are inappropriate here as a Motion for Compliance and should be brought as a motion for modification or clarification. *Id.* at 6. See *Stein v. Kaiser Found. Health Plan, Inc.,* 115 F.4th 1244, 1249 (9th Cir. 2024) (Forrest, J., conc.) ("only holdings are binding, not dicta") (internal quotations omitted).

## CONCLUSION

Because Defendants have complied with the Court's Order, and Plaintiffs fail to show otherwise, the Court should deny Plaintiffs' Motion for Compliance with Court Order.

Dated: June 20, 2025                                 Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

YAAKOV M. ROTH
Acting Assistant Attorney General

ELIANIS PEREZ
Assistant Director

ERIC SNYDERMAN
ANNA DICHTER
LAUREN BRYANT
CATHERINE ROSS
Trial Attorneys

/s/ *Anna L. Dichter*

DEFS.' OPPOSITION TO PLAINTIFFS' NOTICE OF NON-COMPLIANCE – No. 3:25-cv-1766
5

ANNA L. DICHTER
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 353-2405
Anna.l.dichter@usdoj.gov

*Attorneys for the Defendants*