Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Amanda Young (SBN 359753)
ayoung@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Attorneys for Plaintiffs
*[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R., HENDRINA VIVAS CASTILLO, A.C.A., SHERIKA BLANC, VILES DORSAINVIL, and G.S.,<br><br>Plaintiffs,<br><br>vs.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA,<br><br>Defendants. | Case No. 3:25-cv-01766-EMC<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR COMPLIANCE WITH COURT ORDER** |

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Eva L. Bitran (SBN 302081)
ebitran@aclusocal.org
Diana Sanchez (SBN 338871)
dianasanchez@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (*Pro Hac Vice*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, Suite 1H
San Diego, CA 92120
Telephone: (949) 603-7411

## INTRODUCTION

On June 20, 2025—eight days after Plaintiffs informed Defendants that TPS holders protected by this Court's May 30, 2025 order were being fired because Defendants' website wrongly indicated these TPS holders lacked work authorization, three days after Plaintiffs were forced to file this compliance motion, and just hours before Defendants' response was due—Defendants updated USCIS's website to clarify that TPS holders who received Notices of Action on or before February 5, 2025, automatically extending their employment authorization by up to 540 days, remain authorized to work. With this edit, the USCIS website now accurately reflects the categories of TPS-related documentation that remain valid under this Court's May 30, 2025 order. There is no longer any need for judicial resolution of the issues raised in Plaintiffs' motion. Nonetheless, Plaintiffs file this reply to provide the Court with the full context of this dispute should Defendants revert to their prior, non-compliant position at some point in the future.

## ARGUMENT

Plaintiffs' Motion sought to ensure substantial compliance with this Court's orders and avoid irreparable harm to TPS holders. It did not seek to "micromanag[e] the Executive Branch's websites," except insofar as they should accurately reflect this Court's orders. Opp. 4.

Nor was Plaintiffs' timeline unreasonable. Over the last two weeks, members of the National TPS Alliance have been fired from their jobs because of the misleading language on Defendants' website. These include Vanessa Leon, who was fired last Wednesday from JPMorgan Chase, where she worked for ten years, including most recently as Vice President in Financial Control. JPMorgan terminated her employment because it wrongly believed she lacks valid work authorization due to the USCIS website. *See* Declaration of Vanessa Leon ¶¶ 13-16. Vanessa and other TPS holders who have been laid off for supposedly not being authorized to work despite this Court's order preserving the validity of their work authorization are suffering not only devastating economic consequences, but also serious emotional and psychological harm. *Id.* ¶¶ 18-20; *see also* Declaration of Jane Doe, ECF 203, ¶ 13.

On June 20, 2025, the day Defendants filed their opposition to Plaintiffs' motion, they also finally updated their website to accurately reflect this Court's order. As Defendants acknowledge in a footnote in their brief, Opp. 4 n.1, the USCIS website now states:

> TPS beneficiaries who received Notices of Action indicating receipt of a Form I-765 renewal application that were issued on or before February 5, 2025, automatically extending their employment authorization and EADs with a 'Card Expires' date of April 2, 2025 for 540 days, will maintain that employment authorization pending resolution of that litigation.

Second Declaration of Jessica Karp Bansal, *Compare* Exh. A (prior version of the USCIS website, captured on the morning of Friday, June 20) with Exh. B (current version of the USCIS website, captured on the morning of Saturday, June 21). Although Plaintiffs have not yet seen the effects of this change (as it came only late on a Friday), they anticipate that this language should suffice to allow people authorized to work under this Court's order to do so.

Despite having changed their website to conform to this Court's order only after forcing Plaintiffs to file this motion, Defendants' opposition wrongly suggests that: (1) the USCIS website language complied with this Court's order even before their eleventh-hour change, and (2) Defendants are not required to ensure their website accurately reflects the categories of TPS-related documentation that remain valid pursuant to this Court's orders. Opp. 3-4. Defendants are wrong.

As Plaintiffs' counsel explained in writing to counsel for Defendants nearly two weeks ago, the prior language on the USCIS website did not accurately reflect the categories of TPS-related documentation that remain valid under this Court's May 30 order, and TPS holders were being fired from their jobs as a result. Declaration of Jessica Bansal, ECF 201, ¶ 2 & Exh. A. Plaintiffs requested Defendants either raise any concerns or update the site within five days, but Defendants stated only (on the fifth day) that they were "checking on this issue." *Id.* Defendants then waited another three days—until the day their opposition was due—before finally acting.

Far from seeking relief that "exceeds the scope of the Court's [May 30] Order," Opp. 3, Plaintiffs' request and subsequent motion sought to require Defendants to convey which TPS-related documents remain valid under the Court's Order rather than mislead the public by leaving the

2

impression that only some subset of those documents remain acceptable. Because state and local governments, private employers, and members of the public, among others, rely on the USCIS website for that information, it should be obvious that Defendants have an obligation to ensure its accuracy.

Should Defendants again change their website to render it inconsistent with this Court's order, Plaintiffs respectfully reserve the right to again seek the intervention of this Court. For now, however, Plaintiffs do not believe any further action from this Court is required at this time.[1]

## CONCLUSION

Defendants' June 20, 2025 update to the USCIS website resolves the issues raised in Plaintiffs Motion for Compliance, and there is no longer any need for judicial intervention at this time.

Date: June 23, 2025

Respectfully submitted,

NATIONAL DAY LABORER
ORGANIZING NETWORK

/s/ Jessica Karp Bansal

Lauren Michel Wilfong (*Pro Hac Vice*)
NATIONAL DAY LABORER
ORGANIZING NETWORK

Emilou MacLean
Michelle (Minju) Y. Cho
Amanda Young
ACLU FOUNDATION
OF NORTHERN CALIFORNIA

Ahilan T. Arulanantham
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW

---

[1] Plaintiffs persist in their view that Defendants' non-compliance was not the result of any lack of clarity in this Court's order. *See* Dkt. 200 at 6. Given that Defendants have now made the change Plaintiffs requested, Plaintiffs take no position on whether any further clarification of the Court's order might help Defendants comply going forward.

Eva L. Bitran
Diana Sanchez
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA

Erik Crew (*Pro Hac Vice*)
HAITIAN BRIDGE ALLIANCE

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2025, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

NATIONAL DAY LABORER ORGANIZING NETWORK

*/s/ Jessica Karp Bansal*
Jessica Karp Bansal