Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Amanda Young (SBN 359753)
ayoung@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Attorneys for Plaintiffs
*[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R., HENDRINA VIVAS CASTILLO, A.C.A., SHERIKA BLANC, VILES DORSAINVIL, and G.S.,<br><br>Plaintiffs,<br><br>vs.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA,<br><br>Defendants. | Case No.  3:25-cv-01766-EMC<br><br>Hon. Sallie Kim<br><br>**PLAINTIFFS' DISCOVERY LETTER BRIEF RE: DEFENDANTS' ATTORNEY CLIENT PRIVILEGE INVOCATION** |

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Eva L. Bitran (SBN 302081)
ebitran@aclusocal.org
Diana Sanchez (SBN 338871)
dianasanchez@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (*Pro Hac Vice*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, Suite 1H
San Diego, CA 92120
Telephone: (949) 603-7411

In response to the Court's instruction at the discovery hearing this morning, Plaintiffs provide this letter brief describing Plaintiffs' two requests for the Court to consider whether certain documents have been properly withheld under the attorney-client privilege ("ACP").

**Background**

The parties previously briefed their respective positions regarding the invocation of ACP in connection with documents Defendants have deemed responsive to Plaintiffs' requests for production. Dkt. 177 at 2-4 (Plaintiffs' position) & 8 (Defendants' position); Dkt. 211 at 4 (Plaintiffs' position) & 7-8 (Defendants' position). The Court subsequently issued guidance in an initial order. Dkt. 184 at 7 (initial ruling on attorney client privilege).

In its order, the Court "reserve[d] ruling" on the propriety of Defendants' invocation of ACP as to two groups of documents: (1) four documents which had previously been produced to the Court in camera on June 4, 2025—NTPSA_USCIS 401, 419, 1473, and 1471—for which Defendants' privilege log was insufficient to justify the privilege assertion and (2) documents not included among the bellwether documents the Court initially reviewed. *Id.* In response to the Court's order, Defendants provided to the Court an amended privilege log by email on June 10, 2025 at 5:59 pm. In the amended privilege log, Defendants stated that NTPSA_USCIS_00001471 should have been NTPSA_USCIS_00001477.

**Plaintiffs' Requests**

First, Plaintiffs request that this Court determine whether the four documents in the first group (NTPSA_USCIS 401, 419, 1473, and 1477) are properly withheld in light of the amended privilege log. According to the amended privilege log, all four documents are draft Federal Register notices for the Haiti vacatur decision. Draft Federal Register notices and Decision Memoranda, and related communications, were of great relevance to the District Court's analysis in *Ramos v. Nielsen*, 336 F. Supp. 3d 1075, 1086, 1096, 1101, 1104 (N.D. Cal. 2018). To date, Defendants have produced hardly any deliberative documents related to the Haiti partial vacatur decision, increasing the importance of the documents withheld related to Haiti in understanding the motivations and legality of the agency's decisions in connection with the challenged partial vacatur of the Haiti TPS extension. The amended privilege description acknowledges that the withheld documents include

1

policy options and language suggestions from policy staff (rather than agency counsel). This is the type of document which has otherwise been produced following this court's deliberative process privilege ruling. Dkt. 184. Here, the ACP invocation on each of these documents is apparently related to "attorney edits, comments and advice" provided by one or two lawyers from the Office of General Counsel (Joseph Mazzara and/or Brian Kelliher). Defendants have not provided any explanation as to why those "edits, comments and advice" could not be redacted, and the document otherwise produced.

Second, Plaintiffs request, and understand that the Court agreed, to conduct an *in camera* review of 25 documents in the second group that Plaintiffs have identified as high-priority documents withheld in their entirety as ACP and for which Plaintiffs contend that the privilege log does not substantiate Defendants' privilege assertion. Dkts. 211-4 (privilege log excerpt where privilege descriptions lend doubt as to whether they concern legal advice in their entirety); Dkt. 211-5 (privilege log excerpt where privilege log entries do not appear to include agency counsel as author, sender, recipient, or custodian).

Date: June 23, 2025

Respectfully submitted,

ACLU FOUNDATION
OF NORTHERN CALIFORNIA

 /s/ Emilou MacLean
Emilou MacLean

Michelle (Minju) Y. Cho
Amanda Young
ACLU FOUNDATION
OF NORTHERN CALIFORNIA

Ahilan T. Arulanantham
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW

Eva L. Bitran
Diana Sanchez
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA

Jessica Karp Bansal
Lauren Michel Wilfong (*Pro Hac Vice*)
NATIONAL DAY LABORER ORGANIZING
NETWORK

2
PLAINTIFFS' DISCOVERY LETTER BRIEF RE: DEFENDANTS' ATTORNEY CLIENT PRIVILEGE INVOCATION
CASE NO. 3:25-CV-01766-EMC

Erik Crew (*Pro Hac Vice*)
HAITIAN BRIDGE ALLIANCE

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2025, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

ACLU FOUNDATION
OF NORTHERN CALIFORNIA

*/s/ Emilou MacLean*
Emilou MacLean