BRETT A. SHUMATE
Assistant Attorney General
Civil Division
YAAKOV M. ROTH
Acting Assistant Attorney General
SARAH L. VUONG (CA Bar 258528)
Assistant Director
WILLIAM H. WEILAND (Mass. Bar 661433)
Senior Litigation Counsel
LAUREN BRYANT (NY Bar 5321880)
ANNA DICHTER (NJ Bar 304442019)
JEFFREY HARTMAN (WA Bar 49810)
CATHERINE ROSS (DC Bar 9007404)
AMANDA SAYLOR (FL Bar 1031480)
ERIC SNYDERMAN (VA Bar 99563)
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, *et al.*, <br><br> Plaintiff, <br><br> v. <br><br> KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*, <br><br> Defendants. | Case No. 3:25-cv-1766-EMC <br><br> Hon. Sallie Kim <br><br> DEFENDANTS' RESPONSE TO PLAINTIFFS' DISCOVERY LETTER BRIEF RE: SUBJECT MATTER WAIVER OF ATTORNEY CLIENT PRIVILEGE |

Defendants write in response to Plaintiffs' assertion that the government has waived attorney-client privilege over certain subject matter based on the production of a document that was inadvertently labeled as attorney-client privileged.

At the core of this issue is Exhibit 1, bates stamped NTPSA2_001265-002, which is attached to Defendants' Opposition to Plaintiffs Motion for Summary Judgment. That document, from 2023, contains a banner that reads both "deliberative" and "attorney-client privileged." However, when Defendants reviewed the document and logged it on the privilege log, Defendants withheld it solely on the basis of deliberative process privilege. What Defendants did not do is strike through the confusing and mistaken "attorney-client privileged" header on the document itself.

On June 6, 2025, this Court ordered Defendants "to produce documents for which Defendants claim only the deliberate process privilege by June 13, 2025." ECF No. 184. On June 13, 2025, Defendants complied with this Court's Order and produced all documents previously withheld based on only the deliberate process privilege. This included NTPSA2_001265-002. On June 17, 2025, Defendants filed an Opposition to Plaintiffs' Motion for Partial Summary Judgment and Cross-Motion for Summary Judgment. ECF No. 199. In support of this motion, Defendants attached Exhibit 1, NTPSA2_001265-002. ECF No. 199-2. As noted above, Exhibit 1 was originally withheld solely on the basis of deliberate process privilege, and was disclosed following this Court's June 13, 2025 order. Noting the header, on June 18, 2025, Plaintiffs inquired as to why Defendants produced Exhibit 1 when it had a banner on the top of the document that indicated it was attorney-client privileged. Upon review, Defendants informed Plaintiffs that the header improperly included a marking for attorney-client privilege but that it was, as Defendants had noted in the log, only protected by the deliberate process privilege because no attorneys were involved in the comments or drafting of the document.

Plaintiffs now assert that Defendants have waived privilege over all of the duplicate documents and, more expansively, all 2025 emails to which this document was attached, even if those emails involved attorney correspondence and discussions separately protected by privilege. Plaintiffs incorrectly assert that Defendants have selectively waived the attorney-client privilege in order to gain a litigation advantage—when Defendants did no such thing, having always maintained NTPSA2_001265-002 was withheld on the basis of deliberative process privilege alone.

1

To the extent that Defendants have incorrectly coded duplicates of Exhibit 1 as protected by attorney-client privilege because those duplicates were attached to attorney-client privileged correspondence, Plaintiffs argument that they are entitled to the other duplicate copies of this document has merit. The document, as Defendants explained, is protected by deliberative process privilege only, else NTPSA2_001265-002 would have never been produced to Plaintiffs pursuant to this Court's June 6, 2025 order to produce all documents withheld under the deliberative process privilege only. But an inaccurate or mistaken coding of duplicates of a document as privileged based upon an inaccurate header in the document, and subsequent acknowledgment of that mistake, is not the same as a party selectively waiving a privilege in order to gain an advantage. The isolated, unintentional coding errors with regard to this document from 2023 do not constitute a waiver of attorney-client privilege, even if that document (and its duplicates) were attached to clearly privileged attorney-client communications in 2025.

