BRETT A. SHUMATE
Assistant Attorney General
Civil Division
YAAKOV M. ROTH
Acting Assistant Attorney General
SARAH L. VUONG
Assistant Director
WILLIAM H. WEILAND
Senior Litigation Counsel
ERIC SNYDERMAN
ANNA DICHTER
LAUREN BRYANT
CATHERINE ROSS
AMANDA B. SAYLOR
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, *et al.*, <br><br> Plaintiff, <br><br> v. <br><br> KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*, <br><br> Defendants. | Case No. 3:25-cv-1766 <br><br> **DEFENDANTS' RESPONSE TO PLAINTIFFS' PROPOSED ORDER REGARDING NON-RESPONSIVENESS DETERMINATIONS** |

DEFS.' RESPONSE TO PLAINTIFFS' PROPOSED ORDER [ECF 214] – No. 3:25-cv-1766

1

**INTRODUCTION**

Following a discovery conference on June 23, 2025, the Court directed Plaintiffs to submit a proposed order with respect to their allegations of Defendants' non-responsiveness to discovery. Defendants submit the following response to Plaintiffs' Proposed Order. ECF No. 214.

**BACKGROUND**

On June 20, 2025, the parties submitted a Joint Letter Brief to this Court which addressed Plaintiffs' contention that Defendants were improperly withholding documents based on assertions of non-responsiveness, attorney-client privilege, and presidential communications privilege. ECF No. 211. On June 23, 2025, the parties appeared for a discovery conference, at which time the Court held, *inter alia*, that Defendants must produce twenty-five documents that were withheld for attorney-client privilege (*Id.*, Exhs. 4, 5) for *in camera review* by 12:00 p.m. on June 24, 2025. ECF No. 217. The Court also ordered Plaintiffs to submit a proposed order by 4:00 p.m. on June 23, 2025 identifying the four documents in Defendants' amended privilege log. Defendants were ordered to respond to the proposed order by 12:00 p.m. on June 24, 2025. *Id*.

**ARGUMENT**

**I.    PLAINTIFFS' ORDER IMPROPERLY SEEKS TO EXPAND THE DISCOVERY AUTHORIZED BY THE DISTRICT COURT**

Plaintiffs' entire argument is premised on the faulty assumption that the responsiveness review of documents has been conducted too narrowly. This is simply not true. The Requests for Production at issue seek "all communications since January [20], 2025… regarding whether to vacate, partially vacate, or terminate the TPS designations for Venezuela or Haiti," as well as "all communications…between January 20, 2025 and February [24], 2025 concerning the TPS periodic review process during that time period to the extent applied in whole or in part to the decisions to vacate, partially vacate, or terminate TPS designations for Venezuela or Haiti." ECF No. 123-1 at 4 (RFPs No. 1-2). In reviewing these two specific RFPs, the District Court made it plainly clear that it did "not intend to permit general civil discovery. *Documents sought must be keyed to Secretary Noem's intent in reaching the decisions challenged herein*

beyond that already contained in the administrative record, if any." ECF No. 129, at 8 (emphasis added). Defendants have collected, reviewed and produced documents responsive to this request as ordered.

Plaintiffs now seek to have this Court order that Defendants collect, collate, review, and produce all documents pertaining to "Venezuela and TPS as a whole." ECF No. 214, at ¶ 1. But this Court should decline Plaintiffs' expansive invitation to overrule the clear limits the District Court's placed on the discovery. The Court should also not rely on Plaintiffs' complaints that no responsive documents were produced from before January 24, 2025, to justify re-reviewing the document pull, particularly where this is a timeframe in which a new administration was making decisions on numerous issues beyond TPS.

## II.   PLAINTIFFS' PROPOSED ORDER SETS UP THE AGENCY TO FAIL

Plaintiffs demand that, within 48 hours, Defendants must re-review all documents originally deemed non-responsive to determine whether any previously withheld document related to this category is responsive in light of their proposed expansion of the District Court's discovery order, and that any responsive documents must be produced in fewer than 2 days. Plaintiffs further demand that Defendants submit an affidavit confirming their re-review and stating that no additional documents exist in this category that have not been produced or logged. ECF No. 214 at ¶ 1. Plaintiffs also seek to impose a 48-hour deadline for the submission of additional documents for *in camera* review. *Id*. at ¶ 2. But Plaintiffs offer no explanation why documents that are non-responsive to the discovery already ordered in this case are likely to result in the production of anything else useful – such that the re-review is a disproportionate waste of time.

Plaintiffs' demand that this all be done on a hyper-accelerated and unrealistic timeline exceeds the bounds of reasonableness to the point of impossibility. Indeed, their request that Defendants re-review of numerous documents and produce them in less than 48 hours – which invariably requires substantial redactions for sensitive, or otherwise privileged information – seems intentionally designed to provoke non-compliance rather than foster a productive exchange of discovery. *See Plintron Techs. USA LLC v. Phillips*, No. 2:24-CV-00093, 2025 WL 949416, at *2 (W.D. Wash. Mar. 28, 2025) (plaintiff's demand that defendants produce certain discovery documents or defend themselves against a discovery motion within 36 hours was deemed unreasonable and contrary to good faith principles); *see also Transamerica*

*Computer Co., Inc. v. Intl. Bus. Machines Corp.*, 573 F.2d 646, 652 (9th Cir. 1978) (stressing that there are "limits upon the power of the district court to accelerate pretrial discovery" and noting that an overly demanding discovery schedule would be "an unreasonable exercise of the district court's discretion"). This type of onerous review is unwarranted in this case. However, if the Court orders such, Defendants request at least 10 days to comply. Defendants recognize that Plaintiffs have argued that additional time is prejudicial to TPS holders due to the Supreme Courts' Stay, the Court should also weigh the burden on the government of this review. Fed. R. Civ. P. 262(b)(2)(A).

