UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL TPS ALLIANCE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>Defendants. | Case No. 25-cv-01766-EMC (SK)<br><br>**ORDER REGARDING NON-RESPONSIVENESS**<br><br>Regarding Docket Nos. 197, 211 |

This Order addresses the disputes submitted to the Court. (Dkt. Nos. 197, 211.) The parties submitted a joint discovery letter brief to this Court concerning, among other issues, Defendants' withholding of documents on the basis of purported nonresponsiveness. (Dkt. No. 211.) Having considered the Parties' positions raised in the joint discovery brief as well as during the June 23, 2025 hearing, it is hereby ORDERED that:

1. Defendants must gather all documents in the following categories that hit on the search terms and were withheld as nonresponsive. Defendants may exclude communications concerning press clippings or about press releases; or family members of documents that hit on the search terms, but which do not themselves hit on the search terms. If the number of documents in any of these categories is fewer than 10, Defendants must submit those documents *in camera* for the Court's review by July 3, 2025. If the number of documents in any of these categories is greater than 10, Defendants must randomly identify 10 documents from that category to provide *in camera* for the Court's review by July 3, 2025. The categories are as follows:

    a. Documents custodial to Secretary Noem;

    b. Documents custodial to Corey Lewandowski;

    c. Documents custodial to any producing custodian dated between January 20, 2025 through January 24, 2025, inclusively (that is, including documents dated January 20,

2025 and documents dated January 24, 2025);

    d. Documents that hit on the search term: ["Temporary Protected Status" OR TPS OR 1254a] AND [vacat*];

    e. Documents that hit on the search term: [Temporary Protected Status" OR "TPS" OR 1254a] AND [Haiti].

2. For each of the above categories, to the extent Defendants do not identify any documents, they must submit an affidavit by July 3, 2025, stating that no documents within that category exist.

3. Defendants shall name Secretary Noem's Executive Secretary as a custodian in light of their assertion during the June 23, 2025 hearing that Secretary Noem principally communicates with and through her Executive Secretary; and shall conduct a search of records using the same date ranges and search terms used for other custodians and produce or log all responsive communications by June 26, 2025 custodial to Secretary Noem's Executive Secretary.

4. Secretary Noem and Corey Lewandowski must provide declarations under penalty of perjury that they did not use personal devices to communicate about the TPS status for Venezuelans and Haitians by July 3, 2025.

5. With regard to the claiming of executive privilege/presidential communications privilege, Defendants must provide a declaration explaining why the executive privilege/presidential communications privilege applies to the six documents in question, which were submitted for in camera review, by July 3, 2025. The Court notes that the documents on their face did not demonstrate that the executive privilege/presidential communications privilege protects them from disclosure.

**IT IS SO ORDERED**.

Dated: June 24, 2025

_____
SALLIE KIM
United States Magistrate Judge