UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL TPS ALLIANCE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>Defendants. | Case No. 25-cv-01766-EMC (SK)<br><br>**ORDER REGARDING ATTORNEY-CLIENT PRIVILEGE**<br><br>Regarding Docket No. 215 |

Now before the Undersigned is Plaintiffs' discovery letter brief, filed June 23, 2025, regarding whether Defendants have properly withheld certain documents under the attorney-client privilege. (Dkt. No. 215.)

## BACKGROUND

The parties have aggressively disputed the propriety of withholding certain documents under the attorney-client privilege. On June 4, 2025, the parties submitted 25 "bellwether" documents for *in camera* review regarding Defendants' assertions of deliberative process and attorney client privilege. (Dkt. No. 177.) Of those 25 documents, the Undersigned held that seven documents fell within the attorney-client privilege. (Dkt. No. 184.) Defendants also claimed the protection of the attorney-client privilege for four additional documents, but Defendants' privilege log was insufficient to assess whether those document's designation as privileged was justified. (*Id.*) The Undersigned ordered Defendants to produce an amended privilege log for these four documents and to produce the documents for *in camera* review. (*Id.*)

Separately, the parties dispute the withholding of approximately 600 documents responsive to Plaintiffs' RFPs 1 and 2 pursuant to the attorney-client privilege.[1] (Dkt. No. 211.) Plaintiffs

---

[1] According to Plaintiffs, Defendants logged 601 documents on a privilege log pursuant to ACP and, in 17 cases, PCP. (Dkt. No. 211.)

believe that "Defendants are over-invoking the privilege, for instance, withholding records in their entirety where redaction would be more appropriate; or where counsel serve dual purposes—providing legal advice and implementing policy initiatives; or where no counsel is listed as author, sender or recipient." (*Id.*) Defendants argue that these documents "involved legal advice from counsel regarding statutory requirements." (*Id.*) At Plaintiffs' request, the Undersigned agreed to review *in camera* 25 documents that Plaintiffs identified as "high priority." (Dkt. Nos. 215, 217.)

**ANALYSIS**

**A.     Attorney-Client Privilege**

A party asserting the attorney-client privilege has the burden of establishing the existence of an attorney-client relationship and the privileged nature of the communication." *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009). "The attorney-client privilege extends only to communications made for the purpose of facilitating the rendition of professional legal services." *In re Grand Jury*, 23 F.4th 1088, 1092 (9th Cir. 2021) (citation and internal quotation marks omitted).

Courts in the Ninth Circuit apply an eight-part test to determine whether information is covered by the attorney-client privilege:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

*Ruehle*, 583 F.3d at 607 (citation omitted).

Where an attorney's communications involve both policy and legal advice, the Ninth Circuit applies the primary-purpose test. *In re Grand Jury*, 23 F.4th at 1092. "Under the primary-purpose test, courts look at whether the primary purpose of the communication is to give or receive legal advice, as opposed to business or other non-legal advice." *Greer v. Cnty. of San Diego*, 127 F.4th 1216, 1224 (9th Cir. 2025) (citation and internal quotation marks omitted, cleaned up). Forward-looking involvement of counsel for the purpose of preparing for or avoiding anticipated litigation is "a classic function of legal advice." *Id.* at 1224-26.

///

**B.     Four Documents from First *In Camera* Review: NTPSA_USCIS_00000401, 00000419, 00001473, 00001477**

These documents involve requests for and provision of attorney input on draft federal register notices. The Undersigned concludes that these documents in their entirety are protected by the attorney-client privilege.

**C.     25 Documents from Second *In Camera* Review**

Eight documents produced for *in camera* review do not involve "legal advice of any kind." *See Ruehle*, 583 F.3d at 607. Four documents involve discussions involving attorneys about the logistics of editing documents, not legal advice. (NTPSA_PRIVID_000050, 000164, 000260, 000346.) Three documents do not involve counsel, and while they may refer to counsel, they do not actually seek legal advice and do not discuss legal advice. (NTPSA_PRIVID_000082, 000125, 000138.) For example, NTPSA_PRIVID_000082 is an email between two non-attorneys, in which the sender prefaces his comments with "Defer to OGC, but . . . ." The caveat "defer to OGC, but . . ." cannot reasonably be interpreted as a request for legal advice. The eighth non-privileged document is an email from a non-attorney to an attorney stating, in full, "I just had one thought." (NTPSA_PRIVID_000426.) There is no reason to assume this "thought" involves legal advice. Defendants are ORDERED TO PRODUCE these eight documents by July 3, 2025.

The remaining 17 documents fall within the attorney-client privilege. The Court notes that several of these documents involve attorneys requesting or providing data, which raises the question of whether the attorneys' "primary purpose" was legal or policy advice. Given the history of litigation regarding TPS designations and the contentious nature of the issues, it is reasonable to assume that the attorneys' involvement was tailored to "avoiding future legal liability." *See Id.* However, the Undersigned advises Defendants to provide more detailed information in their privilege logs in the future when dual purposes could reasonably be inferred.

The Undersigned is deeply disturbed by the fact that Defendants mischaracterized approximately one third of the documents in this sample, suggesting that potentially hundreds of documents have been improperly withheld from the overall production. It is impractical for the parties to submit hundreds of documents for in camera review before the deadline for Plaintiffs' reply in support of their motion for partial summary judgment is due. However, the Undersigned

welcomes suggestions for a method of determining whether the attorney-client privilege protects remaining documents from disclosure at the next status conference for discovery issues on June 30, 2025 at 10:30 a.m. (Pacific).

**IT IS SO ORDERED**.

Dated: June 25, 2025



_____

SALLIE KIM
United States Magistrate Judge