BRETT A. SHUMATE
Assistant Attorney General
Civil Division
YAAKOV M. ROTH
Acting Assistant Attorney General
SARAH L. VUONG (CA Bar 258528)
Assistant Director
WILLIAM H. WEILAND (Mass. Bar 661433)
Senior Litigation Counsel
LAUREN BRYANT (NY Bar 5321880)
ANNA DICHTER (NJ Bar 304442019)
JEFFREY HARTMAN (WA Bar 49810)
CATHERINE ROSS (DC Bar 9007404)
AMANDA SAYLOR (FL Bar 1031480)
ERIC SNYDERMAN (VA Bar 99563)
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, *et al.*, | Case No. 3:25-cv-1766-EMC |
| Plaintiff, | |
| v. | |
| KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*, | Judge: Hon. Sallie Kim |
| Defendants. | **DEFENDANTS' REQUEST FOR CLARIFICATION** |

Defendants respectfully submit this Request for Clarification concerning two points in the Court's June 24, 2025 Order Regarding Non-Responsiveness (the "Order"). ECF No. 220.

## INTRODUCTION

A discovery conference was held on June 23, 2025, at which time the Court directed Plaintiffs to submit a proposed order regarding their allegations of Defendants' non-responsiveness to discovery. ECF No. 217. Plaintiffs submitted a Proposed Order on June 23, 2025, which, among other things, directed Defendants to produce certain discovery documents by June 26, 2025 (i.e., within 48 hours of Defendants' June 24, 2025 response). On June 24, 2025, the Court entered an Order Regarding Non-Responsiveness. ECF No. 220. The Court ordered that Defendants name Secretary Noem's Executive Secretary as a custodian and conduct a search of records and produce or log all responsive communications custodial to Secretary Noem's Executive Secretary by June 26, 2025. *Id*. at ¶ 3. Notably, the June 26 deadline is an outlier to the remainder of the Order. The Court appeared to agree with Defendants' objection to the accelerated timeline and implemented a more reasonable July 3, 2025 deadline for most of the re-review and production of the discovery at issue. *Id*.

The Court also instructed Defendants to gather all documents in specified categories that hit on the search terms and were withheld as non-responsive. *Id*. at ¶ 1. The Court went on to specify that "Defendants may exclude communications concerning press clippings or about press releases…" *Id*. However, this directive is broader in scope than a similar directive in the District Court's May 9, 2025 Order Regarding the Discovery Status Report (the "Discovery Order"). ECF No. 135. Specifically, in response to Plaintiffs' Request for Production (RFP) 3, which sought "[a]ll documents and communications since January 17, 2025 about DHS press releases or internal DHS memoranda concerning vacating, partially vacating, or terminating TPS designations for Venezuela or Haiti, including any memoranda or guidance about how to respond to questions from media or TPS holders about such decisions," ECF No. 123-1, the District Court ruled that it would "not require the government to respond to this document request, even as narrowed." ECF No. 135 at ¶ B.

**ARGUMENT**

A court may clarify an order to facilitate its implementation. *See, e.g.*, *Kuang v. United States Dep't of Def.*, No. 18-CV-03698-JST, 2019 WL 718632, at *2 (N.D. Cal. Feb. 20, 2019). "The Supreme Court teaches that when questions arise as to the interpretation or application of an … order, a party should seek clarification or modification from the issuing court, rather than risk disobedience and contempt." *Regents of the Univ. of Cal v. Aisen*, No. 15-cv-1766-BEN (BLM), 2016 WL 4681177, at *1 (S.D. Cal. Sept. 7, 2016) (citing *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 192 (1949); *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 15 (1945)); *see also Donovan v. Sureway Cleaners*, 656 F.2d 1368, 1373 (9th Cir. 1981).

Defendants respectfully request that the Court issue clarification as to whether it intended for the third paragraph of the Order regarding the pulling of documents for an additional custodian to have a June 26, 2025 deadline, as opposed to the July 3, 2025 deadline implemented for the remaining discovery directives in the Order. Not only is the June 26 deadline a clear outlier, but it would only allow Defendants just over 48 hours to conduct a search of all relevant records and produce or log all responsive documents. ECF No. 220 at ¶ 3. Discovery review is a lengthy process which starts with the agency pulling the relevant data, transferring the data to the Department of Justice, and uploading the data to the Relativity discovery review program before the document review process can even begin. Simply preparing all the data for review takes at least 48 hours. Accordingly, the timeline imposed by the Order is an unequivocally impossible task which would ultimately hinder the productive exchange of discovery by setting Defendants up for further claims of non-compliance.

Defendants further request that the Court clarify its ruling that "Defendants may exclude communications concerning press clippings or about press releases…" *Id.* at ¶ 1. Specifically, Defendants seek clarity as to whether this Court intended to broaden the scope of the District Court's more narrow ruling with respect to RFP 3—i.e., "The Court shall not require the government to respond to th[e] … request" for "[a]ll documents and communications since January 17, 2025 about DHS press releases or internal DHS memoranda concerning vacating, partially vacating, or terminating TPS designations for

1  Venezuela or Haiti, including any memoranda or guidance about how to respond to questions from media

2  or TPS holders about such decisions." ECF Nos. 123-1, 135.

3          For these reasons, Defendants request that the Court clarify: (1) whether it intended to impose a

4  48-hour June 26, 2025 deadline with respect to paragraph three of the Order; and (2) whether it intended

5  to broaden the scope of the District Court's directive with respect to RFP 3.

6

7  Dated: June 25, 2025

8                                          Respectfully submitted,

9                                          BRETT A. SHUMATE
                                           Assistant Attorney General
10                                         Civil Division

11                                         YAAKOV M. ROTH
                                           Assistant Attorney General
12

13                                         SARAH L. VUONG
                                           Assistant Director (CA Bar 258528)
14
                                           WILLIAM H. WEILAND (Mass. Bar 661433)
15                                         Senior Litigation Counsel

16                                         CATHERINE ROSS (DC Bar 9007404)
                                           ERIC SNYDERMAN (VA Bar 99563)
17                                         ANNA DICHTER (NJ Bar 304442019)
                                           JEFFREY HARTMAN (WSBA 49810)
18                                         AMANDA SAYLOR (FL Bar 1031480)
                                           Trial Attorneys
19

20                                         /s/ *Lauren E. Bryant*
                                           LAUREN E. BRYANT
21                                         Trial Attorney (NY Bar 5321880)
                                           U.S. Department of Justice, Civil Division
22                                         Office of Immigration Litigation
                                           General Litigation and Appeals Section
23                                         P.O. Box 868, Ben Franklin Station
                                           Washington, DC 20044
24                                         Tel: (202) 919-1366
                                           Lauren.e.bryant@usdoj.gov
25

26                                         *Attorneys for the Defendants*

27

28  DEFENDANTS' REQUEST FOR CLARIFICATION [ECF NO. 220]
    No. 3:25-cv-1766-EMC
                                           3

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that the foregoing document was filed on June 25, 2025 through the ECF system,

3

and that it will be sent electronically to the registered participants as identified on the Notice of Electronic

4

Filing.

5

6

*/s/ Lauren E. Bryant*
LAUREN E. BRYANT

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28