Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Amanda Young (SBN 359753)
ayoung@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Attorneys for Plaintiffs
*[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R., HENDRINA VIVAS CASTILLO, A.C.A., SHERIKA BLANC, VILES DORSAINVIL, and G.S., <br><br> Plaintiffs, <br><br> vs. <br><br> KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA, <br><br> Defendants. | Case No. 3:25-cv-01766-EMC <br><br> Judge: Hon. Sallie Kim <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR CLARIFICATION** |

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Eva L. Bitran (SBN 302081)
ebitran@aclusocal.org
Diana Snachez
dianasanchez@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (*Pro Hac Vice*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, Suite 1H
San Diego, CA 92120
Telephone: (949) 603-7411

Defendants filed the Request for Clarification ("Request" or "Req.," Dkt. 223) without consulting or notifying Plaintiffs. As to the first item, the deadline for Defendants to conduct a search, and produce and log all responsive communications custodial to Secretary Noem's Executive Secretary, Plaintiffs take no position in light of the extension of time for the filing of Plaintiffs' Reply in Support of Summary Judgment. The second item, however, represents a troubling attempt to alter the already narrowly tailored scope of discovery permitted by the District Court. The Request heightens Plaintiffs' concerns about the records Defendants continue to improperly withhold as non-responsive. Defendants must produce as responsive to RFP Nos. 1 and 2 "internal DHS memoranda concerning vacating, partially vacating, or terminating TPS designations for Venezuela or Haiti." Defendants, however, now seek this Court's express endorsement for withholding such documents as nonresponsive. The Request should be rejected. This Court should not authorize Defendants to withhold as non-responsive "internal DHS memoranda." Req. at 2.

## BACKGROUND

The District Court ordered Defendants to produce discovery in response to Plaintiffs' RFP Nos. 1 and 2, which seek "communications . . . regarding whether to vacate, partially vacate, or terminate the TPS designations for Venezuela or Haiti" (RFP No. 1) and "communications . . . concerning the TPS periodic review process . . . to the extent applied in whole or in part to the decisions to vacate, partially vacate, or terminate TPS designations for Venezuela or Haiti" (RFP No. 2). ECF 129, 135, 123-1 at 1. The District Court limited discovery in response to RFP Nos. 1 and 2 to certain custodians identified by their name or position, for the limited time period of January 20-February 24, and using specific search terms. ECF 135, 132, 132-1.

The District Court denied RFP No. 3, which at the time of that ruling sought "documents related to media appearances or statements referenced in the Amended Complaint." ECF 132 at 6. Plaintiffs had revised RFP No. 3 (and other requests) in light of earlier feedback from the District Court and to eliminate a potential ambiguity, yet Defendants pretend the District Court was still presented with the earlier version of RFP No. 3, which concerned "documents or communications . . . about DHS press releases or internal DHS memoranda concerning vacating, partially vacating, or terminating TPS designations for Venezuela or Haiti, including any memoranda or guidance about

1

how to respond to questions from media or TPS holders about such decisions." ECF 123-1 at 1.

Following the District Court's order, Defendants produced and/or logged approximately 1,150 documents responsive to RFP Nos. 1 and 2. Plaintiffs immediately identified glaring deficiencies—*i.e.*, the lack of documents custodial to Secretary Noem and her Chief Advisor Corey Lewandowski, or for the period January 20–24 (until the evening circulation of the Administration's first draft Federal Register notice, the first responsive document Defendants identified). The parties met and conferred for weeks regarding these and other discovery deficiencies. In response to Plaintiffs' inquiries, Defendants could only identify the following types of documents as ones that hit on the court-ordered search terms, but would (in their view) be categorically nonresponsive: (1) documents concerning "TPS and Venezuela as a whole"; (2) communications concerning agency press releases; (3) the circulation of media clips related to the relevant TPS designations; and (4) family members of documents that hit on the search terms but which do not themselves hit on the search terms. ECF 211 at 2-3. Defendants never identified to Plaintiffs or this Court that they might be withholding as categorically nonresponsive "internal DHS memoranda concerning vacating, partially vacating, or terminating TPS designations for Venezuela or Haiti."

