BRETT A. SHUMATE
Assistant Attorney General
Civil Division
YAAKOV M. ROTH
Acting Assistant Attorney General
SARAH L. VUONG (CA Bar 258528)
Assistant Director
WILLIAM H. WEILAND (Mass. Bar 661433)
Senior Litigation Counsel
LAUREN BRYANT (NY Bar 5321880)
ANNA DICHTER (NJ Bar 304442019)
JEFFREY HARTMAN (WA Bar 49810)
CATHERINE ROSS (DC Bar 9007404)
AMANDA SAYLOR (FL Bar 1031480)
ERIC SNYDERMAN (VA Bar 99563)
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, *et. al.*,<br><br>Plaintiff,<br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et. al.*,<br><br>Defendants. | Case No. 3:25-cv-1766-EMC<br><br>**DEFENDANTS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF THE MAGISTRATE (ECF No. 220)**<br><br>Judge: Hon. Edward M. Chen |

**INTRODUCTION**

On June 24, 2025, Magistrate Judge Kim issued an Order Regarding Non-Responsiveness (the "Order") with respect to the parties' discovery disputes. ECF No. 220. Among other things, the Court directed Defendants to provide declarations under penalty of perjury by July 3, 2025, from the Secretary of Homeland Security, Kristi Noem, and one of her senior advisors, Corey Lewandowski, averring that they did not use personal devices to communicate about TPS status for Venezuelans and Haitians. ECF No. 220 at ¶ 4.

Defendants respectfully submit that the Court's ruling in this regard—which Plaintiffs did not request in their draft order—was clearly erroneous for two reasons. First, the directive is duplicative of the declaration already provided by Joseph Mazzara, Acting General Counsel for the Department of Homeland Security (DHS), and is therefore unduly burdensome. Second, an order requiring executive officials to submit declarations regarding discovery matters constitutes judicial overreach. Defendants therefore request that this provision of the Order be set aside immediately and Defendants be relieved of the obligation to require Secretary Noem and Mr. Lewandowski to provide declarations. If the Court denies this motion, Defendants request a 14-day extension of the deadline for providing declarations from Secretary Noem and Mr. Lewandowski to allow Defendants to seek authorization for further review.

**BACKGROUND**

On May 29, 2025, the District Court ordered Defendants to file declarations that addressed whether certain custodians, including Secretary Noem and Senior Advisor Corey Lewandowski, used personal devices to discuss matters related to TPS decisions. ECF No. 161. Specifically, the Court directed Defendants to submit "a declaration(s) from a person(s) with personal knowledge certifying that the inquiry was made and what the responses of … the custodians were." *Id*. In response, Defendants submitted a declaration by Kateland Jackson, Chief of Staff at the DHS Office of General Counsel, and Heather Martin, Acting Deputy Chief of Staff at U.S. Citizenship and Immigration Services (USCIS), regarding the custodians' use of personal devices for work purposes. ECF Nos. 182-1 at ¶ 3d, 182-2 at ¶ 3.

On June 6, 2025, the District Court held that the Jackson and Martin declarations were insufficient

because the declarants did not state that they discussed the matter of using their personal devices with the custodians directly. ECF No. 183.

In response, on June 10, 2025, Defendants filed a declaration by Joseph Mazzara, Acting General Counsel at DHS, who stated, under penalty of perjury, as follows:

> The following court-ordered custodians currently work at DHS: Secretary Noem, Deputy Secretary Edgar, and Corey Lewandowski. I asked them whether they used personal email, messaging on a personal phone, or messaging on a work phone with respect to the TPS decisions at issue in this litigation.
>
> Secretary Noem, Deputy Secretary Edgar, and Mr. Lewandowski responded that, to the best of their recollection: no, and there was no use of messaging on their work phone with respect to the TPS decision-making. They also said that it was not their practice to use any of their personal devices or emails for official business.

ECF No. 189-1 at ¶ 2a.

The Mazzara Declaration fully complied with the Court's directive that Defendants provide "a declaration(s) from a person(s) with personal knowledge certifying that the inquiry was made and what the responses of … the custodians were." ECF No. 161. The declaration also complied with the Court's directive that the declarant must have personally and directly made the inquiry to the custodians. ECF No. 183.

