Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Amanda Young (SBN 359753)
ayoung@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Attorneys for Plaintiffs
*[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R., HENDRINA VIVAS CASTILLO, A.C.A., SHERIKA BLANC, VILES DORSAINVIL, and G.S.,<br><br>    Plaintiffs,<br><br>  vs.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA,<br><br>    Defendants. | Case No. 3:25-cv-01766-EMC<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF THE MAGISTRATE** |

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Eva L. Bitran (SBN 302081)
ebitran@aclusocal.org
Diana Sanchez (SBN 338871)
dianasanchez@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (*Pro Hac Vice*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, 1H
San Diego, CA 92120
Telephone: (949) 603-7411

# INTRODUCTION

Plaintiffs write in response to Defendants' motion for relief (ECF 229) from Magistrate Judge Kim's order (ECF 220) requiring Defendants to provide declarations under penalty of perjury from Secretary Noem and her senior advisor, Corey Lewandowski, that they did not use personal devices to communicate about the TPS status for Venezuelans and Haitians. Defendants claim that this order is (1) duplicative of the declaration already provided by Joseph Mazzara, Acting General Counsel for the Department of Homeland Security (ECF 189-1) and (2) constitutes judicial overreach because Secretary Noem and Mr. Lewandowski are high-ranking executive branch officials. ECF 229.

Plaintiffs believe that Judge Kim's order was an entirely rational and appropriate response to Defendants' failure to produce a single document from either of these high-ranking individuals, or provide any plausible explanation for the lack of such documents. Nevertheless, as the Court is well-aware, time is of the essence in this matter, and Plaintiffs do not want to slow down resolution of other discovery disputes or the parties' dispositive motions over this issue. Accordingly, Plaintiffs propose that, in lieu of personal declarations from Secretary Noem and Mr. Lewandowski, the Court order Defendants to provide a declaration under penalty of perjury from someone with personal knowledge detailing the searches conducted for Secretary Noem, Corey Lewandowski, and Secretary Noem's Executive Secretary's custodial files, as well as the volume of data recovered, and hits for each search. This would obviate both of Defendants' concerns, as this compromise declaration would not need to be from someone as high-level as Secretary Noem or Mr. Lewandowski, and it would contain important information not found in the prior Mazzara declaration.

Plaintiffs proposed this compromise to Defendants, but they rejected it because they "continue to believe that Acting General Counsel Mazzara's declaration is sufficient for the needs of this case." *See* Ex. 1 (email exchange with Defendants' counsel).

## **BACKGROUND**

Judge Kim's order stems ultimately from the fact that Defendants have not produced a single document from the custodial files of Secretary Noem or her senior advisor, Corey Lewandowski, despite their high rank and critical roles in the challenged decisions; and that Defendants have produced relevant documents to and from Mr. Lewandowski from other custodians. *See* ECF 191 at 3. Defendants have yet to provide a plausible explanation for this absence.

In response to this concern, on June 24, 2025, Judge Kim ordered Defendants, by July 3, to (1) submit for *in camera* review a sample of documents from Secretary Noem and Mr. Lewandowski's custodial files that hit on the Court-ordered search terms but that Defendants consider nonresponsive; (2) to the extent no such documents exist, provide an affidavit to that effect; (3) add Secretary Noem's Executive Secretary as a custodian and search and review their documents for production;[1] and (4) submit declarations from Secretary Noem and Mr. Lewandowski, under penalty of perjury, that they did not use personal devices to communicate about the TPS status for Venezuelans and Haitians. ECF 220.[2]

On Friday, June 27, Defendants filed the present motion for relief from Judge Kim's order. ECF 229. In the motion, Defendants do not challenge the first three aspects of Judge Kim's order relevant to this issue, challenging only the requirement of personal declarations from Secretary Noem and Mr. Lewandowski. *Id.* Defendants claim that such declarations are duplicative and constitute judicial overreach. *Id.*

Also on Friday, June 27, this Court ordered Plaintiffs to file a response to Defendants' motion by Monday, June 30. ECF 230. In response to this order, Plaintiffs emailed Defendants on Sunday, June 29 to propose a compromise to avoid litigating this issue. Plaintiffs proposed that, in lieu of personal declarations from Secretary Noem and Mr. Lewandowski, Defendants provide a declaration from someone else detailing the searches conducted for Secretary Noem, Corey Lewandowski, and the Executive Secretary's custodial files, as well as the volume of data recovered,

