Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Amanda Young (SBN 359753)
ayoung@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Attorneys for Plaintiffs
*[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R., HENDRINA VIVAS CASTILLO, A.C.A., SHERIKA BLANC, VILES DORSAINVIL, and G.S.,<br><br>Plaintiffs,<br><br>vs.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA,<br><br>Defendants. | Case No. 3:25-cv-01766-EMC<br><br>**DECLARATION OF EMILOU MACLEAN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER [ECF 194]**<br><br>Date: July 7, 2025<br>Time: 9:30 am<br>Place: Courtroom C, 15th Floor |

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Eva L. Bitran (SBN 302081)
ebitran@aclusocal.org
Diana Sanchez (SBN 338871)
dianasanchez@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (*Pro Hac Vice*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, Suite 1H
San Diego, CA 92120
Telephone: (949) 603-7411

I, Emilou MacLean, declare as follows:

1. I am an attorney at law duly licensed and entitled to practice in the State of California. I am a Senior Staff Attorney at ACLU Foundation of Northern California, counsel of record in this action for Plaintiffs. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently thereto.

2. I submit this Declaration in support of Plaintiffs' Opposition to Defendants' Motion for Protective Order.

3. Since the commencement of discovery in this matter, Plaintiffs have engaged in extensive meet and confer efforts with Defendants regarding the scope and necessity of a protective order governing discovery materials.

4. On May 14, 2025, Defendants' counsel requested that Plaintiffs stipulate to the entry of a protective order to cover documents to be produced in discovery. *See* **Ex. 16**. In response, Plaintiffs communicated their willingness to enter into an agreement similar to that used in *Ramos v. Nielsen*, which protected "personnel contact information" of government employees. *Id.* Plaintiffs expressed that such an agreement had been effective in prior, related litigation and that there was no apparent need for a broader protective order in this case. *Id.* Plaintiffs nonetheless expressed an openness to further information "about why the situation here is distinct such that a protective order is warranted." *Id.*

5. On May 30, 2025, the parties met and conferred about various issues, including a protective order. On June 2, 2025, in an email memorializing the parties' meet and confer, Plaintiffs reiterated to Defendants that they remained amenable to an agreement to protect government personnel contact information, consistent with the *Ramos* agreement, but did not see a need for a broader protective order absent a showing of specific need. *See* **Ex. 17**. Plaintiffs communicated their openness to considering specific heightened confidentiality needs that were not present for the documents disclosed by the government in *Ramos*. *Id.*

6. On June 6, Defendants identified that they intended to file a "protective order regarding PII to have it memorialized by the Court" and would "draft a separate order for

1  confidential information." Plaintiffs again provided Defendants with the letter memorializing the
2  informal protective agreement used in *Ramos*, reiterating their willingness to rely on a similar
3  agreement in this case for the protection of government personnel contact information. *See* **Ex. 19.**
4  Plaintiffs requested that Defendants specify any additional categories of information they believed
5  required protection. *Id.*

6       7. On June 9, Defendants provided a "draft PO" which they asserted "reflect[ed]
7  protecting only PII." **Ex. 20.** Plaintiffs protested that the draft protective order did not appear to
8  "only cover[] PII," but in fact appeared much broader, and tendered their opposition, noting that
9  Defendants have still not provided "any particularized concerns that they have regarding any other
10 disclosures aside from PII which warrant a protective order," and noting the "widespread, and
11 inconsistent, categorization of documents as confidential where such a designation does not appear
12 warranted." *Id*. In response, Defendants provided that their "primary focus has been to protect PII,
13 but also that certain documents might contain sensitive non-public information not otherwise
14 amenable to general public release or dissemination." *Id.*

15      8. To date, Plaintiffs have repeatedly requested that Defendants identify any specific or
16 heightened confidentiality concerns beyond the protection of government personnel contact
17 information, which Plaintiffs have agreed to protect including through memorializing an agreement
18 in writing. Defendants did not provide any such specific concerns prior to filing their motion for a
19 protective order.

20      9. On June 3, the parties met and conferred regarding a document Plaintiffs intended to
21 file on the public record which was marked "CONFIDENTIAL." Defendants agreed that the
22 document did not include any sensitive information, and that Plaintiffs could file publicly redacting
23 only the contact information of the government personnel. **Ex. 17.** Plaintiffs filed that document as
24 ECF 166 (NTPSA_0000262).

25      10. On June 27, Plaintiffs identified 22 documents that they intended to file which are
26 marked "CONFIDENTIAL," and sought guidance from Defendants about whether they should be
27 filed under seal, and on what basis. **Ex. 21**. In response, Defendants informed Plaintiffs that "if the

28

2

DECLARATION OF EMILOU MACLEAN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION FOR PROTECTIVE ORDER
CASE NO. 3:25-CV-01766-EMC

1  personal contact information is redacted from your filing, Defendants agree that the documents need
2  not be filed under seal." *Id.* Defendants also stated that they saw "no basis for not having an order
3  that allows for designation if there is some particular document that Defendants believe must be
4  protected – even if Defendants ultimately end up not doing so or do so on a limited basis." However,
5  Defendants identified no specific documents that would warrant confidentiality protections at this
6  time.

3
DECLARATION OF EMILOU MACLEAN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION FOR PROTECTIVE ORDER
CASE NO. 3:25-CV-01766-EMC

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 30th day of June 2025, in San Francisco, California.

/s/ *Emilou MacLean*
Emilou MacLean

DECLARATION OF EMILOU MACLEAN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER
CASE NO. 3:25-CV-01766-EMC