UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL TPS ALLIANCE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>KRISTI NOEM, et al.,<br><br>    Defendants. | Case No. 25-cv-01766-EMC<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Docket No. 229 |

    The government seeks relief from a discovery order issued by Judge Kim on June 24, 2025. *See* Docket No. 220 (order). Pursuant to 28 U.S.C. § 636, this Court reviews Judge Kim's discovery order for clear error or a ruling contrary to law. *See* 28 U.S.C. § 636(b)(1)(A) (providing that "[a] judge may designate a magistrate to hear and determine any pretrial matter pending before the court [with limited exceptions]" and that a judge "may reconsider any pretrial matter . . . where it has been shows that the magistrate judge's order is clearly erroneous or contrary to law"); *see also* Fed. R. Civ. P. 72(a); *Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991). In reviewing for clear error, a district judge may not simply substitute his or her judgment for that of the magistrate judge. *See id.* Rather, a magistrate judge's non-dispositive ruling is clearly erroneous only when a district judge is left with a "definite and firm conviction that a mistake has been committed." *Burdick v. Comm'r Internal Rev. Serv.*, 979 F.2d 1369, 1370 (9th Cir. 1992).

    The government takes issue with ¶ 4 of Judge Kim's order: "Secretary Noem and Corey Lewandowski must provide declarations under penalty of perjury that they did not use personal devices to communicate about the TPS status for Venezuelans and Haitians by July 3, 2025."

Docket No. 220 (Order ¶ 4).  According to the government, this was clear error for two reasons: (1) "the directive is duplicative of the declaration already provided by Joseph Mazzara, Acting General Counsel for the Department of Homeland Security (DHS), and is therefore unduly burdensome"[1]; and (2) "an order requiring executive officials to submit declarations regarding discovery matters constitutes judicial overreach."  Mot. at 1.

Following the government's filing of the motion, Plaintiffs reached out to the government and offered a compromise.  "Plaintiffs proposed that, in lieu of personal declarations from Secretary Noem and Mr. Lewandowski, Defendants provide a declaration from someone else detailing the searches conducted for Secretary Noem, Corey Lewandowski, and the Executive Secretary's custodial files, as well as the volume of data recovered, and hits for each search."  Opp'n at 2-3.  The government rejected the proposal on the basis that the Mazzara Declaration "is sufficient for the needs of this case."  Opp'n, Ex. 1 (email).

The Court hereby **DENIES** the government's motion for relief.  Judge Kim's holding that the Mazzara Declaration was insufficient (given, *e.g.*, the failure to produce any documents custodial to the Secretary and Mr. Lewandowski), was not clearly erroneous.  *See Taylor v. Google LLC*, No. 20-cv-07956-VKD, 2024 U.S. Dist. LEXIS 218677, *4-5 (N.D. Cal. Dec. 3, 2024) (not that "discovery of another party's evidence preservation and collection efforts . . . is disfavored, as such discovery is typically not relevant to the merits of a claim or defense, and is rarely proportional to the needs of a case," but "such discovery may be warranted if the party requesting it demonstrates that there is a specific deficiency in the other party's production of documents or other information").

As for the government's contention that Judge Kim's order constituted judicial overreach (*i.e.*, because it required declarations from the Secretary and Mr. Lewandowski), that argument is now moot given Plaintiffs' proposal.  Notably, the government did not claim judicial overreach in

---

[1] *See* Docket No. 189-1 (Mazzara Decl. ¶ 2-2(a)) ("I asked them whether they used personal email, messaging on a personal phone, or messaging on a work phone with respect to the TPS decisions at issue in this litigation); *id.* (Mazara Decl. ¶ 2(a)) ("Secretary Noem . . . and Mr. Lewandowski responded that to the best of their recollection: no, and there was no use of messaging on their work phone with respect to the TPS decision-making.  They also said that it is not their practice to use any of their personal devices or emails for official business.").

2

1  response to Plaintiffs' proposal, simply stating that the Mazzara Declaration was sufficient.

2  Furthermore, "apex" discovery is primarily a concern where a deposition is sought, not just a

3  declaration (which is less intrusive), and Plaintiffs' proposal is reasonable given that they have

4  limited discovery to non-apex sources. *See generally Apple Inc. v. Samsung Elecs. Co.*, 282

5  F.R.D. 259, 263 (N.D. Cal. 2012) (addressing apex depositions; noting that one consideration is

6  whether discovery can be obtained through less intrusive discovery methods or whether there is

7  another source that is more convenient or less burdensome).

8      The Court therefore adopts Plaintiffs' proposal. Instead of the personal declarations from

9  the Secretary and Mr. Lewandowski, the government shall provide a declaration(s) under penalty

10  of perjury from a source(s) with knowledge detailing the searches conducted for Secretary Noem,

11  Corey Lewandowski, and Secretary Noem's Executive Secretary's custodial files, as well as the

12  volume of data recovered, and hits for each search.

13      Judge Kim's order required the government to provide information by July 3, 2025.

14  However, recently, Judge Kim extended that deadline to July 10, 2025, *see* Docket No. 231

15  (minutes), recognizing that the government had appealed her order to this Court. Now that this

16  Court has ruled, the Court vacates the July 10 deadline, but presumably the government will still

17  ask for a 14-day extension of the deadline set by this Court so that it may determine whether to

18  appeal this Court's discovery ruling to the Ninth Circuit. Given that Plaintiffs' reply brief for

19  summary judgment is due on July 18, 2025, and that the Secretary's termination decisions for

20  Venezuela and Haiti have already taken effect or will take effect soon, the Court shall require the

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

3

government to comply with this order by 9:00 a.m., July 7, 2025. This schedule should give the government sufficient time to make a decision about whether to appeal and/or to comply with the Court's order herein.

This order disposes of Docket No. 229.

**IT IS SO ORDERED**.

Dated: July 1, 2025

_____
EDWARD M. CHEN
United States District Judge