UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL TPS ALLIANCE, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>KRISTI NOEM, et al.,<br><br>　　　　Defendants. | Case No.  25-cv-01766-EMC  (SK)<br><br>**ORDER REGARDING WAIVER OF ATTORNEY-CLIENT PRIVILEGE**<br><br>Regarding Docket No. 216 |

　　　　This matter comes before the Undersigned on a discovery dispute regarding whether Defendants waived their attorney-client privilege assertions as to 20 documents. (Dkt. Nos. 216, 218.)

**BACKGROUND**

　　　　On June 16, 2025, Defendants filed a document titled "Options for Venezuela TPS Extension and Redesignation -September 23, 2023" (hereinafter "the Options Document") in support of its opposition to Plaintiffs' motion for summary judgment. (Dkt. No. 199-1; *filed as ERRATA at* Dkt. No. 209-1.) The Options Document is labeled "DELIBERATIVE/ATTORNEY-CLIENT PRIVILEGED" and consists of what appears to be a draft memo with pending tracked changes and comments from unnamed authors. (Dkt. No. 209-1.) Defendants cited the Options Document as "evidence support[ing] the Secretary's finding that former Secretary Mayorkas' decision to extend TPS for Venezuela warrants further review" and explained that it:

> discuss[es] the pros and cons of various options for the Venezuela TPS 2023 Extension and Redesignation. One noted concern was that a concurrent extension and redesignation of Venezuela for TPS did not follow "standard practice" and some beneficiaries would have their benefits extended for fewer months than the extension received by others).

(Dkt. No. 199, p. 23.)

On June 23, 2025, Plaintiffs filed a discovery letter brief arguing that the public filing of the Options Document waived the attorney-client privilege for 20 related documents. (Dkt. No. 216.) Defendants filed an opposition explaining that the Options Document was withheld solely on the basis of deliberative process privilege but was mistakenly labelled with an "attorney-client privileged" header. (Dkt. No. 218.) Defendants assert that they produced the Options Document on June 13, 2025 pursuant to the Undersigned's order "to produce documents for which Defendants claim only the deliberate process privilege by June 13, 2025." (*Id.* (citing Dkt. No. 184.)) Defendants acknowledged that duplicates of the Options Document may have been mistakenly coded as attorney-client privileged and should be produced, but contest Plaintiffs' assertions of subject matter waiver. (*Id.*)

During the June 30, 2025 hearing, the Undersigned ordered Defendants to produce the 20 documents for *in camera* review. (Dkt. No. 231.) Defendants produced the documents on July 1, 2025.

**ANALYSIS**

"Disclosing a privileged communication . . . results in waiver as to all other communications on the same subject." *Hernandez v. Tanninen*, 604 F.3d 1095, 1100 (9th Cir. 2010). It follows that disclosing a nonprivileged communication does not result in waiver. *See Koumoulis v. Indep. Fin. Mktg. Grp., Inc.*, 295 F.R.D. 28, 48 (E.D.N.Y. 2013), *aff'd*, 29 F. Supp. 3d 142 (E.D.N.Y. 2014) (a party "cannot waive a privilege that never existed.").

Although Defendants originally demarcated the Options Document as protected by attorney-client privilege, they now aver that "no attorneys were involved in the comments or drafting of the [Options Document]." (Dkt. No. 218.) The Undersigned accepts Defendants' representation. As the Options Document is not attorney-client privileged, its disclosure does not result in waiver.

However, Defendants continue to assert the attorney-client privilege over nine alternate versions of the Options Document (hereinafter "the Alternate Versions"). (NTPSA_PRIVID_000068, 000069, 000217, 000234, 000235, 000364, 000365, 000436, 000480.)

2

The Alternate Versions are not identical to the Options Document. Rather, they reflect various stages of the drafting process and incorporate different tracked changes and comments. According to the privilege log, some of the Alternate Versions were prepared by counsel as a "legal options paper," (*e.g.,* NTPSA_PRIVID_000068), which contradicts Defendants' recent assertion that the Options Document was not drafted by counsel. Other Alternate Versions are said to contain "counsel input" where the comments seem identical those in the Options Document, (NTPSA_PRIVID_000235), which conflicts with Defendants' assertion that no attorneys were involved in the comments.

Given the similarities between the Alternate Versions and the Options Document, the only logical conclusion is that—like the Options Document—the Alternate Versions were "inadvertently labeled as attorney-client privileged." The fact that the privilege log itself contains conflicting information about whether the Alternate Versions were drafted by legal or policy personnel suggests the privilege log contains mistakes. (*Compare* NTPSA_PRIVID_000068 *with* NTPSA_PRIVID_000235.) Accordingly, the Undersigned finds that the Alternate Versions are not attorney-client privileged.

Defendant is HEREBY ORDERED to produce the Alternate Versions (NTPSA_PRIVID_000068, 000069, 000217, 000234, 000235, 000364, 000365, 000436, 000480) by July 7, 2025. Defendant is not required to produce the remaining 11 documents.

**IT IS SO ORDERED**.

Dated: July 3, 2025

_____
SALLIE KIM
United States Magistrate Judge

3