BRETT A. SHUMATE
Assistant Attorney General
Civil Division
YAAKOV M. ROTH
Acting Assistant Attorney General
SARAH L. VUONG (CA Bar 258528)
Assistant Director
WILLIAM H. WEILAND (Mass. Bar 661433)
Senior Litigation Counsel
LAUREN BRYANT (NY Bar 5321880)
ANNA DICHTER (NJ Bar 304442019)
JEFFREY HARTMAN (WA Bar 49810)
CATHERINE ROSS (DC Bar 9007404)
AMANDA SAYLOR (FL Bar 1031480)
ERIC SNYDERMAN (VA Bar 99563)
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, *et al.*,<br><br>Plaintiff<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*,<br><br>Defendants. | Case No. 3:25-cv-1766-EMC<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**<br><br>Judge: Hon. Sallie Kim |

# INTRODUCTION

The Court should adopt the proposed Protective Order, which closely mirrors the Court's model protective order. Plaintiffs' counter-arguments are unavailing.

First, the Protective Order proposed by Defendants is almost exactly the same as the Court's model protective order—the only difference is that Defendants have added language pertaining to the protection of personal contact information. This type of information qualifies for protection under the standards set forth in Fed. R. Civ. P. 26(c). *See* ECF Nos. 194, 194-2 ("Proposed Order"); *see also* ECF No. 194-1 ("Weiland Declaration"). The standard order, with Defendants additional language, reflects a balanced, court-approved framework that has been vetted for fairness and efficiency across cases involving sensitive discovery material. Plaintiffs' proposed alternative departs from the well-established structure and introduces unnecessary complexity and ambiguity, potentially creating future disputes over interpretation and compliance. Second, Defendants have demonstrated that good cause exists for entry of their Protective Order. There is no dispute that Defendants are producing, on an ongoing basis, documents that may include protected information. It is reasonable for Defendants to have a protective order in place that covers the standard protections—a protective order is meant as a preventative measure for protecting sensitive information produced and disclosed during discovery, and Defendants have provided sufficient facts and concrete examples showing why a protective order is necessary in this case. *See* ECF No. 194. *See Van v. Wal-Mart Stores, Inc.*, 2011 WL 62499 *2 (N.D. Cal. Jan. 7, 2011) (a generalized showing of belief that discovery will involve confidential or protected information is sufficient); *Lambright v. Ryan*, 698 F.3d 808, 824 (9th Cir. 2012) ("the district court had an obligation to enter the protective order prior to the commencement of discovery.").

Finally, the Court should reject Plaintiffs' proposal to stipulate to the same agreement reached in *Ramos*. Pls.' Opp. at 6. That informal agreement was unusual and included limited language on additional uses, control of access, and disposal of confidential information after the case ends, items that are standard in the Court's model protective order. Moreover, Plaintiffs mischaracterize the implementation of the proposed protective order, as evidenced by the email discussion on June 30, 2025. ECF No. 235-21.

Despite Defendants sincere efforts to resolve this matter without Court intervention, Plaintiffs

DEFS.' REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER
No. 3:25-cv-1766-EMC

1

continue to assert that the language in the proposed Protective Order is overbroad. *See generally* Pls.' Opp. Because Defendants have demonstrated good cause for the entry of this Protective Order, and the language of the Protective Order strikes a fair balance between Plaintiffs' need for information for purposes of this litigation with Defendants interests in avoiding unlimited public disclosure of confidential information, Defendants proposed Protective Order should be granted.

