UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL TPS ALLIANCE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> KRISTI NOEM, et al., <br><br> Defendants. | Case No. 25-cv-01766-EMC (SK) <br><br> **ORDER REGARDING PRESIDENTIAL COMMUNICATIONS PRIVILEGE** <br><br> Regarding Docket No. 197 |

This matter comes before the Undersigned on a discovery dispute regarding Defendants' invocation of the presidential communications privilege as to six documents. (Dkt. No. 197.)

**BACKGROUND**

On June 13, 2025, the parties filed a joint discovery letter brief regarding the propriety of Defendants' presidential communications privilege assertions over eight documents. (Dkt. No. 197.) During the June 23, 2025 hearing, Plaintiffs' counsel informed the Undersigned that only six documents remained in dispute. (Dkt. No. 217.) The Undersigned ordered Defendants to produce these documents for *in camera* review. (*Id.*) Upon review of the documents, the Undersigned found that "the documents on their face did not demonstrate that" the presidential communications privilege applies. (Dkt. No. 220.) On June 24, 2025, the Undersigned ordered Defendants to provide a declaration explaining why the privilege applies to the documents in question. (*Id.*) Defendants produced a declaration from Gary M. Lawkowski, Deputy Assistant and Deputy Counsel to the President, on July 3, 2025 (the "Lawkowski Declaration"). (Dkt. No. 240.)

The Lawkowski Declaration explains that the documents in question each concern, in pertinent part, an email from Matthew R. Ochoa. (*Id.*) Mr. Ochoa is the Director for Interior Enforcement on the Homeland Security Council, a policy counsel to the president

"administratively located" within the National Security Council in the Executive Office of the President. (*Id.*) The email was a request to provide specific documents and status updates in preparation for a meeting on Executive Order 14159, which focused on immigration policy. (*Id.*) The requests were directed to the officials at the Department of Homeland Security, Department of Justice, and Department of State. (*Id.*) Mr. Lawkowski provides that the email "reflects the policy priorities for the [Homeland Security Council] and the information required for [the Homeland Security Council] to fulfill their advisory role. (*Id.*)

## ANALYSIS

The presidential communications privilege protects "documents or other materials that reflect presidential decisionmaking and deliberations . . . ." *In re Sealed Case*, 121 F.3d 729, 744 (D.C. Cir. 1997). Accordingly, the privilege extends only to communications by (1) individuals "close enough to the President to be revelatory of his deliberations or to pose a risk to the candor of his advisers" and (2) "communications that these advisers and their staff author or solicit and receive in the course of performing their function of advising the President on official government matters." *Id.* at 572. Here, both requirements are met.

First, the presidential communications privilege extends to the President, presidential advisors, and "those members of an immediate White House advisor's staff who have broad and significant responsibility for investigating and formulating the advice to be given to the President on a particular matter." *Id.* at 757. For example, in *In re Sealed*, the D.C. Circuit held that documents authored by two associate White House Counsel fell within the privilege because the counsel "exercised broad and significant responsibility for gathering information . . . and authoring initial drafts . . ." *Id.* at 758.

Like the associate White House Counsel, Ochoa is "close enough to the President." *See Id.* at 572. Ochoa supports the Homeland Security Advisor and is thus a member of an "immediate White House advisor's staff." *See id.* at 757; (Dkt. No. 240.). He holds a director-level position in which he "assists in investigating and formulating advice for the President," (Dkt. No. 240), as evidenced by his apparent role in gathering information to inform policy decisions related to Executive Order 14159. Ochoa is not "outside the White House in [an] executive branch

agenc[y]," *see In re Sealed Case*, 121 F.3d at 752, but rather, works for an advisory council "administratively located . . . in the Executive Office of the President." (Dkt. No. 240.) As such, Ochoa holds "broad and significant responsibility for investigating and formulating the advice to be given to the President" required for application of the presidential communications privilege. *See In re Sealed Case*, 121 F.3d at 757.

Second, the communications must relate to the process of advising the President. *Id.* at 752. Presidential advisors do not "pull their final advice . . . out of thin air" but "investigate the factual context of a problem in detail, *obtain input from all others with significant expertise in the area*, and perform detailed analyses of several different policy options before coming to closure on a recommendation for the Chief Executive." *See Id.* at 750 (emphasis added). Thus, efforts to collect information relevant to policymaking may fall within the privilege. *See id.* at 758 (extending privilege to "outlines of issues and questions that needed to be investigated"). Here, Ochoa was seeking input from relevant experts to inform presidential decision-making regarding immigration policy. As such, his email relates to the process of advising the President.

The six withheld documents were solicited by a presidential advisor's staff member for the purpose of investigating the advice to be given to the President and are thus subject to the presidential communications privilege.

The presidential communications privilege is not absolute, and it can be overcome by a showing "that the evidence sought [is] directly relevant to issues that are expected to be central to the trial" and "is not available with due diligence elsewhere." *Id.* at 754. The Undersigned need not address this issue because Plaintiffs have not argued that their need for the documents outweighs the privilege. (Dkt. No. 197.)

It is HEREBY ORDERED that Defendants need not produce the six documents withheld under the presidential communications privilege.

**IT IS SO ORDERED**.

Dated: July 7, 2025

_____
SALLIE KIM
United States Magistrate Judge

3