Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Amanda Young (SBN 359753)
ayoung@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Attorneys for Plaintiffs
*[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R., HENDRINA VIVAS CASTILLO, A.C.A., SHERIKA BLANC, VILES DORSAINVIL, and G.S.,<br><br>Plaintiffs,<br><br>vs.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA,<br><br>Defendants. | Case No. 3:25-cv-01766-EMC<br><br>**PLAINTIFFS' UNOPPOSED NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT PURSUANT TO FED. R. CIV. P. 15(D)** |

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Eva L. Bitran (SBN 302081)
ebitran@aclusocal.org
Diana Sanchez (SBN 338871)
dianasanchez@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (*Pro Hac Vice*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, 1H
San Diego, CA 92120
Telephone: (949) 603-7411

**INTRODUCTION**

Plaintiffs respectfully move for leave to file a supplemental complaint pursuant to Rule 15(d) of the Federal Rules of Civil Procedure. The proposed First Amended and Supplemental Complaint is attached hereto as Exhibit A, which contains redlines reflecting changes over the operative pleading. Through the proposed supplemental complaint, Plaintiffs seek to add claims arising from the July 1, 2025 termination of Haiti's Temporary Protected Status ("TPS") designation by the Secretary of the Department of Homeland Security ("DHS"). The challenged termination is a post-pleading event that could not have been included in Plaintiffs' operative complaint. Plaintiffs have conferred with Defendants regarding this motion, described the proposed supplement to Defendants, and Defendants do not oppose Plaintiffs' request for leave to supplement. *See* MacLean Decl. Ex. 1.

**BACKGROUND**

Plaintiffs filed their First Amended Complaint on March 20, 2025, challenging the DHS Secretary's (i) February 3, 2025 vacatur of the January 17, 2025 Venezuela TPS extension, (ii) February 5, 2025 termination of the 2023 Venezuela redesignation, and (iii) February 24, 2025 partial vacatur of the July 1, 2024 Haiti TPS extension and redesignation. Plaintiffs allege violations of the Administrative Procedure Act and the Equal Protection Clause of the Fifth Amendment's Due Process Clause.

On July 1, 2025, Secretary Noem issued a new Federal Register notice ("Haiti Termination Notice") fully terminating Haiti's TPS designation, effective sixty days after publication, thereby eliminating humanitarian protection and employment authorization for approximately 350,000 Haitian TPS holders.

Plaintiffs now bring this unopposed motion for leave to file a supplemental complaint under Rule 15(d) to incorporate claims related to the July 1, 2025 Haiti Termination Notice so that all challenged agency actions toward Haitian and Venezuelan TPS holders can be adjudicated together.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 15(d), "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Granting

1

PLAINTIFFS' UNOPPOSED NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT PURSUANT TO FED. R. CIV. P. 15(d); CASE NO. 3:25-CV-01766-EMC

leave to supplement is favored as a "tool of judicial economy and convenience." *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988) (affirming the interests of judicial economy and the liberal interpretation of Rule 15(d) favor granting leave to supplemental complaint). Courts consider several factors in determining whether supplementation is appropriate: (1) judicial economy, (2) prejudice to the opposing party, (3) undue delay, (4) bad faith or dilatory motive, (5) repeated failure of previous amendments, and (5) futility of amendment. *Lyon v. U.S. Immigr. & Customs Enf't*, 308 F.R.D. 203, 214 (N.D. Cal. 2015).

## THE COURT SHOULD GRANT PLAINTIFFS' UNOPPOSED REQUEST TO SUPPLEMENT.

The liberal policy in favor of allowing supplementation, as well as each of the pertinent factors, supports granting this unopposed motion for leave to file a supplemented complaint to include claims and allegations related to the recent termination of Haiti's TPS designation.

Supplementation will promote judicial efficiency. It will allow the Court to adjudicate all challenges to DHS's actions affecting Haitian TPS holders—including the July 1, 2025 termination—in one proceeding, avoiding needless duplication, delay, and the risk of inconsistent rulings. Indeed, the July 1, 2025 termination decision is directly relevant and central to Plaintiffs' existing claims. Rather than add new legal theories, the supplemental allegations concern the same statutory provisions, decision-makers, and legal standards already at issue in this case.

There is no risk of prejudice to Defendants, who do not oppose this motion. Nor do the remaining factors—undue delay, bad faith or dilatory motive, repeated failure of previous amendments, and futility—weigh against supplementation. Plaintiffs have brought this motion promptly after publication of the Federal Register Notice terminating Haiti's TPS designation. There is no bad faith or dilatory motive here. And no prior amendment has been denied, eliminating any concern about futility.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this unopposed Motion for Leave to File a Supplemental Complaint pursuant to Rule 15(d) and permit Plaintiffs to file the proposed First Amended and Supplemental Complaint reflected in Exhibit A.

Date: July 7, 2025

Respectfully submitted,

ACLU FOUNDATION
OF NORTHERN CALIFORNIA

 /s/ *Emilou MacLean*
Emilou MacLean
Michelle (Minju) Y. Cho
Amanda Young

Ahilan T. Arulanantham
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW

Eva L. Bitran
Diana Sanchez
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA

Jessica Karp Bansal
Lauren Michel Wilfong (*Pro Hac Vice*)
NATIONAL DAY LABORER
ORGANIZING NETWORK

Erik Crew (*Pro Hac Vice*)
HAITIAN BRIDGE ALLIANCE

*Attorneys for Plaintiffs*

3

PLAINTIFFS' UNOPPOSED NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A SUPPLEMENTAL
COMPLAINT PURSUANT TO FED. R. CIV. P. 15(d); CASE NO. 3:25-CV-01766-EMC

**CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2025, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

ACLU FOUNDATION
OF NORTHERN CALIFORNIA


/s/ *Emilou MacLean*
Emilou MacLean