Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Amanda Young (SBN 359753)
ayoung@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Attorneys for Plaintiffs
*[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R., HENDRINA VIVAS CASTILLO, A.C.A., SHERIKA BLANC, VILES DORSAINVIL, and G.S.,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA,<br><br>　　　　　Defendants. | Case No.  3:25-cv-01766-EMC<br><br>Hon. Sallie Kim<br><br>**JOINT DISCOVERY LETTER BRIEF** |

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Eva L. Bitran (SBN 302081)
ebitran@aclusocal.org
Diana Sanchez (SBN 338871)
dianasanchez@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (*Pro Hac Vice*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, Suite 1H
San Diego, CA 92120
Telephone: (949) 603-7411

The parties submit this brief regarding outstanding discovery disputes. Lead counsel met and conferred and complied with Section 9 of the District's Guidelines for Professional Conduct.

## I.   FACTUAL BACKGROUND & RELEVANT DEADLINES

Plaintiffs seek a court order to remedy this Court's findings related to non-responsiveness. (Dkt. 249.) Plaintiffs assert the discovery issues raised are time-sensitive as they relate to a pending summary judgment motion for which Plaintiffs will file a reply brief at 9 am on Friday, July 18, in which they are permitted to introduce new material received through discovery after their motion was filed. (Dkt. 181.)

The Court ordered Defendants to produce discovery in response to Plaintiffs' RFPs 1 and 2, seeking communications "regarding whether to vacate, partially vacate, or terminate the TPS designations for Venezuela or Haiti" and "concerning the TPS periodic review process . . . to the extent applied in whole or in part" to these decisions. (Dkts. 129, 135.) The Court ordered the search and production of responsive communications for the date range January 20 through February 24, 2025 with limited search terms: ["Temporary Protected Status" or "TPS" or 1254a] AND [Venezuela], ["Tren de Aragua" or "Tren de Agua" or TdA], [Haiti], or [vacat*]. Dkts. 135 & 132-1.

On May 23 and 27, 2025, Plaintiffs first raised to the Court their concerns that Defendants were improperly withholding documents as non-responsive. (Dkts. 147 & 154, Notices of Defendants' Non-Compliance with Discovery Order and Request for Emergency Relief.) Plaintiffs there sought the production or logging of all responsive documents which hit on the search terms. In its response, Defendants identified that they "worked diligently to comply with the Court's order" but "faced challenges in capturing the entire domain of documents," and that any limitations in their production "demonstrate[d] that Defendants continue to work diligently to resolve the discovery issues raised by Plaintiffs[.]" (Dkt. 153.) Judge Chen ordered various initial remedies in response, Dkt. 161, and referred all further discovery matters to the Magistrate Judge, Dkt. 164.

On June 10, 2025, the parties submitted a discovery letter brief regarding Plaintiffs' concerns that Defendants had not complied with the required production order and had withheld responsive records based on purported non-responsiveness. (Dkt. 191.) Defendants maintained that they had fulfilled their discovery obligations. (*Id*.) The Court denied without prejudice Plaintiffs' request to

1

1  compel Defendants to produce a "hit report" logging documents that hit on search terms but were
2  withheld as non-responsive. (Dkt. 198.)

3  On June 20, 2025, the parties filed a new discovery letter brief regarding, among other things,
4  the non-responsiveness issue. (Dkt. 211.) The Court ordered Defendants to produce for *in camera*
5  review a sample of documents that hit on the search terms and were withheld as non-responsive. (Dkt.
6  220.) Specifically, the Court ordered Defendants to gather up to ten selected documents withheld as
7  non-responsive from each of five categories: a) Documents custodial to Secretary Noem; b)
8  Documents custodial to Corey Lewandowski; c) Documents custodial to any producing custodian
9  dated between January 20, 2025 through January 24, 2025, inclusively; d) Documents that hit on the
10 search term: ["Temporary Protected Status" OR TPS OR 1254a] AND [vacat*]; and e) Documents
11 that hit on the search term: [Temporary Protected Status" OR "TPS" OR 1254a] AND [Haiti]. The
12 Court permitted Defendants to exclude communications concerning press clippings or about press
13 releases; or family members of documents that hit on the search terms, but which do not themselves
14 hit on the search terms.

