Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Amanda Young (SBN 359753)
ayoung@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Attorneys for Plaintiffs
*[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R., HENDRINA VIVAS CASTILLO, A.C.A., SHERIKA BLANC, VILES DORSAINVIL, and G.S., <br><br> Plaintiffs, <br><br> vs. <br><br> KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA, <br><br> Defendants. | Case No. 3:25-cv-01766-EMC <br><br> Hon. Sallie Kim <br><br> **JOINT DISCOVERY LETTER BRIEF** |

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Eva L. Bitran (SBN 302081)
ebitran@aclusocal.org
Diana Sanchez (SBN 338871)
dianasanchez@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (*Pro Hac Vice*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, Suite 1H
San Diego, CA 92120
Telephone: (949) 603-7411

The Parties submit this brief regarding a privilege dispute relevant to Plaintiffs' Motion for Summary Judgment Opposition and Reply due July 18, 2025 at 9:00 am. Counsel met and conferred and complied with Section 9 of the District's Guidelines for Professional Conduct.

## I.   FACTUAL BACKGROUND & RELEVANT DEADLINES

Pursuant to the stipulated clawback agreement between the parties and entered by the Court, Dkt. 126, Plaintiffs seek this Court's review of one document—Bates NTPSA2_003990-NTPSA_03992—originally produced by Defendants in full and subsequently clawed back and re-produced with redactions. Although the clawback agreement provides for Plaintiffs to make a sealed motion, the Parties have agreed that this joint letter brief need not be filed under seal and that Defendants will email this Court both the redacted and non-redacted versions of the document at issue for *in camera* review.

Defendants first notified Plaintiffs that they may seek to clawback this document on July 14, 2025. On July 15, 2025 Defendants formally requested the clawback simultaneously providing a redacted version of the document along with a privilege log describing this other clawed-back documents.

While Plaintiffs continue to review other documents Defendants have clawed back, and reserve their rights to challenge them, Plaintiffs limit this request is limited to the single document Plaintiffs seek to use in their Motion for Summary Judgment Opposition and Reply, due July 18, 2025 at 9:00 am.

## II.   PLAINTIFFS' POSITION

As the party asserting privilege, Defendants have the "burden of establishing the existence of an attorney-client relationship and the privileged nature of the communication." *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009). "The attorney-client privilege extends only to communications made for the purpose of facilitating the rendition of professional legal services." *In re Grand Jury*, 23 F.4th 1088, 1092 (9th Cir. 2021) (citation and internal quotation marks omitted). "The privilege protects only communications, not facts" *In re MacBook Keyboard Litig.*, No. 18-CV-02813-EJD(VKD), 2020 WL 1265629, at *3 (N.D. Cal. Mar. 17, 2020).

|   |   |
|---|---|
| 1 | The work product doctrine operates only as to "documents and tangible things that are prepared in anticipation of litigation." Fed. R. Civ. P. 26; *United States v. Sanmina Corp.*, 968 F.3d 1107, 1119 (9th Cir. 2020). |

Defendants' privilege log does not support a claim for either the attorney-client privilege or the work product doctrine. Defendants' log describes the document as an "Email communication among DHS counsel. Topline email notes the publication of the TPS VZ vacatur notice, as well as OGC and RLD involvement in the compilation of a termination package, including the status and general guidance to USCIS on what should be included. Bottom line email discusses ongoing work and reviews being conducted by the legal divisions on other matters unrelated to TPS." This description does not provide "[t]he specific basis for the claim that the document is privileged or protected." *Standing Order for Magistrate Judge Sallie Kim* at 7 (effective November 15, 2024). The description does not identify anticipated litigation to support a work product claim, nor would such a claim make sense in the context of this email, which was sent well in advance of any litigation related to the Secretary's decisions. *See*, *e.g. Visa U.S.A., Inc. v. First Data Corp.*, No. C-02-1786JSW(EMC), 2004 WL 1878209, at *9 (N.D. Cal. Aug. 23, 2004). There is, therefore, no basis for Defendants' work product claim.

Nor does the privilege log description describe any communication made for the purpose of facilitating the rendering of professional services. Simply because a communication comes from and involves attorneys is not a basis to assert privilege. *See* Dkt. 222 at 3 (ordering Defendants to produce "discussions involving attorneys about the logistics of editing documents, not legal advice."); *see also Epic Games, Inc. v. Apple Inc.*, No. 4:20-CV-05640-YGR, 2025 WL 1260190, at *40 (N.D. Cal. Apr. 30, 2025). And an update on "status" is similarly logistical. Finally, the fact that portions of the document relate to non-TPS material has no relevance to whether the underlying "communications made for the purpose of facilitating the rendition of professional legal services." *In re Grand Jury*, 23 F.4th at 1092.

