Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Amanda Young (SBN 359753)
ayoung@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Attorneys for Plaintiffs
*[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R., HENDRINA VIVAS CASTILLO, A.C.A., SHERIKA BLANC, VILES DORSAINVIL, and G.S.,<br><br>              Plaintiffs,<br><br>       vs.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA,<br><br>              Defendants. | Case No. 3:25-cv-01766-EMC<br><br>**PLAINTIFFS' NOTICE OF CITATIONS TO SUPPLEMENTAL AUTHORITIES DISCUSSED AT AUGUST 1 HEARING** |

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Eva L. Bitran (SBN 302081)
ebitran@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (*Pro Hac Vice*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, 1H
San Diego, CA 92120
Telephone: (949) 603-7411

**NOTICE OF CITATIONS TO AUTHORITIES DISCUSSED AT HEARING**

During the August 1, 2025 hearing on Defendants' Motion to Dismiss and the Parties' Cross Motions for Summary Judgment, this Court asked Plaintiffs' counsel to provide authority for the proposition that, following the Ninth Circuit's decision in *Immigrant Defenders Law Center v. Noem*, No. 25-2581, 2025 WL 2080742 (9th Cir. July 18, 2025), an order vacating the challenged agency action remains the default relief for a claim under 5 U.S.C. § 706. In response, Plaintiffs' counsel identified several cases by name and/or description. Plaintiffs submit this notice to aid the Court in identifying the authorities discussed at the hearing by providing complete citations for the cases mentioned by Plaintiffs' counsel:

- *Corner Post, Inc. v. Bd. of Governors of Fed. Rsrv. Sys.*, 603 U.S. 799, 830-31 (2024) (Kavanaugh, J., concurring) ("When a federal court concludes that an agency adjudicative order [or any other agency action] is unlawful, the court must vacate that order.") (collecting cases).

- *E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 681 (9th Cir. 2021) ("[W]hen a reviewing court determines that agency regulations are unlawful, the ordinary result is that the rules are vacated—not that their application to the individual petitioners is proscribed.") (quoting *Regents of the Univ. of Cal. v. U.S. Dep't of Homeland Sec.*, 908 F.3d 476, 511 (9th Cir. 2018), *rev'd in part, vacated in part*, 140 S. Ct. 1891 (2020), *and* citing *Harmon v. Thornburgh*, 878 F.2d 484, 494 (D.C. Cir. 1989)) and *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 890 n.2 (1990)). The cited portion of *Lujan* says that final agency action "can of course be challenged under the APA by a person adversely affected—and the entire [agency program], insofar as the content of that particular action is concerned, would thereby be affected."[1]

---

[1] In a case not discussed during the hearing, the Fifth Circuit recently elaborated on the absence of any requirement to show irreparable injury to obtain vacatur under Section 706. *See Braidwood Mgmt., Inc. v. Becerra*, 104 F.4th 930, 951–52 (5th Cir. 2024), *rev'd and remanded on other grounds sub nom. Kennedy v. Braidwood Mgmt., Inc.,* 145 S. Ct. 2427 (2025) ("[V]acatur under § 706 is, as we have repeatedly described it, the 'default' remedy for unlawful agency action. Thus, contrary to what the Government and the amici represent, we do not read our precedent to require consideration of the various equities at stake before determining whether a party is entitled to vacatur.").

- *Refugee & Immigr. Ctr. for Educ. & Legal Servs. v. Noem*, --- F. Supp. 3d. --- (2025), 2025 WL 1825431, *50–52 (D.D.C. July 2, 2025) (vacating rule found unlawful under § 706 after *Casa*, and stating "To the extent Defendants argue that the vacatur remedy should be limited to the individual plaintiffs, that contention is both at odds with settled precedent and difficult to square with the statutory text of the APA, which offers no such limitation.").

- *Haitian Evangelical Clergy Ass'n v. Trump,* No. 25-CV-1464 (BMC), 2025 WL 1808743, at *9 (E.D.N.Y. July 1, 2025) (holding, post-*Casa*, in challenge to the partial vacatur of TPS for Haiti, that "[b]ecause Secretary Noem does not have statutory or inherent authority to partially vacate a country's TPS designation, her partial vacatur must be set aside as unlawful under the APA.").

Date: August 4, 2025

Respectfully submitted,

NATIONAL DAY LABORER
ORGANIZING NETWORK

 /s/ *Jessica Karp Bansal*
Jessica Karp Bansal
Lauren Michel Wilfong (*Pro Hac Vice*)
NATIONAL DAY LABORER
ORGANIZING NETWORK

Emilou MacLean
Michelle (Minju) Y. Cho
Amanda Young
ACLU FOUNDATION
OF NORTHERN CALIFORNIA

Ahilan T. Arulanantham
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW

Eva L. Bitran
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA

Erik Crew (*Pro Hac Vice*)
HAITIAN BRIDGE ALLIANCE

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2025, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

                          NATIONAL DAY LABORER ORGANIZING NETWORK

                          /s/ *Jessica Karp Bansal*
                          Jessica Karp Bansal

PLAINTIFFS' NOTICE OF CITATION TO SUPPLEMENTAL AUTHORITIES DISCUSSED AT AUGUST 1 HEARING – CASE NO. 3:25-CV-01766-EMC