BRETT A. SHUMATE
Assistant Attorney General
YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
Civil Division
WILLIAM H. WEILAND
Acting Assistant Director
ANNA DICHTER
Senior Litigation Counsel
ERIC SNYDERMAN
LAUREN BRYANT
CATHERINE ROSS
AMANDA B. SAYLOR
JEFFREY M. HARTMAN
DANIEL CAPPELLETTI
SHELBY WADE
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, *et al.*, | Case No. 3:25-cv-1766-EMC |
| Plaintiffs, | |
| v. | **DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF A TEMPORARY STAY** |
| KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*, | Judge: Hon. Edward M. Chen |
| Defendants. | |

This Court should temporarily stay adjudication of Defendants' motion to dismiss, the parties' motions for summary judgment, and Plaintiffs' motion to consider extra-record evidence pending the Ninth Circuit's decision in *Nat'l TPS All., et al., v. Noem, et al.*, No. 25-2120 (9th Cir.) and, if sought, the disposition of any certiorari petition. ECF No. 269; *see* ECF No. 115 (Defendants' administrative stay motion). However, if the Court proceeds to final judgment and enters judgment against Defendants, the Court should stay any final judgment against Defendants and any further proceedings or discovery pending appeal or, at minimum, for at least 14 days to afford Defendants an opportunity to seek a stay in an orderly manner from the Ninth Circuit.

On March 31, 2025, this Court postponed the effective date of Secretary Noem's 2025 Vacatur and Termination of TPS for Venezuela.[1] ECF No. 93. On April 1, 2025, Defendants appealed that order to the Ninth Circuit, ECF No. 94, and obtained a stay pending disposition of any petition for certiorari from the Supreme Court. *Noem v. Nat'l TPS All.*, No. 24A1059, 2025 WL 1427560 (S. Ct. May 19, 2025). The Ninth Circuit appeal—which was argued on July 16 following extensive briefing—implicates this Court's jurisdiction to review TPS determinations under the Administrative Procedure Act (APA), the merits of Plaintiffs' equal protection arguments, equitable limitations on universal stays, and the applicability of 8 U.S.C. § 1252(f)(1) to the TPS statute. *See* ACMS Nos. 22, 48, 73, *Nat'l TPS All., et al., v. Noem, et al.*, No. 25-2120 (9th Cir.). Because the resolution of those issues will directly affect the Court's resolution of the parties' dispositive motions and Plaintiffs' motion to consider extra-record evidence, and entry of final judgment would moot a pending appeal to which the parties and the Ninth Circuit have devoted substantial resources, the Court should stay adjudication because doing so will promote the fair and efficient resolution of the issues presented.

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). That includes entering an administrative stay if "it is efficient for its own docket and the fairest course for the parties . . . pending resolution of

---

[1] *Vacatur of 2025 [TPS] Decision for Venezuela*, 90 Fed. Reg. 8,805 (Feb. 3, 2025) ("2025 Vacatur"); *Termination of the October 3, 2023 Designation of Venezuela for [TPS]*, 90 Fed. Reg. 9,040 (Feb. 5, 2025) ("2025 Termination").

DEFENDANTS' SUPPLEMENTAL STAY BRIEF
No. 3:25-cv-1766-EMC

1

independent proceedings which bear upon the case." *In re PG&E Corp. Sec. Lit.*, 100 F.4th 1076, 1085 (9th Cir. 2024). The Ninth Circuit has identified three non-exclusive factors to consider in deciding whether to issue a stay: "(1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law." *Id.* (cleaned up). All three factors weigh in favor of a stay of district court proceedings in this case pending resolution of Defendants' Ninth Circuit appeal.

