Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Amanda Young (SBN 359753)
ayoung@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Attorneys for Plaintiffs
*[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R., HENDRINA VIVAS CASTILLO, A.C.A., SHERIKA BLANC, VILES DORSAINVIL, and G.S.,<br><br>Plaintiffs,<br><br>vs.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA,<br><br>Defendants. | Case No. 3:25-cv-01766-EMC<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF ADDRESSING WHY THE COURT SHOULD NOT STAY ADJUDICATION OF PENDING MOTIONS** |

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Eva L. Bitran (SBN 302081)
ebitran@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (*Pro Hac Vice*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, 1H
San Diego, CA 92120
Telephone: (949) 603-7411

# INTRODUCTION

Plaintiffs always want to be respectful of the Court's time and resources, and appreciate that this matter already has entailed considerable judicial oversight. Plaintiffs have pressed forward with their claims under a crushing schedule and in the face of constant obstacles because that is the only way to protect themselves and their members from ongoing irreparable harm. As this Court has recognized, uncertainty about whether you can continue to live and work in the United States, surrounded by family and friends, or instead may be grabbed off the street and deported to a country that you have never been to, causes irreparable harm. Such uncertainty will only be exacerbated if the Court postpones decisions on pending motions, especially when Plaintiffs have developed the record far beyond what is currently before the Ninth Circuit and press APA claims not considered at the time of the original postponement order and also not before the Ninth Circuit.

Plaintiffs thus object to a stay or postponing resolving pending motions in hopes that the Ninth Circuit will promptly issue a decision that may (or may not) resolve some of the legal questions presented by those motions. As this Court has previously recognized, a stay of proceedings would impose significant hardships on Plaintiffs. Even when not sent to third countries, the approximately 350,000 Venezuelans who hold TPS under the 2023 designation face being deported to a country where they are not safe, separated from their U.S. citizen children, detained in immigration jails, fired from their jobs, and deprived of opportunities to seek other lawful forms of immigration status as a result of the vacatur and termination decisions challenged in this case—all without any final adjudication of the legality of those orders. These harms are happening *now*. Another approximately 250,000 Venezuelans who hold TPS under Venezuela's 2021 designation are currently set to lose status on September 9, 2025, after which they will face similar harms absent the ability to avail themselves of the January 17, 2025 extension vacated by the Secretary. On the other side, adjudicating pending, fully briefed motions that seek different relief than the postponement motion imposes no hardship on the government.

While Defendants continuously assert that the Supreme Court's May 19 stay order necessarily found they are likely to succeed on the merits, that is not accurate; the Supreme Court provided no reasoning for its decision, and it is impossible to know what it found, including whether

1

a majority of justices shared the same view about any equitable factor or particular issue. Moreover, Defendants ignore that the pending motions rest on an expanded factual record that was not before the Supreme Court, seek relief under a different provision of the APA, raise different legal arguments, and thus involve a variety of questions not before the Ninth Circuit, underscoring how the legal claims and record in this case have materially evolved since the Supreme Court's order, and well beyond matters the Ninth Circuit is considering.

In short, Plaintiffs hope that the Ninth Circuit will quickly rule on the pending appeal. But there is no such assurance. And if past is prologue, the Ninth Circuit will not have the final say on the questions in this case. Defendants here request not just a stay pending a decision from the Ninth Circuit, but also pending the disposition of any certiorari petition. Plaintiffs' lives, meanwhile, hang in the balance. Plaintiffs therefore submit that the only avenue to mitigate the irreparable harm and uncertainty endured by Plaintiffs and TPS holders is to resolve the pending motions without awaiting further guidance from the Ninth Circuit.

