Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Amanda Young (SBN 359753)
ayoung@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Attorneys for Plaintiffs
*[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R., HENDRINA VIVAS CASTILLO, A.C.A., SHERIKA BLANC, VILES DORSAINVIL, and G.S.,<br><br>Plaintiffs,<br><br>vs.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA,<br><br>Defendants. | Case No. 3:25-cv-01766-EMC<br><br>**PLAINTIFFS' EMERGENCY MOTION FOR COMPLIANCE WITH COURT ORDER** |

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Eva L. Bitran (SBN 302081)
ebitran@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (*Pro Hac Vice*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, 1H
San Diego, CA 92120
Telephone: (949) 603-7411

**NOTICE OF MOTION AND MOTION FOR COMPLIANCE WITH COURT ORDER [ECF 279]**

PLEASE TAKE NOTICE THAT, on September 11, 2025, or as soon thereafter as this matter may be heard before the district court judge of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, assigned to this matter, Plaintiffs move for Compliance with this Court's Order Granting Plaintiffs' Motion for Summary Judgment and Denying Defendants' Motion for Summary Judgment; and Denying Defendants' Motion to Dismiss (ECF 279). This Motion is based upon this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the supporting declarations and evidence filed concurrently herewith; all prior pleadings and filings in this case; any additional matter of which the Court may take judicial notice; and such further evidence or argument as may be presented before, at, or after the hearing.

Date: September 9, 2025

Respectfully submitted,

ACLU FOUNDATION
OF NORTHERN CALIFORNIA

 */s/ Emilou MacLean*
Emilou MacLean

Michelle (Minju) Y. Cho
Amanda Young
ACLU FOUNDATION
OF NORTHERN CALIFORNIA

Ahilan T. Arulanantham
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW

Eva L. Bitran
Diana Sanchez
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA

Jessica Karp Bansal
Lauren Michel Wilfong (*Pro Hac Vice*)
NATIONAL DAY LABORER ORGANIZING
NETWORK

Erik Crew (*Pro Hac Vice*)
HAITIAN BRIDGE ALLIANCE

Attorneys for Plaintiffs

# INTRODUCTION

On September 5, 2025, this Court held that Department of Homeland Security Secretary Kristi Noem exceeded her statutory authority and acted arbitrarily when she vacated the Venezuela TPS extension and, immediately thereafter, terminated the 2023 Venezuela TPS designation. In the same order, this Court also held that Secretary Noem's decision partially vacating the extension of TPS for Haiti was illegal. This Court granted relief, setting aside these decisions. Four days after this Court's order, however, Defendants have not updated the federal government's official website so that it accurately describes the status of TPS for Venezuela. The website currently reads that the 2023 designation of TPS for Venezuela has been terminated, which is contrary to the Court's order.

Plaintiffs requested that Defendants update the government's website to acknowledge the Court's order, make clear that the Secretary's vacatur and termination decisions have been set aside, and affirm that Venezuelan TPS holders maintain their legal status and are eligible to extend their TPS through October 2, 2026. Defendants refuse to do so, asserting that they "are assessing their obligations under [this Court's] ruling."

There is ongoing harm from Defendants' noncompliance with this Court's order. TPS holders will continue to be illegally denied employment, and the benefits and privileges to which they are entitled. Venezuelan TPS holders are also currently detained and facing deportation, and may not be able to secure release or protection against deportation as a result of the government's failure to update the website with accurate information. Due to the government's lack of official notice, Venezuelan TPS holders may also miss the September 10 deadline to re-register for TPS under the most recent TPS extension, which is now in effect, and thus be deprived of more than a year of TPS to which they are entitled.

To remedy the ongoing harm and ensure compliance with this Court's September 5 order, Plaintiffs request that this Court order Defendants to revise the USCIS website to accurately reflect that the January 17, 2025 extension of TPS for Venezuela remains valid.

# BACKGROUND

**A.     This Court's September 5 Order**

Plaintiffs filed this case on February 19, 2025. The original complaint challenged

1

Defendants' vacatur and termination of Venezuela's TPS designation under the Administrative Procedure Act (APA) and the Equal Protection component of the Fifth Amendment's Due Process Clause. Dkt. 1. On March 20, Plaintiffs amended the complaint to add APA and Fifth Amendment challenges to Defendants' partial vacatur of Haiti's TPS designation. Dkt. 74.

On June 3, Plaintiffs moved for partial summary judgment on their APA challenges to the vacatur and termination of Venezuela's TPS designation and the partial vacatur of Haiti's TPS designation, seeking a court order setting aside the challenged decisions under 5 U.S.C. § 706. Dkt. 165. On September 5, this Court granted Plaintiffs' motion and entered final judgment in favor of Plaintiffs on their APA challenges to the Venezuela vacatur and termination and the Haiti partial vacatur. Dkt. 279.

