BRETT A. SHUMATE
Assistant Attorney General
YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
DREW C. ENSIGN
Deputy Assistant Attorney General
WILLIAM H. WEILAND
Acting Assistant Director
ERIC SNYDERMAN
LAUREN BRYANT
CATHERINE ROSS
JEFFREY M. HARTMAN
DANIEL CAPPALLETTI
SHELBY WADE
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, *et al.*,<br><br>　　　　Plaintiff,<br>　v.<br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*,<br><br>　　　　Defendants. | Case No. 3:25-cv-1766-EMC<br><br>**DEFENDANTS' REPLY IN SUPPORT OF A STAY PENDING APPEAL** |

# ARGUMENT

**A STAY PENDING APPEAL IS WARRANTED**

Plaintiffs' response confirms that the Supreme Court's decision in *Noem v. Nat'l TPS Alliance* --- S. Ct. ---, 2025 WL 1427560 (May 19, 2025), in *this* case should guide this Court's analysis and that a stay pending appeal should issue because the likelihood of success and weight of the equities favor the government. *Trump v. Boyle*, 145 S.Ct. 2653, 2654 (2025) (holding that decisions on interim relief "squarely control" like cases). Indeed, no court of appeals has allowed a district court to interfere with the Secretary's TPS authority since the Supreme Court's decision. *See* Dkt. No. 19, *National TPS Alliance v. Noem*, No. 25-4901 (9th Cir. Aug. 20, 2025) (granting a government stay pending appeal); *CASA Inc. v. Noem*, 2025 WL 2028397 at *1 (4th Cir. July 21, 2025) (denying Plaintiffs' motion for postponement pending appeal).

Plaintiffs' assertion (Resp. at 4) that a stay should not issue because Defendants are not complying with the Court's judgment lacks merit. This Court entered its judgment on Friday September 5, 2025. ECF Nos. 279 (order), 280 (judgment). Federal Rule of Civil Procedure 62(a) automatically stays "execution on a judgment and proceedings to enforce it" for 30 days after entry absent a contrary Court order. The purpose of that rule is "providing a would-be appellant the full period of appeal time to arrange a stay by other means." Committee Notes on 2018 Amendment to Fed. R. Civ. P. 62. Here, the Court did not make its September 5 judgment immediately effective, so it is automatically stayed until October 6, 2025. ECF No. 280; Fed. R. Civ. P. 6(a)(1)(C), 62(c).

Rule 62(c) provides a different rule for "an action for an injunction." Under this exception, a judgment in an action for an injunction, unlike an ordinary judgment, is "not stayed after being entered." Fed. R. Civ. P. 62(c). The Court specifically concluded that its order was not injunctive in nature. ECF No. 279 at 30-34. That renders the exception for injunctions in Rule 62(c) inapplicable, and it means that

the Court's non-injunctive judgment remains automatically stayed until October 6, 2025, and Plaintiffs' "unclean hands" argument is baseless. Fed. R. Civ. P. 6(a)(1)(C), 62(c).

Plaintiffs' assertion (Resp. at 3-4) that a stay is unwarranted because the government had not appealed is unavailing because the government appealed this Court's decision on September 9, 2025. ECF No. 285 (notice of appeal). Relatedly, Plaintiffs' dissatisfaction with Defendants' request for expedited relief is misplaced because Local Rule 7-2(a) provides that this Court's timing requirements apply "[e]xcept as otherwise ordered or permitted by the assigned Judge[.]" Recognizing the exigency presented by Defendants' second motion for a stay pending appeal in this case, the Court did so here, ordering Plaintiffs to file a response "by noon of 9/9/2025." ECF No. at 283; *see Bigfoot Ventures Ltd. v. Knighton*, 132 F.4th 1138, 1143 (9th Cir. 2025) (recognizing that, as a general rule, docket management is within the discretion of the district court). Because Plaintiffs have not moved to reconsider this Court's order (ECF No. 283) under Fed. R. Civ. P. 60, their moot procedural objection is unavailing.

Plaintiffs' efforts to evade the stay analysis the Supreme Court conducted in *this* case all lack merit. *Nat'l TPS Alliance*, 2025 WL 1427560 at *1. To begin, Plaintiffs' reliance on the Ninth Circuit's pre-mandate opinion in *Nat'l TPS All. v. Noem*, No. 25-2120, --- F.4th ---, 2025 WL 2487771 (9th Cir. Aug. 29, 2025), is misplaced because the time for the government to seek further review has not run, and this Court's September 5 judgment potentially mooted the Ninth Circuit's interlocutory opinion. *See In re Pattullo*, 271 F.3d 898, (9th Cir. 2001) ("Even after an appellate court has issued its decision, if it has not yet issued its mandate and the case becomes moot, the court will vacate its decision and dismiss the appeal as moot.").

