UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL TPS ALLIANCE, et al., | Case No. 25-cv-01766-EMC |
| Plaintiffs, | |
| v. | **ORDER DENYING DEFENDANTS' MOTION TO STAY** |
| KRISTI NOEM, et al., | |
| Defendants. | Docket No. 281 |

On September 5, 2025, the Court issued an order granting Plaintiffs' motion for summary judgment on their APA claims related to the Venezuela vacatur and termination and the Haiti partial vacatur. The Court also entered a final judgment on those claims under Federal Rule of Civil Procedure 54(b) and stayed the remainder of the case. *See* Docket Nos. 279-80 (order and final judgment). The government now moves for a stay of the judgment as it intends to appeal the judgment to the Ninth Circuit. Having considered the parties' filings, the Court hereby **DENIES** the motion to stay.

**I.     DISCUSSION**

A.    Procedural Objections

As an initial matter, Plaintiffs raise several procedural objections to the government's motion – *e.g.*, the government filed the motion to stay even though it had not yet filed a notice of appeal, and it did not comply with the Civil Local Rules such as the rule relating to requests for shortened time. Although Plaintiffs' objections are not without any merit, the Court proceeds to adjudicate the merits of the government's motion. The government has now filed a notice of appeal, and it essentially moved for shortened time even if it did not strictly comply with the Local

1  Rules. Moreover, this case has largely been adjudicated on shortened time given each party's
2  respective interests, and Plaintiffs have not shown that they were prejudiced as a result of the
3  government seeking shortened time.
4        To the extent Plaintiffs contend that the government is failing to comply with the
5  judgment, that issue is now teed up in Plaintiffs' motion for compliance which was just recently
6  filed, although the government has provided some indication of its position in its reply brief. *See*
7  Reply at 1-2 (arguing that, under Federal Rule of Civil Procedure 62(a), there is an automatic stay
8  of 30 days on execution of a judgment (unless the Court orders otherwise) and that, although Rule
9  62(c) carves out an exception for a final judgment in an action for an injunction, this Court has
10 held that "its order was not injunctive in nature").

11 B.    <u>Merits of Stay Motion</u>

> "A stay is not a matter of right, even if irreparable injury might otherwise result to the appellant." "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion."
>
> To decide whether to grant [a] motion for a stay pending appeal, . . . case law requires that [a court] consider: (1) whether the [moving party has] made a *strong* showing that [it is] likely to succeed on the merits; (2) whether the [moving party] will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

19 *Index Newspapers LLC v. United States Marshals Serv.*, 977 F.3d 817, 824 (9th Cir. 2020)
20 (emphasis added; quoting and citing *Nken v. Holder*, 556 U.S. 418, 433-34 (2009)). "[T]he first
21 two *Nken* factors are the most critical, and that the second two factors are only considered if the
22 first two factors are satisfied." *Id.*
23       In its motion to stay, the government addresses only the first factor. It does not make any
24 express argument on the second factor. Based on that fact alone, the Court should arguably deny
25 the government's motion. To be sure, the government has, in prior proceedings, argued
26 irreparable injury if agency action were to be postponed under § 705 of the APA, or if this Court's
27 postponement order were not stayed. Also, the Ninth Circuit panel that upheld the issuance of the
28 postponement order determined that it had jurisdiction to consider the government's appeal

because, *inter alia*, the postponement order had serious, perhaps irreparable, consequences to the government. *See Nat'l TPS All. v. Noem*, No. 22269, 2025 U.S. App. LEXIS 22269, at *25 (9th Cir. Aug. 29, 2025) (pointing out that "'the mere existence of the Executive Branch's desire to enact a policy is not sufficient to satisfy the irreparable harm prong,'" but, "[b]ecause the Supreme Court granted a stay in favor of the Government, the Court necessarily held that the Government would face irreparable harm if the district court's postponement order were to remain in effect'"). But these assessments of injury to the government were all made in the context of Plaintiffs' seeking preliminary, and not final, relief. Since the issuance of preliminary relief, the record has been developed. For the government to provide zero evidence – or argument – on irreparable injury is a matter that is difficult to disregard. It should matter.

For purposes of this order, however, the Court need not deny the government's motion based on the failure to assert and demonstrate irreparable injury alone. As noted above, *Nken* requires that there also be a *strong* showing of likelihood of success.

According to the government, it is likely to succeed on the merits because of the Supreme Court's prior order in this case which stayed this Court's order postponing agency action under § 705 of the APA. *See Noem v. Nat'l TPS All.*, 221 L. Ed. 2d 981 (2025).[1] But the Supreme Court's order did not provide any specific analysis on the merits of Plaintiffs' case (including whether judicial review of Plaintiffs' case is permissible[2]). We do not know whether the stay was issued

---

[1] The full text of the order is as follows:

> The March 31, 2025 [postponement] order entered by the United States District Court for the Northern District of California, case No. 3:25-cv-1766, is stayed pending the disposition of the appeal in the United States Court of Appeals for the Ninth Circuit and disposition of a petition for a writ of certiorari, if such a writ is timely sought. Should certiorari be denied, this stay shall terminate automatically. In the event certiorari is granted, the stay shall terminate upon the sending down of the judgment of this Court. This order is without prejudice to any challenge to Secretary Noem's February 3, 2025 vacatur notice insofar as it purports to invalidate EADs, Forms I-797, Notices of Action, and Forms I-94 issued with October 2, 2026 expiration dates.

