BRETT A. SHUMATE
Assistant Attorney General
Civil Division
YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
WILLIAM H. WEILAND
Acting Assistant Director
ERIC SNYDERMAN
JEFFREY M. HARTMAN
LAUREN BRYANT
CATHERINE ROSS
DANIEL CAPPELLETTI
SHELBY WADE
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, *et al.*,<br><br>　　　　　　　Plaintiffs,<br>　v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 3:25-cv-1766<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' EMERGENCY MOTION FOR COMPLIANCE WITH COURT ORDER** |

DEFS.' RESPONSE TO PLAINTIFFS' EMERGENCY MOTION [ECF 286] – No. 3:25-cv-1766
1

**INTRODUCTION**

Defendants have not yet updated the USCIS website to extend TPS documentation affected by the Court's judgment because the Court's judgment is not currently enforceable under Rule 62(a), which governs when final judgments take effect. As a matter of course, "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise." Fed. R. Civ. P. 62(a). The 30-day automatic stay has not elapsed, the Court has not "order[ed] otherwise," and no exception to Rule 62(a) applies.

Plaintiffs never once mention or acknowledge Rule 62 in their motion to require immediate compliance despite its "[a]utomatic stay" of the court's "judgment and proceedings to enforce it." *Id.* Instead, Plaintiffs accuse Defendants of not complying with the Court's judgment in "bad faith" and with "unclean hands." ECF 284 at 4; ECF 286 at 7. Those accusations are false. Defendants will comply with the Court's judgment if the judgment takes effect before Defendants secure a stay from another Court. But Defendants are not obligated to comply with a judgment that is presently stayed. That is what a stay means. Rule 62(a) affords Defendants 30 days to assess their obligations and, as they are already doing, to seek relief from this Court and other courts. And defendants have already moved with alacrity to seek the protection of a stay pending appeal – seeking relief first from this Court by filing a motion to stay over the weekend the day after the Court entered judgment, and by taking necessary predicate steps to seek relief from the courts of higher review.

Plaintiffs' motion should be denied.

**PROCEDURAL BACKGROUND**

On September 5, 2025, this Court granted the Plaintiffs' motion for partial summary judgment on the APA claims related to Secretary Noem's vacatur of the 2025 Temporary Protected Status ("TPS") Extension for Venezuela, the termination of the 2023 TPS designation for Venezuela, and the partial vacatur of the 2024 TPS extension for Haiti. ECF 279 at 68–69. The Court found the decisions of Secretary Noem in these circumstances to be "unlawful" and set aside each of the agency actions. *Id*. The Court denied Defendants' motion for summary judgment on the same APA claims, further denied the Defendants' motion for summary judgment on the Equal Protection claims, and denied Defendants'

motion to dismiss the APA claims related to the Haiti termination. *Id.* The Court lastly temporarily stayed continued litigation of the remaining claims, including (1) the APA claim related to the Haiti termination, (2) the Equal Protection claim related to the Venezuela TPS decisions, and (3) the Equal Protection claim related to the Haiti TPS decision. *Id*. at 69.

On September 6, 2025, Defendants filed a motion for a stay pending appeal. ECF 281. In their motion, Defendants renewed their request that this Court stay its judgment setting aside the Venezuela vacatur, the Venezuela termination, and the Haiti partial vacatur to allow Defendants to pursue an appeal. *Id*. at 2.

On September 9, 2025, Plaintiffs filed their opposition to Defendants' motion for a stay pending appeal. ECF 284. In their motion, Plaintiffs alleged that Defendants failed to comply with this Court's order and that Defendants' motion is procedurally defective because Defendants had not then filed a notice of appeal. *Id*. at 1, 3. Plaintiffs also asserted that Defendants acted in "bad faith" and with "unclean hands" by refusing to update Defendants' USCIS website. *Id*. at 4–5. Last, Plaintiffs contend that Defendants failed to establish that they are likely to succeed on the merits or that they would suffer irreparable harm, and as such, they do not meet the standard for granting a stay pending appeal. *Id*. at 4–9.

On that same date, Defendants filed their notice of appeal, updating the Court that Defendants appealed to the Ninth Circuit from the Court's September 5, 2025 order and judgment. ECF 285.

Later on September 9, 2025, Plaintiffs also filed an emergency motion for compliance with court order. ECF 286. In this motion, Plaintiffs requested that the Court order Defendants to revise the USCIS website to "accurately reflect that the January 17, 2025, extension of TPS for Venezuela remains valid." *Id*. at 1. Plaintiffs assert that Defendants' the lack of an immediate update to the USCIS website is "inconsistent with this Court's September 5, 2025 order[.]" *Id*. at 2–3.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 62(a) provides:

(a) AUTOMATIC STAY. Except as provided in Rule 62(c) and (d), execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise.

The exception in Rule 62(c) provides:

(c) Stay of an Injunction, Receivership, or Patent Accounting Order. Unless the court orders otherwise, the following are not stayed after being entered, even if an appeal is taken:

(1) an interlocutory or final judgment in an action for an injunction or receivership; or

(2) a judgment or order that directs an accounting in an action for patent infringement.

(d) Injunction Pending an Appeal. While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights. If the judgment appealed from is rendered by a statutory three-judge district court, the order must be made either:

(1) by that court sitting in open session; or

(2) by the assent of all its judges, as evidenced by their signatures.

