Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Amanda Young (SBN 359753)
ayoung@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Attorneys for Plaintiffs
*[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R., HENDRINA VIVAS CASTILLO, A.C.A., SHERIKA BLANC, VILES DORSAINVIL, and G.S.,<br><br>Plaintiffs,<br><br>vs.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA,<br><br>Defendants. | Case No. 3:25-cv-01766-EMC<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF EMERGENCY MOTION FOR COMPLIANCE WITH COURT ORDER** |

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Eva L. Bitran (SBN 302081)
ebitran@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (*Pro Hac Vice*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, 1H
San Diego, CA 92120
Telephone: (949) 603-7411

# INTRODUCTION

Defendants contend they can disregard the Court's September 5 judgment, and end run the Court's order denying their emergency stay motion, by belatedly pretending that Federal Rule of Civil Procedure 62(a) stayed the effect of the judgment even before they filed their emergency stay motion. This reflects a troubling pattern of post-hoc excuses for unabashed noncompliance. If Defendants had any serious ground for believing Rule 62(a) automatically stayed the judgment, then they never would have filed an emergency stay motion one day after the judgment (on a Saturday no less, and with an urgent deadline for its resolution), let alone a reply in support of their emergency stay motion yesterday. Indeed, it would be sanctionable misconduct to ask this Court to rule on an emergency motion to stay within three court days if the judgment already was automatically stayed for 30 days under Rule 62(a).

Not surprisingly, that is not the only fatal defect in Defendants' Rule 62(a) argument. First, courts have held that even where a judgment is stayed under Rule 62(a) for purposes of collecting monetary judgment—the vast majority of cases in which Rule 62(a) has been applied—the judgment does not lose its effectiveness for other purposes. Second, the Rule does not apply to this case because Rule 62's exceptions were drafted to be consistent with 28 U.S.C. § 1292(a)(1)—the statute governing appellate jurisdiction—which courts have read to apply not just to injunctions but also to other orders sufficiently similar to them. Finally, even if Rule 62(a) could have otherwise applied, the Rule permits this Court to exercise its discretion to make its orders effective immediately. If this Court does not reject Defendants' arguments outright, this Court should exercise its discretion to protect hundreds of thousands of Venezuelan and Haitian TPS holders from unlawful detention and deportation, and for the other reasons it declined to grant the emergency motion to stay.

# ARGUMENT

## I. The Court's Order is Not Automatically Stayed

Despite asking for an emergency stay, Defendants now contend they are not required to comply with this Court's September 5 order because it was stayed automatically pursuant to Federal Rule of Civil Procedure 62(a), which provides for an automatic stay of "proceedings to enforce" a judgment except in, *inter alia,* "an action for an injunction." Fed. R. Civ. P. 62(a), (c). Defendants

then contend that set aside relief under APA Section 706 is not injunctive in nature because this Court concluded it was not injunctive for purposes of the immigration statute's jurisdiction-limiting provision at 8 U.S.C. 1252(f). This argument is meritless for several reasons.

The first threshold problem is that Defendants' position cannot be reconciled with their request for an emergency stay. That alone is reason to reject it, as Defendants should be estopped from arguing such blatantly inconsistent positions. *United States v. Paulson*, 68 F.4th 528, 547 (9th Cir. 2023) (explaining judicial estoppel "exists to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment" (cleaned up)); *id.* at 547 n.29 ("judicial estoppel may be applied to prevent the government from asserting inconsistent legal arguments"); *see also* 18 Moore's Federal Practice § 134.30, p. 134–62 (3d ed. 2000) ("The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding") (cited in *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001)).

Second, even when Rule 62(a)'s automatic stay applies, it "does not purport to make a judgment ineffective" during the stay period. *Fish Mkt. Nominee Corp. v. Pelofsky*, 72 F.3d 4, 6 (1st Cir. 1995); *cf. Huron Holding Corporation v. Lincoln Mine Operating Co.*, 312 U.S. 183, 189 (1941) ("[I]n the federal courts the general rule has long been recognized that while appeal with proper supersedeas stays execution of the judgment, it does not—until and unless reversed—detract from its decisiveness and finality."). Accordingly, even when Rule 62(a) could operate to stay a judgment, a prevailing party may, for example, record a judgment to preserve a lien on property awarded by the judgment. *In re Vanden Bossche*, 125 B.R. 571, 573 (N.D. Cal. 1991). Similarly, even if Rule 62's automatic stay had applied here—which it does not—it would not prevent the Court ordering USCIS to update its website to reflect this Court's judgment and its effect on the status of Venezuela's TPS designation to preserve the relief awarded by the judgment; or from ensuring that Venezuelan TPS holders have adequate opportunity to re-register for the extension which is now in effect as a result of the Court's order.

While these considerations make it unnecessary for this Court to address the question whether Rule 62(a)'s automatic stay rule applies to set aside relief under APA Section 706, if it does

reach that issue, the answer is clear. Rule 62(a) "primarily serves to give one against whom a money judgment is entered time to post a supersedeas bond to stay enforcement of that judgment pending appeal." *Fish Mkt. Nominee Corp.*, 72 F.3d at 6. Defendants cite no authority for the novel proposition that Rule 62 *also* permits federal agencies to decline to comply with final judgments in Administrative Procedure Act cases. It does not.

