United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NATIONAL TPS ALLIANCE, et al.,
Plaintiffs,

v.

KRISTI NOEM, et al.,
Defendants.

Case No. 25-cv-01766-EMC

**ORDER GRANTING PLAINTIFFS' MOTION FOR COMPLIANCE**

Docket No. 286

Currently pending before the Court is Plaintiffs' motion for compliance. The Court held a hearing on the motion on September 11, 2025. This order memorializes the Court's rulings.

Plaintiffs' motion for compliance is **GRANTED**. Contrary to what the government argues, the final judgment setting aside agency action went into immediate effect. The automatic stay provided for in Federal Rule of Civil Procedure 62(a) is not applicable. *See* Fed. R. Civ. P. 62(a) ("Except as provided in Rule 62(c) and (d), execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise."). Had that provision been applicable, then there would have been no need for the government to immediately move to stay once the final judgment was entered. Furthermore, Rule 62(a) "primarily serves to give *one against whom a money judgment is entered* time to post a supersedeas bond to stay enforcement of that judgment pending appeal." *Fish Mkt. Nominee Corp. v. Pelofsky*, 72 F.3d 4, 6 (1st Cir. 1995) (emphasis added). Here, no monetary relief was issued (or even sought).

Under Rule 62(c), there was no automatic stay in the case at bar. *See* Fed. R. Civ. P. 62(c) ("Unless the court orders otherwise, the following are *not* stayed after being entered, even if an appeal is taken: (1) an interlocutory or final judgment in an action for an injunction or receivership

. . . .") (emphasis added). The government's contention that Rule 62(c) does not apply in the instant case because this lawsuit was not "an action for an injunction" is not well supported. The government reads the phrase "action for an injunction" narrowly. But that position is inconsistent with the legislative history for Rule 62 as well as case law.

- On the former, the 2018 advisory committee notes for Rule 62 point out that the language used in Rule 62 mimics the language used in 28 U.S.C. § 1292(a)(1), which "describe[s] the right to appeal from interlocutory actions with respect to an injunction."[1] Fed. R. Civ. P. 62 (noting that Rule 62's "language is revised to include all of the words used in 28 U.S.C. § 1292(a)(1)"). And "injunction" as used in § 1292(a)(1) covers not just injunctions in the traditional or conventional sense but also orders that have the *practical effect* of an injunction. *See NTPSA v. Noem*, No. 25-22269, at *24 (9th Cir. Aug. 29, 2025) (noting that, under Supreme Court case law, a circuit court has appellate jurisdiction under § 1292(a)(1) if an order, *inter alia*, "has the practical effect of the grant or denial of an injunction"; also holding that "a section 705 postponement has the practical effect of a preliminary injunction because it 'pauses the []implementation of' agency action"). As the Court's final judgment setting aside agency action under the APA has the practical effect of an injunction for purposes of §1292(a)(1), *see id.*, it likewise falls within Rule 62(c).
- Courts – including the Ninth Circuit – have indicated that Rule 62's reference to "injunctions" is not limited to traditional or conventional injunctions. *See, e.g.*, *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988) (where defendant appealed a district court order directing compliance with agency subpoenas, rejecting

[1] *Compare, e.g.*, Fed. R. Civ. P. 62(d) (providing that, "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights"), *with* 28 U.S.C. § 1292(a)(1) (providing that, with certain exceptions, "the courts of appeal shall have jurisdiction of appeals from: . . . [i]nterlocutory orders of the district courts . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions").

> defendant's contention that (1) the district court's order should not be treated as an injunction for Rule 62 purposes and therefore (2) he was entitled to a stay upon the filing of a supersedeas bond; "[t]he posting of a bond protects the prevailing plaintiff from the risk of a later uncollectible judgment and compensates him for delay in the entry of the final judgment" but, "[w]hen applied to a subpoena compliance order, this protection is largely meaningless"); *Donovan v. Fall River Foundry Co.*, 696 F.2d 524, 526 (7th Cir. 1982) (stating that Rule 62's provision giving an appellant the right to a stay conditioned on the posting of a bond "makes little sense as applied to an order to do, rather than order to pay, whether or not the order to do is a conventional injunction"); *In re Cap. W. Investors*, 180 B.R. 240, 243 (N.D. Cal. 1995) (stating that, "[w]hen an appeal is taken from a judgment that is not a money judgment or an exception of Rule 62(a) within the strict meaning of those terms, but is *comparable* to one or the other of these judgments, most of the few courts that have addressed the issue appear (for purposes of Rule 62) to treat that judgment like the judgment to which it is comparable") (emphasis added).

Finally, even if the government were correct that the final judgment in the case at bar was not immediately effective, Rule 62(a) expressly gives the Court the authority to give the final judgment immediate effect. Out of an abundance of caution, the Court makes clear the final judgment is to be given immediate effect (although for the reasons stated above, the final judgment went into immediate effect once it was entered).

The Court now turns to the issue of remedy. Plaintiffs ask the Court to provide relief with respect to (1) a government website run by USCIS on which, *e.g.*, state and local governments and employers rely and (2) a government online registration portal used by non-citizens to register to become TPS holders. The Court grants Plaintiffs' request for relief.

The government shall modify the website so that it accurately reflects that the Mayorkas extension remains in effect.[2] The modification shall be published on the website no later than 5:00

[2] Should a higher court rule otherwise, that ruling would take precedence over this order.

p.m. EST, September 12, 2025. Absent such action, the judgment setting aside the Secretary's action will be meaningless.

As for the online registration portal, Plaintiffs have provided evidence that there are Venezuelans who sought to register via the portal on September 10, 2025 – the last day of registration under the Mayorkas extension – but that the portal did not allow them to do so. At the hearing, the government represented that there was a technical problem with the portal for a period of about 12 hours,[3] a substantial part of which would be considered normal business hours. As the government concedes that non-citizens were unable to register through no fault of their own, and that there was some kind of problem with the portal for a significant period of time and on a critical date (the last date of registration under the Mayorkas extension), the Court finds the relief sought by Plaintiffs appropriate. The government shall re-open the registration window for Venezuelans for at least twenty-four (24) hours and further shall provide Plaintiffs' counsel with at least four (4) hours' notice prior to reopening. It shall do so within the next two business days. Venezuelans who register during this period shall be deemed to have registered within the deadline provided by the Mayorkas extension. The government has leave to file a declaration, if it so wishes, regarding the asserted technical problem with the portal, in order to complete the record in the event of an appeal. Any such declaration shall be filed by 5:00 p.m. EST, September 12, 2025.

This order disposes of Docket No. 286.

**IT IS SO ORDERED**.

Dated: September 11, 2025

EDWARD M. CHEN
United States District Judge

[3] The parties do not agree about the exact timing.