Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Amanda Young (SBN 359753)
ayoung@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Attorneys for Plaintiffs
*[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R., HENDRINA VIVAS CASTILLO, A.C.A., SHERIKA BLANC, VILES DORSAINVIL, and G.S.,<br><br>           Plaintiffs,<br><br>    vs.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA,<br><br>           Defendants. | Case No. 3:25-cv-01766-EMC<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR COMPLIANCE WITH COURT ORDERS [ECF 279 & 162]** |

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Eva L. Bitran (SBN 302081)
ebitran@aclusocal.org
Diana Sanchez (SBN 338871)
dianasanchez@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (*Pro Hac Vice*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, Suite 1H
San Diego, CA 92120
Telephone: (949) 603-7411

PLEASE TAKE NOTICE THAT, on October 30, 2025, or as soon thereafter as this matter may be heard before the district court judge of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, assigned to this matter, Plaintiffs move for Compliance with this Court's Order Granting Plaintiffs' Motion for Summary Judgment and Denying Defendants' Motion for Summary Judgment; and Denying Defendants' Motion to Dismiss (ECF 279) and Order Granting in Part and Denying in Part Plaintiffs' Motion to Preserve (ECF 162).

This Motion is based upon this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the supporting declaration and evidence filed concurrently herewith; all prior pleadings and filings in this case; any additional matter of which the Court may take judicial notice; and such further evidence or argument as may be presented before, at, or after the hearing.

Dated: October 21, 2025

Respectfully submitted,

ACLU FOUNDATION
OF NORTHERN CALIFORNIA

*/s/ Emilou MacLean*
Emilou MacLean
Michelle (Minju) Y. Cho
Amanda Young

Lauren Michel Wilfong (*Pro Hac Vice*)
Jessica Karp Bansal
NATIONAL DAY LABORER ORGANIZING NETWORK

Ahilan T. Arulanantham
CENTER FOR IMMIGRATION LAW AND POLICY, UCLA SCHOOL OF LAW

Eva L. Bitran
Diana Sanchez
ACLU FOUNDATION OF SOUTHERN CALIFORNIA

Erik Crew (*Pro Hac Vice*)
HAITIAN BRIDGE ALLIANCE

Attorneys for Plaintiffs

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

On September 5, 2025, this Court set aside Defendants' decision to "vacate" the January 17, 2025 extension of Temporary Protected Status ("TPS") for Venezuela. ECF 279 at 68. At Defendants' request, the Supreme Court stayed that decision on October 3. However, the Supreme Court's stay does not affect specific relief for Venezuelan TPS holders who were granted, pursuant to the January 17, 2025 TPS extension, an automatic extension of their employment authorization documents. This Court separately ordered relief for a subset of TPS holders who were already issued documents on May 30, ECF 162 at 11 ("Preservation Order"), and again on September 5 in the Court's summary judgment order, holding that Department of Homeland Security Secretary Noem exceeded her statutory authority and acted arbitrarily when she purported to invalidate TPS-related documentation that had already been issued pursuant to the January TPS extension. ECF 279 at 43 ("Summary Judgment Order"). The Court's orders followed from, and are consistent with, the Supreme Court's May 19 stay decision.

Defendants never appealed the May 30 decision. Defendants also made explicit in their briefing to the Supreme Court seeking a stay of this Court's summary judgment order that they did not challenge this Court's grant of that relief to qualifying TPS holders—in either the May 30 preliminary relief order or the September 5 summary judgment order. Nonetheless, after the Supreme Court's October 3, 2025 stay grant, Defendants inexplicably changed their website to limit the availability of that relief. Defendants' website now incorrectly states that the only TPS holders who are entitled to automatic extension of their employment authorization are those who also "have a Form I-94 issued with October 2, 2026 expiration dates." As a result, TPS holders who won relief before this Court which Defendants never contested in their stay litigation are now being deprived of employment authorization when they should be entitled to work.

