Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Amanda Young (SBN 359753)
ayoung@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Attorneys for Plaintiffs
*[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R., HENDRINA VIVAS CASTILLO, A.C.A., SHERIKA BLANC, VILES DORSAINVIL, and G.S., <br><br> Plaintiffs, <br><br> vs. <br><br> KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA, <br><br> Defendants. | Case No. 3:25-cv-01766-EMC <br><br> **DECLARATION OF J.A.B. IN SUPPORT OF PLAINTIFFS' MOTION FOR COMPLIANCE** |

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Eva L. Bitrán (SBN 302081)
ebitran@aclusocal.org
Diana Sánchez (SBN 338871)
dianasanchez@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (*Pro Hac Vice*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, Suite 1H
San Diego, CA 92120
Telephone: (949) 603-7411

**DECLARATION OF J.A.B.**

I, J.A.B., declare:

1. I came to the United States in December 2020 and have held valid TPS status since 2021. I live in Florida. I live with my lawful permanent resident sister and U.S. citizen brother-in-law.

2. I work for Royal Caribbean Group as an H.R. specialist. I am 27 years old. I am fluent in English, Spanish, and Italian. I have a degree in communications with a minor in public relations and marketing from a university in Venezuela. I have never been arrested or convicted of a crime in the U.S. or anywhere else.

3. In January 2025, I re-registered for TPS and applied to renew my work permit at the same time. I received receipt notices for both of those applications on January 23, 2025. My work authorization receipt indicates that I will have work authorization for 540 days from the date of the notice.

4. After Judge Chen's order in September, my employer told me that I would be authorized to work through April 2026. But then, when the Supreme Court stayed Judge Chen's order, my employer told me that they would not recognize my work authorization beyond November 7, 2025, when the 2021 TPS Venezuela designation expires.

5. My understanding is that, because I renewed my work permit before February 5, 2025, I will retain work authorization for 540 days after the expiration date on my work permit.

6. I check the USCIS website almost every day to see what it says about TPS for Venezuela. When the USCIS website was updated around October 10 to reflect the ongoing work authorization of people who renewed prior to February 5,2025, I sent my employer an email with a link to the website. I explained that I fall under that group and I attached a copy of my work permit receipt notice.

7. On Monday, October 13, 2025, I met with representatives of Royal Caribbean Group. I explained why I believe that my work authorization will remain valid for 540 days after the expiration date printed on my employment authorization document. However, my employer refused to accept this. They said that I do not fall under the category of people whose work authorization is extended because I was initially registered under the 2021 designation. I explained that I re-registered in January under the 2023 designation, and sought an EAD based on that re-registration, and had showed them my proof that I received a receipt with an

auto-extension of my EAD for 540 days based on that application. Despite this, after the Supreme Court's stay decision and based on the language in the USCIS website, my employer insisted that my last day of authorized work will be November 7, 2025, unless I can provide them with other proof of employment authorization or clarity from USCIS that my existing documentation remains valid.

8. At this point, unless the website is clarified, I am facing losing my job in a matter of weeks. I rely on my income to support myself and cover rent, groceries and daily expenses. I am facing losing all of my income and my health insurance. I don't know what I will do. My anxiety is through the roof because I am facing so much uncertainty. I don't want to abandon my life here and be separated from my family.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 21, 2025 in Florida.

J.A.B

_____

J.A.B.

DECLARATION OF J.A.B. IN SUPPORT OF PLAINTIFFS' MOTION FOR COMPLIANCE –
CASE NO. 3:25-CV-01766-EMC