Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Amanda Young (SBN 359753)
ayoung@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Attorneys for Plaintiffs
*[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R., HENDRINA VIVAS CASTILLO, A.C.A., SHERIKA BLANC, VILES DORSAINVIL, and G.S.,<br><br>Plaintiffs,<br><br>vs.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA,<br><br>Defendants. | Case No. 3:25-cv-01766-EMC<br><br>**DECLARATION OF J.M. IN SUPPORT OF PLAINTIFFS' MOTION FOR COMPLIANCE** |

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Eva L. Bitrán (SBN 302081)
ebitran@aclusocal.org
Diana Sánchez (SBN 338871)
dianasanchez@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (*Pro Hac Vice*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, Suite 1H
San Diego, CA 92120
Telephone: (949) 603-7411

# DECLARATION OF J.M.

I, J.M., declare:

1. I came to the United States in 2022. I live in Virginia with my wife and our 6 month old daughter. My wife and I qualified for TPS under the 2023 designation and we received TPS approval and work permits. My daughter is a U.S. citizen. I am 33 years old. I am a law abiding person, and I have not had even a speeding ticket in the U.S. or any other country.

2. In Venezuela, I earned a degree in electrical engineering. In the U.S., I worked as an electrician for a commercial electricity company. I held that job for more than one year and, after my daughter was born, I earned enough to support my family while my wife stayed home with our infant daughter.

3. In January 2025, after TPS for Venezuela was extended, I submitted applications to re-register for TPS and to renew my work permit. I received receipt notices on January 23, 2025.

4. Following Judge Chen's May 30, 2025 decision, I understood that my work authorization was automatically extended because I was issued a receipt notice with that language before February 5, 2025. The May 30, 2025 decision, and the later change to the USCIS website for TPS for Venezuela, made clear that I was one of the people covered by the order, and with continued work authorization. I was relieved that I would be able to keep working, especially since I had a new baby at home.

5. In October, 2025, shortly after the Supreme Court issued the stay order, the company called my boss and told him that I could no longer work there because TPS was no longer valid.

6. I contacted Human Resources and sent them all of my documentation that I believed would show that my work authorization remained valid, as it had been before, because I had re-registered promptly after the January TPS extension for Venezuela. I attached my work permit, my renewal receipt, and my TPS documents. I also took a screenshot of the USCIS website and attached that. I also included a letter from the Venezuelan American Caucus explaining that my work authorization was valid because I had a receipt notice granting me an automatic extension.

7. It didn't matter. HR wrote back to me, "we have confirmed with our attorney that we cannot accept receipt notices for extensions after the most recent TPS changes. While it is true that

there used to be an auto-extension, now we still need the updated EAD card." It didn't make any sense to me, as I believed that the auto-extension should still be valid, and was not challenged by the government.

8. On October 8, 2025, I was let go from my job. They told me that if I could provide a valid work permit within 60 days, I would be re-hired. If the USCIS website is updated to clarify that I still have work authorization, I may be able to get my job back. If not, I do not know what we will do as I do not have a way to convince my employer, or another prospective employer, that I have valid work authorization even though my receipt notice says that I applied and should be entitled to an auto-extension of my prior work authorization.

9. In the meantime, I am afraid to leave the house. I worry that I could be arrested by ICE and be separated from my wife and baby. Before, I left for work because I had to support my family, and felt that I had a purpose even as things have been so difficult. Now, I cannot even do that. I never imagined that we would be in a situation like this.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 21, 2025 in Virginia.



J.M.