Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Amanda Young (SBN 359753)
ayoung@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Attorneys for Plaintiffs
*[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R., HENDRINA VIVAS CASTILLO, A.C.A., SHERIKA BLANC, VILES DORSAINVIL, and G.S.,<br><br>Plaintiffs,<br><br>vs.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA,<br><br>Defendants. | Case No. 3:25-cv-01766-EMC<br><br>**DECLARATION OF EMILOU MACLEAN IN SUPPORT OF PLAINTIFFS' MOTION FOR ORDER SHORTENING TIME AND SETTING SCHEDULE** |

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Eva L. Bitran (SBN 302081)
ebitran@aclusocal.org
Diana Sanchez (SBN 338871)
dianasanchez@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (*Pro Hac Vice*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, Suite 1H
San Diego, CA 92120
Telephone: (949) 603-7411

**DECLARATION OF EMILOU MACLEAN**

I, Emilou MacLean, declare:

1. I am an attorney at law duly licensed and entitled to practice in the State of California. I am an attorney with the ACLU Foundation of Northern California and counsel of record in this action. I have personal knowledge of the following facts and, if called as a witness, I could and would testify competently as follows.

2. This Motion is being filed concurrently with Plaintiffs' Motion for Compliance. Thus, the Court has not yet set a briefing schedule or hearing date for the Motion for Compliance.

3. On September 5, 2025, this Court set aside Defendants' decision to "vacate" the January 17, 2025 extension of Temporary Protected Status ("TPS") for Venezuela. At Defendants' request, the Supreme Court stayed that decision on October 3. ECF 279. However, this stay does not affect specific relief for Venezuelan TPS holders who were granted, pursuant to the January 17, 2025 TPS extension, an automatic extension of their employment authorization documents. This Court separately ordered this relief on May 30, as well as in its September 5 summary judgment order, holding that Department of Homeland Security Secretary Noem exceeded her statutory authority and acted arbitrarily when she purported to invalidate TPS-related documentation that had already been issued pursuant to the January TPS extension. ECF 162; ECF 279 at 42-43. This decision followed from, and was consistent with, the Supreme Court's May 19 stay decision.

4. Defendants previously updated the USCIS website to accurately reflect the Court's May 30 and September 5 orders related to automatic extension of employment authorization. ECF 213-3. Despite Defendants' clear statements that they have not appealed this portion of the May 30 order, or sought a stay of this portion of the September 5 order, Defendants inexplicably changed their website to limit the TPS holders who remain entitled to continued employment authorization which had already been granted to them. The website now incorrectly states that the only TPS holders who are entitled to automatic extension of their employment authorization are those who also "have a Form I-94 issued with October 2, 2026 expiration dates."

5. As a result, members of Plaintiff National TPS Alliance (and, presumably, other TPS holders) have been, and risk being, deprived of employment authorization because employers believe, based on the incorrect information on USCIS's website, that these workers' employment authorization is no longer valid.

6. Plaintiffs' Motion for Compliance seeks to remedy this harm and ensure compliance with this Court's May 30 and September 5 orders by requesting that this Court order Defendants to revise the USCIS website to accurately reflect the categories of TPS-related documentation that remain valid under this Court's May 30 and September 5 orders.

7. Plaintiffs alerted Defendants to this compliance issue on Tuesday, October 7, 2025 and requested that Defendants correct the webpage by October 9. On October 14, after noticing that Defendants had updated the webpage but that the updated language continued to reflect inaccurate information that misrepresented the court's orders, Plaintiffs again emailed Defendants, alerting them to this issue and requesting that they correct the webpage by October 16. *See* Motion for Compliance with Court Orders [ECF 279 & 162] Exh. A. On October 21, Plaintiffs' counsel called Defendants' counsel to discuss this issue, however Defendants' counsel was unable to give a substantive response by phone, and has provided no substantive response as of the time of this filing via email. *Id.* On Tuesday, October 21, counsel for Plaintiffs notified Defendants of their intent to file the Motion for Compliance and the instant motion to shorten time, and requested Defendants' position on these motions. Counsel for Defendants contacted me by telephone at 4 PM and identified that he was waiting for further information from his client regarding Defendants' response to this request. I have not received any further communication from Defendants about their position on these motions, or related to the noncompliance with the Court orders, since that phone call. A true and correct copy of the October 7, 14, and 21 email exchange is attached as Exh. A.

8. Good cause exists for the parties to brief and for this Court to hear Plaintiffs' Motion for Compliance on an expedited timeframe, as members of Plaintiff National TPS Alliance are, or are at imminent risk of, suffering irreparable harm in violation of their fundamental reliance interests, as described in the Motion for Compliance and attached declarations, including deprivation

of their employment authorization and ability to work, as a result of Defendants' failure to bring USCIS's website into compliance with this Court's May 30 and September 5 orders.

9. Good cause also exists because this Court has already been briefed on and ruled on most of the issues relevant to the Motion for Compliance and now need only decide whether it is appropriate to order the relief requested by Plaintiffs to bring Defendants into compliance with the Court's May 30, 2025 and September 5, 2025 orders.

10. For those reasons, Plaintiffs request that the Court order the following schedule:

   a. Defendants file their Response to Plaintiffs' Motion for Compliance by October 24, 2025;

   b. Plaintiffs will file their Reply, if any, by October 28, 2025 12:00pm PST; and

   c. Plaintiffs' Motion for Compliance will be heard on October 30, 2025 or as soon thereafter as the Court is able.

