BRETT A. SHUMATE
Assistant Attorney General
Civil Division
YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
WILLIAM H. WEILAND
Acting Assistant Director
ERIC SNYDERMAN
JEFFREY M. HARTMAN
LAUREN BRYANT
CATHERINE ROSS
DANIEL CAPPELLETTI
SHELBY WADE
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, *et al.*, <br><br> Plaintiff, <br><br> v. <br><br> KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*, <br><br> Defendants. | Case No. 3:25-cv-1766 <br><br> **DEFENDANTS' RESPONSE TO PLAINTIFFS' EMERGENCY MOTION FOR COMPLIANCE WITH COURT ORDER** |

Defendants hereby move that the Court cancel the pending October 24, 2025 hearing on Plaintiffs' Motion for Compliance. After Defendants' October 23, 2025 update to USCIS's Venezuela TPS website, Counsel for Plaintiffs stated that they would not oppose such a motion.

**INTRODUCTION**

Plaintiffs' Motion for Compliance (ECF No. 316) should be denied because Defendants are in full compliance with the Court's September 5 Order. *See* ECF No. 279 at 43; *see also* ECF No. 162 at 11. On October 10 and 23, 2025, Defendants updated the USCIS website to alert employers, state and local governments, and members of the public that Venezuelan-national Temporary Protected Status ("TPS") beneficiaries who took certain actions to extend the validity of their Employment Authorization Documents ("EADs") between January 17 and February 5, 2025 remain authorized to work for up to 540 days. *See* https://www.uscis.gov/humanitarian/temporary-protected-status/temporary-protected-status-designated-country-venezuela (last visited Oct. 23, 2025) (Exh. C).

Defendants' update to the website today makes clear that employment authorization is automatically extended for Venezuelan TPS beneficiaries who received an I-797 Receipt Notice for their I-765 Employment Authorization Renewal Application during the January 17-February 5, 2025 period without a Form I-94 Arrival/Departure Record bearing an October 2, 2026 expiration date. *See id.*

While Defendants initially informed the Court that they understood its September 5 Order not to be a final judgment enforceable under Rule 62(a), and thus did not immediately update the TPS website, Defendants subsequently acted as described below, after prior notification to Plaintiffs' counsel, to comply with the Court's September 11, 2025 Order requiring USCIS to reopen the registration window for Venezuelans seeking TPS. *See* ECF No. 302 at 4-5; ECF No. 304 at 4; *see also* Fed. R. Civ. P. 62(a); Exh. B.

To the extent the continued validity of Venezuelan TPS beneficiaries' EADs relies on a statement from USCIS acknowledging the Court's judgment, the website notices accomplish anything that is needed to permit TPS beneficiaries with nominally expired EADs to prove continuing work authorization. Plaintiffs' motion should be denied as there is nothing further that this Court can order beyond Defendants' already compliant actions.

DEFS.' RESPONSE TO PLAINTIFFS' MOTION FOR COMPLIANCE [ECF No. 316] – No. 3:25-cv-1766
2

## PROCEDURAL BACKGROUND

On September 5, 2025, this Court granted the Plaintiffs' Motion for Partial Summary Judgment on the APA claims related to Secretary Noem's vacatur of the 2025 Temporary Protected Status ("TPS") Extension for Venezuela, the termination of the 2023 TPS designation for Venezuela, and the partial vacatur of the 2024 TPS extension for Haiti. ECF No. 279 at 68–69. The Court found the decisions of Secretary Noem in these circumstances to be "unlawful" and set aside each of the agency actions. *Id*. The Court denied Defendants' motion for summary judgment on the same APA claims, further denied the Defendants' motion for summary judgment on the Equal Protection claims, and denied Defendants' motion to dismiss the APA claims related to the Haiti termination. *Id.* The Court lastly temporarily stayed continued litigation of the remaining claims, including (1) the APA claim related to the Haiti termination, (2) the Equal Protection claim related to the Venezuela TPS decisions, and (3) the Equal Protection claim related to the Haiti TPS decision. *Id*. at 69. A part of the Court's September 5, 2025 Order pertinent here held that Secretary Noem "exceeded the scope of her authority" when acting to invalidate TPS-documentation issued under her predecessor's extension of Venezuela's TPS designation. ECF No. 279 at 42-43.

On September 6, 2025, Defendants filed a motion for a stay pending appeal. ECF No. 281. In their motion, Defendants renewed their request that this Court stay its judgment setting aside the Venezuela vacatur, the Venezuela termination, and the Haiti partial vacatur to allow Defendants to pursue an appeal. *Id*. at 2.

