Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Emilou H. MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Amanda Young (SBN 359753)
ayoung@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Attorneys for Plaintiffs
*[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R., HENDRINA VIVAS CASTILLO, A.C.A., SHERIKA BLANC, VILES DORSAINVIL, and G.S.,<br><br>*Plaintiffs*,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA,<br>*Defendants.* | Case No. 3:25-cv-01766-EMC<br><br>**PLAINTIFFS' MOTION FOR DECLARATORY RELIEF UNDER 28 U.S.C. § 2201**<br><br>Date:    TBD<br>Time:   TBD<br>Place:  TBD |

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Eva L. Bitran (SBN 302081)
ebitran@aclusocal.org
Diana Sanchez (SBN 338871)
dianasanchez@aclusocal.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (*Pro Hac Vice*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, Suite 1H
San Diego, CA 92120
Telephone: (949) 603-7411

**MOTION FOR DECLARATORY RELIEF UNDER 28 U.S.C. § 2201**

**INTRODUCTION**

Through this motion Plaintiffs request declaratory relief under 28 U.S.C. § 2201 on a subset of the APA claims in this case: the three claims on which this Court has already granted summary judgment regarding TPS for Venezuela. Plaintiffs recognize that it is unusual to seek declaratory relief on claims as to which a party has already won some other form of relief. However, nothing in the rules forecloses that request, and pursuing it now could allow Plaintiffs to take limited steps to vindicate their rights while this Court's partial summary judgment order remains stayed. To be clear, if this Court grants this motion, Plaintiffs would most likely rely on the Court's declaratory relief order to challenge the detention and deportation of Plaintiffs and other NTPSA members in *other litigation*, arguing that this Court's order has decided the threshold legal question of whether Defendants' TPS termination decisions were lawful. But whether or not such relief would be available is beyond the scope of this motion. To grant the instant motion, this Court need only apply the Declaratory Judgment Act and governing precedent construing it.

**RELEVANT PROCEDURAL HISTORY**

Plaintiffs originally sought declaratory relief on the APA claims that are the subject of this motion in their Complaint. Pls.' First Am. Compl. 63:13-21 (Dkt. 74 at 63). Specifically, Plaintiffs sought a declaration that the vacatur of the January 17, 2025 TPS extension for Venezuela and the purported termination of Venezuela's 2023 TPS designation on February 5, 2025 were unlawful under the APA and unconstitutional under the Due Process Clause of the Fifth Amendment. *Id.* Plaintiffs also sought a declaration that Defendants had no authority to vacate a TPS extension under 8 U.S.C. § 1254a and that the January 17, 2025, TPS extension for Venezuela should have remained in effect under the terms specified in the extension and redesignation decisions. *Id.*

Subsequently, Plaintiffs moved for summary judgment on their claims, requesting that this Court set aside the vacatur and termination of Venezuela's 2023 TPS designation. Pls.' Mot. Summ. J. 25:15-18 (Dkt. 165 at 25). Plaintiffs did *not* seek declaratory relief when they moved for summary judgment. This Court granted the set aside relief Plaintiffs sought under 5 U.S.C. § 705,

*see* Order Granting Summ. J. 68:16-19 (Dkt. 279 at 68), but did not provide declaratory relief.

Defendants then sought an emergency stay of this Court's summary judgment ruling. This Court and the Ninth Circuit both denied that request, after which Defendants sought an emergency stay from the Supreme Court. While the parties discussed the appropriate remedy at some length in their briefing to the Supreme Court, they did not discuss declaratory relief, as Plaintiffs had not sought it in their summary judgment motion and this Court had not awarded it. *See* Defendants' Application for Stay at 23–26, *Noem v. Nat'l TPS All.*, Case No. 25A326 (Sept. 19, 2025); *see also* Plaintiffs' Opposition to Stay at 38–40, *Noem v. Nat'l TPS All.*, Case No. 25A326 (Sept. 30, 2025). The Supreme Court then partially stayed this Court's summary judgment order without explanation.[1] *See Noem v. Nat'l TPS All.*, 606 U.S. —, — S. Ct. —, 2025 WL 2812732, *1 (Oct. 3, 2025) (mem. granting stay).

For the reasons explained below, Plaintiffs now request that this Court grant declaratory relief on the Venezuela-related APA claims on which the Court previously granted set aside relief.[2]

## ARGUMENT

### I. THIS COURT HAS AUTHORITY TO GRANT DECLARATORY RELIEF FOR PLAINTIFFS ON THEIR APA CLAIMS UNDER 28 U.S.C. § 2201

This court has authority to grant declaratory relief for Plaintiffs because it has already found the agency actions at issue unlawful, and the federal statute establishing authority to grant declaratory relief plainly authorizes it here.

