1  BRETT A. SHUMATE
   Assistant Attorney General
2  Civil Division
   YAAKOV M. ROTH
3  Principal Deputy Assistant Attorney General
   Civil Division
4  WILLIAM H. WEILAND
   Acting Assistant Director
5  ERIC SNYDERMAN
   LAUREN BRYANT
6  JEFFREY HARTMAN
   CATHERINE ROSS
7  DANIEL CAPPELLETTI
   LORI MACKENZIE
8  ILANA KRAMER
   Trial Attorneys
9  U.S. Department of Justice, Civil Division
   Office of Immigration Litigation
10 General Litigation and Appeals Section
   P.O. Box 868, Ben Franklin Station
11 Washington, DC 20044
12
   Attorneys for Defendants
13

14

15              UNITED STATES DISTRICT COURT

16            NORTHERN DISTRICT OF CALIFORNIA

17              SAN FRANCISCO DIVISION

18

19 NATIONAL TPS ALLIANCE, *et al.*,        Case No. 3:25-cv-1766

20              Plaintiffs                 **DEFENDANTS' OPPOSITION TO PLAINTIFFS'**
                                           **ADMINISTRATIVE MOTION FOR ORDER**
21       v.                                **SHORTENING    TIME    AND    SETTING**
                                           **SCHEDULE RE: PLAINTIFFS' MOTION FOR**
22 KRISTI NOEM, in her official capacity as **DECLARATORY RELIEF**
   Secretary of Homeland Security, *et al.*,
23                                         Judge: Hon. Edward M. Chen
              Defendants.
24

25

26

27

28 DEFS.' OPPOSITION TO PLS.' ADMINISTRATIVE MOTION FOR ORDER SHORTENING TIME
                     AND SETTING SCHEDULE
                        No. 3:25-cv-1766

**INTRODUCTION**

Defendants, Kristi Noem, Secretary of the Department of Homeland Security ("DHS"), et al., hereby oppose Plaintiffs' National TPS Alliance, et al.'s ("NTPSA") Administrative Motion for Order Shortening Time and Setting Schedule, ECF 328. Plaintiffs have failed to demonstrate that good cause exists to shorten time and accelerate the briefing schedule. Plaintiffs have created the urgency they now claim. They elected not to seek declaratory relief when they moved for summary judgment on their Administrative Procedure Act claims on June 3, 2025. *See* ECF 165. Instead, Plaintiffs sat on their motion for declaratory relief, ECF 327, until November 13, 2025, over two months after the Court issued its judgment.  In that time, the Supreme Court stayed this Court's judgment on October 3, 2025, with respect to Venezuela's TPS designation.  *See Noem v. Nat'l TPS Alliance*, 606 U.S. —, 2025 WL2812732 (Oct. 3, 2025). This Court was divested of jurisdiction over the judgment when the government appealed. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 60 (1982). And Plaintiffs missed the 28-day deadline for a motion to alter or amend the Court's judgment, Fed. R. Civ. P. 59(e). Plaintiffs' untimely request for an expedited briefing timeline should not be entertained. *See California Chamber of Commerce v. Bonta*, 2021 WL 2109639 at *2 (E.D. Cal. May 25, 2021) (There is a presumption that the time-tested schedules and safeguards imposed by the Federal Rules of Civil Procedure are the fair and reliable way to resolve motions in civil litigation. This presumption, in turn prevents ex-parte applications from becoming a 'tool for parties who have failed to present requests when they should have.'"). If that were not enough, the Court should deny the motion because Plaintiffs' highly expedited briefing schedule is highly prejudicial to the government. The Court need not move with more alacrity than Plaintiffs have and should deny Plaintiffs' Motion to Shorten Time.

**ARGUMENT**

**I.    Plaintiffs Have Not Met Their Burden of Demonstrating that "Good Cause" Exists for Shortening the Briefing Schedule.**

Good cause does not exist to expedite a briefing schedule where the reasons justifying a shortened schedule stem from the moving party's own decisions. *See Medtronic Vascular Inc., v. Advanced*

1   *Cardiovascular Systems, Inc.*, No. C 06-1066 PJH., 2007 WL 2903997 at *1  (N.D. Cal. Oct. 4, 2007)

2   (finding good cause lacking for granting a motion to shorten time where party "is responsible for its own

3   delay in bringing the motion"); *Hanger Prosthetics & Orthotics, Inc. v. Capstone Orthopedic, Inc.*, 2007

4   WL 3340935 *2 (E.D. Cal. Nov. 9, 2007) (finding that the plaintiff did not demonstrate circumstances

5   that justify shortening the time for hearing where the plaintiff is the cause of the predicament); *Manzano

6   v. FCA US LLC*, 2018 WL 8130612 (C.D. Cal. 2018) ("Defendant has failed to make any showing why it

7   should not be considered the cause of its own predicament or how Defendant is without fault in creating

8   the crisis that it claims now requires ex parte relief.").

9        Here, Plaintiffs assert that good cause exists as their motion for declaratory relief *could*, in

10  combination with other litigation, "work to prevent the unlawful detention and deportation of Plaintiffs[.]"

