BRETT A. SHUMATE
Assistant Attorney General
Civil Division
YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
Civil Division
WILLIAM H. WEILAND
Acting Assistant Director
ERIC SNYDERMAN
LAUREN BRYANT
JEFFREY HARTMAN
CATHERINE ROSS
DANIEL CAPPELLETTI
LORI MACKENZIE
ILANA KRAMER
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, *et al.*, <br><br>                    Plaintiff <br>      v. <br><br> KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*, <br><br>                    Defendants. | Case No. 3:25-cv-1766 <br><br> **DEFENDANTS' OPPOSITION TO ECF 327, PLAINTIFFS' MOTION FOR DECLARATORY RELIEF UNDER 28 U.S.C. § 2201** <br><br> Judge: Hon. Edward M. Chen |

DEFS.' OPP. TO ECF 327, PLS.' MOT. FOR DECLARATORY RELIEF UNDER 28 U.S.C. § 2201
No. 3:25-cv-1766

**INTRODUCTION**

This Court must reject Plaintiffs' untimely motion. Plaintiffs style their motion as a request for declaratory relief, but in substance, it is a motion to modify this Court's judgment: The Court has entered final relief on the claims, and Plaintiffs seek to change that relief. Plaintiffs could have sought a declaration on their three APA claims at summary judgment, but they did not. Pl. Mot. to Alter J. at 1; ECF 165, Pl. MSJ at 25; *see United States ex rel. Hoggett v. Univ. of Phoenix*, 863 F.3d 1105, 1107 (9th Cir. 2017). Four aspects of the procedural posture prevent them from belatedly obtaining that relief now.

First, the government has since appealed the judgment Plaintiffs seek to supplement, and the appeal remains pending before the Ninth Circuit. The government's timely notice of appeal of the Court's September 5, 2025 judgment deprived this Court of jurisdiction to alter or amend the judgment. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 60-61 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); ECF 285, Notice of Appeal (Sept. 9, 2025). The Ninth Circuit is actively and expeditiously considering the appeal, which is fully briefed and tentatively scheduled for argument the week of January 12. *Nat'l TPS Alliance v. Noem* (9th Cir. 25-5724).

Second, Plaintiffs' motion to change the Court's final resolution of their claims is untimely. *See* Fed. R. Civ. P. 6(b)(2), 59(e). Plaintiffs do not request an extension of that deadline, and the Court would lack authority to extend the deadline even if they did.

Third, Defendants maintain that 8 U.S.C. § 1252(f)(1) eliminates this Court's authority to enter declaratory relief "other than with respect to the application of [§ 1254a] to an individual alien." Doing so here would impermissibly enjoin or restrain the operation of the TPS statute. The Court should deny the motion.

Fourth, the Supreme Court stayed this Court's judgment pending the government's appeal and the disposition of any petition for certiorari. *Noem v. Nat'l TPS Alliance*, 606 U.S. —, 2025 WL 2812732, *1 (Oct. 3, 2025) (staying ECF 280). Plaintiffs apparently seek to circumvent the Supreme Court's decision by obtaining new, unstayed relief. Pl. Mot. to Alter J. at 2-8; *see Noem v. Nat'l TPS Alliance*, 606 U.S. —

DEFS.' OPP. TO ECF 327, PLS.' MOT. FOR DECLARATORY RELIEF UNDER 28 U.S.C. § 2201
No. 3:25-cv-1766
1

, 2025 WL 2812732, *1 (Oct. 3, 2025) (staying ECF 280). After all, if all they sought was the Court's view of the case for use in other litigation, they would have no reason to file a new motion seeking new relief. Even if the Court were free to evade the stay by entering a new judgment, *but see Trump v. Boyle*, 606 U.S. ---, 145 S. Ct. 2653 (2025), respect for the judicial hierarchy counsels against doing so.

## ARGUMENT

### I. This Court has been Divested of Jurisdiction and Cannot Consider Plaintiffs' Untimely Motion to Alter or Amend the Judgment

This Court must deny Plaintiffs' motion because the Court cannot alter a judgment that is presently on appeal and because it is too late to file a motion to alter or amend the judgment. *See Griggs*, 459 U.S. at 60-61; Fed. R. Civ. P. 6(b)(2), 59(e). Plaintiffs plainly seek to amend the Court's judgment, no matter how they style their motion. The Court has already entered final judgment on these claims. Entering additional relief on the same claims would have the practical effect of changing that judgment. Plaintiffs thus seek to change the relief afforded in the Court's judgment. That is a motion to alter or amend the judgment, and it is subject to the rules governing such motions. *United States ex rel. Hoggett v. Univ. of Phoenix*, 863 F.3d 1105, 1107 (9th Cir. 2017) ("[A] motion's nomenclature is not controlling."). Treating it as any other kind of motion would elevate form over substance and readily permit circumvention of the rules governing changes to final judgments. Two rules, in particular, prevent the Court from amending its judgment at present.

