Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Emilou H. MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Amanda Young (SBN 359753)
ayoung@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Attorneys for Plaintiffs
*[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R., HENDRINA VIVAS CASTILLO, A.C.A., SHERIKA BLANC, VILES DORSAINVIL, and G.S., <br><br>  *Plaintiffs*, <br><br> v. <br><br> KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA, <br>   *Defendants.* | Case No. 3:25-cv-1766 <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR DECLARATORY RELIEF UNDER 28 U.S.C. 2201** <br><br> Date:   December 5, 2025 <br> Time:   1:30pm <br> Place:   Via Zoom |

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Eva L. Bitran (SBN 302081)
ebitran@aclusocal.org
Diana Sanchez (SBN 338871)
dianasanchez@aclusocal.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (*Pro Hac Vice*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, Suite 1H
San Diego, CA 92120
Telephone: (949) 603-7411

**INTRODUCTION**

Defendants do not contest that declaratory relief is a distinct remedy or that Plaintiffs are entitled to it on the merits. Instead, they proffer three theories for why the Court lacks authority to grant it. Each is meritless. First, Defendants' appeal of the Court's September 5 judgment did not divest the Court of jurisdiction to consider Plaintiffs' motion. Plaintiffs' motion "does not request a substantive change of mind by the court" and so "is not a[] . . . motion to alter or amend the judgment." *U.S. ex rel. Hoggett v. Univ. of Phoenix*, 863 F.3d 1105, 1108 (9th Cir. 2017). Nor does it concern any aspect of the case involved in the appeal, which does not address the availability of declaratory relief. Second, although Defendants fail to acknowledge it, controlling Ninth Circuit precedent forecloses their position that 8 U.S.C. § 1252(f)(1) bars declaratory relief. *Rodriguez v. Hayes*, 591 F.3d 1105, 1119 (9th Cir. 2010). Third, granting declaratory relief would not "circumvent" the Supreme Court stay order because that order did not address the propriety of declaratory relief and because declaratory relief—which operates only on the parties and would not provide concrete benefits to anyone absent a separate request for additional relief based on a specific showing of need—is materially different from the relief previously stayed. Because declaratory relief is warranted and this Court retains jurisdiction to grant it, Plaintiffs' motion should be granted.

**ARGUMENT**

**I.  THIS COURT HAS JURISDICTION OVER PLAINTIFFS' MOTION**

Defendants argue the Court lacks jurisdiction over Plaintiffs' motion due to Defendants' appeal of the Court's prior judgment. Dkt. 333 at 2-5. But Defendants' appeal does not divest the Court of jurisdiction because Plaintiffs' motion does not seek to alter or amend the Court's judgment and does not concern any aspect of the case that is on appeal.

**A.  Plaintiffs' Motion Does Not Seek to Alter or Amend the Judgment**

Defendants wrongly assert Plaintiffs' motion is in substance a motion to alter or amend the judgment and, therefore, the Court lacks jurisdiction to grant it and it is untimely. Dkt. 333 at 1-3. But "[a] motion that does not request a substantive change of mind by the court is not an FRCP

1

59(e) motion to alter or amend the judgment." *Ex rel. Hoggett*, 863 F.3d at 1108 (where motion "did not contend that the district court clearly erred, present the district court with newly discovered evidence, or assert an intervening change in the controlling law" it was not a motion to amend the judgment, even if styled as one); *see also* Dkt. 333 at 1-2 (citing *Ex rel. Hoggett*). Nothing in Plaintiffs' motion asks the court to "change [its] mind" about any aspect of the judgment. *Ex rel. Hoggett*, 863 F.3d at 1108. Instead, Plaintiffs' motion seeks an additional form of relief that was not at issue in the Court's prior judgment. Courts regularly grant declaratory relief at one stage of litigation and a different form of relief at another without treating the request for additional relief as a request to alter or amend the prior judgment. *See, e.g., United Tchr. Assocs. Ins. Co. v. Union Lab. Life Ins. Co.*, 414 F.3d 558, 568-73 (5th Cir. 2005) (district court awarded money damages after granting declaratory judgment); *Bolt v. Merrimack Pharms., Inc.,* 2005 WL 2298423, at *4-5 (E.D. Cal. Sept. 20, 2005) (same).

Because Plaintiffs' motion does not seek to alter or amend the judgment, Defendants' argument that the Court lacks jurisdiction to grant such relief while an appeal is pending is misplaced. Further, Plaintiffs' motion is not subject to the deadline for motions to alter or amend a judgment. Dkt. 333 at 3-4.

