BRETT A. SHUMATE
Assistant Attorney General
Civil Division
YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
Civil Division
RUTH ANN MUELLER
Senior Litigation Counsel
ERIC SNYDERMAN
LAUREN BRYANT
JEFFREY HARTMAN
CATHERINE ROSS
DANIEL CAPPELLETTI
LORI MACKENZIE
ILANA KRAMER
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, *et al.*,<br><br>　　　　　　　Plaintiff<br>　v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 3:25-cv-1766<br><br>**DEFENDANTS' BRIEF AND OPPOSITION TO AN INDICATIVE RULING UNDER FED. R. CIV. P. 62.1 WITH RESPECT TO PLAINTIFFS' UNTIMELY MOTION TO AMEND THE JUDGMENT TO INCLUDE DECLARATORY RELIEF**<br><br>Judge: Hon. Edward M. Chen |

# INTRODUCTION

This Court should not issue an indicative ruling under Federal Rule of Civil Procedure 62.1. Plaintiffs' pleadings make clear that their untimely request for declaratory relief is entirely contingent on the Administrative Procedure Act claims addressed in this Court's September 5, 2025, judgment. But Plaintiffs' request for declaratory relief is not an independent basis for subject matter jurisdiction. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Rule 57 expressly states the Rule of Civil Procedure "govern the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201." At this late juncture—following the government's timely appeal in *Nat'l TPS Alliance v. Noem* (9th Cir. 25-5724), which divested this Court of jurisdiction, and the Supreme Court stay of this Court's judgment, *Noem v. Nat'l TPS Alliance*, 606 U.S. —, 2025 WL 2812732, *1 (Oct. 3, 2025) (staying ECF 280)—there is no basis for an indicative ruling.

As an initial matter, this Court cannot issue an indicative ruling with respect to Plaintiffs' untimely motion to alter or amend the judgment under Rule 59(e) because Rule 62.1 only applies "[i]f a timely motion is made[.]" Plaintiffs indisputably missed the October 3 deadline to move to alter or amend the judgment, so Rule 62.1(a) does not permit an indicative ruling on Plaintiffs' motion. Likewise, the Court cannot issue an indicative ruling with respect to a motion under Rule 60(b) because Plaintiffs conceded during the December 5 argument that they did not file a Rule 60(b) motion and, in all events, they cannot satisfy any of the narrow criteria Rule 60(b) articulates. Thus, Plaintiffs' litigation choices provide no basis for an indicative ruling under Rule 62.1.

Even setting aside Plaintiffs' untimeliness, Defendants maintain that a ruling under Rule 62.1 indicating that the Court would enter declaratory relief if the Ninth Circuit remanded would be incorrect because Defendants should prevail on the merits. Defendants maintain that 8 U.S.C. § 1254a(b)(5)(A) bars judicial review of the Secretary's TPS determinations and 8 U.S.C. § 1252(f)(1) eliminates this Court's jurisdiction to enter declaratory relief because doing so impermissibly enjoins or restrains the operation of the TPS statute. *See* ECF 333, Def. Opp. to Decl. Relief at 1–5 (Nov. 24, 2025). The Supreme Court concluded that the government was likely to prevail on the merits of those arguments when it stayed this Court's judgment. *Noem*, 2025 WL 2812732, at *1; *see Hollingsworth v. Perry*, 558 U.S. 183, 190

(2010); Gov't Stay App. No. 25A326, at 15–21 (Sept. 19, 2025) (addressing the TPS statute's review bar and the Secretary's inherent authority to reconsider TPS extensions). Defendants likewise maintain their other arguments regarding the merits of the claims on which Plaintiffs seek a declaratory judgment, too.

Finally, the status of the government's appeal of this Court's September 5 judgment counsels against any Rule 62.1 ruling. The parties completed briefing in that expedited appeal on November 19, 2025, and the Ninth Circuit calendared oral argument for January 14, 2026. *See* ACMS No. 59, Notice of Oral Argument (Dec. 5, 2025), *Nat'l TPS Alliance v. Noem* (9th Cir. 25-5724). Delaying the government's expedited appeal to ameliorate shortcomings in Plaintiffs' litigation strategy does not provide a sound basis for an indicative ruling, particularly where Plaintiffs' motion is designed to (improperly) circumvent the Supreme Court's stay and disturb the status quo that it determined was appropriate with respect to the vacatur and termination of Venezuela's 2023 TPS designation during the pendency of this litigation. All parties in this case are seeking definitive resolution of the legal issues presented by this case from the Ninth Circuit and perhaps even the Supreme Court. Additional litigation along the way detracts from the expeditious search for conclusive resolution of these issues.

