UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL TPS ALLIANCE, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>KRISTI NOEM, et al.,<br><br>　　　　Defendants. | Case No. 25-cv-01766-EMC<br><br>**ORDER RE PLAINTIFFS' MOTION FOR DECLARATORY RELIEF**<br><br>Docket No. 327 |

Currently pending before the Court is Plaintiffs' motion for declaratory relief. Having considered the parties' briefs, their supplemental filings, and the oral argument of counsel, the Court hereby **GRANTS** Plaintiffs' motion but stays the relief for two weeks to permit an appeal to and request for a longer stay from the Ninth Circuit.

## I.　DISCUSSION

The Court previously issued a partial final judgment in Plaintiffs' favor. Under that final judgment, the Court set aside the agency actions with respect to the Venezuela vacatur and termination and the Haiti vacatur, finding those actions violated the APA. The government's appeal of the partial final judgment divested this Court of jurisdiction over all "aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). The Court did not rule on Plaintiffs' Equal Protection claims which remain pending.

Plaintiffs now seek an entry of a declaratory judgment based on the Court's ruling in granting the partial final judgment on the APA claims. In so moving, Plaintiffs do not assert any new legal theory in support. Instead, the requested declaratory relief is essentially derivative of the earlier judgment.

The government contends this Court no longer has jurisdiction under *Griggs* to enter

1   declaratory relief on legal claims now pending on appeal before the Ninth Circuit and that, even if
2   there were jurisdiction, there currently is no appropriate legal vehicle for doing so. Plaintiffs
3   argue that, in spite of *Griggs*, a district court retains jurisdiction to issue certain relief while an
4   appeal is pending. For example, under Federal Rule of Civil Procedure 62(d),[1] a district court may
5   modify a previously-issued injunction so long as the modification simply preserves the status quo
6   (pending at the time of the appeal) and does not materially alter the status of the case on appeal.
7   *See Natural Resources Defense Council v. Southwest Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir.
8   2001) (hereinafter *NRDC*); *see also Kidder, Peabody & Co. v. Maxus Energy Corp.*, 925 F.2d 556,
9   565 (2d Cir. 1991) (noting that, "under [then-]Rule 62(c), a district court may grant injunctive
10  relief after a proper notice of appeal has been filed, but only when it is necessary to preserve the
11  status quo pending the appeal"). As another example, under 28 U.S.C. § 2202,[2] a party that
12  prevails in a declaratory judgment action "may seek further relief in the form of damages or an
13  injunction" (*i.e.*, additional relief consistent with the declaratory relief). *United Teacher Assocs.*
14  *Ins. Co v. Union Labor Life Ins. Co.*, 414 F.3d 558, 570 (5th Cir. 2005).

15       Here, Plaintiffs are not invoking Rule 62(d) (as the Court did not issue an injunction) nor §
16  2202 (as Plaintiffs are now asking for declaratory relief in the first instance). But Plaintiffs'
17  authorities do suggest a broader principle – independent of Rule 62(d) or § 2202 – that a district
18  court has authority to issue relief pending an appeal so long as the relief simply preserves the
19  status quo (pending at the time of the appeal) and does not materially alter the status of the case on
20  appeal. *See NRDC*, 242 F.3d at 1166 (noting that then-Rule 62(c) *codifies* an exception to the
21  *Griggs* rule); *Hoffman on behalf of NLRB v. Beer Drivers & Salesmen's Local Union*, 536 F.2d
22  1268, 1276 (9th Cir. 1976) (stating that "[t]he general rule" that an appeal divests a district court

---

[1] *See* Fed. R. Civ. P. 62(d) ("While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." ).

[2] *See* 28 U.S.C. § 2202 ("Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.").

of jurisdiction "should not be applied in those cases where the district court, as here, has a continuing duty to maintain a status quo, and where, as the days pass, new facts are created by the parties and the maintenance of the status quo requires new action[;] [t]his result is *not unlike* that achieved by Fed. R. Civ. P. 62(c)") (emphasis added).[3]  Indeed, it would seem illogical to find the law allows the issuance of further relief following entry of declaratory relief, but not the issuance of declaratory relief after, *e.g.*, injunctive-type relief since declaratory relief is generally a narrower remedy.

