Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Amanda Young (SBN 359753)
ayoung@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Attorneys for Plaintiffs
*[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R., HENDRINA VIVAS CASTILLO, A.C.A., SHERIKA BLANC, VILES DORSAINVIL, and G.S.,<br><br>Plaintiffs,<br><br>vs.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA,<br><br>Defendants. | Case No. 3:25-cv-01766-EMC<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A SECOND SUPPLEMENTAL COMPLAINT PURSUANT TO FED. R. CIV. P. 15(D); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:      January 6, 2026<br>Time:      TBD<br>Location:  Zoom |

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Eva L. Bitran (SBN 302081)
ebitran@aclusocal.org
Diana Sanchez (SBN 338871)
dianasanchez@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (*Pro Hac Vice*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, 1H
San Diego, CA 92120
Telephone: (949) 603-7411

1   PLEASE TAKE NOTICE THAT, on January 6, 2026, or as soon thereafter as this matter may be heard before the district court judge of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, assigned to this matter, Plaintiffs move for leave to file a Second Supplemental Complaint pursuant to Federal Rule of Civil Procedure 15(d).

This Motion is based upon this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; all prior pleadings and filings in this case; any additional matter of which the Court may take judicial notice; and such further evidence or argument as may be presented before, at, or after the hearing.

Dated: December 11, 2025

Respectfully submitted,
NATIONAL DAY LABORER ORGANIZING NETWORK

*/s/ Jessica Karp Bansal*
Jessica Karp Bansal

Lauren Michel Wilfong (*Pro Hac Vice*)

Emilou MacLean
Michelle (Minju) Y. Cho
Amanda Young
ACLU FOUNDATION
OF NORTHERN CALIFORNIA

Ahilan T. Arulanantham
CENTER FOR IMMIGRATION LAW AND POLICY, UCLA SCHOOL OF LAW

Eva L. Bitran
Diana Sanchez
ACLU FOUNDATION OF SOUTHERN CALIFORNIA

Erik Crew (*Pro Hac Vice*)
HAITIAN BRIDGE ALLIANCE
Attorneys for Plaintiffs

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiffs respectfully move for leave to file a Second Supplemental Complaint pursuant to Rule 15(d) of the Federal Rules of Civil Procedure. The proposed Second Supplemental Complaint is attached hereto as **Exhibit A**. Through the proposed Second Supplemental Complaint, Plaintiffs seek to add claims arising from the November 28, 2025 termination of Haiti's Temporary Protected Status ("TPS") designation by the Secretary of the Department of Homeland Security ("DHS"). The challenged termination is a post-pleading event that could not have been included in Plaintiffs' operative complaint, which was filed on July 8, 2025. Supplementation is necessary to ensure that all related agency actions affecting Haitian TPS holders are adjudicated in a single proceeding, thereby promoting judicial efficiency, avoiding piecemeal litigation, and ensuring complete relief.

## BACKGROUND

On February 19, 2025, Plaintiffs initiated this lawsuit challenging two unprecedented actions taken by Secretary Noem within her first week in office: first, the vacatur of the previous administration's extension of Venezuela's TPS designation and second, the termination of Venezuela's TPS designation. The Plaintiffs included the National TPS Alliance ("NTPSA") and individual Venezuelan TPS holders. Plaintiffs brought claims under the Administrative Procedure Act (APA) and the Equal Protection Clause of the Due Process Clause of the Fifth Amendment. Plaintiffs alleged that Secretary Noem's actions deprived 600,000 Venezuelan TPS holders of their right to live and work in the United States for the duration of the previous administration's designation and extension. *See* Dkt. 1.

On February 20, Plaintiffs moved to postpone the Secretary's actions affecting Venezuelan TPS holders. The same day, Secretary Noem announced her decision to "partially vacate" the previous administration's July 1, 2024 extension and redesignation of Haiti for TPS.

On March 20, Plaintiffs filed an Amended Complaint as of right, incorporating the facts surrounding the partial vacatur of Haiti's TPS extension and designation, adding individual Haitian TPS holders (also NTPSA members) as plaintiffs, and asserting APA and Equal Protection claims on behalf of Haitian TPS holders and Haitian NTPSA members. *See* Dkt. 74.

