BRETT A. SHUMATE
Assistant Attorney General
Civil Division
YAAKOV M. ROTH
Acting Assistant Attorney General
RUTH ANN MUELLER
Senior Litigation Counsel
ERIC SNYDERMAN
LAUREN BRYANT
JEFFREY HARTMAN
CATHERINE ROSS
DANIEL CAPPELLETTI
LORI MACKENZIE
ILANA KRAMER
SHELBY WADE
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, *et. al.*, <br><br>　　　　　　　Plaintiff, <br>　v. <br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et. al.*, <br><br>　　　　　　　Defendants. | Case No. 3:25-cv-1766-EMC <br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR ORDER SHORTENING TIME AND SETTING SCHEDULE RE: PLAINTIFFS' MOTION FOR LEAVE TO FILED SECOND SUPPLEMENTAL COMPLAINT** <br><br>Judge: Hon. Edward M. Chen |

**INTRODUCTION**

Defendants, Kristi Noem, Secretary of the Department of Homeland Security ("DHS"), et al., hereby oppose Plaintiffs National TPS Alliance, et al.'s ("NTPSA") Administrative Motion for order Shortening Time and Setting Schedule. *See* ECF No. 344. First, Plaintiffs have failed to demonstrate that good cause exists to shorten time and accelerate the briefing schedule to reach a final judgment on two new claims, challenging a new agency action, by February 3, 2026. Plaintiffs have already spent two of the nine weeks in which they seek to have the case decided on drafting their motion to supplement their complaint, and attempting to litigate their as-yet-unfiled new claims to reach a final judgment in the next seven weeks spanning the holidays would prejudice the government and other litigants. And Plaintiffs frequent use of Motions to Shorten Time, nine times in this case, indicates that good cause is lacking here. *See* ECF No. 345, ("Bansal Decl.") at 1-2. The Court should deny the motion.

**ARGUMENT**

**I.  PLAINTIFFS HAVE NOT MET THEIR BURDEN FOR DEMONSTRATING THAT "GOOD CAUSE" EXISTS FOR SHORTENING THE BRIEIFNG SCHEDULE**

Courts have found that good cause does not exist to expedite a briefing schedule where the reasons justifying a shortened schedule stem from the moving party's own making. *See Medtronic Vascular Inc., v. Advanced Cardiovascular Systems, Inc.*, No. C 06-1066 PJH., 2007 WL 2903997 at *1 (N.D. Cal. Oct. 4, 2007) (finding good cause lacking for granting a motion to shorten time where party "is responsible for its own delay in bringing the motion."); *Hanger Prosthetics & Orthotics, Inc. v. Capstone Orthopedic*, Inc., 2007 WL 3340935 *2 (E.D. Cal. Nov. 9, 2007) (finding that Plaintiff did not demonstrate circumstances that justify shortening the time for hearing where Plaintiff is the cause of the predicament); *Manzano v. FCA US LLC*, 2018 WL 8130612 (C.D. Cal. 2018) ("Defendant has failed to make any showing why it should not be considered the cause of its own predicament or how Defendant is without fault in creating the crisis that it claims now requires *ex parte* relief."). The good cause standard primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) (holding that in order to obtain *ex parte* relief, "[f]irst, the evidence must show that the

moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures). "Second, it must be established that the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613 (D. Ariz. 2001).

Plaintiffs say they need a shortened briefing schedule in order to permit a ruling on the motion to supplement, filing of the supplemented complaint, discovery, motion practice, and final judgment on new claims, all before February 3. That is just over nine weeks—nine weeks that include the holidays—from the November 28 publication of the termination they seek to challenge. When Plaintiffs have spent two of those nine weeks preparing a motion to supplement their complaint, that amounts to unreasonable delay and warrants denying their motion to shorten time. That is especially apparent because Plaintiffs could have avoided the need for drafting and obtaining a ruling on supplementation by challenging this new, separate agency action in a new, separate lawsuit. That is, after all, how they challenged other TPS terminations that post-dated the filing of this action. *See* ECF No. 1, *Nat. TPS Alliance v. Noem*, 3:25-cv-05687-TLT (N.D. Cal.) (*NTPSA II*).

