BRETT A. SHUMATE
Assistant Attorney General
Civil Division
YAAKOV M. ROTH
Acting Assistant Attorney General
RUTH ANN MUELLER
Senior Litigation Counsel
ERIC SNYDERMAN
LAUREN BRYANT
JEFFREY HARTMAN
CATHERINE ROSS
DANIEL CAPPELLETTI
LORI MACKENZIE
ILANA KRAMER
SHELBY WADE
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, *et. al.*,<br><br>              Plaintiff,<br><br>   v.<br><br>KRISTI NOEM, in her official capacity as<br>Secretary of Homeland Security, *et. al.*,<br><br>              Defendants. | Case No. 3:25-cv-1766-EMC<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILED SECOND SUPPLEMENTAL COMPLAINT (ECF No. 343)**<br><br>Judge: Hon. Edward M. Chen |

## INTRODUCTION

Defendants, Kristi Noem, Secretary of the Department of Homeland Security ("DHS"), *et al.*, hereby oppose Plaintiffs National TPS Alliance, et al.'s ("NTPSA") Motion For Leave to File A Second Supplemental Complaint Pursuant to Fed. R. Civ. P. 15(d) ("Plaintiffs' Motion"). *See* ECF No. 343. Plaintiffs' Motion would prejudice Defendants by shoehorning a distinct claim arising from an entirely new factual basis into a fully developed case where a merits ruling is already on appeal. This is an improper and unjust use of supplemental pleading under Rule 15(d). The Court should deny the motion.

## BACKGROUND

Defendants assume the Court is familiar with the complex factual background regarding this matter. Relevant here as to Plaintiffs' motion, on February 19, 2025, Plaintiffs initiated this lawsuit alleging Administrative Procedure Act and Equal Protection Clause violations with respect to the vacatur of the previous administration's extension of Venezuela's TPS designation and termination of Venezuela's TPS designation. ECF No. 1. Thirty days later, on March 20, 2025, Plaintiffs filed an amended complaint incorporating facts surrounding the partial vacatur of Haiti's TPS extension and redesignation, adding individual Haitian TPS holders as plaintiffs. ECF No. 74. On April 16, 2025, Plaintiffs notified the Court of their intention to move for summary judgment on the APA claims related to the challenged Venezuela TPS decisions and Haiti TPS partial vacatur. ECF No. 111. On July 7, 2025, Plaintiffs filed a new supplemental complaint under Rule 15(d) to incorporate the July 1, 2025 Haiti Termination Notice. ECF No. 246. On September 5, 2025, this Court granted Plaintiffs' Motion for Partial Summary Judgment and held unlawful and set aside the partial vacatur of Haiti's TPS designation. ECF No. 279. That decision has been stayed by the Supreme Court. *Noem v. Nat. TPS Alliance,* 606 U.S. —, 2025 WL 2812732 (Oct. 3, 2025). The Ninth Circuit will hear oral argument on Defendants' appeal of the summary judgment merits order on January 14, 2026.

On November 28, 2025, the Secretary published a new decision to terminate TPS for Haiti, effective February 3, 2026. 90 Fed. Reg. 54733 (Nov. 28, 2025). Plaintiffs now seek leave to supplement this lawsuit to plead new claims challenging the November 28, 2025 Haiti Termination Notice. ECF No. 343.

DEFS.' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND SUPPLEMENTAL COMPLAINT

1

# ARGUMENT

## I.    Legal Standard

Rule 15(d) permits a Court, at its discretion and "on just terms," to allow a party to supplement existing pleadings with additional claims arising from events "that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).  The purpose of Rule 15(d) is to promote "economical and speedy disposition of the controversy[.]" *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988).  Circuit precedent interprets Rule 15(d) as prohibiting the use of supplemental pleading to "introduce a 'separate, distinct and new cause of action' where the original action between the parties has reached a final resolution and the district court does not retain jurisdiction." *Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 n.11 (9th Cir. 1998).  This Court has previously held that motions to supplement a complaint are properly evaluated by considering five factors, of which "the greatest weight is given" to "consideration of the prejudice to the opposing party[.]" *Malem Med., Ltd. v. Theos Med. Sys., Inc.*, No. C-13-5236 EMC, 2015 WL 270092 at *3 (C.D. Cal. Jan. 20, 2015) (citations omitted).  Those factors are: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint. *Id.*  Critically, judicial efficiency is *not* served when a supplemental complaint involves a "a new and distinct action that should have been the subject of a separate suit." *Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997).

