Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Amanda Young (SBN 359753)
ayoung@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Attorneys for Plaintiffs
*[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R., HENDRINA VIVAS CASTILLO, A.C.A., SHERIKA BLANC, VILES DORSAINVIL, and G.S., <br><br> Plaintiffs, <br><br> vs. <br><br> KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA, <br><br> Defendants. | Case No. 3:25-cv-01766-EMC <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE A SECOND SUPPLEMENTAL COMPLAINT PURSUANT TO FED. R. CIV. P. 15(D)** <br><br> Date: December 23, 2025 <br> Time: 10:30 a.m. <br> Location: Zoom |

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Eva L. Bitran (SBN 302081)
ebitran@aclusocal.org
Diana Sanchez (SBN 338871)
dianasanchez@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (*Pro Hac Vice*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, Suite 1H
San Diego, CA 92120
Telephone: (949) 603-7411

# INTRODUCTION

Plaintiffs respectfully request that the Court grant their Motion for Leave to File a Second Supplemental Complaint pursuant to Rule 15(d). Defendants argue in their Opposition that undue prejudice bars this Court from granting Plaintiffs' Motion. But Defendants' Opposition misunderstands Plaintiffs' supplemental claims and the current procedural posture of this case—causing them to see undue prejudice where there is none and distinct claims where there are only claims that are connected to and overlapping claims already at issue in this case. The new allegations concerning the November 28, 2025 termination of Haiti's TPS designation arise after the operative complaint and bear directly on Plaintiffs' theories. Granting Plaintiffs' Motion promotes judicial efficiency, avoids piecemeal litigation, and ensures complete relief.

# ARGUMENT

Defendants have not met their burden of demonstrating that leave to supplement should not be granted. *See Genentech, Inc. v. Abbott Lab'ys*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989). *See also AliveCor, Inc. v. Apple Inc.*, No. 21-CV-03958-JSW, 2022 WL 10719062, at *2 (N.D. Cal. Oct. 18, 2022) (discussing presumption in favor of granting leave to supplement). Defendants argue that supplementation will not promote judicial efficiency because this Court has already rendered final judgment on Plaintiffs' challenge to the July 1 Haiti termination and the November 28 termination is a distinct agency action. But this Court has *not* issued a final judgment on the July 1 termination, and the November 28 termination is simply the latest step in Defendants' ongoing effort to terminate TPS for Haiti. Defendants also assert prejudice, but identify no harm they would suffer from supplementation. Accordingly, Plaintiffs' Motion should be granted.

## I. SUPPLEMENTATION PROMOTES JUDICIAL ECONOMY

Defendants rely on misunderstandings of this case to argue the contrary, but granting Plaintiffs' Motion promotes judicial efficiency, avoids piecemeal litigation, and ensures complete relief.

### A. The claim challenging the Haiti termination is still pending.

Because Plaintiffs have only obtained partial summary judgment at this stage, the litigation is still in a posture where supplementation may be seamlessly incorporated without derailing other case

1

deadlines. Defendants state that the Court has "already entered a ruling on the merits regarding the now-superseded determination on the previous administrative record." Dkt. 351 at 4. This is not true. The Court did not enter a ruling on the merits of the July 1 termination of Haiti's TPS designation, nor has it reviewed the administrative record pertaining to the July 1 termination. In fact, it expressly held Plaintiffs' APA and Equal Protection challenges to the July 1 Haiti termination open to further proceedings, even if it stayed those proceedings at the time. The Court stated that "[a]s for the remaining claims – i.e., (4) the APA claim related to the Haiti termination, (5) the Equal Protection claim related to the Venezuela TPS decisions, and (6) the Equal Protection claim related to the Haiti TPS decisions – the Court temporarily stays continued litigation." Dkt. 279 at 69. Because this Court did not issue a final judgment regarding the July 1 Haiti termination in its partial summary judgment order, the Ninth Circuit is not considering the legality of that termination in connection with Defendants' appeal of that order. Therefore, Defendants suggestion that Plaintiffs' proposed supplement comes "*after* the tail end . . . of the proceedings before this Court regarding" the Haiti termination is incorrect. Dkt. 351 at 4.

