Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Amanda Young (SBN 359753)
ayoung@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Attorneys for Plaintiffs
[Additional Counsel Listed on Next Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R., HENDRINA VIVAS CASTILLO, A.C.A., SHERIKA BLANC, VILES DORSAINVIL, and G.S., | Case No.  3:25-cv-01766-EMC<br><br>Hon. Sallie Kim<br><br>**JOINT DISCOVERY LETTER BRIEF RE: HAITI TERMINATION EXTRA-RECORD DISCOVERY** |
| Plaintiffs, | |
| vs. | |
| KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA, | |
| Defendants. | |

1    Additional Counsel for Plaintiffs

2    Jessica Karp Bansal (SBN 277347)
     jessica@ndlon.org
3    Lauren Michel Wilfong (*Pro Hac Vice*)
     lwilfong@ndlon.org
4    NATIONAL DAY LABORER
     ORGANIZING NETWORK
5    1030 S. Arroyo Parkway, Suite 106
     Pasadena, CA 91105
6    Telephone: (626) 214-5689

7    Eva L. Bitran (SBN 302081)
     ebitran@aclusocal.org
8    Diana Sanchez (SBN 338871)
     dianasanchez@aclusocal.org
9    ACLU FOUNDATION
     OF SOUTHERN CALIFORNIA
10   1313 West 8th Street
     Los Angeles, CA 90017
11   Telephone: (213) 977-5236

12   Erik Crew (*Pro Hac Vice*)
     ecrew@haitianbridge.org
13   HAITIAN BRIDGE ALLIANCE
     4560 Alvarado Canyon Road, Suite 1H
14   San Diego, CA 92120
     Telephone: (949) 603-7411

15

16   BRETT A. SHUMATE
     Assistant Attorney General
17   Civil Division
     YAAKOV M. ROTH
18   Acting Assistant Attorney General
     RUTH ANN MUELLER
19   Senior Litigation Counsel
     ERIC SNYDERMAN
20   LAUREN BRYANT
     JEFFREY HARTMAN
21   CATHERINE ROSS
     DANIEL CAPPELLETTI
22   LORI MACKENZIE
     ILANA KRAMER
23   SHELBY WADE
     Trial Attorneys
24   U.S. Department of Justice, Civil Division
     Office of Immigration Litigation
25   General Litigation and Appeals Section
     P.O. Box 868, Ben Franklin Station
26   Washington, DC 20044

27   Attorneys for Defendants

28

Pursuant to the Court's January 6, 2026 Order (Dkt. No. 360), counsel met and conferred on January 12, 2026 regarding discovery and seek assistance from the Magistrate to resolve disputes. The parties complied with Section 9 of the District's Guidelines for Professional Conduct.

## I.    FACTUAL BACKGROUND & RELEVANT DEADLINES

Plaintiffs—the National TPS Alliance and individual TPS holders—filed suit on February 19, 2025 challenging Defendants' vacatur and termination of TPS for Venezuela. Plaintiffs amended the suit on March 20 to additionally challenge the partial vacatur of Haiti's TPS. Dkt. 74. Plaintiffs supplemented the complaint on December 24 to challenge Defendants' November 28 termination of TPS for Haiti (after an earlier termination was blocked by litigation). Dkts. 354–55. The termination of TPS for Haiti is due to enter into effect on February 4. 90 Fed. Reg. 54733 (Nov. 28, 2025). This termination is also being challenged in *Miot v. Trump*, No. C-25-2471-ACR (D.D.C.), and Plaintiffs expressed their intention to move promptly for relief in this case if not ordered in *Miot*.

This Court previously ordered extra-record discovery.[1] Dkts. 123-1 (RFPs (Set One)), 129, 135. Following Defendants' production of the Haiti termination administrative record, the Court ordered Defendants to supplement the existing discovery to produce responsive records related to the Haiti TPS termination; and granted in part Plaintiffs' request for additional extra-record discovery—related to "'high-level' documents that essentially reflect a TPS agenda (not country specific)." Dkt. 360. *See also* Dkt. 358 at 5-7 (joint letter brief). The Court instructed the parties to "seek assistance from the magistrate judge, if necessary," to resolve discovery disputes. Dkt. 360. Following the Court's order, Plaintiffs served a new RFP on January 8 (Ex. A); and the parties unsuccessfully met and conferred on January 12 regarding both this new RFP and custodians, date range and search terms. See Ex. B (proposals). The parties now seek judicial intervention to resolve these disputes.

