| | |
|---|---|
| Ahilan T. Arulanantham (SBN 237841)<br>arulanantham@law.ucla.edu<br>CENTER FOR IMMIGRATION LAW AND<br>POLICY, UCLA SCHOOL OF LAW<br>385 Charles E. Young Dr. East<br>Los Angeles, CA 90095<br>Telephone: (310) 825-1029<br><br>Emilou MacLean (SBN 319071)<br>emaclean@aclunc.org<br>Michelle (Minju) Y. Cho (SBN 321939)<br>mcho@aclunc.org<br>Amanda Young (SBN 359753)<br>ayoung@aclunc.org<br>ACLU FOUNDATION<br>OF NORTHERN CALIFORNIA<br>39 Drumm Street<br>San Francisco, CA 94111-4805<br>Telephone: (415) 621-2493<br>Facsimile: (415) 863-7832<br><br>Attorneys for Plaintiffs<br>*[Additional Counsel Listed on Next Page]* | BRETT A. SHUMATE<br>Assistant Attorney General<br>YAAKOV M. ROTH<br>Principal Deputy Assistant Attorney General<br>Civil Division<br>RUTH ANN MUELLER<br>Senior Litigation Counsel<br>ERIC SNYDERMAN<br>JEFFREY HARTMAN<br>CATHERINE ROSS<br>DANIEL CAPPELLETTI<br>ILANA KRAMER<br>SHELBY WADE<br>Trial Attorneys<br><br>LAUREN E. BRYANT<br>U.S. Department of Justice, Civil Division<br>Office of Immigration Litigation<br>P.O. Box 868, Ben Franklin Station<br>Washington, D.C. 20044<br>Tel: (202) 919-1366<br>Lauren.e.bryant@usdoj.gov<br><br>Attorneys for Defendants |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R., HENDRINA VIVAS CASTILLO, A.C.A., SHERIKA BLANC, VILES DORSAINVIL, and G.S.,<br><br>       Plaintiffs,<br><br>vs.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA,<br><br>       Defendants. | Case No. 3:25-cv-01766-EMC<br><br>**JOINT STATUS REPORT**<br><br>Assigned to: Hon. Edward M. Chen<br><br>Date: March 17, 2026<br>Time: 2:30 pm<br>Place: Zoom<br><br>Complaint filed: February 19, 2025 |

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Eva L. Bitran (SBN 302081)
ebitran@aclusocal.org
Diana Sanchez (SBN 338871)
dianasanchez@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (*Pro Hac Vice*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, 1H
San Diego, CA 92120
Telephone: (949) 603-7411

The parties file this joint status report pursuant to the Court's order. *See* Dkt. 372.

I. **Update on *Miot v. Trump*, No. 1:25-cv-02471 (D.D.C.).**

On February 23, 2026, the district court in the *Miot* case denied the government's request to stay the court's February 2 order granting plaintiffs' § 705 motion to postpone the termination of Haiti's TPS designation. Memorandum Opinion & Order at 4, *Miot v. Trump*, 25-cv-02471 (D.D.C. Feb. 23, 2026), Dkt. 135.

On March 6, 2026, the D.C. Circuit denied the government's request for a stay pending appeal. *See* Order, *Miot. v. Trump*, No. 26-5050 (D.C. Cir. Mar. 6, 2026), Dkt. 2162598.

II. **Status of Discovery**

On January 20, 2026, Magistrate Judge Kim issued an order directing Defendants to produce discovery related to the termination of TPS for Haiti by February 17, 2026. Dkt. 367 at 1. Defendants did so. The parties are scheduled to meet and confer on March 12 regarding issues Plaintiffs have raised regarding the production and intend to file a joint letter brief with the Magistrate on March 16 if they are unable to reach resolution.

*Plaintiffs' Position:*

Plaintiffs provide this update at this time for the Court's information. Plaintiffs are not seeking any action from the Court on the below issues in response to this joint status report. Plaintiffs have identified for Defendants certain issues with the February 17 production, including:

1) The application of the deliberative process privilege (DPP) to withhold scores of documents despite orders from this Court prohibiting the application of DPP to withhold documents relevant to this litigation. *See* Dkt. 184 at 3 & Dkt. 195;

2) The improper invocation and lack of substantiation of the attorney client and work product privileges, in defiance of clear Court orders. *See* Dkt. 184 at 7, Dkt. 222 at 3, Dkt. 249 at 2;

3) The improper designation of voluminous records as "CONFIDENTIAL" without justification, in violation of the express terms of the protective order. *See* Dkt. 261 §§ 5.1–5.2; and

4) The adequacy of Defendants' search for records responsive to RFP 1 of Set Two,

1

specifically "documents … concerning the Trump administration's general policies and practices with respect to the TPS program and TPS periodic review." *See* Dkt. 364-1.

