BRETT A. SHUMATE
Assistant Attorney General
Civil Division

RUTH ANN MUELLER
Senior Litigation Counsel

ERIC SNYDERMAN
LAUREN BRYANT
JEFFREY HARTMAN
CATHERINE ROSS
DANIEL CAPPELLETTI
LORI MACKENZIE
ILANA KRAMER
SHELBY WADE
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL TPS ALLIANCE, *et. al.*,<br><br>                    Plaintiffs,<br><br>       v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security, *et. al.*,[1]<br><br>                    Defendants. | Case No. 3:25-cv-1766-EMC<br><br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS PENDING U.S. SUPREME COURT RULING IN RELATED CASES**<br><br>The Honorable Edward M. Chen |

---

[1] The current Secretary of Homeland Security is automatically substituted as a defendant in place of the former Secretary, Kristi Noem. *See* Fed. R. Civ. P. 25(d).

DEFS.' ADMINISTRATIVE MOTION TO STAY PROCEEDINGS PENDING SUPREME COURT RULING
Case No. 3:25-cv-1766-EMC

PLEASE TAKE NOTICE that Defendants seek a stay of proceedings pending the Supreme Court's forthcoming decisions in the two cases in which it granted certiorari before judgment to resolve frequently recurring issues in TPS litigation, including the scope and effect of the bar on judicial review in 8 U.S.C. § 1254a(b)(5)(A). *See* FED. R. CIV. P. 6(b)(1)(A); L.R. 7-2 (noticed motions); 607 U.S. ___ (Mar. 16, 2025) (granting certiorari before judgment in *Noem v. Dahlia Doe*, No. 25-1083, — S. Ct. —, 2026 WL 731088 (U.S. Mar. 16, 2026), and *Trump v. Miot*, No. 25-1084, — S. Ct. —, 2026 WL 731087 (U.S. Mar. 16, 2026)). The Supreme Court has scheduled argument to take place on April 29, 2026. *See Dahlia Doe*, 2026 WL 731088 at *1; *Miot*, 2026 WL 731087 at *1.

## INTRODUCTION

Pursuant to Local Rule 7-2 and Federal Rule of Civil Procedure 6, Defendants hereby submit this motion and a supporting declaration to stay all pending proceedings in this case pending the Supreme Court's forthcoming decisions, which are likely to control or materially affect the legal issues presented in this action, and will promote the orderly course of justice by simplifying issues, proof, and questions of law. *See Lockyer v. Mirant Corp.* 398 F.3d 1098, 1109-10 (9th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) and explaining that courts weigh "the possible damage which may result from granting of a stay" and "the orderly course of justice measured in terms of the simplifying or complicating issues, proof, and questions of law").

Here, Plaintiffs have challenged the Secretary of Homeland Security's termination of Haiti's TPS designation. *See* ECF No. 355; Termination of Designation of Haiti for Temporary Protected Status, 90 Fed. Reg. 54,733, 54,733 (Nov. 28, 2025). On January 20, 2026, this Court authorized extra-record discovery regarding the Haiti TPS termination decision. *See* ECF No. 367. Subsequently, on February 2, 2026, another court postponed the Secretary of Homeland Security's termination of Haiti's TPS designation under 5 U.S.C. § 705. Memorandum Opinion, *Miot v. Trump*, No. 25-cv-2471-ACR, ECF No. 124 (D.D.C. Feb. 2, 2026). On March 11, 2026, Defendants requested a stay of that postponement order and certiorari before judgment from the U.S. Supreme Court. The Supreme Court granted certiorari before judgment in *Miot*, together with another TPS challenge regarding the termination of Syria's designation, and it set the cases for expedited briefing and oral argument in April. 607 U.S. ___ (Mar. 16,

DEFS.' ADMINISTRATIVE MOTION TO STAY PROCEEDINGS PENDING SUPREME COURT RULING
Case No. 3:25-cv-1766-EMC
1

2025) (granting certiorari before judgment in *Noem v. Dahlia Doe*, No. 25-1083, — S. Ct. —, 2026 WL 731088 (U.S. Mar. 16, 2026), and *Trump v. Miot*, No. 25-1084, — S. Ct. —, 2026 WL 731087 (U.S. Mar. 16, 2026).

