BRETT A. SHUMATE
Assistant Attorney General
Civil Division
YAAKOV M. ROTH
Acting Assistant Attorney General
RUTH ANN MUELLER
Senior Litigation Counsel
ERIC SNYDERMAN
LAUREN BRYANT
ILANA KRAMER
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, *et al.*,<br><br>          Plaintiff,<br>  v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security, *et al.*,[1]<br><br>          Defendants. | Case No.  3:25-cv-01766-EMC<br><br><br><br>**DEFENDANTS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |

---

[1] Per Fed. R. Civ. P. 25(d), Defendants request that the Court substitute Markwayne Mullin for Kristi Noem as Secretary of Homeland Security.

Pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 72-2, Defendants submit the following objections to the Magistrate Judge's March 27, 2026 Order Regarding Government's Search and Response to Discovery Requests ("Discovery Order"). Dkt. 390.[2] The Discovery Order, in relevant part, expands the scope of discovery to include the time period of March 10, 2025 to July 15, 2025 (the previously ordered timeframe was July 15, 2025 to November 19, 2025) (Dkt. 390, ¶ 3); the Magistrate Judge also ordered Defendants to produce all documents withheld on the basis of deliberative process privilege ("DPP") because there was "no indication that the District Court has changed its ruling or limited the previous ruling." *Id.*, ¶ 1. This Court should set aside these parts of the order because they are contrary to law. *See* FED. R. CIV. P. 72(a). Specifically, the Magistrate Judge's expansion of discovery nearly doubles the date range for discovery—without explanation—in an about-face from its prior order, and improperly transforms a prior ruling on specific documents into an across-the-board ban on the deliberative process privilege in this case.

## BACKGROUND

This case concerns challenges to the partial vacatur and terminations of Temporary Protected Status ("TPS") for Venezuela and Haiti; the at-issue discovery addresses the November 28, 2025 termination of TPS for Haiti. Dkts. 354, 355 at 1. *See* 90 Fed. Reg. 54733.

On January 20, 2026, the Magistrate Judge issued an order on the parties' joint discovery letter brief. Dkt. 390. First, it held: "Defendants must produce documents withheld on the basis of deliberative process privilege. There is no indication the District Court has changed its ruling or limited the previous ruling." Dkt. 390, ¶ 1. Second, although it had previously determined that July 15, 2025 to November 19, 2025 was the appropriate date range (Dkt. 367), the Magistrate Judge ordered Defendants to "expand the

---

[2] Under Fed. R. Civ. P. 72(a) and Civ. L.R. 72-2, Defendants have fourteen days—until April 10, 2026—to file their objections to the order.

scope of discovery to March 10, 2025 to July 15, 2025." *Id.*, ¶ 3.[3]

## LEGAL STANDARD

Rule 72(a) permits Defendants to submit objections to magistrate judge orders on nondispositive matters like discovery orders "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a). A magistrate's legal conclusions are reviewed *de novo* to determine whether they are contrary to law. *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010).

## ARGUMENT

### I.    The Discovery Order Creates a Blanket Bar on the Deliberative Process Privilege, which is Contrary to Law and Clearly Erroneous

The Discovery Order mandates Defendants produce *every* document they asserted DPP over in the instant production, based only on its clearly erroneous reading of this Court's prior order. Dkt. 390, ¶ 1. As Defendants argued before the Magistrate Judge, this Court's June 12, 2025 order did not impose a blanket prohibition on asserting DPP in this litigation. Dkt. 382 at 6. Rather, it *limited* DPP assertions as to a particular tranche of documents in the *first* discovery production. Dkt. 195 at 3–4. In summarily applying a past decision on different documents to a new set of documents addressing a different agency action, the Discovery Order was clearly erroneous and contrary to law. It should have addressed Defendants' assertions of DPP as to the specific documents at issue. *See Karnoski v. Trump*, 926 F.3d 1180, 1206 (9th Cir. 2019) ("If Defendants persuasively argue that a more granular analysis would be

---

[3] As Defendants have noted, the Supreme Court will be hearing oral argument on April 29, 2026 in the two cases in which it granted certiorari before judgment to resolve frequently recurring issues in TPS litigation, including the scope and effect of the bar on judicial review in 8 U.S.C. § 1254a(b)(5)(A). *See Noem v. Dahlia Doe*, No. 25-1083, — S. Ct. —, 2026 WL 731088 (U.S. Mar. 16, 2026), and *Trump v. Miot*, No. 25-1084, — S. Ct. —, 2026 WL 731087 (U.S. Mar. 16, 2026)). *See* Dkt. 393. Its decision may change the entire course of these proceedings here, including discovery determinations. It was clear error to order Defendants to turn over all documents properly withheld under DPP before the Supreme Court has weighed in on these jurisdictional arguments. *See In re United States*, 583 U.S. 29, 32 (2017) (district court erred in ordering the Government to "complete the administrative record" by serving additional discovery prior to resolving the threshold jurisdictional arguments because if accepted, those arguments "likely would eliminate the need for the District Court to examine a complete administrative record").

