Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Amanda Young (SBN 359753)
ayoung@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Attorneys for Plaintiffs
*[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R., HENDRINA VIVAS CASTILLO, A.C.A., SHERIKA BLANC, VILES DORSAINVIL, and G.S., <br><br>        Plaintiffs, <br><br>    vs. <br><br> KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA, <br><br>        Defendants. | Case No. 3:25-cv-01766-EMC <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING U.S. SUPREME COURT RULING IN RELATED CASE (DKT. 393)** |

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Eva L. Bitran (SBN 302081)
ebitran@aclusocal.org
Diana Sanchez (SBN 338871)
dianasanchez@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (*Pro Hac Vice*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, 1H
San Diego, CA 92120
Telephone: (949) 603-7411

**INTRODUCTION**

This Court has denied stay requests by the government in this case twice before. Defendants' current stay request (ECF No. 393, "Mot.") should be denied for largely the same reasons underlying this Court's prior orders. *See* ECF Nos. 129, 161. In their three-page brief, Defendants make no meaningful attempt to satisfy the legal standard governing a motion to stay proceedings, instead recycling their prior unsuccessful arguments on judicial economy while ignoring the *Landis* factors. Nothing in Defendants' motion explains why the Court should resolve this request differently from their prior, rejected stay motions. Most notably, Defendants identify no prejudice if their stay motion is denied. "Being required to defend a suit, without more, does not constitute prejudice." ECF No. 129 at 3 (cleaned up and citation omitted). Plaintiffs, by contrast, must proceed with urgency to prevent irreparable harm to people facing unlawful deportation. *See* ECF No. 93 at 37, 77 ("There is an interest in moving this case forward promptly."); ECF No. 129 at 2−3 (cataloguing prejudice to Plaintiffs from delays). The motion to stay should therefore be denied.

**STANDARD**

When determining whether to stay proceedings pending the resolution of proceedings in a different case, courts examine (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer [if the case is allowed] to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Kuang v. U.S. Dep't of Def.,* No. 18-CV-03698-JST, 2019 WL 1597495, at *2 (N.D. Cal. Apr. 15, 2019) (quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)). Where there is even a "fair possibility" a stay will "work damage" on Plaintiffs, the government must make a "clear case of hardship or inequity." *Lockyer*, 398 F.3d at 1109 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)).

**ARGUMENT**

Defendants have not carried their heavy burden of demonstrating hardship or inequity. Instead, their arguments rely on Federal Rule of Civil Procedure 6(b), to say that this Court has discretion to enlarge periods of time and grant a stay. Mot. at 2. However, Rule 6(b) governs extensions of existing deadlines, not whether proceedings should be stayed altogether. *See* Fed. R.

1

Civ. P. 6(b). Here, the *Landis* factors apply when determining whether a stay is appropriate, and none of the pertinent factors justify a stay, so Defendants' motion should be denied.

## I.    Plaintiffs Would Suffer Irreparable Harm from a Stay.

Even a "minimal showing" of a "fair possibility" of harm to Plaintiffs suffices to deny Defendants' motion. *Lockyer,* 398 F.3d at 1109; *Vicious Brands, Inc. v. Face Co., LLC*, No. 24- cv-04996-LJC, 2025 WL 754068, at *8 (N.D. Cal. Mar. 10, 2025) ("It bears repeating that precedent calls for only a minimal showing on this factor."). Yet Defendants do not even attempt to argue that a stay would not cause harm, or to engage with the balancing of hardships at all. Defendants ignore the significant harm that a stay would cause for Plaintiffs, their families, and their communities. *See* ECF No. 129 at 3 (delay of discovery and subsequent adjudication on the merits constitutes harm to Plaintiffs by "depriv[ing them] of an opportunity to an expedited adjudication on the merits."); *see* ECF No. 136 at 2 (descriptions of the harms that Plaintiffs will suffer.).

Defendants claim that the Supreme Court's forthcoming decisions in *Noem v. Dahlia Doe* and *Trump v. Miot* would "resolve frequently recurring issues in TPS litigation, including the scope and effect of the bar on judicial review in 8 U.S.C. § 1254a(b)(5)(A)." Mot. at 2. However, as was the case in the prior stay rulings, "the [higher court] could reject the government's jurisdictional arguments but still find in the government's favor with respect to Plaintiff's likelihood of success on the merits" based on the limited record for the postponement order in *Miot*, leaving Plaintiffs in this case without protection while they attempt to secure a final adjudication in this case. ECF No. 129 at 2−3. Defendants acknowledge as much. Mot. at 3.

