Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Amanda Young (SBN 359753)
ayoung@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Attorneys for Plaintiffs
*[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R., HENDRINA VIVAS CASTILLO, A.C.A., SHERIKA BLANC, VILES DORSAINVIL, and G.S.,<br><br>        Plaintiffs,<br><br>        vs.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA,<br><br>        Defendants. | Case No.  3:25-cv-01766-EMC<br><br>Hon. Edward Chen<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF THE MAGISTRATE (ECF 390)** |

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Eva L. Bitran (SBN 302081)
ebitran@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (*Pro Hac Vice*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, Suite 1H
San Diego, CA 92120
Telephone: (949) 603-7411

**INTRODUCTION**

Defendants once again ask the Court to second-guess the Magistrate. ECF 405. Their objections—which do not accurately describe the record—should be overruled. No error has occurred. Indeed, this Court already has overruled Defendants' prior invocations of deliberative process privilege. ECF 195. In connection with Defendants' objection to the date range ordered by the Magistrate (March 10, 2025 through July 15, 2025), the Magistrate merely permitted discovery into a four-month period in light of record evidence confirming that period is directly relevant to these claims. *See* ECF 382 at 4, 390 ¶ 3.

**BACKGROUND**

This case concerns vacaturs and terminations of TPS for Venezuela and Haiti, including a November 28 termination for Haiti. This Court initially authorized discovery into the Haiti partial vacatur for the period January 20 through February 24, 2025. ECF 123-1 (RFPs), 129, 132, 135. On January 20, 2026, the Court authorized discovery about the November 28 Haiti termination. ECF 367. The Magistrate limited discovery for that termination to the period July 15 to November 19, 2025. ECF 358, 360, 364-2, 367.

Since then, discovery has made plain that relevant decisions and events occurred between February 24 and July 15, 2025, yet Defendants have not produced documents for this period. For example, the November 28 Haiti termination was deemed an "addendum" to the original July 1 Haiti termination, which in the interim had been set aside by litigation. *See* 90 Fed. Reg. 28760 (July 1, 2025). The November 28 termination relied directly on documents prepared for the earlier termination. ECF 382; *see infra* Section II. Plaintiffs thus asked the Magistrate to authorize discovery during that period and, at the same time, address Defendants' persistent refusal to produce documents based on the deliberative process privilege ("DPP").

On March 27, the Magistrate ordered, *inter alia*, Defendants to produce documents withheld based on DPP. ECF 390. The Magistrate also adjusted the time period for discovery, albeit still less than Plaintiffs had initially requested, to include March 10, 2025 to July 15, 2025. *Id.* Because the Magistrate did not set a deadline for compliance, Defendants have been foot dragging. ECF 399, 401.

1

**STANDARD OF REVIEW**

A "magistrate's factual determinations are reviewed for clear error, and the magistrate's legal conclusions are reviewed to determine whether they are contrary to law." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L.R. 72-2(b) ("Any motion filed pursuant to [Rule 72-2] . . . must include . . . [a] specific statement of the portions of the Magistrate Judge's findings, recommendation, or report to which an objection is made[.]"). Clear error requires "a definite and firm conviction that a mistake has been committed." *Perry*, 268 F.R.D. at 348 (citation omitted). "Th[e] standard is extremely deferential and the [m]agistrate's rulings should be considered the final decisions of the [d]istrict [c]ourt." *Loop AI Labs Inc v. Gatti*, 2016 WL 3001158, at *1 (N.D. Cal. May 25, 2016) (citation omitted).

