UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL TPS ALLIANCE, et al., | Case No.  25-cv-01766-EMC |
| Plaintiffs, | |
| v. | **ORDER DENYING DEFENDANTS' MOTION FOR RELIEF FROM MAGISTRATE JUDGE ORDER** |
| MARKWAYNE MULLIN, et al., | |
| Defendants. | Docket No. 405 |

The government seeks relief from a discovery order issued by Judge Kim on March 27, 2026.  *See* Docket No. 390 (order).  Pursuant to 28 U.S.C. § 636, this Court reviews Judge Kim's discovery order for clear error or a ruling contrary to law.  *See* 28 U.S.C. § 636(b)(1)(A) (providing that "[a] judge may designate a magistrate to hear and determine any pretrial matter pending before the court [with limited exceptions]" and that a judge "may reconsider any pretrial matter . . . where it has been shows that the magistrate judge's order is clearly erroneous or contrary to law"); *see also* Fed. R. Civ. P. 72(a); *Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991).  In reviewing for clear error, a district judge may not simply substitute his or her judgment for that of the magistrate judge.  *See id.*  Rather, a magistrate judge's non-dispositive ruling is clearly erroneous only when a district judge is left with a "definite and firm conviction that a mistake has been committed."  *Burdick v. Comm'r Internal Rev. Serv.*, 979 F.2d 1369, 1370 (9th Cir. 1992).

Here, the government has failed to show that Judge Kim acted contrary to law or that she clearly erred.  The government makes two arguments: (1) Judge Kim should not have expanded the time period for discovery related to the second Haiti termination and (2) Judge Kim should not

have ordered production of certain documents for which the government had asserted the deliberative process privilege ("DPP").

The first argument is entirely without merit. The expanded time period covered, in essence, the period between the partial vacatur and the first Haiti termination. That period was clearly relevant because the government incorporated and relied upon the first termination and/or documents in support thereof in justifying the second termination. This Court also recognized in a prior order that the Federal Register notices for the two terminations were similar in content. *See* Docket No. 360 (order).

As for the second argument, the government suggests that Judge Kim imposed a "blanket bar" on the DPP. *Cf.* Mot. at 2 (arguing that Judge Kim should have addressed the DPP "as to the specific documents at issue"). But simply because Judge Kim did not, in her order, do a document-by-document analysis of the 57 documents at issue does not mean that she imposed a blanket bar. Plaintiffs fairly argued that the government failed to "provide[] reasoning as to why these documents should be treated any differently" from documents previously considered with respect to the DPP. Docket No. 382 (Jt. Disco. Letter at 3) (also emphasizing the government's use of boilerplate language). Moreover, the government's main contention before Judge Kim was that this Court had previously placed limits on the volume of documents to be produced and "proportionality weighs in favor of the ability to assert DPP given the sheer scope of documents produced." Docket No. 382 (Jt. Disco. Letter at 7). This argument likely had little force with Judge Kim given that only 57 DPP documents were at issue. *Cf.* Docket No. 195 (order upholding Judge Kim's prior order on the DPP because the government had not asked for a granular analysis).

For the foregoing reasons, the Court **DENIES** the government's motion for relief from Judge Kim's order. The only issue remaining is when documents should be produced. Here, the Court must consider the fact that the government has filed a motion to stay because the Supreme Court has granted certiorari in two TPS cases, one of which (like this case) involves the second Haiti termination. *See Trump v. Miot*, No. 25-1084 (Supreme Court). That motion will be heard on April 23, 2026, just three days after the production date requested by Plaintiffs. Given this

circumstance, the Court will hear the motion to stay before ordering production of the documents. Should the stay be denied, however, the government shall be ready to produce the 57 DPP documents within 5 days and the remaining documents within 20 days following any such order.

This order disposes of Docket No. 405.

**IT IS SO ORDERED**.

Dated: April 14, 2026

EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California