BRETT A. SHUMATE
Assistant Attorney General
Civil Division

RUTH ANN MUELLER
Senior Litigation Counsel

ERIC SNYDERMAN
LAUREN BRYANT
ILANA KRAMER
SHELBY WADE
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL TPS ALLIANCE, *et al.*, <br><br> Plaintiffs, <br> v. <br><br> MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security, *et al.*, <br><br> Defendants. | Case No. 3:25-cv-1766-EMC <br><br> **REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING U.S. SUPREME COURT RULING IN RELATED CASES (ECF NO. 393)** <br><br> The Honorable Edward M. Chen |

**ARGUMENT**

**A STAY OF PROCEEDINGS PENDING SUPREME COURT DECISION IS WARRANTED**

Plaintiffs do not contest that the Supreme Court's disposition of the pending TPS cases that will be argued in less than two weeks will be highly relevant to this Court's handling of this case. Nor do they contest that other courts have stayed proceedings in TPS challenges to avoid wasting resources. Indeed, other plaintiffs have consented to such abeyances. *See, e.g.*, *ACT v. Mullin*, 1:25-cv-13939-PBS (D. Mass.), ECF No. 82 at 2 (advising of forthcoming joint request to stay proceedings) (South Sudan TPS).

This Court should follow the Ninth Circuit in staying proceedings pending the Supreme Court's decision. *See Nat'l TPS Alliance v. Noem*, No. 26-199, 2026 U.S. App. LEXIS 9967 at *1 (9th Cir. Apr. 6, 2026) ("This case shall be held in abeyance pending the resolution of *Mullin v. Dahlia Doe*, No. 25-1083, and *Trump v. Miot*, No. 25-1084, by the Supreme Court."). Just like the supplemental claims pending in this case, that Ninth Circuit proceeding concerns an APA challenge to the Secretary of Homeland Security's termination of Temporary Protected Status ("TPS") based on country conditions without vacatur of a prior determination. *See* ECF No. 355 at 5 (Pls.' Suppl. Compl.); Br. for Appellants at 11-21, *Nat'l TPS Alliance v. Noem*, No. 26-199 (9th Cir. 2026) (ECF No. 18.1). Indeed, the Ninth Circuit granted the stay motion even though the plaintiffs asserted that the Ninth Circuit's stay of the district court's vacatur of the challenged TPS terminations meant a decision during the Supreme Court proceedings was "the only path to relief" (Appellees' Resp. to Appellants' Mot. For Stay at 1, *Nat'l TPS Alliance v. Noem*, No. 26-199 (9th Cir. 2026), ECF No. 34.1)). 2026 U.S. App. LEXIS 9967 at *1.

When awaiting a decision from the Supreme Court, "halting the proceedings serves the efficient resolution of the subject case … because action in the external proceedings may simplify the 'issues, proof, and questions of law' to be decided" in the subject case. *Sarkar v. Garland*, 39 F.4th 611, 618 (9th Cir. 2022). The Ninth Circuit recognizes that this type of stay is rooted in the "court's inherent authority[.]" *Id* (citing *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (recognizing a court's "discretionary power" to control its docket under *Landis v. North American Co.*, 299 U.S. 248 (1936)). A district court's inherent authority to hold briefing and adjudication in abeyance is reflected in

Federal Rule of Civil Procedure 6(b) and Local Rule 7-2. *See, e.g.*, *Kettle Range Conservation Grp. v. U.S. Forest Serv.*, 8 F. App'x 729, 731 (9th Cir. 2001); *See* FED. R. CIV. P. 6(b)(1)(A); L.R. 7-2 (noticed motions).

Courts grant extensions of time under Rule 6(b) when the movant meets the good cause standard, which "is not a rigorous or high standard, and courts have construed the test broadly." *Prentice v. Dzurenda*, No. 2:18-cv-01801-APG-VCF, 2021 LX 96380 at *2 (D. Nev. May 18, 2021) (citing *Ahanchion v. Kenan Pictures*, 624 F.3d 1253, 1259 (9th Cir. 2010)); *see also Parker v. FedEx Nat'l LTL, Inc.*, No. CV 11–638 DSF (FFMx), 2011 WL 11671754 at *3 (C.D. Cal. Apr. 11, 2011) (same). "Rule 6(b) is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Prentice*, 2021 LX 96380 at *2 (quoting *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983) (internal quotation marks omitted)); *see also* 1 Moore's Federal Practice, §6.06[1] et seq. (Matthew Bender, 3rd Ed.) ("a district court will be comparatively liberal in granting a request for an extension of time" made prior to the deadline). Good cause supports this request for relief.

Plaintiffs' efforts to impose a more stringent test are unavailing. Plaintiffs primarily rely on *Kuang v. U.S. Dep't of Defense* to propose a more stringent test for a stay of proceedings. *See* ECF No. 408 at 1 (citing *Kuang v. U.S. Dep't of Defense*, No. 18-CV-03698-JST, 2019 WL 1597495, at *2 (N.D. Cal. Apr. 15, 2019), *rev'd*, 39 F.4th 611 (9th Cir. 2022)). That case involved the defendants' motion to stay proceedings pending their interlocutory appeal of the preliminary injunction. 2019 WL 1597495, at *1. The parties in *Kuang* disagreed on which of two tests to apply, and the court conceded that the Ninth Circuit had not yet weighed in on the issue. *Id.* at *2. That case was never controlling, but, in any event, a subsequent Ninth Circuit case is much more analogous to the circumstances present here. *See Sarkar*, 39 F.4th at 618. *Sarkar* identifies several situations where stays of proceedings under a court's inherent authority to control its docket are appropriate and support judicial efficiency. *See Sarkar*, 39 F.4th at 618. The "competing interests" courts must weigh when evaluating requests for a stay of proceeding include hardship "which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id* at 617.

