UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL TPS ALLIANCE, et al., | Case No.  25-cv-01766-EMC |
| Plaintiffs, | |
| v. | **ORDER DENYING DEFENDANTS' MOTION TO STAY** |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al., | Docket No. 393 |
| Defendants. | |

Currently pending before the Court is the government's motion to stay.  In the motion, the government asks that the Court stay further proceedings in this case pending the Supreme Court's resolution of two other TPS cases, one of which – like the case at bar – relates to the termination of Haiti's TPS designation.  *See Trump v. Miot*, No. 25-1084 (U.S.) (Haiti); *Noem v. Dahlia Doe*, No. 25-1083 (U.S.) (Syria).[1]  At the hearing on the motion, both parties agreed that, as a practical matter, staying proceedings in this case would mean putting a pause on discovery.  That is the only current activity in this case that would be affected by the stay.  The Court notes that, in *Miot*, the Supreme Court has not yet stayed the proceedings from continuing, which means that discovery therein is not currently subject to a stay.

Having considered the parties briefs and accompanying submissions, as well as the oral argument of counsel, the Court hereby **DENIES** the motion to stay.

/ / /

/ / /

---

[1] In each of these cases, the lower court postponed agency action terminating the relevant country's TPS designation pending a final decision on the merits.

## I.    DISCUSSION

### A.    Legal Standard

The government is seeking a *Landis* stay – *i.e.*, a stay of the instant case pending proceedings in a different case.  *See Bartlett v. Citibank N.A.*, No. 17-cv-00712-EMC, 2017 U.S. Dist. LEXIS 59944, at *5 (N.D. Cal. Apr. 19, 2017) ("By asking this Court to stay proceedings pending an appeal in a different case, [the plaintiff] is seeking what is commonly referred to as a *Landis* stay."); *see also Lockyer v. State of Cal.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (stating that "[a] district court has discretionary power to stay proceedings in its own court under *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)").  In assessing the propriety of a stay under *Landis*, a court must balance the length of the delay against the justifications for the stay.  *See Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir. 2000).  More particularly, the court must examine

> the competing interests which will be affected by the granting or refusal to grant a stay . . . .  Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer*, 398 F.3d at 1110 (internal quotation marks omitted).  "*Landis* cautions that 'if there is even a *fair possibility* that the stay . . . will work damage to some one else,' the party seeking the stay 'must make out a clear case of hardship or inequity.'"  *Id.* at 1112 (emphasis added).  And "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of Landis."  *Id.*

### B.    Judicial Economy and Hardships

In its opening motion, the government argues that there should be a *Landis* stay because of judicial economy considerations.  *See* Mot. at 2-3 (arguing that the Supreme Court will be considering "materially similar challenges" (both jurisdictional and merits-based) in *Miot* and *Dahlia Doe* as here; thus, the Supreme Court's decision is "likely to control the resolution of Plaintiffs' claims [here] or at minimum narrow the disputed issues").  But whether a stay would promote judicial economy is not as simple a matter as the government portrays.  Most notably, even if the Supreme Court were to hold in *Miot* and *Dahlia Doe* that there was no jurisdiction over

2

the plaintiffs' APA claims, that holding would not preclude judicial review of Plaintiffs' discrimination claims predicated on the Equal Protection Clause of the Constitution.

To be sure, the Supreme Court's ruling in *Miot* and *Dahlia Doe* may inform the disposition of the merits of the constitutional claim.  But even if the judicial economy factor (*e.g.*, simplification of issues) were to tip in the government's favor, judicial economy "'standing alone is not necessarily a sufficient ground to stay proceedings.'"  *In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1085 (9th Cir. 2024).  "Even if there are efficiencies to be gained by a stay, the district court must also weigh the relative hardships that a stay might cause."  *Id.* at 1087.

In its opening brief, the government failed to address the issue of hardships at all.  By failing to do so, the government arguably waived the right to argue that its hardship without a stay is greater than that of TPS beneficiaries with a stay.

Even if the Court were to consider the government's arguments on hardships as raised in its reply brief, the government would fare no better.  If the Court were to stay this case, TPS beneficiaries would face a significant hardship: their ability to get a final judgment on the merits would be delayed.  Such a delay would create even more significant hardship if the Supreme Court were to find, in *Miot*, that the postponement of the agency action was improper.  In that situation, TPS beneficiaries would be faced with imminent loss of employment and deportation because (1) they would no longer have the protections provided for by the postponement, and (2) the stay would have brought this case to a standstill – *e.g.*, preventing TPS beneficiaries from completing discovery and obtaining a final adjudication on the merits of the agency action.

In contrast, the hardship to the government if the Court were to deny a stay is minimal.  As noted above, at this juncture, the only consequence of denying the stay is that the government will have to continue to engage in ongoing discovery.  This Court currently has no plan to schedule substantive motions.  The government suggests that continued discovery would be burdensome but, as indicated above, so long as there is at least a fair possibility that a stay would harm TPS beneficiaries, the government must make out a clear case of hardship or inequity, and being required to defend a suit (in particular, produce discovery), without more, does not constitute a clear case of hardship.

United States District Court
Northern District of California

Moreover, the additional discovery anticipated by the government – while not insignificant – does not seem to be unduly burdensome.  The government notes that, for a prior production in this case covering a similar time period, it produced approximately 2,500 documents.  Based on that prior production, it anticipates that it will have to produce documents numbering in the hundreds or thousands.  Putting aside the fact that the government did not provide any declaration to substantiate these numbers, a production of that size is, at least as a facial matter, neither unusual nor overwhelming.  The Court also notes that allowing discovery to continue here does not conflict with *Miot* where discovery has not been stayed.  *Cf. Doe v. Noem*, No. 26-CV-2280 (DEH), 2026 U.S. Dist. LEXIS 76396, at *5 & n.1 (S.D.N.Y. Apr. 7, 2026) (ordering the government to produce the certified administrative record for the decision to terminate Yemen's TPS in spite of the pending Supreme Court proceedings; stating that, "absent clearer guidance from a higher court, this Court declines to speculate as to what the ultimate outcome in those cases will be," plus the Supreme Court actually "deferred decisions on the Government's stay requests in the two TPS cases currently pending before it").[2]

Furthermore, as indicated at the hearing, there is a protective order in place which can been utilized if particularly sensitive documents are involved.  The parties may also employ Federal Rule of Evidence 502(d) to facilitate production without prejudice.  And Judge Kim, the discovery

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[2] The Court acknowledges that courts presiding over other TPS cases have issued stays pending the Supreme Court proceedings.  This includes the Ninth Circuit.  *See* Docket No. 404 (Ex. B) (*NTPSA II*, No. 26-199).  But in *NTPSA II*, the stay was of appellate briefing on the merits, which is a matter distinct from discovery needed to adjudicate the merits.

4

magistrate judge, has been charged with reviewing a bellwether set of documents for privilege. The government's interests are adequately protected and the burden of production is not substantial.

**II.    <u>CONCLUSION</u>**

For the foregoing reasons, the Court denies the government's motion to stay.

This order disposes of Docket No. 393.

**IT IS SO ORDERED**.

Dated: April 24, 2026

_____
EDWARD M. CHEN
United States District Judge