Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Amanda Young (SBN 359753)
ayoung@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Attorneys for Plaintiffs
*[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R., HENDRINA VIVAS CASTILLO, A.C.A., SHERIKA BLANC, VILES DORSAINVIL, and G.S., <br><br> Plaintiffs, <br><br> vs. <br><br> KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA, <br><br> Defendants. | Case No.  3:25-cv-01766-EMC <br><br> Hon. Sallie Kim <br><br> **JOINT DISCOVERY LETTER BRIEF** <br><br> **RE: ATTORNEY-CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT & FAILURE TO PRODUCE RESPONSIVE RECORDS** |

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Eva L. Bitran (SBN 302081)
ebitran@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (*Pro Hac Vice*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, Suite 1H
San Diego, CA 92120
Telephone: (949) 603-7411


BRETT A. SHUMATE
Assistant Attorney General
Civil Division
YAAKOV M. ROTH
Acting Assistant Attorney General
CATHERINE M. RENO
Assistant Director
LAUREN BRYANT
SHELBY WADE
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044

Attorneys for Defendants

Counsel met and conferred May 22-June 15 and seek assistance from this Court to resolve discovery disputes regarding the invocation of attorney-client privilege and attorney work product. The parties complied with Section 9 of the Guidelines for Professional Conduct.

## I.   FACTUAL BACKGROUND & RELEVANT DEADLINES

Plaintiffs challenge terminations of Temporary Protected Status (TPS), including Haiti TPS terminations, published on July 1 and November 28, respectively. Dkts. 354-55. *See* 90 Fed. Reg. 28760 ("July Termination"); 90 Fed. Reg. 54733 ("November Termination"). The July Termination was set aside by litigation. *Haitian Evangelical Clergy Ass'n v. Trump*, 789 F. Supp. 3d 255, 264 (E.D.N.Y. 2025). On February 2, the November Termination was postponed. *Miot v. Trump*, 818 F. Supp. 3d 126, 186 (D.D.C. 2026). The Supreme Court deferred a request to stay litigation relating to the November Termination but heard oral argument this term on a petition for certiorari.

On March 16, the parties submitted a joint letter brief addressing certain discovery disputes, including concerning Defendants' invocation of attorney-client privilege (ACP)/attorney work product (AWP). Dkt. 382. In response, this Court ordered Defendants to submit a sample of twenty documents for *in camera* review. Dkt. 390. While the *in camera* review was pending, Defendants produced additional documents and disclosed that they were withholding additional documents in full or in part on privilege grounds. The parties met and conferred about those privilege assertions and reached an impasse.

On June 4, the Magistrate Judge ruled on the twenty documents submitted *in camera*. The Magistrate held that two of the twenty documents could be withheld in full by Defendants, as well as specific redactions on six other documents laid out in the order. Dkt. 419. The Magistrate also concluded that "[n]o other portion of any of the remaining documents may be withheld on the basis of attorney-client privilege and/or work-product doctrine." *Id*. It ordered production by June 12. *Id.* On June 12, Defendants produced six documents, stating an intent to appeal the Magistrate's order, which Defendants contend relieves them of the court-ordered deadline. Dkt. 422. Plaintiffs disagree.

In light of the June 4 order, Plaintiffs asked Defendants to re-review other documents withheld on ACP/AWP grounds to account for the Court's ruling and promptly supplement their production. Based on a re-review of specific documents requested by Plaintiffs through email, Defendants

1

produced three documents without any redactions and modified redactions on six other documents on June 11, 2026. The parties have not otherwise reached resolution as to privilege assertions and are at an impasse.

Finally, on June 1, Plaintiffs identified for Defendants numerous responsive documents hyperlinked to an email which was produced. Defendants are still evaluating this request and believe judicial intervention is premature. However, Plaintiffs seek judicial intervention in light of the extended delay in production of clearly responsive documents.

## II.    PLAINTIFFS' POSITION

### 1.  Improper Privilege Withholdings

Defendants continue to improperly withhold documents in whole or in part as ACP or AWP. *See* Dkt. 222 at 2. Particularly troubling, Defendants refuse to commit to apply the Court's rulings to all of the documents currently being withheld, forcing Plaintiffs to return to this Court once again for relief. The Court should not be required to repeatedly evaluate *in camera* Defendants' improper withholdings. At this stage, given Defendants' repeated abuse of the discovery process, and substantial over-designation of materials as privileged, the Court should either find Defendants have waived the privilege or require Defendants to certify by a date certain under penalty of perjury that they have completed a re-review in light of the Court's prior privilege ruling and produced all non-privileged documents or portions of documents consistent with the Court's prior ruling. In the alternative, Plaintiffs request that the Court review *in camera* the documents listed on Exhibit A and, if a significant percentage prove to be over-designated, to make a finding of waiver; or to require disclosure of the individual documents for which the privilege is overruled.

