BRETT A. SHUMATE
Assistant Attorney General
Civil Division
RUTH ANN MUELLER
Senior Litigation Counsel
ERIC SNYDERMAN
LAUREN BRYANT
SHELBY WADE
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL TPS ALLIANCE, *et al.*,<br><br>                     Plaintiffs,<br><br>          v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security, *et al.*,[1]<br><br>                     Defendants. | Case No. 3:25-cv-1766-EMC<br><br>**DEFENDANTS' MOTION FOR RELIEF FROM Dkt. 419 PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 72(a)** |

---

[1] The current Secretary of Homeland Security is automatically substituted as a defendant in place of the former Secretary, Kristi Noem. *See* FED. R. CIV. P. 25(d).

***Background.*** Pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 72-2, Defendants respectfully object to Magistrate Judge Kim's June 4, 2026 Order regarding the invocation of attorney-client privilege ("ACP") and attorney work product doctrine ("AWP"). Dkt. 419 ("Order"). This Court should set aside part of that Order, as outlined below, because Judge Kim's findings are contrary to law. This case concerns challenges to the partial vacatur and terminations of Temporary Protected Status ("TPS") for Venezuela and Haiti. The discovery at-issue is about the Haiti TPS termination. Dkts. 354, 355 at 1. In a Joint Letter Brief, Plaintiffs requested court intervention regarding Defendants' invocation of ACP and AWP on 20 documents. Dkt. 382. At the court's request, Dkt. 390, Defendants relayed those documents to the court for *in camera* review. Dkt. 398. Subsequently, Judge Kim ordered that 8 of the documents—NTPSA2_013083, 008751, 009166, 006720, 006620, 008398, 009099, 005630—could be withheld in whole or in part based on ACP/AWP. Dkt. 419. The court rejected Defendants' ACP/AWP invocation on the remaining twelve documents and ordered Defendants to produce the same by June 12, 2026. *Id*. at 1-2. On June 12, 2026, Defendants produced 6 of the 12 documents.[2] Dkt. 422. Defendants simultaneously filed a Notice of Production, advising the court about the production, and notifying the court that it would file a Rule 72(a) objection on the remaining 14 documents. *Id.*

***Legal Standard.*** Rule 72(a) permits Defendants to object to magistrate judge orders on nondispositive matters, like discovery orders. FED. R. CIV. P. 72(a). The district judge "must… modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* A magistrate's legal conclusions are reviewed *de novo*[.]" *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010).

***Attorney-Client Privilege.*** ACP protects "confidential communications between attorneys and clients, which are made for the purpose of giving legal advice." *United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020) (citation omitted). "Communications between non-lawyer employees about matters which the parties intend to seek legal advice…are cloaked" by ACP. *City of Roseville Employees' Ret. Sys. v. Apple Inc.*, 2022 WL 3083000, at *17 (N.D. Cal. Aug. 3, 2022) (hereinafter, "*Roseville*")

---

[2] Defendants produced: NTPSA2_012348, 008751, 011576, 009166, 008398, and 005630.

DEFENDANTS' MOTION FOR RELIEF FROM DKT. 419 PURSUANT TO FEDERAL RULE 72(A)
CASE NO. 3:25-cv-1766-EMC

1

(citation omitted). ACP "may attach to communications between nonlegal employees where: (1) the employees discuss or transmit legal advice given by counsel; and (2) an employee discusses her intent to seek legal advice about a particular issue." *Dolby Lab's Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 855, 866 (N.D. Cal. 2019) (hereinafter, "*Dolby*") (citation omitted).

