Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Amanda Young (SBN 359753)
ayoung@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Attorneys for Plaintiffs
*[Additional Counsel Listed on Next Page]*

BRETT A. SHUMATE
Assistant Attorney General
Civil Division
RUTH ANN MUELLER
Senior Litigation Counsel
LAUREN E. BRYANT
JEFFREY HARTMAN
CATHERINE ROSS
DANIEL CAPPELLETTI
SHELBY WADE
Trial Attorneys

ERIC M. SNYDERMAN
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 925-0636
Eric.M.Snyderman@usdoj.gov

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R., HENDRINA VIVAS CASTILLO, A.C.A., SHERIKA BLANC, VILES DORSAINVIL, and G.S., <br><br> Plaintiffs, <br><br> vs. <br><br> MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA, <br><br> Defendants. | Case No. 3:25-cv-01766-EMC <br><br> **JOINT STATUS REPORT** <br><br> Assigned to: Hon. Edward M. Chen <br><br> Date: July 14, 2026 <br> Time: 2:30 pm <br> Place: Zoom <br><br> Complaint filed: February 19, 2025 |

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Mohammad Tajsar (SBN 280152)
mtajsar@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (*Pro Hac Vice*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, 1H
San Diego, CA 92120
Telephone: (949) 603-7411

The parties file this joint status report pursuant to the Court's order during the March 17, 2026 status conference. *See* Dkt. 387.

**I.        Update on *Mullin v. Doe*, No. 25-1083, — S. Ct. —, 2026 WL 1825840, at \*10 (U.S. June 25, 2026)**

Plaintiffs' Position:  On March 16, 2026, the Supreme Court granted certiorari before judgment in *Trump v. Miot*, Case No. 25-1084, and *Mullin v. Dahlia Doe*, Case No. 25-1083. On June 25, 2026, the Court issued an Opinion holding that the TPS statute bars jurisdiction over the non-constitutional claims raised in both *Miot* and *Dahlia Doe*. Five Justices appeared to agree that the TPS statute does not bar constitutional claims. *Id.* at \*11-13 (six justices joining jurisdictional analysis as to non-constitutional claims); *id.* at \*19-20 (Kagan, J., dissenting) (four justices assuming without deciding that there is jurisdiction over constitutional claim, indicating other two found jurisdiction); *id.* at \*20-21 (Kagan, J., dissenting) (three other justices finding jurisdiction over statutory and constitutional claims); \*13-15 (Thomas, J., concurring) (writing alone to contend that the statute bars review of even constitutional claims). However, the Court held that *Miot* plaintiffs failed to establish likelihood of success on their constitutional discrimination claim. The Court reversed the judgments of the district courts and "remanded for further proceedings consistent with" its Opinion. *Mullin v. Doe*, 609 U.S. ---, 2026 WL 1825840, at \*13 (June 25, 2026) ("*Dahlia Doe*").

On July 1, 2026, the *Miot* defendants filed a Renewed Stay Motion in the D.C. Circuit, seeking a stay of the district court's postponement order, as well as an administrative stay pending review. *See* Appellants' Renewed Stay Motion, *Miot v. Trump*, Case No. 26-5050 (D.C. Cir. Jul7 1, 2026), Dkt. 2181436. The following day, the D.C. Circuit issued a briefing order, with plaintiffs' response due July 13, 2026 and defendants' reply due July 20, 2026. *See* Order, *Miot v. Trump*, Case No. 26-5050 (D.C. Cir. July 2, 2026), Dkt. 2181663.

Because the Supreme Court recognized the viability of a constitutional challenge to a TPS termination decision in *Dahlia Doe*, there should be no dispute that this Court has jurisdiction to consider such claims here. Therefore, one question that remains live in this case is whether Defendants' decisions to vacate and terminate the TPS designation of Venezuela and to terminate the TPS designation of Haiti violated the anti-discrimination guarantee of the Due Process Clause of the

Fifth Amendment because they were motivated by intentional discrimination based on race, ethnicity, or national origin. *See* U.S. Const. amend. V; *Dahlia Doe*, 2026 WL 1825840, at \*11 (analyzing TPS holders' Equal Protection challenge under *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265–66 (1977)); *Bolling v. Sharpe*, 347 U.S. 497, 499 (1954).

While the Supreme Court conducted some analysis of a similar discrimination claim raised in *Trump v. Miot*, *see Dahlia Doe*, 2026 WL 1825840, at \*11–13, the Court's decision was preliminary and did not foreclose the possibility that plaintiffs in that case could ultimately prevail. Nor of course, did the Court foreclose the possibility that Plaintiffs in this case could prevail on a different, fuller record than the one before the Court in *Miot*. There is accordingly no basis for Defendants to seek to dismiss Plaintiffs' constitutional claims for lack of jurisdiction or failure to state a claim.

