**OFFICE OF THE CLERK**

**UNITED STATES DISTRICT COURT**

**Northern District of California**

**CIVIL MINUTES**

| | | |
|---|---|---|
| **Date:** July 14, 2026 | **Time:** 2:28-2:53<br>25 Minutes | **Judge:** EDWARD M. CHEN |

**Case No.**: 25-cv-01766-EMC      **Case Name:** National TPS Alliance v. Noem

**Attorneys for Plaintiffs:** Emilou MacLean, Ahilan Arulanantham
**Attorneys for Defendants:** Eric Snyderman, Shelby Wade

**Deputy Clerk:** Vicky Ayala                    **Court Reporter:** Jennifer Coulthard

**PROCEEDINGS HELD VIA ZOOM WEBINAR**

Status Conference - held

**SUMMARY**

Parties stated appearances.

Defendants argued that the recent Supreme Court decision requires dismissal of the supplemental complaint in its entirety or, alternatively, that discovery should be stayed.

Plaintiffs advised that discovery disputes remain pending before Magistrate Judge Kim. Plaintiffs represented that Judge Kim is reviewing certain documents in camera and has ordered Defendants to produce documents previously withheld, although no production deadline has yet been established. Plaintiffs further argued that their Equal Protection claim remains pending and that a stay is therefore inappropriate.

The parties confirmed that, aside from the documents addressed in Judge Kim's order, Plaintiffs have not yet propounded any additional discovery requests.

Defendants argued that continued discovery would impose an undue burden and requested a stay. The Court concluded that Defendants had not demonstrated sufficient burden to justify staying discovery, particularly in view of the limited universe of documents at issue and the ability of the

parties to stipulate that documents may be produced under a protective order, and in light of the constitutional claims that remain after the Supreme Court decision. The Court declined to stay discovery at this time and stated that Judge Kim should continue resolving the pending discovery disputes. The Court noted that Defendants remain free to file a formal motion seeking a stay if it so seeks.

The Court clarified that discovery at this point shall proceed only as to Plaintiffs' remaining constitutional claims.

The parties are ORDERED to meet and confer regarding whether certain claims may be voluntarily dismissed in light of the recent Supreme Court decision.

Further hearing set for **July 30, 2026, via Zoom**, on Defendants' Motion for Relief from Non-dispositive Pretrial Order of the Magistrate Judge.