Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Amanda Young (SBN 359753)
ayoung@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Attorneys for Plaintiffs
*[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R., HENDRINA VIVAS CASTILLO, A.C.A., SHERIKA BLANC, VILES DORSAINVIL, and G.S.,<br><br>    Plaintiffs,<br><br>    vs.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA,<br><br>    Defendants. | Case No. 3:25-cv-01766-EMC<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 15(a)(2); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: September 10, 2026<br><br>Time: 1:30 pm<br><br>Location: Zoom |

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Mohammad K. Tajsar (SBN 280152)
mtajsar@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (*Pro Hac Vice*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, Suite 1H
San Diego, CA 92120
Telephone: (949) 603-7411

PLEASE TAKE NOTICE THAT, on September 10, 2026, or as soon thereafter as this matter may be heard before the district court judge of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, assigned to this matter, Plaintiffs move for leave to file a Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all prior pleadings and filings in this case, any additional matter of which the Court may take judicial notice, and such further evidence or argument as may be presented before, at, or after the hearing.

Dated: August 5, 2026

Respectfully submitted,

NATIONAL DAY LABORER ORGANIZING NETWORK

/s/Jessica Karp Bansal
Jessica Karp Bansal
Lauren Michel Wilfong (*Pro Hac Vice*)

Emilou MacLean
Michelle (Minju) Y. Cho
Amanda Young
ACLU FOUNDATION
OF NORTHERN CALIFORNIA

Ahilan T. Arulanantham
CENTER FOR IMMIGRATION LAW AND POLICY,
UCLA SCHOOL OF LAW

Mohammad K. Tajsar
ACLU FOUNDATION OF SOUTHERN CALIFORNIA

Erik Crew (*Pro Hac Vice*)
HAITIAN BRIDGE ALLIANCE

Attorneys for Plaintiffs

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Plaintiffs respectfully move for leave to file an amended complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. The proposed Second Amended Complaint is attached hereto as **Exhibit A**. Plaintiffs seek to amend their complaint in light of intervening changes in law. Specifically, Plaintiffs seek to amend the complaint to eliminate claims which are no longer viable and raise three new claims. Defendants stipulate to amendment to eliminate claims, but oppose amendment to raise new claims. *See* Joint Status Report, Dkt. 454. Amendment is in the interests of justice and does not prejudice Defendants.

**BACKGROUND**

**A.  Relevant Procedural History**

On February 19, 2025, Plaintiffs filed this lawsuit challenging DHS Secretary Noem's unlawful decisions to vacate and terminate Temporary Protected Status ("TPS") for over 600,000 individuals from Venezuela. Dkt. 1. The next day, Plaintiffs moved under 5 U.S.C. § 705 of the APA to postpone the Secretary's actions and delay the implementation or enforcement of the termination of TPS for Venezuela until the resolution of these proceedings on the merits. Dkt. 16.

On March 20, 2025, Plaintiffs filed a First Amended Complaint, adding claims challenging Secretary Noem's unlawful "partial vacatur" of TPS for over 500,000 individuals from Haiti. Dkt. 74.

On March 31, 2025, this Court granted Plaintiffs' motion to postpone the vacatur and termination of TPS for Venezuela. Dkt. 93. The government sought a stay from the Ninth Circuit, which was denied, Dkt. 113, and then from the Supreme Court, which was granted in an unexplained order. Dkt. 140.

On July 8, 2025, this Court granted Plaintiffs' unopposed motion to supplement the complaint to challenge the July 1, 2025, termination of Haiti's TPS. Dkt. 248. *See also* Dkt. 250 (First Amended and Supplemental Complaint).

On August 29, 2025, the Ninth Circuit affirmed this Court's March 31, 2025, order. Dkt. 277.

On September 5, 2025, the Court granted partial summary judgment for Plaintiffs and

1

entered partial final judgment for Plaintiffs on Claims One (APA challenge to Venezuela vacatur), Two (APA challenge to Venezuela Termination) and Three (APA challenge to Haiti partial vacatur) in Plaintiffs' First Amended and Supplemental Complaint. *See* Dkts. 279, 280. Defendants sought a stay from the Ninth Circuit, which was denied, Dkt. 314, and then the Supreme Court, which was granted in another unexplained order. *See* Order Granting Stay, *Noem v. National TPS Alliance*, Case No. 25-5724 (Oct. 3, 2025).

On December 23, 2025, the Court granted Plaintiffs' motion for leave to supplement the Complaint to address the November 18, 2025 "superseding" termination of TPS for Haiti. Dkt. 354; *see also* Dkt. 355 (Second Supplemental Complaint).

