UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL TPS ALLIANCE, et al., | Case No. 25-cv-01766-EMC |
| Plaintiffs, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR RELIEF FROM MAGISTRATE JUDGE ORDER** |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al., | |
| Defendants. | Docket No. 440 |

Pending before the Court is the government's motion for relief with respect to Judge Kim's discovery order at Docket No. 440. That order addresses several issues raised in the parties' joint discovery letters at Docket Nos. 420 and 423. The government challenges two specific rulings made in Judge Kim's order: one related to the deliberative process privilege ("DPP") and one related to documents that were hyperlinked in an email. For the reasons discussed below, the Court **GRANTS** in part and **DENIES** in part the government's motion for relief.

## I.    <u>STANDARD OF REVIEW</u>

Pursuant to 28 U.S.C. § 636, this Court reviews Judge Kim's discovery order for clear error or a ruling contrary to law. *See* 28 U.S.C. § 636(b)(1)(A) (providing that "[a] judge may designate a magistrate to hear and determine any pretrial matter pending before the court [with limited exceptions]" and that a judge "may reconsider any pretrial matter . . . where it has been shows that the magistrate judge's order is clearly erroneous or contrary to law"); *see also* Fed. R. Civ. P. 72(a); *Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991).

/ / /

/ / /

United States District Court
Northern District of California

## II.    DPP

To the extent Judge Kim suggested that, as a blanket matter, the DPP cannot apply in this case, that was error.  *See* Docket No. 440 (SK Order) ("The District Court has held that the deliberative process privilege does not apply.  Defendants may not assert it in this case.").  If this Court's position needs clarification, it does so now – there is no blanket bar.  Even Plaintiffs recognize that such a ruling would be problematic.  *See* Docket No. 450 (Opp'n at 3) ("The Court should deny Defendants' motion for relief and clarify that while there is no 'blanket bar' on DPP invocations, the Magistrate need not conduct a document-by-document review in the absence of justification for the Court taking a different approach.").

In their opposition, Plaintiffs suggest that, implicitly, Judge Kim meant that no document-by-document review was warranted because the government had not demonstrated something different from what she or this Court had considered previously with respect to the privilege.  *See* Docket No. 450 (Opp'n at 3) ("Nothing prevents the Court from conducting a 'granular analysis' if Defendants meet the bar to justify the Court taking a different approach than it has taken previously. They did not do that here. The Magistrate did not commit clear error by refusing to reweigh the *Warner* factors for each document where this issue has been considered and reconsidered, and Defendants have not presented any competent evidence or reasoned explanation as to why the Court should reverse course.").  But the government did offer a reason for Judge Kim to undertake a granular analysis (particularly given the limited number of documents at issue, *i.e.*, 4 total).  *See* Docket No. 420 (Jt. Disco. Letter at 7) ("Production 12 only contains four DPP assertions, all of which are unrelated to TPS and therefore fall under a different category of documents than those in which DPP has been asserted in previous productions.").  Thus, there is a basis for considering a granular analysis applied document by document.

Accordingly, the Court grants the government's motion for relief with respect to Judge Kim's ruling on the DPP.  The Court remands to Judge Kim so that she may consider the documents on an individual basis.  The Court defers to Judge Kim as to whether she can make this assessment based on the privilege log provided by the government or whether an in camera review is more appropriate.

The Court acknowledges Plaintiffs' contention that the government should have logged the documents at issue as privileged earlier than it did.  Nevertheless, there is an insufficient showing that the belated logging of the documents was done in bad faith.  Thus, to the extent Plaintiffs also seek sanctions and/or fees, that request is denied.

### III.    HYPERLINKED DOCUMENTS

To the extent the government seeks relief from Judge Kim's ruling on the hyperlinked documents, the Court denies the government's motion.  Plaintiffs raised the issue in the parties' joint letter at Docket No. 423.  The government failed to address the issue in its portion of the joint letter.  Thus, the government waived any right to contest the ruling that Judge Kim made; Judge Kim did not, at the very least, clearly error or act contrary to law.  *See Pom Wonderful LLC v. Coca Cola Co.*, No. CV 08-6237 SJO (FMOx), 2009 U.S. Dist. LEXIS 134369, at *4 n.1 (C.D. Cal. Nov. 30, 2009) ("'A party's failure to present timely arguments, case law, or evidentiary materials to a magistrate judge prior to the magistrate's ruling, thereby depriving the magistrate of the opportunity to rectify any alleged errors, waives that party's right to present those arguments or materials to the district court on appeal from the magistrate's nondispositive order.'") (quoting Moore's treatise)[1]; *Dep't of Fair Empl. & Hous. v. Law Sch. Admission Council, Inc.*, No. C-12-1830 EMC, 2013 U.S. Dist. LEXIS 103028, at *4-5 (N.D. Cal. July 23, 2013) ("[Plaintiff] never presented any document-specific challenges to [the magistrate judge] nor did it otherwise indicate to her that it sought the right to preserve the ability to make such challenges.  Accordingly, the Court cannot say that [the magistrate judge] clearly erred or that she acted contrary to law.").

Furthermore, at the hearing on the parties' discovery disputes, the government did make some argument on the hyperlinked documents, but at no point did it argue that the production of documents would be unfairly or unduly burdensome.  *See* Docket No. 434 (transcript).  It was not until the government filed its motion for relief with this Court that it first presented the argument of burden, and, notably, it provided declarations to the Court that were never presented to Judge

---

[1] *Cf. Shambaugh & Son, L.P. v. Steadfast Ins. Co.*, 91 F.4th 364, 369 (5th Cir. 2024) ("[A]rguments [are] forfeited if they are not raised before a magistrate judge, even if they are subsequently raised before the reviewing district court in objections to the magistrate judge's report and recommendation.").

United States District Court
Northern District of California

Kim. Given all of the above circumstances, relief for the government is not warranted. *Cf. United States v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000) (noting that "a district court has discretion, but is not required, to consider evidence presented for the time in a party's objection to a magistrate judge's recommendation"; "[t]o require a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court," and it further "might encourage sandbagging").

## IV.    CONCLUSION

For the foregoing reasons, the government's motion for relief is granted in part and denied in part. The DPP issue is remanded to Judge Kim. The government is required to produce the hyperlinked documents consistent with Judge Kim's order. The parties shall meet and confer regarding a schedule for production. While a rolling production may be warranted, the government may not rely on an argument of burden to avoid production or to set a production schedule that hampers this litigation from moving forward.

To the extent Plaintiffs suggest that a "re-review of the Haiti-related discovery" is needed, Opp'n at 5, that is an issue that should be brought to Judge Kim in the first instance.

This order disposes of Docket No. 440.

**IT IS SO ORDERED**.

Dated: August 10, 2026

_____

EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California

4