BRETT A. SHUMATE
Assistant Attorney General
Civil Division
RUTH ANN MUELLER
Senior Litigation Counsel
ERIC SNYDERMAN
LAUREN BRYANT
SHELBY WADE
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL TPS ALLIANCE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security, *et al.*,[1]<br><br>Defendants. | Case No. 3:25-cv-1766-EMC<br><br>**DEFENDANTS' MOTION FOR RELIEF FROM Dkt. 469 PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 72(a)** |

[1] The current Secretary of Homeland Security is automatically substituted as a defendant in place of the former Secretary, Kristi Noem. *See* FED. R. CIV. P. 25(d).

***Background.*** Pursuant to Fed. R. Civ. P. 72(a) and L.R. 72-2, Defendants respectfully object to Magistrate Judge Kim's September 2, 2026 Order regarding the invocation of deliberative process privilege ("DPP"), attorney-client privilege ("ACP") and law enforcement privilege ("LEP"). Dkt. 469 ("Order"). This Court should set aside Sections B and C of that Order, because Judge Kim's findings are contrary to law.[2]

This case concerns challenges to the partial vacatur and terminations of Temporary Protected Status ("TPS") for Venezuela and Haiti. The discovery at issue concerns termination of TPS for Haiti. Dkts. 354, 355 at 1. Defendants understand that the Court is familiar with the complex procedural history of this case and describe only the relevant portions here.

In a June 5, 2026 Joint Letter Brief, Plaintiffs requested Court intervention regarding Defendants' invocation of LEP to withhold 34 documents responsive to a Request for Production, seeking either production of all 34, or *in camera* review by Judge Kim. Dkt. 420. At a discovery status conference before Judge Kim on July 6, 2026, Judge Kim ordered that Plaintiffs identify a selection of LEP documents, and provide them for her *in camera* review by July 13, 2026. *See* Dkt. 430. On July 13, 2026, Defendants provided the LEP documents for *in camera* review. On September 2, 2026, Judge Kim upheld Defendants' LEP redactions as to "[t]he number or words indicating a number of known or suspected terrorists" on four withheld documents, but ruled that "[n]o other portions of the documents in camera may be withheld under the law enforcement privilege." Dkt. 469. In a separate Joint Letter Brief filed June 16, 2026, Plaintiffs requested Court intervention regarding Defendants' invocation of ACP[3] over documents produced to them on May 13. Dkt. 423 at 5. On September 2, 2026, Judge Kim upheld several

[2] In the same Order, Judge Kim also ordered Defendants to produce in full four documents that Defendants had originally withheld based on DPP. Dkt. 469. Defendants do not appeal Judge Kim's Order on DPP in this Motion, and as such, produced the four aforementioned DPP documents to Plaintiffs on September 15, 2026.

[3] Defendants requested this Court's review of a similar ruling by Judge Kim as to their ACP assertions days before the June 16 letter brief which remains pending with the Court. Dkt. 425 (requesting review of Dkt. 419). Defendants' pending Rule 72(a) request asks this Court to review Judge Kim's order that Defendants produce six of the 20 documents where Plaintiffs challenged ACP and the Attorney Work Product Privilege. Dkt. 425. On June 12, 2026, Defendants produced 6 of the 12 documents.[3] Dkt. 422.

sets of Defendants' redactions for ACP, but ruled that "[n]o other portions of the documents in camera may be withheld under the attorney-client privilege." Dkt. 469.

***Legal Standard.*** Rule 72(a) permits Defendants to object to magistrate judge orders on nondispositive matters, like discovery orders. FED. R. CIV. P. 72(a). The district judge "must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* A magistrate's legal conclusions are reviewed *de novo*[.]" *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010).

***Law Enforcement Privilege.*** LEP protects against the disclosure of information whose release "would be contrary to the public interest in the effective functioning of law enforcement because disclosure would undermine the integrity of law enforcement techniques." *Doe1 v. McAleenan*, No. 18-cv-02349-BLF (VKD), 2019 WL 4235344, at *2 (N.D. Cal. Sep. 6, 2019). A claim of LEP must satisfy a "threshold showing" in which the party opposing disclosure must submit a declaration from an "official with personal knowledge of the matters to be attested to in the affidavit.'" *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, No. 16-cv-00236, 2018 WL 2441518, at *17 (N.D. Cal. May 31, 2018). The Court must weigh "the potential benefits of disclosure against the potential disadvantages." *Dousa v. DHS*, No. 19-cv-1255-LAB(KSC), 2019 WL 6311990, at *2 (S.D. Cal. Nov. 22, 2019).

