BRETT A. SHUMATE
Assistant Attorney General
Civil Division
RUTH ANN MUELLER
Senior Litigation Counsel
ERIC SNYDERMAN
LAUREN BRYANT
SHELBY WADE
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

NATIONAL TPS ALLIANCE, *et al.*,

Plaintiffs,

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security, *et al.*,[1]

Defendants.

Case No. 3:25-cv-1766-EMC

**DEFENDANTS' SUPPLEMENTAL BRIEFING PURSUANT TO DKT. 478**

[1] The current Secretary of Homeland Security is automatically substituted as a defendant in place of the former Secretary, Kristi Noem. *See* FED. R. CIV. P. 25(d).

## BACKGROUND

On October 1, 2026, the parties appeared for oral argument before the Court with respect to Plaintiffs' motion to amend the complaint to add, *inter alia*, a procedural due process claim challenging the Secretary's termination of Temporary Protected Status ("TPS") for Haiti. *See* Dkt. No. 455; Dkt. No. 455-1 at 85-88. At the conclusion of the hearing, this Court permitted the parties to file a brief of up to five pages providing authorities on the issue of whether TPS determinations fall under individual adjudicative action or quasi-legislative policymaking. *See* Dkt. 478. Defendants submit this brief in response. The Court should deny the motion to amend.

## LEGAL ARGUMENT

The process due depends on the nature of the governmental action at issue. When the action is individualized, such as a case-by-case denial of benefits, due process generally requires individual "notice and an opportunity for a hearing prior to the deprivation of a significant . . . interest," *Halverson v. Skagit Cnty.*, 42 F.3d 1257, 1260 (9th Cir. 1994), *as amended on denial of reh'g* (Feb. 9, 1995) (internal brackets omitted). By contrast, when the action—whether "legislative" or "administrative," *Harris v. County of Riverside*, 904 F.2d 497, 501 (9th Cir. 1990)—is general rather than individualized, turns on general facts, and determines policy rather than resolving a specific dispute between particular parties, a different due process regime applies. *See Gallo v. U.S. Dist. Ct. For Dist. of Arizona*, 349 F.3d 1169, 1182 (9th Cir. 2003); *see also United States v. Fla E. Coast R.R. Co.*, 410 U.S. 224, 244–46 (2973); *Harris*, 904 F.2d at 501. "[G]overnmental decisions which affect large areas and are not directed at one or a few individuals do not give rise to the constitutional procedural due process requirements of individual notice and hearing; general notice as provided by law is sufficient." *Halverson*, 42 F.3d at 1261.

A TPS termination is a discretionary, quasi-legislative determination made by the Secretary that applies to TPS holders writ large; is based upon a consideration of "general facts" (i.e., existing country conditions balanced against the national interest); and determines policy rather than resolves a specific dispute between particular parties. *Gallo*, 349 F.3d at 1182. The termination of TPS is thus not an

individual adjudication, subject to the *Mathews* framework, that requires the participation of TPS holders in the adjudicative process. *See Afr. Communities Together v. Mullin*, No. CV 26-13939-PBS, 2026 WL 2274504, at *5 (D. Mass. Aug. 7, 2026) ("Plaintiffs do not assert a denial of individual benefits under [Haiti]'s TPS designation; rather, they bring a programmatic challenge against the termination of the designation altogether."); *Doe v. Mullin*, No. 1:26-cv-02103-DEH, at *5 (Since "Plaintiffs' proposed procedural due process claim is closer to a challenge to a generally-applicable agency action, . . . minimal process is due.") (citing *Afr. Cmtys. Together*, 2026 WL 2408737, at *6); *see also Gallo*, 349 F.3d at 1182 (requirement imposed by court rule that all attorneys must be members of the Arizona bar, revoking a licenses for a large group of people "as opposed to targeting a small number of individuals based on individual fact determinations," was legislative in nature and thus did not give rise to *Mathews*-type due process requirements); *Novedades Y Servicios, Inc. v. Fin. Crimes Enf't Network*, 181 F.4th 961, 972 (9th Cir. 2026) (agency order that substantially lowered monetary threshold triggering currency transaction reports for money services businesses along the southwest border, which was a departure from the longstanding preexisting rule, was a legislative policy determination based on the consideration of "general facts" rather than an "adjudication"); *Atkins v. Parker*, 472 U.S. 115, 129 (1985) (changes to food stamp benefits program did "not concern the procedural fairness of individual eligibility determinations" because it was a legislative change in the program as a whole); *see also United States v. Locke*, 471 U.S. 84, 108 (1985) ("[i]n altering substantive rights through enactment of rules of general applicability, a legislature generally provides constitutionally adequate process simply by enacting the statute [and] publishing it[.]").

Insofar as Plaintiffs claim an entitlement to have the Secretary follow the TPS statute's procedural provisions before terminating a TPS designation, first, the Secretary did follow the procedural provisions; second, that argument fails. Courts generally reject arguments that governmental duties create private entitlements that can be enforced against the government. For example, in the context of 42 U.S.C. § 1983, plaintiffs have often claimed violations of their rights arising from statutory commands, but the

Supreme Court has made clear that statutory commands give rise to such claims only if they actually "confer[] an individual right." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284 (2002); *see, e.g.*, *id.* at 287-90 (concluding that a statute with "an aggregate, not individual, focus," which "serve[s] primarily to direct the Secretary of Education's" actions, did not create individual rights enforceable in court); *see also Town of Castle Rock v. Gonzales*, 545 U.S. 748, 767 (2005) (rejecting argument that, even if state law mandated a governmental action, that mandate could be enforceable through a due process claim); *S.E.C. v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 747 (1984) (expressing skepticism that an investigative target has a right "to be investigated in a manner consistent with" mandatory standards governing administrative subpoenas). Plaintiffs' argument that an internal statutory command to an agency gives rise to individual rights to compliance with that command in issuing a generally applicable decision, so long as the statutory command is stated in mandatory terms, is another species of the same argument.

As we have explained, allowing amendment to include Plaintiffs' proposed procedural due process claim would be futile, because "Plaintiffs have no liberty or property interests at stake here other than those provided by statute or regulation." *Doe v. Mullin*, No. 1:26-cv-02103-DEH, at *6 (citing *Afr. Cmtys. Together*, 2026 WL 2274504, at *5) (internal quotations omitted). Accordingly, their motion to amend should be denied. *See Doe v. Mullin*, No. 1:26-cv-02103-DEH, at *5; *see also Afr. Cmtys. Together*, 2026 WL 2274504, at *3; *accord Afr. Cmtys. Together*, 2026 WL 2408737, at *3–5 (D. Mass.); *Doe v. Mullin*, 2026 WL 2279577, at *7 (N.D. Ill.).

**CONCLUSION**

Defendants respectfully request that the Court deny Plaintiffs' motion to amend the complaint to include the three additional claims not previously asserted in any of the four prior motions to supplement or amend the complaint, including the procedural due process challenge to the Secretary's TPS determination, which does not state a valid claim upon which relief can be granted.

Dated: October 8, 2026

Respectfully submitted

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

CATHERINE RENO
Assistant Director

RUTH ANN MUELLER
Senior Litigation Counsel

ERIC SNYDERMAN
SHELBY WADE
Trial Attorneys

By: */s/ Lauren Bryant*
LAUREN BRYANT
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (212) 919-1366

*Attorneys for the Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 8, 2026, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

Date: October 8, 2026

*/s/ Lauren Bryant*
LAUREN BRYANT
Trial Attorney