Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
Vanessa Young (SBN 352693)
youngviniegra@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Emily C. Zhu (SBN 366697)
ezhu@aclunc.org
ACLU FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Attorneys for Plaintiffs
*[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R., HENDRINA VIVAS CASTILLO, A.C.A., SHERIKA BLANC, VILES DORSAINVIL, and G.S.,

Plaintiffs,

vs.

KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA,

Defendants.

Case No. 3:25-cv-01766-EMC

Judge: Hon. Edward Chen

**PLAINTIFFS' OPPOSITION TO MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER**

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Mohammad K. Tajsar (SBN 280152)
mtajsar@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (*Pro Hac Vice*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, Suite 1H
San Diego, CA 92120
Telephone: (949) 603-7411

## INTRODUCTION

Defendants have repeatedly made improper privilege invocations. At issue here, Defendants challenge the Magistrate's ruling requiring Defendants to disclose the fact that no Haitian TPS holders have terrorism-related records—information Defendants have elsewhere disclosed and for which they now invoke law enforcement privilege (LEP). Defendants also challenge the Magistrate's order that they had improperly invoked the attorney-client privilege (ACP). Defendants cannot support their assertion that the Magistrate's order was clearly erroneous.

## BACKGROUND

In connection with Plaintiffs' challenge to the termination of TPS for Haiti, this Court ordered Defendants to produce documents related to (1) the periodic review of TPS for Haiti, and (2) general policies and practices concerning TPS decisions. Dkts. 360, 367. This Motion concerns Defendants' complete or partial withholding of certain of these documents on privilege grounds.

***LEP Dispute.*** On June 5, Plaintiffs contested Defendants' invocation of LEP to withhold "information pertaining to the *number* of 'KST or Non-KST National Security Record' *numbers* within the relevant population of TPS recipients." Dkt. 420-1 (emphasis added). On September 2, upon *in camera* review of a sample of records, the Magistrate upheld Defendants' invocation of LEP in four instances, overruling it for the remainder. Dkt. 469; 420-1 (identifying disputed documents).

***ACP Dispute.*** Defendants invoked ACP or work product for *half* of the documents produced in connection with the termination of Haiti's TPS. On July 16, Plaintiffs separately contested Defendants' invocation of ACP to withhold in full or in part 18 documents. Dkt. 423 at 5. *See* Dkt. 423-1 & Ex. 1 (details and/or privilege descriptions of disputed documents). On September 2, after *in camera* review, the Magistrate overruled Defendants' invocation of ACP in large part, upholding the privilege only for limited portions of 14 documents. Dkt. 469. Defendants challenged the Magistrate's order concerning the ACP withholdings in full, refusing to provide any of the documents for which the Magistrate overruled privilege objections. Dkt. 472.

## STANDARD OF REVIEW

A "magistrate's factual determinations are reviewed for clear error, and [] legal conclusions are reviewed to determine whether they are contrary to law." *Perry v. Schwarzenegger*, 268 F.R.D.

344, 348 (N.D. Cal. 2010); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L.R. 72-2(b). "Th[e] standard is extremely deferential and the [m]agistrate's rulings should be considered the final decisions of the [d]istrict [c]ourt." *Loop AI Labs Inc. v. Gatti*, No. 15-cv-00798-HSG, 2016 WL 3001158, at *1 (N.D. Cal. May 25, 2016) (citation omitted).

## ARGUMENT

### I. The Magistrate's LEP Decision Was Not Clear Error.

Defendants invoke LEP to withhold information Defendants previously disclosed in this and other cases, and which poses no genuine national security risk. If anything, the Magistrate was generous in upholding Defendants' LEP invocations in *any* instance. Her order was not clear error.

LEP is a narrow and qualified privilege that "protects against disclosures that would reveal confidential sources, law enforcement techniques, and the identities of witnesses and law enforcement personnel," and "prevents interference with a criminal investigation." *Doe 1 v. McAleenan*, No. 18-cv-02349-BLF (VKD), 2019 WL 4235344, at *2 (N.D. Cal. Sept. 6, 2019). *See SEC v. Gowrish*, No. C 09-05883 SI, 2010 WL 1929498, at *2 (N.D. Cal. May 12, 2010) (outlining factors). In evaluating LEP, courts use a "balancing test moderately pre-weighted in favor of disclosure." *Al Otro Lado, Inc. v. Wolf*, No. 17-cv-2366-BAS (KSC), 2020 WL 3487823, at *2 (S.D. Cal. June 26, 2020) (internal quotation marks and citation omitted).

