BRETT A. SHUMATE
Assistant Attorney General
Civil Division
RUTH ANN MUELLER
Senior Litigation Counsel
ERIC SNYDERMAN
LAUREN BRYANT
SHELBY WADE
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

NATIONAL TPS ALLIANCE, *et al.*,

Plaintiffs,

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security, *et al.*,

Defendants.

Case No. 3:25-cv-1766-EMC

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants respectfully bring to the Court's attention an order that was recently entered in another Temporary Protected Status ("TPS") litigation, *Doe, et al. v. Mullin, et al.*, Case No. 1:26-cv-02103 (S.D.N.Y. Oct. 6, 2026) ("*Doe*"). *See* Exhibit A, *Doe* Opinion and Order. This decision is relevant to Plaintiffs' pending motion for leave to file a second amended complaint, Dkt. 455, and Defendants' opposition to that motion, Dkt. 461, in this matter.

The *Doe* action involves a challenge to the Secretary of Homeland Security's authority to terminate the TPS designation for Yemen. Both sets of plaintiffs in the *Doe* action filed amended complaints. One of these amended complaints, filed by the *Abdo Doe* plaintiffs, added two new claims: (1) a claim that the Secretary of Homeland Security's termination of TPS was *ultra vires*, and (2) a Fifth Amendment procedural due process claim. Ex. A at 2; First Amended Complaint Class Action, *Abdo Doe, et al. v. Mullin, et al.*, Case No. 1:26-cv-02280-DEH (S.D.N.Y. Jul. 14, 2026). The defendants filed a motion to dismiss the amended complaints. Defendants' Motion to Dismiss, *Doe, et al. v. Mullin, et al.*, Case No. 1:26-cv-02103 (S.D.N.Y. Aug. 28, 2026); Defendants' Motion to Dismiss, *Abdo Doe, et al. v. Mullin, et al.*, Case No. 1:26-cv-02280-DEH (S.D.N.Y. Aug. 28, 2026).

The *Doe* court dismissed a majority of plaintiffs' claims—including the *ultra vires* claim and due process claim—other than the intentional discrimination/equal protection claim. Ex. A. at 2. The *ultra vires* claim failed, the court found, because the relevant statutes vest authority to terminate TPS designations with the Secretary of Homeland Security. *Id.* at 4. Citing *Doe v. Mullin*, No. 25 C 15483, 2026 WL 2279577, at *10 (N.D. Ill. Aug. 7, 2026). The court also dismissed the due process claim, noting that the claim is closer to a challenge of a "generally-applicable agency action," and as such, "minimal process is due." Ex. A at 5. Specifically, the court found that the plaintiffs had "no liberty or property interests" at stake in the matter, "other than those provided by statute or regulation" as the procedural defect was not "imposed by the Constitution." *Id.* at 5–6.

Dated: October 9, 2026

Respectfully submitted

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

RUTH ANN MUELLER
Senior Litigation Counsel

ERIC SNYDERMAN
LAUREN BRYANT
Trial Attorneys

By: *<u>/s/ Shelby Wade</u>*
SHELBY WADE
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 285-8379
Shelby.Wade2@usdoj.gov

*Attorneys for the Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2026, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

Date: October 9, 2026

*/s/ Shelby Wade*
SHELBY WADE
Trial Attorney