BRETT A. SHUMATE
Assistant Attorney General
Civil Division
RUTH ANN MUELLER
Senior Litigation Counsel
ERIC SNYDERMAN
LAUREN BRYANT
SHELBY WADE
CATHERINE ROSS
DANIEL CAPPELLETTI
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

NATIONAL TPS ALLIANCE, *et al.*,

Plaintiffs,

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security, *et al.*,[1]

Defendants.

Case No. 3:25-cv-1766-EMC

**DEFENDANTS' MOTION FOR RELIEF FROM Dkt. 491 PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 72(a)**

[1] The current Secretary of Homeland Security is automatically substituted as a defendant in place of the former Secretary, Kristi Noem. *See* FED. R. CIV. P. 25(d).

The issue as to whether Defendants must produce non-proportional and non-responsive documents linked to hyperlinks in document NTPSA2_014864, a responsive, produced email, has predominated discovery discussions between the parties since June 1, 2026. *See* Dkt. 423 at 2 ("[O]n June 1, Plaintiffs identified for Defendants numerous responsive documents hyperlinked to an email which was produced."). The parties agree that "this is not an issue that was definitively resolved by Judge Chen." Discovery Hearing 5 (Oct. 19, 2026). This issue is now ripe for this Court, and this Court should set aside Magistrate Judge Kim's October 19, 2026 Minute Order directing Defendants to produce all hyperlinks materials because those findings are contrary to law pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 72-2. Dkt. 491, Minute Order, Oct. 19, 2026 ("Order").[2]

***Relevant Background.*** On April 30, 2025, this Court entered a stipulated ESI protocol where the parties agreed that "[h]yperlinks within an email or document will be considered attachments if the system containing the email or document is capable of being configured to cross reference and collect emails and documents in its existing configuration. The producing party must make good faith efforts to identify and produce the linked document to the extent it is within the producing party's possession, custody, and control, and subject to privilege." Dkt. No. 125 at 3 (emphasis added). Over a year later, on June 16, 2026, Plaintiffs raised with the Court that Defendants must produce all responsive documents hyperlinked in NTPSA2_014864 pursuant to the ESI protocol. Dkt. 423 at 2. On July 6, 2026, Judge Kim asked Defendants questions about their ability to produce the hyperlinked materials, presumably to guide the Court's analysis of the aforementioned, emphasized language. Discovery Hrg. 9–15 (Jul. 6, 2026). Relevant here, Judge Kim ordered Defendants to produce certain categories of hyperlinked emails "with the ESI protocol." *Id*. at 14. "In other words," per Judge Kim, Defendants were to "run the search terms through categories three through six[,]" and then "[p]roduce whatever comes up as a responsive document

[2] Defendants intend to produce responsive, non-privilege materials pursuant to the search terms, date ranges, and ESI protocol by Judge Kim's ordered November 9, 2026 deadline.

after running the ESI search" through categories three through six. *Id*. (emphasis added).[3] Judge Kim's subsequent written order mirrored this directive. Dkt. 430 (directing Defendants "to search those repositories under the ESI search terms and ESI protocol and produce responsive documents to Plaintiffs.").

Defendants timely appealed this order under Rule 72(a). *See* Dkt. 440. On August 10, 2026, the District Court issued an order instructing 1) that Defendants to produce the hyperlinked documents "consistent with Judge Kim's order[,]" 2) that Defendants "failed to address the issue in its portion of the joint letter [brief,]" and as such, "waived any right to contest the ruling that Judge Kim made," and 3) that Defendants "at no point" argued that the production of the hyperlinked documents "would be unfairly or unduly burdensome." *See* Dkt. 457 at 3–4.

