JONATHAN D. GYUNN
Acting Assistant Attorney General
Civil Division
RUTH ANN MUELLER
Senior Litigation Counsel
ERIC SNYDERMAN
LAUREN BRYANT
SHELBY WADE
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

NATIONAL TPS ALLIANCE, *et al.*,

Plaintiffs,

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security, *et al.*,[1]

Defendants.

Case No. 3:25-cv-1766-EMC

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO QUASH DISCOVERY**

Judges: Hon. Sallie Kim
Hon. Edward Chen

Date: December 28, 2026

Time: 9:30 a.m.

Location: Zoom

[1] The current Secretary of Homeland Security is automatically substituted as a defendant in place of the former Secretary, Kristi Noem. *See* FED. R. CIV. P. 25(d).

Defendants move, pursuant to Federal Rule of Civil Procedure 26(b)(2)(C), for this Court to quash Plaintiffs' November 3, 2026 Requests for Production and Special Interrogatories. The discovery demands, served over a year and half after initiating this lawsuit and on the heels of an upcoming case management conference where this Court asked the parties to discuss deadlines "including, but not limited to . . . dispositive motions and trial" are unduly delayed. Dkt. 487 at 14. Plaintiffs have had ample opportunity to obtain the information they now seek, which relies on years-old information cited in Plaintiffs' earliest pleadings. *See* FED. R. CIV. P. 26(b)(2)(C)(ii). These "special" discovery demands are overly broad, cumulative, and duplicative of the substantial discovery that has already been produced in this case. FED. R. CIV. P. 26(b)(2)(C)(i).

**BACKGROUND**

Defendants assume the Court is familiar with the complex factual background and procedural history regarding this matter. Relevant here, on April 30, 2025, Plaintiffs served their first Request for Production ("RFP Set One"). Dkt. No. 123-1. On January 8, 2026, Plaintiffs served their second Request for Production ("RFP Set Two"). Dkt. No. 364-1. The scope of this discovery production has already been the subject of substantial litigation. On January 6, 2026, Judge Chen issued an order denying Plaintiffs' motion to the extent they sought "communications regarding public representations of the Haiti TPS termination decisions." Dkt. No. 360. On January 20, 2026, Judge Kim narrowed the discovery requests to include Haiti, and the original RFPs were modified to include the time period of July 15, 2025 through November 19, 2025. Dkt. No. 367. On March 27, 2026, Judge Kim expanded the scope of discovery to include the time period from March 10, 2025 through July 15, 2025. Dkt. No. 390.

During a hearing on Plaintiffs' motion to amend the pleadings on October 1, 2026, Judge Chen asked Plaintiffs what discovery remained outstanding and "whether there is more discovery being promulgated at this point [or] more requests for production[,]" to which Plaintiffs' counsel responded that there was not, and that any additional limited discovery being sought would be based on the proposed amended claims. Hr'g Tr. 10:3–13:15, October 1, 2026. In their reply briefing in further support of their

motion to amend the pleadings, Plaintiffs also stated that there would be "no conceivable prejudice [to Defendants], as Plaintiffs do not intend to seek discovery unique to their new claims." Dkt. No. 468 at 22. During a subsequent discovery hearing on October 19, 2026, Plaintiffs acknowledged the upcoming case management conference and pending discovery issue with respect to a relevancy review of the hyperlinked document production only but did not mention any additional forthcoming discovery. Hr'g Tr. 3:21–5:12, October 19, 2026.

At 1:48 a.m. EST on November 3, 2026,[2] Plaintiffs served Defendants with a third Request for Production ("RFP Set Three") and a first set of Special Interrogatories ("Interrogatories"). *See* November 3, 2026 RFP Set Three and Special Interrogatories, attached hereto as Exhibit A.

The Interrogatories reference documents and information that have been publicly available for over a year, including: the January 20, 2025 Federal Register Notice[3] and corresponding January 29, 2025 Executive Order No. 14,159; the February 5, 2025 Federal Register Notices[4]; the November 25, 2025 Federal Register Notices[5]; and factual assertions that appeared as early as Plaintiffs' First Amended Complaint filed on March 30, 2025[6]. Exhibit A, Interrogatories 2–3. The Interrogatories also include overbroad requests to identify: 1) "every meeting related to TPS that involved any DHS personnel after November 5, 2024;" 2) "all DHS personnel who participated in, or contributed to, any decisions relating to TPS who were previously tasked to the Presidential Transition Team" in 2025; and 3) "all nongovernmental people or entities who communicated with DHS or DHS personnel at any time after November 5, 2024 regarding the termination, vacatur, cancellation, recission, repeal, or non-extension of

[2] Although the discovery demand is dated November 2, this represents the corresponding Pacific Standard Time where Plaintiffs' counsel is located. Because response deadlines are tied to the date of service—i.e., when the recipient had the document in hand—the discovery demands should be deemed to have been served on November 3 at 1:48 a.m. Eastern Standard Time. Regardless, it is Defendants' position that this Motion to Quash tolls the discovery response deadline of December 3, 2026.

