Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
Vanessa Young (SBN 352693)
youngviniegra@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Emily C. Zhu (SBN 366697)
ezhu@aclunc.org
ACLU FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Attorneys for Plaintiffs
*[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, MARIELA GONZÁLEZ, FREDDY JOSE ARAPE RIVAS, M.H., CECILIA DANIELA GONZÁLEZ HERRERA, ALBA CECILIA PURICA HERNÁNDEZ, E.R., HENDRINA VIVAS CASTILLO, A.C.A., SHERIKA BLANC, VILES DORSAINVIL, and G.S.,<br><br>Plaintiffs,<br><br>vs.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA,<br><br>Defendants. | Case No. 3:25-cv-01766-EMC<br><br>Judge: Hon. Edward Chen<br><br>**PLAINTIFFS' OPPOSITION TO MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER** |

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Mohammad K. Tajsar (SBN 280152)
mtajsar@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (*Pro Hac Vice*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, Suite 1H
San Diego, CA 92120
Telephone: (949) 603-7411

## INTRODUCTION

For more than six months, Defendants have refused to comply with the terms of an ESI Order, which requires them to produce documents hyperlinked within responsive emails. This Court already rejected an earlier challenge over hyperlinked documents as waived and, in the process, also overruled burden objections. Defendants want to revisit these issues, this time by accusing the Magistrate of misinterpreting one of her own orders and rearguing burden. No basis for reconsideration exists. No error has occurred. The Magistrate's Order should stand.

## BACKGROUND

On June 1, 2026, Plaintiffs identified responsive documents improperly withheld by Defendants: "TPS resources" hyperlinked in a July 1, 2025 email with the subject "TPS links," including (1) a TPS "overview" video and PowerPoint presentation, (2) a subfolder of "Resources for Drafting FRN and Memo," (3) a "TPS Drafting Guide," (4) a folder of "Stats," (5) a "Teams page TPS subfolder," and (6) a "TPS FRN Collaborations SharePoint." *See* Dkt. 423; Dkt. 463-1 ("July 1 Email"). Plaintiffs promptly moved to compel (Dkt. 423 at 5), and Defendants failed to address the issue of hyperlinks in the briefing before the Magistrate (*id.* at 2, 4-8). On July 6, the Magistrate ordered Defendants to produce documents and search hyperlinked repositories "under the ESI search terms and ESI protocol and produce responsive documents." Dkt. 430.

On August 10, this Court affirmed, ruling Defendants "waived any right to contest" the Magistrate's hyperlink ruling by failing to brief the issue. The Court ordered Defendants "to produce the hyperlinked documents consistent with Judge Kim's order," and ruled that Defendants "may not rely on an argument of burden to avoid production." Dkt. 457 at 3–4. In doing so, the Court considered and rejected Defendants' burden arguments, after Defendants complained that the order would require them to gather and review 9,000 hyperlinked documents. Dkts. 440, 440-3 ¶¶ 11–14.

Pursuant to this Court's August 10 order, the Parties met and conferred "regarding a schedule for production." Dkt. 457 at 4. Plaintiffs made clear they expected full compliance—i.e., production of *all* non-privileged hyperlinked documents. Ex. A at 19.[1] On September 9 and 10, Defendants

[1] Defendants assert that Plaintiffs waited until October 1 to object to Defendants' use of search terms and relevance review. Dkt. 500 at 2-3. Plaintiffs have objected since at least August 3 that "all of [the hyperlinked material] is responsive by definition." Dkt. 450 at 5; Ex A at 19, 23 (August 21 and

produced just 18 documents, effectively asserting that search terms and a relevancy review eliminated 99.8% of the documents due to be produced, and assuring Plaintiffs and the Court the production was complete. Dkt. 471. This representation was false. Not long after Plaintiffs sought relief from the Magistrate on October 1 (Dkt. 475 at 1–5), Defendants admitted they had "located additional [responsive] documents" (Dkt. 481)—though Defendants could provide no information about the quantity even when the parties appeared before the Magistrate. Dkt. 497, Tr. 5:14–7:3.

On October 19, the Magistrate again ordered Defendants "to produce all materials in shared folders that are hyperlinked." Dkt. 491. Consistent with the express language in the ESI Order, the Magistrate made clear that her July 6 Order (Dkt. 430) required Defendants to produce *all* hyperlinked documents. Dkt. 497, Tr. 8:14–25, 9:10–16. On November 9, Defendants identified 110 documents (and produced 104) described as "responsive, non-privilege[d] materials pursuant to the search terms, date ranges, and ESI protocol." Dkt. 500 at 1 n.2. No explanation has been offered for this belated production of more than five times the number of documents produced on September 9 and 10. The 104 previously withheld documents consist of materials that exceed any relevance standard, such as draft decision memos and country conditions reports related to the Haiti TPS termination and talking points concerning TPS decisions and the President's Executive Order 14159, "Protecting the American People Against Invasion."[2] Defendants continue to withhold the vast majority of the hyperlinked documents on the grounds that they do not hit search terms or survive a purported relevance review.

