JONATHAN D. GUYNN
Acting Assistant Attorney General
Civil Division
RUTH ANN MUELLER
Senior Litigation Counsel
ERIC SNYDERMAN
LAUREN BRYANT
SHELBY WADE
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

NATIONAL TPS ALLIANCE, *et al.*,

Plaintiffs,

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security, *et al.*,

Defendants.

Case No. 3:25-cv-1766-EMC

**DEFENDANTS' REPLY IN SUPPORT OF Dkt. 500, MOTION FOR RELIEF FROM Dkt. 491 PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 72(a)**

Defendants' reliance on Magistrate Judge Kim's July 6, 2026 discovery order ("July Order") was reasonable, and Judge Kim's sharp reversal of the Order more than three months later on October 19, 2026 ("October Order") is clearly erroneous and contrary to law as it dispenses with requisite federal rules, this Court's orders, and the parties' stipulated ESI Protocol. Additionally, Defendants have not waived their right to challenge Judge Kim's October Order , and because the Order is clearly erroneous, this Court should grant Defendants' Rule 72(a) motion. *See* FED. R. CIV. P. 72(a).

**Defendants Have Not Waived Their Right to Seek Review of the October Order.** Plaintiffs insist that Defendants waived their right to challenge the October Order regarding the production of hyperlinked materials, based on Judge Chen's August 10, 2026 order ("August Order") on Defendants' Rule 72(a) motion challenging a *previous* discovery order by Judge Kim. Dkt. 510 at 3; *see also* Dkt. 440 (Defendants' 72(a) Motion challenging ECF 430). Plaintiffs contest that Judge Chen's finding in his August Order that "the government waived any right to contest the ruling that Judge Kim made" and that Defendants are thus "required to produce the hyperlinked documents consistent with Judge Kim's order[,]" extends to *any* arguments made by Defendants on hyperlinks. Dkt. 510 at 3 (quoting Dkt. 457). This argument defies logic and undercuts their own representation that "this is not an issue that was definitively resolved by Judge Chen." Disc. Hr'g Tr. 5:9–11, Oct. 19, 2026.

Notably, Plaintiffs fail to explain how Defendants could waive their right to contest a discovery order issued two months *after* Judge Chen issued his August Order. *Compare* Dkt. 457 (Judge Chen's August Order upholding in part and denying in part Defendants' challenge of Judge Kim's July Order), *with* Dkt. 500 (Defendants' 72(a) motion challenging Judge Kim's October Order directing Defendants to produce *all* hyperlinked materials). Judge Chen's August Order explicitly references only a singular "ruling" made by Judge Kim, which was challenged by Defendants in *that* specific 72(a) motion; his order does not appear to be a sweeping exclusion of any *future* arguments made by Defendants on hyperlinks. *See id.* at 3 ("To the extent the government seeks relief from Judge Kim's *ruling* on the hyperlinked documents[….]"), ("Thus, the government waived any right to contest the *ruling* that Judge Kim made[….]") (emphasis added). To expand Judge Chen's order on *one* of Judge Kim's discovery orders to cover *all* future discovery orders by Judge Kim is clearly improper. Defendants filed a timely

Rule 72(a) motion challenging the October Order and have not failed to address any issues regarding the *October Order* in any filings before the Court.

**The October Order Was Contrary to Law and not a Clarification of the July Order.** Plaintiffs' Opposition largely attempts to skew the court's focus on what is under review in the present motion: the October Order or the July Order. In doing so, Plaintiffs mischaracterize Defendants' arguments to morph the October Order as a mere disagreement with Judge Kim's interpretation of the July Order. Dkt. 510 at 3. But this is not so, nor can it be. Defendants do not argue ambiguity or vagueness to the July Order. Rather, Defendants argue that the October Order is contrary to law *because of* the July Order. Indeed**,** the July Order contained no indication that *all* hyperlinked materials were to be produced, and the Court's instruction at the hearing clearly outlined the search framework for Defendant's document production, including directions to "run the search terms through categories three through six[,]" and then "[p]roduce whatever comes up as a responsive document after running the ESI search[.]" Dkt. 430 (minute order); Disc. Hr'g Tr. 14:14–22, Jul. 6, 2026 (discovery hearing transcript). Instead of providing clarification on the July Order, the October Order obligates Defendants to new discovery demands over three months after compliance with the Court's clear guidance in July 2026.

