UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

United States District Court
Northern District of California

NATIONAL TPS ALLIANCE, et al.,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al.,

Defendants.

Case No. 25-cv-01766-EMC

**ORDER DENYING DEFENDANTS' MOTION FOR RELIEF FROM MAGISTRATE ORDER**

Docket No. 500

Pending before the Court is the government's motion for relief from Magistrate Judge Kim's order at Docket No. 491. That order addresses hyperlinked documents – specifically, a responsive email that contains a hyperlink to other documents. *See* Docket No. 423 (Jt. Letter at 5) ("In an email, NTPSA2_014864, a USCIS Branch Chief mailed 'TPS resources' for recipients "to peruse as you onboard.' Those materials included: (1) Video TPS resource overview; (2) PPT: TPS Overview; (3) Resources for Drafting FRN and Memo Subfolder; (4) TPS Drafting Guide; (5) Stats; (5) TPS - Teams page TPS subfolder; and (6) TPS FRN Collaborations SharePoint."). Judge Kim ordered production of the hyperlinked documents, subject only to privilege. *See* Docket No. 491 (order). The government argues that, in so ruling, Judge Kim erred on various grounds.

Having considered the parties' filings, the Court hereby **DENIES** the government's motion for relief. Judge Kim did not clearly err or rule contrary to law. 28 U.S.C. § 636(b)(1)(A) (providing that "[a] judge may designate a magistrate to hear and determine any pretrial matter pending before the court [with limited exceptions]" and that a judge "may reconsider any pretrial matter . . . where it has been shows that the magistrate judge's order is clearly erroneous or

United States District Court
Northern District of California

contrary to law"); *see also* Fed. R. Civ. P. 72(a); *Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991).

"Courts in this district have come out in different ways on whether hyperlinked documents are the same as attachments to emails," but "opinions addressing the issue consistently ground their analysis in the same concern: the burden imposed by production of hyperlinked documents." *Crowder v. LinkedIn Corp.*, No. 22-cv-00237-HSG (LB), 2026 U.S. Dist. LEXIS 171376, at *6 (N.D. Cal. July 31, 2026). *See, e.g.*, *UAB "Planner5D" v. Meta Platforms, Inc.*, 746 F. Supp. 3d 806, 808 (N.D. Cal. 2024) ("agree[ing] that hyperlinked documents are not the same as attachments to emails" because "the effort required to search for them is substantially greater than the effort required to produce attachments to emails"); *see also In re Class Action Settlement Admin. Litig.*, No. 25-179 (JDB), 2026 U.S. Dist. LEXIS 157199, at *14-15 (D.D.C. July 10, 2026) (stating that "to the extent that a hyperlink looks like an attachment (few linked documents and automatic collection) then production is automatic[,] [b]ut to the extent that a hyperlink looks different than an attachment (large quantities of linked documents or infeasible automatic collection) then a more targeted or collaborative process is to be employed"). The parties' stipulation on the production of ESI recognizes such. *See* Docket No. 125 (Stip. & Order ¶ 5.3.e) ("Hyperlinks within an email or document will be considered attachments if the system containing the email or document is capable of being configured to cross-reference and collect emails and documents in its existing configuration. . . . To the extent hyperlinks are collected and available, the producing party may produce one copy of the hyperlinked document to the extent feasible in the following order: the version linked, and if not available, the most current version or other alternative as practicable."); *cf. Crowder*, 2026 U.S. Dist. LEXIS 171376, at *6 (N.D. Cal. July 31, 2026) ( "analyz[ing] the plaintiffs' request for the burden it would impose on LinkedIn without deciding whether hyperlinked documents fall under Section 6(e) of the ESI order").

In the instant case, the government cannot argue that the hyperlinked documents should not be considered attachments because production of the documents would be burdensome. This Court has already held that the government waived that argument. *See* Docket No. 457 (Order at 3-4).

Moreover, the hyperlinked documents are relevant. The responsive email establishes the relevance of the hyperlinked documents, as does the description of the hyperlinked documents. *See* Opp'n at 5 ("The hyperlinked materials were circulated to TPS decisionmakers for the purpose of shaping their decisions. Particularly where Plaintiffs are expected to prove discriminatory intent, it is critical that Plaintiffs understand what TPS decisionmakers purportedly knew and considered.").

The government complains that Judge Kim's *initial* order on hyperlinked documents allowed them to apply ESI search terms to the hyperlinked documents, *see* Docket No. 430 (SK Order); Docket No. 434 (SK Hearing Tr. at 7), but that she subsequently changed her mind with the order now being challenged. *See* Docket No. 491 (SK Order); Docket No. 497 (SK Hearing Tr. at 7). Even assuming that were the case, nothing barred Judge Kim from reconsidering, and the government has not suffered any undue prejudice as a result, particularly as the Court is providing the government herein with more time to comply with her order.

As for the government's request for more time to produce documents, a request for an extension is not unreasonable. However, the government does not sufficiently explain why it needs until February 15, 2027 (*i.e.*, three months past the original production date of November 9, 2026). The government shall complete its production by January 15, 2027. The production shall be a rolling one so that Plaintiffs will not be prejudiced by the extension.

This order disposes of Docket No. 500.

**IT IS SO ORDERED**.

Dated: November 25, 2026

EDWARD M. CHEN
United States District Judge