Further, Defendants cannot waive a privilege that never existed. *See Koumoulis v. Independent Financial Marketing Group, Inc.*, 295 F.R.D. 28, 48 (E.D.N.Y. Nov. 1, 2013) ("Defendants cannot waive a privilege that never existed."); *see also Federal Election Com'n v. Christian Coalition*, 178 F.R.D. 61, 71 (E.D. Va. Jan. 20, 1998) ("subject matter waiver is appropriate only when the party seeking the privilege previously waived the attorney-client privilege to make some tactical use of the documentation. When the party simply relates the communication to a third person, and does not try to use the documentation to its advantage in litigation, then a court's finding subject matter waiver would be an error of law.").

Here, Defendants asserted that NTPSA2_001265-002 was only protected by deliberative process privilege and only disclosed it after having been ordered to by this Court. Plaintiffs attempt to construe the disclosure as subject matter waiver is unavailing as "a party does not waive the attorney-client privilege for documents which he is compelled to produce." *Transamerica Computer v. International Business Machines*, 573 F.2d 646, 651 (9th Cir.1978). In determining whether the privilege should be deemed to be waived, the circumstances surrounding the disclosure are to be considered. *Id*. at 652 (inadvertent production of certain documents in accelerated discovery proceedings did not waive right to claim that those documents were privileged); *United States v. Zolin*, 809 F.2d 1411, 1415 (9th Cir.1987), aff'd in part and vacated in part, 491 U.S. 554 (1989). Furthermore, courts have routinely held that "disclosure of

information resulting in the waiver of the attorney-client privilege constitutes waiver 'only as to communications about the matter actually disclosed.'" *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992) (quoting *Weil v. Investment/Indicators, Research and Management, Inc.*, 647 F.2d 18, 25 (9th Cir. 1981) ("The district court correctly ruled that waiver with respect to information disclosed did not constitute waiver as to all communications concerning" the more general subject matter.)); *see Phoenix Solutions Inc. v. Wells Fargo Bank*, N.A. 254 F.R.D. 568, 576 (N.D. Cal. Oct. 22, 2008) ("'There is no bright line test for determining what constitutes the subject matter of a waiver, rather courts weigh the circumstances of the disclosure, the nature of the legal advice sought and the prejudice to the parties of permitting or prohibiting further disclosures.'") (*quoting Stanford v. Roche,* 237 F.R.D. 618, 625 (N.D.Cal.2006) (Patel, J.). Here, at most, Plaintiffs would be entitled to the other duplicate versions of NTPSA2_001265-002.

But Plaintiffs seek far more, as they don't really want the other copies of NTPSA2_001265-002. What they want instead are all attorney-client communications that address the document, which reflect some of the operational complications caused by Secretary Mayorkas' 2023 re-designation of TPS for Venezuela while the 2021 designation was concurrently in effect. Defendants would be highly prejudiced by any order broadly waiving attorney-client privilege over the subject matter within the 2023 document NTPSA2_001265-002. As noted, the 2025 email chains Plaintiffs seek include correspondence between attorneys about the impact of the 2023 Venezuela TPS re-designation. Discussions between attorneys and their clients about these complications and their legal policy options, are exactly the types of communications that are protected by attorney-client privilege. Applying Plaintiffs expansive theory of subject matter waiver, the privilege would cease to exist entirely. And following such a path is contrary to the purpose behind the concept of subject matter waiver, which should be narrowly construed. *See United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982) ("[T]he doctrine of subject matter waiver is narrowly construed and should only be employed when unfairness (i.e., tactical or strategic advantage) is implicated-otherwise, the doctrine of subject matter waiver serves no useful purpose."). This is especially so when the production of a document was pursuant to a court order directing disclosure.

3

Accordingly, the Court should find that Defendants have not waived the attorney-client privilege over any documents covered by the privilege or the subject matter contained within NTPSA2_001265-002.

Dated: June 24, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

YAAKOV M. ROTH
Acting Assistant Attorney General

SARAH L. VUONG
Assistant Director

WILLIAM H. WEILAND
Senior Litigation Counsel

ERIC SNYDERMAN
JEFFREY HARTMAN
LAUREN BRYANT
AMANDA SAYLOR
CATHERINE ROSS
Trial Attorneys

/s/ *Anna Dichter*
ANNA DICHTER (NJ Bar 304442019)
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 353-2405
Anna.l.dichter@usdoj.gov

*Attorneys for the Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 24, 2025, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

/s/ *Anna Dichter*
ANNA DICHTER (NJ Bar 304442019)
Trial Attorney

5