### III. PLAINTIFFS' REQUEST TO ADD EXECUTIVE SECRETARY AS CUSTODIAN IS UNREASONABLY CUMULATIVE AND DUPLICATIVE

Plaintiffs further demand that the Executive Secretary be named as a custodian and that Defendants conduct a search of records using the same date ranges and search terms used for other custodians and produce or log all response communications within 48 hours. ECF No. 214 ¶ 3. This burdensome request should also be denied, because Plaintiffs cannot show that the Executive Secretary would possess uniquely relevant information that has not been provided from the documents already pulled. *See Handloser v. HCL America, Inc.,* No. 19-cv-01242-LHK (VKD), 2020 WL 7405686, at *1–2 (N.D. Cal. Dec. 17, 2020) (refusing to order designation of additional custodians where plaintiffs failed to show why they "expect to discover information from these custodians that differs from discovery they have already obtained from the others"); *see also Lauris v. Novartis AG*, No. 1:16-cv-00393-LJO-SAB, 2016 WL 7178602, at *4 (E.D. Cal. Dec. 8, 2016) (denying motion to compel additional custodians where plaintiff failed to show "that the discovery plan proposed by Defendants would not produce responsive documents," and requiring "more than mere speculation to order Defendants to include the apex custodians in its search protocol"). This "good-cause requirement" flows from the prescriptions in Rule 26 that discovery must be proportional to the needs of the case and that "the frequency or extent of discovery" must be limited if it is "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b). Any responsive documents produced by the Executive Secretary would be almost entirely duplicative of information already provided from Secretary Noem or other custodians communicating with the Executive Secretary. The mere

speculation that the Executive Secretary documents might contain relevant evidence that is not also available in the responsive documents from the existing custodians is "insufficient to justify the intrusion of the broad, largely indiscriminate search Plaintiffs demand." *See In re Facebook, Inc. Consumer Privacy User Profile Litigation*, 2021 WL 10282213 *15 (N.D. Cal. Nov. 14, 2021) (denying Plaintiffs request to add custodians given Plaintiffs' inability to demonstrate that such custodians would have unique documents not already obtained); *see also Lutzeier v. Citigroup Inc.*, No. 4:14-cv-00183-RLW, 2015 WL 430196, at *6–7 (E.D. Mo. Feb. 2, 2015) (denying request to add high-level executives to a custodial list because "Plaintiff has not satisfied his burden to show that these high level executives have unique or personal knowledge of the subject matter that warrants their information"). Further, the pertinent responsive documents were retrieved from the Executive Secretary and produced long ago – namely the Certified Administrative Record, whose pages conclusively demonstrate that the decision documents were wet-signed in hard copy. *See* ECF No. 110-2, HT Vacatur AR_0006. Plaintiffs themselves acknowledged that they have the communications forwarding the decision packet to Secretary Noem's Executive Secretary, and these are the same documents that Secretary Noem signed. Plaintiffs, having both sides of any communications to and from the Executive Secretary offer no bases for believing there is more to be found. Instead, they repeatedly misconstrue the absence of emails from Secretary Noem as concerning – choosing to ignore the obvious conclusion born out by the production that, for this one decision during this limited timeframe, Secretary Noem simply did not seem to email about it. Due to this substantial overlap of responsive documents, and because Plaintiffs have failed to show that the Executive Secretary has a significant quantity of unique, relevant documents significant to Plaintiffs' claims, designating the Executive Secretary as a custodian in this matter would be a disproportionate and needless waste of resources. Further, Plaintiffs' demand that this Court order Defendants; do so in less than 48 hours – which may not even be enough time to pull and process the documents, much less review and produce them – appears not to be keyed towards finding any particular information reflecting Secretary Noem's intent in reaching the decisions challenged in this case, and instead reflect a blatant fishing expedition designed to prejudice the Defendants through the setting of deadlines that are impossible to reach. This Court should decline to entertain such gamesmanship.

| | |
|---|---|
| Dated: June 24, 2025 | Respectfully submitted, |
| | BRETT A. SHUMATE<br>Assistant Attorney General<br>Civil Division |
| | YAAKOV M. ROTH<br>Acting Assistant Attorney General |
| | SARAH L. VUONG<br>Assistant Director |
| | WILLIAM H. WEILAND<br>Senior Litigation Counsel |
| | ERIC SNYDERMAN<br>ANNA DICHTER<br>LAUREN BRYANT<br>CATHERINE ROSS<br>Trial Attorneys |
| | /s/ *Lauren E. Bryant*<br>LAUREN E. BRYANT<br>Trial Attorney<br>U.S. Department of Justice, Civil Division<br>Office of Immigration Litigation<br>General Litigation and Appeals Section<br>P.O. Box 868, Ben Franklin Station<br>Washington, DC 20044<br>Tel: (202) 919-1366<br>lauren.e.bryant@usdoj.gov |
| | *Attorneys for the Defendants* |

DEFS.' RESPONSE TO PLAINTIFFS' PROPOSED ORDER [ECF 214] – No. 3:25-cv-1766

6