Documents concerning "TPS and Venezuela as a whole" are undeniably responsive to issues in this litigation. ECF 211 at 3. But without taking a position on Defendants' contention that the remaining three types of documents Defendants identified can be withheld as nonresponsive, in the interest of compromise, Plaintiffs proposed permitting Defendants to exclude those categories from their production even if they otherwise hit on the court-ordered search terms without prejudice to revisiting the issue at a later date. ECF 211 at 2–3. Resolving this dispute at the present moment, this Court ordered the production of certain "hits" withheld as nonresponsive, with these latter three categories excluded. ECF 220 ¶ 1.

## **ARGUMENT**

Defendants seek to use a purported "clarification" to excuse persistent noncompliance with the District Court's order granting RFP Nos. 1 and 2. In denying RFP No. 3, the District Court did not purport to permit Defendants to withhold materials directly responsive to RFP Nos. 1 and 2—

2

1  documents of extraordinary relevance to the District Court's consideration of these matters—
2  "internal DHS memoranda concerning vacating, partially vacating, or terminating TPS designations
3  for Venezuela or Haiti." The District Court merely excluded discovery into internal communications
4  about press and media matters.

5  It is hard to conceive of records of greater relevance—and more clearly responsive to RFP
6  Nos. 1 and 2—than "internal DHS memoranda" providing express agency guidance concerning the
7  challenged decisions. All such memoranda are clearly "communications." By definition, they are
8  "regarding whether to vacate, partially vacate, or terminate the TPS designations for Venezuela or
9  Haiti" (RFP No. 1) and/or "concerning the TPS periodic review process . . . to the extent applied in
10 whole or in part to the decisions to vacate, partially vacate, or terminate TPS designations for
11 Venezuela or Haiti" (RFP No. 2).

12 Nothing in Judge Chen's discovery orders supports reading RFP No. 3 as rendering RFP
13 Nos. 1 and 2 so severely curtailed. ECF 129 & 135. Quite the opposite. Judge Chen recognized, as
14 Plaintiffs intended, that RFP No. 3 sought "documents related to DHS press releases or guidance
15 about how to respond to questions from the media or TPS holders." ECF 129 at 8; *see also* ECF 135
16 at § B (analyzing as an example of the type of documents responsive to RFP No. 3 an email thread
17 related to a DHS press call). Judge Chen denied RFP No. 3 as to media matters, not on the ground
18 that it sought internal agency guidance about the TPS decision-making process. Defendants
19 previously acknowledged as much—telling this Court that "RFPs 1 and 2 are limited to the decision-
20 making process," and RFP No. 3 concerned "communications about the decision, and how to publish
21 or implement it." ECF 211 at 6.

## CONCLUSION

23 By seeking clarification, Defendants have effectively conceded that they have improperly
24 withheld "internal DHS memoranda" about the challenged decisions, another astonishing and
25 troubling show of disregard for basic discovery obligations. For the foregoing reasons, the Court
26 should deny the Request to the extent it purports to alter the scope of discovery by construing RFP
27 No. 3 in a fashion that would vitiate RFP Nos. 1 and 2. Defendants should be directed to promptly

28

3

produce and log all "internal DHS memoranda concerning vacating, partially vacating, or terminating TPS designations for Venezuela or Haiti."

Date: June 26, 2025

Respectfully submitted,

ACLU FOUNDATION
OF NORTHERN CALIFORNIA

*/s/ Emilou MacLean*
Emilou MacLean

Emilou MacLean
Michelle (Minju) Y. Cho
Amanda Young
ACLU FOUNDATION
OF NORTHERN CALIFORNIA

Ahilan T. Arulanantham
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW

Eva L. Bitran
Diana Sanchez
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA

Jessica Karp Bansal
Lauren Michel Wilfong (*Pro Hac Vice*)
NATIONAL DAY LABORER ORGANIZING
NETWORK

Erik Crew (*Pro Hac Vice*)
HAITIAN BRIDGE ALLIANCE

Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2025, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

ACLU FOUNDATION
OF NORTHERN CALIFORNIA

*/s/ Emilou MacLean*
Emilou MacLean