On June 24, 2020, this Court entered an Order Regarding Non-Responsiveness, which directed Secretary Noem and Mr. Lewandowski themselves to "provide declarations under penalties of perjury that they did not use personal devices to communicate about the TPS status for Venezuelans and Haitians by July 3, 2025." ECF No. 220 at ¶ 4.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) permits Defendants to submit objections to magistrate judge orders on non-dispositive matters—like discovery orders—to the court within 14 days after the entry of the order. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

# ARGUMENT

## I. THIS COURT'S RULING IS DUPLICATIVE AND UNDULY BURDENSOME BECAUSE DEFENDANTS HAVE ALREADY COMPLIED BY PROVIDING A DECLARATION FROM THE ACTING GENERAL COUNSEL

Judge Kim's ruling that Defendants must provide declarations under penalty of perjury from Secretary Noem and Corey Lewandowski stating that they did not use personal devices to communicate about the TPS status for Venezuelans and Haitians is duplicative of the Mazzara Declaration, which was signed under penalty of perjury and fully complied with the Court's directives—specifically, that Defendants provide "a declaration(s) from a person(s) with personal knowledge" who "directly questioned" the custodians and stated "what the responses of … the custodians were." ECF Nos. 183, 189-1.

Judge Kim's burdensome directive is contrary to the prescriptions in Rule 26 that discovery must be proportional to the needs of the case and that "the frequency or extent of discovery" must be limited if it is "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C). Here, the information sought from Secretary Noem and Mr. Lewandowski would merely restate the information already submitted to this Court in the Mazzara Declaration. ECF No. 189-1 at ¶ 2a. Accordingly, the Court has improperly directed Defendants to provide additional discovery that is unreasonably cumulative and duplicative contrary to Rule 26(b)(2)(C). *See Doe v. Eating Recovery Ctr. LLC*, No. 23-CV-05561-VC (LJC), 2025 WL 754061, at *1 (N.D. Cal. Mar. 10, 2025) (where the relevant information was already provided in a declaration, the court rejected defendant's request for a deposition because defendant failed to show that "a deposition would resolve that issue or supply other pertinent information not already covered by the declaration"); *see also In re Soc. Media Adolescent Addiction/Personal Injury Products Liab. Litig.*, No. 22-MD-03047-YGR (PHK), 2025 WL 1427958, at *7 (N.D. Cal. May 19, 2025) (holding that the discovery documents being sought were unnecessarily duplicative since extensive discovery had already been conducted related to the topics at issue); *In re Soc. Media Adolescent Addiction/Personal Injury Products Liab. Litig.*, No. 22-MD-03047-YGR (PHK), 2024 WL 4771404, at *3 (N.D. Cal. Nov. 12,

2024) ("Plaintiffs' demand for Meta to identify an unlimited number of additional custodians is duplicative (because two school-related custodians have already been identified)).

## II. REQUIRING SECRETARY NOEM TO SUBMIT A DECLARATION ON ISSUES OF DISCOVERY IS JUDICIAL OVERREACH

Requiring executive branch officials—particularly high-ranking ones—to submit declarations in judicial discovery disputes constitutes judicial overreach. Such a requirement infringes upon the constitutional separation of powers by compelling executive officials to participate directly in the judicial process in a manner that undermines the independence and integrity of the executive branch. *See Morrison v. Olson*, 487 U.S. 654, 693 (1988) (recognizing the importance of maintaining the separation of powers even where interbranch cooperation is necessary).

Courts have recognized the special status of high-ranking government officials, often shielding them from compulsory testimony or unnecessary judicial entanglement. *See United States v. Morgan*, 313 U.S. 409, 422 (1941) (establishing that "it is not the function of the court to probe the mental processes of an executive official."). Indeed, courts generally disfavor compelling declarations or depositions from high-ranking officials absent extraordinary need. *See Simplex Time Recorder Co. v. Secretary of Labor*, 766 F.2d 575, 586 (D.C. Cir. 1985) (Refusing to call as witnesses "top Department [] officials fits within the rule enunciated by the Supreme Court"). And it is well-settled that compelling high-ranking government officials to directly respond to a discovery request is inappropriate "absent extraordinary circumstances" warranting such a request, especially when such a request creates "tremendous potential for abuse or harassment." *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 282 F.R.D. 259, 263 (N.D. Cal. Apr. 4, 2012); *see also Warzon v. Drew*, 155 F.R.D. 183, 185 (E.D. Wis. May 17, 1994) (high-ranking government officials enjoy limited immunity from deposition as they "must be allowed the freedom to perform their tasks without the constant interference of the discovery process"). The purpose of this privilege is to ensure that the high-ranking officials are not "distracted…from their executive duties" and are not "unnecessarily burdened" by compelled depositions. *In re U.S. Department of Education*, 25 F.4th 692, 700-701 (9th Cir. 2022) (noting that cabinet secretaries face a potentially greater amount of litigation than most other witnesses, and that "in order to protect officials from the constant distraction of testifying in lawsuits,

courts have required that defendants show a special need or situation compelling such testimony.") (quoting *In re United States*, 985 F.2d 510, 512 (11th Cir. 1993)). Courts will allow responses to discovery requests from high-ranking officials only where the official has "unique first-hand, non-repetitive knowledge of the facts at issue in the case" and the party requesting "has exhausted other less intrusive discovery methods." *Apple Inc.*, 282 F.R.D. at 263 (internal quotation marks omitted). Neither is the case here.