---

[1] The original order required this aspect to be completed by June 26, ECF 220 ¶ 3, but Judge Kim subsequently clarified that this aspect was also due by July 3. ECF 226 ¶ 1.
[2] The fifth aspect to this order, concerning the presidential communications privilege, is not relevant to this dispute. *See* ECF 220 ¶ 5.

and hits for each search. Ex. 1. On Monday, June 30, Defendants rejected this compromise because they "continue to believe that Acting General Counsel Mazzara's declaration is sufficient for the needs of this case." *Id.*[3]

## ARGUMENT

### I. Judge Kim's Order Was Appropriate and, In Any Event, Plaintiffs' Proposed Compromise Would Obviate Both of Defendants' Concerns

As Judge Kim recognized, the fact that Defendants have not produced a single document from the custodial files of Secretary Noem and Mr. Lewandowski is both surprising and concerning, because it raises the specter that either Defendants did not appropriately collect documents from all the relevant sources for these two custodians, or Defendants did not appropriately apply search terms, review, and make responsiveness determinations for their documents. Judge Kim's four-pronged response to this issue, including her order for personal declarations, was entirely appropriate and proportional to the needs of the case and neither of Defendants' objections have merit.

However, given the compressed schedule of this case mandated by the ongoing irreparable harm being suffered by Plaintiffs and hundreds of thousands of other individuals, Plaintiffs do not want to risk delaying the resolution of other discovery disputes and the parties' dispositive motions over this issue, which Plaintiffs have indicated they intend to seek further review of, if this Court does not grant them relief. *See* ECF 229 at 5. Accordingly, Plaintiffs proposed a compromise to Defendants that would not require personal declarations from Secretary Noem and Mr. Lewandowski. *See* Ex. 1. This proposal obviates both of Defendants' concerns because it (1) removes the requirement of personal declarations from high-ranking executive officials and (2) would not be duplicative of the Mazzara declaration. The proposed compromise declaration would contain additional details not found in the prior Mazzara declaration about (1) the specifics of the searches conducted, as well as the volume of data recovered, and hits for each search and (b) the search of the Executive Secretary's files, which was not addressed in the Mazzara declaration. *See* ECF 189-1.

---

[3] Also on Monday, June 30, at the parties' weekly discovery conference, Judge Kim stayed her order with regard to the personal declarations for seven days to allow Defendants to seek relief from this Court. *See* ECF 231.

3

RESPONSE TO MOT. FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER
CASE NO. 3:25-CV-01766-EMC

In fact, tellingly, when responding to this proposal, Defendants did not assert that this proposal failed to adequately address either of their prior objections. Instead, Defendants simply stated that they thought the Mazzara declaration was sufficient for the needs of the case. *See* Ex. 1. But that unelaborated objection fails. The Mazzara declaration says only that "Secretary Noem . . . and Mr. Lewandowski responded that *to the best of their recollection*: no [they had not used personal email, messaging on a personal phone, or messaging on a work phone with respect to the TPS decisions at issue in this litigation], and there was no use of messaging on their work phone with respect to the TPS decision-making. They also said that it *is not their practice* to use any of their personal devices or emails for official business." ECF 189-1 ¶ 2 (emphasis added). These vague assertions are insufficient in the face of Defendants' unexplained failure to produce a single document from either of these custodians, and the more detailed declaration proposed by Plaintiffs, in lieu of personal declarations, is a more than reasonable compromise.

## CONCLUSION

Plaintiffs respectfully request that, in the interest of expediency and compromise, in lieu of the personal declarations ordered by Judge Kim, this Court order Defendants to produce a declaration under penalty of perjury from someone with personal knowledge detailing the searches conducted for Secretary Noem, Corey Lewandowski, and the Executive Secretary's custodial files, as well as the volume of data recovered, and hits for each search. Plaintiffs request that the Court otherwise deny Defendants' motion.

Date: June 30, 2025

Respectfully submitted,

ACLU FOUNDATION
OF NORTHERN CALIFORNIA

/s/ *Emilou MacLean*
Emilou MacLean
Michelle (Minju) Y. Cho
Amanda Young

Ahilan T. Arulanantham
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW

4

Eva L. Bitran
Diana Sanchez
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA

Jessica Karp Bansal
Lauren Michel Wilfong (*Pro Hac Vice*)
NATIONAL DAY LABORER
ORGANIZING NETWORK

Erik Crew (*Pro Hac Vice*)
HAITIAN BRIDGE ALLIANCE

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2025, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

ACLU FOUNDATION
OF NORTHERN CALIFORNIA

/s/ *Emilou MacLean*
Emilou MacLean