## ARGUMENT

### I. The Standard Model Protective Order Reflects a Balanced, Court-Endorsed Framework

The standard model protective order is a court-approved framework developed to balance the competing interests of confidentiality and transparency in civil litigation. It reflects well-settled principles and provides a tested mechanism for protecting sensitive information without impeding discovery. Courts in the Ninth Circuit routinely adopt this model to streamline litigation and ensure consistent treatment of confidential material across cases. Plaintiffs' proposed alternative diverges from the model without demonstrating any concrete deficiency in the standard order. Defendants' edits to the standard protective order are intended to memorialize Plaintiffs' proposal, while also protecting potential confidential information that could be produced in discovery. Plaintiffs argue that no protective order is necessary because thus far, no sensitive documents have been turned over. However, in this case, where discovery proceedings and deadlines for the government have moved rapidly, and where the disputes continue over which documents should be produced to Plaintiffs in full, is it reasonable for Defendants to be able to protect their information, even if they cannot point to a previously disclosed sensitive document. Moreover, Plaintiffs' suggestion that should "Defendants in the future identify specific harms associated with disclosure of particular documents or categories of documents, Plaintiffs remain open to meeting and conferring regarding a protective order in that instance," ECF No. 234, at 1-2, falls flat where Plaintiffs have repeatedly opposed any request by Defendants for additional time and have been quick to seek noncompliance orders from the Court at any juncture. Their refusal to adopt the standard order injects ambiguity and unnecessary complexity into an otherwise straightforward process and increases the risk of future disputes over interpretation and compliance, which undermines the efficiency and predictability the model order is designated to achieve.

A party seeking to depart from the standard order bears the burden of demonstrating that it fails to adequately protect their interests in the context of the case. *Rabin v. Google LLC*, 702 F. Supp. 880, 881 (N.D. Cal. Nov. 20, 2023) (entering protective order where party opposing "failed to meet its burden of demonstrating that it will be harmed…if the standard and presumptively reasonable protective order is adopted in this case."). Here, the proposed changes to the standard order are merely to protect the email addresses and phone numbers of government employees without the need to further mark the documents as confidential, a protection that Plaintiffs agree with. Their objection to the remaining language of the standard order is therefore unclear and does not appear to be substantive. Without a showing of unfairness or prejudice, there is no reason to depart from the model order that has been repeatedly endorsed by this Court.

Because the standard protective order is fair, clear, and sufficient to govern the handling of confidential material in this case—and because Plaintiffs have not shown any legitimate basis for departing from it—the Court should reject Plaintiffs' bespoke proposal and enter Defendants Proposed Order.

**II.    Defendants Have Met Their Burden for Demonstrating That "Good Cause" Exists for Entry of the Proposed Protective Order**

Plaintiffs' argument that good cause does not exist for a protective order is unsupported. The parties agree that personal identifying information should be redacted before public disclosure. Under the proposed order, Plaintiffs agree to redact contact information before filing on the public docket. And they have done so. *See* ECF No. 235. Indeed, the proposed order as modified facilitates the discovery process by eliminating the need for Defendants to mark each email as Confidential. ECF 235-21; *See Wal-Mart Stores*, *Inc*., 2011 WL 62499 at *2 ("the use of blanket protective orders conserves judicial resources—and taxpayer money—by eliminating the requirement that a party move for a protective order every time that party produces documents they contend are confidential."); *See also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) (noting that use of a blanket protective order was "understandable for the unfiled documents given the onerous burden document review entails.").

1    Plaintiffs rest their argument on the belief that Defendants should identify each and every document that may be designated as confidential or sensitive before any order recognizing Defendants ability to mark a document is entered. ECF No. 234 at 6. But a threshold showing of good cause for a protective order need not be predicated first on a "document-by-document basis." *See Wal-Mart Stores, Inc.*, 2011 WL 62499 at *2. Rather, a generalized showing of belief that discovery will involve confidential or protected information is sufficient. *Id*. Plaintiffs also make the unsupported assertion that Defendants will, by virtue of this Court entering a protective order, abuse that order to hide documents from Plaintiffs. But Plaintiffs can point to no single instance where Defendants have sought to do so. Indeed, the administrative record and initial discovery have been produced without a protective order. And while Plaintiffs have informally agreed to protect personally identifying information, they offer no reason for why the standard order, or the modifications thereto, are unsuitable for this case. Simply put, Defendants merely seek the entry of a court order that ensures that such information will not be improperly released, distributed, or used. Further, the order facilitates the disclosure of sensitive information to Plaintiffs without need for redaction, including certain information that would be protected from further disclosure under the Freedom of Information Act, 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a. Defendants simply request that such disclosure to Plaintiffs, if required, is not broader than is necessary to meet the needs of the litigation. Not only have Plaintiffs failed to demonstrate how the absence of such standard protection is improper, but their continued intransigence to meaningfully negotiate anything beyond an informal agreement off the record only heightens Defendants' concerns that Plaintiffs are using, or intend to use, the discovery produced in this case improperly.