15 On July 8, 2025, in a Supplemental Order on Non-Responsiveness, the Court found that 16 of
16 the 40 sample "non-responsive" documents the Court reviewed *in camera* in response to the Court's
17 order were "misidentified as nonresponsive." (Dkt. 249.) The Court ordered their production or
18 logging by July 11, 2025. The Court further ordered Defendants to "submit an explanation of why [an]
19 email chain was categorized as both responsive and nonresponsive by July 11, 2025." (*Id.*)

20 **II.  PLAINTIFFS' POSITION**

21 Plaintiffs seek long-delayed compliance with the Court's order for the production of
22 communications of key decisionmakers concerning their decisions to cut TPS for over one million
23 people.

24 This Court's in camera review of selected documents which Defendants are withholding as
25 non-responsive demonstrates that a substantial portion—from this set, at least **40%**—are misidentified

as non-responsive and should have been either produced or logged from the outset.[1] (Dkt. 249.) This is a shockingly high percentage and demonstrates that, ten days before Plaintiffs' final summary judgment brief is due and nearly seven weeks after Plaintiffs first raised this issue before the Court (Dkts. 147 & 154), Defendants were still inappropriately withholding numerous responsive documents.

The declarations filed by Defendants concerning the searches of custodians Secretary Noem, Corey Lewandowski, and the Executive Secretary (Dkts. 244-1 & 244-2) further confirm that Defendants have taken an extraordinarily and inappropriately narrow view of responsiveness, and that many documents are still being improperly withheld as non-responsive. The declarations show that there were numerous documents from the custodial files of Mr. Lewandowski and Executive Secretary Juliana Blackwell that hit on search terms yet were apparently deemed non-responsive and not produced. Some of these are no doubt responsive as they are expressly referenced in other responsive communications. For instance, while Defendants produced zero documents with Mr. Lewandowski as custodian, the Weiland Declaration shows that there were 27-34 unique documents with Mr. Lewandowski as custodian that hit the search terms (Dkt. 244-2); and other documents produced show that some of these are clearly responsive (Dkts. 147-1 & 211-2).

Plaintiffs respectfully request that this Court order a prompt remedy for Defendants' expansive withholding of responsive documents improperly deemed to be non-responsive. Specifically, in light of this Court's Supplemental Order on Non-Responsiveness (Dkt. 249), Plaintiffs ask this Court to order Defendants to re-review and log or produce all nonprivileged responsive documents that hit on the Court-ordered search terms and are responsive despite having been deemed non-responsive by Defendants. In a meet and confer, Defendants informed Plaintiffs that there are approximately 300 documents which have been deemed non-responsive. In order for Plaintiffs to review these documents in advance of the summary judgment filing deadline, and in light of the extensively delayed production

---

[1] Defendants informed Plaintiffs that they provided for in camera review 6 documents with Secretary Noem as custodian though they did not hit the search terms, and none were found to be responsive by this Court. Thus, this Court found that **nearly half** (16 of 34) of the documents which hit the search terms and had been deemed non-responsive were actually responsive.

1  to date and the limited number of documents which require re-review, Plaintiffs ask this Court to order
2  Defendants to produce all responsive nonprivileged documents and a privilege log by **Monday July
3  14** at the latest.

4      Defendants today provided Plaintiffs with the 11 documents this Court identified as responsive
5  that were not privileged. Plaintiffs agree with the Court's finding that they are clearly responsive.
6  Plaintiffs thus contend that no further clarification is necessary: The remaining documents withheld
7  as non-responsive should be re-reviewed in accordance with the Court's ruling, and produced or
8  logged, without creating exceptions for documents Defendants view as "non-substantive."