The non-redacted portion of the document confirms that the redacted material is not attorney-client privileged or subject to the work product doctrine. The email is a set of "updates" for a "Roll-Up." The subject line of the email indicates that the email merely relates to "EO Tracking &

1    Coordination." The second bullet in the latest in time email begins by indicating that the "baton" is with USCIS. While the email originates from an attorney, it appears to convey only logistical and factual information, rather than any communication for the rendering of professional service. Logistical and fact-based communications are not subject to the attorney-client privilege. *See supra*. Nowhere does the document indicate that the communication was made in anticipation of litigation.

Plaintiffs seek to use this document in their Motion for Summary Judgment Opposition and Reply, which is due July 18, 2025 at 9:00 am. In light of the pressing deadline, Plaintiffs request that this Court issue an order at the Court's earliest convenience and either decide this issue on the papers and pursuant to the Court's *in camera* review or hold a hearing no later than July 17, 2025.

### III.  DEFENDANTS' POSITION

Defendants respectfully request that the Court order the destruction of document NTPSA2_3990 that was produced inadvertently because this document is protected by the attorney-client privilege. Pursuant to the Parties' Stipulated Clawback Agreement, ECF No. 126, Federal Rule of Civil Procedure 26(b)(5)(B), and Federal Rule of Evidence 502(b), Defendants request that the Court order this document destroyed in full.

Under the Stipulated Clawback Agreement, when a producing party notifies the receiving party that information was produced in error and is privileged, the receiving party must promptly sequester and cease using the specified material until any dispute regarding the producing party's privilege notice is resolved. Here, Defendants inadvertently disclosed a document that is protected by the attorney-client privilege. The document at issue contains privileged communications between counsel and agency personnel. The Stipulated Clawback Agreement protects against waiver under these exact circumstances. ECF No. 126. Disclosure does not waive the attorney-client privilege where, as here, the producing party took reasonable steps to prevent inadvertent disclosure and acted quickly to rectify the errors. *Id.*

Plaintiffs suggest that the document could simply be partially redacted. Defendants agree that the document can be partially redacted and reproduced. However, the parties disagree as to which parts of the document should be redacted. The disputed portion of the document at issue reveals communication between legal counsel and agency personnel constituting formal legal advice that

reflects counsel's analysis and recommendation regarding the legal requirements of a future TPS termination notice. This confidential legal communication falls squarely within the protection of the attorney-client privilege. See ECF No. 222; *see also In re Grand Jury*, 23 F.4th 1088, 1092 (9th Cir. 2021) (communications involving policy and legal advice fall under the attorney-client privilege); *Greer v. Cnty. of San Diego*, 127 F.4th 1216, 1224 (9th Cir. 2025) (where the primary purpose of the communication is to give legal advice, the attorney-client privilege applies). Plaintiffs' proposed partial redaction does not cure the harm or address the privilege concerns remaining in the unredacted portions of the document—and Plaintiffs are not entitled to benefit from privileged material simply because it was mistakenly produced. ECF No. 126.

Accordingly, Defendants request that the Court direct Plaintiffs to destroy the document NTPSA2_3990 mistakenly produced without redactions, confirm that it may not be used for any purpose, and confirm that the privileged portion of the document at issue remain redacted. [1]

Date: July 16, 2025

Respectfully submitted,
NATIONAL DAY LABORER ORGANIZING NETWORK

 /s/ Jessica Karp Bansal
Jessica Karp Bansal

Lauren Michel Wilfong (*Pro Hac Vice*)
NATIONAL DAY LABORER ORGANIZING NETWORK

Emilou MacLean
Michelle (Minju) Y. Cho
Amanda Young
ACLU FOUNDATION
OF NORTHERN CALIFORNIA

Ahilan T. Arulanantham
CENTER FOR IMMIGRATION LAW AND POLICY, UCLA SCHOOL OF LAW

Eva L. Bitran
Diana Sanchez
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA

---

[1] Defendants have already re-produced a properly redacted version of NTPSA2_3990.

Erik Crew (*Pro Hac Vice*)
HAITIAN BRIDGE ALLIANCE

*Attorneys for Plaintiffs*

Date July 16, 2025

YAAKOV M. ROTH

Acting Assistant Attorney General
Civil Division

WILLIAM H. WEILAND (Mass. Bar 661433)
Acting Assistant Director

ERIC SNYDERMAN (VA Bar 99563)
JEFFREY HARTMAN ((WSBA 49810)
LAUREN BRYANT
AMANDA SAYLOR
CATHERINE ROSS (DC Bar 9007404)
Trial Attorneys

/s/ *Anna Dichter*
ANNA DICHTER (NJ Bar 304442019)
Senior Litigation Counsel
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 353-2405
Anna.l.dichter@usdoj.gov

*Attorneys for the Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2025, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

NATIONAL DAY LABORER ORGANIZING NETWORK

*/s/ Jessica Karp Bansal*
Jessica Karp Bansal