First, a stay will serve "the orderly course of justice" by "simplifying" or resolving central (and potentially dispositive issues) in this litigation. *Id.* This Court concluded that it had jurisdiction to review the Secretary's 2025 Vacatur and Termination determinations under the APA notwithstanding the jurisdictional bar at 8 U.S.C. § 1254a(b)(5)(A). ECF No. 93 at 15-30. That threshold—and, as Defendants argue, dispositive—jurisdictional issue is squarely before the Ninth Circuit. Further, the Ninth Circuit's decision on Plaintiffs' equal protection claim will almost certainly address whether consideration of extra-record evidence is warranted or, conversely, would amount to an abuse of discretion. *See Lands Council v. Powell*, 395 F.3d 1019, 1029-30 (9th Cir. 2005). Any legal questions it resolves will bind this Court. *See Ranchers Cattlemen Action Legal Fund v. U.S. Dep't of Agric.*, 499 F.3d 1108, 1114 (9th Cir. 2007) ("A fully considered appellate ruling on an issue of law made on a preliminary injunction appeal . . . become[s] the law of the case for further proceedings in the trial court on remand and in any subsequent appeal.") (quoting 18 Wright & Miller, Federal Practice & Procedure § 4478.5 (2002)). Even if the Ninth Circuit rejects Defendants' jurisdictional arguments, its decision will still materially affect the Court's resolution of this case. *See In re PG&E Corp. Sec. Lit.*, 100 F.4th at 1085 ("A district court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.") (cleaned up). In short, because the Ninth Circuit "must address issues identical to those presented in this action" this Court "could receive considerable assistance in resolving this action" and a stay is warranted as a matter of judicial efficiency. *Id.* at 1086 (cleaned up).

DEFENDANTS' SUPPLEMENTAL STAY BRIEF
No. 3:25-cv-1766-EMC

A stay of the adjudication of the pending dispositive motions and the motion to consider extra-record evidence until the Ninth Circuit decides the already-argued appeal would also serve "the orderly course of justice" by preserving judicial resources and the litigation resources of both parties. *Id.* at 1085. The parties have already fully briefed and argued the appeal, and the Ninth Circuit has devoted substantial resources to it. A decision entering final judgment would moot the preliminary-relief appeal the Ninth Circuit is considering, wasting the resources already spent on the appeal. *Planned Parenthood v. Arizona*, 718 F.2d 938, 949 (9th Cir. 1983); *SEC v. Mount Vernon Mem'l Park*, 664 F.2d 1358, 1361 (9th Cir. 1982). By contrast, the time the parties and the Court have already spent on the currently pending motions will not be wasted regardless of how the Ninth Circuit rules. Win or lose, deciding the case before the Ninth Circuit rules will waste the parties and the courts' resources, but waiting to receive the Ninth Circuit's decision will not.

Second, a temporary stay of adjudication of these motions would not adversely affect either party's interests. This Court already permitted Plaintiffs to conduct extra-record discovery, ECF No. 93 at 77, so staying a decision on that motion will not adversely affect Plaintiffs' interests. Nor will delaying entry of final judgment. The present status quo is the one determined by the Supreme Court to be proper. *Noem v. Nat'l TPS All.*, No. 24A1059, 2025 WL 1427560 (S. Ct. May 19, 2025).

Plaintiffs' interests will not be adversely affected by a delay in a decision on the dispositive motions, either, because a stay of any judgment in Plaintiffs' favor would continue to be appropriate in light of the Supreme Court's stay reflecting its view of the appropriate status quo during litigation. A stay of any final judgment against the Government would avoid unnecessary procedural complications and ensure consistency with the Supreme Court's directive. At minimum, should this Court proceed to final judgment and rule in Plaintiffs' favor, Defendants request at least a 14-day delay of final judgment so that Defendants may seek a stay in an orderly manner from the Ninth Circuit. Again, the appropriate continuing status quo emphasizes that the proper course is to wait to decide the motions until after the Ninth Circuit has decided the fully briefed and argued pending appeal.

DEFENDANTS' SUPPLEMENTAL STAY BRIEF
No. 3:25-cv-1766-EMC

3

| | |
|---|---|
| Dated: August 7, 2025 | Respectfully submitted, |

BRETT A. SHUMATE
Assistant Attorney General

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
Civil Division

WILLIAM H. WEILAND (Mass. Bar 661433)
Acting Assistant Director

ANNA DICHTER (NJ Bar 304442019)
Senior Litigation Counsels

ERIC SNYDERMAN (VA Bar 99563)
LAUREN BRYANT (NY Bar 5321880)
AMANDA SAYLOR (FL Bar 1031480)
CATHERINE ROSS (DC Bar 9007404)
Trial Attorneys

/s/ *Jeffrey Hartman*
JEFFREY HARTMAN
Trial Attorney (WSBA 49810)
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 532-4404
Jeffrey.M.Hartman@usdoj.gov

*Attorneys for the Defendants*

DEFENDANTS' SUPPLEMENTAL STAY BRIEF
No. 3:25-cv-1766-EMC

4