## RELEVANT BACKGROUND

This Court has declined to stay these proceedings on three prior occasions. On April 4, 2025, this Court denied Defendants' motion for a stay pending appeal. Dkt. 102 at 1–2 (describing irreparable injuries to Venezuelan TPS holders that would result if Court were to grant a stay pending appeal). On May 2, 2025, this Court denied Defendants' motion for a stay of discovery pending appeal. Dkt 129 at 2–3 (describing hardship to Plaintiffs from any stay). On May 29, 2025, this Court denied Defendants' motion to stay proceedings and also denied Defendants' motion to reconsider the Court's May 2, 2025 order declining to stay discovery. Dkt. 161. As of today, Defendants' motions to dismiss and the Parties' motions for summary judgment have been fully briefed and are pending before the Court. Plaintiffs' motion for partial summary judgment is based on the Certified Administrative Records for the challenged decisions, as well as extra-record discovery, neither of which was before the Court when it ruled on Plaintiffs' motion to postpone. Plaintiffs' partial summary judgment motion also raises several new APA claims, including fact-based claims, that were not raised in Plaintiffs' motion to postpone.

**ARGUMENT**

A stay pending a decision from the Ninth Circuit is unwarranted under either the *Nken* test or the *Landis* test. *See* Dkt. 129 at 1–3 (discussing tests); *Nken v. Holder*, 556 U.S. 418 (2009); *Landis v. N. Am. Co.*, 299 U.S. 248 (1936). As this Court previously recognized, "there is no guarantee that the Ninth Circuit will promptly rule after its hearing in July 2025." Dkt. 129 at 2. Any delay in final adjudication of this matter is deeply prejudicial to Plaintiffs, including Venezuelan TPS holders who have lost protection under the 2023 designation, and Venezuelan TPS holders who will soon lose protections under the 2021 designation. *Id.* at 2–3 (describing prejudice caused by delay). *See also* Declaration of Emilia Garcia, Dkt. 259 (describing ongoing harms). Further, while Haitian TPS holders are currently protected by the order issued in *Haitian Evangelical Clergy Ass'n v. Trump*, No. 25-cv-1464 (BMC), --- F. Supp. 3d ---, 2025 WL 1808743 (E.D.N.Y. July 1, 2025), that order remains subject to appeal, and so its protections are far from certain, leaving the unfortunate risk that Haitian TPS holders could suddenly find themselves with no protections.

As to likelihood of success on the merits, contrary to Defendants' repeated assertions, the Supreme Court's Stay Order provides no reasoning, and so offers no guidance this Court could follow regarding the merits of Plaintiffs' claims. Further, the Supreme Court's order provides no indication at all as to the merits of the fact-based APA claims raised in Plaintiffs' motion for partial summary judgment that were not at issue in this Court's postponement order and not part of the record before the Supreme Court. Beyond suggesting in its second paragraph that some TPS holders might have a claim for limited relief even for purposes of postponement under Section 705 (which suggests the Court did not accept Defendants' jurisdictional arguments), the Supreme Court's order provides no reasoning on which this Court could base any decision with respect to Section 706.

**CONCLUSION**

The Court should not stay adjudication of Defendants' motions to dismiss, the Parties' motions for summary judgment, or Plaintiffs' motion to consider extra-record evidence pending a decision by the Ninth Circuit on the government's appeal of this Court's postponement order.

Date: August 7, 2025

Respectfully submitted,

NATIONAL DAY LABORER
ORGANIZING NETWORK


 /s/ *Jessica Karp Bansal*
Jessica Karp Bansal
Lauren Michel Wilfong (*Pro Hac Vice*)
NATIONAL DAY LABORER
ORGANIZING NETWORK

Emilou MacLean
Michelle (Minju) Y. Cho
Amanda Young
ACLU FOUNDATION
OF NORTHERN CALIFORNIA

Ahilan T. Arulanantham
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW

Eva L. Bitran
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA


Erik Crew (*Pro Hac Vice*)
HAITIAN BRIDGE ALLIANCE

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 7, 2025, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

          NATIONAL DAY LABORER ORGANIZING NETWORK

          /s/ *Jessica Karp Bansal*
          Jessica Karp Bansal