### B. The January 17 Extension of TPS for Venezuela

As a result of the Court's order setting aside Secretary Noem's vacatur and termination decisions for the 2023 Venezuela designation, the January 17, 2025 extension of TPS for Venezuela is currently in effect. 90 Fed. Reg. 5961 (Jan. 17, 2025). The January 17 decision extends TPS "for 18 months, beginning on April 3, 2025, and ending on October 2, 2026." *Id.* By the terms of the January 17 Federal Register notice, Venezuelan TPS holders are entitled to this 18-month extension if they re-register prior to September 10, 2025. *Id.* at 5962 ("The re-registration period for existing beneficiaries runs from January 17, 2025, through September 10, 2025."). The notice authorizes Venezuelan TPS holders to re-register whether they initially benefitted from either the 2021 or 2023 designation of TPS for Venezuela. *Id.* The January 17 extension also "automatically extends through April 2, 2026, the validity of certain EADs previously issued under the TPS designations of Venezuela," to account for USCIS delays in processing EAD applications. *Id.*

### C. Defendants' USCIS Website

Defendants' USCIS website, which the public relies on to know the status of TPS designations for individual countries, does not reflect the Court's September 5 order. Rather than recognizing the validity of the January 17 extension of TPS for Venezuela, the USCIS website states that Venezuela's 2023 TPS designation has "terminated." *See* Declaration of Emilou MacLean ("MacLean Decl."), Ex. A (USCIS TPS Venezuela webpage stating, at the time of filing, that "TPS

2

1 for Venezuelans with April 2, 2025 documentation has terminated pursuant to Secretary of
2 Homeland Security Kristi Noem's Feb. 5, 2025 decision to terminate TPS under the 2023
3 designation for Venezuela"). The website maintains that 2023 Venezuela TPS holders only had TPS
4 through April 7, 2025, and that there is no auto-extension of employment authorization except for a
5 limited category of TPS holders who received TPS-related documentation prior to the termination
6 decision. *Id.* This is all inconsistent with this Court's September 5 order, pursuant to which the
7 January 17 Venezuela extension remains in effect.

8       On the morning of September 8, Plaintiffs' counsel emailed counsel for Defendants
9 regarding Defendants' failure to comply with this Court's order by failing to update the federal
10 government's USCIS TPS webpage for Venezuela detailing the status of TPS for Venezuela. *See*
11 MacLean Decl., Ex. B. Plaintiffs sought confirmation that Defendants updated the website that day
12 in light of the urgency "[g]iven the September 10, 2025 deadline for re-registration [for Venezuelan
13 TPS holders], and the fact that hundreds of thousands of Venezuelan TPS holders had been without
14 status as a result of the Supreme Court's [May 19] stay grant[.]" *Id.* That afternoon, Defendants
15 responded that the "website will not be updated" on September 8; "Defendants are assessing their
16 obligations under [this Court's] ruling"; the Court's order did not include an express "injunctive
17 order to immediately update the website"; and Defendants had filed a pending stay of judgment
18 pending appeal. *Id.* The website has still not been updated.

19       **D.**      **Defendants Previously Recognized their Obligation to Ensure the USCIS**
20              **Website Accurately Reflects Court Orders Regarding TPS**

21       Defendants have never previously asserted that they did not intend to update their official
22 website to comply with this Court's orders or the orders of other courts regarding TPS. While
23 Defendants previously delayed implementing the Court's orders in this and other cases, they
24 ultimately complied by updating the public-facing government websites with accurate information,
25 demonstrating awareness of their obligation to ensure those websites accurately reflect court orders.
26       On March 31, this Court granted Plaintiffs' motion to postpone the effective date of the
27 Venezuela vacatur and termination under 5 U.S.C. § 705. Dkt. 93. While Defendants appealed and
28 sought a stay of the postponement order pending appeal, on April 2, they also updated the website to