Pivoting, Plaintiffs contend that the Supreme Court's decision in *Nat'l TPS All.,* 2025 WL 1427560 at *1, is not binding because it did not contain reasoned a reasoned explanation, but their argument lacks merit because the Supreme Court actually considered the threshold jurisdictional issues in *this* case, following extensive briefing by both parties, and (with only one noted dissent) concluded that the

government was entitled to a stay pending appeal. *See* Stay App. No. 24A1059, *Nat'l TPS All.* (May 1, 2025). The Supreme Court's decision in *DHS v. D.V.D.*, 145 S. Ct. 2153, 2153 (June 23, 2025), illustrates the force of its stay orders on lower courts. There, as here, the government obtained a stay pending appeal of a district court order in a one-paragraph order. *Id*. When the district court subsequently found that the government violated its stay injunction and ordered a remedy, the Supreme Court granted the government's motion to stay, clarifying that the district court's "remedial order cannot now be used to enforce an injunction that our stay rendered unenforceable." *DHS v. D.V.D.*, 145 S. Ct. 2627, 2629 (2025). Although this Court's judgment has not been stayed directly, *D.V.D.*'s reasoning extends here because the Supreme Court has already permitted the Secretary's TPS determinations *in this case* to take effect despite this Court's contrary rationale. *See Boyle*, 145 S.Ct. at 2654; *cf. D.V.D.*, 145 S. Ct. at 2630 (Kagan, J. concurring) ("I do not see how a district court can compel compliance with an order that this Court has stayed.").

Plaintiffs' attempt to distinguish this Court's order under 5 U.S.C. § 705 from its final judgment under 5 U.S.C. § 706 lacks merit because this Court incorporated its prior jurisdictional analysis and the Ninth Circuit's interlocutory opinion on threshold jurisdictional issues that the Supreme Court previously stayed. *See, e.g.*, ECF No. 279 at 25, 31, 39, 42, 52.

Plaintiffs also contend (Resp. at 6-7) that the Supreme Court's stay order is inapplicable because they amended their complaint to include Haiti's Partial TPS Vacatur and additional APA claims, but their arguments look past the fact that the Supreme Court already considered whether an APA challenge to a TPS statute is even permissible and whether the Secretary has inherent authority to reconsider a TPS extension when entering a stay pending appeal. *See Boyle*, 145 S.Ct. at 2654; *Nat'l TPS Alliance.*, 2025 WL 1427560 at *1.

Relatedly, Defendants recognize that the Supreme Court's order did not preclude challenges to the Secretary's "February 3, 2025, vacatur notice insofar as it purports to invalidate" TPS-related documents.

REPLY IS SUPPORT OF A STAY PENDING APPEAL – No. 3:25-cv-1766

3

1  *Nat'l TPS Alliance*, 2025 WL 1427560 at *1. But, in doing so, the Supreme Court necessarily concluded that even putting that issue aside, the government was entitled to a stay pending appeal. The same conclusion is warranted here. *See Boyle*, 145 S.Ct. at 2654; *Nat'l TPS All.*, 2025 WL 1427560 at *1.

Plaintiffs' waiver argument (Resp. at 9) lacks merit. *See* ECF No. 281 at 3 (citing, *inter alia*, ECF No. 95, *Nat'l TPS All.*, 2025 WL 1427560 at *1).

## CONCLUSION

In sum, Plaintiffs' response confirms, as the Supreme Court previously concluded, that the government is entitled to a stay pending appeal in this case.

Dated: September 10, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General
Office of Immigration Litigation

WILLIAM H. WEILAND (Mass. Bar 661433)
Acting Assistant Director

ERIC SNYDERMAN (VA Bar 99563)
LAUREN BRYANT (NY Bar 5321880)
CATHERINE ROSS (DC Bar 9007404)
Trial Attorneys

/s/ *Jeffrey Hartman*
JEFFREY HARTMAN
Trial Attorney (WSBA 49810)
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 532-4404
Jeffrey.M.Hartman@usdoj.gov

*Attorneys for the Defendants*