*Noem v. Nat'l TPS All.*, 221 L. Ed. 2d at 981-82.

[2] As the Court has previously noted, the Supreme Court's order, if anything, suggests that there is

3

because of a finding of irreparable injury to the government absent a stay, impropriety of nationwide relief of postponement of agency action under § 705 of the APA, or an assessment of Plaintiffs' showing on the merits.  Indeed, any attempt to discern much of a take on the merits is complicated by the second paragraph of the stay order which leaves open a challenge to TPS beneficiaries who received documentation under the Mayorkas TPS extension, suggesting the Court did not accept the government's argument for no judicial review.  Furthermore, the Ninth Circuit has now issued its decision on this Court's postponement order, and it found that the challenged actions of Secretary Noem were subject to judicial review and that Plaintiffs were likely to succeed on their APA claim that Secretary Noem lacked the statutory authority to vacate the TPS determinations made by her predecessor, Secretary Mayorkas.  *See generally NTPSA v. Noem*, 2025 U.S. App. LEXIS 22269.

Even if, as the government argues, the Ninth Circuit's decision is not dispositive until a mandate issues, it would fare no better.  The Supreme Court's order was based on a preliminary assessment of the case – *and for Venezuela only*.  Since that order, the record herein has been further developed.  Since the issuance of the postponement order, discovery has revealed a number of notable facts, including the following:

- With respect to the Venezuela vacatur, Secretary Noem had claimed vacatur was necessary because Secretary Mayorkas's consolidation of proceedings for 2021 and 2023 TPS holders was confusing.  However, a document from the Biden era reflected instead that the Biden administration's consolidation of proceedings was done precisely to *avoid* confusion.  The government provided no evidence contradicting this.
- For the Venezuela vacatur, the government presented no evidence in support of its position on summary judgment as to whether Secretary Noem considered any alternatives short of vacating Secretary Mayorkas's extension.

---

judicial review because the Supreme Court expressly stated that its order was without prejudice to a challenge based on invalidation of TPS documentation already issued before the vacatur decision.

4

- For both the Venezuela and Haiti vacaturs, the government produced no evidence suggesting that Secretary Noem consulted with internal or external agencies (including on country conditions) before deciding to vacate, thus underscoring the preordained nature of her TPS decision making.
- For the Venezuela termination, new undisputed evidence establishes that DHS began to draft the decision even before the Venezuela vacatur decision was finalized.
- For the Venezuela termination decision, the undisputed evidence now establishes that there was no meaningful consultation with internal or external agencies, in particular, regarding country conditions.
- There is now undisputed evidence that the TPS decision making by Secretary Noem did not follow the well-established practices of DHS, as reflected in the TPS report prepared by GAO.
- The government presented no evidence of any contemporaneous country conditions report for either Venezuela or Haiti.
- The press release now in the record announcing the Haiti vacatur strongly indicated that termination would be forthcoming, and this underscores the preordained nature of Secretary Noem's TPS decision making.
- It is now clear that Secretary Noem's TPS decision-making process for Haiti mimicked that for Venezuela, thus pointing to the lack of true individualized determinations.
- The government submitted no evidence that Secretary Noem considered the reliance interests of TPS holders who had already been issued documentation under Secretary Mayorkas's TPS determinations.

The Court emphasizes that the development of the record is not only about evidence that was found supporting Plaintiffs' position but also the utter lack of any evidence to support the government's arguments. The enhanced record informed this Court's legal analysis in reaching final judgment. Among other things, it provided a basis for the Court's finding (not addressed in

its postponement order) that the Secretary failed to comply with statutory consultation requirements and that the stated reasons for her actions were, in fact, pretextual.

Hence, the final judgment reflects not merely an assessment of likelihood of success based on a preliminary showing by the parties, but a considered conclusion on the merits after full briefing on cross-motions for summary judgment and review of a complete factual record. And, of course, the final judgement was based on §706 of the APA, and not an interim postponement of agency action under Section 705. As explained in this Court's order, there are significant material differences between the two which may render assessment of postponement inapposite to the final judgment.[3]

Hence, the first two *Nken* factors thus weigh strongly against the government. Moreover, the government has failed to address the last two *Nken* factors, each of which weigh in Plaintiffs' favor. A stay of the judgment would irreparably harm the individual plaintiffs and the thousands of members of NTPSA who would immediately face the prospect of a return to countries that are so dangerous that even the State Department advises against travel (not to mention loss of the ability to work, drive, and so forth). The Ninth Circuit's decision affirming the Court's postponement order so found. *See NTPSA v. Noem*, 2025 U.S. App. LEXIS 22269, at *48-51. Moreover, the public interest weighs against a stay because, as the Court explained in its postponement order, Venezuelan and Haitian TPS holders make significant and important economic and social contributions, both to the United States as a whole and to the local

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[3] The government notes that the Ninth Circuit and the Fourth Circuit have granted motions to stay pending appeal filed by the government in TPS cases, *see* Reply at 1, but the appeals in those cases both involved postponement orders under § 705, not final judgments under § 706.

communities of which they are a part. At the same time, there is no substantiated evidence that their continued presence in this country pursuant to TPS poses any threat to this country.

## II. CONCLUSION

Accordingly, the government's motion to stay pending appeal is denied.

This order disposes of Docket No. 281.

**IT IS SO ORDERED**.

Dated: September 10, 2025

_____
EDWARD M. CHEN
United States District Judge