## ARGUMENT
**Because the Court did not enter an injunction or order that its judgment was immediately effective, Rule 62(a) automatically stayed its September 5th judgment for 30 days.**

Under the Federal Rules of Civil Procedure, judgments ordinarily do not take effect immediately. *See* Fed. R. Civ. P. 62(a). Instead, "unless the court orders otherwise" or an exception in "Rule 62(c) [or] (d)" applies, an "[a]utomatic stay" applies to a judgment "for 30 days after its entry." *Id.* The rule's 30-day stay "coincides with the time for filing most appeals in civil actions, providing a would-be appellant the full period of appeal time to arrange a stay by other means." Fed. R. Civ. P. 62, Adv. Comm. Notes to 2018 Amendment. It also permits courts to "dissolve the automatic stay or supersede it by a court-ordered stay," which may be appropriate for a money judgment if there is "a risk that the judgment debtor's assets will be dissipated," or if the court finds it "important to allow immediate enforcement of a judgment that does not involve a payment of money." *Id.* While a stay is in effect, it "operates on the judicial proceeding itself" by "temporarily divesting" the stayed "order of enforceability." *Nken v. Holder*, 556 U.S. 418, 428 (2009).

Here, unless an exception to the general rule granting an automatic 30-day stay of a judgment applies, Rule 62(a) "temporarily divest[ed]" the Court's "order" of "enforceability" until October 6, 2025. That means that the United States is not presently required to take any action to effectuate the not-yet-

DEFS.' RESPONSE TO PLAINTIFFS' EMERGENCY MOTION [ECF 286] – No. 3:25-cv-1766
4

effective judgment, in the same way as if the Ninth Circuit or the Supreme Court had issued a non-automatic stay, and Plaintiffs' arguments are baseless.

No exception applies. The Court has not ordered that its judgment is effective immediately. *See* ECF 280 ("Pursuant to Federal Rule of Civil Procedure 58, the Court hereby ENTERS judgment in favor of Plaintiffs and against Defendants."); *see generally* ECF 279. And the exceptions in Rule 62(c) and (d) do not apply because the Court did not enter an injunction. In particular, the Court explained that its order, which vacated the Venezuela vacatur, the Venezuela termination, and the Haiti partial vacatur under 5 U.S.C. § 706(2), was "a less drastic remedy than an injunction," pointing out "differences between a vacatur," which the Court was issuing, "and an injunction," which the Court was not issuing. ECF 279 at 31. The Court concluded that "there are material differences between APA vacaturs and conventional injunctions." *Id.* And it concluded that "a vacatur under § 706 is, if anything, less akin than postponement under §705 to the equitable remedy of a preliminary injunction." *Id.* at 33. The Court thus concluded that 8 U.S.C. "§ 1252(f)(1), which limits injunctive relief in some circumstances, does not preclude this Court from ordering a vacatur setting aside of agency action under the APA." ECF 279 at 34 (footnote omitted). Accordingly, the Court's judgment, on its own terms, did not grant an injunction, and the exceptions in Rule 62(c) and (d) apply.

Plaintiffs do not address Rule 62 at all. But they can hardly argue that Rule 62(c) or (d) applies to the Court's order, which rested on the view that "there are material differences between APA vacaturs and conventional injunctions" for purposes of § 1252(f)(1), ECF 279 at 31, as that has been their position in this litigation. *See* ECF 67 at 1-3; ECF 257 at 11-12. (By contrast, Defendants have argued that § 1252(f)(1) covers a vacatur that "'restrain[s]' the Secretary from exercising her authority under the TPS statute." ECF 122 at 2; *id.* at 21 ("An order setting aside the Secretary's vacatur and termination decisions would be an order 'restraining' federal officials").) Defendants are aware of no precedent or other basis to conclude that Rule 62 treats a vacatur order under 5 U.S.C. § 706(2) as an injunction—especially where the Court has specifically held that its order is not granting injunctive relief. And if the Court were to conclude that its September 5th judgment is immediately effective because it *is* an injunction for purposes of Rule 62, then 8 U.S.C. § 1252(f)(1) would preclude Plaintiffs' requested relief.

Defendants have not acted in bad faith or with "unclean hands" by following Rule 62 and the Court's conclusion that its vacatur judgment is not an injunction. Plaintiffs accuse Defendants of "blatant disregard for this Court's order." ECF 284 at 4. That is false. Defendants have followed the Federal Rules of Civil Procedure, and have not acted in bad faith by relying on Rule 62(a)'s grant of a 30-day automatic stay "to arrange a stay by other means." Plaintiffs' accusation is at best baseless.

## CONCLUSION

For the foregoing reasons, Plaintiffs Motion for Compliance should be denied.

Dated: September 11, 2025                    Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General

WILLIAM H. WEILAND
Acting Assistant Director

ERIC SNYDERMAN
JEFFREY M. HARTMAN
LAUREN BRYANT
CATHERINE ROSS
DANIEL CAPPELLETTI
SHELBY WADE
Trial Attorneys

/s/ *Shelby Wade*
SHELBY WADE
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 285-8379
Shelby.Wade2@usdoj.gov

*Attorneys for the Defendants*

DEFS.' RESPONSE TO PLAINTIFFS' EMERGENCY MOTION [ECF 286] – No. 3:25-cv-1766