"When an appeal is taken from a judgment that is not a money judgment or an exception of Rule 62(a) within the strict meaning of those terms, but is comparable to one or the other of these judgments, most of the few courts that have addressed the issue appear (for purposes for Rule 62) to treat the judgment like the judgment to which it is comparable." *In re Cap. W. Invs.*, 180 B.R. 240, 243 (N.D. Cal. 1995) (collecting cases). As such, courts have read Rule 62's reference to injunctions to cover other kinds of orders that are similar in relevant ways. For example, the Ninth Circuit has held that an order enforcing an agency subpoena, although not labeled an injunction, should be treated as one for purposes of Rule 62. *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988); *see also Donovan v. Fall River Foundry Co.*, 696 F.2d 524, 526 (7th Cir. 1982) (holding that an order requiring compliance with an agency inspection should be treated as an injunction for purposes of Rule 62).

An action to set aside unlawful agency action pursuant to APA Section 706 falls within Rule 62's exception for injunctions, because it is similar to an injunction for purposes of the rule. Fed. R. Civ. Pro. 62(c). Rule 62 was explicitly drafted to be consistent with the rules governing appeal of district court orders at 28 U.S.C. § 1292(a)(1). *See* Committee Notes on 2018 Amendment to Fed. R. Civ. P. 62 ("The language [of subdivisions (c) and (d)] is revised to include all of the words used in 28 U.S.C. § 1292(a)(1) to describe the right to appeal from interlocutory actions with respect to an injunction, but subdivisions (c) and (d) apply both to interlocutory injunction orders and to final judgments that grant, refuse, or otherwise deal with an injunction."). Therefore, "injunction" as used in Rule 62 must be interpreted consistently with "injunction" as used in 28 U.S.C. § 1292(a)(1).

As the Ninth Circuit recently recognized in this case, courts have read Section 1292(a)(1) to cover orders that are not injunctions, so long as they have the same "practical effect" as an injunction, under a three-part test. *Nat'l TPS All. v. Noem,* No. 25-2120, 2025 WL 2487771, at *7–*8

(9th Cir. Aug. 29, 2025) ("*NTPSA*") (citing *Carson v. Am. Brands, Inc.*, 450 U.S. 79 (1981)). All of the reasons the Ninth Circuit recently provided for why this Court's order postponing agency action under APA Section 705 was injunctive in nature for purposes of Section 1292(a)(1) apply to this Court's ruling under Section 706 as well. *Id.* (citing *Imm. Defs. Law Ctr. v. Noem*, 145 F.4th 972, 983-84 (9th Cir. 2025) ("*ImmDef*")). While APA Section 705 and 706 differ in certain respects, *see* Dkt. 279 at 63-68 (explaining that relief under Section 705 is anchored to equitable principles, while relief under Section 706 is not), the two types of orders are not materially different for purposes of the *Carson* test, as the Ninth Circuit's recent decisions in this case and *ImmDef* have interpreted it. Regarding the first prong, both 705 and 706 relief halt the implementation of agency action, and therefore have the practical effect of an injunction. *See Nat'l TPS All.*, 2025 WL 2487771, at *7 (finding Section 705 relief injunctive in native because it "pauses the []implementation of" agency action) (citing *ImmDef,* 145 F.4th at 983). On the second *Carson* factor, because the Ninth Circuit found that postponing the termination of TPS had serious consequences, the same is necessarily true of setting the termination aside permanently. *Id.* at *8. Finally, the Ninth Circuit found that the temporary nature of TPS decisions renders them effectively challengeable only by immediate appeal. *Id*. Accordingly, like Section 705 relief, Section 706 relief orders are injunctive for purposes of their immediate appealability under 28 U.S.C. § 1292, and therefore must also be considered injunctive for purposes of Rule 62. Contrary to Defendants' assertion, Opp. at 5, the Ninth Circuit's recent decision in *ImmDef* made clear that an order can be injunctive in nature for purposes of appealability under Section 1292, even though it is not injunctive in nature for purposes of the jurisdiction-stripping provisions of the immigration laws under Section 1252(f)(1). *Compare ImmDef*, 145 F.4th at 983-85 *with id*. at 989-90.

Finally, if the Court is not inclined to reject Defendants' argument on threshold grounds or definitively construe Rule 62 for purposes of Section 706 set aside relief, it can prevent manifest injustice to Plaintiffs and other TPS holders by ordering that its judgment be effective immediately. Rule 62(a) "expressly recognizes the court's authority to dissolve the automatic stay." Committee Notes on 2018 Amendment to Fed. R. Civ. P. 62. Should this Court have any doubt about whether Rule 62(a)'s automatic stay may apply, it should exercise its authority to dissolve the stay for the

reasons given in its order denying Defendants' stay request. Dkt. 296 at 6 ("A stay of the judgment would irreparably harm the individual plaintiffs and the thousands of members of NTPSA who would immediately face the prospect of a return to countries that are so dangerous that even the State Department advises against travel (not to mention loss of the ability to work, drive, and so forth).").

## CONCLUSION

For the foregoing reasons, as well as those set out in Plaintiffs' motion, this Court should grant Plaintiffs' motion and order Defendants to comply with this Court's September 5 order.

Date:  September 11, 2025

Respectfully submitted,

NATIONAL DAY LABORER
ORGANIZING NETWORK

/s/ *Jessica Karp Bansal*
Jessica Karp Bansal
Lauren Michel Wilfong (*Pro Hac Vice*)
NATIONAL DAY LABORER
ORGANIZING NETWORK

Emilou MacLean
Michelle (Minju) Y. Cho
Amanda Young
ACLU FOUNDATION
OF NORTHERN CALIFORNIA

Ahilan T. Arulanantham
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW

Eva L. Bitran
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA

Erik Crew (*Pro Hac Vice*)
HAITIAN BRIDGE ALLIANCE

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2025, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

NATIONAL DAY LABORER ORGANIZING NETWORK

/s/ *Jessica Karp Bansal*
Jessica Karp Bansal