In its May 30 order, this Court granted relief to two distinct groups of TPS holders who had received documentation on or before February 5, 2025: (1) TPS holders who received TPS-related documentation (including Forms I-94 and final approvals of TPS applications) issued with October 2, 2026 expiration dates; and (2) TPS holders who received Notices of Action acknowledging receipt

1

1  of their applications for employment authorization and automatically extending their employment
2  authorization by up to 540 days. Defendants did not appeal this order.

3        On September 5, 2025, this Court granted Plaintiffs' motion for partial summary judgment
4  and again held that, "even if Secretary Noem had some implicit authority to vacate, she clearly
5  exceeded the scope of any such authority by effectively canceling TPS documentation that had
6  already issued under the Mayorkas extension." ECF 279 at 43. In its applications to stay the Court's
7  partial summary judgment order, Defendants made clear that the appellate courts need not review
8  this Court's determination as to the validity of documents issued on or before February 5, 2025,
9  because Defendants were not challenging this aspect of the Court's decision. *See* Motion to Stay
10 Partial Summary Judgment at 12 n.4 (9th Cir. Sept. 12, 2025) (citing the District Court's holding on
11 this issue and explaining that "[f]or purposes of seeking a stay, the government does not address
12 whether the Secretary lacks authority to revoke already-issued TPS documents"); Stay Application at
13 21 n.12 (S. Ct. Sept. 19, 2025) (explaining that the Court need not reach the question of whether the
14 Secretary lacks authority to revoke any TPS documentation that the agency issued before the
15 Secretary vacated the noticed extension because "the government has not sought further review of
16 the district court's [] order 'grant[ing] relief to those Venezuelan TPS holders who received TPS-
17 related documentation based on the Mayorkas extension up to and including February 5, 2025 . . .
18 .'")

19       Defendants previously updated the USCIS website to accurately reflect the Court's May 30
20 and September 5 orders related to automatic extension of employment authorization. ECF 213-3. Yet
21 Defendants inexplicably changed this language after the Supreme Court granted a stay. Plaintiffs
22 have repeatedly brought the issue to Defendants' attention, but they have failed to respond to emails
23 regarding this issue. To ensure compliance with this Court's May 30 and September 5, 2025 orders,
24 Plaintiffs request that this Court order Defendants to revise the USCIS website to accurately reflect
25 the categories of TPS-related documentation that remain valid under this Court's May 30 and
26 September 5, 2025 orders.

# BACKGROUND

### A.     This Court's May 30, 2025 and September 5, 2025 Orders

On May 19, 2025, the Supreme Court stayed this Court's March 31, 2025 order postponing the effective date of the vacatur and termination of Venezuela's 2023 TPS designation. ECF 140. The second paragraph of the Supreme Court's order stated that its ruling was without prejudice to a potential challenge to the vacatur "insofar as it purports to invalidate" certain already-issued TPS-related documentation. *Id.* On May 21, 2025, Plaintiffs filed a Motion to Preserve Status and Rights Under Section 705 based on the Supreme Court's order. ECF 144.

On May 30, 2025, following briefing and argument, this Court granted in part Plaintiffs' motion. ECF 162. This Court held that Secretary Noem's purported invalidation of TPS-related documentation issued on or before February 5, 2025 exceeded her authority under the TPS statute. *Id.* at 4-6. The Court also held that Secretary Noem's failure to consider the distinct reliance interests of individuals who had received such documentation was arbitrary and capricious. *Id.* at 6. After analyzing the Supreme Court's stay order, the plain language of 8 U.S.C. § 1254a(d)(3), and considering reliance interests, the Court held that "relief should be given to not only those TPS holders who received documentation concretely reflecting final approval of legal status or work authorization through October 2, 2026 . . . but also documentation issued to TPS holders because of the extension, even if it did not explicitly bear the October 2, 2026 date or was not a formal final approval document . . . ." *Id.* at 8. As such, the Court granted relief to two distinct groups of TPS holders who received documentation on or before February 5, 2025: (1) TPS holders who received TPS-related documentation (including Forms I-94 and final approvals of TPS applications) issued with October 2, 2026 expiration dates; and (2) TPS holders who received Notices of Action acknowledging receipt of their applications for employment authorization and automatically extending their employment authorization by up to 540 days. *Id.* at 10-11. Defendants did not appeal the Court's Preservation Order.