11. There have been the following previous time modifications in this case:

   - On February 25, 2025, the Court granted Plaintiffs' Motion to Shorten Time regarding Plaintiffs' Motion to Postpone Effective Agency Action [ECF 45] for good cause shown and advanced the parties' briefing schedule and hearing on the Motion to Postpone. See ECF 51.

   - On March 31, 2025, in response to Plaintiffs' Motion to Shorten Time to Confer under Rule 26(f) (ECF 79), the Court ordered parties to meet and confer within a week of its order. See ECF 93.

   - On April 2, 2025, the Court granted Defendants' Motion to Shorten Time regarding its Motion to Stay Pending Appeal to the Ninth Circuit (ECF 96), and denied Plaintiffs' Motion for Extension of Time to file Response and Reply (ECF 98), thus ordering Plaintiffs to file their Response on April 3, 2025. See ECF 99.

   - On April 8, 2025, the Court advanced the Initial Case Management Conference from May 20, 2025, to April 21, 2025. See ECF 107.

- On April 30, 2025, the Court granted the parties' Stipulated Cross-Motion Briefing Schedule regarding the Parties' respective Motions for Summary Judgment ("MSJ"), and ordered Plaintiffs to file their MSJ on May 26, 2025; Defendants to file their Opposition to Plaintiffs' MSJ and their own MSJ on June 10, 2025; Plaintiffs to file their Reply in further support of their MSJ and their Opposition to Defendants' MSJ on June 20, 2025; Defendants to file their Reply in further support of their MSJ on June 27, 2025; and set argument on the Parties' MSJs for July 11, 2025. See ECF 124.

- On May 9, 2025, the Court granted the Parties' Stipulated Motion to Dismiss and Cross Summary Judgment Motion Briefing Schedule and ordered Plaintiffs to file their MSJ on May 27, 2025, Plaintiffs to file their Opposition to Defendants' Motion to Dismiss on May 28, 2025, and Defendants to file their Reply in support of their Motion to Dismiss on June 10, 2025. See ECF 134.

- On May 22, 2025, the Court granted Plaintiffs' Motion to Shorten Time regarding Plaintiffs' Motion to Preserve Status and Rights Under Section 705 (ECF 145) for good cause shown and advanced the parties' briefing schedule and hearing on the Motion to Postpone. See ECF 146.

- On May 27, 2025, the Court granted the Parties' Stipulated Briefing Schedule for Parties' Cross-Motions for Summary Judgement and ordered Plaintiffs to file their MSJ on June 3, 2025; Defendants to file their Opposition to Plaintiffs' MSJ and their own MSJ on June 17, 2025; and Plaintiffs to file their Reply in further support of their MSJ and their Opposition to Defendants' MSJ on June 27, 2025. See ECF 152.

- On June 17, 2025 Plaintiffs filed an Administrative Motion to Shorten Time with respect to Plaintiffs Motion for Compliance with Court Order [ECF 200]. ECF 204. On June 18, 2025, the Court granted Plaintiffs' Administrative

Motion to Shorten Time. ECF 207. The Government filed a response to Plaintiffs' Motion for Compliance on June 20, 2025. ECF 212. Plaintiffs filed their reply on June 23, 2025. ECF 213. The Court heard the Motion for Compliance on June 24, 2025. ECF 227.

- On July 7, 2025, Plaintiffs filed a Motion for Leave to File a Supplemental Complaint. ECF 246. On July 8, 2025, the Court granted Plaintiffs' Motion (ECF 248), and Plaintiffs filed the Supplemental Complaint that same day (ECF 250). On July 21, 2025, Defendants filed a renewed Motion to Dismiss the Supplemental Complaint. ECF 262. The Court set the hearing for the renewed Motion to Dismiss on August 1, 2025. ECF 263. The Court ordered that Plaintiffs file an Opposition to Defendants Motion to Dismiss by July 28, 2025. ECF 263. The Court heard the Motion on August 1, 2025. ECF 278.

- On August 5, 2025, the Court ordered supplemental briefing from the parties regarding whether proceedings should be stayed until the Ninth Circuit issued an opinion regarding the Court's Order on Plaintiffs' Motion to Postpone. ECF 269. The parties filed supplemental briefing on August 7, 2025. ECF 271; 273. On August 25, 2025, the Court stayed all proceedings. ECF 276. Following an opinion from the Ninth Circuit on August 29, 2025, (ECF 277), the Court granted Plaintiffs' Motion for Partial Summary Judgment and entered judgment in favor of Plaintiffs on September 5, 2025 (ECF 279).

- On September 6, 2025, Defendants filed a Motion to Stay the Court's Judgment (ECF 281), and the Court denied Defendants' Motion on September 10, 2024 (ECF 296).

- On September 9, 2025, Defendants filed a Motion for Compliance with Court Order (ECF 286) and an Administrative Motion to Shorten Time (ECF 291). The Court granted the Motion to Shorten Time on September 10, 2025 (ECF 293) and the Motion to for Compliance on September 11, 2025 (ECF 304).

5

DECLARATION OF EMILOU MACLEAN IN SUPPORT OF PLAINTIFFS' MOTION FOR ORDER SHORTENING TIME AND SETTING SCHEDULE -  CASE NO. 3:25-CV-01766-EMC

12. If granted, the requested Motion will have minimal effect on the overall case schedule, as this Court granted summary judgment, and the Supreme Court stayed that relief in part.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed in Los Angeles, California this 21st day of October, 2025.

*/s/ Emilou MacLean*
Emilou MacLean