On September 9, 2025, Plaintiffs filed their opposition to Defendants' motion for a stay pending appeal. ECF No. 284. On that same date, Defendants filed their notice of appeal, updating the Court that Defendants appealed to the Ninth Circuit from the Court's September 5, 2025 order and judgment. ECF No. 285. Plaintiffs also filed an emergency motion for compliance with the court order. ECF No. 286. In this motion, Plaintiffs requested that the Court order Defendants to revise the USCIS website to "accurately reflect that the January 17, 2025, extension of TPS for Venezuela remains valid." *Id*. at 1. Plaintiffs asserted that Defendants' the lack of an immediate update to the USCIS website is "inconsistent

DEFS.' RESPONSE TO PLAINTIFFS' MOTION FOR COMPLIANCE [ECF No. 316] – No. 3:25-cv-1766
3

with this Court's September 5, 2025 order[.]" *Id*. at 2–3.

On September 11, 2025, Defendants filed their opposition and response to Plaintiffs' motion for compliance. ECF No. 302. Plaintiffs replied. ECF No. 303. This Court held a hearing on the motion and ruled in favor of Plaintiffs' motion the same day, finding the Court's final judgment on the case went into effect the same day it was issued and ordering the Defendants to temporarily reopen the Venezuela TPS registration portal. ECF No. 304; *see also* ECF No. 309.

On Saturday, September 13, USCIS re-enabled the online registration portal for Venezuela TPS at 12:00 am (EST) in good faith compliance with the Court's order and disabled the registration portal for Venezuela TPS on 24 hours later on Sunday, September. 14 at 12:00 am (EST). Counsel for Defendants notified Counsel for Plaintiffs. Plaintiffs posted an alert on the National TPS Alliance website to inform their members and other interested parties of the temporary re-activation of the online registration portal. Exh. B.

On September 17, 2025, the Ninth Circuit denied Defendants' motion for a stay of this Court's summary judgment order pending appeal. *See* ECF No. 306.

On September 19, 2025, Defendants applied for a stay of this Court's summary judgment order from the Supreme Court of the United States. Application 25A326, No. 25-5724, 2025 WL 2578045 (S. Ct., Sept. 19, 2025).

On October 2, 2025, the Ninth Circuit denied Defendants' motion for a stay of proceedings pending appeal. *See* ECF No. 314.

On October 3, 2025, the Supreme Court granted Defendants' application for a stay of this Court's final judgment as to the vacatur and termination of Venezuela's TPS designation. Order on 25A326, No. 25-5724, (S. Ct., Oct. 3, 2025). The Supreme Court's stay order stated that "the same result that we reached in May is appropriate here." *Id*. The May 19, 2025 Supreme Court stay order stated that the stay was "without prejudice to any challenge to Secretary Noem's February 3, 2025 vacatur notice insofar as it purports to invalidate EADs, Forms I-797, Notices of Action, and Forms I-94 issued with October 2, 2026 expiration dates." Order on 24A1059, No. 25-2120, 145 S. Ct. 2728 (May 19, 2025). Defendants did not ask the Supreme Court to review this Court's merits ruling regarding employment authorization-related

DEFS.' RESPONSE TO PLAINTIFFS' MOTION FOR COMPLIANCE [ECF No. 316] – No. 3:25-cv-1766
4

documents obtained by Venezuelan TPS beneficiaries during the period after the January 2025 extension of Venezuela's TPS designation. Application for Stay at 21, n.12 in 25A326, No. 25-5724, (S. Ct., Oct. 3, 2025) ("the government has not sought further review of the district court's subsequent order 'grant[ing] relief to those Venezuelan TPS holders who received TPS-related documentation based on the Mayorkas extension up to and including February 5, 2025—when the Secretary published notice that the 2023 TPS Designation was being terminated.'" (citing ECF No. 162 at 10)). USCIS updated its Venezuela TPS website on or about October 5, 2025 to reflect the Supreme Court stay order.

. On October 10, 2025, Defendants updated the USCIS website to alert employers, state and local governments, and members of the public that Venezuelan-national TPS beneficiaries who took certain actions to extend the validity of their EADs between January 17 and February 5, 2025 remained authorized to work for up to 540 days.

On October 22, 2025, Plaintiffs filed the instant motion for compliance. ECF No. 316. The Court ordered Defendants to file this response and scheduled a motions hearing for October 24, 2025. ECF Nos. 323, 324.

On October 23, 2025, Defendants again updated the USCIS website to make clear that employment authorization is automatically extended for Venezuelan TPS beneficiaries who received an I-797 Receipt Notice for their I-765 Employment Authorization Renewal Application during the January 17-February 5, 2025 period without a Form I-94 Arrival/Departure Record bearing an October 2, 2026 expiration date. *See* https://www.uscis.gov/humanitarian/temporary-protected-status/temporary-protected-status-designated-country-venezuela (last visited Oct. 23, 2025).