---

[1] The Supreme Court did not stay the relief granted for Haitian TPS holders or Venezuelan TPS holders who received TPS-related documents pursuant to the January 17, 2025, extension prior to February 6, 2025, as Defendants had not sought an emergency stay of those portions of this Court's summary judgment order. *See* Defs.' Stay Appl., *Noem v. Nat'l TPS All.*, No. 25A326 at * at 7-8 n.6, 21 n.12 (S. Ct. Sept. 19, 2025).

[2] During meet and confer communications Defendants suggested they would oppose this motion in part because their appeal of this Court's summary judgment order divested the Court of jurisdiction to rule on this motion. That argument would be misguided. "In general, filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over *those aspects of the case involved in the appeal*." *Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001) (citing *Marrese v. Am. Acad. of Orthopaedic Surgeons,* 470 U.S. 373, 379 (1985)) (emphasis added). Obviously the availability of declaratory relief is not an "aspect[] of the case involved in the appeal." Nor would any ruling by this Court—whether granting or denying this motion—alter the issues now pending before the Ninth Circuit. *Cf. Nat. Res. Def. Counsil v. Sw. Marine*, 242 F.3d 1163, 1166 (9th Cir. 2001) (holding district court retained jurisdiction to modify an injunction even after defendants had appealed it because the modification did not "materially alter the status of the case on appeal").

### A. DECLARATORY RELIEF IS A DISTINCT FORM OF RELIEF FROM BOTH INJUNCTION AND SET ASIDE AUTHORIZED UNDER THE DECLARATORY JUDGMENT ACT

Declaratory relief is a distinct form of relief this Court has authority to award in this case. Congress passed the Declaratory Judgment Act in 1934 to equip federal courts with the choice of an alternative remedy. *See* 28 U.S.C. §§ 2201-2202 (2025); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) ("By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver … to grant a new form of relief to qualifying litigants."); *Steffel v. Thompson*, 415 U.S. 452, 466 (1974) ("Congress plainly intended declaratory relief to act as an alternative to the strong medicine of the injunction … ."). Courts may grant declaratory relief even where other forms of relief are inappropriate or barred by statute. *See Biden v. Texas*, 597 U.S. 785, 901 (2022) ("[W]hether the District Court had jurisdiction to enter such an injunction is irrelevant because the District Court had jurisdiction to entertain the plaintiffs' request for declaratory relief.") (cleaned up, citation omitted); *see also Ctr. for Biological Diversity v. Mattis*, 868 F.3d 803, 830 (9th Cir. 2017) ("Declaratory relief is a separate remedy to be awarded when warranted, even if an injunction under the same circumstances would be denied.") (citation omitted).

Just as declaratory relief differs from injunctive relief in important ways, so too does it differ from set aside relief under the Administrative Procedure Act, which is unsurprising given that the Declaratory Judgment Act was enacted twelve years before the APA. Like the set aside, "declaratory relief […] is not backed by the power of contempt." *United Aeronautical Corp. v. U.S. Air Force*, 80 F.4th 1017, 1031 (9th Cir. 2023); *see also* Dkt. 93 at 19-20 (collecting authorities). However, declaratory relief differs from set aside relief insofar as the latter operates "upon the [administrative] proceeding itself" to "suspend[] the source of authority to act." *Id*. at 21 (citing *Nken v. Holder*, 556 U.S. 418, 428-29 (2009)); *see also Corner Post, Inc. v. Bd. of Governors of Fed. Rsrv. Sys.,* 603 U.S. 799, 838 (2024) (Kavanaugh, J., concurring) ("the APA and related statutory review provisions go further by empowering the judiciary to act directly against the challenged agency action. … The text of § 706(2) directs federal courts to vacate agency actions in

the same way that appellate courts vacate the judgments of trial courts.") (cleaned up, citation omitted). In contrast, a declaratory judgment does not in itself operate directly against the agency's action (or, indeed, against any other particular action).

Thus, unlike set aside relief—which requires Defendants to "set aside" the relevant administrative action by, among other things, explaining on their website that it is no longer in effect, *see* Pls.' Mot. Compliance 1:6-25 (Sept. 9, 2025) (Dkt. 286 at 1)—declaratory relief against Defendants would not itself require them to do anything. It merely declares the rights of the parties to the suit in which a declaration has been sought. *See Burlington Ins. Co. v. Oceanic Design & Constr., Inc.*, 383 F.3d 940, 952 (9th Cir. 2004) ("[a] declaratory judgment is a binding adjudication that establishes the rights and other legal relations of the parties where those rights are in doubt") (cleaned up, citation omitted); *see also Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005) ("The Declaratory Judgment Act states, 'In a case of actual controversy within its jurisdiction … any court of the United States … may declare the rights and other legal relations of any interested party seeking such declaration.'") (quoting 28 U.S.C. § 2201(a)).