11  ECF 328 at ¶4. Plaintiffs further argue that their motion for declaratory relief presents a "single discrete

12  issue that should not require extensive time for Defendants to research[,]" and Plaintiffs note that there

13  are competing deadlines in this matter, *including* their Ninth Circuit brief in this exact case. *See id.*

14       However, Plaintiffs fail to acknowledge that *their own delay* in filing their motion—which could

15  have properly been filed months ago either included in their motion for summary judgment in June 2025,

16  or after the Court's September 5, 2025 order—could have already affected "thousands of NTPSA

17  members." *See* ECF 328 at ¶ 4. Additionally, Plaintiffs say that their motion for declaratory relief "should

18  not require extensive time for Defendants to research" as it is "just over eight pages in length[,]" but that

19  cuts both ways: Plaintiffs do not explain why it took them months to draft the motion. *Id*. Moreover,

20  Plaintiffs' assessment of the difficulty of the issues is misguided because they (1) fail to acknowledge that

21  their motion to alter the judgment is untimely and therefore barred, Fed. R. App. P. 4(A)(iv), 59(e); or

22  (2) that this Court has been divested of jurisdiction over the APA claims since the government's

23  September 9, 2025, Notice of Appeal, *see Griggs*, 459 U.S. at 60-61; *Scott v. Younger*, 739 F.2d 1464,

24  1466 (9th Cir. 1984) (enforcing the divestiture rule and explaining that "[t]o seek Rule 60(b) relief, the

25  proper procedure is to ask the district court whether it wishes to entertain the motion, or to grant it, and

26  then move this court, if appropriate, for remand of the case.") (citation and quotation omitted); ECF 327

at 2-9.

Last, it is irrational and groundless for Plaintiffs to assert that Defendants should work on an expedited basis because "Plaintiffs' counsel [...] prepared the motion with expedition given competing deadlines." Plaintiffs' counsel had complete control over the timing of this motion. The fact that their own litigation strategy caused them to file this motion with little preparation is a problem of their own making, and Plaintiffs' unexplained delay followed by sudden hurry is no cause to impose expedited briefing on Defendants. Plaintiffs' delaying litigation tactics should not be rewarded with an expedited briefing schedule that would frustrate judicial resources and unduly burden parties. *See Belina K. v. Baldovmos*, No. C 10–02507 PSG, 2011 WL 335315 at *2 (N.D. Cal. Feb. 1, 2011) ("[a]n order shortening time on a motion necessarily delays resolution of other matters pending before the Court. Because such an order is effectively a request to jump the line, good cause is required."); *United States v. Idaho*, 342 F.R.D. 144, 152 (D. Idaho Aug. 13, 2022) (finding any prejudice stemming from briefing schedule was Plaintiffs' own making where they "chose to delay filing this case and its motion for preliminary injunction for over six weeks after the Supreme Court issued the *Dobbs* decision."). Consequently, as Plaintiffs have failed to establish that any good cause exists for shortening the briefing schedule, their motion should be denied.

## II. Plaintiffs' Proposed Briefing Schedule Would Be Highly Prejudicial to Defendants

Plaintiffs' motion to shorten time should also be denied because the expedited response deadlines of the current proposed briefing schedule are unduly prejudicial to Defendants. *See City of Richmond v. Trump*, Case No. 17-cv-01535-WHO, 2017 WL 3605216 *1 (N.D. Cal. Aug. 21, 2017) (denying motion to shorten time and concluding that "it would be unduly prejudicial to the government, which would have only five days to respond to [Plaintiffs'] motion."); *see Dairy, LLC v. Milk Movement, Inc.*, No. 2:21-cv-02233 WBS AC, 2022 WL 378838 *3 (E.D. Cal. Feb. 8, 2022) ("The Court is persuaded that it would be unduly burdensome on defendants to force preparation for such a deposition on the proposed shortened timeframe"). Again, Plaintiffs waited *months* to file their motion seeking declaratory judgment, ECF 327. They chose to file their motion and propose an expedited briefing schedule that coincides with the government's preparation of an expedited reply brief in the Ninth Circuit appeal, No. 25-5724, due on

November 19, 2025. They also chose a schedule that would make the government's expedited opposition to their brief coincide with a contested hearing on November 18, 2025, for motions to dismiss and for summary judgment in other TPS litigation between NTPSA and the government. *Nat'l TPS Alliance v. Noem*, 3:25-cv-05687-TLT (N.D. Cal.). ECF 328 at ¶ 4.

Plaintiffs appear to have made a tactical decision to sit on their motion for declaratory relief in order to manufacture false exigency. Far from shouldering more of the burden, Plaintiffs demand a rushed schedule and offer Defendants less a week to respond and less than two weeks to prepare for a hearing on the motion. ECF 328 at ¶ 5. Their request is improper and prejudicial to the government, and the Court should provide the government the full time to file an opposition provided for by Local Rule 7-3(a).

## CONCLUSION

For the reasons above, the Court should deny Plaintiffs Motion to Shorten Time.

Dated: November 17, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
Civil Division

WILLIAM H. WEILAND
Acting Assistant Director

ERIC SNYDERMAN
LAUREN BRYANT
JEFFREY HARTMAN
CATHERINE ROSS
DANIEL CAPPELLETTI
LORI MACKENZIE
ILANA KRAMER
Trial Attorneys

/s/ Shelby Wade
SHELBY WADE
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station

DEFS.' OPPOSITION TO PLS.' ADMINISTRATIVE MOTION FOR ORDER SHORTENING TIME
AND SETTING SCHEDULE
No. 3:25-cv-1766
4

Washington, DC 20044
Tel: (202) 285-8379
Shelby.Wade2@usdoj.gov

*Attorneys for the Defendants*