*First*, the Court lacks jurisdiction to change the judgment while that very judgment is on appeal. "As a general rule, the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal." *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997); *see Griggs*, 459 U.S. at 60-61. When an appeal is from a final judgment, the district court "may not alter or expand upon the judgment" while the appeal is pending. *In re Padilla*, 222 F.3d 1184, 1190 (9th Cir. 2000); *see Sumida v. Yumen*, 409 F.2d 654, 656–57 (9th Cir. 1969) ("A properly filed notice of appeal vests jurisdiction of the matter in the court of appeal; the district court thereafter had no power to *modify its judgment in the case or proceed further*….") (emphasis added). Put otherwise, a district court may not "reexamine or supplement the order or judgment from which an appeal is pending." 20 Moore's Fed. Prac.

DEFS.' OPP. TO ECF 327, PLS.' MOT. FOR DECLARATORY RELIEF UNDER 28 U.S.C. § 2201
No. 3:25-cv-1766
2

§ 303.32[2][a][ii]. Thus, a district court may "entertain and deny a Rule 60(b) motion for relief from the judgment appealed from, but it may not grant the motion." *Id*. The divestiture rule is necessary to avoid "the confusion and waste of time that might flow from putting the same issues before two courts at the same time." *Stein*, 127 F.3d at 1189 (citation omitted); *see also Townley v. Miller*, 693 F.3d 1041, 1042 (9th Cir. 2012) (amended order) (concluding the filing of notices of appeal from order granting preliminary injunction divested district court of jurisdiction).

Here, the government timely appealed this Court's September 5, 2025 judgment "related to (1) the Venezuela vacatur, (2) the Venezuela termination, and (3) the Haiti vacatur," ECF 280 at 1, on September 9, 2025. ECF 285. Thus, this Court has been divested of jurisdiction over those claims, including the threshold questions of whether 8 U.S.C. § 1254a(b)(5)(A) or 8 U.S.C. § 1252(f)(1) eliminate this Court's jurisdiction to order *any* relief with respect to those claims, because they are being actively litigated in the Ninth Circuit in *Nat'l TPS Alliance* (9th Cir. 25-5724). *See Griggs*, 459 U.S. at 60-61.

The Court could have modified the judgment if Plaintiffs had sought to supplement it, whether under Rule 59 or Rule 60, within the time for filing a Rule 59 motion. *See* Fed. R. App. P. 4(a)(4)(A)(iv), (vi); *Griggs*, 459 U.S. at 60. The rules carefully ensure that just one court has jurisdiction over a judgment at a time by depriving the *court of appeals* of jurisdiction while the district court considers such a motion and by requiring a would-be appellant to file a *new* notice of appeal from any amended judgment. *See* Fed. R. App. P. 4(a)(4)(B)(i)-(ii).

Given the risk of disruption to the court of appeals, the deadline for a Rule 59 or appeal-suspending Rule 60 motion is "no later than 28 days after the entry of the judgment," Fed. R. Civ. P. 59(e), and the district court cannot interfere with the progress of the court of appeals by extending that deadline. Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rules… 59(b), (d), and (3), and 60(b)."); *see Scott v. Younger*, 739 F.2d 1464, 1467 (9th Cir. 1984) (the deadline to file a notice of appeal is not extended by untimely Rule 59 motions).

Plaintiffs' deadline passed on October 3, 2025. *See* Fed. R. Civ. P. 59(e); ECF 280 (judgment entered Sept. 5, 2025); Pl. Mot. to Alter J. at 2-8. Consequently, because the Ninth Circuit is actively reviewing this Court's September 5th judgment in *Nat'l TPS Alliance v. Noem* (9th Cir. 25-5724), and

DEFS.' OPP. TO ECF 327, PLS.' MOT. FOR DECLARATORY RELIEF UNDER 28 U.S.C. § 2201
No. 3:25-cv-1766
3

Plaintiffs' motion belatedly seeks to amend the judgment on appeal, the Court should deny the motion for lack of jurisdiction and as untimely.