### B. Plaintiffs' Motion Does Not Concern Aspects of the Case That Are on Appeal

To the extent Defendants argue that their appeal from this Court's prior judgment divests the Court of jurisdiction over Plaintiffs' motion for declaratory relief even if that motion is *not* construed as a motion to alter or amend the judgment, that argument is also meritless. "The filing of a notice of appeal . . . divests the district court of its control *over those aspects of the case involved in the appeal.*" *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 (1982) (emphasis added). This rule "is judge-made doctrine designed to avoid the confusion and waste of time that might flow from putting the same issues before two courts at the same time." *In re Padilla*, 222 F.3d 1184, 1190 (9th Cir. 2000) (quoting *United States v. Thorp (In re Thorp)*, 655 F.2d 997, 998 (9th Cir. 1981)); *see also Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997) (divestiture rule "should not be

employed to defeat its purposes," "is not a creature of statute," and "is not absolute in character") (citations omitted).

Here, the propriety of declaratory relief is not an "aspect[] of the case involved in the appeal." *Griggs*, 459 U.S at 58. Plaintiffs did not seek declaratory relief at the summary judgment stage and their request for declaratory relief is distinct from their request for set aside relief: "[A] request for declaratory relief may be considered *independently* of whether other forms of relief are appropriate." *Powell v. McCormack*, 395 U.S. 486, 518 (1969) (emphasis added). Indeed, courts have held that an appeal of a declaratory judgment does not divest the district court of jurisdiction to grant further relief, reasoning that the different forms of relief involve different "aspect[s] of the case." *See, e.g., United Tchr. Assocs. Ins. Co*, 414 F.3d at 568-73 (affirming district court's jurisdiction to award money damages while declaratory judgment was on appeal); *Bolt,* 2005 WL 2298423, at *4-*5 (considering request for further relief while declaratory judgment was on appeal). Moreover, given that the issues raised in Plaintiffs' motion are entirely distinct from the issues raised in the pending appeal, adjudicating Plaintiffs' motion would not result in any "confusion" or "waste of time," *In re Padilla*, 222 F.3d at 1190 (internal quotation marks omitted), nor would dismissing it for lack of jurisdiction serve the purpose of the divestiture rule. *See Stein*, 127 F.3d at 1189-90 (holding district court retained jurisdiction where "[t]his is not a case where the district court would be deciding the same issues before the appeals court").

Defendants' cases are not to the contrary. Dkt. 333 at 2-5. *Scott*, *Sumida*, *Williams*, and *Shorter* hold only that an appeal divests the district court of authority to vacate, amend, or grant relief from the order that is the subject of the appeal. *See Scott v. Younger*, 739 F.2d 1464, 1466 (9th Cir. 1984) (appeal from grant of summary judgment divested district court of jurisdiction to vacate summary judgment); *Sumida v. Yumen*, 409 F.2d 654, 656-67 (9th Cir. 1969) (appeal from order dismissing case divested district court of jurisdiction to issue amended dismissal order based on amended findings of fact and conclusions of law); *Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004) (appeal from decision denying habeas corpus petition divested district court of jurisdiction to consider Rule 60(b) motion for relief from that decision); *Shorter v. Baca*, 2021 WL

3
PLAINTIFFS' REPLY ISO MOT. FOR DECLARATORY RELIEF UNDER 28 U.S.C. 2201
Case No. 3:25-cv-1766

4958857, at *2 (9th Cir. Oct. 26, 2021) (appeal from denial of judgment as a matter of law divested district court of jurisdiction to consider Rule 60(b) motion for relief from that decision). That is immaterial because, as described above, Plaintiffs do not seek to vacate, amend, or obtain relief from this Court's prior judgment.

The other cases on which Defendants rely similarly fail to support their position. Dkt. 333 at 2-3. *In re Padilla* holds that an appeal of an order reversing dismissal of bankruptcy proceeding divests the bankruptcy court of authority to proceed with the bankruptcy *at all*. 222 F.3d at 1190. Here, there is no question that this Court has authority to proceed with aspects of this case not at issue on appeal of this Court's partial judgment. *Townley v. Miller* addresses whether the *appeals* court properly asserted jurisdiction over an appeal from a minute order in a case where it appeared the district court was intentionally trying to avoid appellate review. 693 F.3d 1041, 1042 (9th Cir. 2012); *see also id.* at 1043-45 (Reinhardt, J., concurring). It is not relevant here. *Stein* holds that appeal of an order granting conditional habeas release does *not* divest a district court of authority to order immediate release when the condition is not satisfied. 127 F.3d at 1189-90. To the extent it is relevant, it supports Plaintiffs. None of these cases concerns or sheds light on a district court's authority to issue declaratory relief after an appeal has been taken from a decision granting different relief.