Accordingly, for all the reasons previously articulated in the government's brief (ECF 333) and at the December 5, 2025 argument, this Court should deny Plaintiffs' untimely motion to alter or amend the judgment (ECF 327), and decline to issue an indicative ruling under Rule 62.1.

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 62.1, a district court may provide an indicative ruling if a party files "a timely motion" for a ruling on relief that the court lacks authority to grant—due to the divestiture rule, *see Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 60–61 (1982)—because an appeal is docketed and pending. *See Mendia v. Garcia*, 874 F.3d 1118, 1120–22 (9th Cir. 2017) (discussing Rule 62.1); *Hake v. Guardian Life Ins. Co.*, 7-cv-01717-RCJ, 2010 WL 11578944, *2 (D. Nev. Apr. 1, 2010) ("The Rule 62.1 'indicative ruling' procedure was instituted to deal with post-appeal Rule 60(b) motions, where a district court lacks jurisdiction to rule directly.") (citing 2009 Advisory Committee Note). Specifically, a district court may deny the motion, defer a ruling, or state that it would

grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue. Fed. R. Civ. P. 62.1(a). If the district court indicates that it "would grant the motion or that the motion raises a substantial issue," the court of appeals "may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal." Fed. R. App. P. 12.1(a), (b).

## ARGUMENT

### I. This Court Cannot Issue an Indicative Ruling Under Fed. R. Civ. P. 62.1 Because Plaintiffs' Motion to Alter the Judgment Pursuant To Fed. R. Civ. P. 59(e) Is Untimely.

This Court cannot provide an indicative ruling on Plaintiffs untimely motion to alter or amend the judgment under Fed. R. Civ. P. 59(e), because that motion was due twenty-eight days after this Court's judgment. *See* ECF 333 at 1–5 (establishing that Plaintiffs' motion falls within Fed. R. Civ. P. 59(e)); Fed. R. App. P. 58(a) (requiring declaratory relief to be issued in a separate judgment); *see, e.g.*, *Philadelphia Indemnity Insurance Corporation v. Chicago Trust Company*, 930 F.3d 910, 912 (7th Cir. 2019) ("Fed. R. Civ. P. 58(a) prohibits an opinion from serving as a declaratory judgment."). Plaintiffs indisputably missed that October 3 deadline here. *See* Fed. R. Civ. P. 59(e); ECF 280 (judgment entered Sept. 5, 2025); *compare with* ECF 69, *Haitian Evangelical Clergy Ass'n v. Trump*, 25-cv-1464 (E.D.N.Y.) (timely motion for post-judgment declaratory relief with respect to Haiti's TPS designation). Consequently, Plaintiffs' motion to alter or amend the judgment under Rule 59(e) was not filed as "a *timely motion*," and this Court cannot provide an indicative ruling on their Rule 59(e) motion. Fed. R. Civ. P. 62.1(a) (emphasis added); Fed. R. App. P. 12.1(a) (requiring "a *timely motion* … in the district court") (emphasis added); *see Best Odds Corp. v. iBus Media Limited*, 655 F. App'x 582, 583 (9th Cir. 2016) ("Best Odds did not file any such timely motion for relief. Thus, Rule 62.1 was not applicable.").

District courts have uniformly denied motions for indicative rulings where, as here, the movant's request to alter the judgment under Rule 59(e) was untimely. *See, e.g.*, *White v. Hopkins*, 23-cv-02080-SNLJ, 2025 WL 1125512, *2 (E.D. Mo. Apr. 16, 2025) ("White's reliance on Rule 59(e) and 62.1 is