Furthermore, the authorities cited by Plaintiffs do not suggest that a party must rely on Rule 59(e) or Rule 60(b) to seek such relief from the court, at least where the further relief does not materially alter the status of the appeal and may serve to preserve the status quo.[4]  Hence, any failure to follow the procedural requisites of Rules 59 or 60(b) does not bar entry of a further judgment granting declaratory relief.[5]

Accordingly, the Court grants Plaintiffs' motion for declaratory relief.  Based on the merits analysis in its prior summary judgment order, the Court declares that (1) the vacatur of the January 17, 2025, TPS extension for Venezuela was unlawful as was (2) the termination of Venezuela's 2023 TPS designation on February 5, 2025.  This grant of declaratory belief, predicated on this Court's ruling now pending appeal, does not materially alter the status of that appeal. It leaves the prior judgment entirety intact.  The issues pending on appeal remain the same.

Furthermore, the declaratory relief issued here may help preserve the pending status quo

---

[3] Similar to the district court's ability to award and fees and costs after entry of final judgment, *see, e.g.*, *Noecker v. S. Cal. Lumber Indus. Welfare Fund*, No. CV 09-05922 DMG (SSx), 2011 U.S. Dist. LEXIS 164721, at *3-4 (C.D. Cal. May 18, 2011) (noting that a post-judgment motion for attorney's fees is considered a collateral matter over which a district court retains jurisdiction, "'even after being divested of jurisdiction on the merits'"), the entry of declaratory judgment here would not affect or touch the previously-issued partial judgment.  It is, in practical effect, collateral to that earlier judgment.

[4] At the hearing, Plaintiffs disavowed that they were bringing a Rule 59(e) or Rule 60(b) motion. Rather than amending the judgment under Rule 59(e) or (60(b), Plaintiffs seek entry of a separate judgment granting declaratory relief; they do not seek to alter or modify the prior partial judgment.

[5] To the extent the government argues this Court's analysis is contrary to Judge Cogan's approach in *Haitian Evangelical Clergy Association v. Trump*, No. 25-cv-1464 (E.D.N.Y.), Judge Cogan was not presented with the situation before this Court.  In his case, there was no pending appeal at the time of his order.

for individual members of the NTPSA.  Plaintiffs have indicated an intent to preserve the status quo of individual members, possibly in individual actions where an individual member might receive some benefit from the declaratory judgment.[6]

The Court rejects the government's contention that the Supreme Court's order staying the partial final judgment precludes the issuance of declaratory relief.  The basis for the Supreme Court stay has never been articulated; it could have stayed the final judgment for any number of reasons which may not bar declaratory judgment herein.  For example, it could have stayed the final judgment simply based on its assessment of the balance of hardships, a factor that does not undermine declaratory relief.  Furthermore, there are several reasons why the Supreme Court could have stayed the Court's final judgment setting aside the agency actions but still left open the door to declaratory relief – *e.g.*, the Supreme Court could have agreed with the government that § 1252(f)(1) is a jurisdictional bar because a vacatur of agency action is functionally the same as an injunction, but § 1252(f)(1) does not necessarily prohibit declaratory relief (as the Ninth Circuit has held).  Another possibility is that the Supreme Court could have taken issue with the vacatur of agency action because it operated as "universal"-type relief, *see Trump v. CASA, Inc.*, 606 U.S. 831 (2025), whereas declaratory relief would simply be an adjudication of a case or controversy between the parties.

While the Supreme Court's stay order is not a bar to the Court's issuance of declaratory relief, the Court does deem it prudent to issue a brief stay, but only so that a prompt appeal may be taken to the Ninth Circuit (which is already scheduled to have oral argument in January 2026 on the government's appeal of the partial final judgment issued by this Court) and to give the Ninth Circuit the opportunity to consider any stay.  A temporary stay is prudent given the relatively unique posture of this case wherein, *e.g.*, Plaintiffs now seek an additional judgment which is a lesser form of remedy than that already granted.

---

[6] Because this Court has jurisdiction to enter declaratory judgment based on its prior ruling and entry of partial final judgment setting aside the agency actions, it need not utilize Rule 62.1 to enter an indicative ruling and await remand from the Ninth Circuit.  If jurisdiction did not vest, the Court would, of course, upon remand enter the exact same terms as those herein.

4

## II. CONCLUSION

For the foregoing reasons, the Court grants Plaintiffs' motion for declaratory relief. As stated above, the Court declares that (1) the vacatur of the January 17, 2025, TPS extension for Venezuela was unlawful as was (2) the termination of Venezuela's 2023 TPS designation on February 5, 2025. The Court, however, stays this order for two weeks from the date of this order.

This order disposes of Docket No. 327.

**IT IS SO ORDERED**.

Dated: December 10, 2025

_____
EDWARD M. CHEN
United States District Judge