On March 31, the Court granted Plaintiffs' motion to postpone the Secretary's actions against Venezuelan TPS holders. Dkt. 93. However, on May 19, the Supreme Court granted the Government's request for a stay of the postponement order pending appeal. Dkt. 140.

Plaintiffs notified this Court of their intent to move for summary judgment on their APA claims related to the challenged Venezuela TPS decisions and Haiti TPS partial vacatur, and a briefing schedule was set. *See* Dkt. 124.

On June 24, the Government submitted a letter to the Court in *Haitian Evangelical Clergy Ass'n v. Trump*, No. 25-cv-1464 (E.D.N.Y.) ("*HECA*"), stating that the Secretary had made a determination on Haiti "on or before June 4, 2025" and would publish that determination before August 3, 2025. *HECA*, Dkt. 58. On June 27, the Government issued a press release announcing the termination of TPS for Haiti, stating that Secretary Noem had determined that country conditions had improved sufficiently for Haitians to return home safely. *See* [https://www.dhs.gov/news/2025/06/27/dhs-terminates-haiti-tps-encourages-haitians-obtain-lawful-status](https://www.dhs.gov/news/2025/06/27/dhs-terminates-haiti-tps-encourages-haitians-obtain-lawful-status).

On July 1, the Secretary published in the Federal Register notice of the termination of Haiti's TPS designation, pursuant to which termination would be effective sixty days from publication, or September 2, 2025. 90 Fed. Reg. 28760 (July 1, 2025). That effective date was only possible because of the contested partial vacatur. That same day, the United States District Court for the Eastern District of New York held unlawful and set aside Secretary Noem's "partial vacatur" of Haiti's TPS designation in the *HECA* case. 789 F. Supp. 3d 255 (E.D.N.Y. 2025). The effect of this ruling was to restore February 3, 2026 as the effective end-date of Haiti's TPS designation. Because Judge Cogan set aside the "partial vacatur" as unlawful, the original expiration date of Haiti's TPS designation is once again in effect. As established by the July 2024 extension and redesignation that Secretary Noem purported to "partially vacate," Haiti's current TPS designation does not expire until February 3, 2026. *See id.* at 273.

On July 7, 2025, Plaintiffs in this case filed an unopposed motion for leave to file a First Amended and Supplemental Complaint under Rule 15(d) to incorporate the July 1, 2025 Haiti Termination Notice, which the Court granted on July 8. Dkts. 246, 248, 250. Plaintiffs did not move

for summary judgement on the Secretary's July 1, 2025 Haiti Termination Notice, as the effect of the setting aside of the partial vacatur in the *HECA* case was to restore the February 3, 2026 end-date of Haiti's TPS designation.

On September 5, this Court granted Plaintiffs' Motion for Partial Summary Judgment and, *inter alia*, held unlawful and set aside the partial vacatur of Haiti's TPS designation. Dkt. 279 at 58. This Court held that the Secretary lacked authority to partially vacate Haiti's TPS designation and, even if she had authority to vacate, the partial vacatur violated the APA because, *inter alia*, it was "preordained without any meaningful analysis and review" and "driven by [Secretary Noem's] predetermined desire to terminate Haiti's TPS." *Id.* at 53-58.[1] Defendants appealed this Court's order on September 9, Dkt. 285, and requested both an emergency stay and a stay pending appeal as to the portions of that order concerning the Venezuela decisions only. *Nat'l TPS All. v. Noem*, No. 25-5724, Dkt. 7.1 (9th Cir. Sept. 12, 2025). The Ninth Circuit denied the stay requests and set an expedited briefing schedule. *Id.*, Dkts. 23.1, 29.1. On October 3, however, the Supreme Court granted the Government's request for a stay pending appeal. *Id.*, Dkt. 30.1. Oral argument in the Ninth Circuit on the merits of the summary judgment order is scheduled for January 14, 2026. *Id.*, Dkt. 59.