Moreover, Plaintiffs' premise that the Court should shorten the time for this motion so that it can enter a final judgment on their new claims before February 3, in order—they hope—to prevent the November 28 termination from taking effect, is flawed. Plaintiffs evidently plan to forego a request for preliminary relief from the November 28 termination, perhaps in light of the Supreme Court's stay of the preliminary relief this Court previously issued and the Ninth Circuit's stay of preliminary relief in their challenge to the termination of other countries' TPS designations. *See Noem v. Nat. TPS Alliance,*— S. Ct. —, 2025 WL 1427560 (May 19, 2025); ECF No. 37, *Nat. TPS Alliance v. Noem*, 25-4901 (9th Cir. Dec. 9, 2025) (Order granting joint motion to hold case in abeyance pending Dist. Ct. ruling). But foregoing a request for preliminary relief is a strategic choice, and Plaintiffs cannot manufacture a crisis with their own strategic choices. If, on the other hand, Plaintiffs do intend to seek preliminary relief, the Court can entertain that motion when Plaintiffs file it and need not attempt to proceed through filing of the complaint, discovery, motions practice, and final judgment before February 3, 2026. Moreover, when the Ninth Circuit and the Supreme Court have determined that the TPS terminations challenged in those

cases should take effect while litigation unfolded, preventing the November 28 Haiti termination from taking effect is not good cause to accelerate this case to the degree Plaintiffs' demand.

Plaintiffs' proposed breakneck pace for resolving their new claims regarding new agency action is especially unreasonable compared to the schedules they have proposed and obtained thus far in this litigation and in their similar challenge in this Court to other TPS terminations. Even moving rapidly as Plaintiffs requested, this Court did not enter partial final judgment in this case until almost seven months after Plaintiffs filed it, and *NTPSA 2* likewise was filed approximately six months ago and has not reached final judgment yet. Consequently, as Plaintiffs have failed to establish that good cause exists for shortening the briefing schedule, their motion should be denied.

Granting Plaintiffs' motion would prejudice the government and other litigants before the Court. Expediting one case "necessarily delays resolution of other matters pending before the Court," making it "effectively a request to jump the line." *Belina K. v. Baldovmos*, No. C 10–02507 PSG, 2011 WL 335315 at *2 (N.D. Cal. Feb. 1, 2011). By Plaintiffs' own Declaration, this motion represents the ninth time they have attempted to shorten briefing deadlines with respect to their own motions and pleadings, prejudicing the government and the scarce resources of the Court. *See* Bansal Decl. at 1-2 (Plaintiffs filed motions to shorten on Feb. 25, Mar. 31, Apr. 2, May 25, Jun. 18, Sept. 9, Oct. 22, and Nov. 13). Compelling Defendants to permanently operate on an emergency briefing schedule seems more a strategic litigation weapon than a true exigency. If Plaintiffs decide not to pursue preliminary relief, that is no basis for permitting them to jump to the front of the line and litigate new claims from as-yet-unfiled-complaint through final judgment in seven weeks spanning the holidays. And the government would be prejudiced by litigating this motion, and presumably the rest of the discovery and filings that would be necessary to reach a final judgment, on the highly compressed timeline Plaintiffs seek.

Dated: December 12, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
Civil Division

RUTH ANN MUELLER
Senior Litigation Counsel

LAUREN BRYANT
JEFFREY HARTMAN
CATHERINE ROSS
DANIEL CAPPELLETTI
LORI MACKENZIE
ILANA KRAMER
SHELBY WADE
Trial Attorneys

/s/ Eric M. Snyderman
ERIC MICHAEL SNYDERMAN
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 742-7079
Eric.M.Snyderman@usdoj.gov

*Attorneys for the Defendants*

DEFS.' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR ORDER SHORTENING TIME

4