## II.    Plaintiffs' Supplemental Claims Should Be The Subject Of a New Suit Because They Raise New Claims Arising From Different Factual Subject Matter Than This Proceeding.

The Court should deny Plaintiffs' Motion because it does not promote judicial economy as Rule 15(d) contemplates. The November 28, 2025 Haiti Termination Notice arises out of a wholly new set of facts, separate and apart from a developed case where a fully briefed merits ruling is pending Ninth Circuit argument, and is consistent with the requirement as to periodic review of a country's eligibility before expiration of a designation for TPS. *See* 8 U.S.C. § 1254a(b)(3)(B). Plaintiffs' request for leave contradicts Ninth Circuit precedent where, as here, "the original action between the parties has reached a final

resolution and the district court does not retain jurisdiction." *Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 n.11 (9th Cir. 1998).

### A. Plaintiffs' Request Asks This Court To Supplement Distinct Facts Into a Lawsuit That Has Final Judgment.

Plaintiffs' Motion works an injustice upon Defendants by bringing into this case a distinct claim arising from an entirely new agency action and, in doing so, they conflate the ways supplementation will benefit Plaintiffs' own litigation strategy with judicial economy. *See* Pls.' Mot. at 5. They argue that the November Haiti Termination Notice presents "new facts closely related to the claims and legal theories already at issue, and arise from the same course of agency conduct." *Id.* But the November Haiti Termination Notice arose out of a separate periodic review for the country designation and months after the core facts of this matter (the February 2025 vacatur challenge and the July Haiti Termination Notice) and key legal decisions (this Court's September grant of partial summary judgment) occurred. Secretary Noem's factfinding and analysis of country conditions in Haiti and the national interests of the United States relative to the continued presence of Haitian nationals with TPS as of November 28, 2025 are distinct facts from her procedure in analyzing the those questions on earlier occasions. Each periodic review by the Secretary of country conditions and the national interest is a distinct determination arising from the information available to her and her views at the time the determination was made. *See* 8 U.S.C. § 1254a(b)(3)(B) (requiring periodic review of a country's eligibility before expiration of a designation for TPS). *See* ECF No. 343 at 3.

Despite Plaintiffs' assertion that the November 28 Haiti TPS determination "ar[os]e from the same course of conduct" as prior determinations, each determination is an independent, distinct final agency action with a distinct factual basis. *See* 8 U.S.C. § 1254a(b)(3)(B); *but see* ECF No. 343 at 5. As the Court has acknowledged, the Secretary's November 28 determination did not rely on the February 2025 *partial vacatur*, occurring at the time when the most recent operative extension of Haiti's designation would, by statute, require periodic review. *See* 90 Fed. Reg. 54,733, 54,734 (Nov. 28, 2025) (The November 2025 determination is "a new, superseding determination" which complies with a court order finding that Feb. 3, 2026 is the earliest effective date when a new determination as to continuation of the

1    July 2024 Haiti TPS designation could take effect); *see also* 8 U.S.C. § 1254a(b)(3)(B).

2    The Court need not be concerned about "needless duplication of proceedings" when Plaintiffs

3    attempt to improperly incorporate a wholly new lawsuit at the tail end—really, *after* the tail end—of the

4    proceedings before this Court regarding previous agency actions.  *See* Pls,' Mot. 5.

5    **B.    Supplementation Would Prejudice Defendants.**

6    Misconstruction of separate actions aside, Plaintiffs' Motion also misinterprets the *Malem* factors.

7    *See Malem Med., Ltd. v. Theos Med. Sys, Inc.*, No. C-13-5236 EMC, 2015 WL 270092 at *3 (C.D. Cal.

8    Jan. 20, 2015) (citations omitted). The third factor – prejudice to the opposing party – must be given the

9    most weight.  *Id.*  Here, Plaintiffs' proposed supplemental complaint would deeply prejudice Defendants'

10   interests and cause undue delay to the resolution of a matter in which the Court has already entered partial

11   final judgment. This Court has developed a factual record concerning two Administrative Procedure Act

12   (APA) claims relating to Haiti's eligibility for TPS that it deems to have a relationship of if-then causation,

13   even reaching a merits determination on one claim after discovery and cross-motions for summary

14   judgment.  *See* ECF No. 279 at 62. (finding July 2025 Haiti TPS termination "was possible only because

15   of" the February 2025 *partial vacatur*).