**B.    The November 28 termination is the latest step in Defendants' ongoing attempt to end TPS for Haiti.**

Contrary to Defendant's assertion that Plaintiffs are "shoehorning a distinct claim arising from an entirely new factual basis into a fully developed case where a merits ruling is already on appeal," Dkt. 351 at 1, the November 28 termination cannot be understood as separate and apart from the February 24 "partial vacatur" or the July 1 termination challenged in the operative complaint. *See* Dkt. 250 ¶¶ 93–113, 217–24. Rather, all are part of the same agency effort to implement the Secretary's "predetermined desire to terminate Haiti's TPS." Dkt. 279 at 57. Plaintiffs' proposed second supplemental complaint alleges that the November 28 termination is unlawful for many of the same reasons the July 1 termination was unlawful, including, *inter alia*, that it was not based on the objective interagency consultation and country conditions review required by the TPS statute, but was instead based on a predetermined decision, motivated at least in part by racism, to terminate TPS for Haiti. *See* Dkt. 343-1. Resolving these claims entails addressing

2

1  many of the same facts and legal theories already at issue in this case, so judicial economy favors
2  supplementation.

## II. SUPPLEMENTATION WILL NOT PREJUDICE DEFENDANTS.

### A. Although Defendants assert prejudice, they identify no concrete way they will be harmed by supplementation.

Defendants cannot credibly claim prejudice from having to defend against an updated set of allegations that address the Secretary's new termination decision. Indeed, Defendants have been on notice since March 2025 that Plaintiffs challenge Defendants' broader campaign to rescind TPS for Haiti; the November 28, 2025 termination is a continuation of that same course of conduct. The Second Supplemental Complaint does not add new legal theories, but merely updates the allegations to reflect the most recent agency action.

Defendants' asserted bases for prejudice are nonsensical. Dkt. 351 at 4–5. As explained above, this Court has *not* "entered a ruling on the merits regarding" the July 1 termination. *Id*. Even if it had, judicial review of Defendants' new termination decision does not itself constitute prejudice. *See* Dkt. 129 at 3 ("'[b]eing required to defend a suit, without more, does not constitute [prejudice].'") (quoting *In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1087 (9th Cir. 2024). Defendants also claim undue delay, but this Court already rejected that argument: "Plaintiffs did not delay in seeking relief given that they filed their motion for leave approximately two weeks after Secretary Noem made the decision to terminate." Dkt. 349. Contrary to Defendants' confused assertion, Dkt. 351 at 5, the pending appeal is not relevant to the question of delay. Finally, Plaintiffs' prior amendment as of right, Dkt. 74, and unopposed supplementation, Dkt. 248, do not counsel against granting the current Motion. The prior amendment and supplement, like the current proposed supplement, simply updated Plaintiffs' allegations to reflect the latest agency action relevant to their claims.

## **CONCLUSION**

For the foregoing reasons, and the reasons stated in Plaintiffs' Motion, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for Leave to File a Second Supplemental Complaint.

Dated: December 19, 2025

Respectfully submitted,

NATIONAL DAY LABORER ORGANIZING NETWORK

*/s/ Jessica Karp Bansal*
Jessica Karp Bansal
Lauren Michel Wilfong (*Pro Hac Vice*)

Emilou MacLean
Michelle (Minju) Y. Cho
Amanda Young
ACLU FOUNDATION OF NORTHERN CALIFORNIA

Ahilan T. Arulanantham
CENTER FOR IMMIGRATION LAW AND POLICY, UCLA SCHOOL OF LAW

Eva L. Bitran
Diana Sanchez
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA

Erik Crew (*Pro Hac Vice*)
HAITIAN BRIDGE ALLIANCE

Attorneys for Plaintiffs

4

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE A SECOND SUPPLEMENTAL COMPLAINT; CASE NO. 3:25-CV-01766-EMC

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2025, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

NATIONAL DAY LABORER ORGANIZING NETWORK

*/s/ Jessica Karp Bansal*
Jessica Karp Bansal