---

[1] The existing court-ordered discovery (Set One) falls in three categories: "communications … regarding whether to vacate, partially vacate or terminate the TPS designations for Venezuela or Haiti" and "concerning the TPS periodic review process … to the extent applied in whole or in part to the decisions to vacate, partially vacate, or terminate [these] TPS designations" (RFPs 1 & 2); the "fully-executed 'Record of Clearance and Approval', with attachments" for the decisions (RFPs 4 & 5); and "[d]ocuments sufficient to show the contents of each U.S. diplomatic cable to or from an overseas U.S. State Department facility" related to these decisions (RFP 7). Dkts. 123-1 (RFPs), 129, 135. The Court also ordered Defendants to produce a privilege log in response to Plaintiffs' requests for "documents provided to, reviewed by, or considered by the Secretary of DHS regarding whether to vacate, partially vacate or terminate the TPS designation for Venezuela or Haiti which have not already been produced as part of the administrative record" (RFP 6). Dkt. 135 at 3-5.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.    PLAINTIFFS' POSITION

Plaintiffs move for the Court to order Defendants to: 1) produce or log all documents responsive to RFPs (Set One), relying on Plaintiffs' proposed custodians, date range and search terms (Sec. A); 2) produce or log all nonprivileged documents responsive to RFP 1 (Set Two) (Sec. B); and 3) comply with these obligations within 10 days of the Court order (Sec. C). Plaintiffs also ask the Court to admonish Defendants to comply with the Court's discovery orders (Sec. D).

### A.    Custodians, Date Ranges and Search Terms

On January 6, the Court ordered Defendants to update the extra-record discovery previously ordered in response to the Haiti termination, after meeting and conferring. Dkt. 358 at 4 & 360. Plaintiffs initially proposed custodians, date ranges, and search terms on December 24, 2025. Dkts. 358-1 & 358-2. Defendants only provided a concrete counterproposal yesterday. *See* Ex. B. In an initial meet and confer on December 30, Defendants asserted that they could not negotiate absent a *new* court order requiring extra-record discovery. Dkt. 358-1. In a meet and confer January 12, *after* such a court order, Defendants refused to agree to even the stipulations and orders from this case ("*NTPSA I")* and *NTPSA II*, stating that they were looking at the proposals "anew." *See* Dkt. 132; *NTPSA v. Noem*, No. 25-cv-5687-TLT ("*NTPSA II*"), Dkts. 84-1 & 105 at 1-2 (N.D. Cal. 2025). Plaintiffs cannot tolerate such delay given the imminent expiry of legal status for Haitian TPS holders.

The parties reached limited agreements following Defendants' counterproposal yesterday; the parties' proposals are attached as Exhibit B. Plaintiffs now request a Court order that Defendants update the search of RFPs 1, 2, 4, 5 and 7 (Set One) for Haiti, and produce a log in response to RFP 6, using Plaintiffs' proposed custodians, date ranges and terms. *See* Dkt. 358-2 & note 1, *supra*.

- Regarding date ranges, Plaintiffs' proposal updates the search to continue from the last date of search through date of the publication of the Federal Register notice (FRN). *See* Ex. B. This is identical to what the parties stipulated to in *NTPSA I* and *NTPSA II*. Dkt. 132 at 1; *NTPSA II*, Dkt. 105 at 1-2. Defendants' counterproposal—the four months before November 19—would neglect to include records related to the initial TPS termination of Haiti, of great relevance here. Defendants cannot contend that Plaintiffs' proposed date range is unduly burdensome as it was the same range stipulated to in *NTPSA I* and *NTPSA II* for the searches related to 6 prior

2

administrative actions. If Defendants contend that they did not communicate regarding the TPS decision related to Haiti during a portion of the date range, there will be no responsive documents and thus no burden; if they *did* communicate then, those records should be produced.