Plaintiffs also intend to seek limited additional discovery for the four-month period from March 10 to July 15, 2025 using the already-ordered search terms and custodians. Plaintiffs contend this additional discovery is warranted as the recently-produced discovery, which covers the period from July 15 to November 19, 2025, makes clear that Defendants directly relied on the July 2025 Haiti termination decision in their November 2025 Haiti termination decision, *i.e.*, producing an "addendum" to the prior Decision Memo and country conditions report, rather than a comprehensive Decision Memo and country conditions report. A search for records from the period from March 10 to July 15, 2025 would provide the parties and the Court access to relevant discovery beginning from two weeks prior to the March 24, 2025 country conditions report, which Defendants purport to have relied on for the July 2025 termination decision.

*Defendants' Position*

As a preliminary matter, a joint status report is not the procedurally appropriate vehicle for seeking extra-record discovery. Pursuant to this Court's Civil Standing Order on Discovery at § 4, "no motions regarding discovery disputes may be filed without prior leave of the Court." Since leave has not been sought or granted, this report is not an appropriate juncture to raise discovery issues. Moreover, as Plaintiffs point out, on January 20, 2026, Magistrate Judge Kim issued an order limiting the extra-record discovery to be produced by Defendants on or before February 17, 2026. Dkt. 367. As is relevant to Plaintiffs' counsel's newly-asserted position that Plaintiffs are entitled to additional discovery from March 10 through July 15, 2025, Judge Kim already rejected this request and specifically limited the relevant time period for discovery production to July 15, 2025 through November 19, 2025. Counsel's attempt to unearth further extra-record discovery from a time period that Defendants already responded to previously in this case is an attempt at a second bite of the apple, which would be excessively burdensome and disproportionate since Defendants already produced discovery from that time period, and is wholly improper. To the extent Plaintiffs now seek additional extra-record discovery in this case, any such motion should be made before the Magistrate Judge as per this Court's previous directive.

| | |
|---|---|
| 1 | To the extent the Court permits Plaintiffs to seek additional discovery in a joint status report |
| 2 | and without authorization required by its standing order, Defendants oppose because additional |
| 3 | discovery is not proportionate to the needs of the case and, in any event, is outside the scope of |
| 4 | discovery in an APA action as it requests documents created during the pendency of a prior agency |
| 5 | action not at issue in the current supplemental claim. As a preliminary matter, regardless of possible |
| 6 | naming conventions, the final memorandum was not an addendum to June 4 decision memo, as the |
| 7 | final memorandum had the title "Decision Memorandum on the Termination of TPS for Haiti" [not |
| 8 | addendum to...] and indicated it was a "new recommendation." Second, the November 2025 Haiti |
| 9 | Termination Notice arises out of an entirely new factual context that is distinct and separate from the |
| 10 | Secretary's prior TPS determinations previously considered in this case. *See* 8 U.S.C. § |
| 11 | 1254a(b)(3)(B); *see also* Dkt. 351 at 3–5. As Plaintiffs acknowledged in their Motion for Leave to File |
| 12 | a Second Supplemental Complaint, Dkt. 343, the newly challenged agency action—the November |
| 13 | 2025 termination of Haiti's TPS designation—"is a post-pleading event that could not have been |
| 14 | included in Plaintiffs' operative complaint, which was filed on July 8, 2025." *Id.* at p. 1 (emphasis |
| 15 | added). In an APA case, "[t]he task of the reviewing court is to apply the appropriate APA standard |
| 16 | of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents to the |
| 17 | reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985). *See Blue Mountains* |
| 18 | *Biodiversity Project v. Jeffries*, 99 F.4th 438, 444 (9th Cir. 2024) (the APA requires courts reviewing |
| 19 | agency action to use the administrative record of an action to assess its legality) (citing 5 U.S.C. § |
| 20 | 706); *see also In re Subpoena Duces Tecum*, 156 F.3d 1279, 1279-80 (D.C. Cir. 1998) ("the actual |
| 21 | subjective motivation of agency decisionmakers is immaterial as a matter of law—unless there is a |
| 22 | showing of bad faith or improper behavior."). Judicial review of agency action should be based on the |
| 23 | record before the agency at the time of the decision, barring exceptional circumstances. *Dep't of* |
| 24 | *Commerce v. New York*, 588 U.S. 752, 780 (2019) ("[I]n reviewing agency action, a court is ordinarily |
| 25 | limited to evaluating the agency's contemporaneous explanation in light of the existing administrative |
| 26 | record.") (citations omitted); *Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, 450 F.3d 930, |
| 27 | 943 (9th Cir. 2006). "That principle reflects the recognition that further judicial inquiry into 'executive |
| 28 | motivation' represents 'a substantial intrusion' into the workings of another branch of Government |