Discovery remains ongoing in this matter. *See* ECF No. 367, 382. On March 16, 2026, the parties filed a joint letter brief to advise the Court of Plaintiffs' concerns with Defendants' recent document production. ECF No. 382.  On March 17, the parties appeared for a status conference, where Defendants advised the Court that the Government was considering filing a motion for stay of proceedings on the basis described herein.

On March 24, 2026, Defendants requested Plaintiffs' position on a stay motion. Plaintiffs oppose this motion. Defendants submit the attached declaration to explain why a stipulation between the parties could not be obtained.

## POINTS AND AUTHORITIES

Pursuant to Federal Rule of Civil Procedure 6(b), this Court has the discretion to enlarge periods of time—including by holding briefing and adjudication in abeyance—established by the Rules or by a prior court order.  *See, e.g.*, *Kettle Range Conservation Grp. v. U.S. Forest Serv.*, 8 F.App'x 729, 731 (9th Cir. 2001); *Lockyer*, 398 F.3d at 109-11 (citing *Landis*, 299 U.S. at 254-55). Courts grant extensions of time under Rule 6(b) when the movant meets the good cause standard, which "is not a rigorous or high standard, and courts have construed the test broadly." *Prentice v. Dzurenda*, No. 2:18-cv-01801-APG-VCF, 2021 LX 96380 at *2 (D. Nev. May 18, 2021) (citing *Ahanchion v. Kenan Pictures*, 624 F.3d 1253, 1259 (9th Cir. 2010)); *see also Parker v. FedEx Nat'l LTL, Inc.*, No. CV 11–638 DSF (FFMx), 2011 WL 11671754 at *3 (C.D. Cal. Apr. 11, 2011) (same). "Rule 6(b) is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Prentice*, 2021 LX 96380 at *2 (quoting *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983) (internal quotation marks omitted)); *see also* 1 Moore's Federal Practice, §6.06[1] et seq. (Matthew Bender, 3rd Ed.) ("a district court will be comparatively liberal in granting a request for an extension of time" made prior to the deadline).  Good cause supports this request for relief.

In *Miot*, the Supreme Court will consider materially similar challenges to precisely the same

agency action Plaintiffs challenge here.  The Supreme Court's forthcoming decision is thus likely to control the resolution of Plaintiffs' claims or at minimum narrow the disputed issues.  For instance, the Supreme Court may conclude that APA claims materially similar to Plaintiffs' are not judicially reviewable, or that they are reviewable but are meritless.  It likewise may conclude that equal protection challenges to the Haiti termination are unfounded.  A decision is likely to control, or at least materially affect, the Court's resolution of Plaintiffs' claims.  Given the imminent prospect of a Supreme Court decision addressing materially similar challenges to the same agency action Plaintiffs challenge, it would conserve the parties' and the Court's resources to hold the case in abeyance until the Supreme Court's decision.  *See Sarkar v. Garland*, 39 F.4th 611, 618 (9th Cir. 2022) (explaining that a stay of litigation is appropriate to "await[] a decision in a different case pending in our court or another court that will resolve a key issue in the subject case," including while "awaiting a decision from the Supreme Court") (citing *Consumer Fin. Prot. Bureau v. CashCall, Inc.*, No. 18-55407, 2019 WL 5390028, at *1 (9th Cir. Oct. 21, 2019)).  "Federal courts have inherent power to control the disposition of the causes on their dockets" and broad discretion under the Federal Rules to manage discovery.  *Stubborn Mule LLC v. Grey Ghost Precision, LLC*, No. 2:22-cv-00399-DCN, 2023 WL 5350830 at *2 (D. Idaho Aug. 21, 2023) (citing *Sarkar*).

Accordingly, Defendants respectfully request that this Court grant this motion to stay further proceedings and deadlines in this case under Rule 6 and Local Rule 7-2 until the Supreme Court issues its decision in the TPS cases pending before it.

Dated: March 29, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

RUTH ANN MUELLER
Senior Litigation Counsel

LAUREN BRYANT
JEFFREY HARTMAN
CATHERINE ROSS

DANIEL CAPPELLETTI
LORI MACKENZIE
ILANA KRAMER
SHELBY WADE
Trial Attorneys

/s/  Eric M. Snyderman
ERIC MICHAEL SNYDERMAN
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 742-7079
Eric.M.Snyderman@usdoj.gov

*Attorneys for the Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 29, 2026, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

Date:  March 29, 2026

/s/ Eric M. Snyderman
ERIC MICHAEL SNYDERMAN
Office of Immigration Litigation
Civil Division
U.S. Department of Justice