proper, the district court should undertake it."); *Nat'l Wildlife Fed'n v. U.S. Forest Serv.*, 861 F.2d 1114, 1118 (9th Cir. 1988) ("we should focus on whether the document in question is a part of the deliberative process") (emphasis removed). The Court should set aside this portion of the order.

## II.    The Unexplained Expansion of the Discovery Period is Contrary to Law.

The Discovery Order must be set aside because it is clearly erroneous and contrary to law. FED R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). In the January 15, 2026 letter brief, Plaintiffs sought to impose an expansive and burdensome 10-month timeframe for discovery, ranging from January 20, 2025 through November 28, 2025. Dkt. 364-2 at 2. The Magistrate Judge correctly rejected that overreach and adopted Defendants' proposed, appropriately tailored, timeframe, July 15 through November 19. Dkt. 367. Yet, without explanation, the Magistrate Judge contradicted its prior decision by expanding the date range to begin March 10. Dkt. 390. This additional four-month time span amounts to more than double the time of the previously ordered date range and expands the scope of discovery to include records related to the *initial* TPS termination of Haiti, a separate determination, which partially vacated the 2024 extension of the TPS designation. *See* 90 Fed. Reg. 10511 (Feb. 24, 2025 notice); *cf.* 90 Fed. Reg. 54733 (Nov. 28, 2025 notice); *see Blue Mountains Biodiversity Project v. Jeffries*, 99 F.4th 438, 444 (9th Cir. 2024) (requiring courts reviewing agency action under the APA to use the administrative record of an action to assess its legality). As Defendants have explained, the November 2025 Haiti TPS Termination is a distinct agency action from the one at issue here, and Plaintiffs have not connected the earlier time periods to the relevant one for this production. *See* 90 Fed. Reg. 10511 (Feb. 24, 2025 notice); *cf.* 90 Fed. Reg. 54733 (Nov. 28, 2025 notice). Further, this about-face holding violates the tenets of Rule 26, which requires discovery be not only relevant, but "proportional to the needs of the case," "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b).

3

*Thompson v. Experian Info. Sols., Inc.,* No. 24-CV-08896-VC (PHK), 2025 WL 1819774, at *2 (N.D. Cal. July 2, 2025) (internal citation omitted) ("[C]ourts are required to limit discovery if its burden or expense outweighs its likely benefit; this is 'the essence of proportionality,' a frequently ignored or overlooked discovery principle."). Here, Defendants have previously asserted that allowing extra-record discovery from a time period the government has already responded to would be excessively burdensome. *See* Dkts. 378 at 2-3, 367 at 1, 382 at 6–7. Yet the Discovery Order contains no indication that the burden and expense to the government was even considered. *See* Dkt. 390. An unexplained expansion of the discovery period—particularly one that reaches back into time periods untethered to the vacatur at issue—fails to satisfy Rule 26 and is therefore contrary to law. The Discovery Order does not explain—let alone justify—this departure from the earlier decision. Dkt. 390.

The prejudice to Defendants is substantial. The expanded date range requires collection, review, and production of a larger volume of documents, doubling the original timespan, and includes materials that predate the alleged conduct. *See* Dkt. 378 at 5. Courts have cautioned against precisely this type of overbroad discovery. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (recognizing limits on discovery that impose undue burden relative to likely benefit). Magistrate judges' broad discretion in managing discovery is not unbounded and must be exercised within the framework of Rule 26. *See id*. Where, as here, the Magistrate Judge expands discovery without explanation and without considering proportionality, the order must be set aside.

Dated: April 10, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
Civil Division

RUTH ANN MUELLER
Senior Litigation Counsel

ERIC SNYDERMAN
LAUREN BRYANT

Trial Attorneys

/s/ Ilana R. Kramer
Ilana R. Kramer
Trial Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 860-9949
Email: Ilana.R.Kramer@usdoj.gov

*Attorneys for the Defendants*

5

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 10, 2026, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

<u>/s/ Ilana R. Kramer</u>
Trial Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 860-9949
Email: Ilana.R.Kramer@usdoj.gov

6