Defendants' notice of supplemental authority regarding the stays granted in *CASA, Inc. v. Mullin* ("*CASA*"), Case No. 8:25-cv-01484 (D. Md.), and *National TPS Alliance v. Noem* ("*NTPSA II*"), Case No. 26-199 (9th Cir.), does not support a stay here. First, as to *CASA*, the court's stay explicitly did *not* excuse Defendants from completing previously ordered discovery production on the original timeline. *See* Order at 2, *CASA* (Apr. 3, 2026), ECF No. 146. *CASA* thus cannot support Defendants' request to be excused from previously ordered productions here. *CASA* is also distinguishable because the plaintiffs there do not face a potential change in status quo as a result of the Supreme Court's decisions in *Noem v. Dahlia Doe* and *Trump v. Miot*. There is no preliminary

2

relief currently in place for TPS holders from Cameroon and Afghanistan and the merits of the challenges to those terminations are not directly before the Court. *See CASA, Inc. v. Noem*, 792 F. Supp. 3d 576, 582 (D. Md. 2025). By contrast, Haitian TPS holders presently maintain lawful status that could be undone if the Supreme Court reverses the district court's decision in *Miot*. *See Miot v. Trump*, Case No. 25-cv-02471-ACR (D.D.C.). As to the order in *NTPSA II,* it involves a stay of appellate briefing, not discovery. Delaying appellate briefing does not impose as much harm on Plaintiffs as staying district court proceedings because briefing timelines are shorter and do not impede factual developments of the case. By contrast, staying discovery "delays resolution of the case and doing so without sufficient cause erodes the justness of the ultimate result." *Flynn v. Nevada*, 345 F.R.D. 338, 349 (D. Nev. 2024).

## II.    Defendants Fail to Establish How They Would Suffer Harm Absent a Stay.

Defendants do not even attempt to assert harm absent a stay. This alone dooms their motion. *Lockyer,* 398 F.3d at 1109 (where there is even a "fair possibility" a stay will "work damage" on plaintiffs, the government must make a "clear case of hardship or inequity" (quoting *Landis*, 299 U.S. at 255)). Instead, Defendants recycle their already rejected arguments that a stay would "conserve the parties' and the Court's resources." *See* Mot. at 3. This Court already has held that "[b]eing required to defend a suit, without more, does not constitute prejudice" within the meaning of *Landis*. ECF No. 129 at 3 (cleaned up and citation omitted).

## III.    A Stay Would Defeat the Orderly Course of Justice.

Defendants recycle the same arguments this Court previously found unavailing, and the handful of cases they cite are inapposite. Most of the cases cited by Defendants support the proposition that courts have broad discretion over the management of their dockets, which Plaintiffs do not contest, but this does not establish that Defendants are entitled to a stay. *See* Mot. at 3.

Furthermore, Defendants' claimed concern for efficiency "standing alone is not [] a sufficient ground to stay proceedings." *In re PG&E Corp. Sec. Litig.,* 100 F.4th 1076, 1085 (9th Cir. 2024) (holding district court misapplied *Landis* by granting stay for "judicial economy" in light of potential damage to plaintiff) (citation omitted). Defendants' claims regarding judicial economy are even weaker in this stay motion than in prior motions because they seek a stay pending the outcome of a

3

case in a preliminary posture with different claims and factual record. *See Johnson v. Pub. Storage Franchise*, No. 2:09-cv-03197 KJN, 2010 WL 11700678, at *2 (E.D. Cal. May 7, 2010) (denying a stay request based on pending proceedings in a different case with different witnesses and claims, "particularly where it is unclear whether the independent proceedings will indeed 'bear upon the case.'" (citation omitted)); *Matthews v. Lemonade Ins. Co.*, 809 F. Supp. 3d 1076, 1083−84 (S.D. Cal. 2025) (finding that judicial economy favored denying a stay because the pending litigation is for different conduct, and the Defendant did not demonstrate how a ruling would impact the present case.) For example, Plaintiffs have alleged claims not addressed in *Miot*, including the change in practice claims of the Second Supplemental Complaint. *See* ECF No. 355 ¶¶ 9−10. Indeed, Defendants have even represented to the Supreme Court that there are meaningful differences between the jurisdictional issues presented by this case and those presented by *Noem v. Dahlia Doe* and *Trump v. Miot. See* Reply in Support of Stay App., *Noem v. Dahlia Doe*, No. 25A952, 2026 WL 679181, at *17−18 (U.S. Mar. 2026).

## CONCLUSION

For the foregoing reasons, the Court should once again deny Defendants' motion to stay proceedings.

Date:  April 13, 2026                              Respectfully submitted,

                                                  NATIONAL DAY LABORER
                                                  ORGANIZING NETWORK

                                                   /s/ *Jessica Karp Bansal*
                                                  Jessica Karp Bansal
                                                  Lauren Michel Wilfong (*Pro Hac Vice*)

                                                  Emilou MacLean
                                                  Michelle (Minju) Y. Cho
                                                  Amanda Young
                                                  ACLU FOUNDATION
                                                  OF NORTHERN CALIFORNIA

                                                  Ahilan T. Arulanantham
                                                  CENTER FOR IMMIGRATION LAW AND
                                                  POLICY, UCLA SCHOOL OF LAW

                                                  Eva L. Bitran
                                                  ACLU FOUNDATION
                                                  OF SOUTHERN CALIFORNIA

4

Erik Crew (*Pro Hac Vice*)
HAITIAN BRIDGE ALLIANCE

*Attorneys for Plaintiffs*

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING U.S. SUPREME COURT RULING IN RELATED CASE– CASE NO. 3:25-CV-01766-EMC

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2026, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

NATIONAL DAY LABORER
ORGANIZING NETWORK


/s/ *Jessica Karp Bansal*
Jessica Karp Bansal