**ARGUMENT**

I.    **The Magistrate Correctly Overruled Defendants' Assertions of Privilege.**

The Magistrate's order is consistent with binding precedent and this Court's prior rulings. The Court already has repeatedly concluded that "applying the qualified [DPP] is not warranted" given the record here. ECF 184 at 3 & 195; *see also Ramos v. Nielsen*, No. 18-cv-1554 (N.D. Cal.), ECF 63, 79, 84. Despite losing this issue time and again, Defendants nonetheless withheld 57 documents as DPP, forcing Plaintiffs to seek relief from the Magistrate. ECF 382-1 & 382-2. Among other things, Defendants even withheld a final signed USCIS Decision Memorandum, and an email publicly disclosed in the administrative record as DPP. Exs. 1–2.[1]

This Court's orders prohibiting the application of DPP squarely preclude this belated effort to relitigate DPP. Defendants accuse the Magistrate of failing to recite a document-by-document analysis of DPP. ECF 405 at 2–3. No authority imposes such a burden, particularly in this context, where the Magistrate has deep familiarity with the types of documents at issue and the public interest balancing test overwhelming favors disclosure. Defendants cite *National Wildlife Federation*, but it

---

[1] The documents attached as Exhibits are marked "confidential" due only to Defendants' assertion that governmental contact information should be protected. Defendants have confirmed that the documents are no longer confidential as Plaintiffs have redacted governmental contact information. The redacted information in Ex. 2 ("State believes that there would be no foreign policy concerns with respect to a change in the TPS status of Haiti.") was produced in the administrative record at ECF 357-3 at 409–10.

2

imposes no such artificial requirement. *Nat'l Wildlife Fed'n v. U.S. Forest Serv.*, 861 F.2d 1114, 1124 (9th Cir. 1988). Similarly, *Karnoski* does not demand pointless recitations; rather, it concerned unrelated policy considerations around military interests and national defense. *Karnoski v. Trump*, 926 F.3d 1180, 1206 (9th Cir. 2019).

Defendants offer no explanation for why these materials warrant heightened deference under DPP that could alter the outcome of the public interest test. *See* ECF 195 at 2. During the briefing before the Magistrate, Defendants failed to offer any competent evidence to sustain DPP. Instead, they relied on boilerplate "predecisional" and/or "deliberative language" objections, thereby waiving DPP. ECF 382 at 2–3. Because the record remains devoid of any competent evidence, Defendants cannot establish clear error, and this aspect of their challenge should be overruled.

**II.    The Magistrate Properly Expanded the Date Range of the Search.**

The Magistrate permitted discovery for the period March 10 through July 15, 2025 only upon overwhelming proof that the period is directly relevant to the TPS decisions at issue. Defendants fail to establish that tailored discovery into a four-month period amounts to clear error.

*First*, Defendants bizarrely argue that this period will prove to be merely duplicative. ECF 378 at 2; ECF 405 at 4. As an initial matter, if that were true, it surely would have been easier for Defendants to run the searches and advise Plaintiffs and the Magistrate of that fact than to waste this Court's time, and Plaintiffs' time, briefing this challenge. In all events, Plaintiffs do not see how this could be possible. Defendants' prior searches for Haiti were limited to a partial vacatur—i.e., the period January 20 through February 24. *See* ECF 132 at 2–3. Documents that did not exist as of February 24 could not be duplicative.

*Second*, Defendants cannot manufacture clear error by rewriting the history behind the TPS terminations at issue. Defendants assert that the "*initial* TPS termination of Haiti, a separate determination, [] partially vacated the 2024 extension of the TPS designation." ECF 405 at 3 (emphasis in original). The Federal Register proves that this recounting of events is inaccurate. Defendants first partially vacated a prior *extension* of TPS for Haiti. 90 Fed. Reg. 10511 (Feb. 24, 2025). Then, in a separate action, Defendants terminated Haiti's TPS designation. 90 Fed. Reg. 28760 (July 1, 2025). This sequence of events matters where, as here, there was already a search for

3

records related to the vacatur, but no search for records related to the initial termination decision, which it is now clear provided the basis for the November 28 termination decision now at issue.