DEFS.' REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING SUPREME COURT RULING
Case No. 3:25-cv-1766-EMC
2

Despite Plaintiffs' protestations, no prejudice to their interests or to the status of the November 2025 termination of Haiti's TPS will occur in the time between now and the Supreme Court's resolution of cases cited above. *See Sarkar*, 39 F.4th at 619 (finding brief stays "as a matter of efficiency… when awaiting some action outside its or the parties' control that will impact the decision" are appropriate under *Landis*).   Here, the *Miot* district court has postponed the Secretary of Homeland Security's termination of Haiti's TPS designation under 5 U.S.C. § 705, and the Supreme Court has the matter on an expedited briefing schedule.  Memorandum Opinion, *Miot v. Trump*, No. 25-cv-2471-ACR, ECF No. 124 (D.D.C. Feb. 2, 2026); 607 U.S. ___ (Mar. 16, 2025) (granting certiorari before judgment in *Trump v. Miot*, No. 25-1084, 2026 WL 731087 (U.S. Mar. 16, 2026)).

Yet Defendants would suffer a severe hardship if compelled to produce potentially thousands of documents (ECF Nos. 390, 410) only for the Supreme Court to decide that, for example, APA claims like Plaintiffs' are statutorily barred by 8 U.S.C. § 1254a(b)(5)(A).  *See Sarkar*, 39 F.4th at 617; ECF No. 405 at 3-4 (Defs.' Rule 72(a) Mot.).  Rule 26 requires discovery be not only relevant, but "proportional to the needs of the case," "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b).  But this discovery would be neither relevant nor proportional in the absence of jurisdiction as a matter of law.  As Plaintiffs' own *amicus curiae* brief acknowledges, the Supreme Court took up the *Miot* and *Dahlia Doe* cases before the respective district courts closed factfinding.  *See* Brief of *Amicus Curiae* National TPS Alliance, *et al*. at 6-7, Nos. 25-1083 and 25-1084 (S. Ct. Apr. 13, 2026) (Defendants in *Miot* produced extra-record discovery just three weeks before the Supreme Court granted the petitions both parties made for *certiorari*, and in *Dahlia Doe*, the administrative record was not even before the district court when *certiorari* was granted).

Several courts aside from the Ninth Circuit have come to the conclusion that stays of proceedings in APA challenges to recent TPS terminations "would further the orderly course of justice." *Sarkar*, 39 F.4th at 617.  One of these is *CASA, Inc. v. Mullin*, where the district court stayed

proceedings and vacated a hearing where discovery disputes were to be resolved. *CASA, Inc. v. Mullin*, No. 8:25-cv-01484-TDC (D. Md. Apr. 3, 2026), ECF No. 146) (slip op.); *see also* ECF No. 404-1, Defs.' Notice of Suppl. Authority. Plaintiffs' opposition incorrectly characterizes this order as "not excusing Defendants from completing previously ordered discovery production on the original timeline." ECF No. 408 at 2. But the opposite is true: the district court elected "to defer resolution of the pending discovery disputes" until after the Supreme Court's ruling. ECF No. 404-1 at 3.[1] Not only did the *CASA* district court find that judicial efficiency supported a stay of proceedings pending the Supreme Court's decisions, but the *CASA* plaintiffs did "not disagree that the outcome of those cases will have significant bearing on the future course of this case." ECF No. 404-1 at 2.

In *Haitian Americans United*, the district court stayed the entire case after this Court's Partial Summary Judgment Order. Order in *Haitian Americans United Inc. v. Trump*, No. 25-cv-10498-RGS (D. Mass. Dec. 11, 2025), ECF No. 94. That court found that the "farther advanced" state of this case and Supreme Court stay of this Court's "order pending disposition of the appeals process" meant "there [was] little to be gained" by proceeding until "resolution of the underlying merits issue." [2] *Id*. Instead, the court stayed the case "pending exhaustion of the appeals process in *Noem v. National TPS Alliance*." *Id*.

"Federal courts have inherent power to control the disposition of the causes on their dockets" and broad discretion under the Federal Rules to manage discovery. *Stubborn Mule LLC v. Grey Ghost Precision, LLC*, No. 2:22-cv-00399-DCN, 2023 WL 5350830 at *2 (D. Idaho Aug. 21, 2023) (citing *Sarkar*, 39 F.4th at 617). Accordingly, Defendants respectfully request that this Court grant their motion to stay further proceedings and deadlines in this case under Rule 6 and Local Rule 7-11 until the Supreme Court issues its decision in the TPS cases pending before it. *See* ECF No. 393.

---

[1] The only exception to the stay is the production of two decisional memoranda. ECF No. 404-1 at ¶ 2.

[2] *Haitian Americans United* is an APA and Equal Protection Clause challenge to the *vacatur* of Haiti's 2024 TPS designation and extension and *vacatur* and termination of Venezuela's TPS designation. *See* Complaint, *Haitian Americans United Inc. v. Trump*, No. 25-cv-10498-RGS (D. Mass. Dec. 11, 2025), ECF No. 94.

Dated: April 17, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

RUTH ANN MUELLER
Senior Litigation Counsel

LAUREN BRYANT
ILANA KRAMER
SHELBY WADE
Trial Attorneys

/s/  Eric M. Snyderman
ERIC MICHAEL SNYDERMAN
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 742-7079
Eric.M.Snyderman@usdoj.gov

*Attorneys for the Defendants*

DEFS.' REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING SUPREME COURT RULING
Case No. 3:25-cv-1766-EMC

5