This Court has repeatedly rejected as improper Defendants' ACP/AWP invocations. In an earlier production, the Court found that Defendants "mischaracterized" more than one-third of disputed documents as ACP. Dkt. 222 at 3 ("deeply disturbed by the fact that Defendants mischaracterized" and withheld a substantial number of documents as ACP). Despite the Court's prior guidance, the Court again found last week that Defendants improperly classified more than sixty percent of a sample as ACP/AWP. Dkt. 419 (overruling privilege on 12 of 20 documents, and partly rejecting privilege for six others). Against this backdrop of willful noncompliance, Defendants now

2

have produced only six of the eighteen documents that should have been produced on June 12.

Defendants represent that parties normally have 14 days to appeal discovery orders, but the Court set a shorter deadline for compliance, and Defendants did not seek leave from the Court to postpone compliance. Absent relief, parties are required to comply with court orders. Filing a notice of intent to challenge an order does not relieve a party of a duty to comply. Indeed, the District Court rejected a similar attempt by Defendants to summarily grant themselves an extension. Dkt. 143 ("Defendants are expected to comply with that order unless and until the Court rules otherwise."). *See also Walker v. City of Birmingham*, 388 U.S. 307, 314 (1967) (every judicial order "must be obeyed" until a court reverses it) (citation omitted).

Here, in connection with the documents Defendants produced on May 13 concerning the July termination, Defendants have withheld in full ten documents, even though the log entries indicate that, at most, only portions could be privileged. The withholdings concern purported edits by attorneys, but such edits can be protected via redactions, as this Court confirmed in its most recent order following its prior *in camera* review. *See* Dkt. 419 (authorizing withholding of, i.e., "edits from OGC-RLD (LG)" and "comments from counsel Adam Shirer"). The documents themselves are of great significance. They include edits to Decision Memos by political appointees who required that USCIS recommend the termination of TPS for Haiti, where career staff and country conditions experts had previously recommended an auto-extension. *See* NTPSA2_014514, NTPSA2_015453, NTPSA2_015702, NTPSA2_015714 ("Draft_5.30.25-Redlines (OGC, PLCY, Rob edits 6.2.25).docs"). Other drafts of those same documents have been released either in full or in large part and there is no justification for their complete withholding. The only other documents withheld in full are draft correspondence to external stakeholders, for which the privilege invocation is similarly improper. *See* Exhibit A § 1.A.

Defendants also continue to withhold in part documents even though no counsel appear on the log as an author, sender, or recipient, and the logs reveal no other basis to support the invocations. *Id.* § 1.B. In addition, Defendants have redacted drafts of Decision Memos, Federal Register Notices, and even a letter to a legislator, even though the logs do not indicate that an attorney had any input on that particular draft or that production would reveal legal advice. *Id.* § 1.C. And while Defendants belatedly

3

have lifted some of their privilege assertions, the fact remains that Defendants did so only after Plaintiffs advised that they would seek relief—underscoring that Defendants have a pattern and practice of over-designating to withhold responsive documents.

Defendants should not be permitted to continue to abuse the discovery process, improperly withholding information, burdening Plaintiffs and the Court with serial motion practice and *in camera* review. *See* Dkt. 153 (Defendants conceding non-compliance with discovery obligations); Dkt. 178 (Defendants conceding failure to comply with discovery deadline); Dkt. 179 (finding Defendants failed to comply and ordering compliance); Dkt. 183 (finding Defendants failed to provide a court-ordered declaration regarding discovery obligations); Dkt. 249 at 2 (finding Defendants improperly miscategorized as nonresponsive 40% of sample); Dkt. 253 (ordering production of documents improperly withheld); Dkt. 422 (refusing to comply with court-ordered production).