*Attorney Work Product Doctrine.* AWP is a "qualified" privilege that protects "from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation." *Sanmina Corp.*, 968 F.3d at 1119. The AWP doctrine also acknowledges that it "protect[s] material prepared by agents for the attorney as well as those prepared by the attorney himself." *United States v. Nobles*, 422 U.S. 225, 238-39 (1975). As such, "[t]he rule extends protection to documents created 'by or for' a party or its representative, including non-attorney representatives." *Largan Precision Co, Ltd. V. Genius Elec. Optical Co., Ltd.*, 2015 WL 124557, *4 (N.D. Cal. Jan. 8, 2015). The primary purpose of AWP is to "prevent exploitation of a party's efforts in preparing for litigation." *Sanmina Corp.*, 968 F.3d at 1119 (citing *Admiral Ins. Co. v. U.S. Dist. Ct.*, 881 F.2d 1486, 1494 (9th Cir. 1989)). ***Thus, the ACP/AWP privileges should apply equally to all the asserted withholdings:***

***NTPSA2_013083 and NTPSA2_009099*** are email communications discussing or transmitting legal advice by counsel and are therefore protected by ACP. *United States v. ChevronTexaco Corp.*, 241 F.Supp. 2d 1065, 1077 (N.D. Cal. 2003) (finding that "[s]uch communications obviously reveal privileged communications."). It is well-settled that ACP "may attach to communications between nonlegal employees" and attorneys. *Dolby*, 402 F. Supp. 3d at 866 (citation omitted). While the Order allowed *some* portions of the emails in NTPSA2_013083 to be withheld as privileged, it also ordered the production of other emails without redactions. *See* Dkt. 419. Here, the Privilege Description supporting the redactions noted that the document is "an email communication between DHS counsel and non-attorneys regarding TPS for various countries." Dkt. 382-3. As such, the other emails in this document where discussions of attorney feedback are redacted are *also* ACP. *Roseville*, 2022 WL 3083000 at *17. Likewise, in NTPSA2_009099, the government initially redacted communications between attorney Adam Shirer and a non-attorney requesting his legal opinion about portions of the draft text, and the

relevant portion of that draft text. The court upheld the redaction over counsel's response under ACP but rejected the redaction of the non-attorney's comment, attorney in-line edits, and the client's request for legal advice. Dkt. 419 ¶ 7. As the client's comment posed a legal question to the agency attorney, that communication, and the associated text, should be redacted as ACP. *ChevronTexaco Corp.*, 241 F. Supp. 2d at 1077. Counsel's in-line edits responsive to the employee's legal question should also be redacted as ACP. *In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, 2025 WL 327742, at *8 (N.D. Cal. Jan. 29, 2025) (hereinafter, "*Uber*").

**NTPSA2_006720** and **NTPSA2_006620** involve edits made to certain documents by agency counsel that reflect the attorneys' legal advice. These edits are therefore protected by ACP and AWP. *Uber*, 2025 WL 327742, at *8 (holding that drafts shared with attorneys for the purpose of "seek[ing] additional legal advice and the possibility of further edits in response to that advice … remain[ed] within the scope of attorney-client privilege."). The government withheld NTPSA2_006720 in full as it contained edits from USCIS clients as well as "edits to memorandum from the USCIS Director to the Secretary regarding Haiti TPS" by two USCIS clients to implement *legal advice from DHS counsel Lauren Gold, Laura Smith, Megan Schultz, and Brian Kelliher*. Dkt. 382-3 at 4. Although the privilege description states the document contains edits implementing legal advice from several attorneys, the court erroneously applied redactions for just *one* attorney: Lauren Gold. Dkt. 419. A similar issue arises in NTPSA2_006620—an almost exact duplicate of NTPSA2_006720. Dkt. 382-3 at 4. But the court only permitted redactions of Lauren Gold's edits. Dkt. 419 ¶ 5. If the court applied ACP and/or AWP to all edits and comments by one named attorney, then the court found that the purpose of such input was "to assist in pending or impending litigation," *E.E.O.C. v. Safeway Store, Inc.*, 2002 WL 31947153, at *5 (N.D. Cal. Sept. 16, 2002). Thus, the ACP/AWP redactions should apply equally to all other attorney feedback, warranting a withholding in full designation. For the same reasons, in NTPSA2_006720, comments and edits from the two USCIS clients should also be redacted as ACP and AWP as their edits implement legal advice from DHS counsel, and their comments feature discussions of counsels' comments and edits, warranting a withholding in full designation. *Dolby*, 402 F. Supp. at 866.