Further, *Dahlia Doe*, unlike this case, did not involve a challenge to the validity of a TPS "vacatur." The government, in its reply brief in *Dahlia Doe*, conceded that a claim challenging the lawfulness of a vacatur such as that in this case would not necessarily be barred, even under their broad view of the TPS statute's jurisdiction limiting provision. *See* Reply Br. for Pet'rs at 10, *Mullin v. Doe*, No. 25–1083 (U.S. Apr. 20, 2026) (acknowledging difference between vacatur and termination and arguing only that vacatur claims would be "likely" unreviewable, while taking position that other statutory claims would be conclusively unreviewable). Because *Dahlia Doe* is not "clearly irreconcilable" with the Ninth Circuit decision in *National TPS Alliance v. Noem*, 166 F.4th 739 (9th Cir. 2026), the Ninth Circuit's decision remains binding precedent. *See Close v. Sotheby's, Inc.*, 894 F.3d 1061, 1072 (9th Cir. 2018) (describing "clearly irreconcilable" standard).

Plaintiffs agree that *Dahlia Doe* bars the non-constitutional claims Plaintiffs pled in their second Supplemental Complaint regarding the November 2025 termination of Haiti's TPS designation. Dkt. 355.

Defendants' Position: Defendants ask this Court to dismiss Plaintiffs' supplemental complaint regarding the November 2025 termination of Haiti's TPS designation for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). *See* Fed. R. Civ. P. 12(h)(3). As Federal Courts are courts of limited jurisdiction, a party, or even the court itself, may assert the lack of jurisdiction "at any stage in the litigation[.]" *Arbaugh v. Y. & H. Corp.*, 546 U.S. 500, 506 (2006)

2

(citing Fed. R. Civ. Proc. 12(b)(1)). Where "it appears … that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004) (quoting Fed. R. Civ. Proc. 12(h)(3)).

Here, this Court lacks authority to decide Plaintiffs' non-statutory claims because the Supreme Court held "the TPS statute's judicial-review bar applies to all non-constitutional claims." *See Mullin v. Doe*, No. 25-1083, — S. Ct. —, 2026 WL 1825840, at *10 (U.S. June 25, 2026). The review bar also forecloses Plaintiffs' constitutional claims. *See Doe*, 2026 WL 1825840, at *1216 (Thomas, J., concurring). Even assuming that Constitutional claims are reviewable, Plaintiffs' equal protection claim is unlikely to succeed on the merits for the reasons articulated by the Supreme Court in *Doe*. *Id.* at *10*12. The *Doe* and *Miot* plaintiffs relied on several of the comments made by government officials—including President Donald Trump and former Secretary of Homeland Security Kristi Noem—that Plaintiffs rely on to support their equal protection claims in this case. *See id*. The Supreme Court's conclusion that "[n]one of the cited statements by either the President or the Secretary [were] overtly racial, and in substance all expressed policy views that could rest on race-neutral justifications" describes all remaining evidence and statements upon which Plaintiffs seek to rely in this case just as well as the evidence and statements in *Doe* and *Miot*. *Id*. at *12. And here, just as in *Doe*, the "present administration's general stance on immigration and its obvious antipathy toward past administrations' TPS policies" constitute "a strong, race-neutral explanation of these officials' statements." *Id.* As such, Plaintiffs will not succeed on their equal protection claims as well. Accordingly, this Court should dismiss this case because it lacks subject-matter jurisdiction over Plaintiffs' statutory claims and because Plaintiffs' constitutional claims lack merit when weighed against the "strong, race-neutral explanation" of the statements they cite to prove an equal protection violation. *Id* at *12.

On June 30, 2026, Counsel for Defendants asked Counsel for Plaintiffs whether their clients intended to dismiss this case in light of the *Mullin v. Doe* decision. Plaintiffs responded in the negative.

Should this Court decline to exercise its authority under Federal Rule of Civil Procedure 12(h)(3), Defendants respectfully ask this Court to rule that the fact discovery period in this case has closed, and that further discovery in support of Plaintiffs' equal protection claim would be cumulative of evidence already in the record. *See Doe*, 2026 WL 1825840, at *13 n.7 (finding that the discovery

3

material produced in this case and appended by *Miot* Plaintiffs to a motion to dismiss the writ of *certiorari* was "cumulative of other evidence in the record").

Defendants further request that if the Court declines to dismiss the case in its entirety for lack of subject-matter jurisdiction at this time, that the Court order a briefing schedule whereby both parties must file their Motions for Summary Judgment by a date 90 days after the close of fact discovery. Defendants reserve the right to file a motion under Rule 12 at any time.

### II.    Amendment of Pleadings

Plaintiffs' Position: Plaintiffs intend to seek leave to amend in light of recent changes in law and newly revealed facts. In brief, *Dahlia Doe's* holding that 8 U.S.C. § 1254a(b)(5)(A) does not bar constitutional claims but does bar statutory claims that challenge "a discrete decision made by the Secretary . . . [as] part of the process that led to her final decision to terminate those countries' TPS designations," 2026 WL 182540, at *7, constitutes a substantial change in the legal landscape, which warrants permitting Plaintiffs the opportunity to amend their complaint. In particular, some of the same legal errors that Plaintiffs previously pled also give rise to constitutional violations. Whereas the distinction between statutory and constitutional claims was not relevant in this context under pre-existing law, the Supreme Court's recent decision renders that distinction material, as most statutory claims are no longer reviewable, while constitutional claims are. In addition, discovery produced over the past few months in this matter likely would give rise to new claims that Plaintiffs could raise, and which would not be barred from review under the Supreme Court's recent decision in *Dahlia Doe*. In light of these changes, Plaintiffs intend to seek leave to amend to add claims that would be outside the TPS statute's jurisdiction-limiting provision as the Supreme Court has now construed it.