On January 28, 2026, the Ninth Circuit affirmed the Court's September 5, 2025, order. Dkt. 369. On July 9, 2026, Defendants filed a Petition for Certiorari asking the Supreme Court to "grant, vacate, and remand" for the Ninth Circuit to reconsider its decision in light of the Supreme Court's decision in *Mullin v. Dahlia Doe*, 146 S.Ct. 2121 (2026). *See* Petition for Certiorari at 10, *Mullin v. Nat'l TPS All.*, Case No. 26-48 (July 9, 2026).

**B. Proposed Amendments**

Plaintiffs now seek leave to file an amended complaint under Rule 15(a)(2) consistent with the recent judgment of Supreme Court. Plaintiffs' proposed Second Amended Complaint eliminates the operative Claims Four (APA challenge to July 2025 termination of TPS for Haiti) and Six (APA challenge to November 2025 termination of TPS for Haiti) because the Parties agree that this Court now lacks jurisdiction over those claims in light of *Dahlia Doe*.[1] Defendants stipulate to amendment to remove these claims.

---

[1] Plaintiffs also agree *Dahlia Doe* removes jurisdiction over Plaintiffs' Second (Venezuela Termination) APA Claim, *except that* the Court retains authority to set aside the Venezuela Termination as predicated on the unlawful Venezuela vacatur. The Ninth Circuit affirmed this Court's September 5, 2025, judgment on that ground. *See Nat'l TPS All. v. Noem*, 166 F.4th 739, 766 (9th Cir. 2026) ("The Venezuela Termination was predicated on and inextricably intertwined with the Venezuela Vacatur; therefore, the illegality of the Vacatur must be fatal to the Termination."). Because Plaintiffs' Second Claim is currently on appeal, this Court lacks jurisdiction over it, and Plaintiffs do not here seek to amend it. Nor do Plaintiffs propose any amendments to their operative First (Venezuela Vacatur) or Third (Haiti Partial Vacatur) APA claims—which are currently on appeal and over which Plaintiffs believe jurisdiction remains under *Dahlia Doe*. Plaintiffs also do not seek to amend their operative Fifth and Seventh Claims (Equal Protection, intentional discrimination based on race, ethnicity, or national origin). Those claims are combined and reproduced as Claim Four in the proposed Second Amended Complaint.

2

Plaintiffs' proposed Second Amended Complaint also raises three new claims—(1) that the challenged vacaturs and terminations violate the Constitution's Due Process Clause because Defendants failed to follow congressionally mandated TPS processes (proposed Fifth Claim); (2) that the challenged vacaturs and terminations violate the Constitution's equal protection guarantee because Defendants were motivated by bare animus and a desire to harm TPS holders (proposed Sixth Claim); and (3) that the challenged vacaturs and terminations constituted illegal ultra vires action as the Secretary lacked statutory authority to execute TPS decisions, a power that lies exclusively with the Attorney General (proposed Seventh Claim). As explained below, Plaintiffs are entitled to litigate each of these claims in light of *Dahlia Doe*.

## I.      ARGUMENT

### A.  Legal Standard

Under Federal Rule of Civil Procedure 15(a)(2), the Court "should freely give leave [to amend a complaint] when justice so requires." Courts apply this policy with "extreme liberality" while weighing the *Foman* factors—undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, prejudice, and futility. *Eminence Cap., LLC v. Aspeon*, *Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)). Prejudice to the opposing party carries the greatest weight, *id.* at 1052, and the opposing party bears the burden of showing prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Absent prejudice or a strong showing on another factor, there "exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Cap.*, 316 F.3d at 1052 (emphasis in original).

### B.  The Court Should Grant Plaintiffs Leave to Amend Their Complaint

The liberal policy of allowing amendment, as well as each of the relevant factors, weighs in favor of allowing Plaintiffs leave to amend the operative complaint. As Defendants recognize, the Supreme Court's recent decision has obviously changed the landscape for TPS-related litigation. *See* Petition for Certiorari at 11, *Mullin v. Nat'l TPS All.*, No. 25A1334 (July 9, 2026) (acknowledging the Supreme Court's decision in Dahlia Doe "change[s] or clarifie[s] the governing legal principles" in TPS cases). Plaintiffs' proposed amendments simply respond to that change.