Defendants offered competent evidence which discussed why the exposure of certain information contained within several documents would harm governmental interests. Defendants submitted a declaration by a Deputy Director of the FBI's Threat Screening Center ("TSC"), who maintains the Terrorist Screening Database ("TSDS"). Dkt. 420, Exh. B. The declaration addresses why the information Defendants seek to protect from disclosure—the number of Known or Suspected Terrorists ("KST") or Non-KST National Security Record numbers within the relevant population of TPS recipients—would harm the government's interests if released. Dkt. 420, Exh. B, at 5. The release of this information "could reasonably be expected to risk circumvention of the law and to cause harm to law enforcement and counterterrorism investigations and intelligence efforts." *Id.* The disclosure of "KST or Non-KST National Security Records" information "would provide valuable information to U.S. adversaries regarding the effectiveness of the U.S. government's TSDS-related screening procedures and/or

countermeasures employed by U.S. adversaries." *Id*. at 7.

Judge Kim agreed. The September 2, 2026 Order advised that the "[t]he number of words indicating a number of known or suspected terrorists" could be redacted from four pages[4] of 20 documents submitted for *in camera* review. Dkt. 469. Yet, the remaining documents reviewed *in camera* and not listed in Judge Kim's decision contain the exact same "KST or Non-KST National Security Record" data that was contained in the four documents Judge Kim ordered redactions on. *See* Dkt. 469 ("No other portions of the documents *in camera* may be withheld under the law enforcement privilege."); Dkt. 430 (ordering production of documents from Plaintiffs' privilege log, Dkt. 420-1, Ex. A).

Defendants have effectively demonstrated that the disadvantage of disclosure of "KST or Non-KST National Security Record" data outweighs the potential benefit of disclosure. *Dousa*, 2019 WL 6311990, at *2. Defendants simply ask this Court to find that Judge Kim's ruling here is erroneous and order that LEP may be asserted as to the "KST or Non-KST National Security Record" data on the additional documents at-issue.

***Attorney-Client Privilege.*** ACP protects "confidential communications between attorneys and clients, which are made for the purpose of giving legal advice." *United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020) (citation omitted). "Communications between non-lawyer employees about matters which the parties intend to seek legal advice . . . are cloaked" by ACP. *City of Roseville Employees' Ret. Sys. v. Apple Inc.*, 2022 WL 3083000, at *17 (N.D. Cal. Aug. 3, 2022) (hereinafter, "*Roseville*") (citation omitted). ACP "may attach to communications between nonlegal employees where: (1) the employees discuss or transmit legal advice given by counsel; and (2) an employee discusses her intent to seek legal advice about a particular issue." *Dolby Lab'ys Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 855, 866 (N.D. Cal. 2019) (hereinafter, "*Dolby*") (citation omitted).

Here, as in the Rule 72(a) motion already pending with this Court, *see* Dkt. 425, Judge Kim's rulings are contrary to law because they inconsistently apply ACP, ordering production of documents

[4] Judge Kim ordered redactions on four individual pages **NPTSA2_014981, NTPSA2_014983, NPTSA2_015111, and NTPSA2_015112**, contained in three separate documents.

where attorneys and clients communicate for the purpose of requesting and giving legal advice, and where non-lawyer employees discuss matters where they intend to seek or discuss legal advice from counsel. *See Sanmina Corp.*, 968 F.3d at 1116; *Roseville*, 2022 WL 3083000, at *17; *Dolby,* 402 F. Supp. at 866.

Defendants have properly justified their invocation of ACP over the documents at issue. The privilege descriptions for several of the documents at issue indicate that these documents are drafts that contain advice, redline edits, or comments by legal counsel, or discussion of legal review. Yet, Judge Kim upheld redactions of some of the edits, comments and advice, while improperly ordering production unredacted of others. For example, the privilege descriptions for documents **NTPSA2_014514**[5]**, 014577**[6]**, 014866, 014904, 014907, 015265, 015361**, **015526**[7]**, 015554, 015702**, **015714**, **015241, and 015763** all describe documents that contain "redline edits[,]" tracked changes, or comments by attorneys in DHS's Office of the General Counsel ("OGC") and USCIS's Office of the Chief Counsel ("OCC"). *Id*. As these communications contain guidance from attorneys and client responses, they constitute legal advice, and thus are protected by ACP. *See Larson v. Harrington*, 11 F. Supp. 2d 1198, 1203 (E.D Cal. 1998) (holding that ACP protects notes or memoranda created at the behest of counsel).