Defendants already disclosed the exact information at issue—the number of "Known or Suspected Terrorist" (KST) hits among a population of TPS holders—in this and another case, without invoking privilege. Regarding Haitian TPS holders, Defendants previously disclosed in this case that "none was associated with Known or Suspected Terrorist records." Dkt. 409-16 at NTPSA2_005774. Defendants disclosed virtually identical information regarding Honduran, Nicaraguan and Nepali TPS holders in another case in this district.[1] Defendants have thus waived LEP over the information for which they seek to keep secret now. *In re Pac. Pictures Corp.*, 679 F.3d 1121, 1126–27 (9th Cir. 2012) ("voluntarily disclosing privileged documents to third parties will generally destroy the privilege"); *Dellwood Farms, Inc. v. Cargill, Inc.*, 128 F.3d 1122, 1126

[1] *See NTPSA v. Noem*, No. 25-CV-05687-TLT (N.D. Cal.), Dkt. 145-19 at NTPSA2_00000031 (zero Nepal TPS holders identified as KST hits); Dkt. 145-46 at NTPSA2_1125, n.32 (zero Nicaraguan TPS holders); Dkt. 145-56 at NTPSA2_00000013, n.35 (a single Honduran TPS holder).

(7th Cir. 1997) ("a privilege can be waived and, once waived, is lost"; "this is true of the law enforcement investigatory privilege"). Courts have thus denied LEP where the nature of redacted documents is the same as those previously produced. *See Wagafe v. Trump*, No. C17-94 RAJ, 2019 WL 2994639, at *2 (W.D. Wash. July 9, 2019) (holding that a generalized LEP assertion will fail where defendants had "already produced a number of documents that provide details about [specific USCIS procedures]" and did not provide a basis to distinguish the information they now sought to protect); *Thomas v. Nassau Cty. Police Dep't*, No. CV-124343-JMA (AYS), 2016 WL 1092623, at *3 (E.D.N.Y. Mar. 21, 2016) (overruling LEP over policy documents when some documents had already been produced, absent a meaningful distinction between those documents).

Defendants may not invoke LEP belatedly, following a waiver, to obfuscate contrary or potentially embarrassing information. Here, the DHS Secretary justified her termination of Haiti's TPS in part on the claim that Haitian TPS holders endanger national security. Dkt. 279 at 21–22. Defendants at the same time invoke LEP to avoid disclosing contrary information. *See also* Dkt. 409-20 ("You can see that there are no KST hits for Haiti, so Paul removed that because he did not feel that a null result supported the termination argument."). That is an improper use of LEP.

In a similar case challenging the termination of Yemen's TPS designation, a court rejected the government's assertion that LEP could protect against the disclosure of aggregated national security records, when the government's proffered rationale was overly generalized and "insufficiently tailored" to any actual purported harm. *Doe v. Noem*, No. 26-CV-2103-DEH, 2026 WL 1076334, at *3 (S.D.N.Y. Apr. 21, 2026) ("Simply saying 'military secret,' 'national security' or 'terrorist threat' or invoking an ethereal fear that disclosure will threaten our nation is insufficient to support" LEP) (citation omitted).

The fact that the Magistrate permitted the withholding of some but not all of the Defendants' asserted LEP invocations does not render her decision clearly erroneous. Indeed, it is Defendants who have been wildly inconsistent with their invocation of the privilege, resulting in waiver. While Plaintiffs dispute that LEP justifies *any* withholding here, the Magistrate's order was not clear error.

## **<u>II. The Magistrate's ACP Decision Was Not Erroneous.</u>**

The Magistrate's order regarding Defendants' ACP invocations is consistent with binding

precedent and followed *in camera* review and careful line-drawing. The Magistrate and this Court have repeatedly found that Defendants have improperly invoked ACP. *See* Dkt. 222 at 3 ("deeply disturbed by the fact that Defendants mischaracterized" and withheld a substantial number of documents as ACP); Dkt. 473 (overruling privilege in numerous instances, finding Defendants' invocation of privilege "overbroad," and, in some instances, "mischaracteriz[ing]" the document or information withheld). Here too Defendants' ACP invocations cannot be sustained.

"[A]ttorney declarations generally are necessary to support the designating party's position in a dispute about attorney-client privilege." *Dolby Labs. Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 865–66 (N.D. Cal. 2019). Defendants provide none here. Moreover, in one instance (for NTPSA2_014738), Defendants' privilege log fails to even assert ACP. *See* Ex. 1.

Here, Defendants contest the Magistrate's line-drawing. Dkt. 472 at 4–5. But "the fact that one specific attorney's comments are privileged does not decisively establish that all comments from all attorneys are privileged." Dkt. 473 at 7 (internal quotation marks omitted). In requiring Defendants to produce these documents, the Magistrate made a specific determination as to which redactions were appropriate. This was not clear error.