To comply with both Judge Chen and Judge Kim's orders, and relevant here, Defendants made "good faith efforts to identify and produce" linked documents under the ESI Protocol's requirements, Dkt. 125 at 3, while also taking heed to Judge Kim's oral and written directives to run the search terms and produce responsive, nonprivileged materials. *See* Dkt. 430; Discovery Hrg. 13–16 (Jul. 6, 2026). On September 9, 2026, Defendants filed a Notice of Production informing the Court their understanding of compliance with the Order, and searched the "other categories" of hyperlinked materials "under the ESI search terms and ESI protocol[.]" Dkt. 471 at 2. The Notice of Production states that Defendants applied two sets of search terms to document from two relevant time periods, provided Plaintiffs with copies of the relevant documents after applying the search perimeters. *Id.*

Despite Defendants' understanding that they have been in compliance with this Court's order, and the unambiguous language of the ESI protocol, Plaintiffs contested Defendants' production of the hyperlinked materials. On October 1, 2026, the Parties filed a joint letter brief, addressing the Parties' views of the hyperlinked materials production. Dkt. 475. Plaintiffs for the first time objected to the use

[3] Category three, "Resources for Drafting FRN and Memo Subfolder[;]" Category four, "TPS Drafting Guide[;]" two categories Judge Kim identified as Category five, "Stats" and "TPS Teams Page SF TPS Subfolder[;]" and Category six, "TPS FRN Collaborations SharePoint" *See* Discovery Hrg. 12–13 (Jul. 6, 2026).

of the search terms and disputed the relevance review of the hyperlinked materials; they further argued that both the ESI Protocol *and* Judge Kim's order required Defendants to produce *all* hyperlinked attachments. *Id*. at 1–5. Defendants reasserted that the at-issue non-relevant, hyperlinked materials are not considered "attachments" under the stipulated ESI protocol language and are not to be produced under Rule 23(a) standards. *Id*. at 6–7.[4]

On October 19, 2026, Judge Kim held a seven minute discovery hearing. Dkt. 491. Defendants underscored the review and steps taken to produce the hyperlinked documents per Judge Kim's July 6th Order, including "apply[ing] the relevancy and date ranges, as well as a privilege review." Discovery Hrg. 5–6 (Oct. 19, 2026). In a sudden reversal of the July 6 order, Judge Kim ordered Defendants[5] to produce "the hyperlinked documents … unless they are privileged" irrespective of the ESI protocol, search terms, or date ranges. *Id*. at 8. Judge Kim's order mirrors this language, requiring Defendants to "produce all materials in shared folders" that are hyperlinked to documents that Defendants have already produced and "may [only] review and withhold any *privileged* materials[.]" Dkt. 491 (emphasis added).

***Legal Standard.*** Rule 72(a) permits Defendants to object to magistrate judge orders on nondispositive matters, like discovery orders. FED. R. CIV. P. 72(a). The district judge "must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* A magistrate's legal conclusions are reviewed *de novo*[.]" *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010).

***Judge Kim's Order Dispenses with the Federal Rules.*** Federal Rule of Civil Procedure 26(b)(1) limits the scope of discovery to information that is "*relevant* to any party's claim or defense and proportional to the needs of the case." *PersonalWeb Techs. LLC v. Int'l Bus. Machines Corp.*, No. 16-cv-01266-EJD (NC), 2017 WL 11673582, at *1 (N.D. Cal. Jun. 16, 2017) (quoting Fed. R. Civ. P. 26(b)(1)) (emphasis added). As such, "[d]iscovery in civil cases is not unlimited." *Id*. Further, under Fed.

---

[4] Defendants also argued that Plaintiffs waived any objection to Judge Kim's Order because they failed to timely raise the issue under Rule 72(a). Dkt. 475 at 7.

[5] At the October 19th hearing, Defendants reasserted their argument that "hyperlinks are not attachments" per the ESI protocol and relevant case law. Discovery Hrg. 9 (Oct. 19, 2026).

R. Evid. 402, "only *relevant* evidence is admissible[,]" and "[c]onversely, '[i]rrelevant evidence is not admissible.'" *Van v. Language Line Servs., Inc.*, No. 14-cv-03791-LHK, 2016 WL 3566980, at *1 (N.D. Cal. Jun. 30., 2016).