[3] 90 Fed. Reg. 8443.

[4] 90 Fed. Reg. 9040-01, 9042-43.

[5] 90 Fed. Reg. 54733-01, 54737.

[6] Dkt. No. 74 at ¶¶ 4, 138 (President Trump's remarks), 127 ("Meet the Press" interview).

TPS, whether in general or as to a specific country." *Id.* 3-4. The Interrogatories also request support for statements made by former Secretary Noem, when she was not DHS Secretary, as well as mischaracterized statements by DHS personnel.

RFP Set Three contains overbroad requests for documents related to information asserted as early as Plaintiffs' First Amended Complaint[7]. RFP Set Three 1–3. The RFP also contains overbroad requests for documents related to the aforementioned Executive Order and Federal Register Notices from 2025 and public statements made by Secretary Noem months ago (some of which were made when she was not Secretary of State), while discovery in this case was still well underway. *Id.* 2–3. Finally, the RFPs contain duplicative, nonspecific requests to produce "all documents and communications" related to TPS, including, but not limited to, those used in connection with TPS decisions for any country made after November 5, 2024, the aforementioned Executive Order and Federal Register Notices, and those "concerning the race, color, ethnicity, national origin, religion, geographic origin, or other demographic characteristics of persons who held TPS as of January 20, 2025." *Id.* 3–4.

**LEGAL ARGUMENT**

**A. Plaintiffs Had Ample Opportunity to Obtain Discovery.**

Federal Rule 26(b) governs the scope and limits of discovery. FED. R. CIV. P. 26(b). Federal Rule 26(b)(2)(C)(ii) requires the court to limit the frequency or extent of discovery where "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C)(ii). Plaintiffs filed their First Amended Complaint on March 30, 2025. Dkt. No. 74. Although Plaintiffs demand discovery "related" to allegations in their recently filed Second Amended Complaint, the relevant portions of the document are *virtually identical* to those that appear in their First Amended Complaint. Dkt. No. 74. In other words, the documents and information Plaintiffs now seek are related to facts that have been available from the outset of this case. Plaintiffs have thus had ample

[7] Dkt. No. 74 at ¶¶ 2, 9, 122, 123 n.123, 183 ("dirtbags"), 111 ("magic government wand"), 136 ("shithole"), 140 ("animal") ("dumping ground"), 141 ("invasion"), 142 ("poisoning the blood"); 143 ("foreign invader") ("genes"), 144 ("occupied") ("savage"), 151 ("monsters").

opportunity to obtain this information at any time before the close of discovery. Fed. R. Civ. P. 26(b)(2)(C)(ii); *see also Rogers v. McDonald's USA, LLC*, No. 25-CV-05227-LB, 2026 WL 3121358, at *2 (N.D. Cal. Oct. 19, 2026) (limiting discovery under Rule 26(b)(2)(C)(ii) where plaintiff had identified potential deponents over a year before requesting their depositions, weeks after discovery had closed); *Johnson v. Nissan N. Am., Inc.*, No. 3:17-CV-00517-WHO, 2021 WL 4517714, at *1 (N.D. Cal. Feb. 8, 2021) (denying plaintiffs' motion to compel in accordance with Rule 26(b)(2)(C)(ii) because plaintiffs failed to offer any justification for their years-long delay in pursuing responses to interrogatories until weeks before the close of discovery).

The parties have been litigating discovery issues in this case for more than a year and a half. Plaintiffs served their first RFP on April 30, 2025 and their second RFP on January 8, 2026. Plaintiffs offer no plausible explanation as to why, more than seven months after the scope of discovery was finalized, Dkt. No. 390, they seek burdensome, overly broad discovery, much of which is cumulative and duplicative of the substantial discovery that has already been produced. The parties most recently represented to the Court that the sole remaining discovery issue was whether the remaining hyperlinked materials would undergo a relevancy review before production. Hr'g Tr. 10:3–13:15, October 1, 2026. At no time during any of the previous court appearances or during meet and confers did Plaintiffs' counsel indicate that they would seek additional discovery in this case. Plaintiffs' inexplicable dilatory tactics at this stage of the litigation should not be rewarded. In addition to cumulative discovery demands, Plaintiffs also seek discovery which exceeds the scope of the well-established search terms and date ranges that Plaintiffs themselves requested. If the contentious history of discovery disputes in this case is any indicator, any new demands in excess of the current relevancy boundaries will almost certainly engender further motion practice, which only serves to delay the ultimate resolution of this case.

Plaintiffs' failure to obtain the discovery they now seek, when they had ample opportunity to do so, requires this Court to quash their November 3, 2026 discovery demands under Federal Rule 26(b)(2)(C)(ii).