## STANDARD OF REVIEW

A "magistrate's factual determinations are reviewed for clear error, and [] legal conclusions are reviewed to determine whether they are contrary to law." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010). "Th[e] standard is extremely deferential[.]" *Loop AI Labs Inc. v. Gatti*, No. 15-cv-00798-HSG, 2016 WL 3001158, at *1 (N.D. Cal. May 25, 2016) (citation omitted).

## ARGUMENT

---

25 emails stating "all of the documents at issue are responsive and need only be reviewed for privilege, not relevance."). Plaintiffs do not understand how Defendants could assert otherwise in good faith. *See* Ex. A at 7-8 (Defendants previously withdrew an assertion that Plaintiffs challenged the completeness of the production "for the first time" on September 21).

[2] This and other documents were redacted pursuant to deliberative process privilege.

**I. Defendants Waived Their Right to Challenge the Magistrate's Discovery Order.**

Defendants waived any right to challenge the Magistrate's order requiring the production of hyperlinked documents, and Defendants cannot undo the waiver by objecting a second time. As this Court previously found, "the government waived any right to contest the ruling that Judge Kim made" and "is required to produce the hyperlinked documents consistent with Judge Kim's order." Dkt. 457 at 3–4. Defendants do not get another bite at the apple because they misconstrued the order and failed to comply with it. *See Pom Wonderful LLC v. Coca Cola Co.*, No. CV 08-6237 SJO (FMOx), 2009 U.S. Dist. LEXIS 134369, at *4 n.1 (C.D. Cal. Nov. 30, 2009) ("'failure to present timely arguments, case law, or evidentiary materials to a magistrate judge prior to the magistrate's ruling . . . waives that party's right to present those arguments or materials to the district court on appeal from the magistrate's nondispositive order'") (quoting Moore's treatise).

**II. The Magistrate Did Not Clearly Err in Interpreting Her Own Order.**

Consistent with the ESI Order, the Magistrate explicitly rejected Defendants' interpretation of her July 6 Order as limited to hyperlinked materials that hit on search terms or pass a separate "relevance review." *See* Dkt. 497, Tr. 8:14–17, 9:10–16 (THE COURT: "The hyperlinked documents have to be produced unless they are privileged . . . . I understand the government's position, and I disagree that this – that was what I was ruling at that time."). A judge's interpretation of her own rulings is afforded "substantial deference" and will not be reversed "except for abuse of discretion," which cannot be established here. *See, e.g.*, *U.S. v. Ballard*, No. CRS-06-283 JAM, 2010 WL 960361, at *1 (E.D. Cal. Mar. 16, 2010); *U.S. v. Spallone*, 399 F.3d 415, 423 (2d Cir. 2005) ("When an issuing judge interprets his own orders, we accord substantial deference to the draftsman, and we will not reverse . . . except for abuse of discretion"); *Seale v. Peacock*, 32 F.4th 1011, 1030 (10th Cir. 2022) ("We give deference to the magistrate judge's interpretation of her own order, and we will reverse only if 'the record clearly shows an abuse of discretion.'") (citation omitted); *Allstate Ins. Co. v. Auto Glass Am., LLC*, No. 6:18-CV-2184-ORL-41LRH, 2021 WL 12313669, at *3 (M.D. Fla. Jan. 4, 2021) (granting deference to magistrate's interpretation of what she intended in a prior discovery hearing and order).

**III. The Disputed Hyperlinks Are Attachments and Must Be Produced.**

The ESI Order agreed to by Defendants, and adopted by the Court, expressly requires the production of hyperlinked materials. Simply put, the ESI Order equates hyperlinks with other email attachments, which must be produced. Dkt. 125 §§ 5(3)(e) (hyperlinks "will be considered attachments"), 5(3)(1) ("[T]he parties will produce responsive ESI intact at the family level, including all attachments"); *see In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, No. 23-MD-03084-CRB (LJC), 2025 WL 678543, at *1 (N.D. Cal. Mar. 3, 2025) (ordering production of hyperlinked documents because, "for purposes of the ESI protocol in this litigation," "a hyperlinked document is an attachment"). Defendants cannot invent an ambiguity that does not exist in the ESI Order to retroactively treat hyperlinks as different from other email attachments. Setting aside the fatal flaws already identified (*supra* §§ I–II), the Magistrate could not commit error by applying the ESI Order according to its plain language. *K.W. v. Red Roof Inns, Inc.*, 836 F. Supp. 3d 759, 769–73 (S.D. Ohio 2026) (overruling objection to magistrate's order, explaining "federal courts appear unanimous in examining protective orders based on their 'plain language'").