Plaintiffs' cited case law underscores their misunderstanding of what is presently before the Court. *See* Dkt. 510 at 3 (relying on out of circuit cases that harp on reversal of orders only in cases of abuse of discretion); *see, e.g.*, *U.S. v. Spallone*, 399 F.3d 415, 423 (2d Cir. 2005) ("When an issuing judge interprets his own orders, we accord substantial deference to the draftsman, and we will not reverse the judge's construction of an ambiguity in his own words except for abuse of discretion."). Defendants do not seek review of any ambiguity of the July Order, which would parallel the situations in Plaintiffs' unpersuasive case law. *See, e.g., Spallone*, 399 F.3d at 427 ("But, for reasons previously discussed, we conclude that there is some ambiguity in the order's use of the word 'sentenced.'). Defendants also do not question whether Judge Kim incorrectly applied the correct standard of law. Pls.' Opp. 3; *see Seale v. Peacock*, 32 F.4th 1011, 1030 (10th Cir. 2022) (Plaintiff argued that "the magistrate judge abused her discretion in denying his motion because she incorrectly applied the good cause standard."). Instead, Defendants assert that the October Order was clearly erroneous and contrary to law because the October

Order indisputably rescinded the July Order after Defendants expended both time and resources to comply with the July Order's clear production instructions. *See* Dkt. 500 at 5.

**The Disputed Hyperlink Documents Are Not Attachments Per the ESI Protocol.** Once again, Plaintiffs continue to advance their incorrect and unsupported theory that hyperlinks in a relevant document should be treated as attachments. Dkt. 510 at 3–4. This claim is contrary to established case law and the plain language of the stipulated ESI protocol. *See UAB "Planner5D" v. Meta*, 746 F. Supp. 3d 806, 808 (N.D. Cal. 2024) (Kim, J.) ("[H]yperlinked documents are not the same as attachments to emails. Rather, the effort required to search for them is substantially greater than the effort required to produce attachments to emails."). Plaintiffs' entire argument regarding hyperlinks is based on this flawed premise that hyperlinks in a relevant document should be treated as attachments, but hyperlinked materials are not part of responsive discovery documents, nor are they family members thereof. *See In re: Meta Pixel Healthcare Litigation*, No. 22-cv-03580-WHO (VKD), 2023 WL 4361131 at *1 (N.D. Cal. Jun. 22, 2023) ("*Meta Pixel*") (DeMarchi, J.) ("hyperlinked documents are not treated as conventional attachments for purposes of preserving a 'family' relationship in production"); *see also Nichols v. Noom Inc.*, 20-cv-3677, 2021 WL 948646 at *4 (S.D.N.Y. Mar. 11, 2021) (disagreeing with contention "that a hyperlinked document is an attachment").

Plaintiffs contest that Defendants "give away the game by relying on cases that did *not* contain equivalent language in stipulated orders" and that Defendants relied on cases that "turned on questions of burden." Dkt. 510 at 4 (emphasis in original). Plaintiffs then fail to point to any cases cited by Defendants that support Plaintiffs' argument. *See id*. Turning to the cases Defendants have continuously cited, *"Planner5D"* is analogous to this matter. 746 F.Supp.3d at 806–808. In that case, the parties disputed whether the defendants should produce documents identified as "hyperlinks" within documents that were already produced in response to the plaintiff's production requests. *Id*. at 807 (Court's Order Regarding Joint Discovery Letter Brief). The *Planner5D* court noted that the defendant had already reviewed the specific hyperlinked documents and assessed them for relevance and privilege, so the "general burden is not an issue in this specific dispute." *Id*. at 808. Accordingly, the *Planner5D* decision did not turn on a question of burden, yet the Court *still* found that "hyperlinked documents are not the

same as attachments to emails." *Id*. In *Meta Pixel*, notwithstanding the fact that an ESI Protocol had yet to be decided, the court found that "hyperlinked documents are not treated as conventional attachments for purposes of preserving a 'family' relationship in production." 2023 WL 4361131, at *1. Plaintiffs, in reasserting their arguments, recurringly fail to acknowledge what the ESI Protocol clearly limits.