Here, again, any declaration from Secretary Noem or Mr. Lewandowski would be entirely duplicative of the information provided in the Mazzara Declaration, which similarly requested a response from both individuals regarding their personal device usage with respect to the TPS decisions at issue. *See* ECF. 189-1 at 2 (declaring that Secretary Noem, Deputy Secretary Edgar, and Corey Lewandowski responded "no…it is not their practice to use any of their personal devices or emails for official business."). Indeed, the Acting General Counsel of a Cabinet agency, himself, is a high-ranking official and has already attested to his personal knowledge of this matter, under penalty of perjury under 28 U.S.C. § 1746. Thus, neither the Secretary's nor Mr. Lewandowski's declarations would produce "unique, first-hand knowledge" that could possibly justify such an intrusion into the decision-making of a government official. And the Mazzara Declaration demonstrates that less-intrusive means of seeking this information not only exists but has already been obtained. Requiring Secretary Noem and Mr. Lewandowski to submit declarations would significantly burden Defendants and disrupt high-ranking officials' executive duties, particularly where such information has previously been submitted to the Court and no party has even requested the duplicative declarations.

Compelling executive branch officials to submit declarations regarding discovery imposes an undue burden, risks violating executive privilege, and breaches the constitutional separation of powers. The judiciary must exercise restraint and respect institutional boundaries that safeguard the independence of each branch. Therefore, Defendants respectfully request reconsideration of Judge Kim's June 24th discovery order with respect to the declarations of Secretary Noem and Corey Lewandowski. If the Court denies this motion, Defendants request a 14-day extension of the deadline for providing declarations from Secretary Noem and Mr. Lewandowski in order to permit Defendants to seek further review.

Dated: June 26, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
Civil Division

SARAH L. VUONG
Assistant Director (CA Bar. 258528)

WILLIAM H. WEILAND (Mass. Bar 661433)
Senior Litigation Counsel

ERIC SNYDERMAN (VA Bar 99563)
ANNA DICHTER (NJ Bar 304442019)
LAUREN BRYANT
AMANDA SAYLOR
JEFFREY HARTMAN (WSBA 49810)
Trial Attorneys

/s/ *Catherine Ross*
CATHERINE ROSS
Trial Attorney (DC Bar 9007404)
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 532-4404
Jeffrey.M.Hartman@usdoj.gov

*Attorneys for the Defendants*

DEFS.' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF THE MAGISTRATE (ECF No. 220)
No. 3:25-cv-1766-EMC
6

BRETT A. SHUMATE
Assistant Attorney General
YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
Civil Division
SARAH L. VUONG (CA Bar 258528)
Assistant Director
WILLIAM H. WEILAND (Mass. Bar 661433)
Senior Litigation Counsel
ERIC SNYDERMAN (VA Bar 99563)
ANNA DICHTER (NJ Bar 304442019)
LAUREN BRYANT
AMANDA SAYLOR
CATHERINE ROSS (DC Bar 9007404)
JEFFREY HARTMAN (WA Bar 49810)
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, *et al.*, | |
| Plaintiff, | Case No. 3:25-cv-1766-EMC |
| v. | |
| KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*, | [PROPOSED] ORDER GRANTING MOTION TO STAY FURTHER DISTRICT COURT PROCEEDINGS |
| Defendants. | |

[PROPOSED] ORDER
No. 3:25-cv-1766-EMC

1

1  Before the Court is Defendants' motion for relief from the nondispositive pretrial order of the
2  Magistrate (ECF No. 220). Having reviewed the motion, IT IS ORDERED that Defendant motion is
3  GRANTED and Defendants do not need to submit a declaration from either Secretary Noem or Corey
4  Lewandowski.

6  Issued this ___ day of June, 2025.

                                                  Edward M. Chen
                                                United States District Judge

28  [PROPOSED] ORDER
No. 3:25-cv-1766-EMC

2