Plaintiffs' argument that public disclosure of confidential documents outweighs Defendants' privacy interests, particularly where the terms of the proposed Protective Order allow for the release of information to Plaintiffs for purposes of this litigation, is unavailing. *See* ECF No. 234 at 5. While courts have recognized the public's interest in "keeping a watchful eye on the workings of public agencies," access to judicial records is not absolute. *See Kamakana v. City and Cnty of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). In fact, the range of documents that have "traditionally been kept secret for important policy reasons" are not

subject to the right of public access. *Id*. (quoting *Times Mirror Co v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989). In general, when public disclosure of court documents becomes a "vehicle for improper purposes," such as the use of records to "gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets," then there is a compelling reason justifying privacy interests in sensitive information which outweighs the public's interest in disclosure. *Nixon*, 435 U.S. at 598.

Plaintiffs' insistence on keeping and publicly disclosing confidential information following the conclusion of this case, ECF No. 234. 7-8, does not outweigh Defendants' legitimate interest in having a mechanism in place to both prevent and address the unfettered disclosure of confidential documents. Here, Defendants do not seek a protective order that would excuse them from disclosing certain documents (or categories of documents) to Plaintiffs for purposes of this litigation. Indeed, Defendants' proposal to do away with having to mark any document containing personal contact information makes the marking of any additional document as confidential that much more obvious—something Plaintiffs appear to desire based upon their response, which attaches documents that Plaintiffs were informed were marked confidential in order to note that they require redaction in the absence of any protective order. Further, the terms of the order proposed by Defendants, which it bears repeating mirrors the standard order in the Northern District of California, are consistent with the protections laid out in Federal Rule 26(c) which are designed to ensure that sensitive information is not subject to widespread dissemination for "improper uses" or some other ulterior motive. *See Soto v. City of Concord*, 162 F.R.D. 603 (N.D. Cal. Jul.17, 1995) ("Defendants' privacy interests may be sufficiently protected with the use of a 'tightly drawn' protective order, specifying that only Plaintiff, his counsel, and his experts may have access to the material, and that copies of such material will be returned to Defendants at the conclusion of the case."); *see Macias v. City of Clovis*, 2015 WL 7282841 at *6 (E. D. Cal. Nov. 18, 2015 ) ("Courts therefore must be mindful that the purpose of discovery is "to facilitate orderly preparation for trial, not to educate or titillate the public."). Because Defendants have demonstrated good cause for the entry of a protective order, their motion to enter the proposed Protective Order should be granted.

# CONCLUSION

For the reasons above, Defendants respectfully request that this Court enter the proposed Protective Order.

Dated: July 7, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
Civil Division

SARAH L. VUONG
Assistant Director (CA Bar. 258528)

WILLIAM H. WEILAND (Mass. Bar 661433)
Senior Litigation Counsel

ERIC SNYDERMAN (VA Bar 99563)
ANNA DICHTER (NJ Bar 304442019)
LAUREN BRYANT(NY Bar 5321880)
AMANDA SAYLOR (FL Bar 1031480)
JEFFREY HARTMAN (WSBA 49810)
Trial Attorneys

/s/ *Catherine Ross*
CATHERINE ROSS
Trial Attorney (DC Bar 9007404)
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 532-4404
Catherine.ross@usdoj.gov

*Attorneys for the Defendants*