9      Plaintiffs also ask this Court to order that Defendants *not* redact nonresponsive portions of
10 otherwise responsive documents. (See *infra* at 5-6.) This Court considered this issue in *Ramos*, and
11 rejected Defendants' contention that such redaction was appropriate. *Ramos v. Nielsen*, No. 3:18-cv-
12 1554, Dkt. 49 (N.D. Cal. Aug. 1, 2018) ("Defendants may not redact documents based on a position
13 that portions of the document are 'non-responsive.'").

14     Further, to aid in an understanding of the scope of the problem, and to minimize any further
15 burden on the Court in resolving this issue, Plaintiffs ask this Court to order Defendants to identify
16 the number of documents withheld as non-responsive that hit on each search term for each custodian
17 (with a chart similar to that in paragraph 5 of the Weiland declaration, Dkt. 244-2, but with two rows
18 added—to include i) the total number of individual documents which hit on the search terms (by
19 custodian); and ii) the total number of these documents which were withheld as nonresponsive (by
20 custodian).[2]

21     To the extent that Defendants contend that any of these remedies constitute discovery on
22 discovery, discovery on discovery is warranted where Plaintiffs make specific showing of production
23 deficiencies as has clearly been shown here. *Taylor v. Google*, 2024 WL 4947270, at *2 (N.D. Cal.
24 Dec. 3, 2024); *Gosain v. Bergquist Wood McIntosh Seto, LLP*, 2022 WL 2439180, at *3 (N.D. Cal.
25 July 5, 2022) (ordering party to verify RFP responses in light of initial failure to provide adequate
26 responses).

---

[2] Defendants have *not* provided this information to Plaintiffs despite Plaintiffs' requests.

### III. DEFENDANTS' POSITION

To date, Defendants have expeditiously produced responsive and non-privileged documents in good faith, based on Judge Chen's orders. ECF Nos. 129, 135. Judge Chen made clear that discovery in this case was to be limited to substantive documents reflecting the Secretary's decisionmaking process related to the challenged Venezuela and Haiti determinations—and any limited discovery was meant to supplement the Administrative Record, not evolve into general civil discovery. ECF No. 129. Yet this Court found that many non-substantive documents, that show no intent or relation to the challenged TPS designations and were not considered directly or indirectly by the Secretary, should have been marked responsive. ECF No. 249. For example, NTPSA-DHSHQ_00000189, NTPSA-DHSHQ_00000406, NTPSA-DHSHQ_00000743, NTPSA-DHSHQ_00001217, are automated MS Office notifications indicating that an attorney commented on a document or was given access to a document. Defendants respectfully aver that it is unclear how an automated notification or email merely showing that people were working on a document, fits within the scope of limited discovery authorized by Judge Chen.

To be clear, Defendants acknowledge that there are some documents within the data set sent to this Court that should have been marked as responsive and either produced or logged as privileged—and Defendants will produce those documents with an updated privilege log by July 11, 2025, in accordance with this Court's order.[3] But Defendants aver this small subset of documents does not indicate noncompliance or bad faith—if anything, it highlights the fact that reasonable minds can and will differ as to what is a responsive document in this case.

Also in response to this Court's order, Defendants acknowledge that documents NTPSA_USCIS_00000472 and 00001597 contain a similar portion of the same email chain in document NTPSA_PRIVID_000164, which was previously coded responsive, such that these

---

[3] To the extent Defendants are producing documents with non-responsive portions, Defendants' position is that those portions should be redacted. Discovery in this case should not be a vehicle for Plaintiffs to obtain sensitive information (ex. law enforcement, FOUO, etc.) that would otherwise not be disclosed. Defendants are prepared to brief this further or provide document exemplars to the Court, if necessary. Moreover, Plaintiffs make no showing of why they need unresponsive sensitive information.