3

1  recognize the implementation of the postponement order after it had been issued, and affirmed that
2  they "complied with this Court's order." Dkt. 105 at 2-4.
3    On May 30, after the Supreme Court issued a stay "without prejudice to any challenge" to the
4  Venezuela vacatur to the extent it invalidated already-issued TPS-related documents, Dkt. 140, this
5  Court granted in part a motion by Plaintiffs, and ordered the postponement of the Venezuela vacatur
6  to the extent it invalidated TPS-related documentation received before February 5, 2025. Dkt. 162.
7  Defendants subsequently partially updated their website, reflecting the ongoing validity of some
8  categories of TPS-related documentation but not others, leading Plaintiffs to challenge Defendants'
9  noncompliance. Dkt. 200. However, prior to the Court issuing any order, Defendants ultimately
10 updated their website to comply. Dkt. 213 at 1 ("[T]he USCIS website now accurately reflects the
11 categories of TPS-related documentation that remain valid under this Court's May 30, 2025 order").
12   A judge in the Eastern District of New York previously ruled that Secretary Noem's partial
13 vacatur of the July 1, 2024 TPS decision for Haiti was illegal, requiring that it be set aside. *Haitian*
14 *Evangelical Clergy Ass'n v. Trump*, No. 25-cv-1464, Dkt. 63 (E.D.N.Y. July 1, 2024) ("*HECA*").
15 Both that order, and this Court's September 5 order, mean that the July 1, 2024 decision extending
16 TPS for Haiti is still valid. 89 Fed. Reg. 54484 (July 1, 2024). The July 1, 2024 decision extends
17 TPS for Haiti through February 3, 2026. *Id.* at 54484. Following the *HECA* decision, setting aside
18 the partial vacatur of TPS for Haiti, Defendants updated their website to accurately reflect that TPS
19 for Haiti was designated through February 3, 2026, and Haitian TPS holders were entitled to
20 automatic extensions of their EADs through February 3, 2026. MacLean Decl., Ex. C. The
21 government also affirmed that they understood the need to update the USCIS website to comply with
22 the court order. *HECA*, Case No. 25-cv-1464, Dkt. 67 at 1 (E.D.N.Y. July 18, 2025) (government
23 affirmed that they "posted, and then edited, public notice of [the] Court's final judgment on the U.S.
24 Citizenship and Immigration Services (USCIS) website" and that "[t]he notice reflects that the
25 Department of Homeland Security intends to comply fully with the Court's final judgment").
26   Similarly, after another court in this district postponed the effective date of termination of
27 TPS for Honduras, Nepal, and Nicaragua, Defendants updated the USCIS website to reflect that the
28 TPS designations of those countries remained in effect. *Nat'l TPS All. v. Noem*, No. 25-CV-05687-

1  TLT, 2025 WL 2233985 (N.D. Cal. July 31, 2025).

2  **E.    Harms from Defendants' Noncompliance with Court Order**

3  There are ongoing harms resulting from Defendants' noncompliance with this Court's
4  September 5 order. Approximately 350,000 Venezuelan TPS holders lost their TPS status when, on
5  May 19, the Supreme Court stayed this Court's March 30 order postponing the entry into effect of
6  Defendants' termination decision. They have been without status and employment authorization for
7  more than three months and, as a result, have lost employment and, in some cases, the opportunity to
8  pursue other forms of legal status; some have been detained, deported, or separated from their
9  families. Dkt. 259 (describing harms). Until the government updates its website, the legal status and
10 employment authorization of these individuals may be unclear to employers and state agencies who
11 look to the government's website for accurate information. Defendants' failure to update the website
12 will result in confusion and the deprivation of employment, and benefits and privileges to which
13 Venezuelan TPS holders are entitled. *See* Dkt. 213-4 ¶ 16 (TPS holder previously fired from
14 JPMorgan because "the language on the USCIS website was confusing" and "the HR Department
15 was afraid that if they continued [her] employment they could be subject to penalties, because the
16 USCIS instructions were not clear"); Dkt. 98-1 ¶ 4 & 98-4 (local government official previously
17 identifying that they could not rely on this Court's postponement order absent official notification of
18 its implementation by the federal government).

19 Venezuelan TPS holders are currently in custody and facing the threat of deportation. They
20 may not be able to secure release from detention or protection against deportation as a result of
21 Defendants' failure to update their website. *See* Declaration of C.B. (lawyer informed Venezuelan
22 TPS holder, subsequent to this Court's order, that he would not be released from immigration
23 detention pursuant to this Court's order prior to the government updating their website).

24 Pursuant to the January 17 extension of TPS for Venezuela, which is again in effect,
25 Venezuelan TPS holders are eligible to re-register and retain legal status and employment
26 authorization until at least October 2, 2026, regardless of whether they initially benefitted from the
27 2021 or 2023 designation of TPS for Venezuela. 90 Fed. Reg. 5961. Yet the government's website
28 does not identify that Venezuelan TPS holders have until September 10 to re-register for TPS, and

1  that if they do, they will retain legal status for an additional thirteen months. As a result of the
2  incorrect information on USCIS's website, members of Plaintiff National TPS Alliance and other
3  Venezuelan TPS holders may fail to apply for the TPS extension prior to the government's deadline
4  because of lack of notice about their eligibility and obligation to re-register.