On September 5, 2025, this Court granted Plaintiffs' motion for partial summary judgment. ECF 279. Referring back to the Court's Preservation Order, the Court again concluded on the same grounds that "even if Secretary Noem had some implicit authority to vacate, she clearly exceeded the

3

scope of any such authority by effectively canceling TPS documentation that had already issued under the Mayorkas extension." *Id.* at 43. The Court also entered partial final judgment under Rule 54(b) in favor of Plaintiffs on the APA claims related to the Venezuela vacatur, Venezuela termination, and Haiti vacatur. *Id.* at 68-69.

On September 12, 2025, Defendants filed a motion to stay this Court's Summary Judgment Order at the Ninth Circuit. Consistent with the Supreme Court's May 19 stay decision and this Court's orders, Defendants expressly stated that they were not seeking a stay of the Court's ruling that TPS documentation issued on or before February 5, 2025, remained valid. Appellants' Motion for a Stay Pending Appeal and Motion for an Immediate Administrative Stay at 12 n.4 (9th Cir. Sept. 12, 2025) ("For purposes of seeking a stay, the government does not address whether the Secretary lacks authority to revoke already-issued TPS documents" (citing *Noem v. Nat'l TPS All*. --- S.Ct. --- , 2025 WL 1427560 at *1 (May 19, 2025) and ECF 279 at 42-43)). The Ninth Circuit denied Defendants' motion. ECF 23.1 (9th Cir. Sept. 17, 2025).

On September 19, 2025, Defendants filed a stay application with the Supreme Court. Again, Defendants made clear that their stay application did not extend to the Court's order that TPS documentation issued under the Mayorkas extension on or before February 5, 2025 remained valid. Stay App at 21 n.12. (S. Ct. Sept. 19, 2025) ("[T]he government has not sought further review of the district court's [] order 'grant[ing] relief to those Venezuelan TPS holders who received TPS-related documentation based on the Mayorkas extension up to and including February 5, 2025 . . . .'"). The Supreme Court granted Defendants' Stay Application. 606 U. S. ____ (Oct. 3, 2025) ("The application for stay presented to JUSTICE KAGAN and by her referred to the Court is granted").

**B.    Defendants' Updates to the USCIS Website**

In June 2025, Defendants updated the USCIS website to accurately reflect that, consistent with this Court's May 30, 2025 Preservation Order, "TPS beneficiaries who received Notices of Action indicating receipt of a Form I-765 renewal application that were issued on or before February 5, 2025, automatically extending their employment authorization and EADs with a 'Card Expires' date of April 2, 2025 for 540 days, will maintain that employment authorization pending resolution of that litigation." ECF 213-3 (USCIS website as of June 23, 2025). As Defendants have

4

represented, they did not challenge the Court's May 30 Preservation Order or the relevant portion of the Court's September 5 Summary Judgment Order. Stay App. at 21 n.12. However, after the Supreme Court granted Defendants' Stay Application on October 3, 2025, Defendants inexplicably removed the above compliant language from the USCIS website.

At some point between October 3 and 7, the webpage was updated to state:

> ALERT: After reviewing country conditions and consulting with the appropriate U.S. government agencies, Secretary of Homeland Security Kristi Noem determined that Venezuela no longer meets the conditions for its designation for Temporary Protected Status (TPS), and that the termination of the 2023 Venezuela TPS designation is required as it is contrary to the national interest. On October 3, 2025, the Supreme Court allowed the termination to take immediate effect. **TPS beneficiaries who received an Employment Authorization Document on or before February 5, 2025, with a 'Card Expires' date of October 2, 2026, will maintain work authorization until October 2, 2026**.