## ARGUMENT

**Defendants Fully Complied With The Court's Order By Publicizing The Continued Validity of Employment Authorization-Related Documents For Venezuelan TPS Beneficiaries Who Acted To Extend Their EADs On or Before February 5, 2025**

Plaintiffs accuse Defendants of "affirmatively misrepresent[ing] the scope of this Court's orders." ECF No. 316 at 7. That is false. Defendants are in full compliance with the Court's September 5 Order. A court seeking to enforce future compliance with a lawful order must permit the target of the order to avoid penalties through good faith efforts to comply. *See Int'l Union, United Mine Workers of Am. v. Bagwell*,

512 U.S. 821, 827 (1994).

Plaintiffs' motion should be denied as Defendants' current compliance with the Court's order means no relief is available to ensure future compliance. *See Int'l Union*, 512 U.S. at 827. Indeed, Defendants have repeatedly updated the USCIS website to ensure public awareness of the effect of the Court's order on the cohort of TPS beneficiaries who submitted Employment Authorization Renewal Applications during the January 17-February 5, 2025 period, most recently to reflect those who received an I-797 Receipt Notice for their I-765 but do not possess a Form I-94 Arrival/Departure Record bearing an October 2, 2026 expiration date. The relevant portion of the Venezuela TPS page currently states:

> Pursuant to the U.S. District Court for the Northern District of California's order dated May 30, 2025, if you re-registered under the previously vacated Jan. 17, 2025 Extension of the 2023 Designation of Venezuela, and you have a pending Form I-765 EAD renewal application that was received before Feb. 6, 2025 and a Form I-797 Receipt Notice dated before Feb. 6, 2025, that automatically extends the validity of your EAD issued under the TPS designation of Venezuela with an original expiration date of Sept. 10, 2025 or April 2, 2025 for up to 540 days.

*See* https://www.uscis.gov/humanitarian/temporary-protected-status/temporary-protected-status-designated-country-venezuela (last visited Oct. 23, 2025).

While admittedly less clear on the point at issue, from October 10 and until the October 23 modification, the USCIS Venezuela TPS page said, in pertinent part:

> Pursuant to the U.S. District Court for the Northern District of California's order dated May 30, 2025, if you re-registered under the previously vacated Jan. 17, 2025 Extension of the 2023 Designation of Venezuela, and have a Form I-94 issued with October 2, 2026 expiration dates on or before Feb. 5, 2025, and you have a pending EAD renewal application that was received before Feb. 6, 2025, that notice automatically extends the validity of your EAD issued under the TPS designation of Venezuela with an original expiration date of Sept. 10, 2025 or April 2, 2025 for up to 540 days.
>
> To prove that you are authorized to work in the United States, you may show the following documentation to your employer. Government agencies may also accept these documents to determine your immigration status:
> - Your TPS-related EAD with a Sept. 10, 2025 or April 2, 2025 expiration date; and
> - **Your Receipt Notice for your Form I-765, Application for Employment Authorization, with a Received Date before Feb. 6, 2025.**

*See* Exh. A (emphasis added).

DEFS.' RESPONSE TO PLAINTIFFS' MOTION FOR COMPLIANCE [ECF No. 316] – No. 3:25-cv-1766
6

Both the October 23 update and the previous text indicate that a Venezuela TPS-beneficiary who applied to extend employment authorization prior to February 6, 2025 could present an employer with the I-765 receipt notice to demonstrate continued employment eligibility.

While the Court's orders (ECF Nos. 279 and 304) were legally sufficient to restore the validity of documents issued to Venezuelan TPS beneficiaries during the limited pendency of the January 17, 2025 Extension of the 2023 Designation of Venezuela for TPS, Defendants' updates to the website served, in a good-faith attempt to comply with the Court's orders, to inform the public of the effect of the orders themselves. *See* ECF No. 279 at 63 (ruling that Secretary Noem's vacatur and termination of Venezuela TPS is set aside under 5 U.S.C. § 706(2)); 5 U.S.C. § 706(2); *see also* 90 Fed. Reg. 5,961. The Court ordered the Defendants to "modify the website so that it accurately reflects that the Mayorkas extension remains in effect." ECF No. 304 at 3. Defendants have done so, with repeated modifications to ensure clarity for interested parties. Defendants have fully complied with this Court's orders.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Compliance should be denied.

Defendants further move, after obtaining a statement of Plaintiffs' non-opposition, that the Court cancel the pending October 24, 2025 hearing on Plaintiffs' Motion for Compliance, ECF No. 316.

Dated: October 23, 2025                    Respectfully submitted,

                                              BRETT A. SHUMATE
                                              Assistant Attorney General
                                              Civil Division

                                              YAAKOV M. ROTH
                                              Principal Deputy Assistant Attorney General

                                              WILLIAM H. WEILAND
                                              Acting Assistant Director

                                              ERIC SNYDERMAN
                                              JEFFREY M. HARTMAN
                                              LAUREN BRYANT

DEFS.' RESPONSE TO PLAINTIFFS' MOTION FOR COMPLIANCE [ECF No. 316] – No. 3:25-cv-1766

CATHERINE ROSS
DANIEL CAPPELLETTI
Trial Attorneys

/s/ *Eric M. Snyderman*
Eric M. Snyderman
Trial Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 742-7079
Email: Eric.M.Snyderman@usdoj.gov
*Attorneys for the Defendants*

DEFS.' RESPONSE TO PLAINTIFFS' MOTION FOR COMPLIANCE [ECF No. 316] – No. 3:25-cv-1766
8