As *Steffel* and the other authorities cited above make clear, declaratory judgment is a distinct legal remedy from both injunction and set aside, and the Court has authority to grant declaratory relief where it has resolved a legal question properly presented to it. And while an order entering declaratory relief does not itself constitute an order with which government officials must comply on pain of contempt, it binds the defendant on the question of law resolved by the declaratory judgment.

### B. PLAINTIFFS ARE ENTITLED TO DECLARATORY RELIEF ON THEIR APA CLAIMS

Plaintiffs are entitled to declaratory relief on the APA claims as to which this Court already granted Plaintiffs' motion for summary judgment. Specifically, Plaintiffs seek an order declaring that the Venezuela vacatur is unlawful, and that the termination of Venezuela's 2023 designation is unlawful. This Court found "those decisions of Secretary Noem are unlawful." Order Granting Summ. J. 68:16-19 (Dkt. 279 at 68). It follows from those orders that the January 17, 2025

4

extension of TPS for Venezuela should be the operative TPS status for Venezuelans. Under 28 U.S.C. § 2201, this Court has authority to enter a declaratory judgment to that effect.

That this Court already granted summary judgment on the APA claims does not bar it from entering declaratory relief. "[A] request for declaratory relief may be considered independently of whether other forms of relief are appropriate." *Powell v. McCormack*, 395 U.S. 486, 518 (1969). The statute authorizing such relief—28 U.S.C. § 2201—contains no limitation barring a court from exercising such authority because it has awarded some other relief. It provides only that "[u]nder the Declaratory Judgment Act federal courts are empowered, '[i]n a case of actual controversy within its jurisdiction,' to 'declare the rights and other legal relations' of parties.'" *Century Sur. Co. v. Belmont Seattle, LLC*, 691 F. App'x 427, 429 (9th Cir. 2017) (quoting 28 U.S.C. § 2201(a)). The Advisory Committee Notes confirm this, explaining that "the fact that another remedy would be equally effective affords no ground for declining declaratory relief." Fed. R. Civ. P. 57 advisory committee's note to 1937 adoption).

Therefore, this Court has authority to grant declaratory relief, and should do so here given that it has already found the agency actions in question unlawful.

### C. THE SUPREME COURT STAY ON THIS COURT'S GRANT OF FINAL JUDGMENT ON PORTIONS OF PLAINTIFFS' APA CLAIMS DOES NOT FORECLOSE PLAINTIFFS' REQUEST FOR DECLARATORY RELIEF.

Plaintiffs of course recognize that the Supreme Court has partially stayed this Court's summary judgment ruling—i.e., the ruling setting aside the same administrative actions which are the subject of this motion. However, the Supreme Court's stay does not foreclose this motion for four reasons: the propriety of declaratory relief was not before the Supreme Court; declaratory relief only operates on the parties, rather than "universally," such that the Supreme Court might have upheld it had it been at issue when Defendants sought a stay of this Court's set aside order; Defendants may not have even sought a stay of any declaratory relief, given its limited effect, as they did not seek a stay over other portions of this Court's summary judgment order; and Plaintiffs would still need to seek separate, individualized protection from the unlawful agency actions at

issue in this case in order to obtain any *other* form of relief, even after obtaining declaratory relief in this Court, which would address another objection Defendants presented at the stay stage.

*First*, the Supreme Court had no occasion to consider the propriety of declaratory relief because the issue was not before the Court at the time it issued a stay of this Court's set aside order. The parties had not briefed it because this Court had not granted it. And because the Supreme Court's stay decisions gave no reasoning, this Court cannot rely on them to divine legal principles it could then use to assess the propriety of awarding relief that was not before the Court at the time it granted the stays. As such, the Supreme Court's two stay decisions offer no guidance as to the availability of declaratory relief here.