Plaintiffs' assertion that the divestiture rule does not prevent this Court from considering their untimely motion for declaratory relief lacks merit. Pl. Mot. to Alter J. at 2 n.2. The Declaratory Judgment Act, 28 U.S.C. § 2201 "only creates a remedy and is not an independent basis for jurisdiction." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989); *see Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 571 U.S. 191, 197 (2014) ("the Declaratory Judgement Act does not 'extend' the 'jurisdiction' of the federal courts."). Rule 57 makes that doubly clear by specifying that the Federal Rules of Civil Procedure "govern the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201." Critically, Plaintiffs seek a declaration, premised entirely—and overtly—on their three claims about the lawfulness of the Secretary's TPS determinations under the APA. Pl. Mot. to Alter J. at 2, 4; *cf United Aeronautical Corp. v. U.S. Air Force*, 80 F.4th 1017, 1022 n.3 (9th Cir. 2023) (emphasizing that declaratory judgment "may not be used as an end run around the limits of the APA's sovereign-immunity waiver" and noting that "[b]ecause the availability of Aero's DJA claim depends on the availability of its APA claim, we need only analyze the latter."). Because that is among the legal questions pending before the Ninth Circuit, this Court has been divested of jurisdiction. *Griggs*, 459 U.S. at 60-61; *see Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004) ("Once Williams filed his notice of appeal of the district court's judgment denying his habeas corpus petition, the district court lost jurisdiction over the petition.") (citing *Carriger v. Lewis*, 971 F.2d 329, 332 (9th Cir. 1992) (en banc)); *see, e.g.*, *Shorter v. Baca*, 2021 WL 4958857, *2 (9th Cir. Oct. 26, 2021) (unpub.) (applying the divestiture rule where "[Plaintiff] filed the Rule 60(b) motion almost two months after filing this appeal and sought to void the very orders over which we have jurisdiction.") (citing *Griggs*, 459 U.S. at 58).

Plaintiffs' reliance on *NRDC v. Sw. Marine*, 242 F.3d 1163 (9th Cir. 2011), is misplaced. That decision relied on the express permission in Fed. R. Civ. P. 62(d) for district courts to modify injunctions while an appeal is pending in order to preserve the status quo. *Id.* at 1166 (discussing former Rule 62(c)). Pl. Mot. to Alter J. at n.2. There is no analogous exception for declaratory relief. Fed. R. Civ. P. 57. Plaintiffs say a declaratory judgment would not afford them any "concrete protection" from the challenged

actions and that it "would not itself require [Defendants] to do anything." Pl. Mot. To Alter J. at 4, 7. On their own account, then, a declaratory judgment would not be a status-quo-preserving decision. Indeed, tellingly, Plaintiffs identify no example where a court granted declaratory relief on APA claims that were fully briefed before the Court of Appeals.

In short, this Court has been divested of jurisdiction and cannot consider Plaintiffs' motion because it is untimely and premised on the exact legal and threshold jurisdictional issues pending before the Ninth Circuit. *See Griggs*, 459 U.S. at 60-61; *Scott*, 739 F.2d at 1467; Fed. R. Civ. P. 59(e), 60(b); Pl. Mot. to Alter J. at 1 ("Plaintiffs request declaratory relief… on a subset of the APA claims in this case: the three claims on which this Court has already granted summary judgment regarding TPS for Venezuela.").

## II. Declaratory Relief is Barred by 8 U.S.C. § 1252(f)(1).

Additionally, whether or not the motion impermissibly seeks to alter the Court's already-entered final judgment, Defendants maintain that declaratory relief is barred by 8 U.S.C. § 1252(f)(1).[1] *See* ECF 199, Def. Opp. to Pl. Mot. For Partial MSJ at 10; *see also* ECF 262, Def. MTD at 14-16. Section 1252(f)(1) expressly bars district courts and courts of appeals from entering an order that "enjoin[s] or restrain[s]" the operation of the statutory provisions § 1252(f)(1) covers, which include Section 1254a.[2] Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), div. C, Pub. L. No. 104-208, §§ 306, 308, 110 Stat. 3009-546. Thus, an order that would have the effect of enjoining or restraining DHS's implementation of the TPS provisions in § 1254a is jurisdictionally barred under § 1252(f)(1), except for individuals who are in removal proceedings. Plaintiffs assert that declaratory relief would apply

---

[1] The Supreme Court has not yet resolved whether § 1252(f)(1) bars non-individualized declaratory relief. *See Biden v. Texas*, 597 U.S. 785, 801 n.4 (2022) ("We express no view on" the "several additional questions regarding the operation of section 1252(f)(1)" covered in supplemental briefs, "namely, whether its limitation on 'jurisdiction or authority' is subject to forfeiture and whether that limitation extends to other specific remedies, such as declaratory relief."); *Aleman Gonzalez*, 596 U.S. at 551 n.2 ("At oral argument, the Government suggested that § 1252(f)(1) not only bars class-wide injunctive relief but also prohibits any other form of relief that is 'practically similar to an injunction,' including class-wide declaratory relief. … Because only injunctive relief was entered here, we have no occasion to address this argument.").