Finally, Defendants assert that the Declaratory Judgment Act does not provide an independent basis for Article III jurisdiction. Dkt. 333 at 4. Plaintiffs do not argue otherwise. Plaintiffs' point is that the Declaratory Judgement Act provides an independent basis for *relief*. Dkt. 327 at 3-4. As a result, the Court can grant declaratory relief without amending its prior judgment.

## II. CONTROLLING PRECEDENT HOLDS SECTION 1252(f)(1) DOES NOT BAR DECLARATORY RELIEF

Defendants spend a full page arguing that 8 U.S.C. § 1252(f)(1) bars declaratory relief without acknowledging that controlling Ninth Circuit precedent forecloses their position. Dkt. 333 at 5-6. *See Rodriguez*, 591 F.3d at 1119 ("'[E]njoin or restrain' should not be read to include declaratory relief when Congress could easily have included 'declaratory relief' explicitly had it

chosen to do so."). Even if the Ninth Circuit had not already resolved this issue, Defendants' position would be meritless. A declaratory judgment does not "enjoin or restrain" anyone, even under Defendants' expansive view of those terms. Dkt. 333 at 5-6. As described in Plaintiffs' motion, a grant of declaratory relief would not itself require Defendants to do anything. Dkt. 327 at 1, 4, 7. Instead, any Plaintiff seeking concrete protection would need to take additional steps, likely through other litigation elsewhere, brought individually or in smaller groups, to secure it. *Id.*

### III. THE SUPREME COURT STAY DOES NOT FORCLOSE DECLARATORY RELIEF

Finally, Defendants are wrong in asserting that granting Plaintiffs' motion would somehow "circumvent" the Supreme Court stay order. Dkt. 333 at 6-7. Defendants rely on *DHS v. D.V.D.*, 145 S. Ct. 2627 (2025), and *NIH v. American Public Health Association*, 145 S. Ct. 2658 (2025), but those cases are distinguishable. *D.V.D.* explains that the Supreme Court's stay of a district court order also renders unenforceable a district court order compelling compliance with the stayed order. 145 S. Ct. at 2629-30. Plaintiffs' motion does not concern compliance, nor does it attempt to enforce this Court's prior order. Justice Gorsuch's concurrence in *NIH* states that the Supreme Court's "reasoning binds lower courts" even when issued in the context of an interim stay decision. 145 S. Ct. at 2663-64. But, as Plaintiffs' motion explains, the reasoning of the Supreme Court stay in this case does not preclude issuing declaratory relief. Dkt. 327 at 7-8.

Indeed, Defendants fail to address the numerous reasons Plaintiffs offer in their motion to explain why their request is *not* foreclosed by the Supreme Court's stay of portions of this Court's prior judgment. *See id.* at 5-8. Perhaps most significantly, declaratory relief operates only on the parties, rather than universally, and does not provide concrete benefits to anyone absent a separate request for additional relief based on a specific showing of need. *Id.* at 5-7.

### CONCLUSION

For the reasons described above and in Plaintiffs' motion, Plaintiffs respectfully request this Court grant declaratory relief on Plaintiffs' APA claims concerning the vacatur of TPS for Venezuela and the termination of Venezuela's 2023 TPS designation.

5

PLAINTIFFS' REPLY ISO MOT. FOR DECLARATORY RELIEF UNDER 28 U.S.C. 2201
Case No. 3:25-cv-1766

Date:   November 26, 2025

Respectfully submitted,

NATIONAL DAY LABORER ORGANIZING NETWORK

/s/ *Jessica Karp Bansal*
Jessica Karp Bansal

Lauren Michel Wilfong (*Pro Hac Vice*)
NATIONAL DAY LABORER ORGANIZING NETWORK

Emilou MacLean
Michelle (Minju) Y. Cho
Amanda Young
ACLU FOUNDATION
OF NORTHERN CALIFORNIA

Ahilan T. Arulanantham
CENTER FOR IMMIGRATION LAW AND POLICY, UCLA SCHOOL OF LAW

Eva L. Bitran
Diana Sanchez
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA

Erik Crew (*Pro Hac Vice*)
HAITIAN BRIDGE ALLIANCE

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 26, 2025 I caused the foregoing to be electronically field with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

NATIONAL DAY LABORER ORGANIZING NETWORK

/s/ *Jessica Karp Bansal*
Jessica Karp Bansal