altogether mistaken. A Rule 59(e) motion must be brought within 28 days after the entry of judgment. The instant motion is well outside that time frame."); *Holmes v. Harris*, 18-cv-2272395-PSG, 2021 WL 2272395, *3–4 (C.D. Cal. May 19, 2021) (denying a Rule 62.1 motion because, among other reasons, the motions for reconsideration under Rule 59(e) and 60(b) were untimely and noting that "[t]he Harrises have failed to explain why the Court should bend the rules for their untimely motion."); *Nunez v. Silber*, 18-cv-892-CM, 2018 WL 10038776, at *2 (S.D.N.Y. June 13, 2018) (explaining that "[t]he Court is also without jurisdiction to issue an indicative ruling under Rule 62.1 because the motion [to amend the judgment under Fed. R. Civ. P. 59(e)] is untimely.") (citing Fed. R. Civ. P. 62.1(a)). After all, Rule 59(e) is designed to "avoid[] 'piecemeal appellate review'" and "helps produce a single final judgment for appeal." *Banister v. Davis*, 590 U.S. 504, 517 (2020) (quoting *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 177 (1989)). That rationale applies with equal force here. *See McCalla v. Royal MacCabees Life Ins. Co.*, 369 F.3d 1128, 1132 (9th Cir. 2004) (emphasizing that "Rule 59(e) furthers the primary purpose of a finality rule, precluding piecemeal appeals" where "there was already one round of appeals to the Ninth Circuit.").

In short, this Court cannot provide an indicative ruling on Plaintiffs' motion to alter or amend the judgment because their motion is untimely. Fed. R. Civ. P. 59(e), 62.1(a); Fed. R. App. P. 58(a); *see Best Odds Corp.*, 655 F. App'x at 583; ECF No. 333 at 1-5.

**II. This Court Cannot Provide an Indicative Ruling With Respect to Fed. R. Civ. P. 60(b), Because Plaintiffs Expressly Disclaimed Any Reliance on That Rule and Do Not Satisfy its Substantive Requirements.**

Although this Court would possess authority under Fed. R. Civ. P. 62.1 to provide an indicative ruling had Plaintiffs filed a timely Rule 60(b) motion, *see Dali Wireless, Inc. v. Corning Optical Comm. LLC*, 20-cv-06469-EMC, 2023 WL 2560100, *1 (N.D. Cal. Feb. 6, 2023), Plaintiffs represented at oral argument that they have not filed such a motion and, concomitantly, they have not articulated any rationale

that could possibly satisfy Rule 60(b).[1]  Thus, Plaintiffs have indisputably waived any argument that one of the narrow grounds for relief in Rule 60(b)(1)–(6) applies here.  ECF 327 at 1-8 (Plaintiffs' untimely motion for post-judgment declaratory relief failing to address Rule 60(b)'s substantive requirements); *see United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (discussing the party presentation principle); Fed. R. Civ. P. 62.1(a); Fed. R. Civ. P. 7(b)(1)(B)–(C) (requiring parties to "state with particularity the grounds for seeking the order" and to "state the relief sought"); *see, e.g.*, *Lawson v. Grubhub, Inc.*, 15-cv-05128-JSC, 2018 WL 6190316 (N.D. Cal. Nov. 28, 2018) ("Rule 62.1(a) only applies when a 'timely motion' (typically a Rule 60(b) motion) has been made for relief that the court lacks jurisdiction to grant, because of the pendency of an appeal.  Absent an underlying, predicate motion, there is no basis for relief under Rule 62.1.") (citing *Medgraph, Inc., v. Medtronic, Inc.*, 310 F.R.D. 208, 210 (W.D.N.Y. 2015)).  It follows that there is no basis for an indicative ruling here.

In all events, Plaintiffs cannot satisfy the substantive requirements of Rule 60(b), providing an additional reason to deny any request for an indicative ruling.  Fed. R. Civ. P. 62.1(a)(2).  "Rule 60(b) allows a party to seek relief from final judgment and reopen a case based on mistake or excusable neglect, newly discovered evidence, fraud, or the void or prospectively inequitable status of a judgment" or under the catch-all provision for "any other reason that justifies relief."  *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 210 (2025).  Plaintiffs requested declaratory relief in their supplemental complaint, ECF 250 at 4, 73, but apparently made a strategic decision *not* to request declaratory relief in their summary judgment motion.  Instead, Plaintiffs waited to file their motion to alter or amend the judgment until forty-one days *after* the Supreme Court stayed this Court's judgment on October 3, *Noem*, 2025 WL 2812732, at *1 (staying ECF 280), and *after* the briefing in the expedited Ninth Circuit appeal of this Court's