On November 28, 2025, the Secretary published a new, second decision to terminate TPS for Haiti, effective February 3, 2026. 90 Fed. Reg. 54733 (Nov. 28, 2025). The November 28, 2025 termination notice repeats, nearly verbatim, the reasons for termination provided in the July 1, 2025 termination notice, and also includes several new paragraphs purporting to provide additional reasons for the termination.[2] *Compare id.* with 90 Fed. Reg. 28760 (July 1, 2025). This action has

---

[1] In the same order, this Court temporarily stayed continued litigation related to Plaintiffs' APA and Equal Protection challenges to the July 1, 2025 Haiti termination, reasoning that "the [July 1, 2025] Haiti termination will be unlawful if the Haiti vacatur is deemed unlawful" and that a stay would "allow the appellate courts to adjudicate most of the statutory claims before the constitutional ones." Dkt. 279 at 69. Plaintiffs do not understand this Court's stay to apply to any challenge to the new November 28, 2025 Haiti termination. To the extent the stay does apply, Plaintiffs respectfully submit that the new termination decision and imminent loss of status for Haitian TPS holders constitute good cause to seek to lift the stay.

[2] Defendants filed a Notice with the Court on December 10 asserting that the new termination decision "moot[s]" Plaintiffs' challenge to the July 1, 2025 termination. Dkt. 339. But the legality of the July 1, 2025 termination is still relevant because the November 28, 2025 termination is based on, and suffers from many of the same flaws as, the July 1, 2025 termination.

3

MOTION FOR LEAVE TO FILE A SECOND SUPPLEMENTAL COMPLAINT
CASE NO. 3:25-CV-01766-EMC

immediate and potentially irreparable impact on hundreds of thousands of individuals, including Plaintiffs, who will lose lawful status, employment authorization, and related benefits.

Plaintiffs now seek leave to file a supplement to the operative complaint under Rule 15(d) to incorporate the November 28, 2025 Haiti Termination Notice and related facts so that all challenged agency actions toward Haitian and Venezuelan TPS holders can be adjudicated in a single proceeding.

## ARGUMENT

### A.     Legal Standard

Under Federal Rule of Civil Procedure 15(d), "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Giving leave to supplement is favored as a "tool of judicial economy and convenience." *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988) (affirming the interests of judicial economy and the liberal interpretation of Rule 15(d) favored granting leave to file a supplemental complaint). In evaluating motions to supplement pleadings, a court considers the following five factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Malem Med., Ltd. v. Theos Med. Sys., Inc.*, No. C-13-5236 EMC, 2015 WL 270092, at *3 (N.D. Cal. Jan. 20, 2015) (citations omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). Absent prejudice or a "strong showing" of any other relevant factor, there is a presumption in favor of granting leave to supplement. *See AliveCor, Inc. v. Apple Inc.*, No. 21-CV-03958-JSW, 2022 WL 10719062, at *2 (N.D. Cal. Oct. 18, 2022) (citations omitted). The defendant bears the burden of demonstrating why leave to supplement should not be granted. *See Genentech, Inc. v. Abbott Lab'ys*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989).

### B.     The Court Should Grant Plaintiffs Leave to Supplement the Complaint

The liberal policy of allowing supplementation, as well as each of the relevant factors, weighs in favor of allowing Plaintiffs leave to supplement the operative complaint.

#### 1.     Supplementation Promotes Judicial Efficiency

Permitting Plaintiffs to supplement the allegations in their complaint will promote judicial

1  economy. "In deciding whether to permit a supplemental pleading, a court's focus is on judicial
2  efficiency." *Yates v. Auto City 76*, 299 F.R.D. 611, 613 (N.D. Cal. 2013); *see also Planned*
3  *Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) ("[P]romot[ing] judicial efficiency
4  [is] the goal of Rule 15(d)") (citation omitted). Judicial efficiency is achieved where "the entire
5  controversy between the parties could be settled in one action.'" *Planned Parenthood of S. Ariz.*, 130
6  F.3d at 402 (quoting 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Prac. and
7  Proc.: Civil 2D § 1506 (1990)).
8        Here, supplementation will allow the Court to adjudicate all challenges to Defendants'
9  actions affecting Haitian TPS holders—including the November 28, 2025 termination—in one
10 proceeding. The new facts are closely related to the claims and legal theories already at issue, and
11 arise from the same course of agency conduct. Since Plaintiffs' operative complaint already seeks
12 relief related to Defendants' actions regarding Haiti's TPS program, the new allegations, based on
13 newly occurring developments—namely, the November 28, 2025 termination decision—are directly
14 relevant and central to Plaintiffs' existing claims. Allowing Plaintiffs to supplement the operative
15 complaint will permit a single adjudication encompassing not only the operative claims but also
16 Defendants' recent conduct, thereby avoiding needless duplication of proceedings.
17       Allowing supplementation will avoid duplicative litigation, inconsistent judgments, and
18 unnecessary expenditure of judicial and party resources. Supplementing the complaint here is more
19 efficient than requiring Plaintiffs to file a separate lawsuit challenging the new TPS termination.
20 Separate litigation would require a second court to revisit many of the same legal issues presented
21 here. By consolidating all issues pertaining to Haitian TPS into one action, this Court will resolve all
22 claims in a unified forum, ensuring consistency in judicial rulings and obviating needless expense
23 and delay for all parties.