16   Plaintiffs blithely suggest that similarities of language between the Secretary's November 2025

17   termination notice and a previous determination mean that the Secretary's analytic process must "suffer

18   from many of the same flaws."  *See* ECF No. 343 at 3 and 3 n.2.  As in any APA case, the administrative

19   record of the pertinent agency action is the appropriate source of such facts.  *See Blue Mountains*

20   *Biodiversity Project v. Jeffries*, 99 F.4th 438, 444 (9th Cir. 2024) (the APA requires courts reviewing

21   agency action to use the administrative record of an action to assess its legality) (citing 5 U.S.C. § 706);

22   *see also In re Subpoena Duces Tecum*, 156 F.3d 1279, 1279-80 (D.C. Cir. 1998) ("the actual subjective

23   motivation of agency decisionmakers is immaterial as a matter of law--unless there is a showing of bad

24   faith or improper behavior.").  To adequately review Plaintiffs' supplemental APA claims, this Court

25   would need to review the new administrative record for the new determination, even though it has

26   already entered a ruling on the merits regarding the now-superseded determination on the previous

27   administrative record; neither judicial economy nor judicial discretion could reasonably deem this

28

DEFS.' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND SUPPLEMENTAL COMPLAINT

1    adjudication "on just terms[.]"  *See* Fed. R. Civ. P. R. 15(d); *see also* ECF No. 279 at 58 (granting

2    summary judgment on *partial vacatur* APA claim).

3    　　　The second factor, undue delay, also cuts in Defendants' favor. The parties are currently

4    preparing for oral argument before the Ninth Circuit on several jurisdictional and merits rulings made by

5    this Court.  *See* App. Br., 25-5724 (9th Cir.) (filed Oct. 16, 2025) at 18-38 (asserting error by this Court

6    in finding subject matter jurisdiction despite 8 U.S.C. §§ 1254a(b)(5)(A); 1252(f)(1).  This Court

7    directed entry of a final judgment for these claims because of "the consequential need for expeditious

8    final adjudication[.]" ECF No. 279 at 68.  The Ninth Circuit must consider whether bars on judicial

9    review deny this Court authority to hear the existing claims, and litigating new supplemental claims

10   before the Ninth Circuit rules on that appeal would be both burdensome and time-intensive, delaying a

11   complete final judgment in this case.

12   　　　The fifth factor, prior previous amendment, also weighs in favor of Defendants. This would be the

13   third  occasion  on  which  Plaintiffs  have  added  to  their  complaint  with  Rule  15  motions.  Plaintiffs

14   previously amended and supplemented their complaint, *See Malem Med., Ltd.*, 2015 WL 270092 at * 3.

15   Additional amendment, after the Court has already entered final judgment on many of Plaintiffs' claims,

16   will slow final disposition of this case and negatively impact judicial economy.

17   　　　Three of the *Malem* factors, including the most important one, counsel against permitting

18   supplementation.  In addition, this Court would demonstrate fairness to the parties and respect for the

19   Court of Appeals by denying supplemental pleadings while the Court of Appeals considers whether the

20   Court has authority to hear the existing and proposed supplemental claims.

21

22

23    Dated: December 18, 2025                           Respectfully submitted,

24                                                        BRETT A. SHUMATE
                                                          Assistant Attorney General
25
                                                          YAAKOV M. ROTH
26                                                        Principal Deputy Assistant Attorney General
                                                          Civil Division
27

28

DEFS.' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND SUPPLEMENTAL COMPLAINT

1

2

RUTH ANN MUELLER
Senior Litigation Counsel

3

4

5

6

7

LAUREN BRYANT
JEFFREY HARTMAN
CATHERINE ROSS
DANIEL CAPPELLETTI
LORI MACKENZIE
ILANA KRAMER
SHELBY WADE
Trial Attorneys

8

9

10

11

12

/s/  Eric M. Snyderman
ERIC MICHAEL SNYDERMAN
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 742-7079
Eric.M.Snyderman@usdoj.gov

13

*Attorneys for the Defendants*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28