- <u>Regarding search terms</u>, Plaintiffs' proposal is identical to the terms the parties stipulated to in both *NTPSA I* and *NTPSA II*. Dkt. 132-1 at 10; *NTPSA II*, Dkt. 105 at 2. Defendants' counterproposal, by contrast, would exclude the vast majority of responsive documents previously produced, including key documents related to DHS's decisionmaking – for instance, the single State Department "consultation" email or emails related to data searches of Haitian TPS holders. *See, e.g.*, HaitiTPSAR 173-74 & 409-10. Defendants offer no explanation for the need to deviate from prior court-ordered search terms beyond their generic belief that producing fewer responsive documents than before is somehow "more proportionate to the needs of the case." But this claim is belied by the fact that Defendants were able to use these terms previously to search for and produce responsive records in either 10 or 14 days (*see* Sec. C, *infra*).

- <u>Regarding custodians</u>, Plaintiffs' proposal is informed by this Court's order in the instant case and the parties' stipulation in *NTPSA II*, as modified for Haiti. *Compare* Dkt. 358-2 *with NTPSA II*, Dkt. 84-1 (stipulated custodians) & Dkt. 105 at 1-2 ("Defendants will search the records of the custodians listed in the Annex to the RFPs"). *See also* Dkt. 135 at 1-3. The parties have now narrowed the dispute to only 6 custodians. *See* Ex. B. Plaintiffs' additional proposed custodians are individuals deeply involved in TPS decision-making and stipulated to in *NTPSA II*; at least 3 (Corey Lewandowski, James Percival and Kika Scott) were also court-ordered in *NTPSA I* by stipulation or because they "cleared" a prior Haiti TPS decision. Dkts 132-1 & 135 at 2. Plaintiffs also request that Defendants include as custodians, consistent with the Court's prior order: a) Policy Advisors who drafted the USCIS Decision Memo; and b) RAIO personnel involved in country conditions review. Dkt. 135 at 2-3. Defendants have been unable to confirm whether their proposed custodians Ofira Honig, Rebecca Tanner, and Emma Krichinsky were these people.

- <u>Regarding Defendants' proposal to narrow the requests (*see infra*)</u>: Plaintiffs contend that RFP 4 & 5 require production of Records of Clearance and Approval for the two Haiti terminations. Otherwise, Plaintiffs agree Defendants need not produce records in response to RFPs 3, 8 and 9.

**B.    New Discovery**

The Court granted Plaintiffs' request for additional discovery in part, granting Plaintiffs' request for discovery into "'high-level' documents that essentially reflect a TPS agenda (not country-specific)." Dkt. 360. In response, on January 8, Plaintiffs served Defendants with an additional RFP requesting that Defendants produce "All documents (including communications) concerning the Trump administration's general policies and practices with respect to the TPS program and TPS periodic reviews." Ex. A. By email, Defendants asserted without explanation that they "intend to oppose" the request. Later, Defendants stated that they merely intended to "object" to the RFP but did not provide any grounds, and only stated that they would respond within 30 days. Plaintiffs propose that the Court order Defendants to comply with this search and produce or log responsive documents within 10 days using the custodians, date range and search terms elaborated by Plaintiffs in Exhibit B.

**C.    Deadline for Production**

Plaintiffs seek expedited discovery as this Court previously ordered. Dkt. 129 at 7 ("Because of the time sensitive nature of the proceedings, the government shall be prepared to promptly produce documents[.]"). As this Court found earlier, good cause supports ordering expedited discovery here. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002); *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 2011 WL 1938154, at *1 (N.D. Cal. May 18, 2011). Plaintiffs moved at the first opportunity. Despite the urgency, Defendants have delayed and obstructed discovery efforts. Plaintiffs must act with urgency: Haiti's TPS is due to terminate imminently, and Plaintiffs need timely production to move for relief should that become necessary depending on developments in *Miot*. Defendants cannot make any showing as to burden as Plaintiffs' discovery is narrowly tailored, particularly weighed against the liberty interests of 350,000 people. *See NTPSA II*, Dkt. 97 at 3-4 ("given the harms befalling PTS holders … time is of the essence"); *id.* Dkt. 107 at 8 (requiring expedited production within 14 days of court order of 6 months of records).