1  and should normally be avoided." Id. (citation omitted).

2      Second, with respect to Defendants' February 17, 2026 discovery production and any claimed deficiencies, the parties have agreed to meet and confer ahead of the status conference on March 12, 2026. Again, to the extent Plaintiffs' counsel objects to Defendants' discovery responses and production, the proper venue for such objections is before Magistrate Judge Kim, as this Court has consistently instructed. Notwithstanding, Defendants' position is that the aforementioned privileges have been properly asserted and that they offer a sufficient basis for withholding certain documents based on privileged information.

    Contrary to Plaintiffs' contention, this Court's prior ruling regarding Deliberative Process Privilege ("DPP") does not equate to a sweeping preclusion of DPP in this case. In its June 12, 2025 order, the Cout acknowledged its willingness to limit DPP assertions for the first discovery production in this case because of the limits placed on the volume of documents at issue in that production set. Dkt. 195, pp. 3-4 ("[T]his Court placed limits on the discovery Plaintiffs sought—e.g., in terms of time period and the number of custodians. Furthermore, the actual number of documents at issue is several hundred, not, e.g., thousands."). By contrast, this production set yielded a much larger volume of documents over a greater period of time. Accordingly, under Rule 26(b)(2), proportionality weighs in favor of the ability to assert DPP given the sheer scope of documents produced.

    As to the documents marked "confidential," the parties plan to discuss whether additional descriptors justifying the "confidential" tag will satisfy Plaintiffs' counsel's objection during the March 12 meet and confer. Similarly, since it is unclear on what specific basis Plaintiffs are objecting to the adequacy of Defendants' response to RFP 1 of Set Two—aside from pure speculation that the document count appears low—the parties will also discuss this issue during the March 12 meet and confer.

Respectfully submitted,

Date:  March 10, 2026

 /s/ *Jessica Karp Bansal*
Jessica Karp Bansal
Lauren Michel Wilfong (*Pro hac vice*)
NATIONAL DAY LABORER
ORGANIZING NETWORK

4
JOINT STATUS REPORT – CASE NO. 3:25-CV-01766-EMC

Attorneys for Plaintiffs

Emilou MacLean
Michelle (Minju) Y. Cho
ACLU FOUNDATION
OF NORTHERN CALIFORNIA

Ahilan T. Arulanantham
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW

Eva L. Bitran
Diana Sanchez (SBN 338871)
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA

Erik Crew (*Pro Hac Vice*)
HAITIAN BRIDGE ALLIANCE

*Attorneys for Plaintiffs*

U.S. DEPARTMENT OF JUSTICE

BRETT A. SHUMATE
Assistant Attorney General

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
Civil Division

RUTH ANN MUELLER
Senior Litigation Counsel

ERIC SNYDERMAN
JEFFREY HARTMAN
CATHERINE ROSS
DANIEL CAPPELLETTI
ILANA KRAMER
SHELBY WADE
Trial Attorneys

 /s/ *Lauren E. Bryant*
LAUREN E. BRYANT
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 919-1366
Lauren.e.bryant@usdoj.gov

*Attorneys for Defendants*

**SIGNATURE ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that each of the other Signatories have concurred in the filing of this document.

NATIONAL DAY LABORER
ORGANIZING NETWORK

/s/ *Jessica Karp Bansal*
Jessica Karp Bansal

# CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2026, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

NATIONAL DAY LABORER
ORGANIZING NETWORK

/s/ *Jessica Karp Bansal*
Jessica Karp Bansal