*Third*, the record confirms that Defendants incorporated and relied upon their first periodic review for Haiti—resulting in the now-set-aside July Haiti termination decision—in their periodic review for the November Haiti termination. For example, the Magistrate was presented with and considered evidence that two key documents for the November Haiti termination—the "Decision Memo" and the "country conditions report"—were merely "addend[a]" to the original July 1 termination, rather than prepared anew. ECF 382 at 4–5; Exs. 6–14. Thus, contrary to what Defendants assert, the time period is directly relevant, not "untethered to the vacatur at issue." *Contra* ECF 405 at 4.[2]

*Finally*, the expanded date range is justified and proportional as USCIS's prior Haiti country conditions report was dated March 24, Defendants published the Federal Register Notice on July 1, and a federal court order on the same date forced Defendants to re-consider TPS for Haiti at that time. *See* 90 Fed. Reg. 28760 (July 1, 2025); *Haitian Evangelical Clergy Ass'n v. Trump*, 2025 WL 1808743, at *1 (E.D.N.Y. July 1, 2025). Defendants' only assertions regarding undue burden—that they "already responded" to a discovery request concerning this time period, and that the time period is "untethered to the vacatur at issue," ECF 405 at 4—are unsupported arguments and, as noted above, rest on an inaccurate narrative. In contrast, the lack of access to this information would deprive Plaintiffs and the Court of critical information related to how Defendants reached a decision to terminate TPS for 350,000 people. The limited information produced to date already raises substantial concerns. Exs. 3–20.

**III.    The Court Should Set Deadlines for Compliance.**

Defendants have refused to comply with portions of this Court's discovery order by a date certain. Their goal is delay. They waited two weeks to file this challenge, which includes inaccurate statements and lacks any legal or factual support. To avoid further delay, Plaintiffs ask that the Court set a date certain for production. Plaintiffs propose April 20 for the DPP materials, and May 11 for

---

[2] Defendants presumably meant to reference the "*termination* at issue" rather than the partial vacatur, which is no longer at issue.

4

any additional documents and a privilege log for the period of March 10 to July 15, 2025[1]. Defendants suggest searches "yielded a *[sic]* thousands of documents," but the reality is that they have identified only 57 documents withheld as DPP, proving their burden arguments amount to nothing. ECF 382 at 2–3 & 6–7. A May 11 deadline for completing production using the expanded date range also is consistent with a deadline set for a prior production of a comparable date range. ECF 367.

Defendants' recently-filed stay motion does not limit Defendants' obligations to comply promptly with the order. Every judicial order "must be obeyed" unless or until a court reverses it. *Walker v. City of Birmingham*, 388 U.S. 307, 314 (1967). Nor should the Supreme Court proceedings permit further delay. *See* ECF 405 at 2 n.3. If anything, Plaintiffs need discovery to be in a position to move promptly to seek to secure relief for Haitian TPS holders in the event the Supreme Court finds jurisdiction (like every other court to consider the question of jurisdiction), but rules against the *Miot* plaintiffs on the merits in light of the limited record in that case.

### CONCLUSION

This Court should affirm the Magistrate's order and set prompt deadlines for compliance.

Date: April 13, 2026.

Respectfully submitted,

ACLU FOUNDATION
OF NORTHERN CALIFORNIA

 /s/  Emilou MacLean
Emilou MacLean

Michelle (Minju) Y. Cho
Amanda Young
ACLU FOUNDATION
OF NORTHERN CALIFORNIA

Ahilan T. Arulanantham
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW

Eva L. Bitran
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA

Jessica Karp Bansal
Lauren Michel Wilfong (*Pro Hac Vice*)
NATIONAL DAY LABORER ORGANIZING
NETWORK

Erik Crew (*Pro Hac Vice*)
HAITIAN BRIDGE ALLIANCE

Attorneys for Plaintiffs

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL
ORDER OF THE MAGISTRATE - CASE NO. 3:25-CV-01766-EMC

**CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2026, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

ACLU FOUNDATION
OF NORTHERN CALIFORNIA

*/s/ Emilou MacLean*