Plaintiffs respectfully ask this Court to overrule the privilege objections as not substantiated and abusive. The "[w]aiver of attorney-client privilege can be an appropriate sanction for abusing the discovery process." *Addison v. Monarch & Assocs.*, 2016 WL 11530426, at *2 (C.D. Cal. Dec. 12, 2016); *Ocean Garden Prods. Inc. v. Blessings Inc.*, 2020 WL 8674004, at *5 (D. Ariz. July 13, 2020) ("preventing a party from asserting the attorney-client privilege is a legitimate sanction for abusing the discovery process," and the district court may impose it if it "finds bad faith, willfulness, or fault") (*quoting In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 386 (3d Cir. 2007)); *see also Garner v. Amazon.com, Inc.*, 2024 WL 4266665, at *2–4 (W.D. Wash. Sept. 23, 2024) (ordering production and re-review after finding almost 60% improperly withheld/redacted in whole and roughly 18% over-redacted); Order at 14–20, *Frame-Wilson v. Amazon.com, Inc.*, No. 2:20-cv-00424-JHC (W.D. Wash. Mar. 25, 2025), Dkt. 294 (requiring complete privilege re-review after finding roughly 63% of sample improperly withheld in full or overly redacted); Order on Joint Discovery Letter at 7–10, *AIG Prop. Cas. Co. v. Schnitzer Steel Indus. Inc.*, No. 3:21-cv-05246-MMC (DMR) (N.D. Cal. Aug. 23, 2024), Dkt. 228 (finding privilege waived, in part, due to evidence of "over-designation of privilege rather than careful document review"). If the Court does not find the abuse already warrants a finding of waiver, then Plaintiffs request a further *in camera*

review of the documents in Exhibit A, as Defendants have failed to provide any assurance that they will comply with this Court's rulings.

### 2. Failure to Produce Responsive Documents

Plaintiffs on June 1 identified clearly responsive documents which have not been produced. The documents are "onboard[ing]" documents for new government personnel responsible for some aspect of TPS decisionmaking. The parties are thus at an impasse on this issue as well. In an email, NTPSA2_014864, a USCIS Branch Chief mailed "TPS resources" for recipients "to peruse as you onboard." Those materials included: (1) Video TPS resource overview; (2) PPT: TPS Overview; (3) Resources for Drafting FRN and Memo Subfolder; (4) TPS Drafting Guide; (5) Stats; (5) TPS - Teams page TPS subfolder; and (6) TPS FRN Collaborations SharePoint. Defendants have not produced these documents, which are part and parcel of a responsive email. There is no possible justification for producing only a portion of this email as none of the attachments has been logged, or for the extensive delay in production since Defendants were notified about the omission. Defendants' conduct represents another violation of discovery rules and the Court's order that these materials be produced by May 13. Prompt production and monetary sanctions are warranted.

### III.    DEFENDANTS' POSITION

This Court recently upheld several of Defendants' ACP and AWP assertions in previous productions after *in camera* review. Dkt. 419. Plaintiffs now argue that *any* document between non-lawyer employees are not within the purview of ACP and/or AWP. However, Plaintiffs ignore case law from this District holding otherwise. Significantly, "[c]ommunications between non-lawyer employees about matters which the parties *intend to seek legal advice…* are cloaked by" ACP. *City of Roseville Emps.' Ret. Sys. v. Apple Inc.*, 2022 WL 3083000, at *17 (N.D. Cal. Aug. 3, 2022) (emphasis added) (citation omitted). ACP "may attach to communications between nonlegal employees where: (1) the employees discuss or transmit legal advice given by counsel; and (2) an employee discusses her intent to seek legal advice about a particular issue." *Dolby Lab's Licensing Corp. v. Adobe Inc.*, 402 F.3d Supp. 855, 866 (N.D. Cal. 2019) (citation omitted).

Similarly, AWP protects "documents and tangible things prepared by a party or his representative in anticipation of litigation[]" from discovery. *United States v. Sanmina Corp.*, 968

5

F.3d 1107, 1119 (9th Cir. 2020). AWP acknowledges that "attorneys often must rely on the assistance of investigators and other agents in the compilation of materials in preparation for trial." *United States v. Nobles*, 422 U.S. 225, 238 (1975). As such, it is "necessary that the doctrine protect material prepared by agents for the attorney as well as those prepared by the attorney himself [or herself]." *Id.* at 238–39. Consequently, "[t]he rule extends protection to documents created 'by or for' a party or its representative, *including non-attorney representatives*." *Largan Precision Co., Ltd. v. Genius Elec. Optical Co., Ltd.*, 2015 WL 124557, at *4 (N.D. Cal. Jan. 8, 2015) (emphasis added).