***The Court Further Erred in Ordering Defendants to Produce the Remaining Documents Without Any Redactions:***

***NTPSA2_009174, NTPSA2_009169, and NTPSA2_008591*** involve email communications discussing or transmitting legal advice from agency counsel and are therefore ACP. *ChevronTexaco Corp.*, 241 F. Supp. 2d at 1077. For example, the redacted portions of NTPSA2_009174's email chain discusses the outcome of legal advice from agency attorneys Laura Smith and Megan Schultz, including later edits to a draft Haiti TPS Memorandum. Thus, the redacted content embodies the precise communication that ACP protects—advice from attorney to client about edits for the draft Memorandum, and the edits incorporating the attorney's legal advice. *Sheet Metal Workers Nat'l Pension Fund v. Bayer Aktiengesellschaft*, 2024 WL 74928, at *3 (N.D. Cal. Jan. 5, 2024) (hereinafter, "*Sheet Metal*") ("The attorney-client privilege protects a communication including a draft to a lawyer seeking legal advice because…the plaintiffs could compare [the draft documents] to the final public version and determine the underlying legal advice provided or incorporated.") (citation omitted)). Likewise, NTPSA2_009169—an email correspondence discussing how to implement legal advice from attorney Laura Smith about the substance of the Haiti TPS decision memorandum in order to address ongoing litigation concerns—is also protected by ACP. *See ChevronTexaco Corp.*, 241 F. Supp. 2d at 1077. In the same vein, NTPSA2_008591—an email that describes "a comment from Secretary Advisor Jimmy Percival to other DHS employees, including DHS attorney Christina McDonald…about recommendations regarding Haiti TPS in the course of pre-decisional planning including litigation considerations," Dkt. 382-3 at 5—is also protected by ACP: it contains confidential attorney-client communications from a client to attorneys Christina McDonald and Nader Baroukh and Acting General Counsel Joseph Mazzara. *Sanmina Corp.*, 968 F.3d at 1116. While the communication also involves non-attorneys, ACP still attaches to NTPSA2_008591 as the employees are discussing litigation strategy with DHS attorneys . *Dolby*, 402 F. Supp. at 866. Both NTPSA2_009174 and NTPSA2_009169 are further protected by AWP where they discuss edits that clients made to implement legal advice from attorneys which were made "with an eye toward the anticipated litigation," *Am. C.L. Union of N. California v. United States Dep't of Just.*, 880

F.3d 473, 484 (9th Cir. 2018) (citation omitted). Indeed, at the time these correspondences were exchanged, there were multiple pending TPS lawsuits about the Haiti TPS termination. Although the documents at issue were not prepared solely for litigation, the communications serve a "dual purpose[:]" the *proposed* Haiti TPS termination memorandum was prepared, in part, with an eye toward the ongoing Haiti TPS litigation.[3]

*NTPSA2_006593* is an email correspondence between agency personnel discussing the preparation of a draft privilege log for the administrative record regarding the ongoing litigation with respect to the second Haiti TPS termination. The administrative record and its associated privilege log were created in anticipation of litigation. *In re Facebook, Inc. Consumer Priv. User Profile Litig.*, 655 F. Supp. 3d 899, 909 (N.D. Cal. 2023). Internal communications about the preparation of those documents and their substance are therefore AWP and should be redacted. *Schoenmann v. Fed. Deposit Ins. Corp.*, 7 F. Supp. 3d 1009, 1014 (N.D. Cal. 2014).