Defendants' Position: Defendants would evaluate any proposed amendment prior to taking a position on amendment, but expect to oppose amendment as futile in light of the Supreme Court ruling described *supra*.

### III.    Other Pending Issues

On June 18, 2026, Defendants filed a Motion for Relief under Federal Rule of Civil Procedure 72(a) ("Defendants' Rule 72(a) Motion") with this Court, seeking relief from a discovery order by Magistrate Judge Sallie Kim at ECF No. 419. ECF No. 425. That motion is pending. On June 22, after

receipt of Defendants' Rule 72(a) Motion, this Court temporarily vacated the noticed hearing on the motion to permit *in camera* review of the discovery materials at issue by the Court. ECF No. 426. The same day, this Court granted Defendants' motion (ECF No. 424) for leave to file a version of ECF No. 425 including an additional page. On June 24, 2025, Defendants provided this Court with copies of the discovery materials at issue in ECF No. 425.

On June 23, 2026, the Clerk issued a Notice setting a discovery hearing before Magistrate Judge Kim for July 6, 2026 at 9:30am PT on Discovery Letter Briefs ECF Nos. 420 & 423. ECF No. 428. On July 6, parties appeared before Judge Kim at the noticed discovery hearing. Judge Kim ordered Defendants to produce certain documents to Plaintiffs and submit other documents for *in camera* review. ECF No. 430.

Plaintiffs' Position:

In light of the Supreme Court's decision in *Dahlia Doe*, Plaintiffs also intend to seek limited additional discovery. This Court has previously recognized that discovery is permissible for Plaintiffs' constitutional claim. Dkts. 129 & 135. In its recent decision, the Supreme Court did not limit the viability of a constitutional challenge to a TPS termination. Nor did Defendants challenge before the Supreme Court a court's jurisdiction to consider a constitutional discrimination claim in the context of a legal challenge to a TPS termination or the plaintiffs' right to discovery to develop such a claim.

The Supreme Court in *Dahlia Doe* found only that the limited factual record available concerning Defendants' termination of Haiti was not yet sufficient for the *Miot* plaintiffs to prevail on their constitutional claim. At the time the Supreme Court granted certiorari before judgment, there was virtually no discovery in *Miot* (the case concerning Haiti's termination). As a result, the Supreme Court considered principally the public statements of President Trump and former Secretary Noem in its analysis of Plaintiffs' discrimination claim there. Recent discovery in the instant case has revealed substantial additional evidence relevant to the Court's analysis of discriminatory intent, including major deviations from historical practices.

Additional discovery is warranted here where the Supreme Court recognized the availability of a constitutional challenge to a TPS termination decision and assumed that the *Arlington Heights*

5

standard applied, requiring the Court to "determine whether a 'discriminatory purpose [was] a motivating factor in the decision' to terminate [a] TPS designation." *Dahlia Doe*, 2026 WL 1825840, at \*11-13

Further, should Plaintiffs be granted leave to amend, the additional claims will mostly not require additional discovery, but limited additional discovery may be warranted to develop further some of the additional claims.

Respectfully submitted,

Date:  July 7, 2026

U.S. DEPARTMENT OF JUSTICE

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

RUTH ANN MUELLER
Senior Litigation Counsel

ERIC SNYDERMAN
JEFFREY HARTMAN
CATHERINE ROSS
DANIEL CAPPELLETTI
SHELBY WADE
Trial Attorneys

/s/ *Eric M. Snyderman*
ERIC M. SNYDERMAN (Va. Bar No. 99563)
Trial Attorney
Office of Immigration Litigation
Civil Division
United States Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 925-0636
Eric.M.Snyderman@usdoj.gov
*Attorneys for Defendants*


 /s/ Jessica Karp Bansal
Jessica Karp Bansal
Lauren Michel Wilfong (pro hac vice)
NATIONAL DAY LABORER
ORGANIZING NETWORK
Attorneys for Plaintiffs

Emilou MacLean
Michelle (Minju) Y. Cho
ACLU FOUNDATION
OF NORTHERN CALIFORNIA

Ahilan T. Arulanantham
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW

Eva L. Bitran
Diana Sanchez (SBN 338871)
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA

Erik Crew (*Pro Hac Vice*)
HAITIAN BRIDGE ALLIANCE
*Attorneys for Plaintiffs*

## SIGNATURE ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that each of the other Signatories have concurred in the filing of this document.

/s/ *Eric M. Snyderman*
ERIC M. SNYDERMAN
United States Department of Justice

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2026, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

/s/ *Eric M. Snyderman*
ERIC M. SNYDERMAN
United States Department of Justice