**1. Amendment is in the interest of justice**

"It is common practice to allow plaintiffs to amend their pleadings to accommodate changes in the law, unless it is clear that amendment would be futile." *Doe I v. Nestle USA, Inc.*, 766 F.3d 1013, 1028 (9th Cir. 2014). "The Ninth Circuit has found it prudent to grant leave to amend after a change in law where it would allow the court to avoid sorting out the various possible interpretations attributable to the pleadings[.]" *Las Vegas Sun, Inc. v. Adelson*, No. 2:19-CV-01667-ART-MDC, 2026 WL 984239, at *2 (D. Nev. Apr. 10, 2026). "Courts have granted leave to amend not only where the law reversed course, but also where the change in law was a decision on a novel legal issue that the pleadings failed to anticipate." *Id.*

Plaintiffs' proposed Second Amended Complaint incorporates new legal theories based on intervening changes in case law. The Supreme Court's June 25, 2026, ruling constitutes a substantial change in the legal landscape, which warrants permitting Plaintiffs the opportunity to amend their Complaint to add three new claims. *See Las Vegas Sun, Inc.*, 2026 WL 984239, at *2.

First, some of the same legal errors and misconduct that Plaintiffs previously pled underlying the now-vacated Postponement Order also give rise to constitutional violations. *See Lanza v. Ashcroft*, 389 F.3d 917, 927 (9th Cir. 2004) ("The due process afforded aliens stems from those statutory rights granted by Congress and the principle that minimum due process rights attach to statutory rights.") (cleaned up). The Supreme Court in *Dahlia Doe* did not consider the merits of Plaintiffs' claims regarding these legal errors and misconduct, but held only that the statute's jurisdiction-stripping provision barred review of these claims. *Dahlia Doe*, 146 S.Ct. at 2133-37. Whereas the distinction between statutory and constitutional claims was not relevant in this context under pre-existing law, the Supreme Court's recent decision renders that distinction material, as most statutory claims are no longer reviewable, while constitutional claims are. Plaintiffs' proposed Fifth Claim responds to this change by pleading that the challenged vacaturs and terminations violate the Constitution's Due Process Clause because Defendants failed to follow congressionally mandated TPS processes or, indeed, provide any real process at all.

Second, the Supreme Court reviewed the constitutional Equal Protection claim notwithstanding the jurisdictional bar, even while concluding that the *Miot* respondents had not, at a

preliminary stage, provided sufficient evidence for the Court to conclude that the termination was motivated by racial animus. *Id.* at *2136-39. Indeed, the Supreme Court recognized that the terminations could have been motivated by something other than racial animus—"antipathy" towards TPS policy writ large. *Id.* at *2140. Plaintiffs' proposed Sixth Claim responds to the Supreme Court's new jurisprudence analyzing the equal protection clause in the context of TPS terminations, by alleging that the challenged decisions demonstrate *bare animus* towards TPS holders, which is itself unconstitutional under a distinct line of Supreme Court authority, whether or not motivated by racial animus.

Finally, while the Supreme Court held in *Dahlia Doe* that the TPS statute's jurisdictional bar prohibits statutory challenges to "a discrete decision made by the Secretary," *id.* at 2134, nothing in *Dahlia Doe* eliminates the viability of Plaintiffs' proposed Seventh Claim, that the challenged decisions constituted ultra vires agency action because it is the Attorney General, rather than the Secretary, who holds statutory authority to make TPS decisions.

In light of the change in the legal landscape from the Supreme Court's recent decision, the Court should grant Plaintiffs leave to amend to eliminate the Fourth and Sixth APA claims in the currently operative complaint, which Plaintiffs concede are no longer viable, and to add these the three new claims described above, which are reviewable notwithstanding the TPS statute's jurisdiction-limiting provision as the Supreme Court has now construed it.

Plaintiffs' proposed Second Amended Complaint also adds factual allegations that account for additional discovery produced in this matter over the past few months, as that information supports their proposed new claims. SAC ¶¶ 122–28, 134. These facts were not available to Plaintiffs when they filed their operative complaint. *Juarez v. Auto Zone Stores, Inc.*, No. 08cv417-L(BLM), 2010 WL 3470759, at *1–3 (S.D. Cal. Sept. 3, 2010) (granting leave where the plaintiff moved to amend after learning additional facts during two other trials against the same defendant); *Pizana v. SanMedica Int'l LLC*, 345 F.R.D. 469, 482 (E.D. Cal. 2022) (granting leave to amend after plaintiff uncovered new facts in discovery). In addition, Plaintiffs' proposed Second Amended Complaint adds new facts in support of their proposed Sixth Claim (Equal Protection, bare animus). SAC ¶¶ 174–77, 202–16.

### 2.   Defendants will not be prejudiced by amendment

"Where the theory and the operative facts of the complaint remain the same, the defendant should be 'fully prepared to litigate the substantive issues of the claim' and would not be prejudiced by amendment." *Las Vegas Sun, Inc.*, 2026 WL 984239, at *3 (citing *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117–18 (9th Cir. 2013)). "Even if litigation has been going on for several years, the mere fact that an amendment is offered late in the case is not enough to bar it." *Id.* (cleaned up).