Other privilege descriptions discuss draft documents that either reflect legal advice from DHS counsel or contain discussion of legal advice from non-attorney employees. Again, Judge Kim upheld redactions of some of the edits, comments and advice, while improperly ordering unredacted production of others. For example, the privilege descriptions for documents **NTPSA2_014514**[8]**, 014569, 14738, 014937, 015204, 015453**[9]**, and 015526**[10] note that the drafts contain comments between attorneys and other non-attorney clients, or discussions among non-attorney clients of legal review that was conducted by counsel from DHS OGC and USCIS OCC. In one specific example, regarding NTPSA2_015453,

[5] Judge Kim upheld Defendants' withholding of some comments in this document. Dkt. 469 at 1, ln. 25.
[6] Judge Kim upheld Defendants' withholding of some comments in this document. Dkt. 469 at 2, ln 2.
[7] *Id*.
[8] Judge Kim upheld Defendants' withholding of some comments in this document. Dkt. 469 at 1, ln. 25.
[9] Judge Kim upheld Defendants' withholding of some comments in this document. Dkt. 469 at 1, ln. 25.
[10] Judge Kim upheld Defendants' withholding of some comments in this document. Dkt. 469 at 2, ln 2.

Judge Kim permitted redaction of an attorney comment by "BDK13," but did not allow redaction of a comment in response, or line edits made on advice of counsel. Likewise, in NTPSA2_015768 Judge Kim upheld redactions of attorney comments but did not do so elsewhere at 015568, where attorney "BDK" recommended line edits accepted by the client.

Courts have held that ACP cloaks communications between non-legal employees discussing legal advice because "[s]uch communications obviously reveal privileged communications." *United States v. ChevronTexaco Corp*., 241 F. Supp. 2d 1065, 1077 (N.D. Cal. 2002). Not only is legal advice *provided* by DHS counsel protected, but so are the comments and edits from non-attorney clients, as these are included in drafts sent to an attorney seeking legal advice on the document. *Sheet Metal Workers Nat'l Pension Fund v. Bayer Aktiengesellschaft*, 2024 WL 74928, at *3 (N.D. Cal. Jan. 5, 2024). As these documents include communications between non-attorney personnel that discuss and share legal advice given by counsel, ACP protects them from disclosure. *In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, 2025 WL 327742, at *8 (N.D. Cal. Jan. 29, 2025).

Other parts of Judge Kim's order erroneously authorize Defendants to redact comments on Bates numbered pages which were not redacted. *See* Dkt. 469 at 2, ln 2 (referring to a page or document beginning with Bates number 15226 bearing a comment from "JL1").

Overall, the privilege log for this production includes sufficient information to explain the privilege invocation and meets the standard set forth in *In re Sealed Case*, 121 F.3d 729, 752 (D.C. Cir. 1997). Defendants identified communications between attorneys and client responses, documents reviewed for purposes of receiving legal advice. Indeed, this information, if disclosed, would significantly hinder the clients' ability to speak freely to their attorneys, contradicting the privilege's purpose. *United States v. Chen*, 99 F.3d 1495, 1499 (9th Cir. 1996).

Despite *in camera* review, Judge Kim's order does not give a reasoned explanation of why the particular redactions she upholds comply with caselaw and the others do not. *See* Dkt. 469. This Court should find Judge Kim's order clearly erroneous and contrary to law and uphold Defendants' privilege assertions.

Dated: September 16, 2026

Respectfully submitted

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

CATHERINE RENO
Assistant Director

ERIC SNYDERMAN
LAUREN BRYANT
Trial Attorneys

By: *<u>/s/ Shelby Wade</u>*
SHELBY WADE
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 285-8379
Shelby.Wade2@usdoj.gov

*Attorneys for the Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2026, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

Date: September 16, 2026

*/s/ Shelby Wade*
SHELBY WADE
Trial Attorney