Nor does the fact that in-house counsel was included in a communication automatically confer privileged status. ACP "extends only to communications made for the purpose of facilitating the rendition of professional legal services." *In re Grand Jury*, 23 F.4th 1088, 1092 (9th Cir. 2021) (citation and internal quotation marks omitted). "Dual-purpose" communications may only be withheld where the "primary purpose . . . is to give or receive legal advice." *Id.* at 1091–92 (internal citations omitted). Communications with governmental attorneys providing "policy advice" are unprotected by the privilege. Dkt. 473 at 2–4 (quoting *Lynch v. City of N.Y.*, No. 16-CV-7355-LAP, 2021 U.S. Dist. LEXIS 213938, *17–18 (S.D.N.Y. Nov. 4, 2021)). Unlike for outside counsel, there is no presumption of privilege for communications with in-house counsel, as they "may be involved intimately in the [entity]'s day to day business activities and frequently serve as integral players in business decisions or activities." *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002). *See City of Roseville Emps.' Ret. Sys. v. Apple Inc.*, No. 19-cv-02033-YGR (JCS), 2022 WL 3083000, at *17 (N.D. Cal. Aug. 3, 2022) (overruling ACP for general requests "seeking

feedback" from in-house counsel rather than advice on a particular legal issue).

Defendants improperly withhold ten documents in their entirety. Dkt. 423-1 & Ex. 1. For seven of these, the Magistrate allowed only limited redactions of particular comments. *See* Dkt. 469; Ex. 1. This was not error. Defendants cannot bear their burden of showing that the complete drafts concern legal advice. *See United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) ("Because it impedes full and free discovery of the truth, [ACP] is strictly construed.") (citation omitted). "Absent disclosure of specific attorney advice, [a] draft is effectively owned by the client, reflecting the client's ultimate judgment," and is not protected by ACP. Dkt. 473 at 8.

Defendants invoke ACP for three communications which include no attorneys and for which the Magistrate only permitted redaction of a single comment. *See* Dkt. 423-1 (NTPSA2_014738, NTPSA2_015204, NTPSA2_014937); Dkt. 469. While ACP may attach to communications between non-attorneys discussing or transmitting legal advice provided by counsel or communicating regarding an intent to seek legal advice about a particular issue, the "mere reference to unspecified direction from an unnamed attorney" is insufficient to sustain the privilege. *Dolby Labs. Licensing Corp. v. Adobe Inc.,* 402 F. Supp. 3d 855, 866 (N.D. Cal. 2019). *See Hynix Semiconductor Inc. v. Rambus Inc.*, Nos. CV-00-20905-RMW, C-05-00334-RMW, C-06-00244-RMW, 2008 WL 350641, at *2–3 (N.D. Cal. Feb. 2, 2008) (overruling ACP where vague declaration stated that document "reflects" attorney's advice). For the privilege to attach, "there must be some showing by the party asserting the privilege that the attorney is indeed consulted with on the matter." Dkt. 473 at 10–11. Defendants failed to provide the requisite detail to substantiate the privilege. *See* Ex. 1.

Finally, Defendants invoke ACP for a series of redacted drafts which have no indication that they contain legal advice (NTPSA2_015361, NTPSA2_015526, NTPSA2_015554, NTPSA2_015763, NTPSA2_014569). The Magistrate overruled all redactions except for limited comments. Dkt. 469. This was not error where the logs do not substantiate the privilege invocation. In light of these deficiencies, the Magistrate's *in camera* review involved a careful examination of each document to determine which portions—if any—contained legal advice protected by ACP.

## CONCLUSION

This Court should affirm the Magistrate's order and deny Defendants' Motion.

Date: October 8, 2026

Respectfully submitted,

ACLU FOUNDATION
OF NORTHERN CALIFORNIA

*/s/ Emilou MacLean*
Emilou MacLean

Michelle (Minju) Y. Cho
Emily Zhu
ACLU FOUNDATION
OF NORTHERN CALIFORNIA

Ahilan T. Arulanantham
CENTER FOR IMMIGRATION LAW AND POLICY, UCLA SCHOOL OF LAW

Mohammad Tajsar
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA

Jessica Karp Bansal
Lauren Michel Wilfong (*Pro Hac Vice*)
NATIONAL DAY LABORER ORGANIZING NETWORK

Erik Crew (*Pro Hac Vice*)
HAITIAN BRIDGE ALLIANCE

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on October 8, 2026, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

ACLU FOUNDATION
OF NORTHERN CALIFORNIA

*/s/ Emilou MacLean*
Emilou MacLean