Judge Kim's order is clearly erroneous as it defies foundational rules of discovery and evidence. *First*, Judge Kim forbids Defendants to conduct *any* relevancy or proportionality review under Fed. R. Civ. P. 26(a) for the hyperlinked documents. *See* Discovery Hrg. 7–8 (Oct. 19, 2026). Judge Kim's order ignores the stipulated-to conditional phrasing for the definition of hyperlinked materials in the ESI protocol and defies case law repeatedly re-affirming Defendants' position as to hyperlinked materials. As Defendants have asserted, materials simply referenced by hyperlink are distinct from items responsive to production requests, and collection of the hyperlinked materials is far more burdensome. *See* Dkt. 440 at 3 (citing *UAB "Planner5D" v. Meta*, 746 F. Supp. 3d 806, 808 (N.D. Cal. 2024) (Kim, M.J. Op.) ("[H]yperlinked documents are not the same as attachments to emails. Rather, the effort required to search for them is substantially greater than the effort required to produce attachments to emails.")); *see also* Dkt. 475 at 6 (citing *In re: Meta Pixel Healthcare Litigation*, No. 22-cv-03580-WHO (VKD), 2023 WL 4361131 at *1 (N.D. Cal. Jun. 22, 2023) (DeMarchi, J.) ("hyperlinked documents are not treated as conventional attachments for purposes of preserving a 'family' relationship in production")). Lastly, Defendants have continuously pointed out that the ESI Protocol in this matter "clearly limits the term family members to 'attachments[.]'" Dkt. 475 at 6 (referencing Dkt. 125 at 2 (defining the term "Families" by reference to an "attachment and its parent email")); Dkt. 440 at 4 (Defendants' arguments that the ESI Protocol did not require Defendants to produce the hyperlinked materials).

*Second*, Plaintiffs' arguments require the production of inadmissible evidence. They argue that the actual number of hyperlinked documents must be produced, but every hyperlinked document is not relevant to this matter and thus not admissible. "This Court should maintain its practice of deferring to officers of the court as to assessment of relevance." Dkt. 475, Discovery Joint Letter Brief, at 8 (Oct. 1, 2026) (quoting *"Planner5D"*, 746 F. Supp. 3d at 808 (Kim, J.) ("Courts in general rely upon parties to

assess relevance, and the system of discovery is based on trust that a party produces documents after a review and assessment for relevance and responsiveness.”)).

***Defendants Reasonably Relied Upon This Court’s Orders.*** It was not until October 19, 2026, and more than three months after the July 6, 2026 order, that Defendants had any inkling that Judge Kim’s orders required all hyperlinked materials. Indeed, the July 6, 2026 Order provided outlined the search framework for Defendants’ document production. *See* Dkt. 430 (minute order); Discovery Hrg. 14 (Jul. 6, 2026) (instructing Defendants to “run the search terms through categories three through six[,]” and then “[p]roduce whatever comes up as a responsive document after running the ESI search[.]”). Defendants memorialized those instructions and their understanding of this Court’s directives when they filed the September 9, 2026 Notice of Production. Dkt. 471. Defendants have expended both time and resources to comply with Judge Kim’s instructions and Judge Chen’s directive that Defendants could not rely on burden to *not* produce relevant, non-privileged hyperlinked material. Dkt. 430; Dkt. 457. Judge Kim now seeks to essentially reopen this last discovery issue, and have Defendants start over this production from scratch, over three months after her initial order. Dkt. 430. To do so requires the Department of Homeland Security, United States Citizenship & Immigration Services, and the Department of Justice to start privilege review anew. Accordingly, taking into consideration that Defendants have already expended resources to stay in compliance with the previous discovery orders, and if this Court disagrees with Defendants’ Rule 72(a) motion to modify or set aside Judge Kim’s October 19, 2026 Order, Defendants request that the Court provide a production deadline of any remaining documents from the hyperlinked material by January 15, 2026. As this matter is the final, residual discovery issue, this deadline will not interfere with the orderly progression of this case to dispositive motions per the Court’s case management conference order. Plaintiffs’ agree. *See* Discovery Hrg. 4 (Oct. 19, 2026) (“There’s less urgency than there was at an earlier stage of the litigation.”).

***Conclusion.*** For the foregoing reasons, Defendants respectfully request that the Court reconsider Judge Kim’s October 19, 2026 minute order.

Dated: November 2, 2026

Respectfully submitted

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

CATHERINE RENO
Assistant Director

RUTH ANN MUELLER
Senior Litigation Counsel

ERIC SNYDERMAN
LAUREN BRYANT
Trial Attorneys

By: *<u>/s/ Shelby Wade</u>*
SHELBY WADE
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 285-8379
Shelby.Wade2@usdoj.gov

*Attorneys for the Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2026, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

Date: November 2, 2026

*/s/ Shelby Wade*
SHELBY WADE
Trial Attorney