### B. The Discovery Sought Is Overbroad, Overly Cumulative And Duplicative, Or Otherwise Irrelevant

Federal Rule of Civil Procedure 26(b)(2)(C)(i) also limits discovery where "the discovery sought is overly cumulative or duplicative . . . " Fed. R. Civ. P. 26(b)(2)(C)(i). In addition, requests for documents "must describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). This Court has already approved search terms that were initially proposed by *Plaintiffs*, along with their proposed list of custodians. Over Defendants' previous objections, the already ordered search terms in this case include all possible variations of "Temporary Protected Status," combined with broader terms like "guidance," "policy," "process," "national interest," and "periodic review." By Court order, the relevant date range for discovery production encompasses March 10, 2025 through November 19, 2025. Dkt. Nos. 367, 390, 410.

Plaintiffs' sole remaining claims against Venezuela and Haiti with respect to vacatur and termination is a Fifth Amendment Equal Protection violation. Dkt. No. 498 ¶¶ 237–240. Specifically, Plaintiffs allege that the government's decision to "partially vacate the July 2024 TPS extension and redesignation for Haiti, and terminate the Haiti TPS designation—via two separate decisions, on July 1, 2025 and November 28, 2025—are unconstitutional because they were motivated, at least in part, by intentional discrimination based on race, ethnicity, or national origin." *Id.* ¶ 239. Using Plaintiffs' designated search terms, date ranges, and custodians, Defendants have produced those relevant documents related to the TPS determinations at issue—including the applicable internal "guidance" "policy," "process," "periodic review"—for Haiti that resulted from their data pull. Relevant documents published in connection with the Haiti TPS termination determinations have therefore already been provided. Interrogatories 2; RFP Set Three 1–3. In a similar vein, any relevant discovery pertaining to the decision "to terminate, vacate, cancel, rescind, repeal, or non-extend TPS," and/or DHS's discussions about TPS decision-making, *Id.*, has also already been produced. These and similar requests in the RFPs and Interrogatories are thus overly cumulative and duplicative of discovery that has been disclosed. Fed. R. Civ. P. 26(b)(2)(C)(i). Likewise, to the extent Plaintiffs seek documents and information in connection

with or supporting public statements made about TPS and/or TPS holders, if any such comments informed DHS's TPS determinations, "guidance," "policy," "process," and/or "periodic review," they would have been included in the relevant discovery productions, as per the applicable search terms. Dkt. Nos. 364-2, 367.

Plaintiffs' new discovery demands exceed the existing scope of relevancy that was last established seven months ago and has been applied to all discovery production thus far in this case. "Discovery requests must be reasonably calculated to lead to the discovery of admissible evidence." *Sauls v. Balli*, No. 22-CV-06739-WHO (PR), 2026 WL 1304834, at *1 (N.D. Cal. May 12, 2026); Fed. R. Civ. P. 26(b)(1). Vague requests for "all factual support" underlying publicly available comments, Interrogatories pp. 2–3, and "all communications" and/or documents related to TPS discussions both within and outside DHS, *see* RFP Set Three 2–4, are precisely the type of overbroad requests for irrelevant and non-proportional discovery that must be limited under Rule 26(b)(1). Plaintiffs offer no explanation for why or how the public comments at issue are relevant to their Equal Protection claim alleging that DHS's TPS determinations for Haiti were racially motivated. *See Sauls*, 2026 WL 1304834, at *1 (holding that vague request for "any and all documents, notes, letters, files, records, books, logs, grievance reports, or written communications concerning complaints" against defendants was overbroad, and plaintiff failed to offer any "reason why such information [wa]s relevant to the specific incidents at issue" in civil rights action). Moreover, the Supreme Court has already ruled that many of the same statements on which Plaintiffs rely in this case were not "overtly racial, and in substance all expressed policy views that could rest on race-neutral justifications." *Mullin v. Doe*, 609 U.S. 324, 348 (2026).

Accordingly, the unduly delayed, duplicative, and otherwise overbroad and irrelevant discovery demands, served on the eve of discovery completion in this case, must be quashed.

## CONCLUSION

Defendants respectfully request that the Court grant the motion to quash Plaintiffs' November 3, 2026 Interrogatories and RFPs. Should this Court deny this motion, Defendants request thirty days from any denial order to serve responses and any remaining objections to the aforementioned discovery.

Dated: November 10, 2026

Respectfully submitted

JONATHAN D. GYUNN
Acting Assistant Attorney General
Civil Division

RUTH ANN MUELLER
Senior Litigation Counsel

ERIC SNYDERMAN
SHELBY WADE
Trial Attorneys

By: *<u>/s/ Lauren Bryant</u>*
LAUREN BRYANT
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (212) 919-1366

*Attorneys for the Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 10 2026, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

Date: November 10, 2026

*/s/ Lauren Bryant*
LAUREN BRYANT
Trial Attorney