Defendants give away the game by relying on cases that did ***not*** contain equivalent language in stipulated orders. Defendants' cases also turned on questions of burden. But this Court considered and overruled Defendants' burden objections during the first go-round, prohibiting Defendants from "rely[ing] on an argument of burden to avoid production" of hyperlinks. Dkt. 457 at 3–4. Defendants' authorities thus cannot save them, particularly where Defendants have failed to offer any new evidence on burden. Dkt. 500 at 1. If anything, Defendants' declarations reveal that they could have collected the disputed materials in a matter of hours (Dkt. 440-3 ¶¶ 13–14) and completed production by November 9 (Dkt. 497, Tr. 8:18-25), foreclosing any burden arguments.[3]

## IV. The Magistrate's Order Comports with the Federal Rules.

Defendants cannot escape the plain language of the ESI Order, but even if they could, the challenged order comports with the Federal Rules. Dkt. 500 at 3-4. Relevancy at the pretrial discovery stage is liberally construed. *Shoen v. Shoen,* 5 F.3d 1289, 1292 (9th Cir. 1993) ("Pretrial discovery is ordinarily accorded a broad and liberal treatment.") (citation omitted). The Magistrate's

[3] Defendants' claim that the Magistrate's order will require them to "start privilege review" is meritless. Dkt. 500 at 5. A privilege review is a standard, foreseeable part of discovery. In all events, there is no evidence of undue burden due to a privilege review.

order does not "forbid[]"relevancy or proportionality review. *See* Dkt. 500 at 4. Rather, like the ESI Order and the Federal Rules of Evidence, the Magistrate's order "favor[s] the *complete* production of non-privileged evidence if some portion of the evidence is deemed responsive." *Karnoski v. Trump*, No. C17-1297 MJP, 2020 WL 2736961, at *1 (W.D. Wash. Mar. 4, 2020) (citing Fed. R. Evid. 106, compelling production of attachments withheld as non-responsive, and rejecting arguments of undue burden) (emphasis in original). "To hold otherwise is to permit the producing party to essentially unilaterally redact otherwise responsive discovery." *Id.* at *2; *see Laub v. Horbaczewski*, 331 F.R.D. 516, 524–26 (C.D. Cal. 2019) (citing cases for the proposition that "'redactions on the grounds of non-responsiveness or irrelevance are generally impermissible'").

Courts routinely require production of all non-privileged attachments associated with responsive emails. *See, e.g.*, *Symettrica Ent., Ltd. v. UMG Recordings, Inc.*, No. CV 19-1192-CJC (KS), 2020 WL 13311682, at *5 (C.D. Cal. July 17, 2020) ("Courts in this Circuit … consistently require a producing party to 're-link the emails with the attachments or re-produce the emails with their attachments.'") (citation omitted); *Sanchez Y Martin, S.A. de C.V. v. Dos Amigos, Inc*., No. 17CV1943-LAB-LL, 2019 WL 3769191, at *2 (S.D. Cal. Aug. 9, 2019) (imposing sanctions for refusal "to produce email attachments to responsive emails []as not substantially justified"); *Shenwick v. Twitter, Inc.*, No. 16-cv-05314, 2018 WL 5735176, at *1 (N.D. Cal. Sept. 17, 2018) ("Plaintiffs should be able to access [a] document" "if an electronic message refers to [it]," whether as an attachment or hyperlink, to understand the context, purpose, and use of the communication.).

Defendants also confuse the standard for production with the standard for admissibility. Dkt. 500 at 3-4. Materials that may be inadmissible at trial remain discoverable if "reasonably calculated to lead to relevant, admissible evidence." *Phoenix Sols., Inc. v. Wells Fargo Bank, N.A.,* 254 F.R.D. 568, 583 (N.D. Cal. 2008) (citing Fed. R. Civ. P. 26(b)(1)). The materials at issue readily pass the test. The hyperlinked materials were circulated to TPS decisionmakers for the purpose of shaping their decisions. Particularly where Plaintiffs are expected to prove discriminatory intent, it is critical that Plaintiffs understand what TPS decisionmakers purportedly knew and considered.

## CONCLUSION

This Court should affirm the Magistrate's order and deny Defendants' Motion.

Date: November 17, 2026

Respectfully submitted,

ACLU FOUNDATION
OF NORTHERN CALIFORNIA

/s/ *Emily C. Zhu*
Emily C. Zhu

Emilou MacLean
Michelle (Minju) Y. Cho
ACLU FOUNDATION
OF NORTHERN CALIFORNIA

Ahilan T. Arulanantham
CENTER FOR IMMIGRATION LAW AND POLICY, UCLA SCHOOL OF LAW

Mohammad Tajsar
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA

Jessica Karp Bansal
Lauren Michel Wilfong (*Pro Hac Vice*)
NATIONAL DAY LABORER ORGANIZING NETWORK

Erik Crew (*Pro Hac Vice*)
HAITIAN BRIDGE ALLIANCE

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2026, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

ACLU FOUNDATION
OF NORTHERN CALIFORNIA

*/s/ Emily C. Zhu*
Emily C. Zhu