Under the parties' agreement, "[h]yperlinks within an email or document will be considered attachments ***if*** the system containing the email or document is capable of being configured to cross-reference and collect emails and documents in its existing configuration." Dkt. 125 at 2 (emphasis and bold added). However, as previously stated, Defendants' systems did not collect the hyperlinked materials as part of the discovery production search, and the existing system configuration did not feasibly allow Defendants to collect and make available the data behind the hyperlinks without manual intervention, which was not a part of Defendants' routine process for handling discovery production. *See* Dkt. 440 at 4. Further, the ESI Protocol clearly limits the term family members to "attachments[.]" Dkt. 125 at 2 (stating that the "parent-child relationships for all ESI" is for example "the association between an *attachment* and its parent email[.]") (emphasis added). Thus, because Plaintiffs cannot show that hyperlinked documents are attachments, their contentions fail. Thus, under the ESI protocol, and supported by the above cases, hyperlinks are not "family members" and Defendants do not seek to "invent an ambiguity that does not exist" as the ESI Protocol clearly states this fact. *See* Dkt. 510 at 4.

**The Magistrate's Order Does Not Comport with the Federal Rules.** Finally, Plaintiffs assert the October Order does not "'forbid[]' relevancy or proportionality review[,]" and instead favors "the *complete* production of non-privileged evidence if some portion of the evidence is deemed responsive." Dkt. 510 at 4–5. But the October Order does away with *both* relevancy and proportionality review as it undoubtedly instructed Defendants to produce "the hyperlinked documents…*unless they are privileged*[.]" Disc. Hr'g Tr. 7: 25, 8:1–3, 13–17, Oct. 19, 2026 ("If [the hyperlinked document] are attached to a document that actually is being produced, if there's a hyperlink to it, that document has to be produced *unless it's privileged* and then you have to log it, obviously.") (emphasis added). The written order cements this direction: Defendants that they "may [only] review and withhold any *privileged* materials[.]" Dkt. 491 (emphasis added).

Plaintiffs rely upon a string of cases of inapposite and unpersuasive cases in an attempt to re-draft "hyperlinks" in the ESI protocol as requiring production of relevant documents at the parent-child level. *See* Dkt. 510 at 4–5. Notably, *Karnoski v. Trump* underscores Plaintiffs' misunderstanding between hyperlinks, attachments, and family members deciphered above. No. C17-1297 MJP, 2020 WL 2736961, at *1 (W.D. Wash. Mar. 4, 2020); *see* Dkt. 510 at 5. There, the *Karnoski* defendants continuously withheld family member *attachments* of responsive emails, *not* hyperlinked materials. *Id.* at *1. And as discussed above, that is not the matter at issue in this case, as hyperlinks are *not* attachments. Moreover, Plaintiffs' reliance upon *Symettrica Entertainment, Ltd. v. UMG Recordings, Inc.*, clearly deals with the issue of production of email *attachments*, not hyperlinks, and as such, is not analogous to the situation in this matter. No. CV 19-1192-CJC, 2020 WL 13311682, at *5 (C.D. Cal. Jul. 17, 2020).

Although the scope of discovery permitted by Rule 26 is "very broad[,]" there are still express *limits* on what exactly can be discovered by the Parties. *See id.* at 582; *see also* Fed. R. Civ. P. 26(b)(1) (limiting the scope of discovery information "relevant" to any party's claim and "proportional to the needs of the case."). Plaintiffs' cited case law supports this proposition. *See, e.g.*, *Phoenix Sols., Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 583 (N.D. Cal. 2008) ("Parties may obtain discovery regarding any matter, not privileged, that is *relevant* to the claim or defense of any party…") (emphasis added); *see also Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993) (noting that although pre-trial discovery is ordinarily "accorded a broad and liberal treatment[,]" evidence production is limited to information "*relevant* to the subject matter involved in the pending action" or "reasonably calculated to lead to the discovery of admissible evidence.") (emphasis added). And because Judge Kim's order eliminates both the requisite relevancy and proportionality filters, her order is clearly erroneous as it defies foundational rules of evidence. *See* Fed. R. Civ. P. 26(b)(1).

**Conclusion.** For the foregoing reasons, Defendants respectfully request that the Court reconsider Judge Kim's October Order. In light of the briefing schedule entered and time to adjudicate Defendants' motion, Defendants revise their ask for a production deadline from January 15, 2027, to February 15, 2027, should this Court deny Defendants' motion.

Dated: November 24, 2026

Respectfully submitted

JONATHAN D. GUYNN
Acting Assistant Attorney General
Civil Division

RUTH ANN MUELLER
Senior Litigation Counsel

ERIC SNYDERMAN
LAUREN BRYANT
Trial Attorneys

By: *<u>/s/ Shelby Wade</u>*
SHELBY WADE
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 285-8379
Shelby.Wade2@usdoj.gov

*Attorneys for the Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 24, 2026, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

Date: November 24, 2026

*/s/ Shelby Wade*
SHELBY WADE
Trial Attorney