5

JOINT DISCOVERY LETTER BRIEF – CASE NO. 3:25-cv-01766-EMC

1  documents too should have been so coded despite the responsive portion of the document having
2  already been produced.
3      Additionally, to ensure that Defendants correctly understand this Court's interpretation of
4  Judge Chen's discovery orders and to inform any re-review of documents marked as non-responsive,
5  Defendants respectfully request that this Court clarify its interpretation of Judge Chen's discovery
6  orders. *See* ECF Nos. 129, 135. Specifically, Defendants ask this Court to articulate whether this Court
7  views those orders as requiring the disclosure of non-substantive documents that hit on a search term
8  pursuant to RFPs 1 and 2, regardless of whether or not the documents were considered directly or
9  indirectly by the Secretary or those who compiled the administrative record for her review.[4]
10     Finally, Defendants respectfully request that any ordered re-review based upon this Court's
11 articulated responsiveness standard be due no earlier than **Wednesday, July 16, 2025**. Although this
12 is admittedly only a few days before Plaintiffs' reply brief is due, Defendants again respectfully aver
13 that while some documents may have been marked responsive, Defendants have already turned over
14 far more material than they believe Judge Chen's order requires, and that any additional matters
15 disclosed will already have been substantively disclosed, or add nothing further to understanding the
16 Secretary's intent in making the discretionary determinations at issue in this case.

---

[4] A court may clarify an order to facilitate its implementation. *See, e.g.*, *Kuang v. United States Dep't of Def.*, No. 18-CV-03698-JST, 2019 WL 718632, at *2 (N.D. Cal. Feb. 20, 2019). "The Supreme Court teaches that when questions arise as to the interpretation or application of an … order, a party should seek clarification or modification from the issuing court, rather than risk disobedience and contempt." *Regents of the Univ. of Cal v. Aisen*, No. 15-cv-1766-BEN (BLM), 2016 WL 4681177, at *1 (S.D. Cal. Sept. 7, 2016) (citing *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 192 (1949); *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 15 (1945)); *see also Donovan v. Sureway Cleaners*, 656 F.2d 1368, 1373 (9th Cir. 1981).

| | |
|---|---|
| Date: July 10, 2025 | Respectfully submitted, |
| | ACLU FOUNDATION<br>OF NORTHERN CALIFORNIA |
| |  /s/ *Emilou MacLean*<br>Emilou MacLean |
| | Michelle (Minju) Y. Cho<br>Amanda Young<br>ACLU FOUNDATION<br>OF NORTHERN CALIFORNIA |
| | Ahilan T. Arulanantham<br>CENTER FOR IMMIGRATION LAW AND<br>POLICY, UCLA SCHOOL OF LAW |
| | Eva L. Bitran<br>Diana Sanchez<br>ACLU FOUNDATION<br>OF SOUTHERN CALIFORNIA |
| | Jessica Karp Bansal<br>Lauren Michel Wilfong (*Pro Hac Vice*)<br>NATIONAL DAY LABORER ORGANIZING<br>NETWORK |
| | Erik Crew (*Pro Hac Vice*)<br>HAITIAN BRIDGE ALLIANCE |
| | Attorneys for Plaintiffs |
| Date July 10, 2025 | BRETT A. SHUMATE<br>Assistant Attorney General<br>Civil Division |
| | YAAKOV M. ROTH<br>Acting Assistant Attorney General |
| | WILLIAM H. WEILAND<br>Acting Assistant Director |
| | ERIC SNYDERMAN<br>LAUREN BRYANT<br>CATHERINE ROSS<br>AMANDA B. SAYLOR<br>JEFFREY M. HARTMAN<br>Trial Attorneys |
| | /s/ *Anna L. Dichter*<br>ANNA L. DICHTER |

7

JOINT DISCOVERY LETTER BRIEF – CASE NO. 3:25-CV-01766-EMC

Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 353-2405
Anna.L.Dichter@usdoj.gov

*Attorney for Defendants*

8
JOINT DISCOVERY LETTER BRIEF – CASE NO. 3:25-CV-01766-EMC

**SIGNATURE ATTESTATION**

I am the ECF User whose identification and password are being used to file the foregoing Joint Letter Brief in compliance with Civil Local Rule 5-1 (i)(3).

Date: July 10, 2025                           ACLU FOUNDATION
                                              OF NORTHERN CALIFORNIA

                                              */s/ Emilou MacLean*
                                              Emilou MacLean

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2025, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

ACLU FOUNDATION
OF NORTHERN CALIFORNIA

*/s/ Emilou MacLean*
Emilou MacLean