5        The January 17 Venezuela TPS decision also auto-extends employment authorization
6  through April 2, 2026 for 600,000 2021 and 2023 Venezuela TPS holders. 90 Fed. Reg. at 5962.
7  Defendants' refusal to update their website to reflect this EAD auto-extension jeopardizes
8  employment for the 350,000 Venezuelan TPS holders initially protected by the 2023 designation
9  who were stripped of employment authorization following the Supreme Court's stay order, as well
10 as the 250,000 Venezuelan TPS holders who have feared losing employment authorization following
11 Secretary Noem's recent termination of the 2021 Venezuela designation. 90 Fed. Reg. 43225 (Sept.
12 8, 2025). *See, e.g.*, Declaration of Y.V.

## ARGUMENT

14       The USCIS website provides updated information regarding the status of TPS designations
15 for individual countries. The website is relied upon by the public, including TPS-holders, employers
16 and state agencies (such as departments of motor vehicles), to communicate and understand the legal
17 status and employment eligibility of TPS holders. The USCIS website is expected to be accurate. It
18 is not with respect to TPS for Venezuela. Since Friday, September 5, the USCIS website has
19 misrepresented the legal status, eligibility for registration or re-registration, and status of
20 employment authorization for Venezuelan TPS holders. The website does not accurately reflect this
21 Court's September 5 order.

22       The website says that TPS for Venezuela has been terminated, and that EADs are auto-
23 extended only for Venezuelan TPS holders who had received TPS-related documentation prior to
24 Secretary Noem's termination of the 2023 designation of TPS for Venezuela. None of this is true.
25 The 2023 designation of TPS for Venezuela has been extended through October 2, 2026;
26 Venezuelan beneficiaries of the 2021 designation are eligible to apply for the 2023 extension—so
27 long as they do so prior to September 10, 2025; and EADs for Venezuelan TPS holders have been
28 auto-extended through April 2, 2026.

1   As a result of Defendants' misrepresentation of the current status of TPS for Venezuela, Venezuelan TPS holders who are presumptively eligible for TPS are being deprived of the rights and benefits to which they are entitled by law.

This Court should order Defendants to bring the USCIS website into compliance with this Court's September 5 order. This Court unquestionably has authority to remedy this harm and enforce compliance with its order. *See, e.g.*, *Shillitani v. United States*, 384 U.S. 364, 370 (1966) (discussing courts' "inherent power to enforce compliance with their lawful orders"); *Ctr. for Food Safety v. Vilsack*, 734 F. Supp. 2d 948, 954-55 (N.D. Cal. 2010) (the court's vacatur "[o]rder is without prejudice to Plaintiffs seeking further redress if, after the deregulation decision is vacated, Plaintiffs can demonstrate that Defendant-Intervenors or other third parties have in fact violated the vacatur"); *Oceana, Inc. v. Ross*, 359 F. Supp. 3d 821, 829 (N.D. Cal. 2019) (granting motion to enforce judgment in APA case and requiring defendants to disclose steps taken to comply with court order).The fact that the government is seeking a stay of this Court's order and has filed a notice of appeal does not absolve them of the responsibility for complying with that order, *see* Dkt. 143 (stating that Defendants are required to comply with discovery order); *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1364 (9th Cir. 1987) ("Absent a stay, all orders and judgments of courts must be complied with promptly") (citation and quotation marks omitted).

## CONCLUSION

For the foregoing reasons, this Court should order Defendants to bring the USCIS website into compliance with this Court's September 5 order by accurately representing that the January 17 extension of TPS for Venezuela remains in effect; that the TPS designation for Venezuela extends through October 2, 2023; and that EADs for Venezuelan TPS holders are auto-extended through April 2, 2026.

Date: September 9, 2025

Respectfully submitted,

ACLU FOUNDATION
OF NORTHERN CALIFORNIA

 */s/ Emilou MacLean*
Emilou MacLean

7

PLAINTIFFS' EMERGENCY MOTION FOR COMPLIANCE WITH COURT ORDER
CASE NO. 3:25-CV-01766-EMC

Michelle (Minju) Y. Cho
Amanda Young
ACLU FOUNDATION
OF NORTHERN CALIFORNIA

Ahilan T. Arulanantham
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW

Eva L. Bitran
Diana Sanchez
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA

Jessica Karp Bansal
Lauren Michel Wilfong (*Pro Hac Vice*)
NATIONAL DAY LABORER
ORGANIZING NETWORK

Erik Crew (*Pro Hac Vice*)
HAITIAN BRIDGE ALLIANCE

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2025, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

ACLU FOUNDATION OF NORTHERN CALIFORNIA

  /s/ Emilou MacLean