Exh. A (emphasis added).

On October 7, Plaintiffs alerted Defendants that the website was updated in a manner that was not compliant with this Court's orders and their representations to the Ninth Circuit and the Supreme Court, and requested that Defendants update the website to accurately reflect this Court's order by October 9. Exh. C. Plaintiffs did not receive a response to this request, but Plaintiffs' counsel observed on October 14 that Defendants updated the website to partially address this issue. *See* Declaration of Emilou MacLean, ¶ 4; *id.*, Exh. B. The language nonetheless remains inaccurate. The updated language says:

> Pursuant to the U.S. District Court for the Northern District of California's order dated May 30, 2025, if you re-registered under the previously vacated Jan. 17, 2025 Extension of the 2023 Designation of Venezuela, **and have a Form I-94 issued with October 2, 2026 expiration dates on or before Feb. 5, 2025**, and you have a pending EAD renewal application that was received before Feb. 6, 2025, that notice automatically extends the validity of your EAD issued under the TPS designation of Venezuela with an original expiration date of Sept. 10, 2025 or April 2, 2025 for up to 540 days.
>
> To prove that you are authorized to work in the United States, you may show the following documentation to your employer. Government agencies may also accept these documents to determine your immigration status:
>
> ● Your TPS-related EAD with a Sept. 10, 2025 or April 2, 2025 expiration date; and

- Your Receipt Notice for your Form I-765, Application for Employment Authorization, with a Received Date before Feb. 6, 2025.

Exh. B (emphasis added). This language continues to affirmatively misrepresent that in order for one's work permit to remain valid, a TPS beneficiary must have received a Form I-94 with an October 2, 2026 expiration date.

On October 14, Plaintiffs again contacted Defendants, to alert them to the continued incorrect information on Defendants' webpage, and to again request that the webpage be updated to accurately reflect the Court's order by October 16, for example by simply removing "and have a Form I-94 issued with October 2, 2026 expiration dates on or before Feb. 5, 2025" from the above paragraph. Exh. C. Plaintiffs again did not receive a response. On October 20, Plaintiffs' counsel called Defendants' counsel to follow up on Plaintiffs' emails. Defendants were unable to provide a substantive response by telephone, and provided no further substantive response in writing. Declaration of Emilou MacLean ¶ 6. On October 21, Plaintiffs advised Defendants that, given the lack of response, they would be compelled to seek relief from the Court and sought Defendants' position on this motion and on Plaintiffs' intended Motion for Order Shortening Time and Setting Schedule re: Plaintiff's Motion for Compliance with Court Orders [ECF 279 & 162]. *Id.* ¶ 7. At the time of this filing, Defendants have not provided their position on Plaintiffs' motions. *See id.*

### C. Harms from Defendants' Noncompliance with the Court's Orders

Defendants' failure to comply with the Court's orders has resulted in ongoing harm to Venezuelan TPS holders. Venezuelan TPS holders who should be employment authorized as a result of this Court's May 30 and September 5 orders have either been fired from their jobs, or are facing the imminent threat that they will be fired, because the changes that Defendants have made to the USCIS website for Venezuela's TPS designation state, incorrectly, that TPS holders are only eligible for an auto-extension of their employment authorization if they *also* have a Form I-94 issued with October 2, 2026 expiration dates on or before February 5, 2025. *See* Declaration of J.M., ¶¶ 6-8; Declaration of J.A.B., ¶¶ 7-8; Declaration of M.L., ¶¶ 6-8. For instance, J.M, the father of an infant, lost his job on October 8, 2025 due to Defendants' inaccurate changes to their USCIS website. *See* Declaration of J.M., ¶ 8. J.M.'s employer stated that they could no longer accept J.M.'s receipt