*Second*, an award of declaratory relief from this Court would have preclusive effect only over the parties to this suit, which include the individual named Plaintiffs and members of Plaintiff National TPS Alliance (NTPSA). *Cf. Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency,* 322 F.3d 1064, 1082 (9th Cir. 2003) ("One of the relationships that has been deemed 'sufficiently close' to justify a finding of privity is that of an organization or unincorporated association filing suit on behalf of its members."). In contrast, this Court's set aside operated "universally" by operating upon the agency action itself and therefore inured to the benefit of anyone who may seek to benefit from it. That distinction may have been of particular concern to the Supreme Court, as Defendants sought a stay in part on the ground that "[t]he district court's universal relief improperly intrudes on a coordinate branch of the Government and prevents the Government from enforcing its policies against nonparties." Defs.' Stay Appl., *Noem v. Nat'l TPS All.*, No. 25A326 at *23 (S. Ct. Sept. 19, 2025) (citing *Trump v. CASA, Inc.*, 606 U.S. 831, 859 (2025) (cleaned up; citations omitted))[3]; *see also Trump v. CASA, Inc.*, 606 U.S. at 860 (explaining stay may be granted based on "a threshold error" without assessing whether the opposing party "will prevail on the underlying merits"). Indeed, Plaintiffs are not aware of any order in which the Supreme Court has stayed a lower court ruling that provided only declaratory relief.

---

[3] The government's brief in the Supreme Court inadvertently cited to "145 S. Ct. 831," but in context it must have referred to 606 U.S. 831.

*Third*, Defendants only sought a stay of the portions of this Court's summary judgment order that bound them to set aside their decisions for Venezuelan TPS holders. They expressly declined to seek a stay of the portions of this Court's orders setting aside the partial vacatur of Haiti's TPS designation, and also did not seek review of that portion of this Court's order granting relief to a more limited group of Venezuelan TPS holders who received TPS-related documents pursuant to the January 17, 2025 extension prior to February 6, 2025. *See* Defs.' Stay Appl., *Noem v. Nat'l TPS All.*, No. 25A326 at *7-8 n.6, 21 n.12, (S. Ct. Sept. 19, 2025). Thus, it is conceivable that the Supreme Court would not grant (and that Defendants might not seek) a stay of the more limited relief which Plaintiffs request here, as it is in some respects more akin to the portions of the summary judgment order that were not stayed.

*Finally*, the relief afforded by this motion would be fundamentally different from that granted in the Court's prior rulings because any Plaintiffs seeking to obtain concrete protection from the unlawful agency actions that are the subject of this motion would have to seek *separate* relief on a more individualized basis, most likely in litigation elsewhere, based upon a showing of injury specific to them. This too could have mattered to the Supreme Court, as Defendants argued in their stay application that Venezuelan TPS holders were not at imminent risk of harm because "the Secretary's decision to terminate the TPS designation is not equivalent to a final removal order." Defs.' Stay Appl., *Noem v. Nat'l TPS All.*, No. 25A326 at *25 (S. Ct. Sept. 19, 2025); *see also id*. (arguing "respondents have not established irreparable harm" and the balance of equities favor a stay in part because this Court's relief ran to all Venezuelan TPS holders, whether or not they could show individualized harm). If this Court were to grant declaratory relief, any Plaintiffs seeking more robust relief would presumably have to do so upon a showing of need for that particular form of relief, based on the specific facts of their cases.

In any event, ultimately this Court can only apply the reasoning the Supreme Court provided. As to the stay of this Court's grant of summary judgment ruling ordering set aside relief, the Supreme Court said only that "[a]lthough the posture of the case has changed, the parties' legal arguments and relative harms generally have not," and therefore, "the same result that [the Supreme

7

Court] reached in May is appropriate here." *Noem v. Nat'l TPS All.*, 2025 WL 2812732, at *1 (mem. granting stay). In contrast, through this motion Plaintiffs seek more limited relief that is governed by a different statute, and the result would impose far less "harm" on Defendants both in terms of the coercive nature of the order and its potential for more limited application to particular individuals. Therefore, "the same result" is not appropriate as to the instant motion.

## CONCLUSION

For these reasons, Plaintiffs respectfully request this Court grant declaratory relief on Plaintiffs' APA Section 706 claims concerning the vacatur of TPS for Venezuela and the termination of Venezuela's 2023 TPS designation.

Date:   November 13, 2025                             Respectfully submitted,

CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW

*/s/ Ahilan T. Arulanantham*
Ahilan T. Arulanantham

Emilou MacLean
Michelle (Minju) Y. Cho
Amanda Young
ACLU FOUNDATION
OF NORTHERN CALIFORNIA

Eva L. Bitran
Diana Sanchez
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA

Jessica Karp Bansal
Lauren Michel Wilfong (*Pro Hac Vice*)
NATIONAL DAY LABORER ORGANIZING
NETWORK

Erik Crew (*Pro Hac Vice*)
HAITIAN BRIDGE ALLIANCE

Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2025, I caused the foregoing to be electronically field with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW

*/s/ Ahilan T. Arulanantham*
Ahilan T. Arulanantham