[2] As Defendants argued in their Motion to Dismiss Plaintiffs' First Amended and Supplemental Complaint, ECF 262, although § 1254a appears in Part V of the U.S. Code, the U.S. Code is inconsistent with the INA, wherein the TPS provisions in Section 244 appear in Chapter 4. IIRIRA, div. C, Pub. L. No. 104-208, §§ 306, 308, 110 Stat. 3009-546. When there is a conflict, the INA prevails. *See Galvez v. Jaddou*, 52 F.4th 821, 830–31 (9th Cir. 2022). INA § 244 lies within chapter 4 of title II of the INA, as amended.

DEFS.' OPP. TO ECF 327, PLS.' MOT. FOR DECLARATORY RELIEF UNDER 28 U.S.C. § 2201
No. 3:25-cv-1766
5

only to them, not universally, but § 1252(f)(1) also bars individualized orders unless the individual is in removal proceedings. 8 U.S.C. § 1252(f)(1) ("other than with respect to the application of such proceedings to an individual alien against whom [removal] proceedings … have been initiated").

To "restrain," in § 1252(f)(1), means to "check, hold back, or prevent (a person or thing) from some course of action," to "inhibit particular actions," or to "stop (or perhaps compel)" action. *Garland v. Aleman Gonzalez*, 596 U.S. 543, 549 (2022) (quoting 5 Oxford English Dictionary 756 (2d ed. 1989)). A declaration that the Secretary's TPS determinations are allegedly unlawful would impermissibly restrain her operation of the statute if it had coercive effects on the government. *Aleman Gonzalez*, 596 U.S. at 550-53 (holding that 8 U.S.C. § 1252(f)(1) applies even where the challenged governmental action is allegedly unlawful); *see* Supp. Br. For The Petitioners, *Biden v. Texas*, No. 21-954 at 11-13 (May 9, 2025). Indeed, Plaintiffs openly acknowledge that they would use a declaration to "challenge the detention and deportation of Plaintiffs and other NTPSA members… arguing that this Court's order has decided the threshold legal question of whether Defendants' TPS termination decisions were lawful." Pl. Mot. to Alter J. at 1. Consequently, for the reasons the Defendants articulated in the summary judgment proceedings currently on review before the Ninth Circuit, Section 1252(f)(1) bars this Court from entering non-individualized declaratory relief.

### III. The Court Should Not Circumvent the Supreme Court's Stay.

Finally, this Court should reject Plaintiffs' transparent attempt to circumvent the Supreme Court's order staying this Court's judgment. *Noem*, 2025 WL 2812732, at *1.

The Supreme Court has already determined the proper status quo during this litigation: The challenged actions should remain in effect. Plaintiffs seek new, unstayed relief. Granting their motion would fly in the face of the Supreme Court's stay decision. *Noem*, 2025 WL 2812732, at *1. Giving new effect to a decision that the Supreme Court has already stayed is impermissible. *DHS v. D.V.D.*, 145 S. Ct. 2627, 2630 (2025) (Kagan, J., concurring) ("I do not see how a district court can compel compliance with an order that this Court has stayed."); *NIH v. Amer. Pub. Health Ass'n*, 145 S. Ct. 2658, 2665 (2025) (Gorsuch, J., concurring) (explaining that Supreme Court "interventions" following a stay order "should

have been unnecessary" because "[w]hatever their own views, judges are duty-bound to respect the hierarchy of the federal court system created by the Constitution and Congress") (cleaned up). Even if the Court views itself as technically free to do so, respect for the judicial hierarchy—including not just the Supreme Court's stay, but also the Ninth Circuit's consideration of the pending appeal—counsels denying the motion.

## CONCLUSION

For the reasons above, the Court should deny Plaintiffs' Motion.

Dated: November 24, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
Civil Division

WILLIAM H. WEILAND
Acting Assistant Director

ERIC SNYDERMAN
CATHERINE ROSS
LAUREN BRYANT
JEFFREY HARTMAN
LORI MACKENZIE
DANIEL CAPPELLETTI
ILANA KRAMER

Trial Attorneys

/s/ *Shelby Wade*
SHELBY WADE
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 285-8379
Shelby.Wade2@usdoj.gov

*Attorneys for the Defendants*

DEFS.' OPP. TO ECF 327, PLS.' MOT. FOR DECLARATORY RELIEF UNDER 28 U.S.C. § 2201
No. 3:25-cv-1766
7

# CERTIFICATE OF SERVICE

I, Shelby Wade, a trial attorney with the United States Department of Justice, certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF).

                                Respectfully submitted,

                                */s/ Shelby Wade*
                                SHELBY WADE
                                Trial Attorney
                                Office of Immigration Litigation
                                General Litigation and Appeals Section
                                U.S. Department of Justice
                                P.O. Box 868, Ben Franklin Station
                                Washington, D.C., 20044