---

[1] This Court cannot rule on any Rule 60(b) motion directly because this Court has been divested of jurisdiction by the government's appeal.  *See, e.g.*, *Norrie v. Krasnoff*, 773 F. App'x 941, 942 (9th Cir. 2019) (citing *Griggs*, 459 U.S. at 58).

judgment was practically complete. But circumvention of a Supreme Court order staying this Court's judgment is improper. ECF 333 at 6–7; *see U.S. Dep't of Homeland Sec. v. D.V.D.*, 145 S. Ct. 2627, 2629–30 (2025). And dissatisfaction with rulings from the Supreme Court provides no basis to grant a motion under Rule 60(b). *See* Fed. R. Civ. P. 60(b)(1)–(6); *BLOM Bank SAL*, 605 U.S. at 210; *cf. D.V.D.*, 145 S. Ct. at 2629 (rejecting an attempt to circumvent the Supreme Court's stay on an injunction); *McCalla*, 369 F.3d at 1133 ("to allow McCalla to file his prejudgment interest motion pursuant to Rule 60 merely because his complaint contained a request for prejudgment interest [(otherwise barred by the divestiture rule)] would vitiate the 'operational consistency' in the application of Rule 59(e) that *Osterneck* sought to promote.").

Notably, the Supreme Court rejected the argument that "the more relaxed [pleading] standards of Rule 15" could weaken Rule 60(b)(6)'s demanding "extraordinary circumstances" requirement following the district court's entry of judgment. *BLOM Bank SAL*, 605 U.S. at 215; *see id.* at 213–14 (emphasizing that "[a] party seeking Rule 60(b)(6) relief must always demonstrate 'extraordinary circumstances' justifying relief" and that "[t]his very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved.") (quotation and citations omitted). That reasoning extends to Plaintiffs' belated efforts to amend and expand this Court's judgment, which will unnecessarily delay the government's expedited appeal and could even result in two separate appeals and duplicative briefing. 2009 Advisory Committee Notes to Fed. R. App. P. 12.1 ("When relief is sought in the district court during the pendency of an appeal, litigants should bear in mind the likelihood that a new or amended notice of appeal will be necessary in order to challenge the district court's disposition of the motion.") (citing, *inter alia*, *TAAG Linhas Aereas de Angola v. Transamerica Airlines, Inc.*, 915 F.2d 1351, 1354 (9th Cir. 1990)); *see* Fed. R. App. P. 58(a); *Schrubb v. Cal. Dep't of Corrections*, No. 21-55754, 2022 WL 17717405, *1 (9th Cir. Dec. 15, 2022) (unpub.) ("We lack jurisdiction to consider the district court's post-

judgment order denying Schrubb's Federal Rule of Civil Procedure 60(b) motion because Schrubb failed to file an amended or separate notice of appeal.") (citing Fed. R. App. P. 4(a)(4)(B)(ii)).

In short, because Plaintiffs waived any argument that they are entitled to relief under Rule 60(b) and fail to satisfy any of the rule's substantive criteria, there is no basis for this Court to issue an indicative ruling under Rule 62.1.

## CONCLUSION

For the reasons above, the Court cannot and should not issue an indicative ruling under Fed. R. Civ. P. 62.1 with respect to Plaintiffs' untimely motion to alter or amend the judgment.

Dated: December 8, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
Civil Division

RUTH ANN MUELLER
Senior Litigation Counsel

ERIC SNYDERMAN
CATHERINE ROSS
LAUREN BRYANT
LORI MACKENZIE
DANIEL CAPPELLETTI
ILANA KRAMER
SHELBY WADE
Trial Attorneys

/s/ Jeffrey M. Hartman
JEFFREY HARTMAN
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 532-4404
Jeffrey.M.Hartman@usdoj.gov

*Attorneys for the Defendants*

**CERTIFICATE OF SERVICE**

I, Jeffrey M. Hartman, a trial attorney with the United States Department of Justice, certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF).

Respectfully submitted,

/s/ Jeffrey M. Hartman
JEFFREY HARTMAN
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 532-4404
Jeffrey.M.Hartman@usdoj.gov