24       **2. Defendants Will Not Be Prejudiced By Supplementation**

25       Defendants cannot credibly claim prejudice from having to defend against an updated set of
26 allegations that address the Secretary's new termination decision. Indeed, Defendants have been on
27 notice since March 2025 that Plaintiffs challenge DHS's broader campaign to rescind TPS for Haiti;
28 the November 28, 2025 termination is a continuation of that same course of conduct. The Second

Supplemental Complaint does not add new legal theories, but merely updates the allegations to reflect the most recent agency action. The Supplemental Claims (Claims Six and Seven) are identical to Claims Four and Five in the operative complaint, Dkt. 250, except that they apply to the November 28, 2025 Haiti termination. Further, the new allegations concern the same statutory provisions, decision-makers, and legal standards already at issue in this case. Because Plaintiffs have only obtained partial summary judgment at this stage, the litigation is still in a posture where supplementation may be seamlessly incorporated without derailing other case deadlines.

### 3.  The Remaining Factors Weigh In Favor Of Supplementation

The remaining factors—undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, and futility—either support granting leave to supplement or are inapplicable. First, Plaintiffs bring this motion less than two weeks after Defendants published notice of the termination of TPS for Haiti in the Federal Register. Therefore, Plaintiffs have acted diligently and promptly in moving to supplement as soon as their claims became ripe. Second, there is no bad faith or dilatory motive. The Second Supplemental Complaint asserts new, viable claims based on recent events; it does not modify or re-plead the original claims. Third, the Court has not dismissed any of Plaintiffs' claims, so no deficiencies have been identified for Plaintiffs to cure. And although Plaintiffs amended their complaint previously as a matter of right and supplemented it once in response to Defendant's first attempt to terminate TPS for Haiti, the new allegations Plaintiffs seek to include could not have been included in the operative complaint as the events giving rise to those allegations occurred months later. Last, supplementation is not futile, as it addresses a live controversy and seeks relief for ongoing harm. This Court has already recognized the validity of Plaintiffs' claims challenging Defendants' termination of Venezuela's TPS designation. The Second Supplemental Complaint outlines similar claims with respect to Haiti.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion for Leave to File a Second Supplemental Complaint pursuant to Rule 15(d). The new claims concerning the November 28, 2025 termination of Haiti's TPS designation arise after the operative complaint and bear directly on Plaintiffs' theories. They will not prejudice Defendants, will advance judicial

efficiency, and are in the interest of justice. Accordingly, Plaintiffs urge the Court to grant leave to supplement as requested.

Respectfully submitted,

Date: December 11, 2025

NATIONAL DAY LABORER
ORGANIZING NETWORK

 /s/ *Jessica Karp Bansal*
Jessica Karp Bansal
Lauren Michel Wilfong (*Pro Hac Vice*)

Emilou MacLean
Michelle (Minju) Y. Cho
Amanda Young
ACLU FOUNDATION
OF NORTHERN CALIFORNIA

Ahilan T. Arulanantham
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW

Eva L. Bitran
Diana Sanchez
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA

Erik Crew (*Pro Hac Vice*)
HAITIAN BRIDGE ALLIANCE

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2025, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

NATIONAL DAY LABORER ORGANIZING NETWORK

/s/ *Jessica Karp Bansal*
Jessica Karp Bansal