In light of this showing, Plaintiffs request that this Court order production on the timeline previously ordered in this case—no more than 10 days from the Court's order. Dkt. 135 at 2, 3, 5, 6.

**D.    Admonition Regarding Prior Orders**

Defendants have sought to disregard this Court's prior extensively-litigated discovery orders,

4

contending they must look "anew" at all issues. The fact that the government attorneys working on this case have changed since the Court issued its prior orders does not allow the government to ignore them. To minimize undue burden, Plaintiffs ask the Court to admonish Defendants that its prior orders regarding the invocation of privilege and nonresponsiveness apply here. Specifically:

- "[A]pplying the qualified deliberative process privilege is not warranted[.]" Dkts. 184 at 3 & 195.

- The attorney client privilege must be properly substantiated. Dkt. 184 at 7 ("Defendants have withheld documents without properly identifying the basis for [ACP]" and "cannot carry [their] burden if they fail to substantiate the privilege invocation."). *See also* Dkt. 249 at 2.

- The attorney client privilege may not be improperly invoked. Dkt. 222 at 3 (finding "Defendants mischaracterized approximately one third of the documents in this sample").

- Defendants may not improperly withhold, or fail to log, documents as nonresponsive. Dkt. 249 at 2 (finding Defendants improperly withheld as nonresponsive 16 of 40 documents submitted for review); Dkt. 253 (ordering production or logging of documents coded as nonresponsive).

### III.    DEFENDANTS' POSITION

Defendants' position remains that extra-record discovery is inappropriate in this case. Dkt. 358, pp. 8-11. Notwithstanding Defendants' position, and as discussed below, the overbroad scope of discovery and expedited timeline proposed by Plaintiffs will almost certainly devolve into potential non-compliance motions, clawback litigation, and supplemental production, all of which will delay the resolution of this case in contravention of the exigent circumstances to which Plaintiffs repeatedly refer. Defendants therefore ask that the Court limit the scope of discovery and afford Defendants a reasonable time in which to respond, as outlined below, in accordance with Federal Rules 26(b) and 34(b).

**Date Ranges.** Defendants propose an approximately 4-month date range for the dates July 15, 2025 up to, and including, November 19, 2025. The initial proposed date, July 15, 2025, is the date the Eastern District of New York issued a final judgment in *Haitian Evangelical Clergy Association et al. v. President Donald J. Trump et al.* which set aside the Secretary's February 2025 *partial vacatur* of Haiti's most recent designation for TPS. Judgment, 1:25-cv-01464-BMC (E.D.N.Y. Jul. 15, 2025). The concluding proposed date, November 19, 2025, is the date Secretary Noem signed her

determination to terminate TPS for Haiti after a periodic review based on the original expiration date of Haiti's most recent designation. As Plaintiffs' supplemental claims arise under the Administrative Procedure Act, any extra-record discovery should properly assess only the decision-making process for the specific agency action challenged. *See Blue Mountains Biodiversity Project v. Jeffries*, 99 F.4th 438, 444 (9th Cir. 2024) (the APA requires courts reviewing agency action to use the administrative record of an action to assess its legality); *see also* 8 U.S.C. § 1254a(b)(3)(B) (requiring periodic review of a country's eligibility before expiration of a designation for TPS).

Plaintiffs' proposed 11-months would fly in the face of Rule 26(b)(1). While Plaintiffs assert that their request to supplement existing RFPs is a mere update, they forget that in making those existing RFPs, they asserted that the "compressed time frame" for the original search "plac[ed] inherent time constraints" on their requests which would avoid undue burden. ECF No. 132 at 1.