Despite these clear protections, Plaintiffs assert that this Court should overrule the Defendants' privilege objections or conduct an *in camera* review of 18 documents identified in Exhibit A. They particularly attack Defendants' withholding in full of 10 documents and take issue with 8 other documents. *See* Exh. A. However, Defendants have properly justified their invocation of ACP and AWP. Plaintiffs have not demonstrated the compelling need required to overcome these privileges.[1]

First, the privilege descriptions for several of the documents in Plaintiffs' Exhibit A indicate that these documents are drafts that contain advice, redline edits, or comments by legal counsel, or contain discussion of legal review. *See* Ex. A. For example, the privilege descriptions for documents **NTPSA2_014514, 014577, 014866, 014904, 014907, 015265, 015361**, **015526, 015554, 015702**, **015714**, **015241, and 015763** all describe documents that contain "redline edits[,]" tracked changes, or comments by attorneys in DHS's Office of the General Counsel ("OGC") and USCIS's Office of the Chief Counsel ("OCC"). *Id*. Additionally, these documents, prepared from March 10, 2025 to July 15, 2025, were indeed prepared for litigation purposes. *See* Dkt. 390. The July termination was published on July 1, 2025, and litigation in this case commenced in February 2025. *See* Dkt. 1; *see also* Dkt. 355. Defendants are invoking privilege for legal advice for the very decision at issue in this litigation. As these communications contain guidance from attorneys and client responses, they constitute legal advice, and thus are protected by ACP and AWP. *See Larson v. Harrington*, 11 F. Supp. 2d 1198, 1203 (E.D Cal. 1998) (holding that ACP protects notes or memoranda created at the behest of counsel).

---

[1] Defendants note that they have conferred with Plaintiffs and modified the redactions on six documents contained in Plaintiffs' Exhibit A (NTPSA2_014738; NTPSA2_015204; NTPSA2_015526; NTPSA2_015554; NTPSA2_015763; and NTPSA2_014937).

Other privilege descriptions discuss draft documents that either reflect legal advice from DHS counsel or contain discussion of legal advice from non-attorney employees. For example, the privilege description for documents **NTPSA2_014514, 014569, 14738, 014937, 015204, 015453, and 015526** notes that the drafts contain comments between attorneys and other non-attorney clients, or discussions among non-attorney clients of legal review that was conducted by counsel from DHS OGC and USCIS OCC. Ex. A. Plaintiffs erroneously argue that a document conveyed by legal counsel is not privileged when the communication involves non-legal employees. Courts have held that ACP cloaks communications between non-legal employees discussing legal advice because "[s]uch communications obviously reveal privileged communications." *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1077 (N.D. Cal. 2002). Not only is the legal advice *provided* by DHS counsel protected, but so are the comments and edits from non-attorney clients, as their comments and edits are included in drafts sent to an attorney seeking legal advice on the document. *Sheet Metal Workers Nat'l Pension Fund v. Bayer Aktiengesellschaft*, 2024 WL 74928, at *3 (N.D. Cal. Jan. 5, 2024) (ACP "protects a communication including a draft to a lawyer seeking legal advice because… 'the plaintiffs could compare [the draft documents] to the final public version and determine the underlying legal advice provided or incorporated.'") (citation omitted)). As these documents include communications between non-attorney personnel that discuss and share legal advice given by counsel, ACP protects them from disclosure. *In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, 2025 WL 327742, at *8 (N.D. Cal. Jan. 29, 2025) (holding drafts shared with attorneys for the purpose of "seek[ing] additional legal advice and the possibility of further edits in response to that advice" are within the scope of ACP).

Plaintiffs continue to rely on the magistrate judge's June 4, 2026 Order to bolster their claim that Defendants "improperly classified a large portion" of their documents as ACP/AWP. Dkt. 419. However, this assertion disregards that the Order examined 20 distinct documents, and the holdings were based on a review of *each* document and its particular privilege asserted and proposed redaction; as such, the magistrate's ruling in *no way* equates to a sweeping preclusion of invoking a qualified privilege. Defendants may assert any privilege that has not been expressly precluded by the Court on any document moving forward. Further, the Order cannot be viewed as a comprehensive preclusion

7

of ACP/AWP because for several documents, the magistrate not only upheld the Defendants' redactions, but in some cases, *expanded* them. *Id*. (Item 2, ordering NTPSA2_008751 and Item 3, ordering NTPSA2_009166 to be redacted further than the redactions originally proposed).