*NTPSA2_006535*, *NTPSA2_012139*, *NTPSA2_009165*, *NTPSA2_006587*, *and NTPSA2_013114* are email communications involving non-attorneys' discussion about counsel's feedback on documents, counsel's legal advice, or intent to seek legal advice. Dkt. 382-3 at 2-3. For instance, NTPSA2_012139 contains emails between non-attorneys discussing USCIS's Office of the Chief Counsel (OCC) attorneys' proposed edits to the Haiti TPS package and the client's analysis of that legal advice. *Id*. Similarly, NTPSA2_009165 contains a "[d]iscussion of edits on the Haiti TPS memorandum from the USCIS Director to the Secretary" which "implement[ed] legal advice from DHS counsel […] in light of ongoing TPS litigation." *Id*. at 3. Likewise, NTPSA2_006587's redactions protect a direct quote from OGC counsel Lauren Gold: her question to agency employees, which required follow-up about a specific portion of the decision memo that was also redacted *Id*. at 3. Finally, NTPSA2_006535 discusses the agency employees' plan to seek legal advice during the Haiti TPS review process, and

---

[3] *See Delaney, Migdail & Young, Chartered v. IRS*, 826 F.2d 124, 127 (D.C. Cir. 1987) (holding that internal agency memoranda that "advise the agency of the types of legal challenges likely to be mounted against a proposed program, potential defenses available to the agency, and the likely outcome" were protected by AWP).

NTPSA2_013114 contains a discussion among agency clients about a specific legal issue raised during the same review process. *Id*. at 2. Consequently, all of these documents are protected by ACP as they contain discussion about legal advice and/or document edits. *Roseville*, 2022 WL 3083000, at \*17; *Dolby*, 402 F. Supp. at 866. AWP also protects NTPSA2_012139, NTPSA2_009165, and NTPSA2_013114 because attorney edits discussed in those documents were created "to assist in [ongoing] litigation" surrounding the Haiti TPS terminations, including the instant case. *E.E.O.C.*, 2002 WL 31947153 at \*5.

*NTPSA2_014267*[4] is a policy considerations memorandum draft about the Haiti TPS termination. Dkt. 382-3 at 3-4. The draft contains comments, edits, and legal advice from DHS counsel Lauren Gold, and USCIS client responses to this legal advice in response to ongoing litigation. *Id*. The document is protected by ACP as it contains legal counsel's comments and edits providing legal advice. *Sanmina Corp.*, 968 F.3d at 1116. Indeed, the court held in its Order that Defendants could redact edits from attorney Lauren Gold in *other* documents, but not in this draft. *See* Dkt. 419. Defendants respectfully maintain that this document should be treated the same. The non-attorney's edits and comments also are properly withheld under ACP because they were made in response to attorney Gold's edits and comments and were included in a draft sent to an attorney seeking legal advice on the document. *See Sheet Metal*, 2024 WL 74928 at \*3. Because this draft was shared with an attorney for the purpose of "seek[ing] additional legal advice and the possibility of further edits in response to that advice[,]" it falls within the scope of ACP. *See Uber*, 2025 WL 327742 at \*8.

---

[4] In light of the Order, Defendants reduced the redactions requested and will submit their proposed redactions to the court for *in camera* review at the court's request. Dkt. 419. Defendants further note that they have already submitted these documents to Magistrate Kim for *in camera* review, Dkts. 390, 398, and will resubmit them to this Court, at the Court's request.

DEFENDANTS' MOTION FOR RELIEF FROM DKT. 419 PURSUANT TO FEDERAL RULE 72(A)
CASE NO. 3:25-cv-1766-EMC

Dated: June 18, 2026                    Respectfully submitted

                                        BRETT A. SHUMATE
                                        Assistant Attorney General
                                        Civil Division

                                        CATHERINE RENO
                                        Assistant Director

                                        ERIC SNYDERMAN
                                        SHELBY WADE
                                        Trial Attorneys

                                        By: */s/ Lauren Bryant*
                                        LAUREN BRYANT
                                        Trial Attorney
                                        U.S. Department of Justice, Civil Division
                                        Office of Immigration Litigation
                                        P.O. Box 868, Ben Franklin Station
                                        Washington, D.C. 20044
                                        Tel: (212) 919-1366

                                        *Attorneys for the Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2026, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

Date:  June 18, 2026

*/s/ Lauren Bryant*
LAUREN BRYANT
Trial Attorney