Plaintiffs' proposed Second Amended Complaint continues to challenge the same decisions vacating and terminating TPS for Venezuela and Haiti, and it rests principally on the same factual record the parties have already developed and litigated through cross-motions for summary judgment. The principal amendments are legal: they plead theories made newly material by the Supreme Court's intervening construction of the TPS statute and reorganize Plaintiffs' claims to conform to that decision.

The proposed amendment will not impose the type of discovery burden that may support a finding of prejudice. While Plaintiffs may seek additional limited discovery on their proposed Sixth (Bare Animus) Claim, any such discovery would be essentially identical to the discovery Plaintiffs may seek to support the Equal Protection claims plead in the currently operative complaint.[2] Dkt. 250 ¶¶ 225–28; Dkt. 355 ¶¶ 22–25. Accordingly, granting Plaintiffs' Motion to Amend will not impose any additional discovery burden on Defendants. Nor, given the relatively early stage of litigation on the Equal Protection claims pled in the currently operative complaint, would permitting amendment substantially delay proceedings as a whole

### 3.   The remaining factors weigh in favor of amendment

The remaining factors—undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, and futility—support granting leave to amend.

First, amendment is not futile. "An amendment is only futile if no set of facts can be proved under the amendment that would constitute a valid claim or defense." *Las Vegas Sun, Inc.*, 2026 WL

---

[2] As Plaintiffs will elaborate further in any future motion seeking such discovery, Plaintiffs believe limited additional discovery on their Equal Protection claims may be warranted to respond to *Dahlia Doe's* apparent shift in emphasis regarding relevant evidence for such claims.

984239, at *4 (citing *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). Plaintiffs' proposed amended complaint addresses a live controversy and seeks relief for ongoing harm. Though *Dahlia Doe* held that the jurisdictional provision bars APA claims similar to some of those Plaintiffs asserted in their operative Complaint, *Dahlia Doe* explicitly does *not* foreclose review of all conceivable statutory claims. *Id.* at *18 (declining to address several jurisdictional hypotheticals). Further, regarding constitutional claims, five Justices appeared to agree that the stripping provision on which the government has relied does not bar review of constitutional claims. *Id.* at *11–13 (six Justices joining jurisdictional analysis as to non-constitutional claims); *id.* at *19–20 (Kagan, J., dissenting) (four Justices assuming without deciding that there is jurisdiction over constitutional claim, indicating other two found jurisdiction); *id.* at *20–21 (Kagan, J., dissenting) (three other Justices finding jurisdiction over statutory and constitutional claims). While the Court held that the *Miot* plaintiffs were unlikely to succeed on the merits of their Equal Protection claim, that preliminary merits holding was based on the distinct factual record in that case. It does not preclude Plaintiffs from moving forward with their Equal Protection claims here, particularly given that Plaintiffs do not anticipate moving for preliminary relief at this time. Accordingly, the new legal theories contained in Plaintiffs' proposed amended complaint are obviously not frivolous, nor do they contain fatal defects.

Second, there is no undue delay. Plaintiffs bring this motion a little more than one month after the relevant Supreme Court decision. *See Las Vegas Sun, Inc.*, 2026 WL 984239, at *3 ("The mere fact that an amendment is offered late in the case is not enough to bar it.") (cleaned up).

Third, there is no bad faith or dilatory motive. The proposed Second Amended Complaint asserts new, viable claims on behalf of over more than one million TPS holders consistent with and necessitated by recent changes in law.

Finally, the Court has not dismissed any of Plaintiffs' claims. Therefore, there are no identified deficiencies for Plaintiffs to cure.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion for Leave to File a Second Amended Complaint pursuant to Rule 15(a)(2).

Dated:  August 5, 2026

Respectfully submitted,

NATIONAL DAY LABORER
ORGANIZING NETWORK

/s/ Jessica Karp Bansal
Jessica Karp Bansal
Lauren Michel Wilfong (*Pro Hac Vice*)

Emilou MacLean
Michelle (Minju) Y. Cho
Amanda Young
ACLU FOUNDATION
OF NORTHERN CALIFORNIA

Ahilan T. Arulanantham
Vanessa Young
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW

Mohammad K. Tajsar
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA

Erik Crew (*Pro Hac Vice*)
HAITIAN BRIDGE ALLIANCE

Attorneys for Plaintiffs

### CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2026, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

/s/ *Jessica Karp Bansal*
NATIONAL DAY LABORER ORGANIZING NETWORK
Jessica Karp Bansal

MOTION FOR LEAVE TO AMEND – CASE NO. 3:25-CV-01766-EMC