notice and instead needed an updated EAD card. *Id.* ¶ 7. Other Venezuelan TPS holders that are similarly harmed by Defendants' noncompliant USCIS website because 1) the USCIS website is Defendants' public expression of the current state of the law; 2) USCIS instructs employers to refer to this exact webpage when calculating and documenting EAD extensions to comply with Form I-9 requirements. *See* Automatic Extensions Based on a Timely Filed Application to Renew Employment Authorization and/or Employment Authorization Document, https://www.uscis.gov/i-9-central/form-i-9-resources/handbook-for-employers-m-274/50-automatic-extensions-of-employment-authorization-andor-employment-authorization-documents-eads-in/51-automatic-extensions-based-on-a-timely-filed-application-to-renew-employment-authorization ("Employers should also enter "EAD EXT" in the Additional Information field and may keep a copy of the USCIS webpage describing the extension of up to 540 days with the employee's Form I-9, if applicable.").

## ARGUMENT

### I. THIS COURT SHOULD ORDER DEFENDANTS TO BRING THE USCIS WEBSITE TO COMPLIANCE WITH THIS COURT'S SEPTEMBER 5 ORDER

Pursuant to this Court's May 30 and September 5 orders, TPS holders who received notices of action granting 540-day automatic extensions of their employment authorization pursuant to the January 17, 2025 extension on or before February 5, 2025 *remain authorized to work* pending resolution of this case on the merits. ECF 279 at 42-43, 68; ECF 162 at 11. But you would not know that from USCIS's website.

Instead, USCIS's website affirmatively misrepresents the scope of this Court's orders. It indicates that relief is limited to TPS beneficiaries who "re-registered under the previously vacated Jan. 17, 2025 Extension of the 2023 Designation of Venezuela, **and have a Form I-94 issued with October 2, 2026 expiration dates on or before Feb. 5, 2025**, and [] have a pending EAD renewal application that was received before Feb. 6, 2025." Exh. C (emphasis added). But this Court's orders apply to all "Venezuelan TPS holders who received TPS-related documentation based on the Mayorkas extension up to and including [on] February 5, 2025," not only the subset of those individuals who received a Form I-94. ECF 279 at 43 (quoting ECF 162 at 10).

7

1    This Court unquestionably has authority to enforce compliance with this portion of the May 30 and September 5 orders. *See, e.g.*, *Shillitani v. United States*, 384 U.S. 364, 370 (1966) (discussing courts "inherent power to enforce compliance with their lawful order"). The relief ordered by the Court remains valid as Defendants did not appeal the May 30 order, and the relevant portion of this Court's September 5 order is outside the scope of the Supreme Court's stay, pursuant to Defendants' express representations. Plaintiffs respectfully request that the Court order compliance with its orders by directing Defendants to revise USCIS's website to once again state that Notices of Action that automatically extended TPS holders' employment authorization for up to 540 days pursuant to the January 17, 2025 extension of Venezuela's TPS designation remain valid pending resolution of this case, provided they were received on or before February 5, 2025.

## CONCLUSION

For the reasons stated above, the Court should grant Plaintiffs' Motion for Compliance and order Defendants to correct their website to accurately reflect this Court's orders and the position Defendants themselves took before the Supreme Court.

Dated: October 21, 2025

Respectfully submitted,

ACLU FOUNDATION
OF NORTHERN CALIFORNIA

*/s/ Emilou MacLean*
Emilou MacLean
Michelle (Minju) Y. Cho
Amanda Young

Lauren Michel Wilfong (*Pro Hac Vice*)
Jessica Karp Bansal
NATIONAL DAY LABORER ORGANIZING NETWORK

Ahilan T. Arulanantham
CENTER FOR IMMIGRATION LAW AND POLICY, UCLA SCHOOL OF LAW

Eva L. Bitran
Diana Sanchez
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA

Erik Crew (*Pro Hac Vice*)
HAITIAN BRIDGE ALLIANCE

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2025, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

ACLU FOUNDATION
OF NORTHERN CALIFORNIA

*/s/ Emilou MacLean*
Emilou MacLean