**Search Terms**. Plaintiffs' proposed discovery requests are overly broad in the search terms and categories they seek to apply. While Plaintiffs allege that their requests are "the same" as in *NTPSA I*, that production entailed a five-week timespan rather than the 11 months at issue here. Dkt. 135. As to Plaintiffs' continued references to *NTPSA II*, that case involves Honduras, Nepal, and Nicaragua, an entirely *different set of countries* with separate country conditions, including security concerns, separate beneficiaries, and potentially separate custodians. At the same time, in *Miot*, a case involving a subset of the *same documents and the same country* at issue here, Haiti, Judge Reyes in a recent hearing requested that search terms be "narrow," and stated that "TPS" by itself does not constitute a narrow search term. *Lesly Miot et al. v. Trump et al.*, Transcript of Proceedings at 22 (D.D.C. Jan. 7, 2026).

Defendants cannot simply replicate prior productions, which involved different countries, search terms, and/or narrower date ranges than the current requests. *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994) (observing that courts must accommodate agency operational constraints in discovery)); *see Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (affirming district court discretion to manage discovery to prevent undue burden on a federal agency).

**Custodians**. The parties have already agreed to twelve custodians, including the DHS

6

1   Secretary General Counsel, and the Director of USCIS. Plaintiffs request an additional six custodians,

2   three of whom served as counsel to DHS, and are likely to have significant amounts of privileged

3   material. Regarding the roughly 11-month timeline from January 20 through November 19, 2025,

4   Plaintiffs request fourteen custodians, which would result in an unwieldy number of documents, not

5   to mention the proposed search terms, none of which are joined.

6       **Production Deadlines**. Defendants should be granted 30 days to serve their written responses

7   to RFPs 1 through 10. In contrast, Plaintiffs' proposed ten-day timeline is wholly inappropriate in the

8   context of the second Haiti termination. In support of their position, Plaintiffs' point to the ten-day

9   discovery deadline that was previously ordered in this case with respect to the first Haiti termination.

10  Dkt. 135. However, that production timeline was based on roughly five weeks of discovery documents

11  (i.e., January 20 through February 24, 2025), whereas here, Defendants are looking at documents

12  spanning a potentially eleven-month period of time under Plaintiffs' proposed date range.

13  Accordingly, if the Court declines to grant Defendants' request for the specific date range described

14  above of approximately four months preceding the November 19, 2025 Decision Memo, then

15  Defendants should be afforded a feasible period of time to produce discovery that is commensurate

16  with the date range determined by the Court. In other words, if ten days was previously deemed

17  appropriate to produce five weeks-worth of documents, it stands to reason that a much longer

18  discovery deadline is needed for documents spanning the course of several months.

19      **Requests for Production**. While Defendants reassert their position that extra-record discovery

20  is unwarranted, Defendants acknowledge that Judge Chen has ordered Defendants to supplement their

21  responses to Plaintiffs' April 30, 2025 Requests for Production ("RFPs") 1 through 9. Dkt. 123-1.

22  However, several of those RFPs are specific to either the TPS vacatur for Venezuela, the Venezuela

23  TPS termination, and/or the partial TPS vacatur for Haiti (which is no longer at issue following Judge

24  Cogan's July 15, 2025 decision in the *HECA* case). The date ranges set forth in those RFPs are also

25  subject to change depending on the relevant date range for discovery as to be determined by the Court.

26  Specifically, Defendants propose the following modifications to RFPs 1 through 9, without waiving

27  any objections in their written responses to same:

28      **[1]** RFP 1: All communications between July 15, 2025 and November 19, 2025 involving the

7

Custodians listed in the Appendix (as to all such positions, whether acting or appointed), regarding whether to extend or terminate the TPS designation for Haiti at the expiration of its most recent extension period. **[2]** RFP 2: All communications involving the Custodians listed in the Appendix (as to all such positions, whether acting or appointed), between July 15, 2025 and November 19, 2025, concerning the TPS periodic review process during that time period to the extent applied in whole or in part regarding whether to extend or terminate the TPS designation for Haiti at the expiration of its most recent extension period. **[3]** RFP 4 and 5 respectively apply to the vacatur and termination of Venezuela, and are therefore inapplicable to the second Haiti termination and should be omitted from any discovery directives. **[4]** RFP 6: All documents provided to, reviewed by, or considered by the Secretary of DHS regarding whether to extend or terminate the TPS designation for Haiti at the expiration of its most recent extension period, which have not already been produced as part of the administrative record. **[5]** Documents sufficient to show the contents of each U.S. diplomatic cable to or from an overseas U.S. State Department facility between July 15, 2025 and November 19, 2025 regarding whether to extend or terminate the TPS designation for Haiti at the expiration of its most recent extension period. **[6]** RFP 8 applies to the administrative record for the decision to extend the TPS designation for Venezuela, which has already been provided in this case and should be omitted from any discovery directives. **[7]** RFP 9: The complete administrative record for Secretary Noem's November 19, 2025 determination to terminate the TPS designation for Haiti.