Here, the privilege log includes sufficient information to explain the privilege invocation and meets the standard set forth in *In re Sealed Case*, 121 F.3d 729, 752 (D.C. Cir. 1997). Defendants identified discussions and communications between attorneys and client responses, documents reviewed for the purposes of receiving legal advice, and documents containing proposed edits and comments for purposes of anticipation of litigation, which is *precisely* the confidential information that is protected from disclosure by ACP or AWP. Indeed, this information, if disclosed, would significantly hinder the clients' ability to speak freely to their attorneys, contradicting the privilege's purpose. *United States v. Chen*, 99 F.3d 1495, 1499 (9th Cir. 1996). Plaintiffs have not proven that these documents were improperly withheld and this Court should reject their demand for disclosure.

Plaintiffs' suggestion that Defendants have engaged in sanctionable conduct simply by asserting ACP is meritless. Defendants have complied with all court orders in this case. *Campidoglio LLC v. Wells Fargo & Co.*, 870 F.3d 963, 975 (9th Cir. 2017) ("Rule 37 provides parties with a mechanism for seeking sanctions against another party for 'failure to comply with a court order.'") (upholding a district court's decision to deny a Rule 37 sanctions motion for alleged over-use of the attorney-client privilege).[2] Rule 37 sanctions are only available to ensure compliance with court orders, not to reduce a party's frustration that an opposing party holds a privilege over discovery material. *Campidoglio LLC*, 870 F.3d at 975. Regarding Dkt. 419, Defendants are not, as Plaintiffs contend, "grant[ing] themselves an extension"—rather, Defendants are availing themselves in a timely manner of their right to seek review of this Court's ruling in Dkt. 419. *See* FED. R. CIV. P. 72(a) (allowing 14 days to object); *Renander v. Thomas*, 2023 WL 6366699, at *1 (9th Cir. Sept. 29, 2023). Defendants have timely produced documents not incorporated in that objection. Defendants continue to comply with, or properly challenge, all relevant orders in this case.

---

[2] The sole in-circuit case cited to suggest a penalty of waiving ACP *in toto* here also arose in a unique context where a third-party attempted to resist production of subpoenaed materials on privilege grounds. *Addison v. Monarch & Associates*, 2016 WL 11530426 (C.D. Cal. Dec. 12, 2016).

PARTIES' DISCOVERY LETTER BRIEF RE: HAITI TERMINATION EXTRA-RECORD DISCOVERY
CASE NO. 3:25-CV-01766-EMC

Date: June 16, 2026

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

CATHERINE M. RENO
Assistant Director

SHELBY WADE
Trial Attorney

/s/ *Lauren Bryant*
Lauren Bryant
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 919-1366
Lauren.e.bryant@usdoj.gov

*Attorneys for the Defendants*

Date:  June 16, 2026

Respectfully submitted,

ACLU FOUNDATION
OF NORTHERN CALIFORNIA

*/s/  Emilou MacLean*
Emilou MacLean

Michelle (Minju) Y. Cho
Amanda Young
ACLU FOUNDATION
OF NORTHERN CALIFORNIA

Ahilan T. Arulanantham
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW

Eva L. Bitran
Diana Sanchez
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA

Jessica Karp Bansal
Lauren Michel Wilfong (*Pro Hac Vice*)
NATIONAL DAY LABORER ORGANIZING
NETWORK

9

Erik Crew (*Pro Hac Vice*)
HAITIAN BRIDGE ALLIANCE

Attorneys for Plaintiffs

PARTIES' DISCOVERY LETTER BRIEF RE: HAITI TERMINATION EXTRA-RECORD DISCOVERY
CASE NO. 3:25-CV-01766-EMC

## SIGNATURE ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that each of the other Signatories have concurred in the filing of this document.

ACLU FOUNDATION
OF NORTHERN CALIFORNIA

*/s/ Emilou MacLean*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2026, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

ACLU FOUNDATION
OF NORTHERN CALIFORNIA

*/s/ Emilou MacLean*

PARTIES' DISCOVERY LETTER BRIEF RE: HAITI TERMINATION EXTRA-RECORD DISCOVERY
CASE NO. 3:25-CV-01766-EMC