Judge Chen explicitly denied Plaintiffs' request for "communications regarding public representations for the Haiti TPS termination decisions." Dkt. 360. Accordingly, RFP 3, which requests "[a]ll documents and communications … about DHS press releases or internal DHS memoranda concerning … terminating TPS designations for … Haiti, including any memoranda or guidance about how to respond to questions from media or TPS holders about such decisions," Dkt. 123-1, should be omitted from any discovery directives. Likewise, RFP 1 from Plaintiffs' January 8, 2026 RFP ("RFP 10"), which requests "[a]ll documents (*including communications*) concerning the Trump administration's general policies and practices with respect to the TPS program and TPS periodic reviews" (emphasis added) should have a limiting instruction excluding communications regarding public representations of the Haiti TPS termination decisions.

1

2       Date:  January 15, 2025                    Respectfully submitted,

3                                                  ACLU FOUNDATION
                                                   OF NORTHERN CALIFORNIA
4
                                                    */s/  Emilou MacLean*
5                                                  Emilou MacLean

6                                                  Michelle (Minju) Y. Cho
                                                   Amanda Young
7                                                  ACLU FOUNDATION
                                                   OF NORTHERN CALIFORNIA
8
                                                   Ahilan T. Arulanantham
9                                                  CENTER FOR IMMIGRATION LAW AND
                                                   POLICY, UCLA SCHOOL OF LAW
10
                                                   Eva L. Bitran
11                                                 Diana Sanchez
                                                   ACLU FOUNDATION
12                                                 OF SOUTHERN CALIFORNIA

13                                                 Jessica Karp Bansal
                                                   Lauren Michel Wilfong (*Pro Hac Vice*)
14                                                 NATIONAL DAY LABORER ORGANIZING
                                                   NETWORK
15
                                                   Erik Crew (*Pro Hac Vice*)
16                                                 HAITIAN BRIDGE ALLIANCE

17                                                 Attorneys for Plaintiffs

18

19
        Date:  January 15, 2025
20
                                                   BRETT A. SHUMATE
21                                                 Assistant Attorney General

22
                                                   YAAKOV M. ROTH
23                                                 Principal Deputy Assistant Attorney General
                                                   Civil Division
24
                                                   RUTH ANN MUELLER
25                                                 Senior Litigation Counsel

26
                                                   ERIC SNYDERMAN
27                                                 LAUREN BRYANT
                                                   JEFFREY HARTMAN
28

---

9

1  CATHERINE ROSS
   DANIEL CAPPELLETTI
2  SHELBY WADE
   Trial Attorneys
3
4  /s/ _Ilana R. Kramer_____
   Ilana R. Kramer
5  U.S. Department of Justice, Civil Division
   Office of Immigration Litigation
6  P.O. Box 868, Ben Franklin Station
   Washington, D.C. 20044
7  Tel: (202) 202-860-9949
   ilana.r.kramer@usdoj.gov
8
9  *Attorneys for the Defendants*

10              **SIGNATURE ATTESTATION**

11
        Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that each of the other Signatories have
12
   concurred in the filing of this document.
13

14                                NATIONAL DAY LABORER ORGANIZING
                                  NETWORK
15

16                                 _/s/ Emilou MacLean_____
                                  Emilou MacLean
17

18

19

20

21

22

23

24

25

26

27

28

JOINT DISCOVERY LETTER BRIEF RE: HAITI TERMINATION EXTRA-RECORD DISCOVERY
CASE NO. 3:25-CV-01766-EMC

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2026, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

ACLU FOUNDATION
OF NORTHERN CALIFORNIA

*/s/ Emilou MacLean*
Emilou MacLean